# EXHIBIT E

# LYNN PINKER COX HURST

**MICHAEL K. HURST**
*Partner*
*Board Certified – Civil Trial Law*
*Texas Board of Legal Specialization*

D 214 981 3838
F 214 981 3839

mhurst@lynnllp.com

Lynn Pinker Cox & Hurst, LLP
2100 Ross Avenue
Suite 2700
Dallas, Texas 75201

lynnllp.com

August 6, 2019

**VIA EMAIL:** Shana.Sethi@moodys.com
Shana Sethi
Vice President- Senior Credit Officer
Moody's Investors Service

**Re:    Mismanagement of the Acis CLOs, in violation of the rights of Secured Note Holders NexPoint Strategic Opportunities Fund, Highland Global Allocation Fund, and Highland Income Fund.**

Dear Ms. Sethi:

My Firm represents NexPoint Strategic Opportunities Fund, Highland Global Allocation Fund, and Highland Income Fund (collectively, the "Highland Retail Funds"), in connection with the enforcement and protection of their rights as Holders of Secured Notes under certain Acis Indentures dated as of February 25, 2014, June 5, 2014, November 18, 2014, and April 16, 2015 (collectively, the "Acis Indentures").[1]

For your reference, enclosed to this correspondence is a copy of the demand letter served by the Highland Retail Funds on August 6, 2019 to U.S. Bank National Association, the Trustee of the Acis Indentures. The demand letter puts U.S. Bank on notice of its material violations of the terms of the Acis Indentures, by among others, mismanaging and allowing the impermissible gaming of the Acis Indentures by the portfolio manager thereof, and failing to perform required tasks with due care. The Highland Retail Funds are prepared to take all actions necessary to protect their rights from further deterioration.

Representatives of the Highland Retail Funds are available to meet with Moody's to discuss whether U.S. Bank's wrongful conduct has caused a default, such that the ratings on some or all rated tranches should be reconsidered or withdrawn.

---

[1] The Acis Indentures collectively include: that certain Indenture dated as of February 25, 2014 issued by ACIS CLO-2014-3 Ltd. as Issuer, ACIS CLO 2014-3 LLC as Co-Issuer, and US Bank as Indenture Trustee; that certain Indenture dated as of June 5, 2014 issued by ACIS CLO-2014-4 Ltd. as Issuer, ACIS CLO 2014-4 LLC as Co-Issuer, and US Bank as Indenture Trustee; that certain Indenture dated as of November 18, 2014 issued by ACIS CLO-2014-5 Ltd. as Issuer, ACIS CLO 2014-5 LLC as Co-Issuer, and US Bank as Indenture Trustee, and; that certain Indenture dated as of April 16, 2015 issued by ACIS CLO-2015-6 Ltd. as Issuer, ACIS CLO 2015-6 LLC as Co-Issuer, and US Bank as Indenture Trustee.

Ms. Sethi
Moody's Investors Service
August 6, 2019
Page 2

       We look forward to engaging with you on this serious matter.

                                   Yours very truly,

                                   Michael K. Hurst

MKH/ceb

Enclosure

cc:    David Coale (*of the Firm*)
        Chisara Ezie-Boncoeur (*of the Firm*)

# LYNN PINKER COX HURST

**MICHAEL K. HURST**
*Partner*
*Board Certified – Civil Trial Law*
*Texas Board of Legal Specialization*

D 214 981 3838
F 214 981 3839

mhurst@lynnllp.com

Lynn Pinker Cox & Hurst, LLP
2100 Ross Avenue
Suite 2700
Dallas, Texas 75201

lynnllp.com

August 6, 2019

VIA EMAIL: dnovakov@fbtlaw.com
Daniel P. Novakov
FROST BROWN TODD LLC
100 Crescent Court, Suite 350
Dallas, Texas 75201
Tel: (214) 580-5840
Fax: (214) 545-3473

**Re:   US Bank's mismanagement of the Acis Indentures, in violation of the rights of Secured Note Holders NexPoint Strategic Opportunities Fund, Highland Global Allocation Fund, and Highland Income Fund.**

Dear Mr. Novakov:

My Firm represents NexPoint Strategic Opportunities Fund, Highland Global Allocation Fund, and Highland Income Fund (collectively, the "Highland Retail Funds"), in connection with the enforcement and protection of their rights as Holders of Secured Notes under certain Acis CLOs dated as of February 25, 2014, June 5, 2014, November 18, 2014, and April 16, 2015 (collectively, the "Acis Indentures").[1]

This letter provides formal notice that your client, U.S. Bank National Association ("US Bank" or "Indenture Trustee"), has: (1) materially violated the terms of the Acis Indentures, and (2) failed to perform all basic, non-discretionary, ministerial tasks under the Acis Indentures with due care. US Bank's wrongful conduct is actionable under New York law, and has caused the Highland Retail Funds to sustain significant damages, discussed below.

---

[1] The Acis Indentures are abbreviated herein as follows: "Indenture 3" means that certain Indenture dated as of February 25, 2014 issued by ACIS CLO-2014-3 Ltd. as Issuer, ACIS CLO 2014-3 LLC as Co-Issuer, and US Bank as Indenture Trustee; "Indenture 4" means that certain Indenture dated as of June 5, 2014 issued by ACIS CLO-2014-4 Ltd. as Issuer, ACIS CLO 2014-4 LLC as Co-Issuer, and US Bank as Indenture Trustee; "Indenture 5" means that certain Indenture dated as of November 18, 2014 issued by ACIS CLO-2014-5 Ltd. as Issuer, ACIS CLO 2014-5 LLC as Co-Issuer, and US Bank as Indenture Trustee, and; "Indenture 6" means that certain Indenture dated as of April 16, 2015 issued by ACIS CLO-2015-6 Ltd. as Issuer, ACIS CLO 2015-6 LLC as Co-Issuer, and US Bank as Indenture Trustee. Together, such CLOs are referred to "Acis CLOs" and each, an "Acis CLO" or "CLO" herein.

US Bank
August 6, 2019
Page 2

### I. US Bank's allowance of continued failure of the collateral quality test, as well as rampant portfolio mismanagement, violates the Acis Indentures.

Every purchase or sale made under the Acis Indentures must satisfy the collateral quality test imposed by each Acis Indenture.[2] As such, US Bank is required to ensure that every purchase or sale made under the Acis Indentures maintains or improves any failing collateral quality test. US Bank failed to satisfy this requirement by, among others, allowing transactions to be effectuated that do not maintain or improve the failing Weighted Average Life Test ("WAL") for trades made under the Acis Indentures.

*First*, US Bank violated its obligation to seek best execution on trades reasonably available to the Acis CLOs. By allowing multiple same day trades, US Bank has disregarded the obligation in the Acis Indentures requiring maintenance or improvement of the collateral quality test in each respective Acis CLO for each individual trade made. US Bank has allowed a circumvention of these collateral quality requirements by allowing the consolidation of the weighted average maturity date of such same-day trades, in so doing, creating the false appearance of a maintained or improved WAL test. But, absent consolidation, the same-day purchases allowed by US Bank cannot maintain or improve the WAL test on an individual basis. US Bank cannot perform its duties by allowing such Acis CLOs to act as a market taker, nor by engaging in a practice of buying long collateral that is improper under the Acis Indentures. Indeed, the value destruction of this forced "bunched trading" is clear when prices at trade date vs. prices on the day before trade date are compared. For example:

| CLO | Trade | Issuer | Commitment | Date | Trade Px | Day Before | Close Mid Price | 2 Day Before | Close Mid Price | Change | P&L |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CLO 4 | Purchase | Diebold Inc - Diebold DD T/L A | 2,430,000.00 | 3/15/2019 | 98.00 | 3/14/2019 | 94.50 | 3/13/2019 | 94.5 | -3.50 | (85,050.00) |
| CLO 6 | Purchase | Diebold Inc - Diebold DD T/L A | 1,578,541.42 | 3/26/2019 | 99.00 | 3/25/2019 | 95.50 | 3/22/2019 | 95.5 | -3.50 | (55,248.95) |
| CLO 4 | Purchase | Diebold Nixdorf Incorporated - Diebold T/L B New Dollar | 4,985,751.99 | 5/23/2019 | 96.75 | 5/22/2019 | 95.75 | 5/21/2019 | 95.75 | -1.00 | (49,857.52) |
| CLO 5 | Purchase | Diebold Nixdorf Incorporated - Diebold T/L B New Dollar | 4,985,751.99 | 5/23/2019 | 96.75 | 5/22/2019 | 95.75 | 5/21/2019 | 95.75 | -1.00 | (49,857.52) |
| CLO 4 | Purchase | Air Medical Group Holdings Inc - Air Medical T/L B | 2,200,000.00 | 1/8/2019 | 96.50 | 1/7/2019 | 94.45 | 1/4/2019 | 93.839 | -2.05 | (45,177.00) |
| CLO 3 | Purchase | MA FinanceCo LLC - MA FinanceCo T/L B2 | 2,000,000.00 | 1/7/2019 | 98.50 | 1/4/2019 | 96.63 | 1/3/2019 | 96 | -1.88 | (37,500.00) |
| CLO 6 | Purchase | Team Health Holdings Inc - Team Health Holdings T/L | 1,279,236.64 | 3/26/2019 | 88.50 | 3/25/2019 | 86.13 | 3/22/2019 | 86.9375 | -2.38 | (30,381.87) |

---

[2] *See e.g.*, Indenture 3 at p. 16 (*see* definition of "Collateral Quality Test"), p. 37 (*see* definition of "Market Value"), and §§ 1.2, 7.17, and 12; Indenture 4 at p. 15 (*see* definition of "Collateral Quality Test"), p. 37 (*see* definition of "Market Value"), and §§ 1.2, 7.18, and 12; Indenture 5 at p. 14 (*see* definition of "Collateral Quality Test"), p. 36 (*see* definition of "Market Value"), and §§ 1.2, 7.18, and 12; Indenture 5 at p. 14 (*see* definition of "Collateral Quality Test"), p. 36 (*see* definition of "Market Value"), and §§ 1.2, 7.18, and 12; Indenture 6 at p. 14 (*see* definition of "Collateral Quality Test"), p. 35 (*see* definition of "Market Value"), and §§ 1.2, 7.18, and 12.

US Bank
August 6, 2019
Page 3

What's more, this artificial trading philosophy, disguised as "responsible management", has resulted in myriad poorly conceived and timed buys, which positions have plummeted, destroying value for the investors. For example:

| Issuer | Buy/Sell | Row Labels | Sum of 8/2/19 P&L | Cost | 8/2/19 Mark |
|---|---|---|---|---|---|
| Lumileds Holding | Buy | LX171142 | (3,603,604.17) | 99.00 | 61.60 |
| Libbey Glass | Buy | LX136370 | (2,773,860.00) | 99.29 | 77.40 |
| KCA Deutag UK Finance PL | Buy | LX172320 | (1,172,068.16) | 84.89 | 69.58 |
| Doncasters | Buy | LX128948 | (1,532,695.82) | 95.51 | 75.00 |
| Envision Healthcare | Buy | LX175867 | (1,172,343.58) | 94.14 | 85.30 |

Tellingly, the transaction history authorized by US Bank makes clear that it appreciates the import of trading on specific days. In connection with Indenture 5, US Bank allowed the sale of varying amounts of the same term loan, Doncasters, over three different days: June 28, 2019, July 3, 2019, and July 8, 2019. US Bank allowed this because these selected dates positively impacted the collateral quality of the term loan sold. However, US Bank cannot ensure that the Acis CLOs enjoy best execution on purchases under the Acis Indentures if it turns a blind eye to the date on which purchases are made.

An analysis of the individual trades made under US Bank's approval further underscores the Trustee's failure to adhere to the respective indenture's collateral quality requirements. On July 12, 2019, in connection with Indenture 5, US Bank authorized the purchase of a term loan in Capital Automotive 1st Lien with a maturity date of March 25, 2024. But, to maintain or improve the WAL test for Indenture 5, US Bank should have required the CLOs to purchase assets with a maturity date of April 4, 2023 or earlier. US Bank facilitated similar misconduct across the Acis Indentures.

*Second*, the Weighted Average Rating Factor ("WARF") of each of the Acis CLO's portfolios has steadily increased this year, further demonstrating US Bank's facilitating the mismanagement of the Acis Indentures' collateral. On January 31, 2019, in a consolidated adversary proceeding involving the Acis CLOs, the United States Bankruptcy Court for the Northern District of Texas entered a Third Amended Joint Plan for Acis Capital Management, L.P. and Acis Capital Management GP, LLC ("Plan D"). Plan D approved Brigade Capital Management, LP ("Brigade") to perform certain services related to the Acis Indentures, previously provided by Highland Capital Management.[3] Since the entry of Plan D, and Brigade's "management" of the Acis Indentures, US Bank allowed the collective WARF of the Acis CLO's portfolios to change from one of the cleanest pools in the market, to one of the dirtiest pools in

---

[3] *See* Case No. 18-30264-SGJ-11 and Case No. 18-30265-SGJ-1, Jointly Administered Under Case No. 18-30264-SGJ-11), referred to herein as the Adversary Proceeding.

US Bank
August 6, 2019
Page 4

the market in a matter of months. As of August 2019, since Brigade's involvement with the Acis Indentures, the WARF of each Acis CLO has dramatically increased, as follows:

CLO 3: 2522 → 2678
CLO 4: 2680 → 2941
CLO 5: 2673 → 3004
CLO 6: 2627 → 2917

*Third*, US Bank failed to protect the cash flow levels of its equity holders. Since the entry of Brigade, equity holders under Indentures 3-5 have received a total of **zero** cash flows. This damage has metastasized into the secured tranches of the CLOs and created direct harm to the Highland Retail Funds. The value decline of the equity positions is obvious:

| ACIS Equity Positions | CUSIP | 1/31/2019 | 2/28/2019 | 3/31/2019 | 4/30/2019 | 5/31/2019 | 6/30/2019 |
|---|---|---|---|---|---|---|---|
| ACIS 2014-3A 0.0000% - 2/2026 - SUB - 00100GAE3 @0.0000 02/01/2026 | 00100GAE3 | 14.5000 | 16.5000 | 17.3333 | 15.8333 | 13.0000 | 11.8333 |
| ACIS 2014-4A 0.0000% - 5/2026 - SUB - 00100HAE1 @0.0000 05/01/2026 | 00100HAE1 | 24.8333 | 22.1667 | 22.0000 | 22.1667 | 21.0000 | 19.8333 |
| ACIS 2014-5A 0.0000% - 11/2026 - SUB - 00101WAC1 @0.0000 11/01/2026 | 00101WAC1 | 34.2500 | 33.2500 | 32.7500 | 31.7500 | 31.0000 | 30.0000 |
| ACIS 2015-6A Zero Coupon - 05/2027 - SUB - 004524AD6 @ Zero Coupon 0.0000 5/1/2027 | 004524AD6 | 36.5000 | 36.5000 | 35.6667 | 35.0000 | 33.6667 | 32.0000 |

*Fourth*, US Bank has allowed the Acis CLOs to incur exorbitant expenses under its watch, at levels which exceed market standards.

In sum, US Bank's facilitation and approval of extensive portfolio mismanagement, and failure to require trades in accordance with industry standards and contrary to the best interests of its investors, violates the express terms of the Acis Indentures. US Bank's wrongful conduct has diluted the value of the Highland Retail Funds' Secured Notes and deteriorated the credit profile of the Acis CLOs. The Highland Retail Funds cannot allow US Bank to shirk its contractual obligations under the Acis Indentures. As Holders of Secured Notes, the Highland Retail Funds negotiated for superior rights under the Acis Indentures with the expectation that at a minimum, their collateral would remain protected in accordance with industry standards. *Indeed, US Bank must explain how this blatant gaming and chicanery in the name of artificially maximizing management fees is not a default under the Acis Indentures or a clear, actionable conflict of interest.*

      **II.   US Bank Failed to reserve rights, or otherwise protect the Highland Retail Funds' rights affected by Plan D.**

The Acis Indentures do not permit US Bank to "authorize or consent to or vote for or accept or adopt on behalf of any Secured Noteholders, **any plan** of reorganization, arrangement, adjustment or composition **affecting the Secured Notes or any Holder thereof,** or to authorize the Trustee to vote in respect of the claim of any Secured Noteholders, as applicable, in any such

US Bank
August 6, 2019
Page 5

Proceeding except, as aforesaid, to vote for the election of a trustee in bankruptcy or similar person." (emphasis added).[4] Despite these express terms, US Bank tacitly accepted or adopted the entry of Plan D, which contains provisions that directly affect the Secured Notes that the Highland Retail Funds hold. Among others, Plan D imposes an injunction that adversely affects the Highland Retail Funds' rights by prohibiting beneficial trading activity that would serve to protect Noteholder interests. In addition to other restrictions, Plan D impedes the ability of Noteholders under the Acis Indentures to make optional redemptions, which restriction has decimated the value of such investments across the capital stack of each Acis CLO.[5]

US Bank did not reserve any Noteholders' rights, or otherwise object to the entry of Plan D. US Bank's election to take no action regarding the entry of Plan D amplified the exposure, and overall risk that the Highland Retail Funds face during the pendency of the Plan D injunction. In fact, the Bankruptcy Court set a deadline for all parties, including US Bank, to submit any objections to the final approval of the Disclosure Statement and/or confirmation of Plan D.[6] As recognized by the Bankruptcy Court, US Bank failed to file objections to Plan D.[7] In fact, the Bankruptcy Court explicitly identified US Bank's failure to oppose the Plan in its opinion, making clear that notably, "[t]he indenture trustee has retained and appeared through its own separate counsel during the Chapter 11 Bankruptcy Cases and is not currently objecting to the Plan."[8] What's more, US Bank previously filed prior reservations of rights and/or objections in the Adversary Proceeding.[9] In relation to Plan B and Plan C (previously implemented as part of the Chapter 11 Trustee's First Amended Joint Plan), which each proposed re-writing the Acis Indentures to protect Acis' management fee stream for several years, US Bank acknowledged that the Plans "adversely affect[ed] the rights of Noteholders."[10] The same holds true for Plan D. US Bank is not excused from failing to protect the Highland Retail Funds' rights affected by Plan D, and the Adversary Proceeding.

---

[4] *See e.g.*, Indenture 3 at § 5.3; Indenture 4 at § 5.3; Indenture 5 at § 5.3; Indenture 6 at § 5.3.
[5] *See e.g.*, the Adversary Proceeding at Dkt. No. 830 p. 75, Findings of Fact, Conclusions of Law, and Order Granting Final Approval of Disclosure Statement and Confirming the Third Amended Joint Plan for Acis Capital Management, L.P. and Acis Capital Management GP, LLC, as Modified Findings of Fact and Conclusions of Law.
[6] *See e.g.*, the Adversary Proceeding at Dkt. No. 829 ¶ W ("The following objections to final approval of the Disclosure Statement and/or confirmation of the Plan (the "Objections") were timely filed in accordance with the Solicitation Order [identifying three Objections filed, none of which filed by US Bank].) (emphasis original).
[7] *See id.*
[8] *See e.g.*, the Adversary Proceeding at Dkt. No. 827 p. 5.
[9] *See e.g.*, the Adversary Proceeding at Dkt. Nos. 499-505.
[10] *See e.g.*, the Adversary Proceeding at Dkt. No. 505 ¶ 3.

US Bank
August 6, 2019
Page 6

### III. The Highland Retail Funds are not limited to filing contract claims against US Bank.

In addition to contract claims based on US Bank's violations of the Acis Indentures, US Bank's failure to perform all basic, non-discretionary, ministerial tasks under the Acis Indentures with due care subjects it to additional tort liability. *See e.g., Royal Park Investments SA/NV v. HSBC Bank USA, Nat. Ass'n*, 109 F. Supp. 3d 587, 597 (S.D.N.Y. 2015) ("Prior to an Event of Default, an indenture trustee's duty is governed solely by the terms of the indenture, with two exceptions: **a trustee must still '(1) avoid conflicts of interest, and (2) perform all basic, non-discretionary, ministerial tasks with due care.'**") (emphasis added). And, consistent with the Trust Indenture Act, US Bank is not relieved "from liability for its own negligent action, its own negligent failure to act, or its own willful misconduct..."[11] Succinctly, US Bank appears unwilling or unable to fulfill its duties to the Noteholders. The four corners of each Indenture create a framework of Noteholder protections, and such investors deserve an Indenture Trustee that will enforce the spirit and the letter of the Indentures. If US Bank cannot do its duty, it should resign as Indenture Trustee.

The Highland Retail Funds are prepared to take all action necessary to preserve their rights, and remedy their losses sustained to date due to US Bank's misconduct. The Highland Retail Funds demand that US Bank provide written assurances by **August 15, 2019** detailing: (1) the specific measures that US Bank will take, effective immediately, to remediate the wrongful conduct described herein, and (2) US Bank's offer to resolve this matter and make the Highland Retail Funds whole.

You are advised to review this letter carefully. Nothing in this letter shall constitute a waiver of any of the Highland Retail Funds' rights and/or remedies at law and at equity, all of which they expressly reserve should this matter proceed to litigation.

Your immediate attention to this matter is appreciated.

Sincerely,

Michael K. Hurst

MKH/sb

cc:   David Coale (*of the Firm*)
      Chisara Ezie-Boncoeur (*of the Firm*)

---

[11] *Compare* Indenture 3 at § 6.1(c), Indenture 4 at § 6.1(c), Indenture 5 at § 6.1(c), and Indenture 6 at § 6.1(c) with 15 U.S.C. § 77ooo (d).