# EXHIBIT K

## Parsons McEntire McCleary PLLC

One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Facsimile: (713) 960-7347

Roger L. McCleary  (713) 960-7305
Vice-Chair, Shareholder, and Director  rmccleary@pmmlaw.com

January 10, 2022

Mr. Jonathan E. Pickhardt  ***Via E-mail:***
Quinn Emanuel Urquhart & Sullivan, LLP  ***jonathanpickhardt@quinnemanuel.com***
51 Madison Avenue, 22nd Floor
New York, New York 10010

Mr. Mark D. Kotwick  ***Via E-mail: kotwick@sewkis.com***
Seward & Kissel LLP
One Battery Park Plaza
New York, New York 10004

  Re: *US Bank National Association, in its capacity as Trustee, et al., v. The Charitable Donor Advised Fund, L.P., et al.,* No. 1:21-cv-11059 (S.D.N.Y.)

Dear Jonathan and Mark:

  We have been retained on behalf of the defendants, Charitable DAF Fund, LP a/k/a The Charitable Donor Advised Fund, L.P. ("DAF"), and CLO Holdco, Ltd. ("CLO Holdco"), in this lawsuit. This letter responds to your letter dated December 28, 2021, addressed to our clients and to Mr. Mazin A. Sbaiti, Sbaiti & Company. Please direct all future communications for our clients regarding this lawsuit to our attention only.

  Because of our recent engagement, we are in the process of reviewing the claims and allegations made in your December 28th letter and the enclosed Complaint. In the meantime, DAF and CLO Holdco do not agree to execute a release of so-called, but unspecified, "Threatened Claims," as requested by today's date in your post-filing letter.

  Our clients agree to waive the requirement for service of the Complaint with Plaintiffs' agreement that our clients' deadline to respond or otherwise answer will be February 9, 2022. This proposed agreement will be effective upon written confirmation on behalf of the Plaintiffs.

January 10, 2022
Page 2

      DAF and CLO Holdco reserve all of their procedural and substantive rights, and no admission of any kind, express or implied, is made by our clients by this correspondence or any related communications. More specifically, and not by way of limitation, in waiving service, our clients expressly reserve all rights to challenge subject matter jurisdiction, personal jurisdiction, and venue - as well as all other Rule 12(b) defenses unrelated to service.

Sincerely,

Roger L. McCleary
Sawnie A. McEntire

3095550.1