# EXHIBIT L

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into as of April 28, 2021 (the "Effective Date"), by and among (i) Highland CLO Funding, Ltd. ("HCLOF"), (ii) Acis Capital Management, L.P. ("Acis LP"), (iii) Acis Capital Management GP, LLC ("Acis GP," and with Acis LP, collectively, "Acis"); and (iv) Joshua Terry ("Terry," and with HCLOF and Acis, collectively, the "Parties").

WHEREAS, Acis GP and Acis LP are reorganized debtors in the chapter 11 bankruptcy cases *In re Acis Capital Management, L.P. and Acis Capital Management GP, LLC,* Case Nos. 18-30264 and 18-30265 (the "Bankruptcy Cases"), filed in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"); and

WHEREAS, section 14.03 of the Third Amended Plan of Reorganization filed in the Bankruptcy Cases on October 25, 2018 and confirmed by the Bankruptcy Court (the "Plan") provides for an injunction generally prohibiting the redemption or liquidation of certain Collateralized Loan Obligations or "CLOs" managed by Acis, defined in Plan section 1.01 (collectively, the "Acis CLOs") until, among terminating events, all allowed claims against the Debtors, as defined in the Plan, in the Bankruptcy Cases are paid in full (the "Injunction"); and

WHEREAS, the Parties agree that upon full payment of all allowed claims against the Debtors, as defined in the Plan, the Injunction shall automatically dissolve; and

WHEREAS, the Parties agree that in the absence of the Injunction, HCLOF may, among other things, direct Acis to redeem or liquidate some or all of the Acis CLOs as more specifically provided for in the CLO governing documents, including, without limitation, the PMAs, as the term PMAs is defined in section 1.88 of the Plan (collectively, the "PMAs"); and

WHEREAS, on July 26, 2019, HCLOF filed a notice of appeal from the judgment of the United States District Court for the Northern District of Texas affirming Bankruptcy Court's order confirming the Plan, which appeal is pending before the United States Court of Appeals for the Fifth Circuit (the "Fifth Circuit") under Docket No. 19-10847 (the "Fifth Circuit Appeal"); and

WHEREAS, on June 20, 2019, Acis filed a second amended complaint in an adversary proceeding styled *Acis Capital Management, L.P. and Acis Capital Management GP, LLC v. Highland Capital Management, L.P., et al.,* Adv. Pro. No. 18-03078, in Bankruptcy Cases No. 18-30264 and 18-30265, in the United States Bankruptcy Court for the Northern District of Texas (the "First Lawsuit"); and

WHEREAS, on April 11, 2020, Acis filed an original complaint in an adversary proceeding styled *Acis Capital Management, L.P. and Acis Capital Management GP, LLC, Reorganized Debtors v. James Dondero et al.,* Adv. Pro. No. 20-03060, in Bankruptcy Cases No. 18-30264 and 18-30265, in the United States Bankruptcy Court for the Northern District of Texas (the "Second Lawsuit"); and

WHEREAS, the Parties desire to enter into this Agreement which, as set forth in more detail herein, provides for, among other things, the satisfaction of conditions necessary to lift the Injunction by its terms under the Plan, the optional redemption of certain Acis CLOs on terms directed by HCLOF and in accordance with the terms of the governing documents of the Acis CLOs (the "Redemption"), the dismissal with prejudice of the First Lawsuit; the dismissal of the Second Lawsuit with prejudice against defendants William Scott and Heather Bestwick (the "HCLOF Director Defendants"), the dismissal of the Fifth Circuit Appeal, and mutual full and complete releases of all claims and causes of action that the Parties have, or may have, against each other, as more fully set forth below.

NOW THEREFORE, in consideration of the above recitals, the covenants, conditions, and promises made herein, the Parties agree as follows:

1.   **Representations and Warranties Regarding Acis CLO Fees and Expenses.** Acis and Terry represent and warrant as follows: (a) Acis has provided certain confidential information, consisting of an analysis by a well-known international law firm with expertise in CLO documentation and the rights and remedies of parties who manage CLOs, and an analysis of well-known financial advisory firm, with regard to fees and expense submitted to and paid by the Acis CLOs (the "Confidential Professional Analyses"); (b) in the preparation of the Confidential Professional Analyses, Acis provided all requested information to the aforementioned law firm and the financial advisory firm in good faith, and all such information was accurate and complete to the best of Acis's and Terry's knowledge; and (c) Acis and Terry have no reason to believe that the conclusions contained in the Confidential Professional Analyses are incorrect.

2.   **Representations and Warranties Regarding HCLOF's Ownership of Subordinated Notes of the Acis CLOs.** HCLOF represents and warrants it is currently, and has been since February 15, 2019, the owner of $39,750,000 subordinated notes issued by Acis CLO 2014-3 Ltd., $50,750,000 subordinated notes issued by Acis CLO 2014-4 Ltd., $53,000,000 subordinated notes issued by Acis CLO 2014-5 Ltd., and $51,850,000 subordinated notes issued by Acis CLO 2015-6 Ltd (the "HCLOF Subordinated Notes"). HCLOF further agrees that: (i) it will not sell, transfer or assign the HCLOF Subordinated Notes to any third party for a period of one hundred eighty (180) days following the Effective Date, (ii) any sale, transfer or assignment of the HCLOF Subordinated Notes to a third party following the expiration of this 180-day period shall provide that such third party transferee, assignee or successor (and any transferees, assignees or successors of an initial third party transferee, assignee or successor) shall be subject to, and bound by, the terms of this Agreement, and (iii) any third party transferees, assignees, or successors shall not be affiliated in any way with James Dondero, CLO Holdco, Ltd., The Charitable DAF Fund, L.P., or any other entities owned or controlled by James Dondero, including but not limited to any funds or entities managed by an affiliate of James Dondero.

3.   **Stipulation, Representation and Warranty Regarding Payment of Claims against Acis.** As of the Effective Date, Acis and Terry stipulate, represent and warrant that all Allowed Claims against the Debtors, as that term is defined in section 1.48 of the Plan, have been paid in full and that the Injunction has expired by its terms under the Plan. Acis and Terry agree to provide notice and verification that the Injunction has expired by its terms to all parties required

to be notified, including the issuers and the indenture trustees for each of the Acis CLOs, so as to ensure that HCLOF may exercise all rights that have been restricted or impaired by the Injunction.

4. **Cooperation and Further Efforts to Extinguish Injunction.** Although the Parties agree that no order of the Bankruptcy Court or any other court is required for this Agreement and all its terms and provisions to be fully effective, Acis agrees to cooperate with HCLOF and take any further action reasonably requested by HCLOF to confirm the dissolution of the Injunction, including, without limitation, filing appropriate motions to reopen the Bankruptcy Cases and to obtain entry of an order of the Bankruptcy Court dissolving or confirming the dissolution of the Injunction.

5. **Redemption of the Acis CLOs.** In the event that Acis receives a notice of redemption or refinancing related to the Acis CLOs, Acis agrees to act in good faith and in accordance with its responsibilities and duties under the PMAs and consistent with the terms of the respective Acis CLO indentures. In exercising such duties, Acis shall discharge its duty of best execution consistent with the terms of the PMAs, and, if requested by HCLOF, shall provide HCLOF with the price and counterparty of any bids received on any Acis CLO collateral in the event of an optional redemption of any Acis CLO. Attached as Exhibit A to this Agreement are form redemption notices for each of the Acis CLOs which the Parties have approved as sufficient and acceptable in all respects to initiate the redemption of the Acis CLOs. Acis agrees that, provided it is not prohibited from doing so under the terms of the respective Acis CLO indentures, Acis will execute in good faith the redemptions of the Acis CLOs. Acis further agrees to accept and comply with HCLOF's reasonable requests for information related to daily reporting (if requested) on the execution of any trades or other activity to effectuate HCLOF's requested optional redemption of the Acis CLOs, and (if requested) act in good faith to facilitate direct communications between HCLOF and Acis's sub-adviser, Brigade Capital Management, LP related to the execution of any trades. The Parties further agree to cooperate in good faith to enjoin any third parties from interfering with any Redemption of the Acis CLOs (if requested), and shall not cooperate, encourage or voluntarily assist any third party from interfering with the Redemption of the Acis CLOs. Notwithstanding anything contained herein to the contrary, to the extent this agreement requires any action to be taken with respect to any matter and the PMAs or indentures of the Acis CLOs require(s) that a different action be taken with respect to such matter, the provisions of the PMAs and/or Acis CLO indenture in respect thereof shall control.

6. **Abstention From Further Portfolio Management.** Acis and Terry agree to refrain from acting or proposing to act as portfolio manager of HCLOF or any CLOs managed by Highland Capital Management, LP.

7. **Dismissal of the First and Second Lawsuits.** Acis agrees to file a motion to dismiss or a stipulation of dismissal of the First Lawsuit with prejudice within three (3) business days following the occurrence of both the Effective Date and Acis' receipt of an agreed proposed order or a signed stipulation of dismissal from HCLOF. Acis further agrees to file a motion to dismiss with prejudice the Second Lawsuit as against William Scott and Heather Bestwick within three (3) business days following the occurrence of both the Effective Date and Acis' receipt of an agreed proposed order of dismissal from William Scott and Heather Bestwick. Acis agrees to use its best efforts to obtain approval of any motions to dismiss filed pursuant to this paragraph and,

regardless of the disposition of any such motion, the Acis Releasors (as defined below) agree to be bound by the covenant not to sue or sue further, as set forth below, any of the Acis Releasees (as defined below) with respect to the First Lawsuit and the Second Lawsuit.

8.    **Dismissal of the Fifth Circuit Appeal.**   Within three (3) business days of the Effective Date, HCLOF and Acis shall jointly move to dismiss the Fifth Circuit Appeal with prejudice, with each party bearing its own costs of such dismissal.   The Parties agree to act in good faith and to take all measures reasonably necessary to obtain Fifth Circuit approval of this request for dismissal.

9.    **Acis Releases.**   Effective upon the Effective Date, each of Acis GP, Acis LP, and Terry, for themselves and all their agents, representatives, officers, directors, advisors, employees, subsidiaries, successors and assigns in their capacities as such (collectively, "Acis Releasors"), with no further action required, forever agree and covenant not to sue or prosecute, or sue or prosecute further, against any Acis Releasee (as hereinafter defined) and shall forever waive, release and discharge, to the fullest extent permitted by law, each Acis Releasee from any and all claims (including, without limitation, crossclaims, counterclaims, rights of set-off and recoupment), actions, causes of action, suits, debts, accounts, interests, liens, promises, warranties, damages and consequential damages, demands, agreements, bonds, bills, specialties, covenants, controversies, variances, trespasses, judgments, executions, costs, expenses or claims whatsoever, that such Acis Releasor then has or thereafter may have, of whatsoever nature and kind, whether known or unknown, whether then existing or thereafter arising, whether arising at law or in equity, existing on or before the Effective Date (the "Acis Released Claims") against HCLOF in any capacity, HCLOF's respective successors and assigns, and each and all of the current and former officers, directors, employees, agents, attorneys, advisors and other representatives of each of the foregoing, including, without limitation, William Scott and Heather Bestwick (collectively, the "Acis Releasees"), provided, however, that Acis Released Claims do not include claims for the breach of this Agreement. In furtherance of the foregoing releases, and on and after the Effective Date, each of the Acis Releasors hereby irrevocably covenants and agrees to refrain from, directly or indirectly, asserting any claim, demand or remedy, or continuing, commencing, instituting, or causing to be commenced or instituted any proceeding, of any kind or nature whatsoever against any Acis Releasee based upon any Acis Released Claim.  This release is intended to be a general release of all claims existing on or before the Effective Date.  Notwithstanding anything contained herein to the contrary, the term Acis Releasees shall not include the Charitable Donor Advised Fund, LP (or any of its subsidiaries, including CLO Holdco, Ltd.), Grant Scott, James Dondero, David Simek, Dugaboy Investment Trust (or any trustee acting for that trust), or Mark Okada and his family trusts (and the trustees for such trusts in their representative capacities).

10.    **HCLOF Releases.**   Effective upon the Effective Date, HCLOF, for itself and all its agents, representatives, officers, directors, advisors, employees, subsidiaries, successors and assigns in their capacities as such (collectively, "HCLOF Releasors"), with no further action required, forever agrees and covenants not to sue or prosecute, or sue or prosecute further, against any HCLOF Releasee (as hereinafter defined) and shall forever waive, release and discharge, to the fullest extent permitted by law, each HCLOF Releasee from any and all claims (including, without limitation, crossclaims, counterclaims, rights of set-off and recoupment), actions, causes of action, suits, debts, accounts, interests, liens, promises, warranties, damages and consequential

damages, demands, agreements, bonds, bills, specialties, covenants, controversies, variances, trespasses, judgments, executions, costs, expenses or claims whatsoever, that such HCLOF Releasor then has or thereafter may have, of whatsoever nature and kind, whether known or unknown, whether then existing or thereafter arising, whether arising at law or in equity, existing on or before the Effective Date (the "HCLOF Released Claims") against Acis GP, Acis LP, and Terry, in any capacity, Brigade Capital Management, LP, U.S. Bank National Association, Moody's Investor Services, Inc., the Acis CLOs (with respect to any claims for breach of any duties or obligations owed by Acis to the Acis CLOs under the PMAs arising prior to the Effective Date, including but not limited to any fees and expenses paid by the Acis CLOs to Acis), each of their respective successors and assigns, and each and all of the officers, directors, employees, agents, attorneys, advisors and other representatives of each of the foregoing (collectively, the "HCLOF Releasees"), provided, however, that HCLOF Released Claims do not include claims for the breach of this Agreement. In furtherance of the foregoing releases, and on and after the Effective Date, HCLOF hereby irrevocably covenants and agrees to refrain from, directly or indirectly, asserting any claim, demand or remedy, or continuing, commencing, instituting, or causing to be commenced or instituted any proceeding, of any kind or nature whatsoever against any HCLOF Releasee based upon any HCLOF Released Claim. This release is intended to be a general release of all claims existing on or before the Effective Date.

11.    **Additional Representations and Warranties**. In executing this Release, each of the Parties, on behalf of itself and each of its respective Releasors, hereby acknowledges, represents and warrants that it (i) has read and understands the terms in this Agreement, (ii) has consulted with and obtained the advice and counsel of its own attorney, (iii) has executed this Agreement and the releases therein without relying upon any statements, representations or warranties, written or oral, as to any law or fact made by any other Party, not expressly set forth herein, (iv) has executed this Agreement and the releases therein voluntarily and without any duress, coercion or undue influence of any kind, (v) is the sole owner of its Released Claims, and (vi) has not assigned, sold, or otherwise transferred its Released Claim to any other person or entity.

12.    **Remedies.** In addition to all other remedies at law or equity available to any Party with respect to any breach of any provision of this Agreement, the Parties agree that a breach of the provisions of Sections 2 through 10 of this Agreement cannot be adequately remedied at law or by money damages, that resort to legal remedies alone would impose an undue hardship on the non-breaching Party, and would frustrate the intention of the parties in entering into this Agreement, and that the non-breaching Party is entitled to specific performance and injunctive relief, in addition to any otherwise appropriate legal remedy.

13.    **Notices.**  Notices or certifications within the scope of any PMAs or indenture of the Acis CLOs shall be served in the manner required by the respective PMA or indenture. All other requirements for notices or certifications under this Agreement, including notices for Requested Discovery or service of accounting, shall be satisfied if effected by electronic mail and overnight delivery as follows:

If to HCLOF:

To:

Richard Burwood, Director
Highland CLO Funding Ltd.
P.O. Box 650
1st Floor, Royal Chambers
St. Julians Ave
St. Peter Port, Guernsey, GY1 3JX


With a copy to:

Mark M. Maloney
King & Spalding LLP
1180 Peachtree Street, 35th Floor
Atlanta, Georgia 30309
mmaloney@kslaw.com

If to Acis:

To:
Joshua N. Terry
Acis Capital Management, LP
4514 Cole Ave. Suite 600
Dallas, TX 75205
josh@aciscm.com

With a copy to:

Jeff P. Prostok
Suzanne K. Rosen
Forshey Prostok, LLP
777 Main Street, Suite 1590
Fort Worth, TX 76102
jprostok@forsheyprostok.com
srosen@forsheyprostok.com

If to Terry:

Joshua Terry
4514 Cole Ave. Suite 600
Dallas, TX 75205
joshuanterry@gmail.com

With a copy to:

Jeff P. Prostok
Suzanne K. Rosen
Forshey Prostok, LLP
777 Main Street, Suite 1590
Fort Worth, TX 76102
jprostok@forsheyprostok.com
srosen@forsheyprostok.com

14.     **Governing Law.**  This Release shall be governed by the laws of the State of Texas. Any claim or action arising out of or relating to this Agreement shall be brought in the United States District Court for the Northern District of Texas.

15.     **No Admission of Liability**. It is hereby understood and agreed that nothing herein, nor the acceptance or delivery of this Agreement by any Party shall be deemed or construed as an admission of liability of any nature whatsoever by any Party. This Agreement may be disclosed to the Bankruptcy Court or the Fifth Circuit by any Party for reasons other than to establish liability of any Party.

16.     **Authority to Enter Into the Agreement.** Each Party hereby represents, warrants and agrees to the others that (i) it has the requisite power and authority to enter into and perform the terms of this Agreement on behalf of itself and each of its respective Releasors, (ii) no further authority or approval is necessary, and (iii) the person executing this Agreement on his, her or its behalf, if applicable, has the full right and authority to fully commit and bind such Party.

17.     **Expenses.** Each Party shall bear its own expenses incurred in connection with the negotiation, execution and performance of this Agreement.

18.     **Entire Agreement.** This Agreement sets forth the entire understanding of the Parties with respect to the subject matter hereof, and supersedes all prior letters of intent, agreements, covenants, arrangements, communications, representations or warranties, whether oral or written, made by any officer, director, manager, member or representative of any of the Parties.

19.     **Counterparts.** This Agreement may be executed in multiple counterparts, each of which when taken together shall constitute one and the same instrument, and facsimile and PDF signatures shall be deemed originals.

*[Signatures Appear On Next Page]*

Executed and Agreed To:

**Acis Capital Management, L.P.:**

By: Sherwood GP, LLC, its general partner

Date: April ___28___, 2021

By: ___Joshua N. Terry___
Its: ___President___

**Acis Capital Management GP, LLC:**

Date: April ___28___, 2021

By: ___Joshua N. Terry___
Its: ___President___

**Joshua Terry:**

Date: April ___28___, 2021

**Highland CLO Funding, Ltd.:**

Date: April _____, 2021

By: _____
Its: _____

By: _____
Its: _____

Executed and Agreed To:

**Acis Capital Management, L.P.:**

Date: April _____, 2021

By:_____
Its:_____

**Acis Capital Management GP, LLC:**

Date: April _____, 2021

By:_____
Its:_____

**Joshua Terry:**

Date: April _____, 2021

_____

**Highland CLO Funding, Ltd.:**

Date: April 28th, 2021

By: RICHARD BURWOOD
Its: DIRECTOR

By: Richard Boleat
Its: Director

**EXHIBIT A**

[___  __], 2021

ACIS CLO 2014-3 Ltd.
c/o FFP (Corporate Services) Limited
2nd Floor, Harbour Centre
42 North Church Street
George Town, Grand Cayman
Cayman Islands
Facsimile: 1 345 941 5855

**Re: Direction Letter – ACIS CLO 2014-3 Ltd.**

Dear Sir or Madam:

Reference is hereby made to that certain Indenture, dated as of February 25, 2014 (as amended, modified or supplemented from time to time, the "Indenture"), among ACIS  CLO 2014-3 Ltd. (the "Issuer"), ACIS CLO 2014-3 LLC (the "Co-Issuer") and U.S. Bank National Association (the "Trustee"). Capitalized terms used but not defined herein shall have the meanings set forth or incorporated by reference in the Indenture.

Pursuant to Sections 9.2 and 14.3 of the Indenture, the undersigned Holders of at least a Majority of the Aggregate Outstanding Amount of the Subordinated Notes have delivered a written notice dated [___  __], 2021 to the Issuer directing the Issuer to effect an Optional Redemption of all Secured Notes and Subordinated Notes in full on [___  __], 2021.

In connection therewith, the undersigned Holders hereby direct the Issuer to deliver an Issuer Order to the Trustee to deliver a notice of redemption to the Holders in the manner required by Section 9.4 of the Indenture in the name and at the expense of the Co-Issuers pursuant to Section 9.4(b) of the Indenture.

*[Signature pages follow]*

Very truly yours,

**HIGHLAND CLO FUNDING, LTD.** (f/k/a
Acis Loan Funding, Ltd.)


By:_____
Name:
Title:

[_____], 2021

ACIS CLO 2014-3 Ltd.
c/o MaplesFS Limited
P.O. Box 1093
Boundary Hall, Cricket Square
Grand Cayman, KY1-1102
Cayman Islands
Telephone: +1 (345) 945-7099
Facsimile: +1 (345) 945-7100

U.S. Bank National Association
190 South LaSalle Street, 8th Floor
Chicago, IL 60603
Attn: Global Corporate Trust – ACIS CLO 2014-3 Ltd.
Fax: 312-332-8030
E-mail: ACIS.CLO.2014.04@usbank.com

Acis Capital Management, L.P.
c/o Acis Capital Management GP, LLC
4514 Cole Avenue, Suite 600
Dallas, TX 75205
Attn: Joshua N. Terry, President
Email: Josh@aciscm.com

**Re: ACIS CLO 2014-3 Ltd.**

Dear Sir or Madam:

Reference is hereby made to that certain Indenture, dated as of February 25, 2014 (as amended, modified or supplemented from time to time, the "Indenture"), among ACIS CLO 2014-3 Ltd. (the "Issuer"), ACIS CLO 2014-3 LLC (the "Co-Issuer") and U.S. Bank National Association (the "Trustee"). Capitalized terms used but not defined herein shall have the meanings set forth or incorporated by reference in the Indenture.

Pursuant to Sections 9.2 and 14.3 of the Indenture, the undersigned Holders of at least a Majority of the Aggregate Outstanding Amount of the Subordinated Notes hereby direct the Issuer to effect an Optional Redemption of all Secured Notes and Subordinated Notes in full on [_____], 2021.

*[Signature pages follow]*

Very truly yours,

**HIGHLAND CLO FUNDING, LTD.** (f/k/a Acis Loan Funding, Ltd.)

By:_____
Name:
Title:


By:_____
Name:
Title:

[____ __], 2021

ACIS CLO 2014-4 Ltd.
c/o FFP (Corporate Services) Limited
2nd Floor, Harbour Centre
42 North Church Street
George Town, Grand Cayman
Cayman Islands
Facsimile: 1 345 941 5855

**Re: Direction Letter – ACIS CLO 2014-4 Ltd.**

Dear Sir or Madam:

Reference is hereby made to that certain Indenture, dated as of June 5, 2014 (as amended, modified or supplemented from time to time, the "Indenture"), among ACIS CLO 2014-4 Ltd. (the "Issuer"), ACIS CLO 2014-4 LLC (the "Co-Issuer") and U.S. Bank National Association (the "Trustee"). Capitalized terms used but not defined herein shall have the meanings set forth or incorporated by reference in the Indenture.

Pursuant to Sections 9.2 and 14.3 of the Indenture, the undersigned Holders of at least 66 2/3% of the Aggregate Outstanding Amount of the Subordinated Notes have delivered a written notice dated [____ __], 2021 to the Issuer directing the Issuer to effect an Optional Redemption of all Secured Notes and Subordinated Notes in full on [____ __], 2021.

In connection therewith, the undersigned Holders hereby direct the Issuer to deliver an Issuer Order to the Trustee to deliver a notice of redemption to the Holders in the manner required by Section 9.3 of the Indenture in the name and at the expense of the Co-Issuers pursuant to Section 9.3(b) of the Indenture.

*[Signature pages follow]*

Very truly yours,

**HIGHLAND CLO FUNDING, LTD.** (f/k/a
Acis Loan Funding, Ltd.)


By:_____
Name:
Title:

[_____ __], 2021

ACIS CLO 2014-4 Ltd.
c/o FFP (Corporate Services) Limited
2nd Floor, Harbour Centre
42 North Church Street
George Town, Grand Cayman
Cayman Islands
Facsimile: 1 345 941 5855

U.S. Bank National Association
190 South LaSalle Street, 8th Floor
Chicago, IL 60603
Attn: Corporate Trust Services – ACIS CLO 2014-4
Fax: 312-332-8030
Email: ACIS.CLO.2014.04@usbank.com

Acis Capital Management, L.P.
c/o Acis Capital Management GP, LLC
4514 Cole Avenue, Suite 600
Dallas, TX 75205
Attn: Joshua N. Terry, President
Email: Josh@aciscm.com

**Re: ACIS CLO 2014-4 Ltd.**

Dear Sir or Madam:

Reference is hereby made to that certain Indenture, dated as of June 5, 2014 (as amended, modified or supplemented from time to time, the "Indenture"), among ACIS CLO 2014-4 Ltd. (the "Issuer"), ACIS CLO 2014-4 LLC (the "Co-Issuer") and U.S. Bank National Association (the "Trustee"). Capitalized terms used but not defined herein shall have the meanings set forth or incorporated by reference in the Indenture.

Pursuant to Sections 9.2 and 14.3 of the Indenture, the undersigned Holders of at least 66 2/3% of the Aggregate Outstanding Amount of the Subordinated Notes hereby direct the Issuer to effect an Optional Redemption of all Secured Notes and Subordinated Notes in full on [_____ __], 2021.

*[Signature pages follow]*

Very truly yours,

**HIGHLAND CLO FUNDING, LTD.** (f/k/a
Acis Loan Funding, Ltd.)

By:_____
Name:
Title:


By:_____
Name:
Title:

[___ __], 2021

ACIS CLO 2014-5 Ltd.
c/o FFP (Corporate Services) Limited
2nd Floor, Harbour Centre
42 North Church Street
George Town, Grand Cayman
Cayman Islands
Facsimile: 1 345 941 5855

**Re: Direction Letter – ACIS CLO 2014-5 Ltd.**

Dear Sir or Madam:

Reference is hereby made to that certain Indenture, dated as of November 18, 2014 (as amended, modified or supplemented from time to time, the "Indenture"), among ACIS CLO 2014-5 Ltd. (the "Issuer"), ACIS CLO 2014-5 LLC (the "Co-Issuer") and U.S. Bank National Association (the "Trustee"). Capitalized terms used but not defined herein shall have the meanings set forth or incorporated by reference in the Indenture.

Pursuant to Sections 9.2 and 14.3 of the Indenture, the undersigned Holders of at least 66 2/3% of the Aggregate Outstanding Amount of the Subordinated Notes have delivered a written notice dated [___ ], 2021 to the Issuer directing the Issuer to effect an Optional Redemption of all Secured Notes and Subordinated Notes in full on [___ __], 2021.

In connection therewith, the undersigned Holders hereby direct the Issuer to deliver an Issuer Order to the Trustee to deliver a notice of redemption to the Holders in the manner required by Section 9.3 of the Indenture in the name and at the expense of the Co-Issuers pursuant to Section 9.3(b) of the Indenture.

*[Signature pages follow]*

Very truly yours,

**HIGHLAND CLO FUNDING, LTD.** (f/k/a
Acis Loan Funding, Ltd.)


By:_____
Name:
Title:

[___ __], 2021

ACIS CLO 2014-5 Ltd.
c/o FFP (Corporate Services) Limited
2nd Floor, Harbour Centre
42 North Church Street
George Town, Grand Cayman
Cayman Islands
Facsimile: 1 345 941 5855

U.S. Bank National Association
190 South LaSalle Street, 8th Floor
Chicago, IL 60603
Attn: Corporate Trust Services – ACIS CLO 2014-5
Fax: 312-332-8030
Email: ACIS.CLO.2014.05@usbank.com

Acis Capital Management, L.P.
c/o Acis Capital Management GP, LLC
4514 Cole Avenue, Suite 600
Dallas, TX 75205
Attn: Joshua N. Terry, President
Email: Josh@aciscm.com

**Re: ACIS CLO 2014-5 Ltd.**

Dear Sir or Madam:

Reference is hereby made to that certain Indenture, dated as of November 18, 2014 (as amended, modified or supplemented from time to time, the "Indenture"), among ACIS CLO 2014-5 Ltd. (the "Issuer"), ACIS CLO 2014-5 LLC (the "Co-Issuer") and U.S. Bank National Association (the "Trustee"). Capitalized terms used but not defined herein shall have the meanings set forth or incorporated by reference in the Indenture.

Pursuant to Sections 9.2 and 14.3 of the Indenture, the undersigned Holders of at least 66 2/3% of the Aggregate Outstanding Amount of the Subordinated Notes hereby direct the Issuer to effect an Optional Redemption of all Secured Notes and Subordinated Notes in full on [___ __], 2021.

*[Signature pages follow]*

Very truly yours,

**HIGHLAND CLO FUNDING, LTD.** (f/k/a Acis Loan Funding, Ltd.)

By:_____
Name:
Title:


By:_____
Name:
Title:

[___ __], 2021

ACIS CLO 2015-6 Ltd.
c/o FFP (Corporate Services) Limited
2nd Floor, Harbour Centre
42 North Church Street
George Town, Grand Cayman
Cayman Islands
Facsimile: 1 345 941 5855

**Re: Direction Letter – ACIS CLO 2015-6 Ltd.**

Dear Sir or Madam:

Reference is hereby made to that certain Indenture, dated as of April 16, 2015 (as amended, modified or supplemented from time to time, the "Indenture"), among ACIS CLO 2015-6 Ltd. (the "Issuer"), ACIS CLO 2015-6 LLC (the "Co-Issuer") and U.S. Bank National Association (the "Trustee"). Capitalized terms used but not defined herein shall have the meanings set forth or incorporated by reference in the Indenture.

Pursuant to Sections 9.2 and 14.3 of the Indenture, the undersigned Holders of at least 66 2/3% of the Aggregate Outstanding Amount of the Subordinated Notes have delivered a written notice dated [___ __], 2021 to the Issuer directing the Issuer to effect an Optional Redemption of all Secured Notes and Subordinated Notes in full on [___ __], 2021.

In connection therewith, the undersigned Holders hereby direct the Issuer to deliver an Issuer Order to the Trustee to deliver a notice of redemption to the Holders in the manner required by Section 9.3 of the Indenture in the name and at the expense of the Co-Issuers pursuant to Section 9.3(b) of the Indenture.

*[Signature pages follow]*

Very truly yours,

**HIGHLAND CLO FUNDING, LTD.** (f/k/a
Acis Loan Funding, Ltd.)


By:_____
Name:
Title:

[___ __], 2021

ACIS CLO 2015-6 Ltd.
c/o FFP (Corporate Services) Limited
2nd Floor, Harbour Centre
42 North Church Street
George Town, Grand Cayman
Cayman Islands
Facsimile: 1 345 941 5855

U.S. Bank National Association
190 South LaSalle Street, 8th Floor
Chicago, IL 60603
Attn: Corporate Trust Services – ACIS CLO 2015-6
Fax: 312-332-8030
Email: ACIS.CLO.2015.06@usbank.com

Acis Capital Management, L.P.
c/o Acis Capital Management GP, LLC
4514 Cole Avenue, Suite 600
Dallas, TX 75205
Attn: Joshua N. Terry, President
Email: Josh@aciscm.com

**Re: ACIS CLO 2015-6 Ltd.**

Dear Sir or Madam:

Reference is hereby made to that certain Indenture, dated as of April 16, 2015 (as amended, modified or supplemented from time to time, the "Indenture"), among ACIS CLO 2015-6 Ltd. (the "Issuer"), ACIS CLO 2015-6 LLC (the "Co-Issuer") and U.S. Bank National Association (the "Trustee"). Capitalized terms used but not defined herein shall have the meanings set forth or incorporated by reference in the Indenture.

Pursuant to Sections 9.2 and 14.3 of the Indenture, the undersigned Holders of at least 66 2/3% of the Aggregate Outstanding Amount of the Subordinated Notes hereby direct the Issuer to effect an Optional Redemption of all Secured Notes and Subordinated Notes in full on [___ __], 2021.

*[Signature pages follow]*

WORKAMER\38549339.v3

Very truly yours,

**HIGHLAND CLO FUNDING, LTD.** (f/k/a
Acis Loan Funding, Ltd.)

By:_____
Name:
Title:


By:_____
Name:
Title: