**MEMORANDUM ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/14/2022

Parsons McEntire McCleary PLLC

1700 Pacific Ave., Ste. 4400
Dallas, Texas 75201
Tel. (214) 237-4300
Fax (214) 237-4340

Sawnie A. McEntire  (214) 237-4303
Director & Shareholder  smcentire@pmmlaw.com

March 14, 2022

Hon. Gregory H. Woods                                **VIA CM/ECF**
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

    Re: *U.S. Bank National Association, et al. v. The Charitable Donor Advised Fund, L.P. and CLO HoldCo Ltd.*, **Case No. 1:21-cv-11059-GHW; Pre-Motion Letter**

Dear Judge Woods,

    We serve as counsel for defendants Charitable DAF Fund, LP a/k/a The Charitable Donor Advised Fund, L.P. ("DAF"), and CLO HoldCo, Ltd. ("CLOH") (collectively, "DAF/CLOH"). Pursuant to Paragraph 2.C of the Court's Individual Rules of Practice in Civil Cases, we respectfully request a pre-motion conference regarding DAF/CLOH's anticipated motion to dismiss the Amended Complaint ("Complaint") (ECF No. 15) under Rules 12(b)(1), 12(b)(6), and 17(a).

**A.      Background.**

    The Complaint against DAF/CLOH is founded on rank speculation that DAF/CLOH may—*at some unspecified future time*—sue Plaintiffs for vaguely described claims of securities-portfolio mismanagement and associated breaches of duty under state or federal law. Plaintiffs complain of *voluntary dismissals* of two prior lawsuits by DAF and/or CLOH against Plaintiffs ***over two years ago***—in February 2020. Plaintiffs also complain of DAF/CLOH's reservations of rights in a letter sent on May 8, 2020—***nearly two years ago***. Since those events, DAF/CLOH have not filed suit and the Complaint fails to identify a single litigation threat made by DAF/CLOH after those events. Yet, Plaintiffs now allege there is "little doubt" DAF/CLOH will re-assert their past claims—and new claims mimicking federal claims of a distinct entity (NexPoint Strategic Opportunities Fund ("NexPoint")), the plaintiff in a purportedly "related" case pending before the Court, *NexPoint Strategic Opportunities Fund v. Acis Capital Management, L.P., et al.*, Case No. 1:21-cv-04384-GHW (the "NexPoint Lawsuit").[1] (*See* ECF No. 15 at ¶ 46) Plaintiffs' speculations are nothing more than crystal ball gazing that fail to establish a justiciable case or controversy. The Court therefore lacks subject matter jurisdiction.

---

[1] Defendants do not admit the cases are "related;" but they note the cases have been docketed as "related."

The Complaint alleges that Plaintiffs have suffered injury because final distributions to holders of subordinated notes have been delayed based on an alleged need to build cash reserves to cover indemnity obligations that might arise *if* DAF/CLOH decide to file a suit against the Plaintiffs. (*See* ECF No. 15 at ¶ 1) But DAF/CLOH have no authority to compel anyone to withhold distributions from the ACIS CLOs,[2] and the decision of others to do so does not create a genuine case or controversy.

Nevertheless, Plaintiffs ask the Court to enter declaratory judgments that: (1) DAF/CLOH lack standing to bring the speculated claims; and (2) at least some of those putative claims were released by the alleged real party in interest. (*See id.* at p. 23)

## B. The Complaint must be dismissed because there is no case or controversy.

The Complaint does not present a justiciable case or controversy because it fails to allege an injury fairly traceable to DAF/CLOH's conduct and redressable by the requested relief. Put simply, Plaintiffs fail to meet their burden of establishing constitutional standing to bring their claims. *See Marcavage v. City of N.Y.*, 689 F.3d 98, 103 (2d Cir. 2012) (plaintiffs have the burden of establishing standing).

Article III permits federal courts to adjudicate only "cases or controversies." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992). In other words, the plaintiff must allege "(1) an injury that is (2) 'fairly traceable to the defendant's allegedly unlawful conduct' and that is (3) 'likely to be redressed by the requested relief.'" *Id.* (citation omitted).

Here, the only purported "injury" alleged in the Complaint is delay of final distributions to holders of subordinated notes issued by the ACIS CLOs. However, even if an unstated period of delay in the payment of funds were an injury, it is not fairly traceable to DAF/CLOH's *feared* (but unrealized) conduct. Instead, *it is caused solely by the decisions of the non-party ACIS CLOs or U.S. Bank*—a plaintiff in this lawsuit and Trustee under certain indentures—to withhold distributions to the holders of subordinated notes. (*See id.* at ¶ 1) Plaintiffs claim that these funds are withheld to cover indemnity obligations to Plaintiffs that *could arise if* DAF/CLOH file suit against the Plaintiffs. (*See id.*) But the alleged "injury" arises solely from the subjective fears and unilateral conduct of the ACIS CLOs or U.S. Bank. *See Bandler v. Town of Woodstock*, 832 F. App'x 733, 734 (2d Cir. 2020) (upholding denial of standing on traceability grounds); Taylor v. Bernanke, No. 13-CV-1013, 2013 WL 4811222, at *10 n.5 (E.D.N.Y. Sept. 9, 2013) ("Self-inflicted injury that results from a plaintiff's personal choices rather than a defendant's conduct will not confer standing"). Without an injury fairly traceable to DAF/CLOH's conduct, the mere possibility of future litigation does not establish a justiciable "case or controversy." *See Election Computer Servs., Inc. v. Aristotle Pub., Inc.*, No. 96 CIV. 5947(DAB), 1997 WL 438798, *2 (S.D.N.Y. Aug. 4, 1997) (mem. op.) ("The *possibility* of future litigation alone, however, is not sufficient to establish an actual controversy necessary for declaratory relief") (emphasis added).

Further, the relief requested by the Complaint will not redress Plaintiffs' sole alleged injury. The Plaintiffs "must show a 'substantial likelihood that the requested relief will remedy *the*

---

[2] The ACIS CLOs include ACIS CLO 2014-4 Ltd. ("ACIS 4"), ACIS CLO 2014-5 Ltd. ("ACIS 5"), and ACIS CLO 2015-6 Ltd. ("ACIS 6").

2

*alleged injury in fact*.'" *Sprint Communications Co., L.P. v. APCC Svcs., Inc.*, 554 U.S. 269, 287 (2008) (citation omitted) (emphasis in original). Nothing in the requested declarations requires U.S. Bank or the ACIS CLOs to issue final distributions to the holders of subordinated notes. (*See* ECF No. 15 at p. 23) Further, Plaintiffs' requested declaration on "standing" could not redress the alleged injury because it would speak only to DAF/CLOH's standing *at the time of judgment*; it would not prevent DAF/CLOH from later acquiring standing and suing upon the subject claims. *See N.Y. Bankers Ass'n, Inc. v. City of N.Y.*, No. 13 Civ. 7212(KPF), 2014 WL 4435427, *14 (S.D.N.Y. Sep. 9, 2014) ("'A party without standing may later acquire it'") (citation omitted). Thus, there is no "case or controversy," and, respectfully, the Court lacks subject matter jurisdiction over this lawsuit.

**C.     The Complaint should be dismissed because Plaintiffs are not real parties in interest.**

With limited exceptions, "[a]n action must be prosecuted in the name of the real party in interest." *See* Fed. R. Civ. P. 17(a)(1). The Court must dismiss an action not prosecuted in the name of the real party in interest if, after a reasonable time following an objection, the real party in interest has not ratified, joined in, or been substituted into the action. *See id.* at (a)(3). "Generally, courts have allowed Rule 17(a) challenges to be made pursuant to Rule 12(b)(6) . . . .'" *QS Holdco Inc. v. Bank of Am. Corp.*, No. 18-cv-824(RJS), 2019 WL 3716443, *3 (S.D.N.Y. Aug. 6, 2019).

Here, the only injury Plaintiffs allege is to third parties: the holders of subordinated notes issued by the ACIS CLOs.[3] While Rule 17 permits the trustee of an express trust to prosecute actions in its own name rather than the trust beneficiary's name, *see id.*, and U.S. Bank has styled itself as "Trustee" in this action, the Complaint does not allege that any express trust permits U.S. Bank to prosecute the subject claims on behalf of the holders of subordinated notes. Nor does it allege that any other Plaintiff is a trustee authorized to bring the subject claims. Accordingly, Defendants object that Plaintiffs are not the real parties in interest and ask the Court to dismiss the Complaint if (after a reasonable time following this objection) the real parties in interest (*i.e.*, the holders of the subordinated notes) have not ratified, joined in, or been substituted into this action.

                                        Respectfully submitted,[4]

                                        /s/ *Sawnie A. McEntire*
                                        Sawnie A. McEntire
                                        *Admitted Pro Hac Vice*
                                        Texas Bar No.: 13590100
                                        Fed ID #3476
                                        PARSONS MCENTIRE MCCLEARY PLLC
                                        1700 Pacific Avenue, Suite 4400
                                        Dallas, Texas 75201

---

[3] The Complaint acknowledges that non-party Highland CLO Funding, Ltd. owns 100%, 100%, and 87% of the subordinated notes issued by ACIS 4, 5, and 6, respectively. (*See* ECF No. 15 at ¶ 17)

[4] This required letter is not an appearance on behalf of either DAF or CLO. This letter is subject to and without waiver of any of the substantive and procedural rights and defenses of DAF and/or CLO, all of which are reserved by DAF and CLO. DAF/CLO also reserve their rights to advance additional arguments than those offered in this letter.

        Telephone: (214) 237-4300
        Fax: (214) 237-4340
        E-mail: smcentire@pmmlaw.com

        Roger L. McCleary
        *Admitted Pro Hac Vice*Texas Bar No.: 133937000
        Fed. ID #205
        PARSONS MCENTIRE MCCLEARY PLLC
        One Riverway, Suite 1800
        Houston, Texas 77056
        Telephone: (713) 960-7315
        Fax: (713) 960-7347
        E-mail: rmccleary@pmmlaw.com

        Lindsey R. Skibell
        E-mail: rskibell@glennagre.com
        Jewel K. Tewiah
        E-mail: jtewiah@glennagre.com
        GLENN AGRE BERGMAN & FUENTES LLP
        55 Hudson Yards, 20th Floor
        New York, NY 10001
        Telephone: 212.358.5600
        E-mail: rskibell@glennagre.com

        **Counsel for Defendants**
        **Charitable DAF Fund, LP a/k/a**
        **The Charitable Donor Advised Fund, L.P.,**
        **and CLO Holdco, Ltd.**  .

Cc: Counsel of Record (via ECF)

Defendant's request for a pre-motion conference is granted. The Court will hold a conference to discuss Defendant's proposed motion to dismiss on April 4, 2022 at 4:30 p.m. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules.

SO ORDERED.

Dated: March 14, 2022
New York, New York
                                                                     GREGORY H. WOODS
                                                                 United States District Judge