USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/14/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
:
U.S. BANK, NATIONAL ASSOCIATION, in its :
capacity as Trustee, JOSHUA N. TERRY, AND ACIS :
CAPITAL MANAGEMENT, L.P., : 1:21-cv-11059-GHW
:
                         Plaintiffs, : ORDER
:
               -against- :
:
THE CHARITABLE DONOR ADVISED FUND, :
L.P., CLO HOLDCO LTD., and NEXPOINT :
DIVERSIFIED REAL ESTATE TRUST, :
:
                       Defendants. :
:
------------------------------------------------------------------------ X

GREGORY H. WOODS, District Judge:

    Defendant NexPoint Diversified Real Estate Trust's ("Defendant") April 14, 2022 request for leave to file a motion to dismiss Plaintiffs' complaint, Dkt. No. 38, is granted. The Court does not require a pre-motion conference to discuss NexPoint's proposed motion. The deadline for Defendant to file and serve its motion to dismiss is May 6, 2022. Plaintiffs' opposition is due within twenty-one days after service of Defendant's motion; Defendant's reply, if any, is due within fourteen days after service of Plaintiff's opposition.

    In addition, Defendant's letter states that the parties have "generally agreed that a stay pending the Court's decision on any motion makes sense." Dkt. No. 38 at 3. The Court agrees that a stay is appropriate here. A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act. *See Brooks v. Macy's, Inc.*, 2010 WL 5297756, at *1 (S.D.N.Y. Dec. 21, 2010) (citing cases), *reh'g denied*, 2011 WL 1362191 (S.D.N.Y. Apr. 8, 2011). Thus, "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992). But " upon a showing of good cause a district court has considerable discretion to stay discovery"

pursuant to Federal Rule of Civil Procedure 26(c).  *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); *see also Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).  "In determining whether good cause exists, courts consider: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Showtime on Piers LLC*, No. 19-CV-07755 (VEC), 2019 WL 6912282, at *1 (S.D.N.Y. Dec. 19, 2019).  Here, given the parties' agreement to stay discovery, good cause exists to impose a stay.  Accordingly, discovery in this matter is stayed pending the resolution of Defendant's motion to dismiss.

      The Clerk of Court is directed to terminate the motion at Dkt. No. 38.

      SO ORDERED.

Dated:  April 14, 2022
New York, New York

                                        GREGORY H. WOODS
                                        United States District Judge