quinn emanuel    trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

May 11, 2022

**BY ECF**

The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

Re:   *U.S. Bank National Association, in its capacity as Trustee, et al. v. The Charitable Donor Advised Fund, L.P., et al.*, No. 1:21-cv-11059 (S.D.N.Y.)

Dear Judge Woods:

      We write on behalf of Plaintiffs U.S. Bank National Association, in its capacity as trustee, Joshua N. Terry, and Acis Capital Management, L.P. (collectively "Plaintiffs"), to request permission to pursue tailored jurisdictional discovery. During the April 4, 2022 pre-motion conference, the Court invited Plaintiffs to submit a request for jurisdictional discovery if warranted by the factual submissions made by Defendants The Charitable Donor Advised Fund, L.P. ("DAF"), and CLO HoldCo, Ltd. ("CLO HoldCo," and, collectively with DAF, the "DAF Defendants"), in support of their Rule 12(b)(1) motion to dismiss ("Mot.," Dkt. 41-1). In support of that motion, the DAF Defendants submitted a Declaration of Mark Patrick ("Patrick Decl.," Dkt. 41-2), in which Mr. Patrick claims that he exercises sole, functional control over the DAF Defendants' litigation decisions. Although Plaintiffs believe that the DAF Defendants' motion to dismiss fails regardless of whether the Court credits Mr. Patrick's declaration, Plaintiffs seek limited discovery in response to the DAF Defendants' factual submission in the event the Court finds otherwise. Accordingly, Plaintiffs request leave to take targeted, two-hour depositions of James Dondero, Grant Scott (the former Managing Member of DAF's corporate parent), and Mr. Patrick (the current Managing Member of DAF's corporate parent) regarding Mr. Patrick's declaration and the factual dispute it raises, as well as to request production of any documents on which Mr. Patrick has relied, or on which he intends to rely, in support of the statements in his declaration.[1]

      Jurisdictional discovery is necessary here because the DAF Defendants' motion to dismiss for lack of subject matter jurisdiction has put Mr. Dondero's functional control over the DAF Defendants at issue. *See Gudavadze v. Kay*, 556 F. Supp. 2d 299, 308-09 (S.D.N.Y. 2008) (jurisdictional discovery particularly appropriate where "'jurisdictional facts are placed in

---

[1] Plaintiffs' counsel (Blair Adams & Mark Kotwick) met and conferred telephonically with the DAF Defendants' counsel (Roger L. McCleary & Sawnie McEntire) on May 10, 2022. The DAF Defendants oppose Plaintiffs' request.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

10772-00001/13385184.1

dispute'") (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)).  Plaintiffs have alleged in the Amended Complaint, based on the factual findings of the Texas bankruptcy court, that Mr. Dondero functionally controls both the DAF Defendants and co-defendant NexPoint Diversified Real Estate Trust ("NexPoint"), Dkt. 15 ("AC") ¶ 1, and that the May 14, 2021 lawsuit that NexPoint filed against Plaintiffs (the "NexPoint Lawsuit") "confirmed that Dondero's [prior] threat to use DAF and CLO HoldCo to bring further litigation [against Plaintiffs] remained," *id.* ¶ 46, thus supporting the existence of an actual controversy between Plaintiffs and the DAF Defendants, *id.* ¶¶ 57-58, 64.[2]  Mr. Dondero and Mr. Patrick testified with respect to the relationship between Mr. Dondero and the DAF Defendants before a federal bankruptcy court in Texas as part of a contempt hearing in the bankruptcy of Highland Capital Management, LP, another entity formerly controlled by Mr. Dondero.  Following that hearing, and based on the testimony of Mr. Dondero and Mr. Patrick, the Texas bankruptcy court made a factual finding that Mr. Dondero functionally controls the DAF Defendants' litigation activities and held Mr. Dondero, Mr. Patrick, the DAF Defendants, and the Sbaiti law firm in contempt of court for filing suits in violation of an anti-suit injunction.  As United States Bankruptcy Judge Stacey G.C. Jernigan ruled (Dkt. 15-2 at 20-21, 30 (emphasis added)):

> As for Mr. Dondero, much of the testimony elicited from Mr. Dondero centered around whether he essentially controls DAF and CLO Holdco and the sequence of events that led to Mr. Grant Scott resigning as their managing member….
>
> The totality of the evidence was clear that **Mr. Dondero sparked this fire** (i.e., the idea of bringing the District Court Action to essentially re-visit the HarbourVest Settlement and to find a way to challenge Mr. Seery's and the Debtor's conduct), and ***Mr. Patrick and Sbaiti & Company, PLLC, were happy to take the idea and run with it***.  The court believes the evidence was clear and convincing that Mr. Dondero encouraged Mr. Patrick to do something wrong, and ***Mr. Patrick basically abdicated responsibility to Mr. Dondero with regard to dealing with Sbaiti and executing the litigation strategy*** ….
>
> Accordingly, it is hereby ORDERED that:
>
> (i) DAF, CLO Holdco, Sbaiti & Company, PLLC (including Mazin Sbaiti and Jonathan Bridges), Mark Patrick, and James Dondero (collectively, now the "Contemnors") are each in civil contempt of court.

The DAF Defendants' motion and Mr. Patrick's supporting declaration are directly at odds with the Texas bankruptcy court's findings and challenge the existence of a case or controversy grounding subject matter jurisdiction, in part, by attempting to dispute Plaintiffs' factual allegations.[3]  Mot. at 4-6, 8-11; Patrick Decl. ¶¶ 5-6.  In particular, the DAF Defendants claim

---

[2]  The Court ordered that this Action be treated as related to the NexPoint Lawsuit on January 3, 2022.

[3]  Specifically, the DAF Defendants accuse Plaintiffs of "conflating" the DAF Defendants with Dondero and NexPoint, Mot. at 5, and Patrick asserts that he "ha[s] exclusive

that Mr. Patrick, not Mr. Dondero, controls the litigation decisions of the DAF Defendants, *see* Patrick Decl. ¶¶ 5-6, and that this fact renders the DAF Defendants' historical threats of litigation insufficiently immediate to meet the case-or-controversy requirement for subject matter jurisdiction. Plaintiffs here will seek testimony comparable to the testimony elicited in the Texas bankruptcy court proceedings in their targeted two-hour depositions of Mr. Dondero and Mr. Patrick to establish that Mr. Dondero controlled the DAF Defendants' litigation strategy and to rebut the statements to the contrary in Mr. Patrick's declaration. Plaintiffs seek Mr. Scott's testimony because he was nominally the Managing Member of the DAF's corporate parent when the 2019 and 2020 Lawsuits were filed, and Plaintiffs will seek testimony from him establishing that Mr. Dondero controlled the DAF Defendants' litigation decisions at that time as well.

To be clear, Plaintiffs believe that the case-or-controversy requirement is met regardless of whether Mr. Dondero functionally controls the DAF Defendants, as a result of the DAF Defendants' two prior lawsuits, subsequent threatening demand letter, and refusal to disclaim the threats they have repeatedly made. But the jurisdictional discovery sought in this letter is necessary in the event the Court determines that these other, undisputed facts showing the DAF Defendants' ongoing threat of litigation are not dispositive and that further factual development regarding Mr. Dondero's functional control over the DAF Defendants is required.

For the forgoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to take two-hour depositions of Messrs. Dondero, Patrick, and Scott on the subject of Mr. Dondero's control over the DAF Defendants, and to request production of any documents on which Mr. Patrick has relied, or intends to rely, in support of his statements regarding control over the DAF Defendants.

Plaintiffs' opposition to the DAF Defendants' motion to dismiss is currently due on Monday, May 16, 2022. The limited two-hour depositions sought in this letter will not be completed by that time. Accordingly, Plaintiffs propose an adjournment of the May 16 deadline until the requested depositions are completed. In the alternative, Plaintiffs are prepared to submit their opposition brief on May 16, and respectfully request leave to file a brief supplemental submission thereafter addressing the testimony regarding Mr. Dondero's control of the DAF Defendants' litigation strategy once the requested depositions are completed.

Respectfully submitted,

*/s/ Jonathan E. Pickhardt*
Jonathan E. Pickhardt
Quinn Emanuel Urquhart & Sullivan, LLP
*Counsel for Acis Capital Management, L.P. & Joshua N. Terry*
Tel: (212) 849-7115
Email: jonathanpickhardt@quinnemanuel.com

*/s/ Mark D. Kotwick*

---

control" over causing the DAF Defendants to bring suit and that NexPoint lacks such control, Patrick Decl. ¶¶ 5-6.

Mark D. Kotwick
Seward & Kissel LLP
*Counsel for U.S. Bank National Association*
Tel: (212) 574-1545
Email: kotwick@sewkis.com

cc: Counsel of Record (by ECF)