**Parsons McEntire McCleary** PLLC

1700 Pacific Ave., Ste. 4400
Dallas, Texas 75201
Tel. (214) 237-4300
Fax (214) 237-4340

Sawnie A. McEntire                                                                                         (214) 237-4303
Director & Shareholder                                                                         smcentire@pmmlaw.com

May 17, 2022

Hon. Gregory H. Woods                                                          **VIA CM/ECF**
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

> Re: *U.S. Bank National Association, et al. v. The Charitable Donor Advised Fund, L.P. and CLO HoldCo Ltd.*, **Case No. 1:21-cv-11059-GHW; Response to Plaintiffs' Request for Jurisdictional Discovery**

Dear Judge Woods,

This letter is submitted on behalf of defendants Charitable DAF Fund, LP a/k/a The Charitable Donor Advised Fund, L.P. ("DAF"), and CLO Holdco, Ltd. ("CLOH") (collectively, "DAF/CLOH"), and responds to Plaintiffs' May 11, 2022 letter request to conduct jurisdictional discovery ("Letter Request").[1]

DAF/CLOH's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 41-1) ("Motion") sought dismissal of Plaintiffs' claims because (1) there is no case or controversy traceable to DAF/CLOH's alleged conduct; (2) Plaintiffs' alleged injury will not be redressed by the requested relief; and (3) Plaintiffs are not the real parties in interest. (*See* ECF No. 41-1.) Plaintiffs' Letter Request does not articulate why "jurisdictional discovery"—which is normally sought with respect to personal jurisdiction—is required to resolve those three issues. DAF/CLOH oppose the Letter Request because Plaintiffs seek depositions that are immaterial to the Motion.

---

[1] This letter is subject to and without waiver of DAF/CLOH's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 41-1) and the substantive and procedural rights and defenses of DAF and/or CLOH, all of which are reserved by DAF and CLOH. DAF/CLOH also reserve their rights to advance additional arguments than those offered in this letter.

Plaintiffs' Letter Request asks the Court to order depositions regarding non-party James Dondero's ("Dondero") alleged "functional control" of DAF/CLOH. But Plaintiffs admit in their Letter Request—*twice*—that Dondero's alleged "functional control" is immaterial to the pending Motion. (*See* ECF No. 47, p. 1 ("Plaintiffs believe that the DAF Defendants' motion to dismiss fails regardless of whether the Court credits Mr. Patrick's declaration"); *id.* at p. 2 ("To be clear, Plaintiff's believe that the case-or-controversy requirement is met regardless of whether Mr. Dondero functionally controls the DAF Defendants")). These telling concessions confirm that the requested discovery should be denied because it will be a distraction that will result in unnecessary delay and expense. *See Lear v. Royal Caribbean Cruises Ltd.*, No. 1:20-CV-4660-GHW, 2021 WL 1299489, at *12 (S.D.N.Y. Apr. 7, 2021) (Woods, J.) (explaining that "a district court can deny requests for jurisdictional discovery where the request amounts to a fishing expedition unlikely to uncover any material facts that would alter [its] conclusions regarding personal jurisdiction") (quotation and citation omitted).

Although the Court has discretion to order discovery the requesting party demonstrates is *material* to a disputed *genuine issue of jurisdictional fact*,[2] Dondero's alleged control over DAF/CLOH is *not* relevant to the Court's current inquiry. Plaintiffs' contrary suggestion is belied by Plaintiffs' own statements. Plaintiffs seek proof that Dondero controls DAF/CLOH; but, even if Dondero had control over DAF/CLOH, which DAF/CLOH deny, this would not mean that DAF/CLOH are making ongoing threats of impending litigation against Plaintiffs. Nothing in the Mark Patrick declaration changes this reality. Moreover, Plaintiffs use purported "threats" as the ostensible basis upon

---

[2] *See, e.g.*, *Gudavadze v. Kay*, 556 F. Supp. 2d 299, 30 (S.D.N.Y. 2008) (relied upon by Plaintiffs and finding that "[defense counsel] has not sufficiently demonstrated, either through evidentiary submissions or legal authority, that the testimony of these attorneys would be material to or bear upon a disputed jurisdictional fact in this case"); *see also Lear, supra, at *12 (citations omitted)*. Also, "[d]istrict courts in this [Second C]ircuit routinely reject requests for jurisdictional discovery where a plaintiff's allegations are insufficient to make out a *prima facie* case of jurisdiction." *See In re Platinum and Palladium Antitrust Litigation*, No. 1:14-CV-9391 (GHW), 2017 WL 1169626, at *50 (S.D.N.Y. March 28, 2017), citing *Laydon v. Mizuho Bank, Ltd.*, No. 12-CV-3419 (GBD), 2014 WL 1280464, at *7-8 (S.D.N.Y. Mar. 28, 2014) (quoting *Stutts v. De Dietrich Grp.*, 465 F. Supp. 2d 156, 169 (E.D.N.Y. 2006) (collecting cases)) (second alteration in *Laydon*). Such is the case here, as articulated in the Motion.

which they erroneously claim a justiciable case or controversy exists.[3] (*See* ECF No. 30 at pp. 2-3) Yet, the Letter Request does not seek discovery concerning purported "threats."

Plaintiffs' other statements about Dondero serve no legal purpose. Plaintiffs' reference to a prior contempt order is irrelevant. For the sake of argument only, even if the contempt order could establish that Dondero presently controls DAF/CLOH, it remains of no significance. Plaintiffs have not alleged any real threats—by DAF/CLOH, Dondero, or any other person supposedly representing DAF/CLOH—that took place in the last two years.

The Letter Request seeks unwarranted discovery. Accordingly, DAF/CLOH respectfully ask the Court to deny the Letter Request and rule upon the Motion without permitting unnecessary and costly jurisdictional discovery.

Respectfully submitted,

/s/ *Sawnie A. McEntire*
Sawnie A. McEntire
*Admitted Pro Hac Vice*
Texas Bar No.: 13590100
Fed ID #3476
PARSONS MCENTIRE MCCLEARY PLLC
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Fax: (214) 237-4340
E-mail: smcentire@pmmlaw.com

Roger L. McCleary
*Admitted Pro Hac Vice*
Texas Bar No.: 133937000
Fed. ID #205
PARSONS MCENTIRE MCCLEARY PLLC
One Riverway, Suite 1800
Houston, Texas 77056

---

[3] Plaintiffs also erroneously claim an alleged "injury" regarding delays of final distributions to holders of subordinated notes, but Plaintiffs do not claim the Letter Request is related to that purported basis of subject matter jurisdiction.

3

Telephone: (713) 960-7315
Fax: (713) 960-7347
E-mail: rmccleary@pmmlaw.com

Reid Skibell
GLENN AGRE BERGMAN & FUENTES LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: 212.358.5600
E-mail: rskibell@glennagre.com

**Counsel for Defendants Charitable DAF Fund, LP a/k/a The Charitable Donor Advised Fund, L.P., and CLO Holdco, Ltd.**

cc: Counsel of Record (via ECF)

3103272.2