UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY, AND ACIS CAPITAL MANAGEMENT, L.P., <br><br> Plaintiffs, <br><br> -against- <br><br> THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD., AND NEXPOINT DIVERSIFIED REAL ESTATE TRUST, <br><br> Defendants. | **Case No. 1:21-cv-11059 (GHW)** |

## NEXPOINT DIVERSIFIED REAL ESTATE TRUST'S
## REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

**SBAITI & COMPANY PLLC**
Mazin A. Sbaiti
New York Bar No. 4339057
mas@sbaitilaw.com
Griffin S. Rubin
Texas Bar No. 24121809 (*pro hac vice*)
gsr@sbaitilaw.com
J.P. MORGAN CHASE TOWER
2200 Ross Avenue
Suite 4900W
Dallas, TX 75201
T: 214.432.2899
F: 214.853.4367

*COUNSEL FOR DEFENDANT NEXPOINT
DIVERSIFIED REAL ESTATE TRUST*

I.

## INTRODUCTION

In their response to Defendant NexPoint Diversified Real Estate Trust's ("NexPoint" or "Defendant") Motion to Dismiss, Plaintiffs finally come clean: from the moment this case was filed against them, it has been an extraneous endeavor. In their own words, "Plaintiffs do not intend to prosecute the claims against NexPoint in this action separately."

So, why are we here?

Plaintiffs explain that this lawsuit is a placeholder *just in case* NexPoint's Main Action goes away without resolving all of the claims raised therein, because a final judgment is necessary to allow them to distribute funds. What Plaintiffs stop short of elucidating is why this case must proceed at all before this Court rules on their 12(b)(6) motions in the Main Action. Or, if NexPoint were to nonsuit its claims under Rule 41, why Plaintiffs could not make a distribution of funds once no case is pending. Or why the declaratory-judgment action could not be filed after such a contingency materialized. And while Plaintiffs claim to fear the potential of this Court dismissing the federal claims in the Main Action while declining jurisdiction over the state-law claims with no leave to amend, they never explain how this Court would have subject matter jurisdiction over this declaratory judgment claim in such an event.

Candidly, Plaintiffs *know* that filing this declaratory-judgment action is duplicative. They nevertheless seek to perpetuate this duplicativeness in their response, parsing and mincing doctrinal details (incorrectly) in an effort to draw the Court's attention away from the forest and to the trees. Try as they might, Plaintiffs cannot escape their admission that they had no basis to file this claim in the first instance.

For these reasons, as more fully explicated below, this suit should be dismissed.

## II.

## **ARGUMENT**

Plaintiffs agree that the Main Action and this lawsuit are duplicative. *See* Resp., ECF No. 56 at p. 15. It is axiomatic that duplicative federal-court litigation is disfavored. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see Edge Inv., LLC v. District of Columbia*, 927 F.3d 549, 555 (D.C. Cir. 2019) (Garland, J.) ("[T]he principle of avoiding duplicative litigation does not generally govern parallel federal-state litigation but does govern parallel federal-federal litigation."). "This principle is particularly salient where the two actions are pending before the same judge," *Cherelli v. Instore Grp., LLC*, 513 F. Supp. 3d 187, 193 (D. Mass. 2021), for "[t]here is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket," *Sutcliffe Storage & Warehouse Co. v. United States*, 162 F.2d 849, 851 (1st Cir. 1947). *See James v. AT&T Corp.*, 334 F. Supp.2d 410, 411 (S.D.N.Y. 2004) ("Generally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" (internal quotation marks and citation omitted)).

The only question that remains, therefore, is what action should the Court take? When "faced with a duplicative suit," federal district courts choose among the following paths: "stay[ing] the second suit, dismiss[ing] it without prejudice, enjoin[ing] the parties from proceeding with it, or consolidate[ing] the two actions." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). While "[t]he complex problems that can arise from multiple federal filings do not lend themselves to a rigid test," courts should "consider the equities of the situation when exercising" discretion as to which path to take, *id.*, focusing on the policy goals of "conservation of judicial resources and comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952).

NexPoint believes that dismissing this action without prejudice or severing it and consolidating it with the Main Action are the most prudent courses of action. Perplexingly, however, Plaintiffs urge the Court not to follow *any* of the four paths outlined by the Second Circuit. And they do not explain why. Again, Plaintiffs' proffered rationale runs headlong into Second Circuit precedent:

> [A]s a practical matter, Plaintiffs do not intend to prosecute the claims against NexPoint in this action separately from the NexPoint Lawsuit. Plaintiffs are hopeful that the motion to dismiss the NexPoint Lawsuit will resolve all issues raised by Plaintiffs' declaratory judgment claim against NexPoint here. In the event the Court determines it lacks subject matter jurisdiction to resolve certain claims raised in the NexPoint Lawsuit or NexPoint withdraws its claims before they are resolved, that lawsuit will no longer exist and the declaratory judgment claims in this case afford an alternative path to fully resolving the dispute between the parties.

Resp., ECF No. 56 at p. 11. This admission raises more questions than it answers. Specifically:

- In the event that any claims were to be left unresolved after the Main Action, why couldn't the Plaintiffs simply distribute the funds while no case was pending?

- Why didn't Plaintiffs wait to see if their Rule 12(b)(6) arguments were successful, in which case this suit would not have been necessary at all?

- Why didn't Plaintiffs wait to see if their Rule 12(b)(6) claims were unsuccessful before filing their claims as counterclaims[1] and instead of filing this suit?

- Why didn't Plaintiff wait to see whether NexPoint nonsuited the Main Action under Rule 41 before filing this suit?

- In the event that this Court were to dismiss the federal claims and then decline jurisdiction over the state claims in the Main Action, why didn't Plaintiffs wait to see whether NexPoint would file those state claims in state court before filing this duplicative *federal* action over which this Court would not have subject matter jurisdiction?[2]

---

[1] In their response, Plaintiffs do not disagree that the claims brought here would constitute compulsory counterclaims in the Main Action.

[2] *See PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1110 (2d Cir. 1997) ("the Declaratory Judgment Act does not expand the *subject matter* jurisdiction of the federal courts to allow suits there that do not arise under federal law").

These questions are not merely rhetorical. The issues raised therein dovetail with those raised in the opening brief of prudential ripeness, duplicative litigation, and general efficiency. This was not squarely addressed, much less negated, in the Response, except for the straw-person protest that it is not a standing issue. Whether prudential ripeness is a standing issue is irrelevant—it assuredly is a basis to dismiss this premature claim. In short, Plaintiffs have no answer as to why the instant suit should remain active—they simply want what they want, even if there is no legal justification for their position. Plaintiffs' Response is far from sufficient.

Additionally, the Supreme Court has long recognized that courts have discretion to dismiss declaratory judgments "if the same issue is pending in litigation elsewhere," as is the case here. *Abbott Labs. v. Gardner*, 387 U.S. 136, 155 (1967).

Here, NexPoint advocates for dismissal without prejudice because the declaratory-judgment action is a mirror image of Plaintiffs' defenses in the Main Action. *See, e.g.*, *Fleisher v. Phx. Life Ins. Co.*, 858 F. Supp. 2d 290, 302 (S.D.N.Y. 2012) (noting that "[t]he fact that a lawsuit has been filed that will necessarily settle the issues for which declaratory judgment is sought suggests that the declaratory judgment will serve 'no useful purpose.'"); *Gorfinkel v. Vayntrub*, No. 13-CV-3093, 2014 U.S. Dist. LEXIS 116313, at *22 (E.D.N.Y. Aug. 20, 2014) ("Given that the issue about which Plaintiff seeks a declaratory judgment in this case will necessarily be resolved in the Related Case, no 'useful purpose in clarifying and settling the legal relations in issue' would be served by permitting Plaintiff's declaratory judgment claim to proceed separately in this case."). Furthermore, this same discretion, expressly granted to courts by the federal Declaratory Judgment Act, *Edwards v. Vannoy*, 141 S. Ct. 1547, 1570 n.3 (2021) (Thomas, J., concurring), allows courts to determine "*whether* and *when* to entertain an action under the

Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites," *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (emphasis added).

This is all to say that even if Plaintiffs could articulate a valid reason why the Court should go against Second Circuit precedent and permit the instant action to proceed, the Court is under no obligation to entertain this suit—a particularly important point given the federal judiciary's aims of conserving judicial resources and comprehensive disposition of litigation, *Kerotest*, 342 U.S. at 183.

### III.

### CONCLUSION

For the foregoing reasons, this Court should dismiss the action against NexPoint.

Dated:  June 10, 2022                     Respectfully submitted,

**SBAITI & COMPANY PLLC**

*Mazin A. Sbaiti*
Mazin A. Sbaiti
New York Bar No. 4339057
mas@sbaitilaw.com
Griffin S. Rubin
Texas Bar No. 24121809 (admitted *pro hac vice*)
gsr@sbaitilaw.com
J.P. Morgan Chase Tower
2200 Ross Avenue, Suite 4900W
Dallas, TX 75201
T: 214.432.2899
F: 214.853.4367

*COUNSEL FOR DEFENDANT NEXPOINT DIVERSIFIED REAL ESTATE TRUST*