<div style="text-align:center">

## Parsons McEntire McCleary PLLC

1700 Pacific Ave., Ste. 4400
Dallas, Texas 75201
Tel. (214) 237-4300
Fax (214) 237-4340

</div>

Sawnie A. McEntire      (214) 237-4303
Director and Shareholder      smcentire@pmmlaw.com

<div style="text-align:center">March 8, 2023</div>

Hon. Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re: U.S. Bank, National Association, in its capacity as Trustee ("U.S. Bank"), Joshua N. Terry ("Terry") and Acis Capital Management, L.P. ("Acis") v. The Charitable Donor Advised Fund, L.P. ("DAF"), CLO HoldCo Ltd. ("CLOH"), and NexPoint Diversified Real Estate Trust ("NexPoint"); No. 1:21-cv-11059 (GHW)

To the Honorable Gregory H. Woods, United States District Court:

The Court will hold a Status Conference on March 15, 2023. In anticipation of this Status Conference, counsel for the parties conferred on March 7 and 8, 2023. This letter serves as a Joint Status Report and is being filed in addition to the proposed Case Management Plan, which has been agreed to by the parties and is being filed concurrently with this Joint Status Report.

**1. Brief Statement of the Nature of the Case**

The Plaintiffs' statements are reflected in their pleadings and prior responses and briefing related to the Rule 12(b)(1) and 12(b)(6) proceedings.

The Defendants' statements are reflected in their prior motions and briefing related to the 12(b)(1) and 12(b)(6) proceedings. The Defendants have not

answered and reserve the right to assert additional factual and legal defenses, as well as affirmative defenses. The Defendants deny that Plaintiffs are entitled to the declaratory relief they seek. Without limiting the foregoing, Defendants DAF and CLOH deny that the so-called HCLOF Settlement applies and these Defendants further deny that they have released any claims, and also deny that Plaintiffs are entitled to declaratory relief under Guernsey law.

**2. Statement Regarding Subject Matter Jurisdiction and Venue**

The Plaintiffs' position concerning subject matter jurisdiction is reflected in their pleadings, prior responses and briefing related to the 12(b)(1) and 12(b)(6) proceedings. Plaintiffs note that the Court issued a decision dated Feb. 23, 2023 (Dkt. No. 69, the "MTD Decision") denying Defendants' motion to dismiss pursuant to Section 12(b)(1) for lack of subject matter jurisdiction. Plaintiffs disagree with Defendants' statement herein that the declaratory judgment claim against NexPoint is moot based on the Court's decision resolving the case captioned *NexPoint Diversified Real Estate Trust v. Acis Capital Management, L.P., et al.*, No. 1:21-CV-04384-GHW, 2022 WL 3214251 (S.D.N.Y. Aug. 9, 2022) (the "NexPoint Federal Action") or that there is any question remaining regarding this Court's subject matter jurisdiction in light of the MTD Decision.  Plaintiffs also disagree that NexPoint's filing of *NexPoint Diversified Real Estate trust v. Acis Capital Management, L.P., et al.*, Index No. 653654/2022 (N.Y. Sup. Ct.) (the "NexPoint NYS Action") more than seven months after Plaintiffs filed the amended complaint in this lawsuit adding a claim against NexPoint supports abstention by this Court under any applicable abstention doctrine.  Several of the parties in this case (U.S. Bank, DAF, and CLOH) are not parties to the NexPoint NYS Action.  Plaintiffs further note that Defendants have not identified what specific abstention doctrine they claim applies to this case.  If and when Defendants identify any purportedly applicable abstention doctrine, Plaintiffs will address Defendants' specific arguments at that time.

The Defendants' position concerning subject matter jurisdiction is reflected in their prior Motions and briefing related to the 12(b)(1) and 12(b)(6) proceedings. Due to the orders in the NexPoint Federal Action, much of the declaratory judgment claim appears to be moot as to NexPoint, raising questions as to the Court's subject matter jurisdiction. And due to the pendency of the NYS Action, NexPoint

March 8, 2023
Page 3

reserves the right to request abstention. The Defendants have not answered and reserve the right to assert additional affirmative defenses and/or counterclaims.

3. **Existing Deadlines, Due Dates and Cutoffs**

A proposed Case Management Plan, which is being filed contemporaneously, provides all proposed due dates and cutoff dates. The deadline for Defendants' answers is March 9, 2023. There are no other prospective deadlines at this time.

4. **Brief Description of Outstanding Motions**

There are no outstanding motions at this time.

5. **Brief Description of the Status of Discovery and Additional Discovery to be Completed**.

The parties have agreed to exchange initial disclosures by March 20, 2023. No other discovery has been initiated at this time. The parties contemplate fact witness depositions, written discovery and expert depositions. The deadlines for completing this discovery are set forth in the proposed Case Management Plan.

6. **Status of Settlement Discussions**

There have been no settlement discussions. The parties are exploring the potential for an early mediation.  No settlement conference is requested at this time.

7. **Length of Trial and Whether the Case is to Tried to a Jury**

The Plaintiffs estimate the length of trial at two days. The Defendants estimate the length of trial at four to five days. The Plaintiffs contend that this case will be tried in a non-jury trial based on jury waivers contained in the governing agreements at issue in this case, including but not limited to the Acis CLOs' indentures pursuant to which Defendants acquired their direct or indirect holdings in the Subordinated Notes. *See* Indentures § 14.10; PMAs § 24.

The Defendants intend to demand a jury trial on all disputed issues of fact.

March 8, 2023
Page 4

**8. Anticipated Motions for Summary Judgment**

All parties contemplate the filing of Motions for Summary Judgment.

**9. Computation of Any Alleged Damages.**

The complaint seeks relief pursuant to the Declaratory Judgment Act. No damages are alleged at this time.

**10. Other Issues**

Plaintiffs wish to discuss the timing of dispositive motions, including early summary adjudication pursuant to Federal Rule of Civil Procedure 12(c) and/or Federal Rule of Civil Procedure 56.

Defendants also wish to discuss the imposition of a 10-day opportunity to initiate a "claw-back" request for privileged materials following the discovery of the inadvertent disclosure of privileged materials by the producing party.

<div style="display: flex;">

/s/ Signed by Permission_____
Jonathan Pickhardt
Blair Alexander Adams
Michael R. Bloom
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
**Counsel for Plaintiffs ACIS Capital Management, L.P. and Joshua N. Terry**

/s/ *Sawnie A. McEntire*_____
Sawnie A. McEntire
*Admitted Pro Hac Vice*
Texas Bar No.: 13590100
Fed ID #3476
PARSONS MCENTIRE MCCLEARY PLLC
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Fax: (214) 237-4340
E-mail: smcentire@pmmlaw.com

</div>

March 8, 2023
Page 5

| | |
|---|---|
| /s/ Signed by Permission<br>Mark D. Kotwick<br>Thomas Ross Hooper<br>Julie J. Hong<br>STEWARD & KISSEL LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>(202) 574-1200<br>**Counsel for Plaintiff U.S. Bank, National Association** | Roger L. McCleary<br>*Admitted Pro Hac Vice*<br>Texas Bar No.: 133937000<br>Fed. ID #205<br>PARSONS MCENTIRE MCCLEARY PLLC<br>One Riverway, Suite 1800<br>Houston, Texas 77056<br>Telephone: (713) 960-7315<br>Fax: (713) 960-7347<br>E-mail: rmccleary@pmmlaw.com<br><br>/s/ Signed by Permission<br>Lindsey R. Skibell<br>E-mail: rskibell@glennagre.com<br>Jewel K. Tewiah<br>E-mail: jtewiah@glennagre.com<br>GLENN AGRE BERGMAN & FUENTES LLP<br>55 Hudson Yards, 20th Floor<br>New York, NY 10001<br>Telephone: 212.358.5600<br>**Counsel for CLO Holdco, Ltd. and The Charitable Donor Advised Fund, L.P.**<br><br>/s/ Signed by Permission<br>Mazin A. Sbaiti<br>New York Bar No. 4339057<br>mas@sbaitilaw.com<br>Griffin S. Rubin<br>Texas Bar No. 24121809 (*pro hac vice*)<br>gsr@sbaitilaw.com<br>SBAITI & COMPANY PLLC<br>J.P. Morgan Chase Tower<br>2200 Ross Avenue, Suite 4900W<br>Dallas, TX 75201<br>T: 214.432.2899<br>F: 325.853.4367<br>**Counsel for NexPoint Diversified Real Estate Trust** |