UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY, AND ACIS CAPITAL MANAGEMENT, L.P.,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD., AND NEXPOINT DIVERSIFIED REAL ESTATE TRUST,<br><br>*Defendants*. | No. 1:21-cv-11059 (GHW) |

## DEFENDANTS THE CHARITABLE DONOR ADVISED FUND, L.P. AND CLO HOLDCO LTD.'S ORIGINAL ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendants Charitable DAF Fund, LP a/k/a The Charitable Donor Advised Fund, L.P. ("DAF") and CLO HoldCo, Ltd. ("CLOH") (collectively "DAF Defendants" or "Defendants") answer Plaintiffs U.S. Bank, National Association ("U.S. Bank"), Joshua N. Terry ("Terry"), and Acis Capital Management, L.P.'s ("ACM") (U.S. Bank, Terry, and ACM are collectively "Plaintiffs") Amended Complaint (the "Complaint") as follows:[1]

---

[1] The Complaint contains section titles, other organizational headings, and footnotes to which no response is required. To the extent such section titles, organizational headings, and footnotes can be construed to contain allegations of fact to which a response is required, Defendants deny all such allegations unless expressly stated otherwise herein.

Page **1** of **16**

## NATURE OF THE ACTION

1. No response is necessary to the first sentence of paragraph 1 of the Complaint because it is not a factual allegation requiring a response. If the Court deems a response is required, Defendants are without sufficient knowledge to admit or deny Plaintiffs' reasoning for filing this lawsuit. Defendants deny all remaining allegations in paragraph 1 of the Complaint.

2. Defendants deny the allegations in paragraph 2 of the Complaint.

3. Defendants admit that the NexPoint Lawsuit was filed, is related to ACIS 6, and asserts claims against Terry, ACM, and U.S. Bank under the Advisers Act and Trust Indenture Act. Defendants deny all remaining allegations in paragraph 3 of the Complaint.

4. Defendants admit that CLOH is an investor in HCLOF, that DAF owns 100% of the shares of CLOH, that HCLOF holds subordinated notes issued by the ACIS CLOs, and that HCLOF and ACM entered into a settlement agreement dated April 28, 2021. Defendants deny all remaining allegations in paragraph 4 of the Complaint.

5. Defendants admit they have not released their claims against Plaintiffs. Defendants deny all remaining allegations in paragraph 5 of the Complaint.

6. Defendants deny the allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint.

8. No response is necessary to paragraph 8 of the Complaint because it is not a factual allegation requiring a response. However, Defendants deny that Plaintiffs are entitled to declaratory relief; Defendants deny Plaintiffs' allegations regarding Defendants' standing; and Defendants deny all of Plaintiffs' allegations in paragraph 8 of the Complaint relating to the HCLOF Settlement Agreement.

## THE PARTIES

9. Defendants deny that the ACIS 4 Indenture is dated June 4, 2014. Defendants admit the remaining allegations in paragraph 9 of the Complaint.

10. Defendants are without sufficient information to admit or deny whether Shorewood is the general partner of ACM, and whether Terry is a citizen and resident of Texas. Defendants admit the remaining allegation in paragraph 10 of the Complaint that Mr. Terry is the President of Shorewood.

11. Defendants are without sufficient information to admit or deny whether Shorewood is the general partner of ACM and whether Terry owns Shorewood and ACM's limited partnership interests. Defendants admit that ACM is a Delaware limited partnership, that ACM is located at 4514 Cole Avenue, Suite 600, Dallas, Texas, 75205, and that ACM is the "Portfolio Manager" under the ACIS Portfolio Management Agreements. Defendants deny all remaining allegations in paragraph 11 of the Complaint.

12. Defendants admit that DAF's registered office is Intertrust Corporate Services (Cayman) Limited, 190 Elgin Avenue, George Town, Grand Cayman KY1-9005, Cayman Islands. Defendants also admit that DAF is a limited partnership organized in the Cayman Islands and that DAF owns 100% of the shares of CLOH. All remaining allegations in paragraph 12 of the Complaint are denied.

13. Defendants admit the allegations in the first two sentences of paragraph 13 of the Complaint. Defendants further admit that CLOH owns approximately 49% of HCLOF. Defendants deny all remaining allegations in paragraph 13 of the Complaint.

14. Defendants deny that NexPoint Strategic Opportunities Fund's business address is 2515 McKinney Avenue, Suite 1100, Dallas, Texas 75201. Defendants admit the remaining allegations in paragraph 14 of the Complaint.

15. Defendants admit the allegations in paragraph 15 of the Complaint.

16. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 16 of the Complaint.

17. Defendants admit the allegations in paragraph 17 of the Complaint.

18. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 18 of the Complaint.

19. Defendants admit that Dondero is an individual resident of Texas, formerly owned ACM, and formerly served as CEO of Highland. Defendants deny all remaining allegations in paragraph 19 of the Complaint.

## JURISDICTION AND VENUE

20. Defendants admit that the ACIS CLOs are Cayman Island exempted limited liability companies, that U.S. Bank is the trustee of the ACIS CLOs, and that U.S. Bank provided financial services to the ACIS CLOs. Defendants deny all remaining allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. The allegations in paragraph 22 of the Complaint are legal conclusions that do not require a response. To the extent a response is necessary, Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants admit the allegations in paragraph 23 of the Complaint.

24. The allegations in paragraph 24 of the Complaint are legal conclusions that do not require a response. To the extent a response is necessary, the allegations in paragraph 24 of the Complaint are denied.

## STATEMENT OF FACTS

25. Defendants admit the allegations in paragraph 25 of the Complaint.

26. Defendants admit the allegations in paragraph 26 of the Complaint.

27. Defendants admit that U.S. Bank is the Trustee under each of the ACIS Indentures. Defendants deny all remaining allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in the header immediately preceding paragraph 28 of the Complaint. Defendants admit the last sentence of

paragraph 28 of the Complaint. Defendants deny all remaining allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants admit the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in the first two sentences of paragraph 31 of the Complaint. Defendants admit that Judge Jernigan made certain factual findings in Docket No. 2660 in the Highland Capital Management, L.P. bankruptcy, and that DAF holds an approximately 49% stake in HCLOF through CLOH. Defendants are without sufficient information to admit or deny the allegations in the fourth sentence of paragraph 31 of the Complaint. Defendants admit the allegations in the fifth sentence of paragraph 31 of the Complaint. Defendants deny all remaining allegations in paragraph 31 of the Complaint as well as the allegations in footnote 1 of the Complaint.

32. Defendants admit that DAF filed the 2019 Lawsuit against U.S. Bank alleging mismanagement of the ACIS CLOs by ACM. Defendants deny all remaining allegations in paragraph 32 of the Complaint.

33. Defendants state that the various letters set forth in footnote 2 of the Complaint speak for themselves. Defendants otherwise deny the allegations in footnote 2 of the Complaint. Defendants admit the remaining allegations in paragraph 33 of the Complaint.

34. In response to paragraph 34 of the Complaint, Defendants state that the communication from the court on January 6, 2020 referenced in paragraph 34 of the Complaint speaks for itself and no further response is required.

35. Defendants admit the allegations in paragraph 35 of the Complaint.

36. In response to paragraph 36 of the Complaint, Defendants state that Second Amended Complaint speaks for itself and no further response is required.

37. In response to paragraph 37 of the Complaint, Defendants state that the 2019 Lawsuit speaks for itself. Defendants admit that HCLOF owns the subordinated notes, that CLOH owns approximately 49% of HCLOF, and that DAF owns 100% of the shares of CLOH. Defendants deny all remaining allegations in paragraph 37 of the Complaint.

38. In response to paragraph 38 of the Complaint, Defendants state that the letter identified in paragraph 38 speaks for itself and no further response is required. Defendants deny the allegations in the first sentence of paragraph 38 of the Complaint. Defendants admit the remaining allegations in paragraph 38 of the Complaint.

39. In response to paragraph 39 of the Complaint, Defendants state that the so-called 2020 Lawsuit speaks for itself and no further response is required. Defendants otherwise deny the allegations in the first sentence of paragraph 39 of the Complaint. Defendants admit that CLOH was a plaintiff in the 2020 Lawsuit, and that the 2020

Lawsuit alleged claims against Plaintiffs, Moody's, and Brigade. Defendants deny all remaining allegations in paragraph 39 of the Complaint.

40. In response to paragraph 40 of the Complaint, Defendants state that the 2020 Lawsuit speaks for itself and no further response is required.

41. Defendants deny the allegations in the first sentence of paragraph 41 of the Complaint. Defendants admit that that the court dismissed the complaint on February 25, 2020. Defendants deny all remaining allegations in paragraph 41 of the Complaint.

42. In response to paragraph 42 of the Complaint, Defendants state that the so-called May 8 Letter speaks for itself and no further response is required. Defendants admit the allegations in the first three sentences of footnote 3 of the Complaint. Defendants deny all remaining allegations in paragraph 42 of the Complaint, including the remaining allegations in footnote 3.

43. In response to paragraph 43 of the Complaint, Defendants state that the letter referenced in paragraph 43 of the Complaint speaks for itself and no further response is required. Defendants deny the last sentence in paragraph 43 of the Complaint.

44. In response to paragraph 44 of the Complaint, Defendants state that the so-called NexPoint Lawsuit speaks for itself and no further response is required. Defendants specifically deny the allegations in the first sentence of paragraph 44 of the Complaint.

45. In response to paragraph 45 of the Complaint, Defendants state that the so-called NexPoint Lawsuit speaks for itself and no further response is required. Defendants deny the allegations in the first and last sentences of paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. In response to paragraph 47 of the Complaint, Defendants state that Exhibits J and K speak for themselves and no further response is required. Defendants deny all remaining allegations in paragraph 47 of the Complaint.

48. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 48 of the Complaint.

49. In response to paragraph 49 of the Complaint, Defendants state that the so-called HCLOF Settlement Agreement speaks for itself and no further response is required. Defendants deny all remaining allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in the header immediately preceding paragraph 51 of the Complaint. Defendants deny the allegations in the third, fourth, and fifth sentences of paragraph 51 of the Complaint. Defendants are without sufficient knowledge to admit or deny the allegations in the second sentence of paragraph 51 of the Complaint. Defendants deny all remaining allegations in paragraph 51 of the Complaint, including the allegations in footnote 5.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

## STATEMENT OF RELATEDNESS TO THE NEXPOINT LAWSUIT

53. In response to paragraph 53 of the Complaint, Defendants state that the allegations in paragraph 53 of the Complaint are conclusory in nature and do not require a response.

54. In response to paragraph 54 of the Complaint, Defendants state that the allegations in paragraph 54 of the Complaint are conclusory in nature and do not require a response. Defendants specifically deny that NexPoint, DAF, and CLOH "are effectively affiliated parties because they are all entities that Dondero functionally controls," that they lack standing as alleged in paragraph 54 of the Complaint, and that Plaintiffs are entitled to the declaratory relief referenced in paragraph 54 of the Complaint.

55. In response to paragraph 55 of the Complaint, Defendants state that the first two sentences in paragraph 55 of the Complaint are conclusory in nature and do not require a response. Defendants deny all remaining allegations in paragraph 55 of the Complaint.

## CAUSES OF ACTION

### COUNT I (AS ALLEGED): DECLARATORY JUDGMENT THAT THE ADVISERS ACT, TIA, AND OTHER CLAIMS ARE BARRED FOR LACK OF STANDING
(Against All Defendants)

56. Because paragraph 56 of the Complaint incorporates paragraphs 1-55 of the Complaint by reference, Defendants incorporate their individual responses to paragraphs 1-55 above as if set forth in full herein.

57. In response to paragraph 57 of the Complaint, Defendants state that the so-called 2019 and 2020 Lawsuits speak for themselves and no further response is required. Defendants deny all remaining allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. In response to paragraph 59 of the Complaint, Defendants state that NexPoint's claims speak for themselves and no further response is required. Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants admit they have not released their claims. Defendants deny all remaining allegations in paragraph 64 of the Complaint.

65. In response to paragraph 65 of the Complaint, Defendants state that the allegations in paragraph 65 of the Complaint are conclusory in nature and no further response is required.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

## COUNT II (AS ALLEGED): DECLARATORY JUDGMENT THAT ANY CLAIMS BY DEFENDANTS RELATED TO THE ACIS CLOS ARE BARRED BY THE HCLOF SETTLEMENT AGREEMENT
### (Against Defendants DAF And CLO HoldCo)

67. Because paragraph 67 of the Complaint incorporates paragraphs 1-66 of the Complaint by reference, Defendants incorporate their individual responses to paragraphs 1-66 above as if set forth in full herein.

68. In response to paragraph 68 of the Complaint, Defendants state that the HCLOF Settlement Agreement speaks for itself and no further response is required.

69. In response to paragraph 69 of the Complaint, Defendants state that the HCLOF Settlement Agreement speaks for itself and no further response is required.

70. In response to paragraph 70 of the Complaint, Defendants state that the HCLOF Settlement Agreement speaks for itself and no further response is required.

71. In response to the allegations in the first sentence of paragraph 71 of the Complaint, Defendants state that the 2019 and 2020 Lawsuits speak for themselves and no further response is required. Defendants also admit that they voluntarily dismissed the 2019 and 2020 Lawsuits without prejudice, but otherwise deny all remaining allegations in paragraph 71 of the Complaint.

72. Defendants admit that they have not released their claims. Defendants deny all remaining allegations in paragraph 72 of the Complaint.

73. Defendants deny the allegations in paragraph 73 of the Complaint.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

## PRAYER FOR RELIEF

75. Defendants deny that Plaintiffs are entitled to relief requested in the Prayer for Relief, including the relief requested under subparagraphs a-c.

## DEFENSES AND AFFIRMATIVE DEFENSES

By providing the following non-exhaustive defenses and affirmative defenses to Plaintiffs' claims, each of which are asserted in the alternative, Defendants do not concede the merits of any of Plaintiffs' claims and do not undertake any burden to prove any defense or defenses other than those imposed by law. Defendants reserve the right to amend this Answer to assert any other defense or matter that discovery in this Action may reveal.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are not ripe for adjudication.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction because there is no genuine case or controversy between the parties.

## FOURTH AFFIRMATIVE DEFENSE

Defendants are not in privity with the Plaintiffs in connection with the HCLOF Settlement Agreement.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs have not alleged an injury that is redressable or fairly traceable to Defendants' alleged conduct.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs do not have standing to pursue this declaratory judgment because they are not the real parties in interest.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to the declaratory relief requested with respect to the HCLOF Settlement Agreement because the releases set forth in the HCLOF Settlement Agreement do not bind Defendants; alternatively, there is a failure of consideration.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for declaratory relief with respect to the HCLOF Settlement Agreement are barred under the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

All of Plaintiffs' claims for declaratory relief are barred, in whole or in part, because there is no actual ripe controversy between the parties.

**TENTH AFFIRMATIVE DEFENSE AND RESERVATION**

Defendants expressly reserve the right to amend this Answer to assert any additional rights or defenses they may have, including any counterclaims, pursuant to the Federal Rules of Civil Procedure and the Court's Case Management Plan.

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues so triable.

## PRAYER

Wherefore, premises considered, Defendants Charitable DAF Fund, LP a/k/a The Charitable Donor Advised Fund, L.P. and CLO HoldCo, Ltd. respectfully request that Plaintiffs take nothing against DAF and CLOH.

Respectfully submitted,

By: /s/ Sawnie A. McEntire
  Sawnie A. McEntire
  *Admitted Pro Hac Vice*
  Texas Bar No.: 13590100
  Fed ID #3476
  PARSONS MCENTIRE MCCLEARY PLLC
  1700 Pacific Avenue, Suite 4400
  Dallas, Texas 75201
  Telephone: (214) 237-4300
  Fax: (214) 237-4340
  E-mail: smcentire@pmmlaw.com

  Roger L. McCleary
  *Admitted Pro Hac Vice*
  Texas Bar No.: 133937000
  Fed. ID #205
  PARSONS MCENTIRE MCCLEARY PLLC
  One Riverway, Suite 1800
  Houston, Texas 77056
  Telephone: (713) 960-7315
  Fax: (713) 960-7347
  E-mail: rmccleary@pmmlaw.com

>Lindsey R. Skibell
>E-mail: rskibell@glennagre.com
>Jewel K. Tewiah
>E-mail: jtewiah@glennagre.com
>GLENN AGRE BERGMAN & FUENTES LLP
>55 Hudson Yards, 20th Floor
>New York, NY 10001
>Telephone: 212.358.5600

**Counsel for Defendants Charitable DAF Fund, LP a/k/a The Charitable Donor Advised Fund, L.P., and CLO HoldCo, Ltd.**