UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY, AND ACIS CAPITAL MANAGEMENT, L.P., <br><br> Plaintiffs, <br><br> -against- <br><br> THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD., AND NEXPOINT DIVERSIFIED REAL ESTATE TRUST, <br><br> Defendants. | Case No. 1:21-cv-11059 (GHW) |

## ANSWER OF DEFENDANT NEXPOINT DIVERSIFIED REAL ESTATE TRUST TO AMENDED COMPLAINT

Defendant NexPoint Diversified Real Estate Trust ("NexPoint") submits its answer to the Amended Complaint filed by Plaintiffs U.S. Bank, N.A. ("U.S. Bank"), Joshua N. Terry ("Terry"), and Acis Capital Management, L.P. ("Acis") (together with U.S. Bank and Terry, "Plaintiffs") in Case No. 1:21-cv-11059, alleging as follows:

## NATURE OF THE ACTION

1.      NexPoint admits that Plaintiffs are seeking a declaratory judgment in this action. NexPoint denies the remaining allegations in paragraph 1.

2.      NexPoint denies the allegations in paragraph 2.

3.      NexPoint admits that it initiated a lawsuit with case number 1:21-cv-04384-GHW (S.D.N.Y.). NexPoint also admits that the complaint in that lawsuit pleaded, among other things, claims under the Advisers Act against Acis and Terry and under the Trust Indenture Act against U.S. Bank. NexPoint denies the remaining allegations in paragraph 3.

4.      NexPoint is without sufficient knowledge to admit or deny the allegations in paragraph 4.

5.      NexPoint denies the allegations in paragraph 5.

6.      NexPoint denies the allegations in paragraph 6.

7.      NexPoint denies the allegations in paragraph 7.

8.      NexPoint admits the allegations in paragraph 8.

## THE PARTIES

9.      NexPoint admits the allegations in paragraph 9.

10.     NexPoint admits the allegations in paragraph 10.

11.     NexPoint is without sufficient knowledge to admit or deny the allegations in paragraph 11.

12.     NexPoint admits the allegations in paragraph 12.

13.     NexPoint admits the allegations in paragraph 13.

14.     NexPoint admits the allegations in paragraph 14.

15.     NexPoint denies that Acis manages the ACIS CLOs to the extent that the allegation implies that Acis is the exclusive manager. NexPoint admits the remaining allegations in paragraph 15.

16.     NexPoint denies the allegations in paragraph 16 to the extent that Brigade's role as a sub-advisor to Acis implies that Brigade does not bear the same liability that Acis does as a registered investment advisor.

17.     NexPoint is without sufficient knowledge to admit or deny the allegations in paragraph 17.

18.     NexPoint admits the allegations in paragraph 18 to the extent that the percentages are approximations.

19.     NexPoint admits that James Dondero is an individual resident of Texas. NexPoint denies the remaining allegations in paragraph 19.

## JURISDICTION AND VENUE

20.     NexPoint admits that U.S. Bank is a national banking association. NexPoint also admits that the ACIS CLOs are Cayman Islands-exempted limited liability companies. NexPoint also admits that U.S. Bank is the trustee to the ACIS CLOs. NexPoint denies the remaining allegations in paragraph 20.

21.     NexPoint denies the allegations in paragraph 21.

22.     NexPoint admits the allegations in paragraph 22.

23.     NexPoint admits the allegations in paragraph 23.

24.     NexPoint admits the allegations in paragraph 24.

## STATEMENT OF FACTS

25.     NexPoint denies that Acis manages the ACIS CLOs to the extent that the allegation implies that Acis is the exclusive manager. NexPoint admits the remaining allegations in paragraph 25.

26.     NexPoint denies that Acis manages the ACIS CLOs to the extent that the allegation implies that Acis is the exclusive manager. NexPoint admits the remaining allegations in paragraph 26.

27.     NexPoint admits that U.S. Bank is "the Trustee under each of the ACIS Indentures." NexPoint denies the remaining allegations in paragraph 27.

28.     NexPoint admits that an arbitrator held Acis and its general partner, Acis Capital Management GP, LLC, liable to Terry for $8 million in damages. NexPoint denies the remaining allegations in paragraph 28.

29.     NexPoint is without sufficient knowledge to admit or deny the allegations in paragraph 29.

30.     NexPoint states that the allegations in paragraph 30 are based on Exhibit A to the Amended Complaint, which speaks for itself.

31.     NexPoint denies the allegations in paragraph 31.

32.     NexPoint is without sufficient knowledge to admit or deny the allegations in paragraph 32.

33.     NexPoint denies the allegations in footnote 2 of paragraph 33. NexPoint admits the remaining allegations in paragraph 33.

34.     NexPoint states that the document discussed in paragraph 34 speaks for itself and denies the Amended Complaint's characterization of that document.

35.     NexPoint states that the document discussed in paragraph 35 speaks for itself and denies the Amended Complaint's characterization of that document.

36.     NexPoint states that the document discussed in paragraph 36 speaks for itself and denies the Amended Complaint's characterization of that document.

37.     NexPoint states that the document discussed in paragraph 37 speaks for itself and denies the Amended Complaint's characterization of that document.

38.     NexPoint states that the document discussed in paragraph 38 speaks for itself and denies the Amended Complaint's characterization of that document.

39.     NexPoint admits that DAF filed a lawsuit on February 6, 2020, in the Southern District of New York. NexPoint is without sufficient knowledge to admit or deny the remaining allegations in paragraph 39.

40.     NexPoint states that the document discussed in paragraph 40 speaks for itself and denies the Amended Complaint's characterization of that document.

41.     NexPoint admits that DAF and CLO HoldCo. filed a notice of voluntarily dismissal of the lawsuit discussed in paragraph 41 on February 25, 2020. NexPoint also admits that the court ordered that dismissal the following day. NexPoint denies the remaining allegations in paragraph 41.

42.     NexPoint denies the allegations in paragraph 42.

43.     NexPoint denies the allegations in paragraph 43.

44.     NexPoint admits that it commenced a lawsuit against Acis, U.S. Bank, Terry, and Brigade in the Southern District of New York on May 14, 2021, bearing the case number 1:21-cv-04384-GHW. NexPoint also admits that the lawsuit discussed in paragraph 44 involved, among other causes of action, claims under the Advisers Act against Acis and Terry, as well as claims under the Trust Indenture Act against U.S. Bank. NexPoint also admits that it is an investor in ACIS 6, and the claims NexPoint brought in the lawsuit discussed in paragraph 44 in part concerned Acis's management of ACIS 6 and another Acis-managed CLO. NexPoint denies the remaining allegations in paragraph 42.

45.     NexPoint denies the allegations in paragraph 45.

46.     NexPoint denies the allegations in paragraph 46.

47.     NexPoint denies the allegations in the final sentence of paragraph 47. NexPoint is without sufficient knowledge to admit or deny the remaining allegations in paragraph 47.

48.     NexPoint admits that "Highland acquired a 51% controlling stake in HCLOF" in January 2021. NexPoint is without sufficient knowledge to admit or deny the remaining allegations in paragraph 48.

49.     NexPoint is without sufficient knowledge to admit or deny the allegations in paragraph 49.

50.     NexPoint is without sufficient knowledge to admit or deny the allegations in paragraph 50.

51.     NexPoint admits that the ACIS CLOs liquidated their assets and redeemed their secured notes in June 2021, leaving only the subordinated notes outstanding. NexPoint denies the remaining allegations in paragraph 51.

52.     NexPoint is without sufficient knowledge to admit or deny the factual allegations in paragraph 52 and denies any legal conclusions therein.

## STATEMENT OF RELATEDNESS TO THE NEXPOINT LAWSUIT

53.     NexPoint denies that "Local Civil Rule 13(a)(1)" has any bearing on this action because such a rule does not exist. NexPoint admits that under Rule 13(a)(1) of this District's Rules for the Division of Business Among District Judges, "[t]his Action and the NexPoint Lawsuit are related cases . . . because (a) this Action and the NexPoint Lawsuit concern the same or substantially similar parties, property, transactions or events; (b) there is substantial factual overlap between this Action and the NexPoint Lawsuit; and (c) there would be a substantial duplication of effort and expense for the Court and the parties if this Action and the NexPoint Lawsuit were not treated as related."

54.     NexPoint denies that NexPoint, DAF, and CLO HoldCo. are related parties. NexPoint admits the remaining allegations in paragraph 54.

55.     NexPoint admits that "[b]ecause this Action and the NexPoint Lawsuit concern the same facts, transactions, events, and property, and similar parties, there would be a substantial duplication of effort and expense if this Action and the NexPoint Lawsuit were not treated as related." NexPoint also admits that "[t]reating the cases as related would streamline litigation of identical and/or similar issues and avoid duplication of effort and expense by the parties and the Court." NexPoint denies the remaining allegations in paragraph 55.

## CAUSES OF ACTION

56.     NexPoint incorporates paragraphs 1–55 as if fully set forth herein.

57.     NexPoint denies the allegations in paragraph 57.

58.     NexPoint denies the allegations in paragraph 58.

59.     NexPoint admits the allegations in paragraph 59.

60.     NexPoint denies the allegations in paragraph 60.

61.     NexPoint denies the allegations in paragraph 61.

62.     NexPoint denies the allegations in paragraph 62.

63.     NexPoint denies the allegations in paragraph 63.

64.     NexPoint denies the allegations in paragraph 64.

65.     NexPoint admits the allegations in paragraph 65.

66.     NexPoint denies the allegations in paragraph 66.

67.     NexPoint incorporates paragraphs 1–66 as if fully set forth herein.

68.     NexPoint admits that Acis and HCLOF are parties to the "HCLOF Settlement Agreement." NexPoint denies the remaining allegations in paragraph 68.

69.     NexPoint denies the allegations in paragraph 69.

70.     NexPoint admits the allegations in paragraph 70.

71.     NexPoint denies the allegations in paragraph 71.

72.     NexPoint denies the allegations in paragraph 72.

73.     NexPoint admits the allegations in paragraph 73.

74.     NexPoint denies the allegations in paragraph 74.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NUMBER ONE
### (Failure to State a Claim)

Plaintiffs fail to state facts sufficient to state a claim upon which relief can be granted in their Amended Complaint.

### AFFIRMATIVE DEFENSE NUMBER TWO
### (Estoppel)

Plaintiffs' claims are barred by the doctrine of estoppel. The legal issues present in this action were decided in the previous action, 1:21-cv-04384-GHW (S.D.N.Y.), and Plaintiffs are thereby estopped from raising those issues here.

### AFFIRMATIVE DEFENSE NUMBER THREE
### (Res Judicata)

Plaintiffs' claims are barred by res judicata. There was a previous action involving an adjudication on the merits; that previous action involved Plaintiffs or those in privity with them; and the claims asserted in this action were or could have been raised in the previous action.

### AFFIRMATIVE DEFENSE NUMBER FOUR
### (Waiver)

Plaintiffs' claims are barred by the doctrine of waiver. Their claims have been or should have been brought in the previous action, 1:21-cv-04384-GHW (S.D.N.Y.), and as such, the claims pleaded in the Amended Complaint are waived.

**AFFIRMATIVE DEFENSE NUMBER FIVE**
**(Not the Real Parties in Interest)**

Plaintiffs do not have standing to bring this declaratory-judgment action because they are not the real parties in interest.

**AFFIRMATIVE DEFENSE NUMBER FIVE**
**(Reservation of Rights)**

NexPoint expressly reserves the right to amend this Answer and assert any rights or defenses, including counterclaims as appropriate, it may have, which discovery or other evidence may reveal to be appropriate.

**<u>JURY DEMAND</u>**

Pursuant to the Seventh Amendment of the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure, NexPoint hereby demands a trial by jury on all issues so triable.

Dated:  March 9, 2023                    Respectfully submitted,

                                         **SBAITI & COMPANY PLLC**

                                         /s/ *Mazin A. Sbaiti*
                                         Mazin A. Sbaiti
                                         New York Bar No. 4339057
                                         mas@sbaitilaw.com
                                         Griffin S. Rubin
                                         Texas Bar No. 24121809 (admitted *pro hac vice*)
                                         gsr@sbaitilaw.com
                                         J.P. Morgan Chase Tower
                                         2200 Ross Avenue, Suite 4900W
                                         Dallas, TX 75201
                                         T: 214.432.2899
                                         F: 214.853.4367

                                         ***COUNSEL FOR DEFENDANT NEXPOINT***
                                         ***DIVERSIFIED REAL ESTATE TRUST***