UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY, AND ACIS CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiffs,<br><br>-against-<br><br>THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD., AND NEXPOINT DIVERSIFIED REAL ESTATE TRUST,<br><br>Defendants. | CASE NO. 1:21-cv-11059 (GHW) |

**NEXPOINT DIVERSIFIED REAL ESTATE TRUST'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR LEAVE TO ADD PARTY**

Defendant/Counter-Plaintiff NexPoint Diversified Real Estate Trust ("NexPoint") respectfully submits this Memorandum of Law in Support of Motion for Leave to Add Party. In its Amended Answer, NexPoint asserts counterclaims against two of the declaratory-judgment plaintiffs, Acis Capital Management, L.P. ("Acis") and Joshua N. Terry ("Terry"), and asserts several of these claims under Rule 13(h) against Brigade Capital Management, LP ("Brigade") (collectively with Acis and Terry, the "Counter-Defendants") as an additional counterclaim defendant. Brigade is currently a nonparty to the declaratory-judgment suit that initiated this action but is a party to other parallel actions addressing the same issues.

While Rule 15(a)(1) permits NexPoint's amended pleading as a matter of course, it is not clear under this Court's Civil Case Management Plan and Scheduling Order and applicable law whether such an amendment may add a new party absent leave of court. As such, NexPoint makes this motion out of an abundance of caution to either (1) confirm that Rule 15(a)(1) permits the addition of a party as a matter of course and, therefore, Brigade is deemed added, and if not, (2) to

request that the Court grant leave to serve Brigade as an additional counterclaim defendant in this action. During the meet-and-confer process, no party opposed this Motion—Plaintiffs represented that they were taking "no position" on it.

## ARGUMENTS AND AUTHORITIES

A. **AMENDING AS A MATTER OF COURSE UNDER RULE 15(a)(1) INCLUDES ADDING PARTIES**

The Civil Case Management Plan and Scheduling Order states that: "Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Rules of Practice in Civil Cases . . . , amended pleadings may not be filed and additional parties may not be joined except with leave of the Court." Dkt. No. 76 at ¶ 4 (the "CMO").

This raised the question presented here: whether the Court intended that a party may be added under Rule 15(a)(1) via a counterclaim, or, given the language in the CMO requiring NexPoint to seek leave to add a party before April 14, 2023, is leave required.

Here, NexPoint amended its original answer "21 days after serving it" and added counterclaims, which NexPoint was allowed to do without leave of the Court. *See* FED. R. CIV. P. 15(a)(1)(A); *see also* FED. R. CIV. P. 7(a)(2). NexPoint asserted counterclaims against Acis and Terry, but also pleaded claims against Brigade as an additional counterclaim defendant under Rule 13(h), subject to this Court's allowance of Brigade as an additional party.

Setting aside the CMO momentarily, a prominent treatise has concluded that "[t]he more persuasive cases hold that a party's right to amend as a matter of course, if accomplished within the deadlines set by Rule 15(a), extends to all amendments including amendments to drop or add parties." 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE – CIVIL § 15.16[1] (3d ed.) The matter does not appear entirely settled in the Second Circuit. Although Rule 15(a)(1) "permits amendment as a matter of right," Rule 21 empowers *courts* to add parties in response to a motion

NexPoint Diversified Real Estate Trust's Memorandum of Law                                                                                     Page 2
In Support of Motion for Leave to Add Party

or *sua sponte*, which some courts have found creates "an inherent conflict" between these rules. *Singh v. Prudential Ins. Co. of Am., Inc.*, 200 F. Supp. 2d 193, 196 n.7 (E.D.N.Y. 2002). Because the "case law in this circuit concerning whether a plaintiff may add new parties as of right under Rule 15(a) is not entirely consistent," *Chartwell Therapeutics Licensing, LLC v. Citron Pharma LLC*, No. 16-cv-3181, 2020 U.S. Dist. LEXIS 223690, at *17 (E.D.N.Y. Nov. 30, 2020), NexPoint seeks to confirm whether the Court intended in the CMO to permit NexPoint to add Brigade as a party to this action as a matter of course via a Rule 15(a)(1) amendment—which would be consistent with the decisions of the Second Circuit and many (but not all) other sister courts within the circuit. *See, e.g., Washington v. N.Y.C. Bd. of Estimate*, 709 F.2d 792, 795 (2d Cir. 1983), *cert. denied*, 464 U.S. 1013 (1983) (reversing denial of Rule 15(a) amendment that added parties and holding that the plaintiff "was entitled . . . to amend his complaint as a matter of right, and his request at that time should have been granted."); *Spehar v. Fuchs*, No. 02-cv-9352, 2003 U.S. Dist. LEXIS 10406, at *16 (S.D.N.Y. June 17, 2003) ("I thus grant plaintiffs' request to amend their complaint, although they were not required to seek my permission."); *Aquila Alpha LLC v. Ehrenberg*, No. 22-cv-2148, 2023 U.S. Dist. LEXIS 29673, at *7 (E.D.N.Y. Feb. 22, 2023) ("Amendment under Rule 15(a) can include the addition of parties."). *But see, e.g.*, *Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00-cv-7909, 2001 U.S. Dist. LEXIS 415, at *5 (S.D.N.Y. Jan. 23, 2001).

As such, NexPoint respectfully requests that the Court recognize Brigade as properly added to this action, and NexPoint will arrange for service of the summons.

B. **IN THE ALTERNATIVE, BRIGADE MAY BE ADDED UNDER RULE 13(h) VIA RULE 20(a)(2)**

If the Court decides that Rule 15 does not govern in this instance and NexPoint is required to seek leave, NexPoint respectfully requests that the Court grant leave to add Brigade as a

counterclaim defendant to this action.

Rule 13 controls the addition of parties to a counterclaim, which instructs parties that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim . . . ."[1] FED. R. CIV. P. 13(h). Under Rule 20, Brigade may be joined as a counter-defendant if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(A)–(B). "[B]oth criteria must be met for joinder to be proper." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009). And "[a]s with Rule 15, the requirements of Rule 20(a) should be interpreted liberally in order 'to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding.'" *Am. Home Assurance Co. v. Merck & Co.*, No. 03-cv-3850, 2004 U.S. Dist. LEXIS 19135, at *5–6 (S.D.N.Y. Sept. 24, 2004) (citation omitted).

The case as to Brigade easily satisfies the Rule 20(a)(2) requirements.

***First***, Brigade is already a party in parallel proceedings pending before the Second Circuit and the New York Supreme Court arising out of the same facts.[2] In addition to the judicial efficiency issues it presents, it raises the question whether NexPoint risks granting Brigade a *res*

---

[1] Though NexPoint believes its counterclaims are compulsory, NexPoint recognizes that "Rule 13 does not provide for compulsory joinder." *Pace v. Timmermann's Ranch & Saddle Shop, Inc.*, 795 F.3d 748, 753–54 (7th Cir. 2015); *see* 3 MOORE ET AL., *supra*, § 13.43[2]; *see also Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (per curiam) ("[I]t is not necessary [under Rule 19] for all joint tortfeasors to be named as defendants in a single lawsuit.").

[2] Brigade is an appellee in *NexPoint Diversified Real Estate Trust v. Acis Capital Management, L.P.*, No. 22-1912 (2d Cir.) and, separately, a defendant in *NexPoint Diversified Real Estate Trust v. Acis Capital Management, L.P.*, No. 653654/2022 (N.Y. Sup. Ct.), wherein NexPoint asserted the state law claims previously dismissed by this Court under 28 U.S.C. § 1367(c) in *NexPoint Diversified Real Estate Trust v. Acis Capital Management, L.P.*, No. 1:21-cv-04384-GHW (S.D.N.Y.), Dkt. 120.

*judicata* or estoppel defense if the instant case is resolved before the others in which Brigade is a party.

**_Second_**, the right to relief NexPoint asserts against Brigade arises out of the same series of transactions or occurrences that concerns the other Counter-Defendants, Acis and Terry. While "no rigid rule" exists regarding this element of Rule 20(a)(2), *Vulcan Soc'y of Westchester Cnty. v. Fire Dep't of White Plains*, 82 F.R.D. 379, 387 (S.D.N.Y. 1979), it requires only "a logical or reasonable relationship or simply 'enough ultimate factual concurrences that it would be fair to the parties to require them to defend jointly,'" *United States v. Yonkers Bd. of Educ.*, 518 F. Supp. 191, 195 (S.D.N.Y. 1981) (citations omitted). Brigade served as a portfolio manager to the specific funds at issue in this lawsuit. It shouldered considerable responsibility (and the corresponding legal duties) in the management and care of the Acis CLOs. *See* Dkt. No. 78 at pp. 10–11, 13, 21–34. Brigade not only provided a variety of advisory services, but it also directly participated in the schemes giving rise to liability: Brigade identified the trades at issue, would have been the one to execute those trades, and would have been required to abide by the best-execution rule. It "assist[ed] in the negotiation and execution of all documents necessary to acquire or dispose of assets under the" Portfolio Management Agreement and other tasks directly related to the assets within the Acis CLOs portfolio. *See id.* at p. 22. And Brigade did so while "work[ing] directly with and for Terry" in an arrangement that both parties "intended." *Id.* Accordingly, it is clear the first prong of Rule 20(a)(2) is satisfied.

**_Third_**, the other element of this rule is also met as most questions of law and fact pertaining to NexPoint's counterclaims will be common to all of the Counter-Defendants, including Brigade. FED. R. CIV. P. 20(a)(2)(B). "The rule does not require that all questions of law and fact raised by the dispute be common. On the contrary, Rule 20(a) provides for a joinder of parties if there is any

question of law or fact common to all." *Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1422 (S.D.N.Y. 1989) (citation and emphases omitted); *see, e.g.*, *Streeter v. Joint Indus. Bd. of Elec. Indus.*, 767 F. Supp. 520, 529 (S.D.N.Y. 1991). Here, there is substantial overlap.

Myriad questions of law and fact arise in this action as to the Counter-Defendants—as just a few examples: Do the Counter-Defendants owe fiduciary duties to NexPoint under the Investment Advisers Act of 1940, and are those duties actionable directly or indirectly under federal or state law? Do the Counter-Defendants owe fiduciary duties to NexPoint under New York law? Are the Acis CLOs express trusts under New York law with direct fiduciary duties owed by those in charge of the trusts? And, to what extent did each of the Counter-Defendants act or control the actions that damaged NexPoint? To what extent is NexPoin entitled to a remedy for the pleaded violations? These are just some examples. Accordingly, the second prong of Rule 20(a)(2) is met here as well.

Accordingly, the second prong of Rule 20(a)(2) is met here as well.

Because both Rule 20(a)(2) criteria are met, permissive joinder is proper as to Brigade. *See Deskovic*, 673 F. Supp. 2d at 159. And because "[p]ermissive joinder rests with the 'sound discretion of the Court, which must determine if joinder will comport with the principles of fundamental fairness,'" *Travelers Indem. Co. v. Losco Grp., Inc.*, 150 F. Supp. 2d 556, 565 (S.D.N.Y. 2001) (quoting *Shaw v. Munford*, 526 F. Supp. 1209, 1213 (S.D.N.Y. 1981)), NexPoint is confident that, at this early stage, joinder will not "'delay the proceedings or prejudice' [Brigade]" in any way and, therefore, the principles of fundamental fairness will be advanced by joining Brigade. *CF 135 Flat LLC v. Triadou SPY S.A.*, No. 15-cv-5345, 2016 U.S. Dist. LEXIS 140186, at *6 (S.D.N.Y. June 21, 2016).

Accordingly, NexPoint respectfully requests that the Court exercise its discretion and join Brigade as a counterclaim defendant in this action.

### C. IN THE ALTERNATIVE, BRIGADE MAY BE ADDED UNDER RULE 21

Though NexPoint believes that Brigade may be permissively joined under Rule 20, NexPoint respectfully requests, in the alternative, that the Court add Brigade as a party under Rule 21 for the reasons stated in this memorandum. *See* Fed. R. Civ. P. 21(a). Justice so requires the addition of Brigade given its intimate involvement in the facts of the case, and it is efficient timewise and moneywise to have Brigade be a part of this adjudication. *See Capak v. Epps*, No. 18-cv-4325, 2020 U.S. Dist. LEXIS 63479, at *7 (S.D.N.Y. Apr. 7, 2020) ("The same liberal standard for amending pleadings under Rule 15(a) applies to the joinder of parties under Rule 21."); *see also Ferrara v. Smithtown Trucking Co.*, 29 F. Supp. 3d 274, 280 (E.D.N.Y. 2014) ("'[J]oinder of claims, parties and remedies is strongly encouraged,' and 'the impulse is toward the broadest possible scope of action consistent with fairness to the parties.'" (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966))). As such, if the Court finds it necessary, NexPoint respectfully requests for the Court to add Brigade as a party to this action under Rule 21.

## CONCLUSION

For the foregoing reasons, NexPoint Diversified Real Estate Trust respectfully requests that the Court recognize the addition of Brigade Capital Management, LP as a party to this action, or, in the alternative, add Brigade Capital Management, LP as a party to this action.

NexPoint Diversified Real Estate Trust's Memorandum of Law
In Support of Motion for Leave to Add Party
Page 7

Dated:  April 10, 2023                    Respectfully submitted,

**SBAITI & COMPANY PLLC**

/s/ *Mazin A. Sbaiti*
Mazin A. Sbaiti
New York Bar No. 4339057
mas@sbaitilaw.com
Griffin S. Rubin (Admitted *pro hac vice))*
Texas Bar No. 24121809
gsr@sbaitilaw.com
J.P. Morgan Chase Tower
2200 Ross Avenue, Suite 4900W
Dallas, TX 75201
T: 214.432.2899
F: 214.853.4367

*Counsel for Defendant/Counter-Plaintiff*
*NexPoint Diversified Real Estate Trust*

## CERTIFICATE OF CONFERENCE

On April 6, 2023, the undersigned counsel conferred with counsel for all Plaintiffs/Counter-Defendants regarding the relief requested in the foregoing Motion. No party expressed opposition, as each indicated that they take no position on the Motion at this time.

*/s/ Mazin A. Sbaiti*
Mazin A. Sbaiti

## CERTIFICATE OF SERVICE

I certify that on April 10, 2023, a true and correct copy of the foregoing Motion was served on all counsel of record or, as appropriate, on the respondents directly.

*/s/ Mazin A. Sbaiti*
Mazin A. Sbaiti