## Parsons McEntire McCleary PLLC

1700 Pacific Ave., Ste. 4400
Dallas, Texas 75201
Tel. (214) 237-4300
Fax (214) 237-4340

Sawnie A. McEntire                                                           (214) 237-4303
Director & Shareholder                                                  smcentire@pmmlaw.com

April 25, 2022

Hon. Gregory H. Woods                                                    **VIA CM/ECF**
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re:   *U.S. Bank National Association, et al. v. The Charitable Donor Advised Fund,*
      *L.P. and CLO HoldCo Ltd*., **Case No. 1:21-cv-11059-GHW**;

Dear Judge Woods,

This letter is submitted on behalf of Defendants/Counter-Plaintiffs Charitable DAF Fund, LP a/k/a The Charitable Donor Advised Fund, L.P. ("DAF"), and CLO HoldCo, Ltd. ("CLOH") (collectively, the "DAF Parties") pursuant to Paragraph 2.E of the Court's Individual Rules of Practice in Civil Cases in response to Plaintiffs U.S. Bank National Association, in its capacity as trustee ("US Bank"), Acis Capital Management, L.P. ("ACM"), and Joshua N. Terry's ("Terry") (US Bank, ACM, and Terry are collectively "Plaintiffs") April 20, 2023 request for a pre-motion conference (Dkt. 83).

## A.   IAA Claim.

As an initial matter, Plaintiffs cannot obtain dismissal of the DAF Parties' declaratory judgment claim (Count I) because Plaintiffs ignore the DAF Parties' request for a declaration that HCLOF Settlement Agreement is unenforceable because it "was the product of collusion, bad faith, and/or unclean hands." Dkt. 77, at ¶ 41.

Plaintiffs also confuse the status of the parties and the nature of the counterclaims asserted by the DAF Parties. The DAF Parties seek to void the HCLOF Settlement Agreement for a variety of reasons based upon the well-pleaded allegations, including, without limitation, that it was a product of collusion, breach of fiduciary duty, and bad faith. Here, to the extent that the Plaintiffs are seeking to enforce the HCLOF Settlement Agreement, the DAF Parties are effectively seeking rescission, which is a recognized right of action under the Investment Advisors Act ("IAA"). *Nexpoint Diversified Real Est. Tr. v. Acis Cap. Mgmt., L.P.*, No. 1:21-CV-04384-GHW, 2022 WL 3214251, *4 (S.D.N.Y. Aug. 9, 2022); *In re Evergreen Mut. Funds Fee Litig.*, 423 F. Supp. 2d 249, 262 (S.D.N.Y. 2006).

The *Pasternack v. Shrader* case cited by Plaintiffs is inapposite. 863 F.3d 162, 172-73 (2d Cir. 2017). *Pasternack* discusses the anti-waiver provision under § 29(a) of the Securities Exchange Act, not § 215 of the IAA, which is cited by the DAF Parties. *Id.* The plain language of § 215 of the IAA makes no reference to past or future conduct. *Pasternack* clarifies that "acceptance of [an] offer *in exchange* for a release of securities-fraud claims is *tantamount to*

establishing 'compliance' with securities laws." *Id.* at 173 (emphasis added). Here, there was no consideration exchanged between Plaintiffs and the DAF Parties regarding the HCLOF Settlement Agreement. Thus, it cannot be construed as "establishing 'compliance' with securities laws."

B.   **Plaintiffs Misconstrue the DAF Parties' Claim for Aiding and Abetting Breach of Fiduciary Duty.**

Plaintiffs' pre-motion letter next addresses the DAF Parties' counterclaims in Count II and Count III, but their arguments are predicated on inaccuracies. As set forth below, it is clear that the DAF Parties have standing to bring the aiding and abetting claims against Plaintiffs.

First, Plaintiffs assert that HCLOF owes no fiduciary duties to the DAF Parties under either Guernsey or Cayman law. This is a sweeping, conclusory statement devoid of any case cites or supporting expert testimony. It also represents a curious departure from Plaintiffs' prior statements to the Court, when Plaintiffs urged that expert testimony (and related discovery) would be required on foreign law.[1] Plaintiffs are now attempting to distance themselves from their prior statements. Clearly, by Plaintiffs' own admission, this is not the stuff of a 12(b)(6) motion.

Second, and in any event, Plaintiffs misstate Guernsey law to the extent Plaintiffs ignore a corporation's duties to treat its shareholders with fairness, good faith, and to avoid undue prejudice. Plaintiffs' argument is also misleading. Plaintiffs seem to argue that the DAF Parties should have sued HCLOF's directors. But there is no requirement to do so in an "aiding and abetting" scenario as factually alleged here. Nevertheless, the DAF Parties clearly pled that "those entities that control HCLOF, entered [into] the HCLOF Settlement Agreement in the absence of any legitimate business purpose or legal justification." Dkt. 77, at ¶ 24.[2]

Plaintiffs next claim that the DAF Parties fail to allege "substantial assistance," but this argument is a nonstarter. Under the facts alleged by the DAF Parties, HCLOF ***could not*** breach its duties to the DAF Parties without Plaintiffs' assistance. HCLOF breached its duties by entering into two agreements with Plaintiffs as *purported* counterparties.[3] Through these agreements, Plaintiffs seek to improperly retain funds and seek to foreclose the DAF Parties' substantive and procedural rights. Plaintiffs' "substantial assistance" in HCLOF's breach of duty is manifest and was wrongfully undertaken to achieve their improper goals. The DAF Parties should be entitled to conduct discovery on these issues and the *quid pro quo* underlying the collusion.

Plaintiffs' argument that the DAF Parties "admit[] HCLOF is unaffiliated with Plaintiffs" is also unavailing. The DAF Parties properly alleged the elements of an "aiding and abetting" claim. A lack of legal affiliation would not prevent HCLOF and Plaintiffs from colluding or aiding and abetting breaches of duty. This is the essence of an "aiding and abetting" cause of action. The fact remains that the DAF Parties are asserting well-pled factual allegations that HCLOF entered into two illicit "settlement" agreements.

---

[1] Transcript of March 15, 2023 Telephone Conference, at 16:16-20.

[2] There is no requirement that a suit must be brought against fiduciaries in an action for aiding and abetting a breach of fiduciary duty. *See, e.g.*, *Kottler v. Deutsche Bank AG*, 607 F. Supp. 2d 447 (S.D.N.Y. 2009).

[3] Plaintiffs' claim that US Bank was not a "party" to the 2021 Settlement Agreement appears to effectively confirm that US Bank *is* a party to the 2023 Agreement.

Plaintiffs identify no legally viable basis supporting their actions to withhold distributions, and indeed none exists. HCLOF improperly allowed Plaintiffs to withhold funds by entering into the 2023 Agreement.[4] Any agreement that did not result in HCLOF receiving the full and complete amount of the distributions is a *terrible* deal, and, as the DAF Parties allege—the product of collusion. Plausibility is the standard, and the DAF Parties' well-pleaded allegations must be accepted as true. *Nexpoint*, 2022 WL 3214251 at *3.

Plaintiffs' argument regarding consideration for the HCLOF Settlement Agreement also misses the mark. The DAF Parties are *not* parties to the HCLOF Settlement Agreement and neither received nor provided any consideration in connection with that Agreement. In fact, the DAF Parties are expressly excluded from receiving the benefit of the supposedly "mutual" releases. Therefore, the HCLOF Settlement Agreement is unenforceable *as against the DAF Parties* for lack of consideration, as well as collusion and bad faith, and Plaintiffs cannot use it to bar the DAF Parties' rights.

## C.   Plaintiffs Are Not Entitled to Summary Judgment or Judgment on the Pleadings.

The Court indicated during the last status conference that it is premature to address summary judgment. The Court appeared to indicate that the notion of early summary judgment motions would be "tabled" and that discovery was contemplated.[5] The Court's statements are consistent with the reality that this dispute is riddled with factual disputes—such as whether the two agreements were the product of collusion, breaches of fiduciary duty and/or unclean hands— and complex issues (that may turn on expert testimony) such as the proper application of Guernsey and Cayman law. The Plaintiffs' pre-motion letter ignores the Court's statements and this reality.

Furthermore, Plaintiffs are not entitled to summary adjudication on the pleadings for the many reasons set forth above, and which also include, without limitation:

(1) there is no active case or controversy between the parties that would support Plaintiffs' affirmative relief, as set forth in the DAF Parties' prior briefing (Dkt. 41, 63);

(2) factual disputes exist with respect to the consideration for and enforceability of the release(s) at issue; and

(3) whether Jim Dondero "functionally controlled" the DAF Parties, which is denied.[6]

The DAF Parties request that the Plaintiffs' request to file their requested motions be denied for the reasons set forth in this letter. The DAF Parties otherwise reserve all, and do not waive any, of their substantive and procedural rights, including the right to assert all of their additional arguments and authorities in opposition to any motion or relief requested by Plaintiffs in their pre-motion letter.

---

[4] The DAF Parties still do not have a copy of this Agreement.
[5] Transcript of March 15, 2023 Telephone Conference, 12:8-17.
[6] The DAF Parties also would show that any rulings in Highland Capital Management's bankruptcy case have no preclusive effect (or evidentiary weight) in this lawsuit.

Respectfully submitted,

/s/ Sawnie A. McEntire
Sawnie A. McEntire (*Pro Hac Vice*)
Texas Bar No.: 13590100
Fed ID #3476
PARSONS MCENTIRE MCCLEARY PLLC
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Fax: (214) 237-4340
E-mail: smcentire@pmmlaw.com

Roger L. McCleary (*Pro Hac Vice*)
Texas Bar No.: 133937000
Fed. ID #205
PARSONS MCENTIRE MCCLEARY PLLC
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Fax: (713) 960-7347
E-mail: rmccleary@pmmlaw.com

Lindsey R. Skibell
E-mail: rskibell@glennagre.com
Jewel K. Tewiah
E-mail: jtewiah@glennagre.com
GLENN AGRE BERGMAN & FUENTES LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: 212.358.5600
E-mail: rskibell@glennagre.com

**Counsel for Defendants**
**Charitable DAF Fund, LP a/k/a**
**The Charitable Donor Advised Fund, L.P.,**
**and CLO Holdco, Ltd.** .

cc: Counsel of Record (via ECF)