

**Bailiff's Office**
Royal Court House
St James Street
St Peter Port
Guernsey
GY1 2NZ

**D:  +44 1481 752340**

**E:  Margeaux.Newman@ogier.com**

Ref:  HS/MGM/VIR/182801.00002

**Attention: Richard McMahon, The Bailiff of Guernsey**

18 May 2023

Dear Sir

**U.S. Bank, National Association, in its capacity as Trustee, Joshua N. Terry, and Acis Capital Management, L.P. v The Charitable Donor Advised Fund, L.P., CLO Holdco Ltd., and NexPoint Diversified Real Estate Trust**

**Service of foreign judicial documents pursuant to Hague Convention**

We have been instructed by Parsons McEntire McCleary PLLC (**PMM Law**) in the United States of America to assist them with the service of foreign proceedings in the Bailiwick of Guernsey pursuant to Article 5 of The Convention of 15 November 1965 in respect of Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the **Hague Convention**).

Please find enclosed herewith duplicate hardcopies of the following documents:

1.  Request form in respect of service abroad of judicial or extrajudicial documents pursuant to the Hague Convention (**Hague Form**);

2.  Summons in a Civil Action issued by the United States District Court for the Southern District of New York, dated 10 May 2023 (**Summons**); and

3.  Defendants First Amended Answer and Counterclaim filed in the United States District Court for the Southern District of New York, dated 3 March 2023 (**Counterclaim**)

    (together, the **Service Documents**).

Your offices have been designated as the Central Authority for purposes of Article 2 of the Hague Convention, and accordingly we request that you kindly arrange for HM Sergeant to effect service of the Service Documents on the addressee, Highland CLO Funding, Ltd (with company registration number 60120) (**HCLOF**) at their registered office address in the Bailiwick of Guernsey located at:

1st Floor
Royal Chambers
St. Julian's Avenue

**Ogier (Guernsey) LLP**
Redwood House
St Julian's Avenue
St Peter Port
Guernsey GY1 1WA

T +44 1481 721672
F +44 1481 721575
**ogier.com**

**Partners**
Martyn Baudains
Paul Chanter
Tim Clipstone
Simon Davies
Bryan de Verneuil-Smith
Gavin Ferguson
Matthew Guthrie
Alex Horsbrugh-Porter

Christopher Jones
Marcus Leese
Sandie Lyne
Catherine Moore
Mathew Newman
Bryon Rees
Richard Sharp



DATE SERVED
18 · 5 · 23
TIME SERVED
16 . 15
SERVED BY
LAP

106-25900391-1

18 May 2023

St. Peter Port
Guernsey
GY1 3JX

We request that once service has been effected, HM Sergeant kindly complete the certificate on page 2 of the Hague Form (as required by the Hague Convention) and kindly place the completed certificate and served copies of the Service Documents in the pigeon hole allocated to our offices in the Royal Court.  For the avoidance of doubt, our offices serve as PMM Law's address for service in Guernsey.

We also request that service on HCLOF is effected on an expedited basis if possible, and that the invoice for the relevant fees are directed to our offices for payment.

Thank you for your assistance. Should you require any further information from us then please do not hesitate contact us.

Yours faithfully

*Margeaux Newman*

**Margeaux Newman**
**Associate**
**For and on behalf of**
**Ogier (Guernsey) LLP**

106-25900391-1

How to proceed:

## REQUEST FOR SERVICE ABROAD
## OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or
Commercial Matters, signed at The Hague, the 15th of November 1965

| Identity and address of the applicant | Address of receiving authority |
|---|---|
| CLO Holdco, Ltd.<br>c/o Sawnie A. McEntire<br>1700 Pacific Ave, Suite 4400<br>Dallas, Texas 75201 | The Bailiff<br>Bailiff's Office<br>Royal Court House<br>St. James St.<br>St. Peter Port, Guernsey GY1 2NZ |

The undersigned applicant has the honour to transmit – in duplicate – the documents listed below and, in
conformity with Article 5 of the above-mentioned Convention, requests prompt service of one copy thereof
on the addressee, i.e.

```
Highland CLO Funding, Ltd.
1st Floor, Royal Chambers
St. Julian's Avenue
St. Peter Port, Guernsey GY1 3JX
```

[✓] (a)  in accordance with the provisions of sub-paragraph (a) of the first paragraph of Article 5 of the
Convention.*

[ ] (b)  in accordance with the following particular method (sub-paragraph (b) of the first paragraph of
Article 5):*

Elysium Fund Management.
P.O. Box 650, 1st Floor, Royal Court Chambers
St Julions Avenue, St Peter Pot, Guernsey GY1 3JX.

[ ] (c)  by delivery to the addressee, if the addressee accepts it voluntarily (second paragraph of
Article 5).*

The authority is requested to return or to have returned to the applicant a copy of the documents
- and of the annexes * -  with a certificate as provided on the next page.

List of documents

```
Summons in a Civil Action [Document 103]
First Amended Answer and Counterclaim [Document 77]
```

Done at Dallas, Texas USA , the 17th day of May, 2023

Signature and/or stamp   _Sawnie C. McE_

**CERTIFICATE**

The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,

1) * that the document has been served

> * Delete (on the printed form) if inappropriate.

- the (date) 18th May 2023 .

- at (place, street, number) Elysium fund Management, 1st Floor Royal Chambers St Julians Avenue, St Peters Port. GY1 3JX .

- in one of the following methods authorised by Article 5:

[ ] (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of Article 5 of the Convention.*

[ ] (b) in accordance with the following particular method:*

[ (c) ] by delivery to the addressee, who accepted it voluntarily.*

The documents referred to in the request have been delivered to:

- (identity and description of person)

Kevin Robins, Administration Manager.

- relationship to the addressee (family, business or other):

2) * that the document has not been served, by reason of the following facts:

In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement. *

-- ANNEXES --

Documents returned:

In appropriate cases, documents establishing the service:

Done at 18th May 2023, the .

Signature and/or stamp.

**SUMMARY OF THE DOCUMENT TO BE SERVED**

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965

(Article 5, fourth paragraph)

Identité et adresse du destinataire / *Identity and address of the addressee* / -----:

```
Highland CLO Funding, Ltd.
1st Floor, Royal Chambers
St. Julian's Avenue
St. Peter Port, Guernsey GY1 3JX
```

**IMPORTANT**

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES «ELEMENTS ESSENTIELS DE L'ACTE» VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MEME DU DOCUMENT. IL PEUT ETRE NECESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITE D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITES D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE PEUVENT ETRE ADRESSEES A :

**IMPORTANT**

*THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.*

*IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.*

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

The Guernsey Bar, Alison Antill (Bar Secretary), Somers House, Reu du Pre, St Peter Port, Guernsey GY1 1LU, +44 (0) 1481 741 300

---

Il est recommandé que les mentions imprimées dans cette note soient rédigées en langue française et en langue anglaise et le cas échéant, en outre, dans la langue ou l'une des langues officielles de l'Etat d'origine de l'acte. Les blancs pourraient être remplis soit dans la langue de l'Etat où le document doit être adressé, soit en langue française, soit en langue anglaise.

*It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the documents is to be sent, or in English or French.*

Name and address of the requesting authority:

Sawnie McEntire, Attorney for CLO Holdco, Ltd.
Parsons McEntire McCleary PLLC
1700 Pacific Ave., Suite 4400
Dallas,Texas, U.S.A. 75201, Tel. +1 (214) 237-4323, smce

Particulars of the parties: *

CLO Holdco, Ltd.
c/o Sawnie A. McEntire
1700 Pacific Ave, Suite 4400
Dallas, Texas 75201

JUDICIAL DOCUMENT **

Nature and purpose of the document:

Summons and claims for damages and declaratory relief.

Nature and purpose of the proceeding and, where appropriate, the amount in dispute:

Counter-claims against Counter-Defendants relating to breaches of duties and
aiding and abetting those breaches, seeking damages and declaratory relief.

Date and place for entering appearance: **

21 days after service to United States District Court in the Southern District of
New York, before the Honorable Gregory H. Woods, United States Courthouse,
500 Pearl St., New York, NY 10007-1312

Case 1:21-cv-11059-GHW   Document 103   Filed 05/10/23   Page 1 of 2

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY, AND ACIS CAPITAL MANAGEMENT, L.P. <br><br> *Plaintiff(s)* <br><br> v. <br><br> THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD., AND NEXPOINT DIVERSIFIED REAL ESTATE TRUST <br><br> *Defendant(s)* | Civil Action No.  1:21-CV-11059 (GHW) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Counter-Defendant:
Highland CLO Funding, Ltd.
1st Floor, Royal Chambers
St. Julian's Avenue St. Peter Port
Guernsey GY1 3JX

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Sawnie A. McEntire
Parsons McEntire McCleary PLLC
1700 Pacific Ave, Suite 4400
Dallas, Texas 75201

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____05/10/2023_____

s/ G. Pisarczyk
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.   1:21-CV-11059 (GHW)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                       _____
                                              *Printed name and title*


                                       _____
                                              *Server's address*

Additional information regarding attempted service, etc:

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

U.S. BANK, NATIONAL ASSOCIATION,
in its capacity as Trustee, JOSHUA N.
TERRY, AND ACIS CAPITAL
MANAGEMENT, L.P.,

*Plaintiffs,*

v.

No. 1:21-cv-11059 (GHW)

THE CHARITABLE DONOR ADVISED
FUND, L.P., CLO HOLDCO LTD., AND
NEXPOINT DIVERSIFIED REAL
ESTATE TRUST,

*Defendants.*

### DEFENDANTS THE CHARITABLE DONOR ADVISED FUND, L.P., AND CLO HOLDCO, LTD.'S FIRST AMENDED ANSWER AND COUNTERCLAIM

Defendants/Counter-Plaintiffs Charitable DAF Fund, LP a/k/a The Charitable

Donor Advised Fund, L.P., ("DAF") and CLO HoldCo, Ltd. ("CLOH") (collectively "DAF

Defendants" or "Counter-Plaintiffs") answer Plaintiffs U.S. Bank, National Association

("U.S. Bank"), Joshua N. Terry ("Terry"), and Acis Capital Management, L.P.'s ("ACM")

(U.S. Bank, Terry, and ACM are collectively "Plaintiffs" or "Plaintiff/Counter-

Defendants") Amended Complaint (the "Complaint") as follows:[1]

---

[1] The Complaint contains section titles, other organizational headings, and footnotes to which no response is required. To the extent such section titles, organizational headings, and footnotes can be construed to contain allegations of fact to which a response is required, Defendants deny all such allegations unless expressly stated otherwise herein.

## NATURE OF THE ACTION

1.      No response is necessary to the first sentence of paragraph 1 of the Complaint because it is not a factual allegation requiring a response. If the Court deems a response is required, Defendants are without sufficient knowledge to admit or deny Plaintiffs' reasoning for filing this lawsuit. Defendants deny all remaining allegations in paragraph 1 of the Complaint.

2.      Defendants deny the allegations in paragraph 2 of the Complaint.

3.      Defendants admit that the NexPoint Lawsuit was filed, is related to ACIS 6, and asserts claims against Terry, ACM, and U.S. Bank under the Advisers Act and Trust Indenture Act. Defendants deny all remaining allegations in paragraph 3 of the Complaint.

4.      Defendants admit that CLOH is an investor in HCLOF, that DAF owns 100% of the shares of CLOH, that HCLOF holds subordinated notes issued by the ACIS CLOH, and that HCLOF and ACM entered into a settlement agreement dated April 28, 2021. Defendants deny all remaining allegations in paragraph 4 of the Complaint.

5.      Defendants admit they have not released their claims against Plaintiffs and they, in fact, have Amended their Answer to assert Counterclaims which have not been released.  Defendants deny all remaining allegations in paragraph 5 of the Complaint.

6.      Defendants deny the allegations in paragraph 6 of the Complaint.

7.      Defendants deny the allegations in paragraph 7 of the Complaint.

8.      No response is necessary to paragraph 8 of the Complaint because it is not a factual allegation requiring a response. However, Defendants deny that Plaintiffs are entitled to declaratory relief; Defendants deny Plaintiffs' allegations regarding Defendants' standing; and Defendants deny all of Plaintiffs' allegations in paragraph 8 of the Complaint relating to the HCLOF Settlement Agreement.

## THE PARTIES

9.      Defendants deny that the ACIS 4 Indenture is dated June 4, 2014. Defendants admit the remaining allegations in paragraph 9 of the Complaint.

10.     Defendants are without sufficient information to admit or deny whether Shorewood is the general partner of ACM, and whether Terry is a citizen and resident of Texas. Defendants admit the remaining allegation in paragraph 10 of the Complaint that Mr. Terry is the President of Shorewood.

11.     Defendants are without sufficient information to admit or deny whether Shorewood is the general partner of ACM and whether Terry owns Shorewood and ACM's limited partnership interests. Defendants admit that ACM is a Delaware limited partnership, that ACM is located at 4514 Cole Avenue, Suite 600, Dallas, Texas, 75205, and that ACM is the "Portfolio Manager" under the ACIS Portfolio Management Agreements. Defendants deny all remaining allegations in paragraph 11 of the Complaint.

12.     Defendants admit that DAF's registered office is Intertrust Corporate Services (Cayman) Limited, 190 Elgin Avenue, George Town, Grand Cayman KY1-9005, Cayman Islands. Defendants also admit that DAF is a limited partnership organized in the Cayman Islands and that DAF owns 100% of the shares of CLOH. All remaining allegations in paragraph 12 of the Complaint are denied.

13.     Defendants admit the allegations in the first two sentences of paragraph 13 of the Complaint. Defendants further admit that CLOH owns approximately 49% of HCLOF. Defendants deny all remaining allegations in paragraph 13 of the Complaint.

14.     Defendants deny that NexPoint Strategic Opportunities Fund's business address is 2515 McKinney Avenue, Suite 1100, Dallas, Texas 75201. Defendants admit the remaining allegations in paragraph 14 of the Complaint.

15.     Defendants admit the allegations in paragraph 15 of the Complaint.

16.     Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 16 of the Complaint.

17.     Defendants admit the allegations in paragraph 17 of the Complaint.

18.     Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 18 of the Complaint.

19.     Defendants admit that Dondero is an individual resident of Texas, formerly owned ACM, and formerly served as CEO of Highland. Defendants deny all remaining allegations in paragraph 19 of the Complaint.

## JURISDICTION AND VENUE

20.     Defendants admit that the ACIS CLOs are Cayman Island exempted limited liability companies, that U.S. Bank is the trustee of the ACIS CLOs, and that U.S. Bank provided financial services to the ACIS CLOs. Defendants deny all remaining allegations in paragraph 20 of the Complaint.

21.     Defendants deny the allegations in paragraph 21 of the Complaint.

22.     The allegations in paragraph 22 of the Complaint are legal conclusions that do not require a response. To the extent a response is necessary, Defendants deny the allegations in paragraph 22 of the Complaint.

23.     Defendants admit the allegations in paragraph 23 of the Complaint.

24.     The allegations in paragraph 24 of the Complaint are legal conclusions that do not require a response. To the extent a response is necessary, the allegations in paragraph 24 of the Complaint are denied.

## STATEMENT OF FACTS

25.     Defendants admit the allegations in paragraph 25 of the Complaint.

26.     Defendants admit the allegations in paragraph 26 of the Complaint.

27.     Defendants admit that U.S. Bank is the Trustee under each of the ACIS Indentures. Defendants deny all remaining allegations in paragraph 27 of the Complaint.

28.     Defendants deny the allegations set forth in the header immediately preceding paragraph 28 of the Complaint. Defendants admit the last sentence of

paragraph 28 of the Complaint. Defendants deny all remaining allegations in paragraph 28 of the Complaint.

29.     Defendants deny the allegations in paragraph 29 of the Complaint.

30.     Defendants admit the allegations in paragraph 30 of the Complaint.

31.     Defendants deny the allegations in the first two sentences of paragraph 31 of the Complaint. Defendants admit that Judge Jernigan made certain factual findings in Docket No. 2660 in the Highland Capital Management, L.P. bankruptcy, and that DAF holds an approximately 49% stake in HCLOF through CLOH. Defendants are without sufficient information to admit or deny the allegations in the fourth sentence of paragraph 31 of the Complaint. Defendants admit the allegations in the fifth sentence of paragraph 31 of the Complaint. Defendants deny all remaining allegations in paragraph 31 of the Complaint as well as the allegations in footnote 1 of the Complaint.

32.     Defendants admit that DAF filed the 2019 Lawsuit against U.S. Bank alleging mismanagement of the ACIS CLOs by ACM. Defendants deny all remaining allegations in paragraph 32 of the Complaint.

33.     Defendants state that the various letters set forth in footnote 2 of the Complaint speak for themselves. Defendants otherwise deny the allegations in footnote 2 of the Complaint. Defendants admit the remaining allegations in paragraph 33 of the Complaint.

34.     In response to paragraph 34 of the Complaint, Defendants state that the communication from the court on January 6, 2020, referenced in paragraph 34 of the Complaint speaks for itself and no further response is required.

35.     Defendants admit the allegations in paragraph 35 of the Complaint.

36.     In response to paragraph 36 of the Complaint, Defendants state that Second Amended Complaint speaks for itself and no further response is required.

37.     In response to paragraph 37 of the Complaint, Defendants state that the 2019 Lawsuit speaks for itself. Defendants admit that HCLOF owns the subordinated notes, that CLOH owns approximately 49% of HCLOF, and that DAF owns 100% of the shares of CLOH. Defendants deny all remaining allegations in paragraph 37 of the Complaint.

38.     In response to paragraph 38 of the Complaint, Defendants state that the letter identified in paragraph 38 speaks for itself and no further response is required. Defendants deny the allegations in the first sentence of paragraph 38 of the Complaint. Defendants admit the remaining allegations in paragraph 38 of the Complaint.

39.     In response to paragraph 39 of the Complaint, Defendants state that the so-called 2020 Lawsuit speaks for itself and no further response is required. Defendants otherwise deny the allegations in the first sentence of paragraph 39 of the Complaint. Defendants admit that CLOH was a plaintiff in the 2020 Lawsuit, and that the 2020

Lawsuit alleged claims against Plaintiffs, Moody's, and Brigade. Defendants deny all remaining allegations in paragraph 39 of the Complaint.

40.     In response to paragraph 40 of the Complaint, Defendants state that the 2020 Lawsuit speaks for itself and no further response is required.

41.     Defendants deny the allegations in the first sentence of paragraph 41 of the Complaint. Defendants admit that that the court dismissed the complaint on February 25, 2020. Defendants deny all remaining allegations in paragraph 41 of the Complaint.

42.     In response to paragraph 42 of the Complaint, Defendants state that the so-called May 8 Letter speaks for itself and no further response is required. Defendants admit the allegations in the first three sentences of footnote 3 of the Complaint. Defendants deny all remaining allegations in paragraph 42 of the Complaint, including the remaining allegations in footnote 3.

43.     In response to paragraph 43 of the Complaint, Defendants state that the letter referenced in paragraph 43 of the Complaint speaks for itself and no further response is required. Defendants deny the last sentence in paragraph 43 of the Complaint.

44.     In response to paragraph 44 of the Complaint, Defendants state that the so-called NexPoint Lawsuit speaks for itself, and no further response is required. Defendants specifically deny the allegations in the first sentence of paragraph 44 of the Complaint.

Case 1:21-cv-11059-GHW   Document 77   Filed 03/30/23   Page 9 of 34

45.     In response to paragraph 45 of the Complaint, Defendants state that the so-called NexPoint Lawsuit speaks for itself, and no further response is required. Defendants deny the allegations in the first and last sentences of paragraph 45 of the Complaint.

46.     Defendants deny the allegations in paragraph 46 of the Complaint.

47.     In response to paragraph 47 of the Complaint, Defendants state that Exhibits J and K speak for themselves, and no further response is required. Defendants deny all remaining allegations in paragraph 47 of the Complaint.

48.     Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 48 of the Complaint.

49.     In response to paragraph 49 of the Complaint, Defendants state that the so-called HCLOF Settlement Agreement speaks for itself, and no further response is required. Defendants deny all remaining allegations in paragraph 49 of the Complaint.

50.     Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Defendants deny the allegations set forth in the header immediately preceding paragraph 51 of the Complaint. Defendants deny the allegations in the third, fourth, and fifth sentences of paragraph 51 of the Complaint. Defendants are without sufficient knowledge to admit or deny the allegations in the second sentence of paragraph 51 of the Complaint. Defendants deny all remaining allegations in paragraph 51 of the Complaint, including the allegations in footnote 5.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

**STATEMENT OF RELATEDNESS TO THE NEXPOINT LAWSUIT**

53.     In response to paragraph 53 of the Complaint, Defendants state that the allegations in paragraph 53 of the Complaint are conclusory in nature and do not require a response.

54.     In response to paragraph 54 of the Complaint, Defendants state that the allegations in paragraph 54 of the Complaint are conclusory in nature and do not require a response. Defendants specifically deny that NexPoint, DAF, and CLOH "are effectively affiliated parties because they are all entities that Dondero functionally controls," that they lack standing as alleged in paragraph 54 of the Complaint, and that Plaintiffs are entitled to the declaratory relief referenced in paragraph 54 of the Complaint.

55.     In response to paragraph 55 of the Complaint, Defendants state that the first two sentences in paragraph 55 of the Complaint are conclusory in nature and do not require a response. Defendants deny all remaining allegations in paragraph 55 of the Complaint.

## CAUSES OF ACTION

**COUNT I (AS ALLEGED): DECLARATORY JUDGMENT THAT THE ADVISERS ACT, TIA, AND OTHER CLAIMS ARE BARRED FOR LACK OF STANDING**
**(Against All Defendants)**

56.     Because paragraph 56 of the Complaint incorporates paragraphs 1-55 of the Complaint by reference, Defendants incorporate their individual responses to paragraphs 1-55 above as if set forth in full herein.

57.     In response to paragraph 57 of the Complaint, Defendants state that the so-called 2019 and 2020 Lawsuits speak for themselves, and no further response is required. Defendants deny all remaining allegations in paragraph 57 of the Complaint.

58.     Defendants deny the allegations in paragraph 58 of the Complaint.

59.     In response to paragraph 59 of the Complaint, Defendants state that NexPoint's claims speak for themselves and no further response is required. Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 59 of the Complaint.

60.     Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Defendants deny the allegations in paragraph 61 of the Complaint.

62.     Defendants deny the allegations in paragraph 62 of the Complaint.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     Defendants admit they have not released their claims. Defendants deny all remaining allegations in paragraph 64 of the Complaint.

65.     In response to paragraph 65 of the Complaint, Defendants state that the allegations in paragraph 65 of the Complaint are conclusory in nature and no further response is required.

66.     Defendants deny the allegations in paragraph 66 of the Complaint.

## COUNT II (AS ALLEGED): DECLARATORY JUDGMENT THAT ANY CLAIMS BY DEFENDANTS RELATED TO THE ACIS CLOS ARE BARRED BY THE HCLOF SETTLEMENT AGREEMENT
### (Against Defendants DAF And CLO HoldCo)

67.     Because paragraph 67 of the Complaint incorporates paragraphs 1-66 of the Complaint by reference, Defendants incorporate their individual responses to paragraphs 1-66 above as if set forth in full herein.

68.     In response to paragraph 68 of the Complaint, Defendants state that the HCLOF Settlement Agreement speaks for itself, and no further response is required.

69.     In response to paragraph 69 of the Complaint, Defendants state that the HCLOF Settlement Agreement speaks for itself, and no further response is required.

70.     In response to paragraph 70 of the Complaint, Defendants state that the HCLOF Settlement Agreement speaks for itself, and no further response is required.

71.     In response to the allegations in the first sentence of paragraph 71 of the Complaint, Defendants state that the 2019 and 2020 Lawsuits speak for themselves, and no further response is required. Defendants also admit that they voluntarily dismissed the 2019 and 2020 Lawsuits without prejudice, but otherwise deny all remaining allegations in paragraph 71 of the Complaint.

72.     Defendants admit that they have not released their claims. Defendants deny all remaining allegations in paragraph 72 of the Complaint.

73.     Defendants deny the allegations in paragraph 73 of the Complaint.

74.     Defendants deny the allegations in paragraph 74 of the Complaint.

### PRAYER FOR RELIEF

75.     Defendants deny that Plaintiffs are entitled to relief requested in the Prayer for Relief, including the relief requested under subparagraphs a-c.

### DEFENSES AND AFFIRMATIVE DEFENSES

By providing the following non-exhaustive defenses and affirmative defenses to Plaintiffs' claims, each of which are asserted in the alternative, Defendants do not concede the merits of any of Plaintiffs' claims and do not undertake any burden to prove any defense or defenses other than those imposed by law. Defendants reserve the right to amend this Answer to assert any other defense or matter that discovery in this Action may reveal.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are not ripe for adjudication.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction because there is no genuine case or controversy between the parties.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are not in privity with the Plaintiffs in connection with the HCLOF Settlement Agreement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have not alleged an injury that is redressable or fairly traceable to Defendants' alleged conduct.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs do not have standing to pursue this declaratory judgment because they are not the real parties in interest.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to the declaratory relief requested with respect to the HCLOF Settlement Agreement because the releases set forth in the HCLOF Settlement Agreement do not bind Defendants; alternatively, there is a failure of consideration.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for declaratory relief with respect to the HCLOF Settlement Agreement are barred because the HCLOF Settlement Agreement is the product of collusion, breaches of fiduciary duty, and/or unclean hands.

### NINTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims for declaratory relief are barred, in whole or in part, because there is no actual ripe controversy between the parties.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for declaratory relief with respect to the HCLOF Settlement Agreement are barred under the doctrine of unjust enrichment.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for declaratory relief with respect to the HCLOF Settlement Agreement should be denied to the extent the HCLOF Settlement Agreement is used as a basis to argue waiver of rights under the Investment Advisors Act of 1940 which rights are not waivable.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for declaratory relief with respect to the HCLOF Settlement Agreement should be denied because the HCLOF Settlement Agreement is not supported by valid consideration to the extent Plaintiffs seek to enforce the HCLOF Settlement Agreement.

### THIRTEENTH AFFIRMATIVE DEFENSE AND RESERVATION

Defendants expressly reserve the right to amend this Answer to assert any additional rights or defenses they may have, including any counterclaims, pursuant to the Federal Rules of Civil Procedure and the Court's Case Management Plan.

## COUNTERCLAIM

Counter-Plaintiffs, Charitable DAF Fund, LP a/k/a The Charitable Donor Advised Fund, L.P., ("DAF") and CLO HoldCo, Ltd. ("CLOH"), file this Counterclaim (the "Counterclaims") against Plaintiff/Counter-Defendants U.S. Bank, National Association, in its capacity as trustee ("U.S. Bank" or the "Trustee"), Joshua N. Terry ("Terry"), and Acis Capital Management, L.P. ("ACM,"), and Counter-Defendant Highland CLO Funding, Ltd. ("HCLOF") (collectively, "Counter-Defendants"), and for causes of action state as follows:

## RESERVATION OF RIGHTS

1.      By bringing these current Counterclaims, Counter-Plaintiffs do not waive and expressly reserve their rights to amend their Counterclaims based on resolution of the proceedings styled *CLO Holding Co. v. Highland CLO Funding, Ltd.*, No 106-25786898-1, now pending in The Royal Court of Guernsey (Ordinary Division), and related Application ("Guernsey Application") filed March 6, 2023 (the "Guernsey Proceedings"). A copy of the Guernsey Application is attached as Exhibit 1 (excluding any related affidavits).

2.      The Guernsey Proceedings involve, in part, allegations concerning the willful mismanagement of HCLOF and breaches of HCLOF's duties which continue to cause unfair prejudice to CLOH as a minority shareholder in HCLOF. In the Guernsey Proceedings, CLOH seeks, *inter alia*, its direct interest in the underlying assets of HCLOF

by dividing, transferring and assigning those assets to CLOH such that CLOH, among other things, may further protect its interests in legal proceedings against Counter-Defendants. Counter-Plaintiffs/Defendants therefore reserve their right to amend these Counterclaims as appropriate as a result of the resolution of the Guernsey Proceedings.[2]

3.    The pendency of the Guernsey Proceedings further demonstrates why the declaratory relief Plaintiffs/Counter-Defendants now seek is premature. Even assuming *arguendo* that Plaintiffs' allegations relating to standing have merit, which is not admitted or conceded, there is no basis for a decision concerning standing generally until the Guernsey Proceedings are resolved.

## NATURE OF COUNTERCLAIM

4.    Counter-Plaintiffs bring their current Counterclaims which arise from Counter-Defendants' separate conduct relating to HCLOF's breaches of fiduciary duty and Plaintiffs/Counter-Defendants' conduct in aiding and abetting those breaches. This includes, without limitation: (i) the unauthorized hold back of funds that should have been distributed to HCLOF; and (ii) aiding and abetting HCLOF's self-dealing regarding the so-called HCLOF Settlement Agreement at issue in Count II of Plaintiffs' Amended Complaint.

5.    HCLOF engaged in significant self-dealing to aid and facilitate the interests

---

[2] Accordingly, Defendants/Counter-Plaintiffs equally reserve their rights to amend their Answer in these proceedings.

of others, and participated in a willful, knowing effort to prejudice CLOH's rights relating to the Counter-Defendants. This includes, without limitation, the collusive HCLOF Settlement Agreement, which was one-sided, inspired by a desire for a broad release unrelated to the affairs or legitimate business interests of HCLOF, and unjustified warranties and undertakings whereby HCLOF purportedly agreed to deprive CLOH of any opportunity to obtain an assignment or other transfer of any of the subordinated notes issued by Acis CLO 2014-3 Ltd., CLO 2014-4 Ltd., Acis CLO 2014-5 Ltd., and Acis CLO 2015-6 Ltd (the "ACIS CLOs"). This is the epitome of bad faith and self-dealing, and it was contrary to the best interests of CLOH. Plaintiffs/Counter-Defendants aided and abetted HCLOF's breaches of fiduciary duty in these and other regards.

## THE PARTIES

**A.    Counter-Plaintiffs**

6.     Counter-Plaintiff CLOH, a Cayman Islands exempted company, is wholly owned by DAF. CLOH's registered office is 190 Elgin Avenue, George Town, Grand Cayman KY1-9005, Cayman Islands.

7.     Counter-Plaintiff DAF is a limited partnership organized in the Cayman Islands and administered by Intertrust Corporate Services (Cayman) Limited, 190 Elgin Avenue, George Town, Grand Cayman KY1-9005, Cayman Islands.

**B.    Counter-Defendants**

8.     Counter-Defendant U.S. Bank is a national banking association and serves

as Trustee for the ACIS CLOs under (i) that certain Indenture (the "ACIS 4 Indenture") among ACIS 4, ACIS CLO 2014-4 LLC, and U.S. Bank, as Trustee; (ii) that certain Indenture (the "ACIS 5 Indenture"), dated as of November 18, 2014, among ACIS 5, ACIS CLO 2014-5  LLC, and U.S. Bank, as Trustee; and (iii) that certain Indenture (the "ACIS 6 Indenture" and, together with the ACIS 4 Indenture and the ACIS 5 Indenture, the "ACIS Indentures"), dated as of April 16, 2015, among ACIS 6, ACIS CLO 2015-6 LLC, and U.S. Bank, as Trustee. US Bank has appeared in this matter.

9.      Counter-Defendant Terry is an individual who is the general partner of ACM. Terry has appeared in this matter.

10.     Counter-Defendant ACM is a Delaware limited partnership. ACM is located at 4514 Cole Avenue, Suite 600, Dallas, Texas 75205. ACM has appeared in this matter.

11.     Counter-Defendant Highland CLO Funding, Ltd. ("HCLOF") is a collective investment scheme registered in the island nation of Guernsey. HCLOF owns 100% of the subordinated notes issued by ACIS 4 and ACIS 5 and 87% of the subordinated notes issued by ACIS 6.  HCLOF is a limited company incorporated under the laws of the Bailiwick of Guernsey with registration 60120 and its registered office at 1st Floor, Royal Chambers St. Julian Avenue St. Peter Port Guernsey GY1 3JX.  HCLOF may be served pursuant to the terms of The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Art. 1, Nov. 15, 1965 T.I.A.S No. 6638, 20 U.S.T. 361 (U.S. Treaty

1969).  HCLOF has twice intervened in lawsuits related to the above-captioned matter,

including the NextPoint Lawsuit more specifically described in Plaintiff's Amended

Petition [Dkt. 15] at ¶¶ 53-55 ("Statement of Relatedness to NextPoint Lawsuit").

## JURISDICTION AND VENUE

12.     There are actual, justiciable controversies between the parties related to this

Counterclaim.  This Court has subject matter jurisdiction over this Counterclaim.[3]

13.     This Court has personal jurisdiction over all Plaintiffs/Counter-Defendants.

14.     This Court also has personal jurisdiction over HCLOF because HCLOF has

availed itself of the benefits of doing business in the State of New York, has requisite

minimum contacts with the State of New York and various HCLOF conduct at issue in

this Counterclaim occurred in New York and is related to or otherwise gives rise to the

claims asserted herein. The exercise of personal jurisdiction over HCLOF is consistent

with due process and does not offend traditional notions of fair play and justice.

15.     Venue is proper in this district under 28 U.S.C. § 1391 because a substantial

part of the events giving rise to this action occurred in this district, and Counter-

Defendants are subject to personal jurisdiction in this district.

## STATEMENT OF FACTS

16.     CLOH holds a 49.015% minority shareholder interest in HCLOF, which, as

---

[3] Counter-Plaintiffs do not admit that Plaintiff/Counter-Defendants' declaratory relief claims are ripe and continue to assert that this Court lacks subject jurisdiction over such claims.

stated, is organized as a limited company under the laws of the Bailiwick of Guernsey.

17.     Highland Capital Management LP ("HCM") holds or otherwise controls the majority equity interests in HCLOF.

18.     The Plaintiffs/Counter-Defendants seek declaratory relief concerning a Settlement Agreement, dated April 28, 2021 (the "HCLOF Settlement Agreement"), between HCLOF and various Counter-Defendants. Plaintiffs/Counter-Defendants seek to enforce the terms of the HCLOF Settlement Agreement against both Counter-Plaintiffs.

19.     The HCLOF Settlement Agreement is the product of collusion. On its face, the release language is not mutual, but expediently one-sided favoring Plaintiffs/Counter-Defendants. The HCLOF Settlement Agreement explicitly states that CLOH and DAF are not beneficiaries of any release. Indeed, CLOH and DAF are carved out of the release by name, and they are not included as released parties. Yet, conversely, albeit expediently, Plaintiffs/Counter-Defendants seek to bind DAF and CLOH as releasing parties.

20.     Perhaps even more telling as to Counter-Defendants' bad faith, the HCLOF Settlement Agreement includes a false, unjustified statement—which Counter-Defendants continue to falsely parrot—that Counter-Plaintiffs are "owned or controlled" by James Dondero. The HCLOF Settlement Agreement also provided that HCLOF will refuse to sell, transfer or assign any of the subordinated notes issued by the ACIS CLOs to either DAF or CLOH. By agreeing to this provision, HCLOF engaged in blatant self-

dealing to the detriment and disadvantage of CLOH, to whom it owed fiduciary duties. The Plaintiff/Counter-Defendants encouraged, aided and abetted this self-dealing and conflict of interest. In short, the HCLOF Settlement Agreement was the product of collusion and is not a genuine arms-length transaction.

21.     The release language in the HCLOF Settlement Agreement is legally unenforceable as to CLOH and DAF for several non-exclusive reasons. First, neither CLOH nor DAF are specifically identified as releasing parties. Second, the various entities generically described within the scope of the defined term "HCLOF Releasors" do not include either CLOH or DAF. Third, neither CLOH nor DAF are in privity with Plaintiff/Counter-Defendants for purposes of the HCLOF Settlement Agreement, and they did not sign the HCLOF Settlement Agreement. Fourth, the HCLOF Settlement Agreement is generally not enforceable to the extent it seeks to waive claims under the Investment Advisors Act of 1940, 15 U.S.C. § 80b-1 through § 80b-21.[4] Fifth, the HCLOF Settlement Agreement is not supported by valid consideration. Sixth, the HCLOF Settlement Agreement is the product of collusion, breaches of fiduciary duty, and unclean hands.

22.     Neither DAF nor CLOH were aware that the HCLOF Settlement Agreement was being negotiated until after the fact.

23.     HCLOF, doing the bidding of others, breached its fiduciary duties to

---

[4] As registered investment advisors, ACM and Terry are subject to the Investment Advisors Act of 1940.

CLOH, as a minority interest holder, in several respects including: (i) failing to disclose the existence of the HCLOF Settlement Agreement and the fact that it was being negotiated; (ii) failing to protect CLOH and DAF in the unlikely event this Court determines that CLOH or DAF are bound as releasing parties while not obtaining mutual releases; and (iii) if the Court determines that the HCLOF Settlement Agreement is enforceable, unnecessarily providing Plaintiff/Counter-Defendants with the argument that their prior professional negligence, misfeasance, and breaches of fiduciary duty at issue in the Prior Lawsuits, as defined herein, are released and discharged as of the Effective Date of the HCLOF Settlement Agreement.

24.     HCLOF, and those entities that control HCLOF, entered the HCLOF Settlement Agreement in the absence of any legitimate business purpose or legal justification. HCLOF also provided broad releases contained in the HCLOF Settlement Agreement without any valid business purpose, and they did so to advance the self-interests of others to the detriment of CLOH.

25.     HCLOF breached its duties of loyalty, prudence, care, good faith, disclosure, and candor to CLOH when negotiating the HCLOF Settlement Agreement, purportedly releasing claims when no such release was reasonably required or justified, and by failing to protect CLOH's interests in doing so.

26.     The Plaintiff/Counter-Defendants were aware at all material times that they had no colorable claims against HCLOF that would justify the breadth and scope of the

HCLOF Settlement Agreement. Rather, because the HCLOF Settlement Agreement was the result of HCLOF's self-dealing, Plaintiff/Counter-Defendants knowingly colluded and participated in aiding and abetting this self-dealing and breaches of fiduciary duty.

27.     If this Court determines that (i) the HCLOF Settlement Agreement is enforceable as to CLOH, (ii) that HCLOF released and is thereby foreclosed from pursuing claims against Counter-Defendants that caused HCLOF significant damages, and (iii) that CLOH does not have standing to sue for the conduct and damages at issue in the 2019 or 2020 proceedings referenced in Plaintiffs' Amended Complaint (the "Prior Litigation")[5], then CLOH is severely damaged as a direct result. This is because:

- CLOH will be prevented from benefitting indirectly as a shareholder in HCLOF in likely recoveries for claims which HCLOF should never have surrendered or released, but did so by breaching its duties to CLOH.

- Plaintiff/Counter-Defendants now argue the enforceability of the HCLOF Settlement Agreement whereby CLO Holdco cannot obtain by purchase, transfer, or assignment the subordinated notes at issue and they ostensibly argue that this prevents CLOH's standing to sue.

28.     Regardless, by surrendering the claims at issue, HCLOF breached its fiduciary duties. Plaintiff/Counter-Defendants knew there was no legitimate basis for these releases and the restrictions on sales of subordinated notes. As such, they are also directly liable to CLOH for all damages caused by HCLOF's breaches which they aided

---

[5] *The Charitable Donor Advised Fund, L.P., v. U.S. Bank National Association and Moody's Investor Services and the Charitable Donor Advised Fund, L.P. and CLO Holdco, Ltd., U.S. Bank National Association, et al*; Case 1:20-CV-01036-LGS.

and abetted.

29.     In addition to the foregoing, Plaintiff/Counter-Defendants wrongfully retained over $41 million in funds for the purpose of this litigation that should have been distributed to HCLOF. Withholding these funds is not contemplated under the Indenture Agreements at issue. The amount of the "reserved" funds also was patently unreasonable, if not outrageous.

30.     Plaintiff/Counter-Defendants did not and still do not have a good faith basis to withhold any funds to create a legal slush fund, and HCLOF knew that these funds were wrongfully retained but failed to take appropriate steps to pursue distribution. As a result of this failure, HCLOF allowed Plaintiff/Counter-Defendants to misappropriate significant portions of distributable funds apparently used to pay their attorneys' fees and expenses in this litigation, and to set up a "slush fund," when they had no colorable right to do so. All Counter-Defendants acted in collusion and bad faith in this regard.

31.     CLOH was and remains entitled to 49.015% of the distributable funds at issue. Thus, the Plaintiff/Counter-Defendants misappropriated funds (a portion of which were otherwise payable to CLOH) to fund litigation against CLOH, and HCLOF knowingly allowed this travesty to occur.

32.     As Portfolio Manager, ACM had no right to withhold or "reserve" any

funds from HCLOF. US Bank, as Trustee under the Indenture Agreements,[6] had no good faith basis to reserve or withhold such funds. Notably, nothing in the Indenture Agreements "shall be construed to relieve the Trustee from liability for its own negligent action, its own negligent failure to act, or its own willful misconduct."[7]

33.     On February 28, 2023, CLOH was belatedly notified that HCLOF entered yet another "*agreement*" ("2023 Agreement") with Plaintiff/Counter-Defendants whereby $16 million of the originally retained funds would be distributed to HCLOF, but Plaintiff/Counter-Defendants would be allowed to retain the $25 million balance (the "Wrongfully Withheld Funds"), which is ostensibly for use as a continued war chest to litigate against CLOH or is intended to be used to gain leverage.

34.     Plaintiff/Counter-Defendants have no colorable contractual or other right to reserve or withhold any sums, including the Wrongfully Withheld Funds. HCLOF was and remains fully aware of this fact; yet HCLOF is allowing Plaintiff/Counter-Defendants to do so. This new 2023 Agreement is also the product of collusion and was not a genuine, arms-length transaction.

35.     HCLOF has breached its fiduciary duties owed to CLOH by agreeing to allow Plaintiff/Counter-Defendants to continue to withhold the Wrongfully Withheld

---

[6] This includes, (i) that certain Indenture, dated as of June 4, 2014, among ACIS CLO 2014-4 LTD, ACIS CLO 2014-4 LLC, and U.S. Bank, as Trustee ("ACIS 4 Indenture"); (ii) that certain Indenture, dated as of November 18, 2014, among ACIS CLO 2014-5 LTD, ACIS CLO 2014-5 LLC, and U.S. Bank, as Trustee ("ACIS 5 Indenture"); and (iii) that certain Indenture, dated as of April 16, 2015, among ACIS CLO 2015-6 LTD, ACIS CLO 2015-6 LLC, and U.S. Bank, as Trustee ("ACIS 6 Indenture").

[7] *See, e.g.,* Acis CLO 2015-6 Indenture, Art. 6.

Funds. Plaintiff/Counter-Defendants are withholding the Wrongfully Retained Funds with full knowledge they are doing so without colorable legal or factual support. Similar to the earlier HCLOF Settlement Agreement, HCLOF never told CLOH that it was negotiating the 2023 Agreement, and CLOH has still not been provided a copy of this newest agreement.

36.   Plaintiff/Counter-Defendants have willfully and knowingly aided and abetted a breach of fiduciary duty which HCLOF owed to CLOH by withholding these funds.

37.   CLOH has been damaged in the amount of approximately $12,250,000, which represents 49.015% of the Wrongfully Retained Funds.

## CAUSES OF ACTION

### COUNT I: DECLARATORY JUDGMENT THAT
### THE SETTLEMENT AGREEMENT IS UNENFORCEABLE
### (Against All Counter-Defendants)

38.   Counter-Plaintiffs incorporate paragraphs 1-37 of the Counterclaims above as if fully set forth herein.

39.   The HCLOF Settlement Agreement, dated April 28, 2021, purportedly contained the "HCLOF Releases" whereby HCLOF purportedly "shall forever waive, release and discharge, to the fullest extent permitted by law… any and all claims…[HCLOF] then has or thereafter may have, of whatsoever nature and

kind…existing on or before [April 28, 2021]."[8] However, the scope of the stated language

violates Section 215 of the Investment Advisors Act of 1940, which provides:

> (a) Waiver of compliance as void. Any condition, stipulation, or provision binding any person to waive compliance with any provision of this subchapter or with any rule, regulation, or order thereunder shall be void.

15 U.S.C. § 80b-15. Thus, the Settlement Agreement purportedly binds HCLOF to

"waive" ACM's compliance with the Investment Advisors Act.

40.     Counter-Plaintiffs request a judicial declaration that the HCLOF Settlement

Agreement violates the Investment Advisors Act and is, therefore, void and

unenforceable.

41.     Counter-Plaintiffs also request a judicial declaration that the HCLOF

Settlement Agreement was the product of collusion, bad faith, and/or unclean hands and

is therefore generally unenforceable.

### COUNT II:  BREACH OF FIDUCIARY DUTY AND AIDING AND ABETTING BREACH OF FIDUCIARY DUTY CONCERNING THE HCLOF SETTLEMENT AGREEMENT
### (Against All Counter-Defendants)

42.     Counter-Plaintiffs incorporate paragraphs 1-41 of the Counterclaims above

as if fully set forth herein.

43.     The entirety of Count II of this Counterclaim is pled in the alternative, to

the extent necessary, and if the Court determines that the HCLOF Settlement Agreement

---

[8] Settlement Agreement ¶ 10.

is enforceable.

44.     The HCLOF Settlement Agreement, dated April 28, 2021, purportedly waived and released "any and all claims" owed by HCLOF against the Plaintiff/Counter-Defendants. The HCLOF Settlement Agreement was entered into after the filing of the 2019 Lawsuit[9] and 2020 Lawsuit[10] (collectively the "Prior Lawsuits"), which asserted various breaches by U.S. Bank and ACM, including breach of duty to perform basic non-discretionary tasks with due care, breach of duty to avoid conflicts of interest, negligence, and conversion.

45.     HCLOF breached its duties to CLOH by entering the HCLOF Settlement Agreement because it was neither supported by valid consideration nor a legitimate business purpose. Yet, it is being used as a basis to argue that HCLOF has released and waived any and all claims related to the Prior Lawsuits, and HCLOF did so without protecting CLOH.

46.     By entering the HCLOF Settlement Agreement, HCLOF breached its fiduciary duties, and ACM and the Plaintiff/Counter-Defendants aided and abetted these breaches in a collusive scheme to prevent CLOH from protecting its financial interests.

47.     Plaintiff/Counter-Defendants aided and abetted HCLOF's breach of its duties of care, loyalty, the duty to avoid conflicts of interest, and to act in good faith.

---

[9] *The Charitable Donor Advised Fund, L.P. v. U.S. Bank Nat'l Ass'n, et al.*, 1:19-cv-9857-NRB, ECF 1 (S.D.N.Y.).
[10] *The Charitable Donor Advised Fund, L.P. v. U.S. Bank Nat'l Ass'n*, 1:20-cv-1036-LGS, ECF 1 (S.D.N.Y).

48.    Plaintiff/Counter-Defendants knew that HCLOF owed these duties and that HCLOF was breaching its duties to CLOH.

49.    By engaging in and aiding and abetting HCLOF's breach of fiduciary duties and attempting to release the causes of action in the Prior Lawsuits, Counter-Defendants have caused substantial damages to CLOH, including those damages identified and sought in the Prior Lawsuits. Therefore, HCLOF and Plaintiffs/Counter-Defendants are liable for all damages caused by the collusive HCLOF Settlement Agreement, including any resulting release of claims relating to Plaintiffs/Counter-Defendants' conduct as described in the Prior Lawsuits.

50.    CLOH now sues for all damages caused by the foregoing wrongful conduct, as well as all remedies as set forth in the Prior Lawsuits.

### COUNT III:
### BREACH OF FIDUCIARY DUTY AND AIDING AND ABETTING
### BREACH OF FIDUCIARY DUTY CONCERNING THE 2023 AGREEMENT
### (Against All Counter-Defendants)

51.    Counter-Plaintiffs incorporate paragraphs 1-50 of the Counterclaims above as if fully set forth herein.

52.    The 2023 Agreement was entered into without CLOH's knowledge and purportedly attempts to allow ACM and US Bank to retain approximately $25 million in distributable funds in the absence of any legitimate purpose or justification.

53.    HCLOF has acknowledged that U.S. Bank and ACM wrongfully retained

funds that belong to HCLOF.  However, instead of pursuing distribution of these funds,

which is in the best interest of HCLOF and its shareholders, HCLOF has breached its

fiduciary duties, including the duty of care and the duty to avoid conflicts of interest.

54.     The 2023 Agreement is the product of a collusive scheme between the

Counter-Defendants to harm CLOH and prejudice CLOH's interests and rights in the

Wrongfully Withheld Funds.

55.     By entering into the 2023 Agreement, U.S. Bank, ACM, and the rest of the

Plaintiff/Counter-Defendants, aided and abetted HCLOF's breaches of fiduciary duty. As

a result of these breaches, and Counter-Defendants aiding and abetting these breaches,

Counter-Defendants have caused damage to CLOH in an amount not less than $12.5

million for which damages CLOH now sues.

56.     CLOH also seeks disgorgement of all funds wrongfully used by

Plaintiffs/Counter-Defendant to pay attorneys' fees and expenses in this litigation or

other litigation.

## PUNITIVE DAMAGES

57.     Counter-Plaintiffs incorporate paragraphs 1-56 of the Counterclaims above

as if fully set forth herein.

58.     Counter-Defendants' breaches, acts of collusion and aiding and abetting

breaches of fiduciary duty were knowing, intentional, malicious and undertaken in bad

faith. In addition to all actual damages, CLOH requests punitive damages be awarded

against Counter-Defendants to punish Counter-Defendants' knowing, intentional, and malicious conduct done in bad faith and to deter others from such willful misconduct.

## DEMAND FOR ATTORNEYS' FEES

59.    Counter-Plaintiffs hereby make a demand for the attorneys' fees and court costs it has sustained in bringing these Counterclaims as may be available under contract, statute, or other law or equity.

## CONDITIONS PRECEDENT

60.    Any and all conditions precedent, if any, to recovery herein have been fully satisfied, have been waived, or Counter-Plaintiffs are estopped by their conduct from asserting otherwise.

## JURY DEMAND

61.    Defendants hereby demand a trial by jury on all issues so triable.

## PRAYER

WHEREFORE,    PREMISES    CONSIDERED,    Counter-Plaintiffs/Defendants Charitable DAF Fund, LP a/k/a The Charitable Donor Advised Fund, L.P. and CLO HoldCo, Ltd. respectfully request that HCLOF be cited to appear and answer herein, and that Counter-Plaintiff have judgment over and against Counter-Defendants, jointly and severally, as appropriate, as follows:

      a.    A declaration that HCLOF Settlement Agreement violates Section 80b-15 of the Advisors Act and is therefore void and unenforceable;

b.     A declaration that the HCLOF Settlement Agreement was the product of collusion, breaches of fiduciary duty, and/or unclean hands, and is therefore unenforceable;

c.     Actual damages as set forth herein;

d.     Disgorgement as set forth herein;

e.     Punitive damages as set forth herein;

f.     Attorneys fees and costs as set forth herein;

g.     Pre-judgment and post-judgment interest as allowed by law.

h.     Such other and further relief as this Court deems just and proper.

Respectfully submitted this 30th day of March, 2023,

By: /s/ *Sawnie A. McEntire*
Sawnie A. McEntire
*Admitted Pro Hac Vice*
Texas Bar No.: 13590100
Fed ID #3476
PARSONS MCENTIRE MCCLEARY PLLC
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Fax: (214) 237-4340
E-mail: smcentire@pmmlaw.com

Roger L. McCleary
*Admitted Pro Hac Vice*
Texas Bar No.: 133937000
Fed. ID #205
PARSONS MCENTIRE MCCLEARY PLLC
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Fax: (713) 960-7347

E-mail: rmccleary@pmmlaw.com

Lindsey R. Skibell
E-mail: rskibell@glennagre.com
Jewel K. Tewiah
E-mail: jtewiah@glennagre.com
GLENN AGRE BERGMAN & FUENTES LLP
1185 Avenue of the Americas
New York, NY 10036
Telephone: 212.358.5600

**Counsel for Defendants/Counter-
Plaintiffs Charitable DAF Fund, LP
a/k/a The Charitable Donor Advised
Fund, L.P., and CLO HoldCo, Ltd.**