Jason C. Hegt
Direct Dial: +1.212.906.1686
Jason.Hegt@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

**LATHAM & WATKINS LLP**

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

May 24, 2023

<u>VIA ECF</u>

Hon. Gregory H. Woods
United States District Judge
United States Courthouse
500 Pearl Street, Courtroom 12C
New York, New York 10007-1312

Re:   *U.S. Bank, National Association, as Trustee, v. The Charitable Donor Advised Fund, L.P. et. al.*, Case No. 1:21-cv-11059, Pre-Motion Letter

Dear Judge Woods:

We represent Counter-Defendant Brigade Capital Management, LP ("<u>Brigade</u>") in the above-referenced matter. We write pursuant to Rule 2(E) of Your Honor's Individual Rules of Practice in Civil Cases to request leave to file a motion (i) joining in certain of the arguments made by Plaintiff/Counter-Defendant Acis Capital Management ("<u>Acis</u>") in its Motion to Dismiss Defendants' Counterclaims, Dkt. 107, and (ii) setting forth additional grounds specific to Brigade for dismissal of NexPoint Strategic Opportunity Fund's ("<u>NexPoint</u>") Counterclaims against Brigade, Dkt. 78 (the "<u>Counterclaims</u>"). In light of the Court's recent pre-motion conference on the related issues raised by Plaintiffs' motion, Brigade is prepared to file its motion expeditiously so that its motion to dismiss can be heard in the same window as Plaintiffs' pending motion.

**Factual Background**

As the Court knows, this lawsuit concerns a collateralized loan obligation ("<u>CLO</u>"), ACIS CLO 2015-6 Ltd. ("<u>Acis 6</u>"). Acis 6 is governed by an indenture agreement among Acis 6, ACIS CLO 2015-6 LLC, and U.S. Bank, as Trustee (the "<u>Indenture</u>"). *See* Countercl. ¶¶ 47-50. At all times relevant to this litigation, Acis has served as the portfolio manager of Acis 6 pursuant to a portfolio management agreement between those two entities (the "<u>PMA</u>"). *See* Countercl. ¶ 56.

In its Counterclaims, NexPoint admits that the "key parties" in this CLO arrangement are the indenture trustee (US Bank) and the portfolio manager and advisor (Acis). *See* Countercl. ¶ 28. Brigade holds none of these roles, and it is undisputed that Brigade is not a party to either the Indenture or the PMA. Brigade is party solely to a separate sub-advisory agreement with Acis. *See* Countercl. ¶ 58. The Counterclaims do not allege a single communication between Brigade and NexPoint.

LATHAM&WATKINS LLP

### NexPoint Fails to State a Claim Against Brigade

NexPoint asserts seven counterclaims against Brigade: breach of fiduciary duty (Count 1); negligence/gross negligence (Count 2); conversion (Count 3); unjust enrichment/assumpsit/money had and received (Count 4); tortious interference with contract (Count 5); aiding and abetting any of Counts 1–5 (Count 6); and declaratory judgment (Count 7).

As an initial matter, Brigade joins the applicable arguments made in Acis's Motion to Dismiss regarding NexPoint's lack of standing to pursue any of the Counterclaims.  Dkt. 107 at 25–39.  Because NexPoint cannot show it has standing to pursue claims against Acis under New York or Cayman Islands law, it certainly cannot show that it has standing to pursue the same claims against Brigade, with whom NexPoint's relationship is even more attenuated.  As to the specific counts challenged by Acis's motion, Brigade also intends to join in Acis's arguments that: (i) NexPoint's negligence claim fails because it is precluded by the "economic loss rule," Dkt. 107 at 40; (ii) NexPoint's conversion claim and its quasi-contract claims are barred because the harms alleged flow directly from alleged breaches of the Indenture and PMA, *id.* at 39; and (iii) NexPoint's tortious interference claim fails to plead an underlying breach of contract, *id.* at 24.

Brigade further anticipates moving to dismiss each of the Counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for additional reasons that are unique to Brigade.  These grounds include that NexPoint has failed to allege a fiduciary relationship between itself and Brigade, much less a breach of any such relationship, and that NexPoint has failed to allege any duty owed to it by Brigade that could give rise to any of its purported counterclaims.

### The Parties Have Entered Into a Proposed Stipulated Briefing Schedule

Brigade was joined as a Counter-Defendant in this action on May 2, 2023, Dkt. 96, and accepted service of the Counterclaims on May 3, 2023, Dkt. 100.  At that time, the Court had already set a schedule for briefing on Plaintiffs' omnibus motion to dismiss and judgment on the pleadings.  Dkt. 97.  Accordingly, NexPoint is currently scheduled to file its opposition to Acis's motion by June 14, 2023, and Acis is then due to file its reply by June 28, 2023.

So that the Court may consider the parties' various motions to dismiss and oppositions together, Brigade respectfully submits that a further pre-motion conference may not be necessary and, if agreeable to the Court, Brigade could file its motion to dismiss on the later of: (i) May 31, 2023; or (ii) two days from the Court's entry of an order granting Brigade leave to file.

We appreciate the Court's consideration of this request.

Respectfully submitted,

  /s/ Jason C. Hegt
Jason C. Hegt
of LATHAM & WATKINS LLP

*Counsel for Brigade Capital Management, LP*

cc:     All counsel of record (via ECF)