Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T  +1 212.872.1000
F  +1 212.872.1002
akingump.com



Uri A. Itkin

+1 212.872.1027/fax: +1 212.872.1002
uitkint@akingump.com

June 8, 2023

VIA NYSCEF AND EMAIL

The Honorable Gregory H. Woods
United States District Judge
United States Courthouse
500 Pearl Street, Courtroom 12C
New York, New York 10007-1312

Re:  <u>U.S. Bank, National Association, et. al. v. The Charitable Donor Advised Fund, L.P. et. al.,</u> No. 1:21-cv-11059 (GHW)

Dear Judge Woods:

      We represent third-party defendant Highland CLO Funding Ltd. ("HCLOF") in the above-referenced matter.  We write pursuant to Rule 2(E) of Your Honor's Individual Rules of Practice in Civil Cases to request leave to file a motion to dismiss the First Amended Answer and Counterclaim, ECF No. 77 (the "Counterclaims") filed by The Charitable Donor Advised Fund, L.P. ("DAF") and CLO HoldCo, Ltd. ("CLOH," and collectively, the "CLOH Parties").

      HCLOF is a Guernsey company with no connection to New York or the underlying claims in this case.  It is already being sued by CLOH in Guernsey based on similar allegations as those giving rise to the Counterclaims.  There is no valid basis to drag HCLOF into this case.

      HCLOF is an investor in the collateral loan obligations at issue in this case (the "ACIS CLOs").  In April 2021, HCLOF entered into a settlement agreement with Joshua Terry ("Terry") and Acis Capital Management, L.P. ("Acis") to resolve certain issues arising out of the Acis bankruptcy so that HCLOF could redeem the ACIS CLOs and cash out.  Unfortunately, Acis did not complete the redemption because the CLOH Parties and NexPoint Diversified Real Estate Trust ("NexPoint") embarked on a litigation campaign against Acis, Terry, and U.S. Bank, National Association ("U.S. Bank").  Acis and U.S. Bank reserved over $40 million of the ACIS CLOs' cash (the "Reserves") to defend against the CLOH Parties' and NexPoint's claims.  In February 2023, HCLOF signed an agreement with Acis and U.S. Bank to release some of the Reserves in exchange for forbearing on HCLOF's objections to the Reserves.

      CLOH holds 49.02% of HCLOF's shares.  It has accused HCLOF of not doing enough to secure the release of the Reserves.  In September 2022, CLOH sought leave from the Texas bankruptcy court to sue HCLOF in Guernsey based on these accusations.  It ultimately filed that suit on March 6, 2023, and the suit is currently pending.  In Guernsey, CLOH seeks a distribution of HCLOF's notes in the ACIS CLOs so CLOH can pursue Acis and U.S. Bank directly.  CLOH recently confirmed that its claims cover HCLOF's February 2023 agreement.



Hon. Gregory H. Woods
June 8, 2023
Page 2

Plaintiffs Acis, U.S. Bank, and Terry filed this case in December 2021 apparently to resolve the CLOH Parties' and NexPoint's actual and threatened claims against them concerning the management of the ACIS CLOs.  On March 30, 2023, after CLOH sued HCLOF in Guernsey, the CLOH Parties asserted the Counterclaims against HCLOF in this Court.  The Counterclaims seek to invalidate HCLOF's April 2021 and February 2023 agreements, and assert a breach of fiduciary duty claim against HCLOF for entering those agreements.  After an unsuccessful meet and confer call on June 6, 2023, HCLOF seeks permission to move to dismiss the Counterclaims based on dispositive procedural and substantive deficiencies.

**I.     The Counterclaims Are Procedurally Deficient**

There is no procedural basis to drag HCLOF into this Court.  The Court lacks personal jurisdiction over HCLOF because HCLOF is a Guernsey company with no business or contacts to New York.  *See Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792 (S.D.N.Y. 2015), aff'd, 660 F. App'x 43 (2d Cir. 2016) (dismissing claims for lack of personal jurisdiction).  Contrary to the CLOH Parties' assertion, the mere fact that HCLOF intervened to dismiss NexPoint's claims in another litigation before this Court does not satisfy the minimum contact test.  *See MacDermid Printing Sols., LLC v. Chemence, Inc.*, 2006 WL 8447788, at *4 (D. Conn. July 28, 2006) ("[P]rior lawsuits do not furnish a basis for long arm jurisdiction").

There is also no subject matter jurisdiction.  There is no diversity between HCLOF, a Guernsey company, and CLOH, a Cayman Islands entity.  *See Tagger v. Strauss Group Ltd.*, 951 F.3d 124 (2d Cir. 2020) (Federal courts "do not have diversity jurisdiction over lawsuits between two foreign parties.").  There is also no federal question jurisdiction since the Counterclaims concern HCLOF's duties to CLOH, which are governed by Guernsey law.  The CLOH Parties' conclusory references to the Investment Advisor Act ("IAA") are irrelevant, as HCLOF is not subject to and owes them no duties under the IAA.  *See Tasini v. New York Times Co.*, 184 F. Supp. 2d 350, 358 (S.D.N.Y. 2002) ("The mere inclusion of a federal issue in a state cause of action does not guarantee the presence of federal question jurisdiction").

There is also no reason to drag HCLOF into this case under the guise of supplemental jurisdiction.  HCLOF is a bystander and the Counterclaims against it have nothing to do with the alleged mismanagement of the ACIS CLOs, which is at the heart of this case.  *See Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004) ("essential facts of the [counterclaims must be] so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.").  Moreover, CLOH is already suing HCLOF in Guernsey concerning largely the same matters raised in the Counterclaims.  *See Roman y Gordillo, S.C. v. The Bank of New York Mellon Corp.*, 2015 WL 5786460, at *23 (S.D.N.Y. Sept. 29, 2015) (declining to exercise supplemental jurisdiction over third party claims in part because claims arise from a dispute between two Mexican citizens already involved in ongoing litigation there).



Hon. Gregory H. Woods
June 8, 2023
Page 3

## II.     The Counterclaims Are Also Substantively Meritless

The Counterclaims also fail to state a claim.  It is settled law that as non-parties to HCLOF's agreements with Plaintiffs, the CLOH Parties cannot enforce, let alone invalidate, those agreements.  *See Rynasko v. New York Univ.*, 63 F.4th 186, 194 (2d Cir. 2023) ("A non-party to a contract governed by New York law lacks standing to enforce the agreement in the absence of terms that 'clearly evidence an intent to permit enforcement by the third party' in question."); *Smiley v. Oxford Cap., LLC*, 100 F. App'x 970, 973 (5th Cir. 2004) ("Only if upon showing that parties to a contract intended to enter it for benefit of a non-party, can the non-party enforce the contract.").

The CLOH Parties also cannot assert a claim for breach of fiduciary duty against HCLOF because CLOH is HCLOF's shareholder and HCLOF does not owe its shareholders a fiduciary duty.  *See* ECF No. 107 at 12 (explaining the absence of such duties under Guernsey law); *see also Mindspirit, LLC v. Evalueserve Ltd.*, 2016 WL 11707410, at *7 (S.D.N.Y. Sept. 26, 2016) (dismissing breach of fiduciary duty claim against Bermuda corporation because a corporation does not owe fiduciary duties to its shareholders under Bermuda and New York law).

## III.    The Counterclaims Should Be Stayed At Minimum

At minimum, to avoid duplication, this Court should stay the Counterclaims pending the resolution of CLOH's case against HCLOF in Guernsey.  That case already concerns HCLOF's decision to enter into the February 2023 agreement with Acis and U.S. Bank.  There is thus no reason for this Court to wade into those issues, especially because they implicate questions of Guernsey law.  Accordingly, HCLOF respectfully requests leave to file a motion to dismiss or stay the Counterclaims against it by the CLOH Parties.

Respectfully submitted,

*/s/ Uri A. Itkin*

Uri A. Itkin

cc:  All counsel of record.