

Reid Skibell
rskibell@glennagre.com
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
212.970.1610

June 9, 2023

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re:   *U.S. Bank National Association, et al. v. The Charitable Donor Advised Fund, L.P. and CLO HoldCo Ltd.,* Civil Action No: 1:21-cv-11059-GHW

Dear Judge Woods,

This letter is submitted on behalf of defendants Charitable DAF Fund, LP a/k/a The Charitable Donor Advised Fund, L.P. ("DAF"), and CLO Holdco, Ltd. ("CLOH") (collectively, "DAF Defendants"). Pursuant to Your Honor's Individual Motion Practices, I write to request an extension of time for the DAF Defendants to submit their opposition, which is currently due June 14, 2023, to plaintiffs' pending Motion to Dismiss the DAF Defendants' Counterclaims and for Judgment on the Pleadings on Plaintiffs' Claims. (Dkt. No. 106) (the "Motion").

The Motion raises complicated issues of foreign law. Based on a further analysis of Guernsey law, the DAF Defendants have determined that the counterclaims should be amended to better conform the underlying facts to the legal rights that the DAF Defendants possess under Guernsey law. Accordingly, the DAF Defendants intend to file a motion for leave to amend their counterclaims, which will address any alleged deficiencies set forth in the Motion. This extension of time will help resolve the Motion in an efficient manner—rather than submitting an opposition and a motion for leave to amend, the DAF Defendants will only submit a motion for leave, which can be briefed on a reasonable schedule.

Additionally, the DAF Defendants recently learned that their proposed expert on Guernsey law works for a law firm that previously did work for one or more of the parties to the case. While this representation does not raise a conflict under applicable law, we promptly reached out to the other parties to learn their respective positions, and earlier today we were informed by newly joined counter-defendant HCLOF that it objects to our use of this legal expert. We are now in the process of locating a new expert.

Plaintiffs' Motion also seeks a judgment on the pleadings predicated, at least in part, on its interpretation of Guernsey law. There is some intersection between some of the DAF Defendants' claims and some of the issues raised in Plaintiffs' motion for judgment on the pleadings. Plaintiffs' Motion also attaches affidavits and other evidence that effectively mandate discovery. Everything should be resolved at one time.

Glenn Agre Bergman & Fuentes LLP
New York
San Francisco
glennagre.com

GLENN AGRE BERGMAN & FUENTES 

    To address the aforementioned issues, the DAF Defendants respectfully request that the Court grant them, at a minimum, a three-week extension of time to respond to the Motion,[1] which would move the deadline from June 14, 2023, to July 5, 2023.

    Plaintiffs do not consent to the DAF Defendants' request because they purportedly believe that the DAF Defendants should have amended their counterclaims as a matter of right at an earlier juncture, and they claim that this request for an extension represents "delay tactics." As we have endeavored to explain to them, the counterclaims were filed as part of an answer that had already been amended as of right.  Accordingly, the Federal Rule of Civil Procedure 15(a)(1) dictates that the DAF Defendants must seek the Court's consent to an amendment because the Plaintiffs will not agree to an amendment.  As for the supposed delay, the DAF Defendants have been diligently engaged in discovery, as should be apparent from the joint letter recently filed. A three-week extension should not prejudice the Plaintiffs in any way.  This is the DAF Defendants' first request for an extension of time to respond to the Motion.

    We are available to address any questions the Court may have about this request.

Respectfully submitted,

/s/ *Lindsey (Reid) Skibell*
Reid Skibell

---

[1] The Court is also considering the current discovery dispute. The Court's decision concerning the pending discovery dispute may also impact scheduling.