**CAYMAN ISLANDS**



# EXEMPTED LIMITED PARTNERSHIP ACT

**(2021 Revision)**

**Supplement No. 3 published with Legislation Gazette No. 9 of 29th January, 2021**

.

EXHIBIT

2

      (i)    the end of the working day, where the application and all fees are received by 12 noon; or

      (ii)    12 noon on the following working day, where the application and all fees are received after 12 noon.

(2) The express fee referred to in subsection (1) is —

   (a) four hundred dollars for an application referred to in paragraph (a) of subsection (1); and

   (b) one hundred dollars for an application referred to in paragraph (b) of subsection (1).

**Modification of general law**

**14**. (1) A limited partner shall not take part in the conduct of the business of an exempted limited partnership in its capacity as a limited partner.

(2) All letters, contracts, deeds, instruments or documents whatsoever shall be entered into by or on behalf of the general partner (or any agent or delegate of the general partner) on behalf of the exempted limited partnership.

**Agreement may specify delegation of authority**

**15**. Where an exempted limited partnership has more than one general partner and this Act gives an authority, consent or power but not an obligation or liability, to the general partner, the partnership agreement may specify which general partner is entitled to exercise that authority, consent or power to the exclusion of any other general partner.

**Property**

**16**. (1) Any rights or property of every description of the exempted limited partnership, including all choses in action and any right to make capital calls and receive the proceeds thereof that is conveyed to or vested in or held on behalf of any one or more of the general partners or which is conveyed into or vested in the name of the exempted limited partnership shall be held or deemed to be held by the general partner and if more than one then by the general partners jointly, upon trust as an asset of the exempted limited partnership in accordance with the terms of the partnership agreement.

(2) Any debt or obligation incurred by a general partner in the conduct of the business of an exempted limited partnership shall be a debt or obligation of the exempted limited partnership.

(3) The assets of an exempted limited partnership, or any class of assets, may be the subject of a floating charge, whether or not the partners of the exempted limited partnership, or any of them, are companies, overseas companies or bodies corporate.



an assignment or disposition by a general partner, the consent of any other general partner given prior to, or simultaneously with, the assignment or disposition.

(12) A partnership agreement may provide that, as against any other partner, any assignment or other disposition by a partner of any right, debt or other chose in action arising under a partnership agreement shall confer economic rights only and for the purposes of this section "**economic rights**" are —

   (a) any rights to make and enforce capital calls, to receive the proceeds thereof and to enforce payment of, and receive any sums payable to the partner including the rights on the winding up and dissolution of the exempted limited partnership;

   (b) the right to receive a share of profits of the exempted limited partnership or a share of the property on its winding up and dissolution;

   (c) the right to an account for the purpose of ascertaining the amount or share of any of the foregoing; and

   (d) any other rights that are expressly stated in the partnership agreement to be assignable.

(13) Any consent of a general partner required by this section may, subject to any express provision of the partnership agreement to the contrary, be withheld in the general partner's sole discretion.

(14) Any notice of any assignment or other disposition referred to in subsection (11) that may be required or permitted to be given to any one or more of the other general partners of an exempted limited partnership shall, notwithstanding any other rule of law or equity, be deemed to have been so given if given to the exempted limited partnership.

**Proceedings**

**33**. (1) Subject to subsection (3), legal proceedings by or against an exempted limited partnership may be instituted by or against any one or more of the general partners only, and a limited partner shall not be a party to or named in the proceedings.

   (2) If the court considers it just and equitable any person or a general partner shall have the right to join in or otherwise institute proceedings against any one or more of the limited partners who may be liable under section 20(1) or to enforce the return of the contribution, if any, required by section 34(1).

   (3) A limited partner may bring an action on behalf of an exempted limited partnership if any one or more of the general partners with authority to do so have, without cause, failed or refused to institute proceedings.

   (4) If any action taken pursuant to subsection (3) is successful, in whole or in part, as a result of a judgment, compromise or settlement of any action, the court may



award any limited partner bringing any action reasonable expenses, including attorney's fees, from any recovery in any action or from an exempted limited partnership.

**Return of contributions**

**34**. (1) If a limited partner receives a payment representing a return of any part of that person's contribution or is released from any outstanding obligation in respect of that person's commitment and at the time that the payment was made or the release effected —

   (a) the exempted limited partnership is insolvent including where the payment or release causes the insolvency; and

   (b) the limited partner has actual knowledge of the insolvency of the exempted limited partnership,

then for a period of six months commencing on the date of that payment or release but not thereafter, the limited partner shall be liable to the exempted limited partnership for the amount of the payment or the due performance of the released obligation in respect of that person's commitment in each case to the extent that the repayment or performance of the released obligation is necessary to discharge a debt or obligation of the exempted limited partnership incurred during the period that the contribution or commitment represented an asset of the exempted limited partnership.

(2) Any amount required to be repaid pursuant to this section shall, unless the partnership agreement specifies otherwise, bear simple interest at the rate of ten per cent per annum, calculated on a daily basis.

(3) The partnership agreement may specify —

   (a) that no interest shall apply;

   (b) that a different rate of interest, including a compound rate shall apply; or

   (c) a different basis for calculating interest payable.

**Manner in which partnership may not be dissolved**

**35**. Subject to any express or implied term of the partnership agreement to the contrary —

   (a) an exempted limited partnership shall not be dissolved nor the partnership agreement terminated by —

      (i) changes in, additions to or substitutions of any one or more of the partners;

      (ii) the transfer of the whole or part of the partnership interest of a limited partner;

      (iii) the death, bankruptcy, dissolution, removal, withdrawal or winding up of a limited partner or a limited partner's withdrawal or

