**CAYMAN ISLANDS**



# COMPANIES ACT

**(2023 Revision)**

**Supplement No. 3 published with Legislation Gazette No. 1 dated 12th January, 2023.**

EXHIBIT

3

between two or more members or alleged members, or between any members or alleged members and the company, and generally, the Court may, in any such proceeding, decide any question that it may be necessary or expedient to decide for the rectification of the register:

Provided that the Court may direct an issue to be tried, on which any question of law may be raised.

### Notice to Registrar of rectification of register

**47**.  Whenever any order has been made rectifying the register, in the case of a company required by this Act to send a list of its members to the Registrar, the Court shall, by its order, direct that due notice of such rectification be given to the Registrar.

### Register to be evidence

**48**.  The register of members shall be *prima facie* evidence of any matters by this Act directed or authorised to be inserted therein.

## Liability of Members

### Liability of present and past members of company

**49**.  In the event of a company being wound up every present and past member of such company shall be liable to contribute to the assets of the company to an amount sufficient for payment of the debts and liabilities of the company, and the costs, charges and expenses of the winding up and for the payment of such sums as may be required for the adjustment of the rights of the contributories amongst themselves:

Provided that —

   (a)  a past member shall not be liable to contribute to the assets of the company if that person has ceased to be a member for a period of one year or upwards prior to the commencement of the winding up;

   (b)  a past member shall not be liable to contribute in respect of any debt or liability of the company contracted after the time at which that person ceased to be a member;

   (c)  a past member shall not be liable to contribute to the assets of the company unless it appears to the Court that the existing members are unable to satisfy the contributions required to be made by them under this Law;

   (d)  in case of a company limited by shares, no contribution shall be required from any member exceeding the amount, if any, unpaid on the shares in respect of which that person is liable as a present or past member except where such member or past member holds or held shares of a class which are expressly stated in the memorandum of association to carry unlimited liability, as provided in section 8(2);



"**professional service provider**" means a person who contracts to provide general managerial or administrative services to a company on an annual or continuing basis;

"**qualified insolvency practitioner**" means a person holding the qualifications specified in the regulations made by the Insolvency Rules Committee under section 155 or such other qualifications as the Court considers appropriate for the conduct of the winding up of a company;

"**Rules**" mean rules prescribed by the Insolvency Rules Committee;

"**shadow director**" means, in relation to a company, any person in accordance with whose directions or instructions the directors of the company are accustomed to act, but the person is not deemed to be a shadow director by reason only that the directors act on advice given by that person in a professional capacity; and

"**winding up order**" includes an order that a voluntary winding up continue under the supervision of the Court and references to a company being wound up by the Court includes a company which is being wound up under the supervision of the Court.

## Alternative modes of winding up

**90**. A company may be wound up —

    (a) compulsorily by order of the Court;

    (b) voluntarily —

        (i) by virtue of a special resolution;

        (ii) because the period, if any, fixed for the duration of the company by its articles of association has expired; or

        (iii) because the event, if any, has occurred, on the occurrence of which its articles of association provide that the company shall be wound up; or

    (c) under the supervision of the Court.

## Jurisdiction of the Court

**91**. The Court has jurisdiction to make winding up orders in respect of —

    (a) an existing company;

    (b) a company incorporated and registered under this Law;

    (c) a body incorporated under any other law; and

    (d) a foreign company which —

        (i) has property located in the Islands;

        (ii) is carrying on business in the Islands;

        (iii) is the general partner of a limited partnership; or



### Appointment of official liquidator

**105**. (1)   For the purpose of conducting the proceedings in winding up a company and assisting the Court therein, there may be appointed one or more than one person to be called an official liquidator or official liquidators; and the Court may appoint to such office such person as it thinks fit, and if more persons than one are appointed to such office, the Court shall declare whether any act hereby required or authorised to be done by the official liquidator is to be done by all or any or more of such persons.

(2)   The Court may also determine whether any and what security is to be given by an official liquidator on that person's appointment; and if no official liquidator is appointed, or during any vacancy in such office, all the property of the company shall be in the custody of the Court.

(3)   The liquidator shall, within twenty-eight days of the date upon which the winding up order is made, summon —

(a)   a meeting of the company's creditors if the order was made on the grounds that the company is insolvent; or

(b)   a meeting of the company's contributories if the order was made on grounds other than insolvency,

for the purposes of resolving any other matters which the liquidator puts before the meeting.

(4)   The Court may make an order dispensing with the need to summon a meeting under this section or extending the time within which it shall be summoned.

### Appointment of joint liquidators

**106**.  When two or more persons are appointed to the office of liquidator, either provisionally or as official liquidators, they shall be authorised to act jointly and severally, unless their powers are expressly limited by order of the Court.

### Removal of official liquidators

**107**.  An official liquidator may be removed from office by order of the Court made on the application of a creditor or contributory of the company.

### Qualifications of official liquidators

**108**. (1)   A foreign practitioner may be appointed to act jointly with a qualified insolvency practitioner.

(2)   Official liquidators are officers of the Court.

### Remuneration of official liquidators and restructuring officers

**109**. (1)   The expenses properly incurred in the winding up, including the remuneration of the liquidator, are , subject to subsection (2), payable out of the company's assets in priority to all other claims.



(2) Where a company is wound up, the expenses properly incurred in any petition for a restructuring officer and during the term of appointment of the restructuring officer appointed —

    (a) under section 91B(3)(a); or

    (b) on an interim basis under section 91C(3), including the remuneration of the restructuring officer, are payable out of the company's assets in priority to all other claims.

(3) There shall be paid to a restructuring officer, including a restructuring officer appointed on an interim basis, and the official liquidator, such remuneration, by way of percentage or otherwise, that the Court may direct acting in accordance with rules made under section 155.

(4) If more than one restructuring officer, including a restructuring officer appointed on an interim basis, is appointed by the Court under section 91B or 91C, the remuneration paid under subsection (3) shall be distributed among the restructuring officers in such proportions as the Court may direct.

(5) If more than one official liquidator is appointed by the Court when a company is wound up, the remuneration paid under subsection (3) shall be distributed among the official liquidators in such proportions as the Court may direct.

**Function and powers of official liquidators**

**110.** (1) It is the function of an official liquidator —

    (a) to collect, realise and distribute the assets of the company to its creditors and, if there is a surplus, to the persons entitled to it; and

    (b) to report to the company's creditors and contributories upon the affairs of the company and the manner in which it has been wound up.

(2) The official liquidator may —

    (a) with the sanction of the Court, exercise any of the powers specified in Part I of Schedule 3; and

    (b) with or without that sanction, exercise any of the general powers specified in Part II of Schedule 3.

(3) The exercise by the liquidator of the powers conferred by this section is subject to the control of the Court, and subject to subsection (5), any creditor or contributory may apply to the Court with respect to the exercise or proposed exercise of such powers (hereinafter referred to as a "sanction application").

(4) In the case of —

    (a) a solvent company, a sanction application may only be made by a contributory and the creditors shall have no right to be heard;

    (b) an insolvent company, a sanction application may only be made by a creditor and the contributories shall have no right to be heard; and



(b) the supervision of the Court will facilitate a more effective, economic or expeditious liquidation of the company in the interests of the contributories and creditors.

**Appointment of official liquidator**

**132**. (1)  When making a supervision order the Court —

    (a) shall appoint one or more qualified insolvency practitioners; and

    (b) may, in addition, appoint one or more foreign practitioners,

as liquidator or liquidators of the company and section 105 shall apply as if the Court had made a winding up order.

(2) Unless a voluntary liquidator is appointed as an official liquidator, that person shall prepare a final report and accounts within twenty-eight days from the date of the supervision order.

**Effect of supervision order**

**133**. A supervision order shall take effect for all purposes as if it was an order that the company be wound up by the Court except that —

    (a) the liquidation commenced in accordance with section 117; and

    (b) the prior actions of the voluntary liquidator shall be valid and binding upon the company and its official liquidator.

## Offences of fraud, etc.

**Fraud, etc. in anticipation of winding up**

**134**. (1) Where a company is ordered to be wound up by the Court, or passes a resolution for voluntary winding up, any person, who is or was an officer, professional service provider, voluntary liquidator, restructuring officer or controller of the company and who, within the twelve months immediately preceding the commencement of the winding up, has —

    (a) concealed any part of the company's property to the value of ten thousand dollars or more or concealed any debt due to or from the company;

    (b) removed any part of the company's property to the value of ten thousand dollars or more;

    (c) concealed, destroyed, mutilated or falsified any documents affecting or relating to the company's property or affairs;

    (d) made any false entry in any documents affecting or relating to the company's property or affairs;

    (e) parted with, altered or made any omission in any document affecting or relating to the company's property or affairs; or



(f) pawned, pledged or disposed of any property of the company which has been obtained on credit and has not been paid for (unless the pawning, pledging or disposal was in the ordinary way of the company's business),

with intent to defraud the company's creditors or contributories commits an offence and is liable on conviction to a fine and to imprisonment for five years.

(2) In this section —

"**officer**" includes a shadow director.

### Transactions in fraud of creditors

**135**. Where a company is ordered to be wound up by the Court or passes a resolution for voluntary winding up, any officer, restructuring officer, controller or professional service provider of the company who —

(a) has made or caused to be made any gift or transfer of, or charge on, or has caused or connived at the levying of any execution against, the company's property; or

(b) has concealed or removed any part of the company's property,

with intent to defraud the company's creditors or contributories commits an offence and is liable on conviction to a fine and to imprisonment for five years.

### Misconduct in course of winding up

**136**. (1) Where a company is being wound up, whether by the Court or voluntarily, a person who is or was a director, officer, restructuring officer, controller or professional service provider of the company and who —

(a) does not to the best of that person's knowledge and belief fully and truly discover to the liquidator —

(i) all the company's property (except such part as has been disposed of in the ordinary way of the company's business);

(ii) the date on which and manner in which the company's property or any part thereof property was disposed of, if it was disposed of;

(iii) the persons to whom any property was transferred, if it was disposed of; or

(iv) the consideration paid for any property which was disposed of;

(b) does not deliver up to the liquidator or does not deliver up in accordance with the directions of the liquidator any of the company's property which is in that person's custody or under that person's control, and which that person is required by law to deliver up;

(c) does not deliver up to the liquidator or does not deliver up, in accordance with the directions of the liquidator, all documents in that person's custody



or under that person's control which belong to the company and which that person is required by law to deliver up;

(d) knows or believes that a false debt has been proved by any person in the winding up and fails to inform the liquidator of such knowledge or belief as soon as practicable;

(e) prevents the production of any document affecting or relating to the company's property or affairs; or

(f) destroys, mutilates, alters or falsifies any books, papers or securities, or makes or is privy to the making of any false or fraudulent entry in any register, book of account or document belonging to the company,

with intent to defraud the company's creditors or contributories commits an offence and is liable on conviction to a fine of twenty five thousand dollars or to imprisonment for a term of five years, or to both.

(2) In this section —

"**officer**" includes a shadow director.

## Material omissions from statement relating to company's affairs

**137**. (1) Where a company is being wound up, whether by the Court or voluntarily, a person who is or was a director, an officer, a manager, restructuring officer, controller or a professional service provider of the company, commits an offence if that person makes any material omission in any statement relating to the company's affairs, with intent to defraud the company's creditors or contributories.

(2) A person who commits an offence under subsection (1) is liable on conviction to a fine of twenty-five thousand dollars or to imprisonment for a term of five years, or to both.

(3) In this section —

"**officer**" includes a shadow director.

# General provisions

## Getting in the company's property

**138**. (1) Where any person has in that person's possession any property or documents to which the company appears to be entitled, the Court may require that person to pay, transfer or deliver such property or documents to the official liquidator.

(2) Where the official liquidator seizes or disposes of any property which that person reasonably believed belonged to the company, that person shall not be personally liable for any loss or damage caused to its true owner except in so far as such loss or damage is caused by that person's own negligence.



# SCHEDULE 2

*(section 141)*

## Categories of Preferred Debts

### *Category 1: Debts due to employees*

1. Any sum due by the company to an employee, whether employed in the Islands or elsewhere, in respect of —

    (a)  salaries;

    (b)  wages; and

    (c)  gratuities,

    accrued due during the four months immediately preceding the commencement of the liquidation.

2. Any sum due and payable by the company on behalf of an employee in respect of medical health insurance premiums or pension fund contributions.

3. Where a contract of employment has been terminated as a consequence of the company going into liquidation, any sum due by the company to any former employee in respect of:

    (a)  severance pay; and

    (b)  earned vacation leave.

4. Any sum payable to a workman in respect of compensation pursuant to the *Workmen's Compensation Act (1996 Revision)*.

5. An employee may claim in the liquidation as an ordinary creditor in respect of any other sum due to that person pursuant to or by virtue of the breach of that person's contract of employment or any tortious claim against the company.

6. The words and expressions used in paragraphs 1 and 2 have the meanings ascribed to them by the *Labour Act (2021 Revision)*.

### *Category 2: Debts due to bank depositors*

1. Any sum due to eligible depositors who have deposits with a company which —

    (a)  is incorporated in the Islands; and

    (b)  held an "A" licence issued under the *Banks and Trust Companies Act (2021 Revision)*,

    and which does not exceed the deposit limit.

2. The following depositors are not eligible depositors —



    (a)  a person who holds or is considered to hold a deposit after the presentation of the petition for the winding up of the bank or the commencement of the voluntary winding up of the bank (except in the case of the death of the owner of the deposit); and

    (b)  the following persons making deposits as —

        (i)  a person licensed under section 6(1) of the *Banks and Trust Companies Act (2021 Revision)*;

        (ii)  a person authorised, licensed or recognised as a bank or deposit holder in a country or territory outside the Islands;

        (iii)  a person who, in the opinion of the Court, has any responsibility for, or may have profited, or may profit, directly or indirectly, from the winding up;

        (iv)  a person who was, at the date of presentation of the petition for the winding up of the bank or the commencement of the voluntary winding up of the bank, a director, controller or manager of the bank or who, in the opinion of the court exercised such functions;

        (v)  a person who is the legal or beneficial owner of five percent or more of the shares of all classes issued by the bank; or

        (vi)  a company or corporation, whether or not incorporated in the Islands, which is, at the date of the presentation of the petition for the winding up of the bank or the commencement of the voluntary winding up of the bank, a parent, subsidiary or fellow subsidiary of the bank, or which is in common ownership with the bank.

3.  The deposit limit is twenty thousand dollars in respect of each eligible depositor or its equivalent in any foreign currency for which purpose the applicable exchange rate shall be that determined by the Court in accordance with section 150.

4.  For the purpose of calculating the amount of eligible deposits —

    (a)  separate deposits in the same legal or beneficial ownership shall be aggregated and treated as one deposit;

    (b)  the ownership of a deposit in joint names shall be deemed to be divided equally between the joint depositors;

    (c)  the ownership of a deposit in the name of a partnership shall be deemed to be divided equally among the partners;

    (d)  a deposit which is a client account, and which is designated as such, shall be treated as a separate deposit, made by the client of the depositor, of amounts corresponding to the amount to which such client is entitled; and

    (e)  the amount of each eligible deposit shall be reduced by the amount of any liability of the depositor to the bank in respect of which a right of set-off



existed at the date of the presentation of the petition for the winding up of the bank, or the commencement of the voluntary winding up of the bank.

### *Category 3: Taxes due to the Government*

1. Sums due in respect of duty and penalties payable under the *Customs and Border Control Act (2022 Revision)*.
2. Sums due in respect of fees payable under this Law.
3. Sums due in respect of duty and penalties payable under the *Stamp Duty Act (2019 Revision)*.
4. Sums due in respect of licence fees payable under the regulatory laws.
5. Sums due in respect of taxes payable under the *Tourist Accommodation (Taxation) Act (2013 Revision)*.

