L. JJ.
1875
July 28.

MACDOUGALL *v.* GARDINER.

[1874 M. 200.]

*Company—Directors calling a Meeting—Jurisdiction.*

Where, by the articles of association of a company, the directors, and in the alternative a certain portion of the shareholders, can summon a meeting of the company, the Court will not order the directors to summon a meeting for the general purposes of the company.

Order of *Malins*, V.C., reversed.

THE bill in this suit was filed by *A. W. MacDougall*, on behalf of himself and all other shareholders in the *Emma Mining Company* (except the Defendants), against the four directors of the company and Mr. *Hutton*, whose position as director was denied by the Plaintiff, and against the company. The bill stated and the Plaintiff deposed to the formation of the company, and that the Plaintiff held 350 shares, and that the Plaintiff wished to become a director, but was opposed by the other directors. That at a meeting of the company on the 15th of May, 1874, the Defendant Mr. *Hutton* was declared by the chairman to be elected a director. That the Plaintiff then filed a bill to have it declared that he was a director, but by filing demurrers the Defendants had prevented the Plaintiff from obtaining the proper information. That on the requisition of the Plaintiff and others a general meeting of the company was held on the 14th of October, 1874; and the bill stated that there were many irregularities in the conduct of that meeting. And the bill prayed a declaration to that effect, and a declaration that certain resolutions were duly passed at that meeting, and were binding on the directors, and in the alternative that a meeting of shareholders might be forthwith summoned for the purpose of having those resolutions submitted to the meeting.

By the articles of association of the company the directors had power at their discretion to summon a meeting; and were, upon a requisition by members of the company holding in the aggregate shares to the nominal amount of one-fifth of the capital of the company, to convene a special general meeting; and if the

EXHIBIT
17

directors did not proceed to convene the meeting within thirty days, then the requisitionists, or any other members holding the required amount of shares or stock, might themselves convene a meeting.

L. JJ.
1875
MACDOUGALL
v.
GARDINER.

The Plaintiff, on the 29th of June, moved in this suit that a certain injunction already granted might be continued, and for production of documents, and for leave to amend by striking out the name of the company as Defendant and adding the company as co-Plaintiff. On this motion, the Defendants undertaking not to make any arrangement with the vendors of the mine until such arrangement should have been submitted to the shareholders, an order was made by Vice-Chancellor *Malins* for production, and "that the Defendants do forthwith summon a general meeting of the company to take steps for electing a governing body of the Defendant company, and for general purposes."

A motion was now made on behalf of the company by way of appeal, that so much of the order as directed a meeting to be summoned might be discharged.

Mr. *J. Pearson*, Q.C., and Mr. *Colt*, for the company:—

The Court has no authority to direct a company to call a meeting for general purposes: *Mozley* v. *Alston* (1). The shareholders can themselves convene a meeting. No doubt a case might be made for the interference of the Court, but no such case has been made here.

Mr. *Higgins*, Q.C., and Mr. *Wintle*, for the directors.

Mr. *Glasse*, Q.C., and Mr. *Robinson*. Q.C., for the Plaintiff:—

The Plaintiff says that the directors were improperly elected, and this is a bill to rectify the impropriety. We want to amend and make the company co-Plaintiff, and in order to do that we ought to know what is the wish of the company, and that can only be done by a meeting. The meeting was suggested by the Vice-Chancellor, and no proceeding can be more proper. *Atwool* v. *Merryweather* (2), *Featherstone* v. *Cooke* (3), are clear authorities

---

(1) 1 Ph. 790.　　　　(2) Law Rep. 5 Eq. 464, n.
(3) Law Rep. 16 Eq. 298.

L. JJ.
1875

MACDOUGALL
*v.*
GARDINER.

as to the power of the Court to direct a meeting to be summoned.

SIR W. M. JAMES, L.J. :—

I am of opinion that this order cannot be sustained. Perhaps it is to be regretted that the Court has no jurisdiction in these matters to do what is right or what is beneficial for the parties, but Lord *Cottenham* seems to have indicated clearly in *Mozley* v. *Alston* (1) that the Court has no jurisdiction whatever to do that which it is for the company itself to do according to the provisions of the articles. If a general meeting is wanted for any purpose, then the directors, if they think it for the interests of the company, have power to call a general meeting; but I do not think that the Court has any jurisdiction to compel the directors to call the meeting, when they may honestly think it not for the interests of the company to do so. Then if the directors do not call the meeting, it is left to the shareholders to call it, with these restrictions, that before the company can be called together, and before they can be put to any such inconvenience, one-fifth of the shareholders must give in a requisition to the directors, and if one-fifth do not join in it, then there is no power to call the meeting.

Now, what power have we to say that a general meeting is to be called, if the directors do not think it right, and if one-fifth of the shareholders will not sign a requisition for the purpose? We have no authority, and there is, as it appears to me, no reason why we could interfere to do that which the shareholders have a right to do for themselves. The great principle laid down in the two cases of *Mozley* v. *Alston* and *Foss* v. *Harbottle* (2) was, that whatever should be done by the company itself through its own internal organization, ought to be left to the company, and ought not to be interfered with by this Court. In the cases which have been cited, and upon the statement of which the Vice-Chancellor seems to have altered his original opinion, there was a doubt whether the legal proceedings had been authorized by the company; and the Court said that a meeting ought to be summoned in order to ascertain whether the company desired its name to be continued

(1) 1 Ph. 790.　　　　　　　　　(2) 2 Hare, 461.

Case 1:21-cv-11059-GHW  Document 141-17  Filed 06/14/23  Page 4 of 4

as Plaintiff or Defendant. Of course that was a very obvious and very necessary proceeding, but that is not a direction to call a meeting for any purpose connected with the management of the company, or to do anything which the company could do for itself according to its own organization.

L. JJ.

1875

MACDOUGALL
v.
GARDINER.

I am of opinion that the order so far as appealed from ought to be discharged, on the ground which the Vice-Chancellor originally took, viz., that there is no jurisdiction.

SIR G. MELLISH, L.J.:—

I am of the same opinion. I cannot see how the Court has power to take the management of the company out of the hands of the directors, at any rate whilst the question is still in litigation, whether they are properly directors or not. If a case happened in which there were no directors, or in which there was a majority, and they had neglected to appoint directors, or directors had died, so that there was not a quorum, then I do not say whether the Court might not have yielded to the proposal to summon a meeting in order to prevent the company from altogether coming to an end. In this case it is not necessary to consider that question, as there is a board of directors who are *de facto* acting, and it has not been determined that they were not properly appointed. Under these circumstances, I cannot see how the Court can deprive them of the discretion which is given them by the articles. By the articles it is in their discretion whether to summon a meeting or not, and the Court cannot take the management of the company in that respect out of their hands.

Solicitors for the Plaintiff: Messrs. *Valpy & Chaplin.*

Solicitors for the Defendants: Messrs. *Sole, Turners, & Knight;* Messrs. *Bischoff, Bompas, & Bischoff.*