**CAYMAN ISLANDS**



**Grand Court Act**

**(2015 Revision)**

# GRAND COURT RULES

**(2023 Revision)**

## VOLUME I - ORDERS

**Supplement No. 1 published with Legislation Gazette No. 3 dated 19th January, 2023.**

*(Published in electronic format only)*

EXHIBIT

28

dispute liability to have the judgment or order enforced against that person on the ground that by reason of facts and matters particular to this case that person is entitled to be exempted from such liability.

(6) The Court hearing an application for the grant of leave under paragraph (3) may order the question whether the judgment or order is enforceable against the person against whom the application is made to be tried and determined in any manner in which any issue or question in an action may be tried and determined.

**Derivative actions (O.15, r.12A)**

**12A.**(1) This rule applies to every action begun by writ by one or more shareholders of a company where the cause of action is vested in the company and relief is accordingly sought on its behalf (referred to in this rule as a "**derivative action**").

(2) Where a defendant in a derivative action has given notice of intention to defend, the plaintiff must apply to the Court for leave to continue the action.

(3) The application must be supported by an affidavit verifying the facts on which the claim and the entitlement to sue on behalf of the company are based.

(4) Unless the Court otherwise orders, the application must be issued within 21 days after the relevant date, and must be served, together with the affidavit in support and any exhibits to the affidavit, not less than 10 clear days before the return day on all defendants who have given notice of intention to defend; any defendant so served may show cause against the application by affidavit or otherwise.

(5) In paragraph (4), the relevant date means the later of —
   (a) the date of service of the statement of claim;
   (b) the date when notice of intention to defend was given, provided that, where more than one notice of intention to defend is given, that date shall be the date when the first notice was given.

(6) Nothing in this rule shall prevent the plaintiff from applying for interlocutory relief pending the determination of an application for leave to continue the action.

(7) In a derivative action, O.18, r.2(1) (time for service of defence) shall not have effect unless the Court grants leave to continue the action and, in that case, shall have effect as if it required the defendant to serve a defence within 14 days after the order giving leave to continue, or within such other period as the Court may specify.

(8) On the hearing of the application under paragraph (2), the Court may —
   (a) grant leave to continue the action, for such period and upon such terms as the Court may think fit;



    (b) subject to paragraph (11), dismiss the action;

    (c) adjourn the application and give such direction as to joinder of parties, the filing of further evidence, discovery, cross examination of deponents and otherwise as it may consider expedient.

(9) If the plaintiff does not apply for leave to continue the action as required by paragraph (2) within the time laid down in paragraph (4), any defendant who has given notice of intention to defend may apply for an order to dismiss the action or any claim made in it by way of derivative action.

(10) On the hearing of such an application for dismissal, the Court may —

    (a) subject to paragraph (11), dismiss the action;

    (b) if the plaintiff so requests, grant the plaintiff (on such terms as to costs or otherwise as the Court may think fit) an extension of time to apply for leave to continue the action; or

    (c) make such other order as may in the circumstances be appropriate.

(11) Where only part of the relief claimed in that action is sought on behalf of the company, the Court may dismiss the claim for that part of the relief under paragraphs (8) and (10), without prejudice to the plaintiff's right to continue the action as to the remainder of the relief and O.18, r.2(1) shall apply as modified by paragraph (7).

(12) If there is a material change in circumstances after the Court has given leave to the plaintiff to continue the action in pursuance of an application under paragraph (2), any defendant who has given notice of intention to defend may make an application supported by affidavit requiring the plaintiff to show cause why the Court should not dismiss the action or any claim made in it by way of derivative action. On such application the Court shall have the same powers as it would have had upon an application under paragraph (2).

(13) The plaintiff may include in an application under paragraph (2) an application for an indemnity out of the assets of the company in respect of costs incurred or to be incurred in the action and the Court may grant such indemnity upon such terms as may in the circumstances be appropriate.

(14) So far as possible, any application under paragraph (13) and any application by the plaintiff under O.14 shall be made so as to be heard at the same time as the application under paragraph (2).

**Representation of interested person who cannot be ascertained, etc. (O.15, r.13)**

**13**. (1) In any proceedings concerning —

    (a) the estate of a deceased person; or

    (b) property subject to a trust; or

