# EXHIBIT 30

Case 1:21-cv-11059-GHW   Document 150-39   Filed 06/28/23   Page 2 of 17

C. A.
1888
CHITTY, J.
Feb. 17, 20.

C. A.
Feb. 22;
March 6.

## MUTTER v. EASTERN AND MIDLANDS RAILWAY COMPANY.

[1888 M. 469.]

*Companies Clauses Act, 1845 (8 Vict. c. 16), ss. 9, 10, 45, 63 [Revised Ed. Statutes, vol. ix., pp. 566, 572, 576]—Companies Clauses Act, 1863 (26 & 27 Vict. c. 118), s. 28 [Revised Ed. Statutes, vol. xiv., p. 770]—Inspection of Registers of Company—Taking Copies—Action by Shareholder in the Interest of a Rival Company.*

The right of inspection and perusal of the register of debenture stockholders, which by sect. 28 of the *Companies Clauses Act*, 1863, is given to mortgagees, bondholders, debenture stockholders, shareholders and stockholders of the company, includes a right to take copies:

The fact that a person has taken his stock in a company at the instance of a rival company, and for the purpose of serving the interests of the rival company, does not disentitle him to the assistance of the Court in enforcing this statutory right:—

*Forrest* v. *Manchester, Sheffield and Lincolnshire Railway Company* (1), *held* not to apply, inasmuch as that case proceeded on the ground that the plaintiff there purported to sue on behalf of himself and the other shareholders.

Order of *Chitty*, J., affirmed.

THIS was an action commenced on the 8th of February, 1888, to restrain the Defendant company from preventing the Plaintiff from having access at all reasonable times to their register of mortgages and bonds, or their register of debenture stock, for the purpose of inspection and perusal, and from preventing the Plaintiff from taking extracts from those registers of the names, addresses, and holdings of the persons and corporations entitled to such mortgages, bonds and debenture stock.

The Plaintiff, by his affidavit in support of a motion for an injunction, deposed that he was a holder of £200 ordinary stock and £500 debenture stock in the company; that the company had obtained special Acts which had prejudiced the security of the holders of debenture stock, and lessened the value of the ordinary stock, of which he gave two instances; that the company had lately deposited two bills in the Private Bill Office

(1) 4 D. F. & J. 126.

Case 1:21-cv-11059-GHW   Document 150-39   Filed 06/28/23   Page 3 of 17

C. A.
1888
MUTTER
v.
EASTERN AND
MIDLANDS
RAILWAY CO.

which they intended to promote in the coming session for carrying on further undertakings, and raising capital, the dividends on which were to be a first charge on the company's revenue, and that such bills contained other provisions detrimental to the interest of the share and debenture holders in the company; that the plaintiff proposed, if practicable, to oppose these bills in Parliament; that he was desirous of obtaining the names, addresses and holdings of the persons and corporations entitled to the debenture stock, mortgages and bonds of the company, to enable him to communicate with the holders on the course being pursued by the directors.

The transfer of the £200 stock to the Plaintiff was registered on the 5th of January, 1888, and that of the debenture stock on the 20th of the same month.

The Plaintiff on cross-examination stated that he was "in some way" in the employment of the *Great Eastern Railway Company*, that he had frequently been employed by them as an accountant, and in obtaining signatures to memorials, and, among others, to memorials against the above-mentioned two bills. He admitted that Mr. *Parkes*, the chairman of the *Great Eastern Railway Company*, who was a considerable shareholder in the Defendant company, had given him the £200 ordinary stock for the purpose of qualifying him to attend the meeting of the *Eastern and Midlands Railway Company* on Mr. *Parkes*' behalf. He said he had bought the £500 debenture stock in December, 1887, and had paid for it with money borrowed from Mr. *Fearn*, the solicitor of the *Great Eastern Railway Company*. He said, however, that Mr. *Fearn* was a friend of his, and that he had given Mr. *Fearn* security for the money.

The Defendant company did not refuse to allow the Plaintiff to inspect the register, but informed him that they should not allow him to take copies. The Plaintiff accordingly moved for an injunction, and the application was heard by Mr. Justice *Chitty* on the 17th and 20th of February, 1888.

*Romer*, Q.C., and *W. Baker*, in support of the motion:—

The Plaintiff as a registered stockholder is entitled to exercise the statutory right of inspecting the registers and taking

94 CHANCERY DIVISION. [VOL. XXXVIII.

C. A.
1888
~~~
MUTTER
v.
EASTERN AND
MIDLANDS
RAILWAY CO.
———

copies of the entries therein, given to the holders of ordinary and consolidated stock by the *Companies Clauses Act*, 1845, ss. 9, 10, 45 and 63, and extended to the holders of debenture stock by the *Companies Clauses Act*, 1863, s. 28. That right has been recently recognised and affirmed in *Holland* v. *Dickson* (1). And as the right to inspect has been given by the Legislature, that right, in the absence of express prohibition, carries with it the right to take copies.

*R. S. Wright*, and *Haigh*, for the Defendant company, *contrà* :—

The Court will not interfere at the instance of a Plaintiff who has no *bonâ fide locus standi*, but is the mere nominee of a rival and hostile company, and made a shareholder by them for the express purpose of instituting this litigation in their interests: *Rogers* v. *Oxford, Worcester, and Wolverhampton Railway Company* (2). The action, which is not " faithfully, truthfully, sincerely directed to the benefit and the interests" of the shareholders whom the Plaintiff claims a right to represent, is an imposition on the Court, and no relief ought to be granted therein, at any rate by interlocutory injunction: *Forrest* v. *Manchester, Sheffield, and Lincolnshire Railway Company* (3); *Seaton* v. *Grant* (4).

[CHITTY, J., referred to *Bloxam* v. *Metropolitan Railway Company* (5): "I cannot say that having chosen to place himself in this invidious position" [consented to become the instrument of others] "with a real interest, though of no great amount, at stake he is not to have the ordinary rights of a plaintiff on account of the motives which led him to acquire the means of appearing in that character :" *per Chelmsford*, L.C.]

Then we submit that the right of inspecting the registers does not give a shareholder the right of taking copies and so publishing to the world, it may be to the detriment of the company, the information thus obtained. The *Companies Clauses Act*, 1845, provides that a "register of shareholders" shall be kept by the company (sect. 9), and in addition to the register of shareholders a "shareholders' address book" which may at all convenient times

(1) 37 Ch. D. 669.  
(2) 2 De G. & J. 662.  
(3) 4 D. F. & J. 126.  
(4) Law Rep. 2 Ch. 459.  
(5) Law Rep. 3 Ch. 337, 354.

be perused by shareholders gratis, and copies thereof or of any part thereof may be required to be furnished on payment (sect. 10). Sects. 45 and 63, as to the registers of mortgages and bonds and of holders of consolidated stock, which are to be accessible at all reasonable times, and the similar provision in the *Companies Clauses Act*, 1863, sect. 28, that a register of debenture stock shall be kept and shall be accessible for inspection and perusal at all reasonable times, contain no such provision as in the case of the address book; and it is therefore submitted that it was not intended that shareholders should have the right of taking or requiring copies to be taken of anything but the addresses of the shareholders. Although "inspection" in an action gives the right of taking copies, that is by ancient practice, which has no application to the case of a shareholder whose rights are defined and limited by statute.

C. A.
1888
MUTTER
v.
EASTERN AND
MIDLANDS
RAILWAY CO.

*Romer*, in reply:—

The Court cannot go behind the register, on which the Plaintiff is entered as the holder of ordinary and debenture stock, to inquire how, or for what purpose, his holding was acquired.

[He was stopped.]

CHITTY, J.:—

This motion is resisted on two grounds; one being, in substance, that the Plaintiff is not, what is termed, a *bonâ fide* stockholder or debenture holder. In the first place he holds the stock in his own name, and he is on the register. Secondly, he holds the debenture stock in his own name, and he is on the register, and *primâ facie* he has a right to see it. The result of the authorities I think now is clear that whatever the Court or Judge individually may think of the merits of the Applicant, he cannot be denied the rights which the Legislature has conferred upon him as the holder of stock. The Court may see that the man, though he bought the stock nominally in his own interest, has really taken it in the interest of some other person. But as the company is not bound by any such trust, but can only look, and must look, to the register, for the purpose of the liabilities, this applies to the rights of the stockholder himself. The point was very neatly

C. A.
1888
~~~
MUTTER
*v.*
EASTERN AND
MIDLANDS
RAILWAY CO.
———
Chitty, J.

treated in *Pender* v. *Lushington* (1). There the holders of the stock in one company proposed to give their votes in a manner which was rightly considered, as far as the facts were before the Court, to be detrimental to the interests of that company, and it was shewn that many of them had bought their stock in the interest of a rival company, and that their object in buying the stock was to get a majority at the meeting which was held. In these circumstances the chairman considered he was entitled to go behind the register and decline the votes, inasmuch as they were given, not in the interests of the company whose meeting was then being held, but in the interest of some other company. The Master of the Rolls decided that for all purposes of voting the register was final, and so, it appears to me, it is for all purposes of the rights of the stockholder as between himself on the one hand and the company on the other. There have been cases in regard to the shareholder being, what was termed, not a *bonâ fide* holder, and the strongest case in support of the Defendant company's contention is *Forrest* v. *Manchester, Sheffield, and Lincolnshire Railway Company* (2), but since that case many others of equal authority have been decided, and the result to my mind is that notwithstanding the shareholder may have been put up by some rival company to take the stock, and may have bought the stock for the very purpose of bringing an action, he is entitled, irrespectively of how he acquired the stock, to have his right enforced. That is the effect of *Bloxam* v. *Metropolitan Railway Company* (3).

In this case I have no hesitation in saying that the Plaintiff took his stock of both classes at the suggestion and in the interest of the *Great Eastern Railway Company*, or Mr. *Parkes* the chairman, a large holder of stock in that company. I think he is acting to a large extent in the interest of the *Great Eastern Railway Company*, but it appears to me on the authorities that I am not justified in going behind the register. Even if I came to the conclusion that I did not like the position of the Plaintiff in this particular matter, I should have no right to refuse to do him justice or accord him the rights which the Legislature has given him. The argument therefore as to "personal exception" to the Plaintiff fails.

(1) 6 Ch. D. 70.      (2) 4 D. F. & T. 126.      (3) Law Rep. 3 Ch. 337.

Then comes the narrower question on the construction of the Act. The Plaintiff desires to inspect the register, and plainly he has that right under the Acts of 1845 and 1863. He is entitled, as was properly admitted, and as I recently decided (in *Holland* v. *Dickson* (1)), to see not only that particular part of the register which relates to himself, but the whole of the register, and to see every part of it; for instance, the amount of stock standing in the names of the other stockholders; the object of the Act plainly being that every stockholder should be able to see the register not merely so far as it relates to himself, but with reference to his co-shareholders or co-stockholders, in order, as I take it, that he might, if he thought fit, have communication with them. Unquestionably, as a matter of fact, directors of a company are not disposed to allow stockholders too much inspection, when there is a question about to be decided at a general meeting; while the directors have the advantage of being able, themselves or by their officers, to refer to the register and send out circulars and canvass all the stockholders. These sections, I think, were intended to put the stockholders in a similar position, that is to say, that each stockholder might see who were entitled to the stock of which he held a part and what interest they had. I see nothing unlawful in a man holding stock desiring to inspect the register for the purpose of communicating with those who stand in a similar position, and, if he can honestly do it, obtaining their assent to any motion, amendment, or resolution to be brought before any general meeting of the company.

Then a further point has been taken as to the right to take copies. The *Companies Clauses Act*, 1845, requires, first, that a register of shares shall be kept (sect. 9), and also that a shareholders' address book shall be kept (sect. 10), and then at the end of sect. 10 it is enacted that any shareholder may at all convenient times peruse the (address) book gratis, and may require a copy thereof or of any part thereof, and a sum is to be paid for the copies. Sect. 45, which requires a register of mortgages to be kept, enacts merely that the register may be perused at all reasonable times by any of the shareholders, or by any mortgagee, &c., without fee, and is silent with regard to copies. The result therefore is that in one case, and

C. A.
1888
MUTTER
v.
EASTERN AND
MIDLANDS
RAILWAY CO.

Chitty, J.

(1) 37 Ch. D. 669.

C. A.
1888
~~~
MUTTER
*v.*
EASTERN AND
MIDLANDS
RAILWAY CO.
———
Chitty, J.
———

one case only, the company are bound to furnish copies and may take a fee—that is the case mentioned in sect. 10. In regard to the other right, according to the mere words of the enactment, it is a right to inspect, and to inspect only, but there is no prohibition on the shareholder, during the time that he makes his inspection, making notes of that which he inspects. As was said, he might, if he could, commit the whole register to memory. That of course would be a difficult thing to do. But there is nothing in the Act which prevents his making a note, and if he may make a note, I do not see why he may not make a complete note of any particular part: in other words, why he may not make an extract, and from that it seems to follow that he may make a reasonable use of the inspection and take a copy. So far from the provision of sect. 10 being in favour of Mr. *Wright's* argument it appears to me to be against him, because that section alone, applied to a particular case, imposes on the company a liability to give a copy, and the company are not under any liability to give copies under the other section. The silence of the Legislature as to taking copies appears to me to be immaterial.

I think that when a man is inspecting, he may make *bonâ fide* use of his inspection, and it follows from his right to inspect that he can make copies. I should be very sorry, because there may be some personal exception to the Plaintiff in this case, to decide otherwise, as, if I did, I should be doing, as it seems to me, a great wrong to other shareholders in other companies against whom no such exceptions as those which have been here put forward could be taken.

<div style="text-align:right">F. G. A. W.</div>

C. A.

The company appealed from this decision. The appeal was heard on the 22nd of February, 1888.

*R. S. Wright*, and *Haigh*, for the appeal :—

We contend that whatever the Plaintiff's legal right may be, a Court of Equity will not assist him, inasmuch as he is a puppet in the hands of others, and has come for an injunction on a misrepresentation, professing to come in his own interest as a stockholder, whereas he is really seeking relief on behalf of a rival

Case 1:21-cv-11059-GHW   Document 150-39   Filed 06/28/23   Page 9 of 17

company. We contend, moreover, that his legal right is only to inspect, not to take copies.

<div style="float:right">C. A.<br>1888<br>Mutter<br>v.<br>Eastern and Midlands Railway Co.</div>

The legal right, which is the most important question, depends on the statutes. The *Companies Clauses Act*, 1845 (8 Vict. c. 16) by sect. 9 provides that a register of shareholders shall be kept, saying nothing about any right to inspect it. Sect. 10 provides for a shareholders' address-book, and gives every shareholder a right to peruse it, and to require the company to furnish him with copies at a certain rate. Sect. 36 enables a person who has obtained execution as therein mentioned against any shareholders to inspect the register of shareholders, but says nothing about copies. Sect. 45 provides for a register of mortgages and bonds, and gives a right to any shareholder, mortgagee or bond-creditor to peruse it, saying nothing about copies. Sect. 119 obliges the book-keeper to permit shareholders to inspect the books of account and to take copies or extracts, shewing that where the Legislature meant to give a right to copy it said so. The register of debenture stock is provided for by the *Companies Clauses Act*, 1863 (26 & 27 Vict. c. 118), sect. 28, and that section provides that every mortgagee, bondholder, debenture stockholder, shareholder and stockholder, may peruse and inspect, but says nothing about taking copies. A right to inspect has indeed generally been understood to include a right to take copies, but in the clauses of these Acts there is a variation of expression which cannot have been unintentional. The argument in the Court below was that if a man has a good memory he may go outside and write down the result of his perusal, but it is no argument in law for a man's right to do a thing that he can get the same result by other means. Then we say that there is no right even to inspection unless it is required for a reasonable purpose: *Reg.* v. *London and St. Katharine's Dock Company* (1).

[BOWEN, L.J.:—That was an application for a prerogative writ of mandamus, which may make a difference. There is a discretion as to granting such a writ.]

So there is as to granting injunctions, which brings us to the other branch of the case. Here the application to inspect is

(1) 31 L. T. (N.S.) 588.

Case 1:21-cv-11059-GHW   Document 150-39   Filed 06/28/23   Page 10 of 17

C. A.
1888
~~~
MUTTER
*v.*
EASTERN AND
MIDLANDS
RAILWAY CO.
———

not *bonâ fide*, but is made in the interests of a rival company by a person who is the puppet of that company, and in such a case a Court of Equity will not interfere to help the applicant: *Rogers* v. *Oxford, Worcester, and Wolverhampton Railway Company* (1); *Forrest* v. *Manchester, Sheffield, and Lincolnshire Railway Company* (2). In *Hattersley* v. *Earl Shelburne* (3) the principle was recognised, though it was not applied, as it was not there shewn that the plaintiff was a puppet not acting on his own account, and the badness of his motives was not a ground for taking away his rights. *Seaton* v. *Grant* (4) goes on similar grounds. Mr. Justice *Chitty* considered that *Bloxam* v. *Metropolitan Railway Company* (5) overruled the earlier cases, but it does not really make against us. We do not contend that the Plaintiff is debarred from seeking help to enforce his rights because he bought stock in order to enable him to take proceedings, but because he is the puppet of a rival company and acting in their interest.

*Romer*, Q.C., and *W. Baker*, *contrà*:—

[COTTON, L.J.:—How do you make out your right to copy as well as to inspect? This is not an inspection for the purposes of an action.]

We say that the object of the provisions in the Acts was to give shareholders or stockholders the same facilities for communicating with their fellow shareholders or stockholders as the directors have, and this object is furthered by a right to take copies. A person who inspects may, if he has a good memory, go out and write down what he has read, he could not be prevented from doing this, and it is an arbitrary thing if a stockholder who clearly can do this is to be prevented from taking a note in the office. The question turns on sect. 28 of the later Act. It is ordered that a register of debenture stockholders should be kept, evidently for the purpose of enabling the company to communicate with them. The right of inspection is given that shareholders may be able to communicate with them

---

(1) 2 De G. & J. 662, 674.   (3) 31 L. J. (Ch.) 873.
(2) 4 D. F. & J. 126.   (4) Law Rep. 2 Ch. 459.
(5) Law Rep. 3 Ch. 337.

VOL. XXXVIII.]        CHANCERY DIVISION.                        101

and they with each other. If they may not copy as well as inspect, a body opposed to the policy of the directors would be placed at an unfair disadvantage, for the directors can copy at any time. If there is an unlimited right of inspection why should the inspecting party not be allowed to copy, we are not asking the company to furnish copies. A general right to inspect carries with it a right to take notes, and the Court is asked to infer that this right is taken away because one section of the earlier Act requires the company to furnish copies and the others say nothing about copies.

C. A.
1888
MUTTER
v.
EASTERN AND
MIDLANDS
RAILWAY CO.

[LINDLEY, L.J.:—Sect. 119 is most in your way, for it gives authority to "take copies."]

There were special reasons for giving authority in that case; the right to inspect was not unlimited, it was exercisable only during certain periods, and it was necessary to define the duties of the book-keeper. Moreover, the section imposes a penalty which makes it necessary to be more particular in defining the right. If a shareholder may copy accounts, it is a strange thing if he may not copy stockholders' addresses. The general principle that a right to inspect carries with it the right to take copies is strongly laid down in *Coleman* v. *West Hartlepool Harbour and Railway Company* (1), and *Pratt* v. *Pratt* (2). Why should advantage be given to a person with a strong memory?

[LINDLEY, L.J.:—I am more influenced by the consideration that the exercise of a right to copy might cause the office to be blocked up all day.]

That would be met by the words "at all reasonable times." It never has occurred to any company until now to dispute the right to copy.

Now as to what I may call the question of prejudice—that the Plaintiff is a puppet not acting in respect of his own interests.

[COTTON, L.J.:—I think that the cases cited against you do not apply. A person there professed to be suing on behalf of the other shareholders as well as himself.]

That is so, and even in those cases the objection has not generally prevailed: *Colman* v. *Eastern Counties Railway Com-*

    (1) 5 L. T. (N.S.) 266.              (2) 30 W. R. 837.

C. A.
1888
~~~
MUTTER
*v.*
EASTERN AND
MIDLANDS
RAILWAY CO.

pany (1). The principle laid down in *Pender* v. *Lushington* (2), that a party does not lose his legal rights because he is exercising them from a bad motive, applies here. The only case in which an objection of this nature has been held fatal is *Forrest* v. *Manchester, Sheffield, and Lincolnshire Railway Company* (3), and the decision in fact went upon the principle that the suit was a sham. *Seaton* v. *Grant* (4) and *Bloxam* v. *Metropolitan Railway Company* (5) are strong in our favour.

*R. S. Wright*, in reply:—

I submit that on the construction of sect. 28 of the later Act we are right. The words "for inspection and perusal" limit the right, if more had been intended those words would have been omitted, and it would have been said merely that the register should be accessible. The cases cited on the other side go on the meaning of an order made by the Court for inspection, which is a different matter. [*Chitty's* Practice (6), "Inspection of Documents," and *Bacon's* Abridg. " Evidence," were also referred to]. 32 Geo. 3, c. 58, s. 4, refers expressly to taking copies.

[BOWEN, L.J.:—Does a right of inspection at common law include a right to take copies? *Rex* v. *Fraternity of Hostmen in Newcastle-on-Tyne* (7).]

Probably in general it does, as taking copies would generally further the objects for which inspection is given. A person who had a right to inspect has been refused inspection where he wanted it for the benefit of some one else: *Rex* v. *Antrobus* (8). Here the Plaintiff is asking for a right which is not given in terms, and what the Court is asked to do is to imply a right in favour of a person who is claiming to exercise it for the benefit of a rival company.

1888. March 6. LINDLEY, L.J.:—

This is an appeal by the Defendants from an order made by Mr. Justice *Chitty* restraining them from preventing the Plaintiff,

(1) 10 Beav. 1.
(2) 6 Ch. D. 70.
(3) 4 D. F. & J. 126.
(4) Law Rep. 2 Ch. 459.
(5) Law Rep. 3 Ch. 337.
(6) Vol. iii. p. 364, s. 2.
(7) 2 Str. 1223.
(8) 2 Ad. & E. 789.

Mr. *Mutter*, from taking copies of their register of debenture stockholders. Mr. *Mutter* is a stockholder to the extent of £200 in the Defendant company, and he is also a debenture stockholder, and he claims the right not only to inspect but to take copies of the register of debenture stockholders under the provision in the 28th section of the *Companies Clauses Act*, 1863, which runs thus:—

C. A.
1888
MUTTER
*v.*
EASTERN AND
MIDLANDS
RAILWAY Co.

Lindley, L.J.

" The company shall cause entries of the debenture stock from time to time created to be made in a register to be kept for that purpose, wherein they shall enter the names and addresses of the several persons and corporations from time to time entitled to the debenture stock, with the respective amounts of the stock to which they are respectively entitled; and the register shall be accessible for inspection and perusal at all reasonable times to every mortgagee, bondholder, debenture stockholder, shareholder, and stockholder of the company, without the payment of any fee or charge."

Mr. *Mutter*, on presenting himself at the office of the Defendant company for the purpose of inspecting the register was told that he was at liberty to inspect, and it was produced to him, but when he sought to take extracts or copies he was refused leave to do so on the ground that the section did not authorize him, or, at all events, did not compel the company to allow him, to do so. Thereupon he instituted this action, and Mr. Justice *Chitty* decided that he was entitled to take copies of the debenture stock register, and from that order the company appeals.

The company raised several points, the most important of which was that he had no right under that section to take copies. Another point equally important to him, but of less general interest, was that if he had such a right this was not a case in which the Court would grant him any assistance by way of injunction. It will be convenient to dispose of the second point first. The grounds on which it was urged that this was not a case in which the Court would interfere on the Plaintiff's behalf were two; first it was said that he was not really a *bonâ fide* shareholder or debenture stockholder, but that he was merely a nominee of a rival company, viz., the *Great Eastern*; and secondly, it was said that

Case 1:21-cv-11059-GHW   Document 150-39   Filed 06/28/23   Page 14 of 17

C. A.
1888
~~~
MUTTER
v.
EASTERN AND
MIDLANDS
RAILWAY CO.
———
Lindley, L.J.

there was such a want of candour in his affidavit, which was exposed on cross-examination, that he personally was not one in whose favour the Court ought to interfere. Now the fact that he has taken both the shares and the debenture stock at the instance of the *Great Eastern Railway Company* is made out by the cross-examination, but at the same time he is unquestionably in point of law both a shareholder and a debenture stockholder; he therefore has the rights, whatever they may be, of a shareholder and a debenture stockholder, and whether he is trustee for other people we cannot inquire. I agree with Mr. Justice *Chitty* in thinking that the Plaintiff is not on that ground debarred from insisting on his legal rights. The authorities relied upon by Mr. *Wright* for this purpose, of which *Forrest* v. *Manchester, Sheffield, and Lincolnshire Railway Company* (1) was the leading case, do not go the length for which he contended. Those were cases in which a nominee of a rival company not only had taken shares for the purposes of a rival company, but assumed to have a common interest with all the other shareholders, and to represent them in a suit which he instituted in his own name on behalf of himself and them. It has been held that in a suit of that kind, if a person does not really represent the interest of those whom he purports to represent, exception may be taken to him personally, and relief be denied him which would be afforded if it were true that he represented those whom he affects to represent in that form of action. This is not a case of that kind. The Plaintiff does not come forward here as representing any other shareholders. This is not an action on behalf of himself and others, it is an action brought by him in his own personal interest, and does not profess to be anything else. That class of cases therefore does not touch this, nor am I aware of any case which warrants Mr. *Wright's* contention.

Then as regards the affidavits and the cross-examination I think it is established that there was a want of candour in the Plaintiff's affidavit, but I do not think that he has been guilty of any such misrepresentation or deceit as to disentitle him to the relief to which he would otherwise be entitled.

I come now to the substantial question whether he is entitled

(1) 4 D. F. & J. 126.

VOL. XXXVIII.]        CHANCERY DIVISION.                                  105

to take copies of this debenture register. The question thus raised is one of considerable importance to companies and shareholders generally, and we therefore considered it desirable to look into the authorities before giving our judgment. The result of my own researches is negative rather than positive. I have not been able to find a single case either at law or in equity in which the Court has ever held that a person having a right to inspect a document has not also a right to take a copy of it, or of so much of it as he requires for some legitimate purpose. The right to take a copy is treated as incidental to the right to inspect, and the common form of orders to inspect is to inspect and take copies. This seems to be the common form at law when a mandamus is granted, and when an order is made on a motion in a pending action, and this is, and, so far as I have been able to discover, always has been, the common form of an order to inspect when made in Chancery. A great number of cases on this subject will be found collected in the well-known note to *Rex* v. *Fraternity of Hostmen in Newcastle-upon-Tyne* (1) and in *Chitty's Archbold* (2); and an examination of these and other authorities has led me to the conclusion that, speaking generally, a right to take copies is always treated as incidental to a right to inspect. (See also *Browning* v. *Aylwin* (3); *Rex* v. *Lucas* (4); *Rex* v. *Merchant Tailors' Company* (5); *In re Burton and The Saddlers' Company* (6).) I say speaking generally, because I have found an instance of a special Act relating to a company in which a right to inspect has been granted, but a right to take copies has been expressly excluded. One of the Acts relating to the River *Dee* Improvement Commissioners contains such a clause. Again, there may be cases in which the inspection of a document is all that can be reasonably required for any legitimate purpose; or a document which a man may have a right to inspect may be in such a dilapidated state as to render it impossible to take a copy of it without destroying it or at least seriously injuring it.

Again, a person may have a right to inspect the whole of a book or document in order to find out what part of it really con-

C. A.
1888
~~~
Mutter
*v.*
Eastern and Midlands Railway Co.
———
Lindley, L.J.
———

(1) 2 Str. 1223.            (4) 10 East, 235.
(2) 14th Ed. vol. i. p. 511.  (5) 2 B. & Ad. 115.
(3) 7 B. & C. 204.          (6) 31 L. J. (Q.B.) 62, 65.

C. A.
1888

Mutter
v.
Eastern and
Midlands
Railway Co.

Lindley, L.J.

cerns him, and his right to inspect may therefore extend to much more than he has a right to take a copy of.

When the right to inspect and take a copy is expressly conferred by statute the limit of the right depends on the true construction of the statute. When the right to inspect and take a copy is not expressly conferred the extent of such right depends on the interest which the applicant has in what he wants to copy, and on what is reasonably necessary for the protection of such interest. The common law right to inspect and take copies of public documents is limited by this principle, as is shewn by the judgment in *Rex* v. *Justices of Staffordshire* (1); so is the common law right of the member of a corporation to inspect and take copies of the documents of the corporation: *Rex* v. *Merchant Tailors' Company* (2).

Bearing in mind these principles it is necessary to turn to the statute on which the Plaintiff relies, and to see what right it confers upon him. The section which gives him the right to inspect is silent on the subject of taking copies. There is, however, a section relating to another matter in the *Companies Clauses Act*, 1845, viz., sect. 119, which expressly gives a right to take copies as well as a right to inspect. But this section imposes a penalty, and as it was intended to impose a penalty not only in the case of a refusal to allow inspection, but also in the case of a refusal to allow a copy to be taken, it was necessary to say so in express words, and to mention both inspection and taking copies. The fact, therefore, that both are mentioned in this section, whilst inspection only is mentioned in sect. 28 of the Act of 1863, does not shew that in framing this last section a right to take copies was intended to be excluded.

Sect. 36 of the Act of 1845, which enables judgment creditors of the company to inspect the register of shareholders, would be practically useless if it were construed strictly, and so as not to include a right to take copies. A judgment creditor of a company who cannot get paid by the company is entitled to sue all the shareholders in it whose shares are not paid up, and for this purpose he must have their names and addresses, and it is idle to suppose that the right of inspection here given does not include a right to take a copy.

(1) 6 Ad. & E. 84 (see pp. 99–101).   (2) 2 B. & Ad. 115.

Case 1:21-cv-11059-GHW   Document 150-39   Filed 06/28/23   Page 17 of 17

Similar observations apply, though less forcibly, to sect. 45 of the Act of 1845 and sect. 28 of the Act of 1863. But it is obvious that a shareholder or debenture stockholder may desire to consult the whole of the debenture stockholders on some matter which concerns them all, and it is reasonable to suppose that the right to inspect the debenture stock register is conferred to enable him to do this as well as for other purposes. Parliament having conferred the right to inspect, the Court ought not so to construe the statute as to render the right conferred illusory, and if the Court were to hold that in such a case as the present the right to inspect existed but the right to take copies did not, the Court would in effect be rendering the statute of no avail.

Upon the ground therefore that in this case the right to take a copy cannot be denied without rendering the right to inspect practically useless, I am of opinion that the order appealed from was correct, and that this appeal must be dismissed with costs.

C. A.
1888
~~~
MUTTER
*v.*
EASTERN AND MIDLANDS RAILWAY Co.
———
Lindley, L.J.
———

COTTON, L.J.:—

The judgment delivered by Lord Justice *Lindley*, though expressed in the singular, may be taken as the judgment of the Court.

BOWEN, L.J., concurred.

Solicitor for Plaintiff: *Valentine.*
Solicitors for Company: *F. C. Mathews & Browne.*

H. C. J.