July 12, 2023

**BY ECF**
The Honorable Gregory H. Woods, U.S.D.J.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920, NY, NY 10007

Re:   *U.S. Bank, National Association et al. v. The Charitable Donor Advised Fund et al.*,
       1:21-CV-11059-GHW (S.D.N.Y.)

Dear Judge Woods:

     We write on behalf of Plaintiffs U.S. Bank National Association, in its capacity as trustee (the "Trustee"), Joshua N. Terry ("Mr. Terry"), and Acis Capital Management, L.P. ("ACM") (and, collectively with the Trustee and Mr. Terry, "Plaintiffs") in opposition to Defendant NexPoint Diversified Real Estate Trust's ("NexPoint") July 11 letter-motion (the "Letter" or "Ltr.," Dkt. 158) seeking to strike the reply declaration of Plaintiffs' Cayman Islands law expert, Jonathon Milne (the "Milne Reply Declaration" or "Milne Reply Decl.," Dkt. 150), or, in the alternative, to file a sur-reply. The Court should deny both requests. There is no basis to strike the Milne Reply Declaration because, far from introducing new issues – as one might expect – it merely responds to the new issues NexPoint raised in opposition and, in one case, further explains the arguments in his initial declaration (the "Milne Initial Decl.," Dkt. 109) in response to NexPoint's opposition papers. For the same reason, NexPoint should not be permitted to file a sur-reply.

     **The Motion To Strike Should Be Denied**: "Reply papers may properly address new material issues raised in the opposition papers … [and] may amplify points already made in the initial motion." *Christians of California, Inc. v. Clive Christian New York, LLP*, 2015 WL 468833, at *3 (S.D.N.Y. Feb. 3, 2015) (denying motion to strike reply papers) (citing *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir.2000); *Toure v. Cent. Parking Sys. of N.Y.*, 2007 WL 2872455, at *2 (S.D.N.Y. Sept. 28, 2007)). NexPoint's letter-motion to strike should be denied because that is exactly what the Milne Reply Declaration did here.

     *First*, as a threshold matter, NexPoint fails to identify what purported "new arguments and evidence" (Ltr. at 1) are raised in the Milne Reply Declaration —there are none—relying instead on wholly conclusory allegations that force the Court to attempt to discern what those arguments and evidence might be.

     *Second*, the Milne Reply Declaration properly addresses the new issues raised by NexPoint in its opposition (Dkt. 139) and accompanying expert declaration (Dkt. 141). *See Christians of California*, 2015 WL 468833, at *3. Specifically, NexPoint raises four new theories: (1) Acis CLO 6 was a trust under Cayman Islands law, (2) ACM was a shadow or *de facto* director of Acis CLO 6, (3) NexPoint could state direct Cayman Islands law claims for fraud, conspiracy to fraud, and unlawful means conspiracy, and (4) NexPoint had creditor derivative standing pursuant to a 2022 U.K. Supreme Court decision attached to NexPoint's expert declaration[1] because Acis CLO

---
[1] *See* Dkt. 141-9, *BTI 2014 LLC v Sequana SA* [2022] UKSC 25.

6 was similar to an insolvent company. Dkt. 139 at 19-20, 29; Dkt. 141 ¶¶ 11-36, 47-49. As set forth in Plaintiffs' reply brief, NexPoint did not plead these theories in its counterclaims, *see* Dkt. 151 at 8, 14-15, and NexPoint's contrary, unsupported assertion that its counterclaims somehow "outlined" them in unspecified ways is wrong.[2] Mr. Milne properly responded in reply to these four new issues introduced by NexPoint's opposition. *See* Milne Reply Decl. ¶¶ 8-73, 94-102 (responding to these four issues); *Baron A. Wolman Archives Tr. through Wareham v. Complex Media, Inc.*, 2022 WL 523597, at *5 n.8 (S.D.N.Y. Feb. 22, 2022) (rejecting motion to strike reply argument because the reply was the moving party's "first opportunity to respond to [responding party's] arguments").[3]

*Third*, the Milne Reply Declaration properly responded to NexPoint's opposition papers by amplifying Plaintiffs' opening submissions concerning the personal rights and fraud-on-the-minority exceptions to Cayman Islands law's prohibition of derivative actions. *See Christians of California*, 2015 WL 468833, at *3. NexPoint's counterclaims do not plead either exception, *see* Dkt. 78 ¶¶ 241-49 (addressing derivative standing), but the Motion and Mr. Milne's initial declaration still addressed them because NexPoint had asserted them in the past. *See* Mot. at 32-35; Milne Initial Decl. ¶¶ 64-78. When NexPoint presented more fulsome arguments on these exceptions in its opposition papers (*see* Dkt. 139 at 29; Dkt. 141 ¶¶ 37-46), Mr. Milne appropriately addressed in reply why those arguments fail pursuant to the legal principles he already "explained in [his] First Declaration." *See* Milne Reply Decl. ¶¶ 78-87 (explaining why NexPoint's personal rights arguments fail for the reasons Mr. Milne "explained in [his] First Declaration"); *id.* ¶¶ 88-93 (explaining why NexPoint's fraud-on-the-minority arguments also fail for the reasons Mr. Milne "explained in [his] First Declaration"). Such further explanation of the moving party's initial arguments in direct response to the arguments made in opposition is a proper reply and does not introduce new issues. *See, e.g., Niv v. Hilton Hotels Corp.*, 710 F. Supp. 2d 328, 338 n.4 (S.D.N.Y. 2008) (rejecting motion to strike reply materials that were "not a new argument, but rather an extension of the arguments made in the initial papers"), *aff'd*, 358 F. App'x 282 (2d Cir. 2009); *Kapiti v. Kelly*, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008) (reply that "responded directly to the arguments advanced [in] opposition" was proper), *aff'd*, 2008 WL 1882652 (S.D.N.Y. Apr. 28, 2008).

**The Motion For Sur-Reply Should Be Denied**: Because the Milne Reply Declaration properly addressed NexPoint's new theories and further explained the points in Mr. Milne's initial declaration in direct response to NexPoint's opposition papers, NexPoint's motion for sur-reply

---

[2] The counterclaims do not plead claims for fraud, conspiracy to fraud, unlawful means conspiracy, or the "shadow directors" or "*de facto* directors" Cayman Islands law doctrines, *see* Dkt. 78 ¶¶ 140-240 (outlining claims), do not allege that the Indenture creates a trust under Cayman Islands law, *see id.* ¶ 155 (instead alleging that "ACIS-6 is a valid trust **under New York law**" (emphasis added)), and neither allege that Acis CLO 6 is similar to an insolvent company as a basis for derivative standing nor cite *Sequana*, despite citing numerous other authorities, *see id.* ¶¶ 140-168, 241-49 (citing cases and alleging derivative standing).

[3] NexPoint's reliance (Ltr. at 1) on *Barrows v. Brinker Rest. Corp.*, and *Doe v. Columbia Univ.* is misplaced because both the court in both cases declined to consider arguments raised for the first time in reply, rather than, as here, responses to new arguments made in opposition or amplification of arguments from the original motion. *See Barrows*, 2020 U.S. Dist. LEXIS 54670, at *3-5 (N.D.N.Y. Mar. 30, 2020) (declining to consider issues introduced "for the first time" in reply); *Doe*, 2022 U.S. Dist. LEXIS 205291, at *10 n.5 (S.D.N.Y. Nov. 10, 2022) (declining to consider "issue[] raised in [] reply brief for the first time").

should also be denied. Far from being "routine" as NexPoint wrongly contends,[4] Ltr. at 2, "[a]llowing parties to submit surreplies is not a regular practice." *Kapiti*, 2008 WL 754686, at *1 n.1 (denying request to file sur-reply because courts should not be forced to "referee[] an endless volley of briefs") (citation omitted). Rather, sur-replies are "generally disfavored," *US Airways, Inc. v. Sabre Holdings Corp.*, 2023 WL 2853931, at *4 n.7 (S.D.N.Y. Apr. 10, 2023), *aff'd*, 2023 WL 3749995 (S.D.N.Y. June 1, 2023), and courts deny leave to file sur-replies where the party seeking leave "had ample opportunity to address [the reply] argument" in opposition. *Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 466 (S.D.N.Y. 2023) (denying leave to file sur-reply). The Court should thus deny leave here because NexPoint addressed in its opposition the very issues to which Mr. Milne responded directly in reply— NexPoint's four new Cayman Islands law theories and the personal rights and fraud-on-the-minority exceptions. *See*, *e.g.*, *Convergen Energy LLC v. Brooks*, 2020 WL 4500184, at *3 (S.D.N.Y. Aug. 5, 2020) (denying motion to file sur-reply because "the reply merely 'responded directly to the arguments advanced through [the] opposition'") (quoting *Kapiti*, 2008 WL 754686, at *1 n.1); *US Airways, Inc.*, 2023 WL 2853931, at *4 n.7 (denying motion to file sur-reply because the reply "did not present a new argument, but [merely] respon[ded] to [movant's] arguments").

Finally, NexPoint's extraordinary assertion (Ltr. at 2) that the Court would "abuse[] [its] discretion" if it considered the Milne Reply Declaration without permitting a sur-reply is wrongheaded.[5] It is no abuse of discretion to deny a sur-reply where, as here, the reply did not present new arguments but merely responded directly to the arguments raised by the opposing party in its opposition papers. *See supra* at 1-3.

Respectfully submitted,

*/s/ Blair Adams*
Blair A. Adams
Quinn Emanuel Urquhart & Sullivan, LLP
*Counsel for Acis Capital Management, L.P. & Joshua N. Terry*
Tel: (212) 849-7615
Email: blairadams@quinnemanuel.com

*/s/ Mark Kotwick*
Mark D. Kotwick
Seward & Kissel LLP
*Counsel for U.S. Bank National Association*
Tel: (212) 574-1545
Email: kotwick@sewkis.com

cc: Counsel of Record (by ECF)

---

[4] Contrary to NexPoint's suggestion (Ltr. at 1-2), *SEC v. Ripple Labs* did not hold that sur-replies are routine but merely commented that they may be permitted where, unlike here, a party raised arguments "for the first time in its reply." 2022 U.S. Dist. LEXIS 21936, at *10 (S.D.N.Y. Feb. 3, 2022).

[5] NexPoint's reliance (Ltr. at 2) on *Wexler v. Hasbro, Inc.*, 2022 U.S. Dist. LEXIS 43543 (S.D.N.Y. March 11, 2022) for this proposition is misplaced because in that case no party "move[d] for leave to file a sur-reply." *Id.* at *22. Further, the Second Circuit decision cited in *Wexler*, *id.* (citing *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*), held that raising new material issues in the opposition was a sufficient basis to permit reply papers addressing those issues. 215 F.3d at 226-227 ("We affirm the district court's decision [to consider reply papers] because reply papers may properly address new material issues raised in the opposition papers.").