# MEMORANDUM ENDORSED



**SBAITI & COMPANY**
A TEXAS PROFESSIONAL LIMITED LIABILITY COMPANY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _7/12/2023___

July 11, 2023

**Via E-File**

Honorable Gregory H. Woods
U.S. District Judge
Southern District of New York
500 Pearl Street, Room 2260
New York, NY  10007

> Re: *U.S. Bank, National Association, et al. v. The Charitable Donor Advised Fund, L.P.*
> No. 1:21-cv-11059, United States District Court, Southern District of New York

Dear Judge Woods:

Defendant/Counter-Plaintiff NexPoint Diversified Real Estate Trust ("NexPoint") writes to request that the Court strike the reply declaration of Jonathon Milne (the "Declaration") and its accompanying exhibits, *see* Dkt. Nos. 150, 150-1 to -31, because the Declaration raises new arguments and evidence on reply. In the alternative, if the Court decides to consider the new arguments made or new evidence offered by Plaintiffs, NexPoint respectfully requests leave to file a sur-reply.

It is "hornbook law that new arguments and evidence are not properly presented in a reply." *Barrows v. Brinker Rest. Corp.*, No. 5:19-cv-144, 2020 U.S. Dist. LEXIS 54670, at *5 (N.D.N.Y. Mar. 30, 2020); *Doe v. Columbia Univ.*, No. 1:20-cv-6770, 2022 U.S. Dist. LEXIS 205291, at *10 n.5 (S.D.N.Y. Nov. 10, 2022) (Woods, J.) (stating that courts do not consider new arguments first raised in a reply). Yet that is exactly what Plaintiffs attempt here. In the Declaration, Plaintiffs' foreign-law expert for the first time turns his analysis to previously unaddressed arguments hoping to salvage his truncated legal analysis.[1] But these constitute new arguments that Plaintiffs and their expert could have raised in the opening memorandum and declaration, respectively, given that the theories Plaintiffs expert claims to address were outlined in NexPoint's Counterclaims. Because the Declaration and the exhibits attached to it advance arguments and proffer evidence not raised or offered in Plaintiffs' motion, NexPoint requests that the Court strike the Declaration and the exhibits to the extent they contain or constitute previously unintroduced arguments and evidence.

But if the Court is inclined to consider the Declaration or its exhibits, NexPoint respectfully requests the opportunity to file a short sur-reply to address the new arguments and evidence raised by Plaintiffs. Where, as here, arguments are "raised for the first time in a reply brief," it is routine for courts to "grant leave to file sur-replies[.]" *SEC v. Ripple Labs*, No. 20-cv-10832, 2022 U.S.

---

[1] In its reply filed yesterday, Counter-Defendant Brigade Capital Management, LP relies on Plaintiffs' new arguments and evidence. *See* Dkt No. 157 at pp. 9, 14.

July 11, 2023
Page 2

Dist. LEXIS 21936, at *10 (S.D.N.Y. Feb. 3, 2022); *Wexler v. Hasbro, Inc.*, No. 20-cv-1100, 2022 U.S. Dist. LEXIS 43543, at *22 (S.D.N.Y. Mar. 11, 2022) (seeking leave to file a sur-reply is a relevant consideration "in deciding whether a district court . . . abuse[s] its discretion in relying on new evidence found in reply papers"). Here, NexPoint and its Cayman Islands legal expert, Bhavesh Patel, have not had any opportunity to address the legal arguments and supporting exhibits being advanced now for the first time by Plaintiffs' expert. NexPoint would be prejudiced if denied leave.

NexPoint therefore respectfully seeks leave to file its sur-reply, which it believes it would be able to file within five business days of the Court granting this request.

Plaintiffs Acis Capital Management, L.P. and Joshua N. Terry do not consent to NexPoint's request, and Plaintiff U.S. Bank, N.A. has not advised NexPoint whether it consents to the request.

Sincerely,

Mazin A. Sbaiti

Application granted.  NexPoint's sur-reply is due no later than July 19, 2023 and shall not exceed five pages.
The Clerk of Court is directed to terminate the motion pending at Dkt. No. 158.

SO ORDERED.

Dated: July 12, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge