Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T  +1 212.872.1000
F  +1 212.872.1002
akingump.com



Uri A. Itkin

+1 212.872.1027/fax: +1 212.872.1002
uitkint@akingump.com

July 24, 2023

The Honorable Gregory H. Woods, U.S.D.J.
United States Courthouse
500 Pearl Street, Courtroom 12C
New York, New York 10007-1312

      Re:    *U.S. Bank, Nat'l Assn. et al v. The Charitable Donor Advised Fund, L.P. et al*,
              No. 21-cv-11059

Dear Judge Woods:

      I write on behalf of third-party defendant Highland CLO Funding, Ltd. ("HCLOF"), pursuant to Rule 2(E) of Your Honor's Individual Rules of Practice in Civil Cases, to request leave to move to dismiss the Second Amended Answer and First Amended Counterclaim, ECF No. 155 (the "Counterclaims"), filed by The Charitable Donor Advised Fund, L.P. ("DAF") and CLO HoldCo, Ltd. ("CLOH," and collectively, the "CLOH Parties"), and stay discovery against HCLOF pending the resolution of that motion.  We have met and conferred with the CLOH Parties several times, but those efforts have not been fruitful.

      There is no reason to drag HCLOF into this case.  Plaintiffs are the trustee and investment manager of certain CLOs.  They filed this case to resolve the CLOH Parties' and NexPoint Diversified Real Estate Trust's claims against them alleging mismanagement of the CLOs.  The Counterclaims, by contrast, concern alleged mismanagement of *HCLOF*, a shareholder dispute that CLOH is already litigating against HCLOF in Guernsey.

      HCLOF is a Guernsey company with no contacts to New York.  It merely holds notes issued by the CLOs and does not manage the CLOs.  As a noteholder in the CLOs, HCLOF entered into two settlement agreements with Plaintiffs: the first, in 2021, to liquidate the CLOs, and the second, in 2023, to obtain a partial release of the CLOs' funds which Plaintiffs reserved to defend against the CLOH Parties and NexPoint.  The CLOH Parties are not parties to either of those agreements.  Rather, CLOH is a shareholder of HCLOF (HCLOF has no relationship with DAF), and it has taken issue with HCLOF's decision to enter into those agreements.

      CLOH is already pursuing HCLOF on that issue in a Guernsey court.  CLOH is challenging HCLOF's decision to enter into the 2023 settlement agreement and claiming that HCLOF unfairly prejudiced CLOH, as its shareholder, by not doing enough to obtain the release of the CLOs' reserves.  CLOH filed that action in March 2023, and it is expected to go to trial this fall.  There is no basis to duplicate that action in this Court.

      To be sure, the CLOH Parties readily admit that the Counterclaims concern the same alleged "mismanagement of HCLOF" as CLOH's parallel action in Guernsey.  ECF No. 155, p.

Case 1:21-cv-11059-GHW   Document 163   Filed 07/24/23   Page 2 of 4



Hon. Gregory H. Woods
July 24, 2023
Page 2

17 of 50, ¶¶ 1-2.  Like in Guernsey, the Counterclaims attack HCLOF's settlement agreements with Plaintiffs and allege that HCLOF acted in bad faith; except whereas CLOH claims unfair prejudice in Guernsey, CLOH and DAF claim here that HCLOF breached its shareholder agreement (the "Members Agreement").  But "mismanagement of HCLOF" is a shareholder dispute between CLOH and HCLOF; it has nothing to do with Plaintiffs' alleged mismanagement of the CLOs at issue here.  If the CLOH Parties have a problem with mismanagement of HCLOF, the proper place for that dispute is in Guernsey — where HCLOF is based and where CLOH is already suing HCLOF — not here.

HCLOF therefore seeks leave to move to dismiss the Counterclaims on several procedural and substantive grounds.  At the very least, since CLOH is already litigating substantially similar issues against HCLOF in Guernsey, the Court should stay the claims and discovery against HCLOF pending the resolution of CLOH's Guernsey action.

I.      **The Court Lacks Jurisdiction Over The Counterclaims Against HCLOF**

The Court lacks personal jurisdiction over HCLOF — a Guernsey company with no business in or contacts with New York — and the CLOH Parties fail to establish otherwise.  They claim that jurisdiction is proper because HCLOF intervened in two other New York cases, but that does not create jurisdiction *in this case*.  *See MacDermid Printing Sols., LLC v. Chemence, Inc.*, 2006 WL 8447788, at *4 (D. Conn. July 28, 2006) ("[P]rior lawsuits do not furnish a basis for [personal] jurisdiction.").  They further claim that HCLOF generally appeared in this case, but HCLOF merely sent a letter to the Court in March 2022 where it explicitly stated that it "is not appearing as a party." ECF No. 36, at 2.  The CLOH Parties also claim that HCLOF participated in negotiations of the settlement agreements within New York, but as non-parties to such contracts, the CLOH Parties cannot rely on HCLOF's actions with respect to those agreements.  Moreover, no HCLOF representative ever set foot in New York to negotiate either of those agreements, and the CLOH Parties fail to allege otherwise.  Jurisdiction cannot be established solely because the 2023 agreement was negotiated by New York lawyers on HCLOF's behalf.  *See DirecTV Latin Am., LLC v. Park 610, LLC*, 691 F. Supp. 2d 405, 420 (S.D.N.Y. 2010) (no personal jurisdiction where defendant's negotiations were conducted by telephone, fax, and correspondence with "a center of gravity well outside the state").

The Court also lacks subject matter jurisdiction over the claims against HCLOF.  As the CLOH Parties are Cayman Islands entities, ECF No. 155, p. 22 of 50, ¶¶ 8-9, there is no diversity between them and HCLOF.  *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 127 (2d Cir. 2020) (No "diversity jurisdiction over lawsuits between two foreign parties.").  There is also no federal question jurisdiction, as the CLOH Parties' claims only concern HCLOF's contracts.  *See Tasini v. N.Y. Times Co.*, 184 F. Supp. 2d 350, 358 (S.D.N.Y. 2002) ("[T]he federal question must . . . be substantial as opposed to a minor, technical addition to a state claim.").

There is also no basis for supplemental jurisdiction.  Supplemental jurisdiction requires



the claims against HCLOF to be closely related to Plaintiffs' claims against the CLOH Parties, but that is not the case. As shown above, the alleged "mismanagement of HCLOF" raised by the CLOH Parties is far afield from the alleged "mismanagement of the CLOs" raised by Plaintiffs. There is thus no basis for supplemental jurisdiction over the claims against HCLOF, especially because CLOH is already litigating the "mismanagement of HCLOF" in Guernsey. *See Burgess v. Omar*, 345 F. Supp. 2d 369, 372 (S.D.N.Y. 2004) (finding that complaint and counterclaims did not "arise out of a common nucleus of operative fact" despite "facts . . . common to both"); *Roman y Gordillo, S.C. v. Bank of N.Y. Mellon Corp.*, 2015 WL 5786460, at *23 (S.D.N.Y. Sept. 29, 2015) (declining to exercise supplemental jurisdiction over third party claims in part because they concerned a dispute between two Mexican citizens already involved in ongoing litigation there).

**II.     The Counterclaims Against HCLOF Are Deficient, Duplicative, And At Minimum, Should Be Stayed Pending The Resolution Of CLOH's Parallel Case In Guernsey**

The Counterclaims against HCLOF should also be dismissed on two other grounds. The declaratory judgment claims seeking to invalidate HCLOF's agreements with Plaintiffs fail as a matter of law because the CLOH Parties are not parties to or third-party beneficiaries of those agreements. *See Rynasko v. N.Y. Univ.*, 63 F.4th 186, 194 (2d Cir. 2023) (plaintiff lacked standing to pursue breach of contract claim because she was not an intended third-party beneficiary to the contract and thus did not suffer a cognizable injury in fact).

Further, the Members Agreement claim should be dismissed on international comity and *forum non conveniens* grounds because that Agreement relates to a Guernsey company (HCLOF), is governed by Guernsey law, and has a Guernsey jurisdiction provision (albeit non-exclusive). *See ICBC Standard Sec., Inc. v. Luzuriaga*, 217 F. Supp. 3d 733, 741 (S.D.N.Y. 2016) ("[A]bsent exceptional circumstances, a federal court in the exercise of its discretion should decline to assert jurisdiction and defer to the corresponding interests and laws of foreign tribunal adjudicating related disputes in proceedings involving the same parties over which they have proper jurisdiction."); *Bybee v. Oper der Standt Bonn*, 899 F. Supp. 1217, 1223-24 (S.D.N.Y. 1995) (dismissal based on *forum non conveniens* was proper because defendants resided in Germany and the contract was governed by German law and required performance in Germany).

At minimum, to avoid duplication, the Court should stay the Counterclaims against HCLOF pending the resolution of CLOH's parallel action against HCLOF in Guernsey. *In re Nat'l Bank of Anguilla Ltd.*, 580 B.R. 64, 103 (Bankr. S.D.N.Y. 2018) (staying matter based on *forum non conveniens* until the dispute was adjudicated in Anguilla). Accordingly, HCLOF respectfully requests leave to file a motion to dismiss or stay the Counterclaims against it and stay all discovery against it in the meantime.



Hon. Gregory H. Woods
July 24, 2023
Page 4

                        Respectfully submitted,

                        */s/ Uri A. Itkin*

                        Uri A. Itkin


cc:  All counsel of record