**MEMORANDUM ENDORSED**

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/25/2023
```

July 24, 2023

**BY ECF**
The Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

Re:   *U.S. Bank, National Association et al. v. The Charitable Donor Advised Fund et al.*,
      1:21-CV-11059-GHW (S.D.N.Y.)

Dear Judge Woods:

Pursuant to Rule 2(C) of Your Honor's Individual Rules of Practice, we write on behalf of Plaintiffs U.S. Bank National Association, in its capacity as trustee (the "Trustee"), Joshua N. Terry ("Mr. Terry"), and Acis Capital Management, L.P. ("ACM," and, collectively, with the Trustee and Mr. Terry, "Plaintiffs") to request leave to file a motion (1) to dismiss the Amended Counterclaims (Dkt. 155) brought by Defendants The Charitable Donor Advised Fund, L.P. ("DAF") and CLO HoldCo, Ltd. ("CLO HoldCo," and, collectively with DAF, the "DAF Parties") under FRCP 12(b)(6), and (2) for judgment on the pleadings under FRCP 12(c) on the claims in the Amended Complaint (Dkt. 15, "AC").

As previewed in Plaintiffs' pre-motion letters on the DAF Parties' motion to amend their counterclaims (Dkts. 146, 153), Plaintiffs intend to argue in their anticipated motion that the DAF Parties' amendments fail to state a claim due to both lack of standing and fatal substantive deficiencies. Plaintiffs will argue that the DAF Parties lack standing to bring their settlement invalidation claims, and that those claims fail as a matter of law, including because the DAF Parties have not pled collusion with particularity. *See* Dkt. 146 at 2; Dkt. 153 at 8. Plaintiffs will further argue that, as with the DAF Parties' prior aiding and abetting claims, the DAF Parties lack standing to bring their new tortious interference with contract and unjust enrichment claims under Guernsey law, including because those claims are predicated on alleged wrongs to HCLOF—not the DAF Parties. *See* Dkt. 146 at 2. And even if the DAF Parties had standing, Plaintiffs will argue that the DAF Parties failed to plausibly allege the elements of tortious interference, including that (1) HCLOF breached the Members Agreement, (2) Plaintiffs intentionally caused that breach, and (3) any such interference was unjustified. *See id*. at 3; Dkt. 153 at 8-10. Finally, Plaintiffs will argue that the DAF Parties fail to state an unjust enrichment claim, including because the Indentures, PMAs, and Members Agreement govern the subject of that claim, and because the DAF Parties do not own the property at issue.

Plaintiffs submit that a pre-motion conference on their anticipated motion is not necessary and that it would be most efficient for Plaintiffs to proceed to file their motion, but they are

prepared to discuss their anticipated motion with the Court at a pre-motion conference should the Court so prefer. Plaintiffs note that, in granting the DAF Parties motion for leave to amend, the Court stated that it would consider "arguments regarding the sufficiency of the allegations presented in that amended counterclaim in response to any motion to dismiss it." Dkt. 154. Further, at a prior pre-motion conference, the Court permitted Plaintiffs to file a motion for judgment on the pleadings as to the DAF Parties, and the judgment on the pleadings portion of the anticipated motion remains substantially the same as the one already considered at the prior pre-motion conference. Dkt. 97. For both reasons, Plaintiffs believe that it would be most efficient to forego a further pre-motion conference.

To ensure that Plaintiffs' anticipated motion to dismiss and for judgment on the pleadings is expeditiously briefed, Plaintiffs are prepared to file the motion on the later of (1) August 3, 2023 or (2) two days from the Court's entry of an order granting Plaintiffs leave to file.

We appreciate the Court's consideration of this request.

Respectfully submitted,

*/s/ Blair Adams*
Blair A. Adams
Quinn Emanuel Urquhart & Sullivan, LLP
*Counsel for Acis Capital Management, L.P. & Joshua N. Terry*
Tel: (212) 849-7615
Email: blairadams@quinnemanuel.com

*/s/ Mark Kotwick*
Mark D. Kotwick
Seward & Kissel LLP
*Counsel for U.S. Bank National Association*
Tel: (212) 574-1545
Email: kotwick@sewkis.com

cc:     Counsel of Record (via ECF)

Application granted. Plaintiffs may file their motion without need for a further conference. Plaintiffs' motion to dismiss the DAF Parties' Amended Counterclaims and Amended Complaint is due no later than August 15, 2023. Any opposition is due no later than three weeks following service of the motion to dismiss. The reply, if any, is due no later than two weeks following service of the opposition papers.

SO ORDERED.

Dated: July 25, 2023
New York, New York

GREGORY H. WOODS
United States District Judge