Parsons McEntire McCleary PLLC

1700 Pacific Ave., Ste. 4400
Dallas, Texas 75201
Tel. (214) 237-4300
Fax (214) 237-4340

Sawnie A. McEntire  (214) 237-4303
Director & Shareholder  smcentire@pmmlaw.com

July 31, 2023

Hon. Gregory H. Woods  **VIA CM/ECF**
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

    Re:   *U.S. Bank National Association, et al. v. The Charitable Donor Advised Fund, L.P. and CLO HoldCo Ltd.*, **Case No. 1:21-cv-11059-GHW**

Dear Judge Woods,

    This letter is submitted on behalf of Defendants/Counter-Plaintiffs Charitable DAF Fund, LP a/k/a The Charitable Donor Advised Fund, L.P. ("DAF") and CLO HoldCo, Ltd. ("CLOH") (collectively, the "DAF Parties") in anticipation of the Court's hearing concerning a potential stay of discovery pending the anticipated motion to dismiss to be filed by Highland CLO Funding, Ltd. ("HCLOF") (Dkts. 163 and 167). The DAF Parties submit that a discovery stay is unjustified because: (i) HCLOF is unlikely to succeed on its motion; (ii) any delay in discovery from HCLOF would be inefficient in light of the current compressed discovery schedule; (iii) merits-based discovery from HCLOF is likely to yield important evidence relating to the DAF Parties' claims against the other Counter-Defendants; and (iv) the DAF Parties are entitled to jurisdictional discovery at a minimum.

    HCLOF is engaged in whipsaw tactics. On June 6, 2023, HCLOF urged this Court to reject the DAF Parties' first discovery requests via letters rogatory arguing that such discovery was "premature." (Dkt. 126) The DAF Parties opposed this request (Dkt. 134), but the Court has not ruled. HCLOF now seeks a complete stay of discovery even though that discovery is highly relevant to claims against HCLOF **and** the other Counter-Defendants. Under the Case Management Order, the discovery period is moving quickly, and HCLOF is essentially seeking to preempt the DAF Parties' limited opportunity to obtain this discovery. Again, at a minimum, the DAF Parties are entitled to conduct basic jurisdictional discovery to prepare for HCLOF's motion to dismiss. *See Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, No. 05 CIV. 9016 (SAS), 2006 WL 708470, at *6 (S.D.N.Y. Mar. 20, 2006) ("What is clear is that a court may, in its discretion, allow discovery to aid in determining whether it has in personam or subject matter jurisdiction . . . [j]urisdictional discovery should be granted where pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary."); *see also, Ryan v. United States,* No. 1:15-CV-2248-GHW, 2015 WL 7871041, at *5 n.2 (S.D.N.Y. Dec. 3, 2015) ("Courts generally permit a plaintiff resisting a motion to dismiss for lack of . . . jurisdiction the opportunity to conduct discovery on jurisdictional facts, 'at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party'") (Woods, J.) (quoting *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004)).

When HCLOF filed its opposition on June 6, 2023, it had already been served with process under the Hague Convention (Dkt. 113), but HCLOF filed its letter without reserving its rights to challenge personal jurisdiction.

Although its formal motion is not yet before the Court, HCLOF's recent letter (Dkt. 163) clearly reveals HCLOF's strategy seeking to minimize its involvement in the transactions and events underlying the DAF Parties' Counterclaims, cavalierly suggesting that the Counterclaims merely involve "mismanagement." That is wrong. The Counterclaims largely focus on two collusive settlement agreements between HCLOF and the Plaintiffs which seek to foreclose the DAF Parties' substantive and procedural rights in Guernsey. Empowered by their collusive agreements with HCLOF, Plaintiffs proceeded to haul the DAF Parties into this New York court seeking relief (as HCLOF always intended) to impede the DAF Parties from prevailing on their claims in Guernsey. Stated differently, HCLOF seeks to insulate itself from discovery while attempting to use this forum to manipulate its defenses in the Guernsey Proceedings.

As to jurisdictional issues, even though HCLOF's collusion was both necessary for and in anticipation of this New York lawsuit—and was effectuated by HCLOF's lawyers in New York, where the settlements were drafted, negotiated, and, in one instance, secretly escrowed—HCLOF contends that personal jurisdiction is lacking. Respectfully, that position is unavailing on even a cursory examination, and it provides no basis for a stay of discovery pending a motion to dismiss. The same is true of HCLOF's subject matter jurisdiction argument.[1]

As for the Guernsey Proceeding, it is well settled that "[t]he mere existence of parallel foreign proceedings does not negate the district courts' 'virtually unflagging obligation ... to exercise the jurisdiction given them.'" *Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 92 (2d Cir. 2006) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).[2] Although HCLOF will apparently attempt to show that this case involves the type of "exceptional circumstances" that would justify dismissal or a stay in favor of the Guernsey action, *id.*, at 93; *see also Bugliotti v. Republic of Argentina*, 952 F.3d 410, 415 (2d Cir. 2020), that bar is far too high to justify a delay of discovery. Moreover, HCLOF's contention that the Guernsey Proceedings "duplicate" the counterclaims is flatly incorrect for

---

[1] As HCLOF neglects to address, the Court has subject matter jurisdiction over the DAF Parties' counterclaims pursuant to the Edge Act, 12 U.S.C. § 632. The Edge Act provides federal courts with original jurisdiction in any case in which a national bank is a party, and that arises out of transactions involving international banking or other international or foreign financial operations. *See Ritchie Capital Mgmt., L.L.C. v. BMO Harris Bank N.A.*, 2015 WL 1433320, at *4 (S.D.N.Y. Mar. 30, 2015). Further, supplemental jurisdiction exists here because the counterclaims concern the two collusive settlement agreements, one of which underlies the Plaintiffs' claims.

[2] The cases relied upon by HCLOF are inapposite because they involve situations where the standard *Royal & Sun Alliance* factors do not apply, *see ICBC Standard Sec., Inc. v. Luzuriaga*, 217 F. Supp. 3d 733, 738 (S.D.N.Y. 2016) (noting that the case fell under an exception to *Colorado River* abstention); *In re Nat'l Bank of Anguilla (Priv. Banking Tr.) Ltd.*, 580 B.R. 64, 95 (Bankr. S.D.N.Y. 2018) (explaining that foreign bankruptcy proceedings are treated differently under *Royal & Sun Alliance*) or predate the decision. *See Bybee v. Oper der Standt Bonn*, 899 F. Supp. 1217, 1223-24 (S.D.N.Y. 1995).

2

multiple reasons, and it would be inappropriate to stay discovery relating to the Counterclaims on the basis of HCLOF's specious arguments:

1. The issues to be determined in the two proceedings are distinct. The DAF Parties' Counterclaims involve tortious interference and breach of contract claims, not "mismanagement." On the other hand, the Guernsey Proceedings involve an internal shareholder dispute based on unfair prejudice caused to the minority shareholder. There are no allegations relating to breach of contract or tortious interference in the Guernsey Proceedings and, accordingly, there is no risk of inconsistent findings.

2. The Guernsey Court has exclusive jurisdiction over the Guernsey Proceedings, which have been brought pursuant to section 349 and 350 of the Companies (Guernsey) Law, 2008. Any proceedings brought pursuant to this Guernsey statute are only justiciable in the Guernsey Courts.[3]

3. The relief sought in each set of proceedings is also disparate. The Guernsey Proceedings seek non-monetary remedies pursuant to Guernsey statute, while the Counterclaims seek monetary damages and declarations based on a breach of contract claim and tortious interference. It is necessary and proper for CLOH to bring each set of proceedings in the respective jurisdictions.

4. As a practical matter, the DAF Parties' Counterclaims should be allowed to proceed to remove the contrived impediments to CLOH's requested relief in the Guernsey Proceedings, *i.e.,* the ability of CLOH to receive an *in specie* distribution from HCLOF. This includes a declaratory judgment by this Court that the 2021 and 2023 Settlement Agreements are not enforceable. (*See* Dkt. 155). Clearly, the other Counter-Defendants are proper parties to this declaratory relief. Contrary to what HCLOF states in its letter, it is not expected the Guernsey Proceedings will proceed this fall as no dates have been set for the hearing.

Finally, irrespective of the outcome of HCLOF's motion to dismiss, discovery should not be stayed because its conduct and communications with the Plaintiffs are still relevant. *See Friedman as Tr. of Ellett Bros., LLC v. Nexien, Inc.*, 2021 WL 5910763, at *7 (E.D.N.Y. Nov. 9, 2021) (declining to stay discovery because motion to dismiss did not address all dispositive issues and "discovery produced [in action], could very well be used elsewhere even if [] case is dismissed). Since discovery of HCLOF is both appropriate and unavoidable, there is no reason to delay such discovery within the timetables currently contemplated by the Court's scheduling orders.

---

[3] Para 42(iv) in the Guernsey Appeal Court judgment of <u>Carlyle Capital Corporation Limited and Four Others v. Conway and Nine Others</u> 2011-12 GLR 562; paras 53 and 77 in <u>Carlyle Capital Corporation Limited and Four Others v. Conway and Nine Others</u> 2011-12 GLR 638).

Respectfully Submitted,

/s/ *Sawnie A. McEntire*
Sawnie A. McEntire
*Admitted Pro Hac Vice*
Texas Bar No.: 13590100
Fed ID #3476
PARSONS MCENTIRE MCCLEARY PLLC
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Fax: (214) 237-4340
E-mail: smcentire@pmmlaw.com

Roger L. McCleary
*Admitted Pro Hac Vice*
Texas Bar No.: 133937000
Fed. ID #205
PARSONS MCENTIRE MCCLEARY PLLC
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Fax: (713) 960-7347
E-mail: rmccleary@pmmlaw.com

/s/ *Lindsey R. Skibell*
Lindsey R. Skibell
E-mail: rskibell@glennagre.com
Jewel K. Tewiah
E-mail: jtewiah@glennagre.com
GLENN AGRE BERGMAN & FUENTES LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: 212.358.5600

**Counsel for CLO Holdco, Ltd. and The Charitable Donor Advised Fund, L.P.**

4