# EXHIBIT 15

Royal British Bank v Turquand

Overview | (1856) 6 E & B 327, | 25 LJQB 317, | 2 Jur NS 663, | 119 ER 886, | [1843-60] All ER Rep 435

# Royal British Bank v Turquand [1843-60] All ER Rep 435

Also reported 6 E & B 327; 25 LJQB 317; 2 Jur NS 663; 119 ER 886

COURT OF EXCHEQUER CHAMBER

JERVIS CJ, POLLOCK CB, ALDERSON B, CRESSWELL AND CROWDER JJ AND BRAMWELL B

1 MAY 1856

**Company — Borrowing — Authority — Directors given power to burrow subject to resolution of company — Right of lender to assume resolution passed.**

The deed of settlement of a company registered under the Joint Stock Companies Act, 1844, allowed the directors to borrow on bond such sum or sums of money as might from time to time, by a resolution passed at a general meeting of the company, be authorised to be borrowed. By a bond under the seal of the company and signed by two directors, the company acknowledged themselves to be bound to the plaintiffs for 2,000 pounds. In an action on the bond, the company pleaded that there had been no resolution authorising the making of the bond.

Held: persons dealing with the company were bound to make themselves acquainted with the statute and the deed of settlement of the company, but they were not bound to do more; a person, on reading the deed of settlement, would find, not a prohibition against borrowing, but a permission to borrow on certain conditions, and, learning that the authority might be made complete by a resolution, he would have a right to infer the fact of a resolution authorising that which on the face of the document appeared to be legitimately done; and, therefore, the company was liable whether or not a resolution had been passed.

### Notes

Under the Joint Stock Companies Act 1844 (7 & 8 Vict c 110) s 25 (repealed) upon the complete registration of any company being certified by the Registrar of Joint Stock Companies such company was empowered (inter alia) "to borrow or raise money within the limitations prescribed by any special authority."

Applied: *Agar v Athenaeum Life Assurance Society* (1858) 3 CBNS 725 *Athenaeum Life Insurance Co v Pooley* (1858) 28 LJ Ch 119; *Prince of Wales Assurance Co v Harding* (1858) EB & E 183 Considered: *Re Athenaeum Society Ex parte Eagle Co* (1858) 4 K & J 549; *Balfour v Ernest* (1859) 5 CBNS 601 Distinguished: *Commercial Bank of Canada v Great Western Rail Co of Canada* (1865) 3 Moo PCCNS 295 Considered: *Totterdell v Fareham Blue Brick and Tile Co* (1866) LR 1 CP 674 Explained and Applied *Fountaine v Carmarthen Rail Co* (1868) LR 5 Eq 316 Considered: *Re Land Credit Co of Ireland Ex parte Overend Gurney & Co* (1869) 4 Ch App 460; *Re London Hamburg and Continental Exchange Zulueta's Claim* (1870) 5 Ch App 444; *East Holyford Mining Co v Costelloe* (1871) 19 WR 1010 Approved: *Re Bank of Hindustan China and Japan Campbell's Case Hippisley's Case Alison's Case* (1873) 9 Ch App 1 Distinguished: *Re County Palatine Loan and Discount Co*

--------------------------------------------------  *[1843-60] All ER Rep 435 at 436*

*Cartmell's Case* (1874) 9 Ch App 691 Considered: *Colonial Bank of Australasia v Willan* (1874) LR 5 PC 417; *Mahony (Public Officer of National Bank of Ireland) v East Holyford Mining Co Ltd* [1874-80] All ER Rep 427

Royal British Bank v Turquand [1843-60] All ER Rep 435

> Distinguished: *Irvine v Union Bank of Australasia* (1877) 2 Ch App 366 Considered: *Melbourne Banking Corpn v Brougham* (1878) 4 App Cas 156 Applied: *Re Briton Medical and General Life Assurance* (1889) 5 TLR 502; *County of Gloucester Bank v Rudry Merthyr Steam and House Coal Colliery Co* [1895-9] All ER Rep 847 Considered: *Duck v Tower Galvanizing Co* [1901] 2 KB 314; *Premier Industrial Bank v Carlton Manufacturing Co and Crabtree* [1909] 1 KB 106; *Dey v Pullinger Engineering Co* [1920] All ER Rep 591; *AL Underwood Ltd v Bank of Liverpool and Martins Same v Barclays Bank* [1924] All ER Rep 230; *Kreditbank Cassel GmbH v Schenkers Ltd* [1927] All ER Rep 421; *B Liggett (Liverpool) Ltd v Barclays Bank Ltd*[1927] All ER Rep 451; *British Thomson-Houston Co Ltd v Federated European Bank Ltd* [1932] All ER Rep 448; *Morris v Kanssen* [1946] 1 All ER 586; *IRComrs v Heaver Ltd* [1949] 2 All ER 367 Referred to: *Curteis v Anchor Insurance* (1857) 2 H & N 537; *Guest v Poole and Bournemouth Rail Co* (1870) LR 5 CP 553; *Riche v Ashbury Railway Carriage and Iron Co* (1874) LR 9 Exch 224; *Yorkshire Railway Wagon Co v MacCure* (1881) 30 WR 288 *Ward v Royal Exchange Shipping Co Ex parte Harrison* (1887) 58 LT 174; *Re Hampshire Land Co* [1896] 2 Ch 743; *Houghton v Nothard Lowe and Wilts Ltd* [1927] 1 KB 246; *Rama Corpn Ltd v Proved Tin and General Investments Ltd* [1952] 1 All ER 554.
>
> As to contracts of a company see 6 HALSBURY'S LAWS (3rd Edn) 58-60 430-432; as to condition precedent to borrowing see ibid 462-463; and for cases see 9 DIGEST (Repl) 94-97 660-661; 10 DIGEST (Repl) 758-762.
>
> **Cases referred to in argument:**
>
> *Ridley v Plymouth Grinding and Baking Co, Kingsbridge Flour Mill Co v Plymouth Grinding and Baking Co* (1848) 2 Exch 711; 17 LJ Ex 252; 11 LTOS 107; 12 Jur 542; 9 Digest (Repl) 676, 4469.
>
> *Smith v Hull Glass Co* (1852) 11 CB 897; 7 Ry & Can Cas 287; 21 LJCP 106; 16 Jur 595; 138 ER 729; 9 Digest (Repl) 562, 3715.
>
> *Re Sea, Fire and Life Assurance Co, Greenwood's Case* (1854) 3 De GM & G 459; 2 Eq Rep 260; 23 LJ Ch 966; 22 LTOS 338; 18 Jur 387; 2 WR 322; 43 ER 180, LC & LJJ; 36 Digest (Repl) 480, 503.
>
> *Collins v Blantern* (1767) 2 WilsKB 342; 95 ER 847; 7 Digest (Repl) 254, 927.
>
> *Paxton v Popham* (1808) 9 East, 408; 103 ER 628; 7 Digest (Repl) 254, 928.
>
> *East Anglian Railways Co v Eastern Counties Rail Co* (1851) 11 CB 775; 7 Ry & Can Cas 150; 21 LJCP 23; 18 LTOS 138; 16 Jur 249; 138 ER 680; 10 Digest (Repl) 1255, 8850.
>
> *Hill v Manchester and Salford Waterworks Co* (1833) 5 B & Ad 866; 2 Nev & MKB 573; 3 LJKB 19; 110 ER 1011; 10 Digest (Repl) 1246, 8784.
>
> *Horton v Westminster Improvement Comrs* (1852) 7 Exch 780; 21 LJ Ex 297; 19 LTOS 219; 155 ER 1165; 7 Digest (Repl) 201, 361.

Appeal by the defendant from a decision of the Court of Queen's Bench (LORD CAMPBELL, CJ, COLERIDGE and ERLE, JJ) reported 5 E & B 248, on demurrer, in an action brought by the plaintiffs against the defendant, as official manager of Cameron's Coalbrook Steam, Coal, and Swansea and London Rail Co, according to the Joint Stock Companies Winding-Up Acts (the company being completely registered under the statute 7 & 8 Vict, c 110) for the non-payment of the sum of 2,000 pounds for which they alleged the company, before the defendant became official manager, to wit on 6 Mar 1850, by their writing obligatory, sealed with their common seal, acknowledged themselves to be held and firmly bound to the plaintiffs, to be paid to the plaintiffs on request; for which payment the company did bind themselves and their successors.

The first plea set out the condition, which appeared to be for securing to the plaintiffs, who were bankers, such sum as the company should, to the amount of 1,000 pounds owe to plaintiffs on the balance of the account current, from time to time, and for indemnifying plaintiffs to that amount from losses incurred by reason of the account between plaintiffs and the company. The plea further set out clauses of the registered deed of settlement of the company, by which it appeared that the directors were authorised, under certain circumstances, to give bills, notes, bonds or mortgages: and one clause provided that the directors might borrow on bond such sums as should, from time to

time, by a general resolution of the company, be authorised to be borrowed. The plea averred that there had been no such resolution authorising the making of the bond, and that the same was given and made without the authority or consent of the shareholders of the company.

The replication set out the deed of settlement further, by which it appeared that the company was formed for the purpose of carrying on mining operations and forming a railway. It then alleged that, at a general meeting of the company, it was resolved:

> "that the directors of the said company should be, and they were thereby, authorised to borrow on mortgage, bond or otherwise, such sums for such periods and at such rates of interest as they might deem expedient, in accordance with the provisions of the deed of settlement and Act of Parliament. And the said resolution and determination has thence hitherto remained UNRESCINDED."

The replication then alleged that afterwards, in accordance with the authority granted by the general meeting, the directors agreed to enter into the bond, and appointed two directors to affix their seal, and the secretary to sign the bond, which bond, so sealed and signed, plaintiffs took

> "in full faith and belief of the validity of the said resolutions, and that the said bond was authorised by, and would be a valid and binding security upon, the said company."

The plaintiffs also demurred to the plea. The defendant joined in demurrer, and also demurred to the replication Joinder. The Court of Queen's Bench gave judgment for the plaintiffs. The defendant appealed.

Phipson for the defendant.

Bovill for the plaintiffs.

1 May 1856

**JERVIS CJ:**

I am of opinion that the judgment of the Court of Queen's Bench ought to be affirmed. I incline to think that the question which has been principally argued both here and in that court does not necessarily arise, and need not be determined. My impression is (though I will not state it as a fixed opinion) that the resolution set forth in the replication goes far enough to satisfy the requisites of the deed of settlement. The deed allows the directors to borrow on bond such sum or sums of money as shall from time to time, by a resolution passed at a general meeting of the company, be authorised to be borrowed: and the replication shows a resolution, passed at a general meeting, authorising the directors to borrow on bond such sums for such periods and at such rates of interest as they might deem expedient, in accordance with the deed of settlement and the Act of Parliament; but the resolution does not otherwise define the amount to be borrowed.

That seems to me enough. If that be so, the other question does not arise. But whether it be so or not we need not decide; for it seems to us that the plea, whether we consider it as a confession and avoidance or a special non eat factum, does not raise any objection to this advance as against the company. We may now take for granted that the dealings with these companies are not like dealings with other partnerships, and that the parties dealing with them are bound to read the statute and the deed of settlement. But they are not bound to do more. The party here, on reading the deed of settlement, would find, not a prohibition from borrowing,

--------------------------------------------------------------                               *[1843-60] All ER Rep 435 at 437*

but a permission to do so on certain conditions. Finding that the authority might be made complete by a resolution, he would have a right to infer the fact of a resolution authorising that which on the face of the document appeared to be legitimately done.

POLLOCK, CB, ALDERSON, B, CRESSWELL, J, CROWDER, J, and BRAMWELL, B, concurred.

**Appeal dismissed.**

---

End of Document