UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY, AND ACIS CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiffs,<br><br>-against-<br><br>THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD., AND NEXPOINT DIVERSIFIED REAL ESTATE TRUST,<br><br>Defendants. | CASE NO. 1:21-cv-11059 (GHW) |

### NEXPOINT DIVERSIFIED REAL ESTATE TRUST'S
### APPLICATION FOR ISSUANCE OF LETTER OF REQUEST

Plaintiff NexPoint Diversified Real Estate Trust ("NexPoint"), pursuant to Federal Rule of Civil Procedure 28(b) and 28 U.S.C. § 1781(b)(2), respectfully files this Application for Issuance of Letter of Request seeking for this Court to issue a letter of request seeking judicial assistance from the Grand Court of the Cayman Islands to aid in securing discovery from ACIS CLO 2015-6 Ltd. (the "Issuer"), a nonparty that possesses information that is relevant to the claims and defenses at issue in this action. The proposed Letter of Request seeking discovery from the Issuer is attached hereto as Exhibit A.

The discovery sought through the proposed Letter of Request consists of (a) the production of certain relevant documents in the possession, custody, or control of the Issuer, and (b) oral testimony from the Issuer regarding matters relevant to this action.[1]

---

[1] Copies of the proposed subpoena *duces tecum* and subpoena *ad testificandum* to the Issuer are attached to the Declaration of Mazin A. Sbaiti ("Decl.") as Exhibits 1 and 2, respectively.

NexPoint moves the Court for the issuance of the proposed Letter of Request because discovery from the Issuer cannot be obtained within the territorial jurisdiction of the United States. NexPoint understands that the Issuer is a Cayman Islands entity and believes the Issuer is currently located in the Cayman Islands. NexPoint has attempted to obtain discovery from the Issuer via its Cayman Islands counsel but has been unsuccessful.

Pursuant to Federal Rule of Civil Procedure 37(a)(1), counsel for NexPoint has conferred with counsel for Plaintiff/Counter-Defendant Acis Capital Management, L.P. ("Acis"), Plaintiff/Counter-Defendant Joshua N. Terry ("Terry"), and Counter-Defendant Brigade Capital Management LP ("Brigade") (collectively, "Counter-Defendants") regarding this Application. NexPoint provided Counter-Defendants with copies of the proposed Letter of Request, and Counter-Defendants' counsel stated that they "take no position."

## PRELIMINARY STATEMENT

This suit commenced as a declaratory-judgment action by Plaintiffs—they sued NexPoint, among others, to have this Court declare that NexPoint "lacks standing to bring" various claims, such as breach of fiduciary duty and tortious interference with contractual relations, against Acis and Terry. *See* Ex. 5. NexPoint has denied that Plaintiffs' reasons for why NexPoint lacks standing are invalid. NexPoint then counterclaimed against Counter-Defendants, under which NexPoint claims that Counter-Defendants mismanaged the assets within the ACIS-6 CLO's portfolio and did so to maximize their gains from managing the portfolio to the detriment of NexPoint and the other beneficiaries. Ex. 6, Counterclaims ¶¶ 1–8.

Two entities, one of which being the Issuer, initially acquired some or all of the assets that constituted the portfolio of the ACIS-6 CLO. *Id.* at ¶ 45. Via a trust indenture, these entities granted all rights, title, and interest in the assets to Plaintiff U.S. Bank, N.A. ("U.S. Bank") and vested all

management authority over the portfolio's assets to Acis. *See id.* at ¶¶ 47–56. Once this arrangement began, NexPoint alleges that Counter-Defendants managed the ACIS-6 CLO improperly and in violation of the law, which allegedly included charging excess fees; purchasing assets that did not meet the indenture's quality-control tests; and breaching the best-execution rule when buying and selling assets of the funds Counter-Defendants managed. *See id.* at ¶¶ 78–139. NexPoint alleges that Counter-Defendants' actions caused NexPoint to suffer pecuniary harm. *See id.* at ¶¶ 4–5, 252. The involvement—and extent of that involvement—of the Issuer as to the ACIS-6 CLO, from its creation to its ongoing wind down, are critical to the resolution of this action.

      NexPoint brings this Application so that it may obtain discovery necessary to evaluate and respond to allegations and legal arguments made by Counter-Defendants relating to the Issuer's role as to the ACIS-6 CLO—which, in turn, bears directly on central issues of liability in this action. The legal standard to obtain cross-border discovery pursuant to a letter of request is the same as that under Rule 26: the Application must seek the discovery of evidence "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). As detailed in the proposed Letter of Request, that burden is met here.

      Accordingly, and for the reasons below and those advanced in the proposed Letter of Request, NexPoint respectfully submits that the issuance of the Letter of Request is appropriate and necessary to permit the discovery of information that is relevant to the claims and defenses at issue in this litigation.

## RELEVANT FACTUAL BACKGROUND

In the series of litigation concerning the ACIS-6 CLO, Acis and Terry have attempted to nullify or otherwise limit the extent of its duties and responsibilities they owe to beneficiaries of the ACIS-6 CLO, including NexPoint. One of the many avenues they are pursuing to achieve their goal is to attribute as much of those duties and responsibilities to one of the issuers for ACIS-6 CLO, a Cayman Islands exempted company named ACIS CLO 2015-6 Ltd. As is detailed further in the proposed Letter of Request, the Issuer is critically implicated in the formation and management of the ACIS-6 CLO, particularly as Counter-Defendants continue to contend that some or all duties and responsibilities NexPoint alleges Counter-Defendants owe are, instead, owed by the Issuer.

In the briefing for their motions to dismiss, Counter-Defendants placed front and center several issues related to the Issuer, such as (1) whether the Issuer has acted as or was subservient to Acis and whether Acis acted of its own accord; (2) whether Acis is a co-trustee or shadow director of the ACIS-6 CLO; and (3) whether the shareholders of the Issuer played any active role as to the Issuer and whether the shareholders of the Issuer gained or stand to gain financially from the windup of the ACIS-6 CLO. *See* Ex. 6 at pp. 3, 24–26, 31, 35; Ex. 7 at ¶ 22; Ex. 10 at pp. 5, 10, 14–15, 24; Ex. 11 at ¶¶ 20, 29–30, 37, 39, 46, 52, 73; Ex. 14 at pp. 7–8, 15; Ex. 16 at pp. 4–5, 8–10; *see also, e.g.*, Ex. 8 at pp. 16–29; Ex. 12 at pp. 2–5; Ex. 15 at pp. 3, 5–9. And these issues are relevant to this action because Counter-Defendants are invoking the Issuer to claim that they are not liable to NexPoint for the wrongful acts that injured NexPoint—liability and damages are directly implicated.

## **LEGAL STANDARD**

Letters of request are "request[s] by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004); *see The Signe*, 37 F. Supp. 819, 820 (E.D. La. 1941). They are the appropriate mechanism for parties to U.S. litigation to obtain evidence from nonparties in foreign jurisdictions. *See Villella v. Chem. & Mining Co. of Chile, Inc.*, No. 15-cv-2106, 2019 U.S. Dist. LEXIS 5926, at *6 (S.D.N.Y. Jan. 11, 2019). Letters of request are authorized under Federal Rule of Civil Procedure 28(b) and 28 U.S.C. § 1781. *Netherby Ltd. v. Jones Apparel Grp., Inc.*, No. 04-cv-7028, 2005 U.S. Dist. LEXIS 9769, at *1 (S.D.N.Y. May 17, 2005). Evidence that may be obtained by letters of request includes document discovery and depositions. *See, e.g.*, *Villella*, 2019 U.S. Dist. LEXIS 5926, at *6.

It is within the Court's discretion whether to grant a letter of request, subject to the "extremely broad" discovery standards of Rule 26. *See Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004); *see also In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003). Thus, the burden on the party seeking issuance of a letter of request is "not heavy," *Villella*, 2019 U.S. Dist. LEXIS 5926, at *9, and the moving party need only satisfy Rule 26, *Joseph v. Gnutti Carlo S.p.A.*, No. 15-cv-8910, 2016 U.S. Dist. LEXIS 96721, at *2–3 (S.D.N.Y. July 25, 2016). "Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby*, 2005 U.S. Dist. LEXIS 9769, at *1; *see Elliott Assocs., L.P. v. Republic of Peru*, 96-cv-7917, 1997 U.S. Dist. LEXIS 11185, at *6 (S.D.N.Y. July 30, 1997) (issuing letter of request for discovery from nonparty that "may" have information that "may shed light" on defendants' defenses).

## ARGUMENTS AND AUTHORITIES

**A.** **THE ISSUER POSSESSES EVIDENCE THAT IS DIRECTLY RELEVANT TO THIS LITIGATION**

As discussed above and in the proposed Letter of Request, the Issuer is a key figure in this action, and the arguments the parties engage relating to the Issuer are integral to the claims and defenses of the case. The Issuer's (potential) role in the events undergirding this action is relied on to a great extent by Counter-Defendants in their motion-to-dismiss briefing. *See* Ex. 6 at pp. 3, 24–26, 31, 35; Ex. 7 at ¶ 22; Ex. 10 at pp. 5, 10, 14–15, 24; Ex. 11 at ¶¶ 20, 29–30, 37, 39, 46, 52, 73; Ex. 14 at pp. 7–8, 15; Ex. 16 at pp. 4–5, 8–10. Thus, it is essential that NexPoint—and, frankly, Counter-Defendants as well—have the opportunity to understand the facts, rather than guesses and suppositions, of the Issuer's role as to the ACIS-6 CLO. Accordingly, the discovery sought from the Issuer is appropriately within Rule 26's scope.

**B.** **THE DISCOVERY SOUGHT FROM THE ISSUER IS NOT AVAILABLE FROM ANY OTHER SOURCES OR MEANS**

NexPoint cannot obtain similarly probative evidence from any sources other than the Issuer, and NexPoint cannot obtain discovery from the Issuer except through the letter-rogatory process.

The Issuer does not have a presence in the United States—it is a Cayman Islands-based company with its full operations there. Decl. at ¶ 3. After considerable time engaging Cayman Islands counsel and having them reach out to the Issuer, NexPoint finally received word from the Issuer, through its own counsel, that the Issuer would not voluntarily produce documents or sit for deposition. *See* Decl. at ¶¶ 31–37; Exs. 17–22. Thus, NexPoint has concluded that the Issuer will not provide voluntary disclosure, is not currently subject to service in the United States, and that the issuance of a letter of request is the appropriate mechanism by which to obtain discovery from the Issuer. NexPoint believes that the evidence sought from the Issuer is unavailable from any

alternative source or means. For instance, no alternative source could provide evidence of the Issuer's personal knowledge, actions, motivations, biases, and related matters. NexPoint needs such evidence to further develop its case against Counter-Defendants, as NexPoint maintains that Counter-Defendants, and not the Issuer, are the wrongdoers in this situation and owe NexPoint damages.

## CONCLUSION

For these reasons, NexPoint respectfully requests that the Court issue the proposed Letter of Request to the Grand Court of the Cayman Islands to request aid in securing relevant documentary and testimonial evidence from ACIS CLO 2015-6 Ltd.

Dated:  August 28, 2023

Respectfully submitted,

**SBAITI & COMPANY PLLC**

/s/ *Mazin A. Sbaiti*
Mazin A. Sbaiti
New York Bar No. 4339057
mas@sbaitilaw.com
Kevin N. Colquitt
Texas Bar No. 24072047 (Admitted *pro hac vice*)
knc@sbaitilaw.com
Griffin S. Rubin
Texas Bar No. 24121809 (Admitted *pro hac vice*)
gsr@sbaitilaw.com
Dallas Arts Tower
2200 Ross Avenue, Suite 4900W
Dallas, TX 75201
T: 214.432.2899
F: 214.853.4367

*Counsel for Defendant/Counter-Plaintiff NexPoint Diversified Real Estate Trust*