UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY, AND ACIS CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiffs,<br><br>-against-<br><br>THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD., AND NEXPOINT DIVERSIFIED REAL ESTATE TRUST,<br><br>Defendants. | CASE NO. 1:21-cv-11059 (GHW) |

**DECLARATION OF MAZIN A. SBAITI**

1. My name is Mazin A. Sbaiti. I am over 21 years of age, of sound mind, and fully competent to make this declaration. I am a member of the bar of this Court and an attorney at Sbaiti & Company PLLC, and counsel to Counter-Plaintiff NexPoint Diversified Real Estate Trust ("NexPoint"). I make this declaration in support of NexPoint's Application for Issuance of Letter of Request to subpoena foreign nonparty ACIS CLO 2015-6 Ltd. (the "Issuer"). More specifically, I make this declaration to provide the Court with copies of documents cited in the Application and the proposed Letter of Request, and to set forth the factual predicate for each of the factual assertions contained in the proposed Letter of Request. I am fully familiar with the facts set forth herein.

2. The parties have conferred regarding the Application and the proposed Letter of Request. Counsel for Counter-Defendants Joshua N. Terry ("Terry"), Acis Capital Management, L.P. ("Acis"), and Brigade Capital Management LP ("Brigade") have advised that they take no position as to the issuance of the proposed Letter of Request in the form submitted to the Court.

**The Relevant Judicial Authority and Cayman Islands Law**

3. NexPoint is aware that the Issuer is presently located in Grand Cayman, Cayman Islands. I have consulted with Cayman Islands counsel regarding the Application and understand from Cayman Islands counsel that applications to enforce letters of request to obtain discovery of persons or entities in the Cayman Islands are properly made to the Grand Court of the Cayman Islands. I further understand from Cayman Islands counsel, and have confirmed myself on the website of the Grand Court of the Cayman Islands, that the address of that court is:

> 61 Edward Street
> George Town, Grand Cayman KY1-1106
> Cayman Islands

Attached hereto as **Exhibit 3** is a true and correct copy of the website of the Grand Court of the Cayman Islands, listing the address of the court as set forth in the proposed Letter of Request. On the basis of the foregoing information, I believe that the address of the authority of the requested nation as set forth in the proposed Letter of Request at page 1 is accurate.

4. Based on consultation with Cayman Islands counsel, I further understand that if the Court were to issue a letter of request from the courts of the Cayman Islands, the proceedings to enforce the letter of request in the Cayman Islands would be subject to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231; Evidence (Proceedings in Other Jurisdictions) (Cayman Islands) Order 1978; and Order 70 of the Cayman Islands Grand Court Rules. After examining the foregoing and consulting with Cayman Islands counsel, I believe that the proposed Letter of Request at page 2 accurately cites relevant provisions of Cayman Islands law.

**The Parties' Counsel**

5.     Counsel for Terry, Acis, Brigade, and NexPoint have reviewed the proposed Letter of Request and confirmed that it lists their correct addresses at Section I.B, I.C, and I.D.

**The Proposed Subpoenas**

6.     Attached hereto as **Exhibits 1** and **2** are true and correct copies of the proposed subpoena *duces tecum* and subpoena *ad testificandum*, respectively, that NexPoint seeks to serve upon the Issuer.

**Pertinent Documents Filed or Exchanged During Discovery in This Action**

7.     Attached hereto as **Exhibit 4** is a true and correct copy of the Amended Complaint, which is the operative complaint, filed by Terry, Acis, and U.S. Bank, N.A., in its capacity as trustee ("U.S. Bank") on February 23, 2022 [ECF No. 15].

8.     Attached hereto as **Exhibit 5** is a true and correct copy of the Amended Answer and Counterclaims filed by NexPoint on March 30, 2023 [ECF No. 78].

9.     Attached hereto as **Exhibit 6** is a true and correct copy of the Memorandum of Law in Support of Plaintiffs' Motion to Dismiss Defendants' Counterclaims and for Judgment on the Pleadings on Plaintiffs' Claims filed by U.S. Bank, Terry, and Acis on May 15, 2023 [ECF No. 107].

10.    Attached hereto as **Exhibit 7** is a true and correct copy of the Declaration of Jonathon Milne in Support of Plaintiffs' Motion to Dismiss Defendants' Counterclaims and for Judgment on the Pleadings filed by U.S. Bank, Terry, and Acis on May 16, 2023 [ECF No. 109].

11.    Attached hereto as **Exhibit 8** is a true and correct copy of the Response in Opposition to Plaintiffs' Motion to Dismiss Defendants' Counterclaims and for Judgment on the Pleadings filed by NexPoint on June 14, 2023 [ECF No. 139].

12. Attached hereto as **Exhibit 9** is a true and correct copy of the Declaration of Bhavesh Narendra Patel in Opposition to the Plaintiffs' Motion to Dismiss Defendants' Counterclaims and for Judgment on the Pleadings on Plaintiffs' Claims filed by NexPoint on June 14, 2023 [ECF No. 141].

13. Attached hereto as **Exhibit 10** is a true and correct copy of the Reply Memorandum of Law in Support of Plaintiffs' Motion to Dismiss Defendants' Counterclaims and for Judgment on the Pleadings on Plaintiffs' Claims filed by U.S. Bank, Terry, and Acis on June 28, 2023 [ECF No. 151].

14. Attached hereto as **Exhibit 11** is a true and correct copy of the Reply Declaration of Jonathon Milne in Support of Plaintiffs' Motion to Dismiss Defendants' Counterclaims and for Judgment on the Pleadings filed by U.S. Bank, Terry, and Acis on June 28, 2023 [ECF No. 150].

15. Attached hereto as **Exhibit 12** is a true and correct copy of the Sur-Reply in Opposition to Plaintiffs' Motion to Dismiss Defendants' Counterclaims and for Judgment on the Pleadings on Plaintiffs' Claims filed by NexPoint on July 19, 2023 [ECF No. 162].

16. Attached hereto as **Exhibit 13** is a true and correct copy of the Second Declaration of Bhavesh Narendra Patel in Opposition to the Plaintiffs' Motion to Dismiss Defendants' Counterclaims and for Judgment on the Pleadings on Plaintiffs' Claims filed by NexPoint on July 19, 2023 [ECF No. 162-1].

17. Attached hereto as **Exhibit 14** is a true and correct copy of the Memorandum of Law in Support of Its Motion to Dismiss Counterclaims filed by Brigade on May 31, 2023 [ECF No. 120].

18. Attached hereto as **Exhibit 15** is a true and correct copy of the Response to Brigade's Motion to Dismiss Counterclaims filed by NexPoint on June 26, 2023 [ECF No. 147].

19. Attached hereto as **Exhibit 16** is a true and correct copy of the Reply Memorandum of Law in Support of Its Motion to Dismiss Counterclaims filed by Brigade on July 10, 2023 [ECF No. 120].

20. Attached hereto as **Exhibit 17** is a true and correct copy of an email from NexPoint's Cayman Islands counsel to the Issuer, transmitted on July 7, 2023.

21. Attached hereto as **Exhibit 18** is a true and correct copy of an attachment to Exhibit 17.

22. Attached hereto as **Exhibit 19** is a true and correct copy of an email thread between NexPoint's Cayman Islands counsel and the Issuer, with various transmission dates between July 7, 2023, and August 2, 2023.

23. Attached hereto as **Exhibit 20** is a true and correct copy of an email from NexPoint's Cayman Islands counsel to the Issuer's counsel, transmitted on August 2, 2023.

24. Attached hereto as **Exhibit 21** is a true and correct copy of an email from the Issuer's counsel to NexPoint's Cayman Islands counsel, transmitted on August 2, 2023.

25. Attached hereto as **Exhibit 22** is a true and correct copy of a letter from the Issuer's counsel to NexPoint's Cayman Islands counsel, transmitted on August 9, 2023.

26. I have reviewed the initial disclosures exchanged among the parties in this action pursuant to Rule 26(a) and Rule 26(e) of the Federal Rules of Civil Procedure. Each set of disclosures identifies the Issuer as an entity "likely to have discoverable information" as set forth in Federal Rule of Civil Procedure 26(a)(1)(A)(i).[1]

---

[1] NexPoint will provide these initial disclosures to the Court upon request. NexPoint has not filed them with this Application because they identify and, in some cases provide addresses and other contact information for, many nonparties with no immediate connection to this Application.

**The Issuer's Role in the ACIS-6 CLO**

27.     The structure of the ACIS-6 CLO is pertinent to and the impetus for the Letter of Request. Two entities, one of which being the Issuer, acquired some or all of the assets that constituted the portfolio of the ACIS-6 CLO. Via a trust indenture, these entities granted all rights, title, and interest in the assets to U.S. Bank and vested all management authority over the portfolio's assets to Acis "for the benefit" of noteholders.

28.     Of the many contested issues among the parties, a few of the core disputes concern this arrangement, including whether New York law or Cayman Islands law governs; whether this arrangement is a trust or a pure contractual arrangement; and whether Acis, among others, owes fiduciary duties to subordinated noteholders under the arrangement. *See, e.g.*, Ex. 8 at pp. 16–29; Ex. 12 at pp. 2–5; Ex. 15 at pp. 3, 5–9.

29.     As well, Terry, Acis, and Brigade, in an effort to dismiss NexPoint's counterclaims, have made legal arguments that directly implicate Acis CLO 2015-6 Ltd.—for example, (1) Acis CLO 2015-6 Ltd. is the proper party to bring the claims NexPoint alleges; (2) Acis CLO 2015-6 Ltd. owes no duties, fiduciary or otherwise, to NexPoint; and (3) Acis CLO 2015-6 Ltd. had a role in managing the assets within the ACIS-6 CLO's portfolio. *See* Ex. 6 at pp. 3, 24–26, 31, 35; Ex. 7 at ¶ 22; Ex. 10 at pp. 5, 10, 14–15, 24; Ex. 11 at ¶¶ 20, 29–30, 37, 39, 46, 52, 73; Ex. 14 at pp. 7–8, 15; Ex. 16 at pp. 4–5, 8–10.

30.     These contentions, among others, directly implicate the Issuer, a Cayman Islands exempted company.

**NexPoint's Efforts to Serve the Issuer**

31.     Given that the Issuer is a Cayman Islands exempted company and issues potentially implicating Cayman Islands law could arise, NexPoint retained Cayman Islands co-counsel,

Travers Thorp Alberga ("Cayman Counsel"). My firm and I worked with Cayman Counsel to, among other things, contact the Issuer to see if it would produce documents and sit for deposition voluntarily.

32. On July 7, 2023, Cayman Counsel corresponded with the Issuer about such request. *See* **Exhibits 17** and **18**.

33. The Issuer responded to Cayman Counsel's initial correspondence five days later, requesting additional time to consult counsel and respond. **Exhibit 19** at p. 4. Cayman Counsel, speaking on NexPoint's behalf, consented to the request and also clarified that NexPoint was simply seeking to know whether the Issuer intended to produce documents and information. *See id.* at p. 3.

34. Time continued to pass, and the Issuer remained unable or unwilling to give a definitive answer to NexPoint's correspondence. *See id.* at pp. 1–3.

35. It was not until August 2, 2023, nearly a month after the initial correspondence was transmitted, that the Issuer finally *engaged* counsel formally. *See id.* at p. 1.

36. Upon learning that information, NexPoint, via Cayman Counsel, reached out immediately to the Issuer's counsel to correspond on this issue. *See* **Exhibit 20**. NexPoint highlighted to the Issuer's counsel "that this [request] has been pending now for almost 4 weeks." *Id.* The Issuer's counsel acknowledged receipt of the transmission and informed NexPoint that it would seek instruction from the Issuer. *See* **Exhibit 21** at p. 1.

37. On August 9, 2023, the Issuer, through its counsel, informed NexPoint that it would not voluntarily produce documents or sit for deposition. *See* **Exhibit 22**.

**NexPoint's Efforts to Minimize the Burden that Subpoena Compliance Would Impose on the Issuer**

38. NexPoint has endeavored to draft its requests for documents and testimony as set forth in the subpoenas to the Issuer in a manner that provides the nonparty with sufficient particularity to facilitate their compliance without undue burden to the Issuer, while appropriately targeting the requests to the issues as to which they expect the Issuer may have unique knowledge or documents.

39. NexPoint is prepared to meet and confer with the Issuer to attempt in good faith to resolve any unexpected burdens that these subpoenas might impose.

40. NexPoint agrees to provide for the payment of reasonable witness fees and costs entailed in the execution of any letter of request issued by this Court without prejudice to NexPoint's ability to seek recovery of the same at the disposition of the above-captioned proceeding. NexPoint is prepared to undertake that the evidence obtained will not be used for any other purpose than the trial and/or disposition of the above-captioned proceeding in the United States District Court for the Southern District of New York, including any appeals therefrom.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing in true and correct.

Executed on August 28, 2023, in Dallas, Texas.

*/s/ Mazin A. Sbaiti*
Mazin A. Sbaiti