AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____ _____
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT**

**1**

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:21-cv-11059-GHW   Document 184-2   Filed 08/28/23   Page 3 of 9

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

## **INSTRUCTIONS AND DEFINITIONS**

1. Please produce all documents as they are kept in the usual course usual course of business. Please label each document by means of a Bates Number and identify the Request(s) to which the document is responsive.

2. If there are no documents responsive to a particular Request, please state "No responsive document is being produced" in writing, rather than leaving that request unanswered.

3. If you withhold from production any document requested herein on the grounds of attorney-client privilege, work-product immunity, or otherwise, please describe with specificity a full identification of the withheld document, and the specific privilege, protection, or immunity asserted for the document. Please ensure that the manner in which such documents are described will enable others to assess any claims of protection or privilege as to those documents without revealing information that is itself protected or privileged.

4. Any purportedly privileged document containing non-privileged matter must be produced, with the purportedly privileged portion redacted or removed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

5. If, for reasons other than privilege, you refuse to produce documents or withhold documents sought in any Request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

6. If you object to a Request, the grounds for each objection must be stated with specificity. Any objection must also state whether any responsive materials are being withheld on the basis of that objection.

7. If, in responding to a Request, you encounter any ambiguities when construing a phrase or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding to that Request.

8. If any Request, or a portion thereof, is duplicative of a previous Request to which documents have already been produced, you need not reproduce such documents but you are requested to notify Plaintiff that such documents are among those already produced, and identify the responsive documents by Bates Number.

9. If a requested document is maintained in a file, the file folder is included in the Request for production of the document.

10. It is intended that these Requests will not solicit any material protected either by the attorney/client privilege or by the work product doctrine. If any Request is susceptible of a construction which calls for the production of such material, that material should be produced with the purportedly privileged portion redacted or removed. When such a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

11. These Requests shall be deemed continuing. If, after responding to any Request, you obtain or become aware of any further documents or things responsive to these Requests, you are required to supplement your responses and to provide Plaintiff with such additional documents or things without hesitation or delay.

12. In response to these Requests, You should produce all documents from February 15, 2018, to August 1, 2023, unless otherwise instructed.

## DEFINITIONS

13. The definitions herein may use and incorporate another defined term.

14. "Acis" refers to Acis Capital Management, L.P., and includes its principals, employees, control persons, affiliates, attorneys, accountants, investment banks, repository agents, placement agents or other agents.

15. "ACIS-6 CLO" refers to the arrangement created by the Acis-6 Indenture.

16. "Brigade" refers to Brigade Capital Management, L.P. and includes its principals, employees, control persons, affiliates, attorneys, accountants, investment banks, repository agents, placement agents or other agents.

17. As used herein, "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

18. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

19. As used herein, "Document" or "Documents" means each and every form of communication and includes, without limitation, all written, printed, typed, recorded, audio/digitally recorded, and voice recorded materials maintained electronically (including, but not limited to, electronic mail, word documents, Portable Document Format (PDF) files, Joint Photographic Experts Group (JPEG) files, Tagged Image File Format (TIF) files, or Graphic Interchange Format (GIF) files) or graphic matter of any kind, type, nature, or description, in whatever form (e.g., final and draft versions) that is or has been in your actual or constructive possession, custody, or control, including, but not limited to, all printed and electronic copies of electronic mail, notes, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles,

specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedule transparencies, recordings, audio/digital records, catalogs, advertisements, promotional materials, films, videotapes, audio tapes, digital/audio records, voicemail recordings, brochures, pamphlets, or any written or recorded materials of any kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, including backup tapes.  The term "Document" or "Documents" includes not only originals, but also any copies or reproductions of all such written, printed, typed, recorded or graphic matter upon which any notations, comments, or markings of any kind have been made that do not appear on the original documents or that are otherwise not identical to the original documents.  Any document with marks such as initials, comments or notations of any kind  not identical to one without such marks is to be produced as a separate document.  If the original of a document contains information not reflected on the copy, please produce the original.

20. "Indenture" refers to the indenture governing the ACIS-6 CLO fund in which NexPoint is a 12.5% equity holder.

21. "Notes" shall generally refer to the securities issued in the ACIS-6 CLO.

22. "Parties" refers to Acis, Terry, and/or Brigade.

23. "Portfolio Management Agreement" or "PMA" refers to the contract involving Acis Capital Management L.P. (and any agents or subordinates) or sub-advisory agreement that relates to the services provided by them regarding the ACIS-6 CLO, its assets, its management, or any other facet of the ACIS-6 CLO, and also includes any agreement by which Brigade rendered any services and/or collected any fees with respect to the ACIS-6 CLO.

24. "Terry" refers to Joshua N. Terry and his employees, attorneys, accountants, advisors, agents and any person acting on his behalf.

25. "U.S. Bank" refers to U.S. Bank, N.A. and its principals, employees, control persons, affiliates, attorneys, accountants, investment banks, repository agents, placement agents or other agents.

26. "You" and "Your" refer to the person(s) to whom these Requests are directed, *i.e.*, ACIS CLO 2015-6 Ltd.

## DOCUMENT REQUESTS

1. Documents and Communications concerning the drafting and execution of the Indenture establishing the ACIS-6 CLO.

2. Any Communications You had with the Parties and other third parties concerning the allegations against the Parties or U.S. Bank.

3. Documents and Communications concerning Your input or approval of the purchase, sale, or selection of any assets within the ACIS-6 CLO.

4. Documents and Communications concerning Your involvement in the compliance of the ACIS-6 CLO with the Indenture or the PMA and/or the liquidation and winddown of the ACIS-6 CLO.