UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY, AND ACIS CAPITAL MANAGEMENT, L.P., | CASE NO. 1:21-cv-11059 (GHW) |
| Plaintiffs, | **LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE GRAND COURT OF THE CAYMAN ISLANDS** |
| -against- | |
| THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD., AND NEXPOINT DIVERSIFIED REAL ESTATE TRUST, | |
| Defendants. | |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST)

SENDER:  The Honorable Gregory H. Woods, U.S. District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12C
New York, NY 10007

AUTHORITY OF THE
REQUESTED PROVINCE:  Grand Court of the Cayman Islands
61 Edward Street
George Town, Grand Cayman KY1-1106
Cayman Islands

PERSONS TO WHOM THE
EXECUTED REQUEST IS TO
BE RETURNED:  Mazin A. Sbaiti
Sbaiti & Company PLLC
Dallas Arts Tower
2200 Ross Avenue, Suite 4900W
Dallas, Texas 75201
T: 214-432-2899
F: 214-853-4367
E: mas@sbaitilaw.com

The United States District Court for the Southern District of New York (the "Court") presents its compliments to the Grand Court of the Cayman Islands and respectfully requests international judicial assistance to facilitate the parties' efforts to obtain evidence that is relevant to the claims and defenses at issue in the above-captioned civil proceedings (the "U.S. Civil Litigation").

Pursuant to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231; Evidence (Proceedings in Other Jurisdictions) (Cayman Islands) Order 1978; and Order 70 of the Cayman Islands Grand Court Rules, this Court respectfully requests the assistance described herein as necessary to further the interests of justice. The assistance requested is that the Grand Court of the Cayman Islands compel ACIS CLO 2015-6 Ltd. (the "Issuer") to produce documents and give testimony in compliance with the attached third-party subpoenas (the "Subpoenas"). The party seeking the issuance of this Letter of Request has provided the Court with evidence demonstrating the basis for its belief that the Issuer is located in the Cayman Islands. That party has also shown the Court that it has sought to obtain discovery from the Issuer without the need for judicial intervention, but that those efforts have been unsuccessful and that it thus believes that evidence from the Issuer may be obtained only though judicial intervention.

NexPoint Diversified Real Estate Trust ("NexPoint"), a Defendant/Counter-Plaintiff in the U.S. Civil Litigation, applied to the Court for the issuance of this Letter of Request, and Counter-Defendants take no position as to the Application.

The Court has reviewed the Subpoenas and determined that the requests for documents and testimony are enumerated with particularity, seek evidence that is relevant to claims and defenses

at issue in the U.S. Civil Litigation, which the requesting party has been unable to obtain without the assistance of the Grand Court of the Cayman Islands.

**I.**

**NAMES AND ADDRESSES OF THE PERSONS AND ENTITIES RELEVANT TO THIS LETTER OF REQUEST**

A.  **Nonparty from Whom Discovery Is Sought**

ACIS CLO 2015-6 Ltd.

B.  **Plaintiffs/Counter-Defendants in the U.S. Civil Litigation**

The plaintiffs/counter-defendants in the U.S. Civil Litigation are U.S. Bank, National Association, in its capacity as Trustee ("U.S. Bank"); Joshua N. Terry ("Terry"); and Acis Capital Management, L.P. ("Acis") (collectively, "Plaintiffs"). Plaintiffs may be contacted through counsel at the addresses listed below:

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Blair A. Adams<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>T: (212) 849-7000 | SEWARD & KISSEL LLP<br>Mark D. Kotwick<br>One Battery Park Plaza<br>New York, New York 10004<br>T: (202) 574-1200 |
| *Attorney for Joshua N. Terry and Acis Capital Management, L.P.* | *Attorney for U.S. Bank, National Association, in its capacity as Trustee* |

C.  **Defendants/Counter-Plaintiffs in the U.S. Civil Litigation**

The defendants/counter-plaintiffs in the U.S. Civil Litigation are The Charitable Donor Advised Fund, L.P.; CLO HoldCo Ltd.; and NexPoint Diversified Real Estate Trust ("NexPoint") (collectively, "Defendants"). Defendants may be contacted through counsel at the addresses below:

PARSON MCENTIRE MCCLEARY PLLC
Sawnie A. McEntire
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
T: (214) 237-4340

*Attorney for The Charitable Donor Advised Fund, L.P. and CLO HoldCo Ltd.*

SBAITI & COMPANY PLLC
Mazin A. Sbaiti
2200 Ross Avenue, Suite 4900W
Dallas, Texas 75201
T: (214) 432-2899

*Attorney for NexPoint Diversified Real Estate Trust*

**D.    Counter-Defendants in the U.S. Civil Litigation**

The counter-defendants in the U.S. Civil Litigation are Brigade Capital Management LP ("Brigade") (collectively with Terry and Acis, "Counter-Defendants") and Highland CLO Funding, Ltd. ("HCLOF"). Brigade and HCLOF may be contacted through counsel at the addresses listed below:

LATHAM & WATKINS LLP
Jason C. Hegt
1271 Avenue of the Americas
New York, New York 10020
T: (212) 906-1200

AKIN GUMP STRAUSS HAUER
& FELD LLP
Uri A. Itkin
One Bryant Park
New York, New York 10036
T: (212) 872-1027

*Attorney for Brigade Capital Management, LP*

*Attorney for Highland CLO Funding, Ltd.*

**II.**

**NATURE OF THE U.S. PROCEEDINGS**
**SUMMARY OF NEXPOINT'S ALLEGATIONS**

The factual bases for the statement in this Letter of Request are set forth in the accompanying Declaration of Mazin A. Sbaiti ("Decl.") and the exhibits thereto. Where this Letter of Request recites the allegations of NexPoint's operative counterclaims, which is referred to as the "Counterclaims," the Court is relying on those allegations to describe the factual matters at issue in the U.S. Civil Litigation and is not purporting to opine upon the truth of those allegations. To the contrary, operative U.S. law requires the Court to accept those allegations as true for the purpose of adjudicating Plaintiffs' and Brigade's motions to dismiss, *see, e.g.*, *Hogan v. Fischer*,

738 F.3d 509, 515 (2d Cir. 2013), and the fact-discovery process is the parties' opportunity to develop facts necessary to prove or disprove allegations. Documents and information obtained during discovery may or may not be admissible at trial. The Court has not yet made any determinations regarding the admissibility of the documents requested.

### A.     Nature of the U.S. Proceedings

The U.S. Civil Litigation is an action brought under the federal declaratory-judgment statute, as well as various state-law causes of action, *e.g.*, breach of fiduciary duty, tortious interference with contractual relations, and conversion. *See generally* Ex. 6, Counterclaims ¶¶ 1–252. The Counterclaims allege violations of various state-law causes of action, as to which the Court has supplemental jurisdiction since they are compulsory counterclaims. *See ADYB Engineered for Life, Inc. v. Edan Admin. Servs.*, No. 1:19-cv-7800, 2021 U.S. Dist. LEXIS 59666, at *31–32 (S.D.N.Y. Mar. 29, 2021). Having already found that the Court has subject matter jurisdiction over Plaintiffs' operative Complaint, the Court has competent jurisdiction over the U.S. Civil Litigation.

### B.     Summary of NexPoint's Allegations

This suit commenced as a declaratory-judgment action by Plaintiffs—they sued NexPoint, among others, to have this Court declare that NexPoint "lacks standing to bring" various claims, such as breach of fiduciary duty and tortious interference with contractual relations, against Acis and Terry. *See* Ex. 5. NexPoint contests the legal and factual bases of these claims. NexPoint then counterclaimed against Counter-Defendants, under which NexPoint claims that Counter-Defendants mismanaged the assets within the ACIS-6 CLO's portfolio and did so to maximize their gains from managing the portfolio to the detriment of NexPoint and the other beneficiaries. Ex. 6, Counterclaims ¶¶ 1–8.

The structure of the ACIS-6 CLO is pertinent to and the impetus for this Request. *See id.* at ¶¶ 18–67. Two entities, one of which being the Issuer, acquired some or all of the assets that constituted the portfolio of the ACIS-6 CLO. *Id.* at ¶ 45. Via a trust indenture, these entities granted all rights, title, and interest in the assets to U.S. Bank and vested all management authority over the portfolio's assets to Acis for the benefit of noteholders, such as NexPoint. *See id.* at ¶¶ 47–56. Once this arrangement began, NexPoint alleges that Counter-Defendants managed the ACIS-6 CLO improperly and in violation of the law, which allegedly included charging excess fees; purchasing assets that did not meet the indenture's collateral-quality tests; and breaching the best-execution rule when buying and selling assets of the funds Counter-Defendants managed. *See id.* at ¶¶ 78–139. NexPoint alleges that Counter-Defendants' actions caused pecuniary harm. *See id.* at ¶¶ 4–5, 252. To remedy its alleged losses, NexPoint brings claims against some or all Counter-Defendants for (1) breach of fiduciary duty; (2) negligence/gross negligence; (3) conversion; (4) unjust enrichment/assumpsit/money had and received; (5) tortious interference with contract; (6) aiding and abetting; and (7) a declaratory judgment establishing various legal aspects of the arguments in the U.S. Civil Litigation in NexPoint's favor. *See id.* at ¶¶ 140–240.

### III.

### REASONS FOR THIS LETTER OF REQUEST

**A.     NexPoint Seeks Information Relevant to Matters in Issue in the U.S. Civil Litigation**

For the reasons set forth below, the Court has concluded that NexPoint seeks from the Issuer information that is relevant to the claims and defenses at issue in the U.S. Civil Litigation.

The Issuer was one of two entities that commenced the structuring of the ACIS-6 CLO. *See id.* at ¶ 45. It is ACIS-6 CLO that is the core of the U.S. Civil Litigation, in particular its structure and functioning. Much of the legal dispute among NexPoint and Counter-Defendants

concerns the arrangement that is the ACIS-6 CLO and, importantly, the role the Issuer played or continues to play as relates to the ACIS-6 CLO. NexPoint and Counter-Defendants have agreed that the Issuer possesses relevant information; in their initial discovery disclosures, they each identified the Issuer as an entity "likely to have discoverable information" that they "may use to support [their] claims or defenses." Decl. at ¶ 26; FED. R. CIV. P. 26(a)(1)(A)(i).

The Court has concluded that information sought from the Issuer through this Letter of Request is relevant to the following matters in issue in the U.S. Civil Litigation:

*First*, within the context of this action, whether the Issuer has acted as or was subservient to Acis or whether Acis acted of its own accord is relevant. NexPoint has alleged that Counter-Defendants committed various actions or omissions in violation of the law, and Counter-Defendants contend just the opposite—that their actions or omissions as to ACIS-6 CLO did not violate the law. The Issuer's involvement in these actions or omissions may bear on liability and damages in this action. Evidence of the actual relationship between Acis and the Issuer in practice and how that relationship functioned with respect to the ACIS-6 CLO will be of significance to the duties, liability, and damages in this action. The Issuer is likely to possess documents or other items bearing on these issues, if such materials exist.

*Second*, within the context of this action, whether Acis is a co-trustee or shadow director of the ACIS-6 CLO is relevant. Liability and damages may run as to Acis to the extent that Acis is a co-trustee or shadow director of the ACIS-6 CLO, and the Issuer is likely to possess documents or other items bearing on these issues, if such materials exist.

*Third*, within the context of this action, whether the shareholders of the Issuer played any active role as to the Issuer and whether the shareholders of the Issuer gained or stand to gain financially from the windup of the ACIS-6 CLO is relevant—especially as to the question of

derivative standing. This information may bear on the financial incentives for the Issuer to act in relation to the ACIS-6 CLO which, in turn, may inform aspects of the action regarding liability and damages of Counter-Defendants. The Issuer is likely to possess documents or other items bearing on these issues, if such materials exist.

**B.  NexPoint Has Been Unable to Obtain Evidence from the Issuer Without Judicial Assistance**

NexPoint has shown that it has been unable to obtain evidence from the Issuer without the assistance sought in this Letter of Request. Most, if not all, of the evidence sought by the Letter of Request relates to matters that would be in the Issuer's sole possession, including testimony regarding facts in the Issuer's unique knowledge, and this equivalent information may not be obtained from other individuals or entities. NexPoint has shown that it sought the Issuer's consent to engage voluntarily in the exchange of relevant information and evidence without the need for judicial proceedings. *See* Decl. at ¶¶ 31–37. In response to NexPoint's requests, the Issuer maintained that it was in the process of obtaining counsel to respond, which took nearly a month for the Issuer to accomplish. *Id.* at ¶¶ 33–35. Once NexPoint was informed that the Issuer had retained counsel, the Issuer's counsel remained unable to provide an answer regarding the request. Decl. at ¶¶ 35–36. Finally, on August 9, 2023, counsel for the Issuer informed NexPoint that the Issuer "is not in a position to comply with the Document Requests at this time." Decl. at ¶ 37; Ex. 22.

**C.  The Evidence Sought Is Identified With Particularity and Is Not Unduly Burdensome to the Issuer**

This Court has concluded that NexPoint has identified the evidence sought with reasonable particularity. The specific categories of documents and testimony sought from the Issuer are set forth in the Subpoena *Duces Tecum* and Subpoena *Ad Testificandum* attached to the Declaration

as Exhibits 1 and 2, respectively. The Court has reviewed the categories and has concluded that they are reasonably tailored to seek information regarding subjects that are relevant to the U.S. Civil Litigation. Specifically, each of the enumerated categories seeks documents and communications or testimony related to: (a) the Issuer's issuance of notes in dispute; (b) the drafting and execution of the instruments the Issuer executed establishing the present arrangement of the ACIS-6 CLO; (c) the Issuer's communications (or lack thereof) with parties as to the Indenture and related agreements; (d) the Issuer's involvement in the purchases, sale, or selection of assets within the ACIS-6 CLO; and (e) the Issuer's involvement in the management of the ACIS-6 CLO pursuant to the governing trust indenture.

Given the specificity of the requests, this Court has concluded that NexPoint has made a good faith effort to limit the burden that compliance with the Subpoenas would impose upon the Issuer. Additionally, the Court notes that NexPoint has represented that it is prepared to meet and confer with the Issuer to attempt in good faith to resolve any unexpected burdens that the Issuer's compliance might impose. *See* Decl. at ¶¶ 38–49.

## IV.

### ASSISTANCE REQUESTED

For these reasons, the Court respectfully requests that, in conformity with 28 U.S.C. § 1781(b)(2); Federal Rule of (U.S.) Civil Procedure 28(b); the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 231; Evidence (Proceedings in Other Jurisdictions) (Cayman Islands) Order 1978; and Order 70 of the Cayman Islands Grand Court Rules; and in the interests of justice, the Grand Court of the Cayman Islands compels the Issuer to produce documents and provide testimony at deposition as set forth in the attached Subpoenas. The testimony given is expected to be offered as evidence at

the trial in the U.S. Civil Litigation pursuant to Rule 32(a) of the Federal Rules of (U.S.) Civil Procedure.

The Court requests that, so far as consistent with applicable local law, the testimony requested be taken pursuant to the provisions of the Federal Rules of (U.S.) Civil Procedure and the Rules of the United States District Court for the Southern District of New York. The Court further requests that such testimony be recorded stenographically and videotaped and that Counter-Defendants' counsel of record in the above-captioned action also be permitted to examine the Issuer.

The Court has proper jurisdiction over the above-captioned proceedings, is a competent court of law and equity, and has the power to compel the attendance of witnesses within its jurisdiction. This request is made with the understanding that it will in no way require any person to commit any offense.

The Court respectfully requests that, in the interest of justice, the Grand Court of the Cayman Islands issue appropriate orders, subpoenas, or other process necessary to compel the production of documents and testimony by the Issuer in the manner described herein.

**V.**

### SPECIFICATION OF DATE BY WHICH THE REQUESTING COURT REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST

A response is requested as soon as possible in order to ensure that the evidence may be obtained before the deadline for completion of fact discovery in the above-captioned case, which is currently set for September 15, 2023.

## VI.

## DATE AND LOCATION OF EXAMINATION

The Court requests that the examination of the Issuer be ordered to proceed at a date and location to be agreed upon by the Issuer, NexPoint, and Counter-Defendants.

## VII.

## DATE AND LOCATION OF PRODUCTION OF DOCUMENTS

The Court requests that the Issuer be ordered to produce the requested documents to NexPoint's and Counter-Defendants' counsel no later than 30 days after service on the Issuer of such compulsory process as may be issued in furtherance of this Letter of Request. The Court further requests that the documents be produced through electronic means, *i.e.*, secure file transfer or on electronic media such as CD-ROM or flash drive.

## VIII.

## REIMBURSEMENT

NexPoint agrees to provide for the payment of reasonable witness fees and costs entailed in the execution of this Letter of Request without prejudice to NexPoint's ability to seek recovery of the same at the disposition of the above-captioned proceeding. Decl. at ¶ 40. NexPoint shall undertake that the evidence obtained will not be used for any other purpose than the trial and/or disposition of the above-captioned proceeding in the United States District Court for the Southern District of New York, including any appeals therefrom. *Id.*

## IX.

## RECIPROCITY

The Court is ready and willing to provide similar assistance to the Courts of the Cayman Islands in the future as appropriate should the need arise.

Authorized by the Honorable Gregory H. Woods.

                                                 _____
                                                 UNITED STATES DISTRICT JUDGE

                                                 DATED: _____