September 6, 2023

**VIA CM/ECF**

Hon. Gregory H. Woods
United States District Court, Southern District of New York
500 Pearl Street, Room 1920, New York, NY 10007

      Re:    *U.S. Bank National Association, et al. v. The Charitable Donor Advised Fund, L.P. and CLO HoldCo Ltd.*, **Case No. 1:21-cv-11059-GHW.**

Dear Judge Woods,

      Defendants/Counter-Plaintiffs Charitable DAF Fund, LP a/k/a The Charitable Donor Advised Fund, L.P. ("DAF") and CLO HoldCo, Ltd. ("CLOH") (collectively, the "DAF Parties"), and Plaintiffs U.S. Bank National Association, in its capacity as trustee ("US Bank"), Acis Capital Management, L.P. ("ACM"), and Joshua N. Terry (collectively "Plaintiffs") jointly submit this letter pursuant to Paragraph 2.E(ii) of the Court's Individual Rules of Practice in Civil Cases.

**A.**     **The DAF Parties' Position**

      Pursuant to the Court's extension of the fact discovery deadline (Doc. 159), on July 21, 2023, the DAF Parties served their First Set of Requests for Admissions and Interrogatories and their Second Set of Requests for Production on U.S. Bank and, separately, on ACM and Terry ("Discovery Requests").[1] At the same time, the DAF Parties served similar discovery requests on Counter-Defendant Highland CLO Funding, Ltd. ("HCLOF").

      On August 21, 2023, all Plaintiffs responded with virtually identical objections and refused to answer nearly all contention interrogatories and requests for admissions.[1] Additionally, they refused to produce any documents responsive to the vast majority of requests. Finally, they refused to supplement their prior document production, stating they were withholding documents related to use of improperly withheld funds (Daily Cash Files and Daily/Electronic Reports) and documents regarding the Acis 4-5 CLOs on "relevance" grounds.[2] Plaintiffs also withheld all documents and refused to respond to contention interrogatories and requested admissions regarding Josh Terry's motive for litigating. HCLOF did not respond to similar discovery because of the discovery stay currently in place as to HCLOF.

---

[1] The Discovery Requests are attached hereto as Exhibit 1-3 (Terry and ACM). The US Bank and ACM responses and objections are identical with the exception that the ACM and Terry discovery requests include objections regarding Terry's employment, which are discussed herein.

[2] On August 11, 2023, the DAF Parties' counsel wrote Plaintiffs' counsel a letter and specifically requested this information, which was responsive to their Requests for Production. *See* August 11, 2023 Letter attached as Exhibit 4. On August 18, 2023, Plaintiffs' counsel responded stating they refused to do so. *See* August 18, 2023 Letters attached as Exhibits 5-6. On August 24, the parties conferred further. On August 25, 2023, Plaintiffs' counsel sent letters clarifying their positions as stated herein regarding withholding documents from production. *See* August 25, 2023 Letters attached as Exhibits 7-8. Based on these multiple exchanges, the DAF Parties understand that Plaintiffs are not withholding any categories of documents from production other than the categories discussed herein.

1

**Requests for Production**

On August 24, 2023, the DAF Parties and Plaintiffs' counsel conferred for over an hour on the objections and lack of responses to interrogatories and admissions requests. We could not resolve the dispute. Plaintiffs' counsel maintain that the requests are duplicative of prior requests, which were subject to similar objections. Plaintiffs' counsel stated they are withholding (1) documents related to use of improperly withheld funds (Daily Cash File and Daily/Electronic Reports); (2) documents regarding the Acis 4-5 CLOs; and (3) documents regarding Terry. All are highly relevant.

Daily Cash File and Daily/Electronic Reports and documents related to the Acis CLOs 4-5 (Request Nos. 1, 3-7, 13, 24-26) are relevant to how the so-called reserved funds were (and are) being used. DAF Parties' claim that the distributions are improperly withheld and wrongfully used to litigate against the DAF Parties. As a result, how the funds have been used is directly relevant to the Counter-Defendants' motivations to collude and interfere with CLOH's contractual rights. They are using these funds without contractual authority or justification (with the apparent acquiescence of HCLOF) in disregard of CLOH's rights and expectancies. Although Plaintiffs contend that the withheld funds are being used for "indemnification" purposes, this is disputed by the DAF Parties under the relevant transactional documents.

Terry separately is objecting to highly relevant discovery (Request Nos. 40 -46; Interrogatory No. 9, and Admissions Request Nos. 23-24). Counter-Plaintiffs allege that Terry was motivated to enter into collusive settlements that prejudiced the DAF Parties' legal and financial rights because of the conditions of his interpersonal employment relationships and his termination. Plaintiffs have alleged (and claim in their Amended Complaint and in their Motion to Dismiss) that the DAF Parties are mounting a vexatious litigation campaign. Evidence of Terry's motive to initiate litigation (as was done when Plaintiffs filed this lawsuit) is directly relevant to issues related to the DAF Parties' tortious interference with contract claim and Plaintiffs' alleged defenses to that claim.

**Interrogatories and Requests for Admissions**

Plaintiffs refused to respond to virtually all contention interrogatories and requests for admissions. The vast majority of their objections are boilerplate, general objections, and what Plaintiffs' counsel called "prophylactic" assertions. The interrogatories include basic requests for information regarding Plaintiffs' claims and defenses.[3]

By way of example, in response to the interrogatories, Plaintiffs expediently objected that they were both premature/too early and/or untimely/too late. Neither objection is warranted. Contention interrogatories are proper early in a lawsuit and can certainly be supplemented or amended as facts develop. Plaintiffs' objections are not legitimate and are calculated to undermine reasonable discovery. The Interrogatories include topics related to Plaintiffs' contentions

---

[3] Ironically, Plaintiffs have objected to Rule 30(b)(6) deposition topics on the ground that other practical means of discovery was available—like contention interrogatories, which they have refused to answer.

regarding lack of standing (Nos. 1, 3); communications, justifications, or enforcement of the 2021 Agreement (Nos. 2, 16, 18); tortious interference justification/economic interest/excuse (Nos. 4, 5, 10, 11, 15); no proof of damages (No. 6); breach of the Members Agreement (Nos. 7, 8, 14); Terry's termination (No. 9); Plaintiffs' claim for attorneys' fees (No. 12); Plaintiffs' justification for withholding of funds (No. 13); communications regarding the 2023 Agreement (Nos. 17, 19); Plaintiffs' defenses (Nos. 20, 21); and Plaintiffs' claims (No. 22).[4]

Requests for admissions aid in the efficient use of evidence and focus the issues to be litigated. Here, the topics include Notices of Default (No. 1); distributions of reserved funds or retention, use, or legality thereof (Nos. 2, 5, 6, 7, 9, 18, 19, 21, 20); possession of the Members Agreement (Nos. 3-4); the status of litigation with HCLOF when 2023 Agreement signed (No. 8); secrecy of negotiations of the 2021 and 2023 Agreements and resulting harm from those agreements (No. 10-14); litigation by James Dondero (Nos. 15-17); HCLOF's representations regarding the withheld funds (No. 22); and Terry's termination (Nos. 23-24).

Plaintiffs' claim that the Discovery Requests are untimely/too late stems from an unreasonably narrow interpretation of this Court's extension of the fact discovery deadline (Doc. 159). Plaintiffs' interpretation is uniquely self-serving and grossly unfair. This is particularly so because the DAF Parties (Counter-Plaintiffs) substantially modified their claims in their First Amended Counterclaim (Doc. 155) ("Amended Counterclaim").

HCLOF represented to the Court during the August 3, 2023 hearing regarding HCLOF's requested discovery stay that discovery was unnecessary from HCLOF because other channels of discovery from Plaintiffs were available. *See* August 3, 2023 Hearing Transcript at 7:18-23 ("but the reality is, what they are seeking is discovery related to two agreements that HCLOF entered with ACIS and U.S. Bank, and discovery against ACIS and U.S. Bank is proceeding. So whatever communications there are between the parties are going to be produced with or without HCLOF. They don't need HCLOF for that stuff."). The Court then ordered a stay with the caveat that the DAF Parties could approach the Court if discovery became necessary. *Id*. at 26:24-27:6; 27:15-28:21. But now, Plaintiffs are seeking to destroy this remaining pathway of discovery. Clearly, the DAF Parties do not have access to highly relevant discovery needed to fully respond to HCLOF's Motion to Dismiss, including without limitation, communications with HCLOF regarding the 2021 and 2023 agreements at issue in the Amended Counterclaim and matters relating to Terry's termination of employment for cause—these allegations are entirely new to the Amended Counterclaim. The Requested Discovery also is needed to complete depositions of Plaintiffs scheduled in September.

B.  **Plaintiffs' Position**

The DAF Parties' untimely requests for written discovery concerning irrelevant issues at the close of fact discovery should be denied because the DAF Parties have not been diligent and do not need the discovery they seek.  Their belated raising of these discovery issues is a transparent attempt to delay depositions and this Court's deadlines, and such gamesmanship should not be countenanced. **Background:** Instead of diligently serving and pursuing discovery by the Court's deadlines, the DAF Parties sought to manufacture late-breaking discovery disputes on the eve of depositions.

---

[4] DAF Parties' Interrogatory Requests and Request for Admissions are attached as Exhibits 6-7.

The DAF Parties served 56 RFPs on each Plaintiff in April. Plaintiffs timely responded and objected in May, and substantially completed productions in mid-June. The DAF Parties did not challenge Plaintiffs' discovery responses, failed to serve L.R. 33.3(a) or contention interrogatories by the Court's April 14 and June 13 deadlines, Dkt. 76 ¶¶ 7(c), 7(d), and instead stipulated on July 10 that written discovery would be closed except as to "new matters" raised by the DAF Parties' July 8, 2023 amended counterclaims. *See* Dkt. 156 at 1 (the "Stipulation"). Then, in late July, the DAF Parties served 45 new RFPs—many with over 10 subparts—and over 20 Interrogatories on each Plaintiff, most of which duplicated the DAF Parties' existing RFPs and did not concern new matters. Plaintiffs timely responded and objected on August 21, *see* Exs. 9-13, offering to produce documents in response to the RFPs that actually targeted new issues and identifying the duplicative RFPs, *see* Exs. 7-8, but the DAF Parties were unwilling to compromise.

**Document Discovery:** The DAF Parties' requests for discovery into the use of reserved funds and Mr. Terry's 2016 wrongful termination should be denied because they are untimely, irrelevant, and fail to seek any information that is not already sufficiently available to the DAF Parties.

*First*, the DAF Parties' requests should be denied because the DAF Parties were not diligent and waited until the close of fact discovery to raise them. *See Sportvision, Inc. v. MLB Advanced Media, L.P.*, 2022 WL 2817141, at *5 (S.D.N.Y. July 19, 2022) (denying discovery request made at "late stage" of fact discovery due to "unreasonabl[e] delay"); Dkt. 88-1 at 26:11-23 (The Court: "parties will need to show … diligen[ce]"). Plaintiffs timely objected to discovery into the use of Acis CLO 4 and 5 reserved funds in May, *see* Exs. 14-16 (1st R&Os 30-35, 37), but the DAF Parties waited until mid-August to challenge these objections. While the DAF Parties attempted to circumvent their failure to timely challenge Plaintiffs' responses and objections by serving duplicative requests on July 22, 2023, these do not justify revisiting settled discovery responses, particularly where Plaintiffs have already reviewed thousands of documents that would need to be re-reviewed if the DAF Parties are granted a redo. Likewise, the DAF Parties did not serve any discovery concerning Mr. Terry's termination until July 22. Because Mr. Terry's termination is not a "new matter," *see* Dkt. 156 at 1, but was instead referenced in Plaintiffs' initial Complaint (Dkt. 1 ¶ 26), the Stipulation and the DAF Parties' unreasonable delay bar these requests.

*Second*, these requests should be denied as an irrelevant fishing expedition. *See Tutor Perini Bldg. Corp. v. New York City Dist. Council of Complaint Carpenters Benefit Funds*, 2019 WL 13223279, at *1 n.1 (S.D.N.Y. Feb. 3, 2019) ("Disclosure should not be directed simply to permit a fishing expedition."). The DAF Parties do not need discovery into how reserved funds were used because their counterclaims allege that all such funds were unlawfully withheld and must be repaid in their entirety. *See, e.g.,* Dkt. 155 ¶ 7(ii). Whether the funds were unlawfully withheld does not depend on how they were subsequently used, and, unlike NexPoint, the DAF Parties have not challenged specific expenses as improper. And the DAF Parties' claim that the use of reserved funds is relevant to "motive[]" is a *non sequitur* because motive is irrelevant to whether governing contracts "authoriz[e]" the reserves, which the DAF Parties admit is the relevant issue. *Supra*. The DAF Parties' request for discovery into Mr. Terry's 2016 wrongful termination and workplace conduct is an equally irrelevant attempt at harassment. A 2017 final arbitration award resolved these issues by ruling that Mr. Dondero wrongfully terminated Mr. Terry for challenging his unethical actions and then made false allegations concerning workplace conduct as a pretext. *See* Ex. 17. The DAF Parties cannot now relitigate those dated issues, which are irrelevant to this case.

*Third*, even if these subjects were relevant—they are not—the DAF Parties do not need further discovery into them because existing discovery already provides sufficient information. Plaintiffs already produced the documents concerning the use of reserved funds which the DAF Parties seek—the Daily Cash File and Daily/Electronic Reports—for one of the three CLOs, Acis CLO 6, in response to NexPoint's discovery requests. The DAF Parties have not contested that this information is sufficient for them to make motive arguments. Likewise, the DAF Parties already possess not only the arbitration ruling concerning Mr. Terry's termination, but also 173,715 pages of arbitration transcripts and exhibits, which the DAF Parties subpoenaed from a third-party. The DAF Parties have not explained why this voluminous discovery is insufficient for them to make motive arguments concerning Mr. Terry's prior employment and wrongful termination.

**Interrogatories:** The DAF Parties' requests to compel responses to their July 21 interrogatories should also be denied because their interrogatories are untimely and do not comply with L.R. 33.3.

*First*, the interrogatories are untimely because the DAF Parties neither served them by the Court's April 14 and June 13 deadlines, *see supra*, nor complied with the Stipulation's exception for "new matters." Dkt. 156 at 1. The Stipulation re-affirmed the existing interrogatory deadlines for matters already raised in prior pleadings, subject only to a limited exception for "new matters, allegations, or claims raised by any party's amended pleading served after April 14, 2023," *id.*, namely the DAF Parties' July 8 Amended Counterclaim (Dkt. 155). Far from being "unreasonably narrow" as the DAF Parties now contend, *supra*, the Stipulation reflects the parties' reasonable agreement to generally "not seek an extension of [] written discovery deadlines." Dkt. 156 at 1. The only new allegations in the Amended Counterclaim concerned the HCLOF Members Agreement. The majority of the DAF Parties' July 21 interrogatories, by contrast, related to the claims and matters asserted in Plaintiffs' complaint or the DAF Parties' prior pleadings. *See, e.g.*, Ex. 9 (R&Os 1-3, 9, 13, 16, 18, 22) (relating to Plaintiffs' complaint (Dkt. 15)); *id.* (R&Os 4-8, 10-12, 13, 15-21) (relating to the DAF Parties' Initial Counterclaims (Dkt. 77)). The DAF Parties do not argue otherwise, and their interrogatories are therefore untimely per the Stipulation.

*Second*, the interrogatories do not comply with L.R. 33.3 whether or not they are treated as contention interrogatories. Assuming they are not contention interrogatories, they violate L.R. 33.3(b) because they duplicate the DAF Parties' and NexPoint's document requests and deposition topics, and thus are not "*a more practical method … than a request for production or a deposition*." L.R. 33.3(b) (emphasis added); *see also Vista Food Exch., Inc. v. Comercial De Alimentos Sanchez S DE R L DE C.V.*, 2020 WL 7695712, at *5 (S.D.N.Y. Dec. 28, 2020) ("[D]uplicative" interrogatories are "not a more practical method"). The DAF Parties do not contend otherwise. Further, if the interrogatories were contention interrogatories, they facially exceed the scope of contention interrogatories permitted by L.R. 33.3(c) because they ask Plaintiffs to "identify with particularity all of the facts…" (*see* Ex. 9 Interrogs. 1-11; Ex. 13 Interrogs. 1-10) or "identify all documents and all communications…" (*see* Ex. 9 Interrogs. 12-22; Ex. 13 Interrogs. 11-21). *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2020 WL 6290584, at *3-4 (S.D.N.Y. Oct. 27, 2020) (rejecting "overly broad" interrogatories because contention interrogatories may not seek "a detailed and exhaustive listing of all the evidence").

Respectfully Submitted,

/s/ Blaire A. Adams
Jonathan E. Pickhardt
Blair A. Adams
Brendan Carroll
Misha Boutilier
Michael R. Bloom
Jeffrey Arnier
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
**Counsel for Plaintiffs ACIS Capital Management, L.P., and Joshua N. Terry**

/s/ Mark D. Kotwick
Mark D. Kotwick
Thomas Ross Hooper
Julie J. Hong
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004
(202) 574-1200
**Counsel for Plaintiff U.S. Bank National Association, as Trustee**

/s/ Sawnie McEntire
Sawnie A. McEntire
*Admitted Pro Hac Vice*
Texas Bar No.: 13590100
Fed ID #3476
PARSONS MCENTIRE MCCLEARY PLLC
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Fax: (214) 237-4340
E-mail: smcentire@pmmlaw.com

Roger L. McCleary
*Admitted Pro Hac Vice*
Texas Bar No.: 133937000
Fed. ID #205
PARSONS MCENTIRE MCCLEARY PLLC
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Fax: (713) 960-7347
E-mail: rmccleary@pmmlaw.com

/s/ Lindsey R. Skibell
Lindsey R. Skibell
E-mail: rskibell@glennagre.com
Jewel K. Tewiah
E-mail: jtewiah@glennagre.com
GLENN AGRE BERGMAN & FUENTES LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: 212.358.5600
**Counsel for CLO Holdco, Ltd. and The Charitable Donor Advised Fund, L.P.**