EXHIBIT "2"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY, and ACIS CAPITAL MANAGEMENT, L.P., <br><br> *Plaintiffs,* <br><br> v. <br><br> THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD., and NEXPOINT DIVERSIFIED REAL ESTATE TRUST, <br><br> *Defendants.* | Case No. 1:21-cv-11059-GHW |

**PLAINTIFFS JOSHUA N. TERRY AND ACIS CAPITAL MANAGEMENT, L.P.'S
RESPONSES AND OBJECTIONS TO DEFENDANTS THE CHARITABLE DONOR
ADVISED FUND, L.P. AND CLO HOLDCO LTD.'S
FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules")

and the Local Civil Rules for the Southern District of New York (the "Local Civil Rules"),

Plaintiffs Joshua N. Terry and Acis Capital Management, L.P. (collectively, the "ACM Plaintiffs")

hereby respond and object to Defendants The Charitable Donor Advised Fund, L.P. ("DAF") and

CLO HoldCo Ltd.'s ("CLOH" and, collectively with DAF, the "DAF Parties") First Set of

Interrogatories (the "Interrogatories" or, individually, each an "Interrogatory") dated July 21,

2023. The ACM Plaintiffs reserve their rights to amend and supplement their Responses and

Objections to the Interrogatories.

**GENERAL OBJECTIONS**

1. The ACM Plaintiffs object to the Interrogatories to the extent they purport to seek

information that may be withheld subject to any applicable privilege, including but not limited to

the attorney-client privilege and the attorney work-product doctrine. The inadvertent or unintentional disclosure of privileged information shall not constitute a waiver, in whole or in part, of the confidential, privileged, or otherwise protected nature of the information disclosed, nor as to any information related thereto or on the same or related subject matter.

2. The ACM Plaintiffs object to the Interrogatories to the extent they purport to require the production of a privilege log with a document-by-document or communication-by-communication listing of documents or communications protected by the attorney-client privilege, work-product doctrine, the common interest privilege or the joint defense privilege or otherwise protected from disclosure. *See* Local Civil Rule 26.2(c).

3. The ACM Plaintiffs object to the Interrogatories to the extent they purport to seek information that is (a) not in their actual possession, custody or control, (b) a matter of public record or filed in court or (c) in the possession, custody or control, or otherwise equally available to, the DAF Parties. In that regard, the ACM Plaintiffs also object to the Interrogatories as vague and ambiguous and purporting to impose obligations on them beyond those under the Federal Rules and Local Civil Rules to the extent they seek documents that are not in the ACM Plaintiffs' actual possession, custody or control, but rather in their "constructive possession" or in the possession of third parties.

4. The ACM Plaintiffs object to the Interrogatories to the extent they are duplicative of Interrogatories served upon the other Plaintiff in this action.

5. The ACM Plaintiffs' investigation and search for responsive information is ongoing, and the response to each Interrogatory reflects information to the extent known as of the time the response was prepared. Pursuant to Federal Rule 26(e), the ACM Plaintiffs reserve the right to supplement and amend their responses and objections, if necessary, to reflect additional

information or to seek a protective order.  The ACM Plaintiffs also incorporate by reference the objections of any other party to the same or similar interrogatories.

6. The ACM Plaintiffs object to the Interrogatories to the extent that they violate the parties' July 10, 2023 stipulation (the "Stipulation," Dkts. 156, 156-1, 156-2), pursuant to which additional interrogatories may only be served by July 21, 2023 if they concern any new matters, allegations, or claims raised by any party's amended pleading served after April 14, 2023.

7. Counsel for the ACM Plaintiffs is willing to meet and confer with counsel for the DAF Parties concerning these responses and objections for the purpose of resolving disputes without the need for intervention by the Court.

## **RESERVATION OF RIGHTS**

1.      The ACM Plaintiffs make the responses herein solely for the purposes of this litigation.  By responding to each Interrogatory, the ACM Plaintiffs do not waive objections to the admission of these responses into evidence on the grounds of relevance, materiality, or any other proper grounds for objection.   Neither the ACM Plaintiffs' agreement to respond to an Interrogatory, nor the ACM Plaintiffs' agreement to meet and confer with the DAF Parties with respect to an Interrogatory, shall imply that responsive information exists, or constitute an admission or acknowledgement as to the relevance or admissibility of any information.

2.      The ACM Plaintiffs reserve all objections to the use of these responses and of any information and/or documents the ACM Plaintiffs produce.  The ACM Plaintiffs may interpose all such objections at the time of trial or as otherwise required by the applicable rules or order of the Court.

3.      The ACM Plaintiffs' responses and objections set forth herein are based upon information presently known to the ACM Plaintiffs at this point in the case, at a time when

discovery is ongoing. The ACM Plaintiffs reserves the right to amend, supplement, or withdraw its responses and objections to each Interrogatory, including to take into account additional information that comes to light during the discovery process.

## OBJECTIONS TO DEFINITIONS, RULES OF CONSTRUCTION, AND INSTRUCTIONS

1. The ACM Plaintiffs object to each Instruction and Rule of Construction to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.

2. The ACM Plaintiffs object to Rule of Construction No. 1, which purports to impose a relevant time period of January 1, 2014 to Present, as overbroad, unduly burdensome, and disproportionate to the needs of this litigation. Defendants will respond to these Interrogatories using the period June 1, 2020 to March 30, 2023, a period which predates the first objected-to settlement by nearly an entire year.

3. The ACM Plaintiffs object to Rule of Construction No. 6 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules. The ACM Plaintiffs will produce electronic information in accord with a protocol to be agreed upon between the parties.

4. The ACM Plaintiffs object to Rule of Construction No. 7 to the extent it purports to require the ACM Plaintiffs to produce documents or communications of individuals no longer affiliated with the ACM Plaintiffs over whom the ACM Plaintiffs possess no current authority and/or from "agents," "partners," "shareholders," "representatives, attorneys, successors, assigns," or "any other person(s) acting on behalf of such entity," over whom the ACM Plaintiffs have no authority or control.

5. The ACM Plaintiffs object to the Definition of "ACM," "You," and "Your" as overbroad, unduly burdensome, and disproportionate to the scope of the litigation to the extent it

4

purports to include ACM's "corporate parent" and "subsidiaries." The ACM Plaintiffs further object to this Definition to the extent it purports to require the production of documents in the possession, custody, or control of . . . owners, partners, shareholders, agents, employees, representatives, attorneys, predecessors, successors, assigns, related entities . . . or anyone else acing on [the ACM Plaintiffs'] behalf" whether or not the ACM Plaintiffs currently possess authority or control over such entity. The ACM Plaintiffs respond to Defendants' RFAs on their own behalf.

6. The ACM Plaintiffs object to the Definition of "2023 Agreement" as ambiguous and to the extent it calls for a legal conclusion and interprets that term to mean the February 28, 2023 agreement under which funds were reserved to secure the indemnification rights of U.S. Bank and ACM with respect to claims and actions that may be taken against them with respect to the ACIS CLOs.

7. The ACM Plaintiffs object to the Definition of "Communications" to the extent it purports to impose obligations beyond those required by the Local Civil Rules.

8. The ACM Plaintiffs object to the Definition of "Concerning" to the extent it purports to impose obligations beyond those required by the Local Civil Rules.

9. The ACM Plaintiffs object to the Definition of "Document" or "Documents" to the extent they purport to impose obligations beyond those required by the Local Civil Rules.

10. The ACM Plaintiffs object to the Definition of "Electronically Stored Information" to the extent it purports to impose obligations beyond those required by the Federal Rules.

## SPECIFIC RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify with particularity all of the facts which You contend allegedly support Your claim for a declaratory judgment that "the Advisors Act, TIA, and Other Claims are Barred for Lack of Standing."

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, this Interrogatory relates to Plaintiffs' February 23, 2022 Amended Complaint, from which it quotes. *See* Dkt. 15 at 19. The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions. The ACM Plaintiffs further object to this Interrogatory because it seeks a strictly legal conclusion about whether or not the DAF Parties have standing, which is not a proper subject of contention interrogatories. *See Roth v. Bank of Commonwealth*, 1988 WL 43963, at *4 (W.D.N.Y. May 4, 1988) ("Rule 33(b) … does not allow [interrogatories] which seek strictly legal conclusions.").

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 2:**

Identify with particularity all of the facts which You contend allegedly support Your claim for a declaratory judgment that "any Claims by Defendants Related to the ACIS CLOs are Barred by the HCLOF Settlement [2021 Agreement]."

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not

relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, this Interrogatory relates to Plaintiffs' February 23, 2022 Amended Complaint. *See* Dkt. 15 at 21. The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions.

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 3:**

Identify with particularity all of the facts which You contend allegedly support that Counter-Plaintiffs lack standing to bring their claims.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, this Interrogatory relates to Plaintiffs' February 23, 2022 Amended Complaint, which alleged that the DAF Parties' lacked standing to bring the claims they brought in their 2019 and 2020 Lawsuits and subsequently threatened to bring. *See* Dkt. 15 ¶¶ 56-66. The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions. The ACM Plaintiffs further object to this Interrogatory because it seeks a strictly legal conclusion about whether or not the DAF Parties have standing, which is not a proper subject of contention interrogatories. *See Roth v. Bank of Commonwealth*, 1988 WL 43963, at *4 (W.D.N.Y. May 4, 1988) ("Rule 33(b) ... does not allow [interrogatories] which seek strictly legal conclusions.").

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 4:**

Identify with particularity all of the facts which You contend allegedly support that Your alleged tortious interference with contract is justified.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, it relates to the DAF Parties' March 30, 2023 Initial Counterclaims, which repeatedly alleged that Plaintiffs' actions in entering into the Settlement Agreements with HCLOF—the same conduct that the DAF Parties allege constitutes tortious interference—were not justified. *See, e.g.,* Dkt. 77 ¶¶ 26, 28, 30-31, 34-35. The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions. The ACM Plaintiffs further object to this Interrogatory as premature because the ACM Plaintiffs have not yet replied to the DAF Parties' counterclaims, have not entered denials or raised any affirmative defenses, and do not bear the burden of identifying the factual bases that support the DAF Parties' contentions concerning their tortious interference with contract claim. *See, e.g., Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, 2018 WL 3848428, at *2 (S.D. Fla. Aug. 13, 2018) (contention interrogatories directed to defendants were "improper[] and premature[]" because defendants "have not yet answered … and therefore have not entered denials or raised any affirmative defenses," and do not "bear the burden of producing the factual bases which support [the opposing party's] contention").

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 5:**

Identify with particularity all of the facts which You contend that Your tortious interference with contract is allegedly supported by the economic interest rule or similar doctrine.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, it relates to the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that Plaintiffs acted to advance their economic interests. *See, e.g.,* Dkt. 77 ¶ 30 (alleging that the Plaintiffs sought "to pay their attorneys' fees and expenses in this litigation"). The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions. The ACM Plaintiffs further object to this Interrogatory as premature because the ACM Plaintiffs have not yet replied to the DAF Parties' counterclaims, have not entered denials or raised any affirmative defenses, and do not bear the burden of identifying the factual bases that support the DAF Parties' contentions concerning their tortious interference with contract claim. *See, e.g., Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, 2018 WL 3848428, at *2 (S.D. Fla. Aug. 13, 2018) (contention interrogatories directed to defendants were "improper[] and premature[]" because defendants "have not yet answered … and therefore have not entered denials or raised any affirmative defenses," and do not "bear the burden of producing the factual bases which support [the opposing party's] contention").

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 6:**

Identify with particularity all of the facts which You contend allegedly support that Counter-Plaintiffs have not suffered damages.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, it relates to the DAF Parties' March 30, 2023 Initial Counterclaims, which sought damages for the funds that the DAF Parties allege were wrongfully reserved by Plaintiffs. *See, e.g.,* Dkt. 77 ¶ 37 ("CLOH has been damaged in the amount of approximately $12,250,000, which represents 49.015% of the [reserved] [f]unds"). The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions. The ACM Plaintiffs further object to this Interrogatory as premature because the ACM Plaintiffs have not yet replied to the DAF Parties' counterclaims, have not entered denials or raised any affirmative defenses, and do not bear the burden of identifying the factual bases that support the DAF Parties' contentions concerning their purported damages. *See, e.g., Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, 2018 WL 3848428, at *2 (S.D. Fla. Aug. 13, 2018) (contention interrogatories directed to defendants were "improper[] and premature[]" because defendants "have not yet answered … and therefore have not entered denials or raised any affirmative defenses," and do not "bear the burden of producing the factual bases which support [the opposing party's] contention").

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 7:**

Identify with particularity all of the facts which You contend that You allegedly have not caused HCLOF to breach the Members Agreement.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, it relates to the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that Plaintiffs acted unlawfully and improperly by entering into the Settlement Agreements with HCLOF, *see, e.g.,* Dkt. 77 ¶¶ 47-49, 52, 54, the same conduct that grounds the DAF Parties' tortious interference claim in their Amended Counterclaims. The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions. The ACM Plaintiffs further object to this Interrogatory as premature because the ACM Plaintiffs have not yet replied to the DAF Parties' counterclaims, have not entered denials or raised any affirmative defenses, and do not bear the burden of identifying the factual bases that support the DAF Parties' contentions concerning their tortious interference claim. *See, e.g., Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, 2018 WL 3848428, at *2 (S.D. Fla. Aug. 13, 2018) (contention interrogatories directed to defendants were "improper[] and premature[]" because defendants "have not yet answered … and therefore have not entered denials or raised any affirmative defenses," and do not "bear the burden of producing the factual bases which support [the opposing party's] contention").

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 8:**

Identify with particularity all of the facts which You contend that You allegedly did not act with malice in causing HCLOF to breach the Members Agreement.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.   To the contrary, it relates to the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that the ACM Plaintiffs acted "in collusion and bad faith" in entering into the Settlement Agreements with HCLOF (Dkt. 77 ¶ 30)—the same conduct that the DAF Parties allege constitutes tortious interference.   The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions. The ACM Plaintiffs further object to this Interrogatory as premature because the ACM Plaintiffs have not yet replied to the DAF Parties' counterclaims, have not entered denials or raised any affirmative defenses, and do not bear the burden of identifying the factual bases that support the DAF Parties' contentions concerning their tortious interference claim. *See, e.g., Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, 2018 WL 3848428, at *2 (S.D. Fla. Aug. 13, 2018) (contention interrogatories directed to defendants were "improper[] and premature[]" because defendants "have not yet answered … and therefore have not entered denials or raised any affirmative defenses," and do not "bear the burden of producing the factual bases which support [the opposing party's] contention").

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 9:**

Identify with particularity all of the facts explaining why Terry was terminated from his employment at HCM.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  To the contrary, this Interrogatory relates to Plaintiffs' February 23, 2022 Amended Complaint, which alleged that Mr. Dondero "wrongfully terminated Mr. Terry."  Dkt. 15 ¶ 28.  The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions.

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 10:**

Identify with particularity all of the facts which You contend allegedly support that Your tortious interference with contract should be excused.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory as duplicative of Interrogatories Nos. 4, 5, and 8, which seek information concerning whether the ACM Plaintiffs' alleged interference with the Members Agreement was justified.  The ACM Plaintiffs further object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  To the contrary, it relates to the DAF Parties' March 30, 2023 Initial Counterclaims, which repeatedly alleged that Plaintiffs' actions in entering

into the Settlement Agreements with HCLOF—the same conduct that the DAF Parties allege constitutes tortious interference—were not justified. *See, e.g.*, Dkt. 77 ¶¶ 26, 28, 30-31, 34-35. The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions. The ACM Plaintiffs further object to this Interrogatory as premature because the ACM Plaintiffs have not yet replied to the DAF Parties' counterclaims, have not entered denials or raised any affirmative defenses, and do not bear the burden of identifying the factual bases that support the DAF Parties' contentions concerning their tortious interference claim. *See, e.g., Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, 2018 WL 3848428, at *2 (S.D. Fla. Aug. 13, 2018) (contention interrogatories directed to defendants were "improper[] and premature[]" because defendants "have not yet answered … and therefore have not entered denials or raised any affirmative defenses," and do not "bear the burden of producing the factual bases which support [the opposing party's] contention").

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 11:**

Identify with particularity all of the facts which allegedly support Your defenses to Your tortious interference with contract.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory as duplicative of Interrogatories Nos. 4, 5, 8, and 10, which seek information concerning whether the ACM Plaintiffs' alleged interference with the Members Agreement was justified. The ACM Plaintiffs further object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, it relates to the

14

DAF Parties' March 30, 2023 Initial Counterclaims, which repeatedly alleged that Plaintiffs'

actions in entering into the Settlement Agreements with HCLOF—the same conduct that the DAF

Parties allege constitutes tortious interference—were not justified. *See, e.g.,* Dkt. 77 ¶¶ 26, 28, 30-

31, 34-35. The ACM Plaintiffs further object to this Interrogatory as premature because the parties

have not yet taken depositions.  The ACM Plaintiffs further object to this Interrogatory as

premature because the ACM Plaintiffs have not yet replied to the DAF Parties' counterclaims,

have not entered denials or raised any affirmative defenses, and do not bear the burden of

identifying the factual bases that support the DAF Parties' contentions concerning their tortious

interference claim.  *See, e.g., Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, 2018 WL

3848428, at *2 (S.D. Fla. Aug. 13, 2018) (contention interrogatories directed to defendants were

"improper[] and premature[]" because defendants "have not yet answered … and therefore have

not entered denials or raised any affirmative defenses," and do not "bear the burden of producing

the factual bases which support [the opposing party's] contention").

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 12:**

Identify all documents and all communications that form any basis for, support, and/or

otherwise concerning Your attempts to recover attorneys' fees under § 6 of the 2023 Agreement.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this

Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not

relate to a new matter, allegation, or claim raised by any party's amended pleading served after

April 14, 2023. To the contrary, this Interrogatory relates to the DAF Parties' Initial Counterclaims

filed on March 30, 2023, which alleged that the 2023 Settlement Agreement was "the product of

a collusive scheme ... to harm CLOH." Dkt. 77 ¶ 54; *see also id.* ¶ 33-37, 51-56. The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions. The ACM Plaintiffs further object to this Interrogatory as premature because the ACM Plaintiffs have not yet replied to the DAF Parties' counterclaims, have not entered denials or raised any affirmative defenses, and do not bear the burden of identifying the factual bases that support the DAF Parties' contentions concerning their tortious interference or contract invalidation claims. *See, e.g., Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, 2018 WL 3848428, at *2 (S.D. Fla. Aug. 13, 2018) (contention interrogatories directed to defendants were "improper[] and premature[]" because defendants "have not yet answered ... and therefore have not entered denials or raised any affirmative defenses," and do not "bear the burden of producing the factual bases which support [the opposing party's] contention").

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 13:**

Identify all documents and all communications (whether verbal or written) that form any basis for, support, and/or otherwise concerning Your claim or contention that withholding of funds was or is justified.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, this Interrogatory relates to (1) the Plaintiffs' February 23, 2022 Amended Complaint, which alleged that Plaintiffs had retained liquidation proceeds to cover the Acis CLOs' indemnification obligations (Dkt. 15 ¶ 51), and (2) the DAF Parties' March 30, 2023

16

Initial Counterclaims, which alleged that the ACM Plaintiffs "do not have a good faith basis to withhold any funds" (Dkt. 77 ¶ 30). The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions. The ACM Plaintiffs further object to this Interrogatory as premature because the ACM Plaintiffs have not yet replied to the DAF Parties' counterclaims, have not entered denials or raised any affirmative defenses, and do not bear the burden of identifying the factual bases that support the DAF Parties' contentions concerning the reservation of funds. *See, e.g., Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, 2018 WL 3848428, at *2 (S.D. Fla. Aug. 13, 2018) (contention interrogatories directed to defendants were "improper[] and premature[]" because defendants "have not yet answered ... and therefore have not entered denials or raised any affirmative defenses," and do not "bear the burden of producing the factual bases which support [the opposing party's] contention").

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 14:**

Identify all documents and all communications (whether verbal or written) concerning the Members Agreement, including the negotiation of the same.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions. The ACM Plaintiffs further object to this Interrogatory as premature because the ACM Plaintiffs have not yet replied to the DAF Parties' counterclaims, have not entered denials or raised any affirmative defenses, and do not bear the burden of identifying the factual bases that support the DAF Parties' contentions concerning the Members Agreement. *See, e.g., Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, 2018 WL 3848428, at *2 (S.D. Fla. Aug. 13, 2018) (contention interrogatories directed

17

to defendants were "improper[] and premature[]" because defendants "have not yet answered ... and therefore have not entered denials or raised any affirmative defenses," and do not "bear the burden of producing the factual bases which support [the opposing party's] contention"). The ACM Plaintiffs further object to this Interrogatory on the basis that they lack knowledge of the Members Agreement's negotiation because they were neither parties to that agreement nor involved in its negotiation.

Subject to and without waiver of the foregoing general objections, the ACM Plaintiffs identify the following documents:

- The documents identified in paragraph 27, footnote 8 of the DAF Parties' Amended Counterclaims (Dkt. 155) from *In re ACIS Capital Management, L.P. and ACIS Capital Management GP, LLC*, Case No. 18-30264-SGJ-11 (N.D. Tex. Bankr.).

- Judge Jernigan's August 3, 2021 order holding the DAF Parties in contempt. *See* Dkt. 15-2 at 5, 7.

**INTERROGATORY NO. 15:**

Identify all documents and all communications (whether verbal or written) that form any basis for, support, and/or otherwise relate to Your alleged defenses to the tortious interference with contract counterclaim.

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory as duplicative of Interrogatories Nos. 4, 5, 8, and 10, which seek information concerning the ACM Plaintiffs' potential defenses to the DAF Parties' tortious interference claim. The ACM Plaintiffs further object to this Interrogatory on the grounds that it is untimely and

violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, it relates to the DAF Parties' March 30, 2023 Initial Counterclaims, which repeatedly alleged that Plaintiffs' actions in entering into the Settlement Agreements with HCLOF—the same conduct that the DAF Parties allege constitutes tortious interference—were not justified. *See, e.g.*, Dkt. 77 ¶¶ 26, 28, 30-31, 34-35. The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions. The ACM Plaintiffs further object to this Interrogatory as premature because the ACM Plaintiffs have not yet replied to the DAF Parties' counterclaims, have not entered denials or raised any affirmative defenses, and do not bear the burden of identifying the factual bases that support the DAF Parties' contentions concerning their tortious interference claim. *See, e.g., Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, 2018 WL 3848428, at *2 (S.D. Fla. Aug. 13, 2018) (contention interrogatories directed to defendants were "improper[] and premature[]" because defendants "have not yet answered … and therefore have not entered denials or raised any affirmative defenses," and do not "bear the burden of producing the factual bases which support [the opposing party's] contention").

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 16:**

Identify all documents and all communications (whether verbal or written) concerning the 2021 Agreement.

**RESPONSE TO INTERROGATORY NO. 16:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after

April 14, 2023. To the contrary, this Interrogatory relates to (1) February 23, 2022 Amended Complaint, which sought to enforce the 2021 Settlement Agreement (*see* Dkt. 15 ¶¶ 67-74), and (2) the DAF Parties' March 30, 2023 Initial Counterclaims, which challenged the enforceability of the 2021 Settlement Agreement (*see* Dkt. 77 ¶¶ 38-41). The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions. The ACM Plaintiffs further object to this Interrogatory as premature because the ACM Plaintiffs have not yet replied to the DAF Parties' counterclaims, have not entered denials or raised any affirmative defenses, and do not bear the burden of identifying the factual bases that support the DAF Parties' contentions concerning the 2021 Settlement Agreement. *See, e.g., Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, 2018 WL 3848428, at *2 (S.D. Fla. Aug. 13, 2018) (contention interrogatories directed to defendants were "improper[] and premature[]" because defendants "have not yet answered … and therefore have not entered denials or raised any affirmative defenses," and do not "bear the burden of producing the factual bases which support [the opposing party's] contention").

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 17:**

Identify all documents and all communications (whether verbal or written) concerning the 2023 Agreement.

**RESPONSE TO INTERROGATORY NO. 17:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, this Interrogatory relates to the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that Plaintiffs acted unlawfully and improperly by entering

into the 2023 Settlement Agreement. *See* Dkt. 77 ¶¶ 51-56. The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions. The ACM Plaintiffs further object to this Interrogatory as premature because the ACM Plaintiffs have not yet replied to the DAF Parties' counterclaims, have not entered denials or raised any affirmative defenses, and do not bear the burden of identifying the factual bases that support the DAF Parties' contentions concerning the 2023 Settlement Agreement. *See, e.g., Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, 2018 WL 3848428, at *2 (S.D. Fla. Aug. 13, 2018) (contention interrogatories directed to defendants were "improper[] and premature[]" because defendants "have not yet answered … and therefore have not entered denials or raised any affirmative defenses," and do not "bear the burden of producing the factual bases which support [the opposing party's] contention").

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 18:**

Identify all documents and all communications (whether verbal or written) that form any basis for, support, and/or otherwise relate to the alleged justification of the 2021 Agreement.

**RESPONSE TO INTERROGATORY NO. 18:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory as duplicative of Interrogatories Nos. 3, 4, 8, 10, 11, and 16, which seek information concerning the 2021 Settlement Agreement and/or the justifications for it. The ACM Plaintiffs further object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, this Interrogatory relates to (1) February 23, 2022 Amended Complaint, which sought to enforce the 2021 Settlement Agreement (*see* Dkt. 15 ¶¶ 67-74), and (2) the DAF Parties' March 30, 2023 Initial Counterclaims, which challenged

the enforceability of the 2021 Settlement Agreement (*see* Dkt. 77 ¶¶ 38-41). The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions. The ACM Plaintiffs further object to this Interrogatory as premature because the ACM Plaintiffs have not yet replied to the DAF Parties' counterclaims, have not entered denials or raised any affirmative defenses, and do not bear the burden of identifying the factual bases that support the DAF Parties' contentions concerning the 2021 Settlement Agreement. *See, e.g., Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, 2018 WL 3848428, at *2 (S.D. Fla. Aug. 13, 2018) (contention interrogatories directed to defendants were "improper[] and premature[]" because defendants "have not yet answered … and therefore have not entered denials or raised any affirmative defenses," and do not "bear the burden of producing the factual bases which support [the opposing party's] contention").

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 19:**

Identify all documents and all communications (whether verbal or written) that form any basis for, support, and/or otherwise relate to the alleged justification of the 2023 Agreement.

**RESPONSE TO INTERROGATORY NO. 19:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory as duplicative of Interrogatories Nos. 3, 4, 8, 10, 11, and 17, which seek information concerning the 2023 Settlement Agreement and/or the justifications for it. The ACM Plaintiffs further object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, this Interrogatory relates to the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that Plaintiffs, by entering into the 2023

Settlement Agreement, aided and abetted purported breaches of fiduciary duty by HCLOF.  *See* Dkt. 77 ¶¶ 51-56.  The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions.  The ACM Plaintiffs further object to this Interrogatory as premature because the ACM Plaintiffs have not yet replied to the DAF Parties' counterclaims, have not entered denials or raised any affirmative defenses, and do not bear the burden of identifying the factual bases that support the DAF Parties' contentions concerning the 2021 Settlement Agreement.  *See, e.g., Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, 2018 WL 3848428, at *2 (S.D. Fla. Aug. 13, 2018) (contention interrogatories directed to defendants were "improper[] and premature[]" because defendants "have not yet answered … and therefore have not entered denials or raised any affirmative defenses," and do not "bear the burden of producing the factual bases which support [the opposing party's] contention").

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 20:**

Identify all documents and all communications (whether verbal or written) that You intend to rely upon in support of all of Your factual and/or legal defenses in response to the Counterclaims.

**RESPONSE TO INTERROGATORY NO. 20:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory as duplicative of Interrogatories Nos. 4, 5, 8, 10, 18, and 19, which seek information concerning the ACM Plaintiffs' potential defenses to the DAF Parties' claims.  The ACM Plaintiffs further object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  To the contrary, it relates to the DAF Parties' March 30,

2023 Initial Counterclaims, which repeatedly alleged that Plaintiffs' actions were not justified. *See, e.g.,* Dkt. 77 ¶¶ 26, 28, 30-31, 34-35. The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions. The ACM Plaintiffs further object to this Interrogatory as premature because the ACM Plaintiffs have not yet replied to the DAF Parties' counterclaims, have not entered denials or raised any affirmative defenses, and do not bear the burden of identifying the factual bases that support the DAF Parties' contentions concerning their claims. *See, e.g., Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, 2018 WL 3848428, at *2 (S.D. Fla. Aug. 13, 2018) (contention interrogatories directed to defendants were "improper[] and premature[]" because defendants "have not yet answered ... and therefore have not entered denials or raised any affirmative defenses," and do not "bear the burden of producing the factual bases which support [the opposing party's] contention").

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 21:**

Identify all documents and all communications (whether verbal or written) that You contend support Your factual and/or legal defenses to any of the Counterclaims.

**RESPONSE TO INTERROGATORY NO. 21:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory as duplicative of Interrogatories Nos. 4, 5, 8, 10, 18, 19, and 20, which seek information concerning the ACM Plaintiffs' potential defenses to the DAF Parties' claims. The ACM Plaintiffs further object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, it relates to the DAF Parties' March 30, 2023 Initial Counterclaims, which repeatedly alleged that Plaintiffs' actions in which

24

repeatedly alleged that Plaintiffs' actions in entering into the Settlement Agreements with HCLOF—the same conduct that the DAF Parties' Amended Counterclaims challenge—were not justified. *See, e.g.,* Dkt. 77 ¶¶ 26, 28, 30-31, 34-35. The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions. The ACM Plaintiffs further object to this Interrogatory as premature because the ACM Plaintiffs have not yet replied to the DAF Parties' counterclaims, have not entered denials or raised any affirmative defenses, and do not bear the burden of identifying the factual bases that support the DAF Parties' contentions concerning their claims. *See, e.g., Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.,* 2018 WL 3848428, at *2 (S.D. Fla. Aug. 13, 2018) (contention interrogatories directed to defendants were "improper[] and premature[]" because defendants "have not yet answered … and therefore have not entered denials or raised any affirmative defenses," and do not "bear the burden of producing the factual bases which support [the opposing party's] contention").

The ACM Plaintiffs will not respond to this Interrogatory.

**INTERROGATORY NO. 22:**

Identify all documents and all communications (whether verbal or written) that You contend support Your claims and causes of action in this Lawsuit.

**RESPONSE TO INTERROGATORY NO. 22:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this Interrogatory as duplicative of Interrogatories Nos. 1, 2, and 3, which seek information supporting the ACM Plaintiffs' claims and causes of action in this Lawsuit. The ACM Plaintiffs further object to this Interrogatory on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, this Interrogatory relates to Plaintiffs' claims in their February

23, 2022 Amended Complaint.   *See* Dkt. 15.   The ACM Plaintiffs further object to this Interrogatory as premature because the parties have not yet taken depositions. The ACM Plaintiffs further object to this Interrogatory to the extent that it seeks a strictly legal conclusion about whether or not the DAF Parties have standing, which is not a proper subject of contention interrogatories. *See Roth v. Bank of Commonwealth*, 1988 WL 43963, at *4 (W.D.N.Y. May 4, 1988) ("Rule 33(b) … does not allow [interrogatories] which seek strictly legal conclusions.").

The ACM Plaintiffs will not respond to this Interrogatory.

DATED:   New York, New York
         August 21, 2023

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By:/s/ *Blair A. Adams*
Jonathan E. Pickhardt
Blair A. Adams
Brendan Carroll
Misha Boutilier
Michael R. Bloom
Jeffrey Arnier
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000

*Attorneys for Plaintiffs Joshua N. Terry and
Acis Capital Management, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by email to all counsel of record on August 21, 2023.

/s/ Misha Boutilier
Misha Boutilier