# EXHIBIT "6"

## SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK  10004

MARK D. KOTWICK
PARTNER
(212) 574-1545
kotwick@sewkis.com

TELEPHONE:  (212)  574-1200
FACSIMILE:  (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, D.C. 20005
TELEPHONE:  (202) 737-8833
FACSIMILE:  (202) 737-5184

August 18, 2023

**VIA EMAIL**

Roger L. McCleary, Esq.
Parsons McEntire McCleary PLLC
One Riverway, Suite 1800
Houston, Texas 77056
rmccleary@pmmclaw.com

**U.S. Bank, National Association, et al. v. The Charitable Donor
Advised Fund, L.P., et al., Case No.1:21-cv-11059 (S.D.N.Y.)**

Dear Roger:

As you know, we represent Plaintiff U.S. Bank National Association, in its capacity as trustee ("U.S. Bank" or the "Trustee"), in the above-referenced matter and write in response to your August 11, 2023 letter requesting the supplemental production of documents in response to the DAF Parties' First Request for Production.  Specifically, the DAF Parties request (1) the "most recent" Daily Cash Files for each of ACIS-4 CLO, ACIS-5 CLO and ACIS-6 CLO, and (2) the CSV excel files associated with the monthly reports prepared for the ACIS CLOs by the Trustee and made available to noteholders.

In response to the document requests from the DAF Parties' co-defendant NexPoint, U.S. Bank produced the Daily Cash File for ACIS-6 CLO as of March 30, 2023, as well as the monthly reports prepared by the Trustee for the period June 1, 2020 to March 30, 2023 for ACIS-6 CLO, together with the supporting CSV excel files for the pre-redemption monthly trustee reports, because those materials are arguably relevant to NexPoint's counterclaim concerning the management of ACIS-6 CLO.  CSV excel files for the post-redemption monthly reports were never created, and thus were not provided by the Trustee with the ACIS-6 CLO post-redemption monthly reports.[1]  NexPoint has not asserted, nor can it assert,

---

[1]     Even were those files generated today, they would provide little, if any, information about the assets of ACIS-6 CLO because those assets were, with limited exceptions, liquidated as part of the redemption of the CLO. Moreover, the data that would have been generated in the CSV excel files would be duplicative of information in the produced monthly trustee reports and Daily Cash File for ACIS-6 CLO.

Roger L. McCleary, Esq.
August 18, 2023
Page 2

claims related to the management of ACIS-4 CLO and ACIS-5 CLO because it was not a subordinated noteholder in either of those two vehicles.  Consequently, U.S. Bank objected to producing documents concerning the management of ACIS-4 CLO and ACIS-5 CLO.  See U.S. Bank's Responses and Objections to NexPoint's First Request for Production, dated May 4, 2023.

While, as you identify in your letter, the DAF Parties requested documents from U.S. Bank related to the fees, expenses, liquidation and redemption of the ACIS CLOs in their First Request for Production, those materials are not relevant to the DAF Parties' amended counterclaims seeking to invalidate the 2021 and 2023 Settlement Agreements and related allegation that HCLOF breached its Members Agreement's good faith clause by entering into the two Settlement Agreements, and that the Plaintiffs tortiously interfered with that agreement by HCLOF to breach.  Moreover, there is no basis to allege that such materials could lead to the discovery of admissible evidence with respect to those counterclaims.  U.S. Bank's responses and objections to the requests identified in your letter makes that objection clear and refers the DAF Parties to materials produced in response to the NexPoint's requests for production, see Responses and Objections of U.S. Bank to the CDAF Parties' First Request for Production, dated May 15, 2023, which include, inter alia, documents concerning the management of ACIS-6 CLO (including the aforementioned Daily Cash File, monthly trustee reports and related CSV excel files for ACIS-6 CLO) and which were provided to the DAF Parties.  Until your letter on Friday, the DAF Parties had not challenged that objection.

U.S. Bank stands on its objection in its responses and objections to the Defendants' Requests for Production to producing documents concerning the management of ACIS-4 CLO and ACIS-5 CLO, including the production of Daily Cash Files or the monthly trustee reports and associated CSV excel files related to the two CLOs.

Sincerely,

/s/ *Mark D. Kotwick*

cc:     Blair Adams, Esq.
        Misha Boutilier, Esq.
        Jeffery Arnier, Jr.. Esq.
        Brendan Carroll, Esq.

SK 03687 1471 10790971