# EXHIBIT 10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

U.S. BANK NATIONAL ASSOCIATION, in
its capacity as Trustee, JOSHUA N. TERRY,
and ACIS CAPITAL MANAGEMENT, L.P.,

       *Plaintiffs*,

    v.

THE CHARITABLE DONOR ADVISED
FUND, L.P., CLO HOLDCO LTD., and
NEXPOINT DIVERSIFIED REAL ESTATE
TRUST,

       *Defendants*.

Case No. 1:21-cv-11059-GHW

---

**PLAINTIFF ACIS CAPITAL MANAGEMENT, L.P.'S RESPONSES AND OBJECTIONS**
**TO DEFENDANTS THE CHARITABLE DONOR ADVISED FUND, L.P. AND CLO**
**HOLDCO LTD.'S SECOND SET OF REQUESTS FOR PRODUCTION**

       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules")

and the Local Civil Rules of the United States District Court for the Southern District of New York

(the "Local Civil Rules"), Plaintiff Acis Capital Management, L.P. ("ACM") provides the

following responses and objections to Defendants The Charitable Donor Advised Fund, L.P.

("DAF") and CLO HoldCo Ltd.'s ("CLOH" and collectively "Defendants" or the "DAF

Defendants") Second Set of Requests for Production (the "Requests," and each a "Request"), dated

July 21, 2023.

## GENERAL OBJECTIONS

In addition to the objections to each individual Document Request, the following objections apply to all of the Requests (the "General Objections") and are hereby incorporated by reference into the individual response to each Request and shall have the same force and effect as if fully set forth in the individual response to each Request.  ACM objects as follows:

1.     ACM objects to each Request, and to each Definition, to the extent that it purports to impose any obligations upon ACM that are inconsistent with or exceed the requirements of the Federal Rules, the Local Civil Rules, Judge Woods' Individual Rules of Practice in Civil Cases, and any other relevant rules of practice or applicable law.

2.     ACM objects to each Request, and to each Definition, insofar as it contains misstatements of fact and inaccurate assumptions.  Any objection or response to a Request should not be taken as an admission that ACM accepts or admits the existence of any alleged facts set forth or assumed by such Request.  A response to part or all of any Request is not intended to be, and shall not be construed to be, a waiver of any part of any objection to the Request.

3.     ACM objects to each Request to the extent that it seeks documents that do not already exist, or that are not in ACM's possession, custody, or control.

4.     ACM objects to each Request to the extent that it seeks documents that are already in the possession, custody, or control of Defendants.

5.     ACM objects to each Request to the extent that it calls for information that is publicly available and therefore as accessible to Defendants as to ACM.

6.     ACM objects to each Request to the extent that it seeks documents that are obtainable from another source that is more convenient, less burdensome, or less expensive.

7.     ACM objects to each Request to the extent that it purports to require ACM to provide information or documents beyond what is available to ACM at present from a reasonable search of [his/its] own files likely to contain relevant or responsive documents.

8.     ACM objects to each Request to the extent that it calls for the production of documents or other disclosure of information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege, immunity, or doctrine.  Any disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, immunity, law, or rule is inadvertent and shall not constitute a waiver.

9.     ACM objects to each Request to the extent that it requires the disclosure of trade secrets or confidential or proprietary information, other sensitive information, or any information protected from disclosure by any law, court order, or any agreement with respect to confidentiality or non-disclosure (collectively, "Confidential Information").  Further, ACM reserves the right to withhold information that ACM requires third party consent to disclose

10.     ACM objects to each Request to the extent that it is vague or ambiguous.

11.     ACM objects to each Request to the extent that it fails to identify with reasonable particularity the documents sought.

12.     ACM objects to each Request to the extent that it is overly broad, overly expansive, oppressive, or unduly burdensome and would thus impose upon ACM an unreasonable burden of inquiry or unreasonable costs disproportionate to the needs of the case.

13.     ACM objects to each Request to the extent that it is unduly burdensome and oppressive in that it would require a search for documents that are of little or no relevance to the issues or controversies in this litigation, such that the value of the documents would be outweighed by the burden of obtaining them.

14.     ACM objects to each Request that seeks "all documents" and/or "all communications" regarding the described topic to the extent that such Requests are overbroad and unduly burdensome.

15.     ACM objects to each Request to the extent that it calls for or contains a legal conclusion or characterizes certain information as undisputed fact.

16.     ACM objects to each Request to the extent it depends upon contention(s) of Defendants that Defendants have not yet fully articulated via their own discovery responses or other pleadings.

17.     ACM objects to each Request to the extent that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

18.     ACM objects to each Request to the extent it calls for or contains legal conclusions or characterizations of fact.  Any response to or objection to a Request shall not be construed as indicating agreement with any such conclusions or characterizations.

19.     ACM objects to each Request to the extent it seeks to impose arbitrary time parameters, and to the extent that it contains no temporal limitations at all.

20.     To the extent any definition does not comport with the Federal Rules, the Local Rules, or the ordinary meaning of the word itself, ACM will follow the Federal Rules, the Local Rules, or apply the ordinary meaning of the word.

## **RESERVATION OF RIGHTS**

1.     ACM makes the responses herein solely for the purposes of this litigation.  By responding to each Request, ACM does not waive objections to the admission of these responses into evidence on the grounds of relevance, materiality, or any other proper grounds for objection. Neither ACM's agreement to respond to a Request, nor ACM's agreement to meet and confer with Defendants with respect to a Request, shall imply that responsive information exists, or constitute an admission or acknowledgement as to the relevance or admissibility of any information.

2.     ACM reserves all objections to the use of these responses and of any information and/or documents ACM produces.  ACM may interpose all such objections at the time of trial or as otherwise required by the applicable rules or order of the Court.

3.     ACM's responses and objections set forth herein are based upon information presently known to ACM at this point in the case, at a time when discovery is ongoing.  ACM reserves the right to amend, supplement, or withdraw its responses and objections to each Request, including to take into account additional information that comes to light during the discovery process.

## GENERAL OBJECTIONS TO DEFENDANTS' DEFINITIONS AND INSTRUCTIONS

1.      ACM objects to Instruction No. 1 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.

2.      ACM objects to Instruction No. 3 on the grounds that it presupposes that ACM will produce all documents responsive to the Requests regardless of any objections and as overbroad and unduly burdensome to the extent it purports to define as within ACM's possession, custody, or control, documents and communications in the possession of "any spouses, agents, employees, officer, directors, shareholders, partners, general partners, legal representatives, predecessors, successors, children, heirs and assigns." ACM will produce non-privileged responsive documents within its actual possession, custody, or control.

3.      ACM objects to Instruction No. 4 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.

4.      ACM objects to Instruction No. 5 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.

5.      ACM objects to Instruction No. 5 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.

6.      ACM objects to Instruction No. 7 on the grounds that it presupposes that ACM will produce all documents responsive to the Requests regardless of any objections.

7.      ACM objects to Instruction No. 8 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.

8.     ACM objects to Rule of Construction No. 1, which purports to require the production of documents dating back to January 1, 2014 as overbroad, unduly burdensome, and disproportionate to the needs of this litigation.   Defendants will produce documents and communications covering the period June 1, 2020 to March 30, 2023, a period which predates the first objected-to settlement by nearly an entire year.

9.     ACM objects to Rule of Construction No. 7 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.   ACM will produce electronic information in accord with a protocol to be agreed upon between the parties.

10.     ACM objects to Rule of Construction No. 8 to the extent it purports to require ACM to produce documents or communications of individuals no longer affiliated with ACM over whom ACM possesses no current authority and/or from "agents," "partners," "shareholders," "representatives, attorneys, successors, assigns," or "any other person(s) acting on behalf of such entity," over whom ACM has no authority or control.

11.     ACM objects to the Definition of  "ACM," "You," and "Your" as overbroad, unduly burdensome, and disproportionate to the scope of the litigation to the extent it purports to include ACM's "corporate parent" and "subsidiaries." ACM further objects to this Definition to the extent it purports to require the production of documents in the possession, custody, or control of . . . owners, partners, shareholders, agents, employees, representatives, attorneys, predecessors, successors, assigns, related entities . . . or anyone else acing on ACM's behalf" whether or not

ACM currently possesses authority or control over such entity.   ACM responds to Defendants' Requests on its own behalf.

12.   ACM objects to the Definition of "2023 Agreement" as ambiguous and to the extent it calls for a legal conclusion and interprets that term to mean the February 28, 2023 agreement under which funds were reserved to secure the indemnification rights of U.S. Bank and ACM with respect to claims and actions that may be taken against them with respect to the ACIS CLOs.

13.   ACM objects to the Definition of "Communications" to the extent it purports to impose obligations beyond those required by the Local Civil Rules.

14.   ACM objects to the Definition of "Concerning" to the extent it purports to impose obligations beyond those required by the Local Civil Rules.

15.   ACM objects to the Definition of "Document" or "Documents" to the extent they purport to impose obligations beyond those required by the Local Civil Rules.

16.   ACM objects to the Definition of "Electronically Stored Information" to the extent it purports to impose obligations beyond those required by the Federal Rules.

17.   ACM objects to the definition of "identify or identity(ies) (person(s)" to the extent it purports to impose obligations beyond those required by the Local Civil Rules.

18.   ACM objects to the definition of "identify or identity(ies) (document(s)" to the extent it purports to impose obligations beyond those required by the Local Civil Rules.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS FOR PRODUCTION

Subject to and without waiving the General Objections set forth above, all of which are incorporated as if fully stated herein, ACM responds to each Request as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications concerning:

 a. The withholding of any funds from the proceeds of the redemption of the Acis Notes;

 b. Any demand by HCLOF to ACM, US Bank, or the Acis CLOs requesting the distribution of the proceeds of the redemption of the Acis Notes;

 c. Any notice(s) of default issued by HCLOF to ACM, US Bank, or the Acis CLOs related to the Acis Notes;

 d. Any and all indemnification to which You contend in this Lawsuit You are entitled, including but not limited to under the terms of any investment advisory agreement, trustee agreement, the Indentures, the PMAs, or any other agreement relating in any way to the Acis CLOs or Acis Notes;

 e. Valuation of the Acis CLOs;

 f. The Reserves relating to the Acis CLOs;

 g. The Members' Agreement;

 h. The 2021 Agreement; and/or

 i. The 2023 Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

 In addition to ACM's General Objections, ACM objects to subparts a, b, c, d, e, f, h, and i to Request No. 1 on the ground that these requests violate the stipulation agreed to by the parties on July 10, 2023 extending the discovery deadlines.  That stipulation foreclosed further written discovery with a narrow carve-out permitting the parties "to serve further written discovery by July 21, 2023, concerning any *new* matters, allegations, or claims raised by any party's amended pleading served after April 14, 2023."  *See* Dkt.156 (emphasis added).  Subparts a, b, c, d, e, f, h, and i do not concern new matters first raised in the DAF Defendants' Second Amended Answer and Counterclaims, the only amended pleading served after April 14, 2023.  ACM further objects

9

that this Request is duplicative of other Requests that have been served on it in this action.  ACM

will not produce additional information with respect to those subparts.  Subject to and without

waiving the foregoing specific and General Objections, ACM states that it will produce non-

privileged documents responsive to Request No. 1, subpart g within its possession, custody, or

control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications concerning:

      a. All attorneys' fees and expenses incurred by You for which Reserves have been
applied or will be paid, including quantification(s) of the same; and/or

      b. All attorneys' fees and expenses incurred by You for which you seek recovery from
CLOH or DAF pursuant to § 6 of the 2023 Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

      In addition to ACM's General Objections, ACM objects to Request No. 2 on the ground

that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.  ACM

further objects that this Request is duplicative of other Requests that have been served on it in

this action.  ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning management fees and/or expenses for which Reserves have been or
will be applied or paid, including quantification(s) of the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

      In addition to ACM's General Objections, ACM objects to Request No. 3 on the ground

that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.  ACM

further objects that this Request is duplicative of other Requests that have been served on it in this action.  ACM states that it will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 4:

All documents concerning trustee fees and/or expenses for which Reserves have been or will be applied or paid, including quantification(s) of the same.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

In addition to ACM's General Objections, ACM objects to Request No. 4 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.  ACM further objects that this Request is duplicative of other Requests that have been served on it in this action.  ACM states that it will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 5:

All documents concerning any and all other costs, fees, and expenses for which Reserves have been or will be applied or paid, including quantification(s) of the same.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

In addition to ACM's General Objections, ACM objects to Request No. 5 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.  ACM further objects that this Request is duplicative of other Requests that have been served on it in this action.  ACM states that it will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 6:

All documents concerning the amount(s), valuation(s), asset value(s), investment, redemption, handling, distribution, and/or payment(s) regarding the Acis Notes, including but not limited to any proceeds, expenses, fees, Reserves, and/or withholdings from, derived from, or relating to the Acis Notes and/or the ACIS CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to ACM's General Objections, ACM objects to Request No. 6 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM further objects that this Request is duplicative of other Requests that have been served on it in this action. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 7:**

All documents concerning any of the following in regard to funds obtained and or derived from redemption of the Acis Notes:

a. The amount of the funds withheld;

b. How those funds have been used and applied;

c. What percentage and amount of the funds have been used for attorneys' fees and expenses incurred by You for any matter, and any documents reflecting the allocation by matter;

d. Each time funds were withheld and the amount withheld; and/or

e. The amount of funds withheld pursuant to the 2023 Agreement and any documents reflecting the alleged justification for withholding such funds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to ACM's General Objections, ACM objects to Request No. 7 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM further objects that this Request is duplicative of other Requests that have been served on it in this action. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 8:**

All documents that form any basis for Your contention that You are entitled to withhold funds which otherwise would be distributed to CLOH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to ACM's General Objections, ACM objects to Request No. 8 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning any communications regarding withholding funds which otherwise would be distributed to HCLOF or CLOH regarding the Acis CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to ACM's General Objections, ACM objects to Request No. 9 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM further objects that this Request is duplicative of other Requests that have been served on it in this action. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning the Guernsey Proceedings and/or Judge Jernigan's rulings concerning the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to ACM's General Objections, ACM objects to Request No. 10 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 11:**

All drafts and copies of the Members Agreement and all documents reflecting when You received the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to ACM's General Objections, ACM objects to Request No. 11 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the request asks for "All drafts and copies" and "all documents."

Subject to and without waiving the foregoing specific and General Objections, ACM states that it will produce non-privileged documents responsive to Request No. 11 within its possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:**

All documents reflecting any communications regarding the Members Agreement and all documents reflecting any analysis of its subject matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to ACM's General Objections, ACM objects to Request No. 12 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the request asks for "All documents."  ACM further objects that this Request is duplicative of other Requests that have been served on it in this action.

Subject to and without waiving the foregoing specific and General Objections, ACM states that it will produce non-privileged documents responsive to Request No. 12 within its possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 13:**

All documents concerning the status, performance, and/or disposition of any and/or all of the Acis Notes and/or the Acis CLOs, including but not limited to internal and/or external reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to ACM's General Objections, ACM objects to Request No. 13 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications concerning HCLOF's liquidation status and decision to wind-up its business affairs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to ACM's General Objections, ACM objects to Request No. 14 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications concerning actual or contemplated actions taken to collect attorneys' fees from DAF, CLOH and/or NexPoint, as referenced in § 6 of the 2023 Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to ACM's General Objections, ACM objects to Request No. 15 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All documents reflecting the basis upon which You claim the right to collect attorneys' fees from DAF, CLOH and/or NexPoint, as referenced in § 6 of the 2023 Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to ACM's General Objections, ACM objects to Request No. 16 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications concerning any contention that James Dondero currently controls DAF and/or CLOH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to ACM's General Objections, ACM objects to Request No. 17 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM further objects that this Request is duplicative of other Requests that have been served on it in this action. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications concerning any actual or contemplated offer to purchase CLOH's shareholder interests in HCLOF, in whole or in part.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to ACM's General Objections, ACM objects to Request No. 18 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications concerning:

    a. the 2019 Lawsuit;

    b. the 2020 Lawsuit; and/or

c. The Guernsey Proceedings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to ACM's General Objections, ACM objects to Request No. 19 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM further objects that this Request is duplicative of other Requests that have been served on it in this action. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications concerning the Kirschner Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to ACM's General Objections, ACM objects to Request No. 20 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications constituting and/or reflecting any demand from HCLOF to You regarding or reflecting the exercise of the optional redemption of any and/or all of the Acis Notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to ACM's General Objections, ACM objects to Request No. 21 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM further objects that this Request is duplicative of other Requests that have been served on it in this action. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 22:**

All other documents concerning the current amount of funds that have been withheld from the proceeds of the redemption of any and/or all of the Acis Notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

      In addition to ACM's General Objections, ACM objects to Request No. 22 on the ground

that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.   ACM

further objects to this request because it is wholly duplicative of Request No. 7 and directs the

DAF Defendants to its response and objection to that Request.   ACM states that it will not

produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All documents concerning Your policies and procedures applicable to the Acis CLOs or the Acis Notes for:

      a. compliance with federal and/or state regulations, such as the Advisers Act of 1940;

      b. selecting, identifying, and executing trades on behalf of advised or managed funds such as Acis Notes;

      c. complying with the Collateral Quality Tests;

      d. making distributions;

      e. defining and complying with best execution obligations;

      f. withholding funds from distribution;

      g. calculating fees based upon assets under management;

      h. calculating the value of a fund and/or assessing Net Asset Value for non-public securities; and/or

      i. complying with indenture and other contractual parameters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to ACM's General Objections, ACM objects to Request No. 23 on the ground

that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.   ACM

further objects that this Request is duplicative of other Requests that have been served on it in

this action.   ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 24:**

All documents concerning payments of fees and/or expenses to ACM, Terry, and/or US Bank
prior to July of 2021 relating to the Acis CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to ACM's General Objections, ACM objects to Request No. 24 on the ground

that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.   ACM

states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 25:**

All documents concerning the results of any inspection, audit, review, or investigation into Your
compliance, whether with (i) applicable laws and regulations, (ii) internal policies and
procedures, (iii) contractual requirements, whether in general or specifically with respect to the
Acis Notes and/or the Acis CLOs, (iv) asset valuation, (v) performance under the Collateral
Quality Tests, and/or (vi) performance under any other relevant metrics relating to the Acis
CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to ACM's General Objections, ACM objects to Request No. 25 on the ground

that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.   ACM

further objects that this Request is duplicative of other Requests that have been served on it in

this action.   ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 26:**

All Note Valuation Reports, Monthly Reports, Redemption Reports, Post-Redemption Reports, Payment Reports, Generic Reports, Intra-Period Reports, or other similar reports prepared by US Bank for the Acis CLOs from January 1, 2014, to Present that have not been produced to date.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to ACM's General Objections, ACM objects to Request No. 26 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.  ACM further objects that this Request is duplicative of other Requests that have been served on it in this action.  ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 27:**

All board resolutions concerning the Acis CLOs, the Acis Notes, the 2021 Agreement, or the 2023 Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to ACM's General Objections, ACM objects to Request No. 27 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.  ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 28:**

All Administration Agreements referred to in each of the Indentures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to ACM's General Objections, ACM objects to Request No. 28 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.  ACM further objects that this Request is duplicative of other Requests that have been served on it in this action.  ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 29:**

All communications with, and data provided to, ratings agencies concerning the Acis CLOs and/or the Acis Notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to ACM's General Objections, ACM objects to Request No. 29 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.  ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 30:**

Any documents concerning the purported continuing need for management of the Acis CLOs after the optional redemption of the Acis Notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to ACM's General Objections, ACM objects to Request No. 30 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.  ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 31:**

Any documents that show the purported justification for the continuing management, trustee, professional, and/or other fees concerning the Acis CLOs after the optional redemption of the Acis Notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to ACM's General Objections, ACM objects to Request No. 31 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.  ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 32:**

All joint defense agreements or common-interest agreements between one or more of the following persons or entities:

     a. US Bank;

     b. HCLOF;

     c. ACM;

     d. Terry;

     e. HCM;

     f. Brigade; and/or

     g. Seery.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to ACM's General Objections, ACM objects to Request No. 32 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 33:**

All documents and communications between You and HCLOF concerning any of the following topics:

     a. Reserves;

     b. Withheld funds from the redemptions;

     c. The Members Agreement;

     d. The Guernsey Proceedings;

     e. CLOH's interest in HCLOF;

     f. The 2019 Lawsuit;

g. The 2020 Lawsuit;

h. The 2021 Agreement;

i. The 2023 Agreement;

j. The Counterclaims;

k. Your claims in this Lawsuit;

l. The Kirschner Litigation;

m. The NexPoint Lawsuit;

n. Your attorneys' fees;

o. This Lawsuit;

p. Your defenses in this Lawsuit;

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

In addition to ACM's General Objections, ACM objects to subparts a, b, d, e, f, g, h, i, j, k, l, m, n, o, and p to Request No. 33 on the ground that these requests violate the stipulation agreed to by the parties on July 10, 2023 extending the discovery deadlines.  That stipulation foreclosed further written discovery with a narrow carve-out permitting the parties "to serve further written discovery by July 21, 2023, concerning any *new* matters, allegations, or claims raised by any party's amended pleading served after April 14, 2023."  *See* Dkt.156 (emphasis added).  Subparts a, b, d, e, f, g, h, i, j, k, l, m, n, o, and p do not concern new matters first raised in the DAF Defendants' Second Amended Answer and Counterclaims, the only amended pleading served after April 14, 2023.  ACM further objects that this Request is duplicative of other Requests that have been served on it in this action.  ACM will not produce additional information with respect to those subparts.  Subject to and without waiving the foregoing

specific and General Objections, ACM states that it will produce non-privileged documents responsive to Request No. 33, subpart c within its possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 34:**

All documents and communications between You and HCM concerning any of the following topics:

a. Reserves;

b. Withheld funds from the redemptions;

c. The Members Agreement;

d. The Guernsey Proceedings;

e. CLOH's interest in HCLOF;

f. The 2019 Lawsuit;

g. The 2020 Lawsuit;

h. The 2021 Agreement;

i. The 2023 Agreement;

j. The Counterclaims;

k. Your claims in this Lawsuit;

l. The Kirschner Litigation;

m. The NexPoint Lawsuit;

n. Your attorneys' fees;

o. This Lawsuit;

p. Your defenses in this Lawsuit;

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

In addition to ACM's General Objections, ACM objects to subparts a, b, d, e, f, g, h, i, j, k, l, m, n, o, and p to Request No. 34 on the ground that these requests violate the stipulation agreed to by the parties on July 10, 2023 extending the discovery deadlines.  That stipulation foreclosed further written discovery with a narrow carve-out permitting the parties "to serve further written discovery by July 21, 2023, concerning any *new* matters, allegations, or claims raised by any party's amended pleading served after April 14, 2023."  *See* Dkt. 156 (emphasis added).  Subparts a, b, d, e, f, g, h, i, j, k, l, m, n, o, and p do not concern new matters first raised in the DAF Defendants' Second Amended Answer and Counterclaims, the only amended pleading served after April 14, 2023.  ACM further objects that this Request is duplicative of other Requests that have been served on it in this action.  ACM will not produce additional information with respect to those subparts.  Subject to and without waiving the foregoing specific and General Objections, ACM states that it will produce non-privileged documents responsive to Request No. 34, subpart c within its possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and communications between You and Seery concerning any of the following topics:

    a. Reserves;

    b. Withheld funds from the redemptions;

    c. The Members Agreement;

    d. The Guernsey Proceedings;

    e. CLOH's interest in HCLOF;

f. The 2019 Lawsuit;

g. The 2020 Lawsuit;

h. The 2021 Agreement;

i. The 2023 Agreement;

j. The Counterclaims;

k. Your claims in this Lawsuit;

l. The Kirschner Litigation;

m. The NexPoint Lawsuit;

n. Your attorneys' fees;

o. This Lawsuit;

p. Your defenses in this Lawsuit;

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

In addition to ACM's General Objections, ACM objects to subparts a, b, d, e, f, g, h, i, j, k, l, m, n, o, and p to Request No. 35 on the ground that these requests violate the stipulation agreed to by the parties on July 10, 2023 extending the discovery deadlines.  That stipulation foreclosed further written discovery with a narrow carve-out permitting the parties "to serve further written discovery by July 21, 2023, concerning any *new* matters, allegations, or claims raised by any party's amended pleading served after April 14, 2023."  *See* Dkt.156 (emphasis added).  Subparts a, b, d, e, f, g, h, i, j, k, l, m, n, o, and p do not concern new matters first raised in the DAF Defendants' Second Amended Answer and Counterclaims, the only amended pleading served after April 14, 2023.  ACM further objects that this Request is duplicative of other Requests that have been served on it in this action.  ACM will not produce additional

information with respect to those subparts.  Subject to and without waiving the foregoing

specific and General Objections, ACM states that it will produce non-privileged documents

responsive to Request No. 35, subpart c within its possession, custody, or control located

pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 36:**

All documents You intend to rely on in support of your factual and/or legal defenses in this
Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to ACM's General Objections, ACM objects to Request No. 36 on the ground

that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.  ACM

states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 37:**

All documents that form any basis for, support, and/or otherwise concerning any and/or all of
Your factual, legal, or affirmative defenses to any and/or all of the Counterclaims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

In addition to ACM's General Objections, ACM objects to Request No. 37 on the ground

that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.  ACM

states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 38:**

All documents You intend to rely on in support of any and all dispositive motions You intend to
file in this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

In addition to ACM's General Objections, ACM objects to Request No. 38 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 39:**

All documents You intend to rely on, offer, or use at trial and/or any hearing in this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

In addition to ACM's General Objections, ACM objects to Request No. 39 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 40:**

All documents which form any basis for Your denial of one or more of the below Requests for Admission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

In addition to ACM's General Objections, ACM objects to Request No. 40 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and communications concerning Terry's termination from HCM, including but not limited to those related to Terry's personal relationships with one or more co-workers or other inappropriate conduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

In addition to ACM's General Objections, ACM objects to Request No. 41 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.  ACM further objects to this request as irrelevant to the extent that it does not bear on any parties' claims or defenses nor is it reasonably calculated to lead to the discovery of admissible evidence. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 42:**

All documents concerning communications between Terry and James Dondero concerning Terry's compensation and/or employment at HCM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

In addition to ACM's General Objections, ACM objects to Request No. 42 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.  ACM further objects to this request as irrelevant to the extent that it does not bear on any parties' claims or defenses nor is it reasonably calculated to lead to the discovery of admissible evidence. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 43:**

All documents concerning communications between Terry and James Dondero concerning Terry's compensation and/or employment at ACM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

In addition to ACM's General Objections, ACM objects to Request No. 43 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.  ACM further objects to this request as irrelevant to the extent that it does not bear on any parties'

29

claims or defenses nor is it reasonably calculated to lead to the discovery of admissible evidence. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 44:**

All documents concerning and/or communications between Terry and Seery regarding:

a. Terry's employment with HCM;

b. Termination of Terry's employment with HCM, including but not limited to separation agreements or settlements of any kind; and/or,

c. ACM or the Acis CLOs, including but not limited to all agreements between HCM and Terry regarding ACM or the Acis CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

In addition to ACM's General Objections, ACM objects to Request No. 44 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1. ACM further objects to this request to the extent it is irrelevant to the extent that it does not bear on any parties' claims or defenses nor is it reasonably calculated to lead to the discovery of admissible evidence. ACM states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 45:**

All documents concerning and/or communications between Terry and HCM regarding:

a. Terry's employment with HCM;

b. Termination of Terry's employment with HCM, including but not limited to separation agreements or settlements of any kind; and/or,

c. ACM or the Acis CLOs, including but not limited to all agreements between HCM and Terry regarding ACM or the Acis CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

In addition to ACM's General Objections, ACM objects to Request No. 45 on the ground that it violates the July 10, 2023 stipulation and refers to its response to Request No. 1.   ACM further objects to this request to the extent it is irrelevant to the extent that it does not bear on any parties' claims or defenses nor is it reasonably calculated to lead to the discovery of admissible evidence.   ACM states that it will not produce documents in response to this request.

Dated: August 21, 2023

Respectfully submitted,

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Blair A. Adams*

Jonathan E. Pickhardt
Blair A. Adams
Misha Boutilier
Michael R. Bloom
Jeffery C. Arnier, Jr.
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Plaintiff Acis Capital Management*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served by email to all counsel of record on August 21, 2023.

<u>*/s/ Misha Boutilier*</u>
Misha Boutilier