# EXHIBIT 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY AND ACIS CAPITAL MANAGEMENT, L.P., <br><br> *Plaintiffs*, <br><br> v. <br><br> THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD. AND NEXPOINT DIVERSIFIED REAL ESTATE TRUST, <br><br> *Defendants*. | Case No. 1:21-cv-11059 (GHW) |

**RESPONSES AND OBJECTIONS OF PLAINTIFF U.S. BANK
NATIONAL ASSOCIATION TO DEFENDANTS/COUNTER-PLAINTIFFS THE
CHARITABLE DONOR ADVISED FUND, L.P. AND CLO HOLDCO, LTD.'S
SECOND REQUEST FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), Plaintiff U.S. Bank National Association, solely in its capacity as Trustee ("U.S. Bank"), by and through its undersigned counsel, hereby responds to Defendants/Counterclaim-Plaintiffs Charitable DAF Fund, L.P. a/k/a The Charitable Donor Advised Fund, L.P.'s ("DAF") and CLO HoldCo, Ltd.'s ("CLOH") (collectively, the "DAF Defendants") Second Request for Production, dated July 21, 2023 (the "Requests," and each, a "Request").

**GENERAL OBJECTIONS**

1.       U.S. Bank objects to the Requests, including the Definitions, Rules of Construction and Instructions, to the extent they purport to impose obligations on it beyond those contained in the Federal Rules, the Local Rules for the United States District Court for the Southern District of New York (the "Local Rules") or any other applicable rules, laws or court order (collectively, the "Applicable Rules").

2.       U.S. Bank objects to the Requests as overbroad and unduly burdensome to the

extent they purport to seek the production of "all" documents or communications with respect to a particular matter.  In responding to these Requests, U.S. Bank has conducted a reasonably diligent search for responsive materials in those files it believes might contain documents or information that are relevant to the subject matter of this action or will lead to the discovery of admissible evidence, including the files maintained by persons who had substantive involvement in the matters at issue.

3.      U.S. Bank objects to the Requests to the extent they purport to seek information (a) protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege or the joint defense privilege or otherwise protected from disclosure by any other privilege, statute, rule, regulation or common law principle, or (b) that was prepared, generated or received in anticipation of litigation.  The inadvertent or unintentional disclosure of such information is not intended and shall not be deemed to be a waiver in whole or in part of the confidential, privileged or otherwise protected nature of the information disclosed, or as to any other information relating thereto or on the same or related subject matter.

4.      U.S. Bank objects to the Requests as overbroad and unduly burdensome to the extent they contain duplicative or repetitive requests or are cumulative in nature, including the requests in NexPoint Diversified Real Estate Trust's ("NexPoint") First Request for Production to Each of the Plaintiffs/Counter-Defendants, dated April 4, 2023 ("NexPoint's First Request for Production") (consisting of sixty-five requests), NexPoint's Second Request for Production to Each of the Plaintiffs/Counter-Defendants, dated June 13, 2023 ("NexPoint's Second Request for Production") (consisting of 22 additional requests), and the DAF Defendants' First Set of Requests for Production to Plaintiff/Counter-Defendant U.S. Bank, dated April 14, 2023 ("DAF

<u>Defendants' First Request for Production</u>") (consisting of fifty-six requests) (the DAF
Defendants' First Request for Production, together with NexPoint's First and Second Requests
for Production, "<u>Defendants' Requests for Production</u>").   While the DAF Defendants state that
the "Requests are only intended to encompass documents not previously requested … or
produced by [U.S. Bank] … in this lawsuit" (Instruction No. 1), the forty blunderbuss requests
(including more than eighty subparts) make no effort to determine what documents have been
previously requested or produced by U.S. Bank, including in response to the fifty-six requests in
the DAF Defendants' First Request for Production, and are facially abusive.  Similarly, U.S.
Bank incorporates by reference herein its General Objections raised in its responses and
objections to NexPoint's First Request for Production, NexPoint's Second Request for
Production and the DAF Defendants' First Request for Production, as well as its Specific
Objections therein to the extent the Requests herein overlap or are duplicative with specific
requests made in those requests for production.

5.      U.S. Bank objects to the Requests as unduly burdensome to the extent they are
duplicative of requests served upon it by other parties in this action.  U.S. Bank will not
reproduce responsive documents and information in response to such Requests, but will make
available to the DAF Defendants copies of materials previously produced in response to the prior
requests.

6.      U.S. Bank objects to the Requests to the extent they are vague and ambiguous,
overbroad, unduly burdensome, lacking in particularity, unreasonable or oppressive, fail to
define the documents or information sought with the specificity required by the Applicable
Rules, or call for information that is neither relevant to the claims, defenses or subject matter of
this action, nor reasonably calculated to lead to the discovery of admissible evidence.

7.     U.S. Bank objects to the Requests to the extent the burden or expense of responding to the Requests would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

8.     U.S. Bank objects to the Requests to the extent they purport to seek information that is (a) not in its actual possession, custody or control, (b) a matter of public record or filed in court or (c) in the possession, custody or control, or otherwise equally available to, the DAF Defendants.

9.     A response by U.S. Bank that it will produce documents in response to a Request shall not be interpreted to mean that such documents in fact exist or that they are within U.S. Bank's possession, custody or control, but rather only that if non-objectionable, non-privileged documents exist or are within U.S. Bank's possession, custody or control, and are identified pursuant to U.S. Bank's reasonably diligent search, they will be produced in response to a Request.

10.     U.S. Bank objects to the Requests to the extent they purport to seek production of confidential and/or proprietary information of U.S. Bank or third parties which U.S. Bank may be prohibited by law or agreement from disclosing.  U.S. Bank will produce non-privileged responsive documents and information pursuant to the Protective Order entered May 30, 2023 (Dkt. 116).

11.     U.S. Bank's investigation and search for responsive information is ongoing, and the response to each Request reflects information to the extent known as of the time the response was prepared.  Pursuant to Rule 26(e) of the Federal Rules, U.S. Bank reserves the right to supplement and amend its responses and objections, if necessary, to reflect additional

information or to seek a protective order, and objects to Instruction No. 14 to the extent it

purports to impose obligations on U.S. Bank beyond Rule 26(e).

12.     U.S. Bank incorporates by reference the objections of any party to the same or

similar Requests, as well as its objections to NexPoint's First Request for Production, NexPoint's

Second Request for Production and the DAF Defendants' First Request for Production.

13.     U.S. Bank objects to the Requests to the extent they are untimely under the First

Amended Civil Case Management Plan and Scheduling Order, submitted to the Court on July 10,

2023 (ECF No. 156), and so ordered on July 12, 2023 (ECF No. 159) (the "Scheduling Order"),

pursuant to which, *inter alia*, the deadline for serving requests for production was July 6, 2023

(*id.* ¶ 7.b), provided, however, that parties may serve additional requests for production by July

21, 2023, "provided such discovery requests concern any new matters, allegations, or claims

raised by the any party's amended pleading served after April 14, 2023" (*id.* ¶ 7.g).

14.     Copies of additional documents responsive to the Requests, if any, will be

produced by U.S. Bank at a mutually convenient time and place and on a rolling basis.

15.     U.S. Bank reserves all of its objections as to the admissibility, relevancy,

materiality or other objections to any of the documents and information produced.

16.     Counsel for U.S. Bank is willing to meet and confer with counsel for the DAF

Defendants concerning these responses and objections for the purpose of resolving disputes

without the need for intervention by the Court.

### OBJECTIONS TO INSTRUCTIONS, RULES OF CONSTRUCTION AND DEFINITIONS

1.     U.S. Bank objects to Instruction No. 4 as overbroad and unduly burdensome to

the extent it purports to define as within U.S. Bank's possession, custody or control, documents

and communications in the possession, custody and control of "any spouses, agents, employees,

officer, directors, shareholders, partners, general partners, legal representatives, predecessors, successors, children, heirs and assigns." U.S. Bank will produce documents and information in the actual possession, custody and control of it and its present officers, directors, employees, affiliates, subsidiaries, partners, general partners and parent companies that have been identified pursuant to U.S. Bank's reasonably diligent search.

2.      U.S. Bank objects to Instruction No. 6 as unduly burdensome and to the extent it purports to impose obligations on it beyond those contained in the Applicable Rules, and will not produce a "lost documents log."

3.      U.S. Bank objects to Instruction No. 7 as unduly burdensome, vague and ambiguous and to the extent it purports to impose obligations on it beyond those contained in the Applicable Rules. U.S. Bank will produce documents as they are maintained in the ordinary course and will not otherwise "clearly designate[] [them] so as to reflect their source, owner, and/or custodian."

4.      U.S. Bank objects to Instruction No. 8 as unduly burdensome, vague and ambiguous and to the extent it purports to impose obligations on it beyond those contained in the Applicable Rules to the extent it requests "explanations" together with the production of documents.

5.      U.S. Bank objects to Instruction No. 9 to the extent it purports to require the production of a privilege log with a document-by-document listing of documents or communications protected by the attorney-client privilege, work-product doctrine, the common interest privilege or the joint defense privilege or otherwise protected from disclosure. *See* Local Rule 26.2(c).

6.      U.S. Bank objects to the time period purported to be covered by the Requests

("January 1, 2014, to Present") (*see* Rule of Construction No. 1) as overbroad and unduly

burdensome.  Unless otherwise stated in response to a Request, U.S. Bank has produced

documents and information for the period June 1, 2020 to March 30, 2023, consistent with the

time periods set out in U.S. Bank's responses and objections to Defendants' Requests for

Production.

       7.     U.S. Bank objects to Rule of Construction No. 7 and the Definitions as

overbroad and unduly burdensome to the extent they seek to impose obligations on U.S. Bank

beyond those in the Applicable Rules insofar as an "entity" is defined to include its "past

officers, directors, employees, agents, affiliates, subsidiaries, owners, partners, general partners,

shareholders, representatives, attorneys, predecessors, successors, assigns, related entities, parent

companies, and/or any other person(s) acting on behalf of such entity" and its present "agents,

owners, shareholders, representatives, attorneys, predecessors, successors, assigns, related

entities, and/or any other person(s) acting on behalf of such entity."  U.S. Bank will interpret an

"entity" to mean it and its present officers, directors, employees, affiliates, subsidiaries, partners,

general partners and parent companies.

       8.     U.S. Bank objects to Definition No. 3 ("You" or "Your") as overbroad and

unduly burdensome to the extent they include "any predecessor, successor, assignee, or assignor

of the foregoing, as well as any of their respective affiliates, subsidiaries, agents, employees,

partners, managers, members, lawyers, representatives, and any other person acting on their

behalf."  U.S. Bank will interpret "You" or "Your" to mean U.S. Bank National Association, in

its capacity as trustee.

       9.     U.S. Bank objects to Definition No. 6 ("HCLOF") to the extent it includes its

representatives.

10.     U.S. Bank objects to Definition No. 18 ("ACIS CLO 4") to the extent it includes "any of its officers, directors, employees, parents, subsidiaries, affiliates, business units, segments, or divisions, and any person or entity acting or purporting to act on behalf of it or any of the foregoing."  U.S. Bank will interpret "ACIS CLO 4" to mean Acis CLO 2014-4 Ltd. and Acis CLO 2014-4 LLC.

11.     U.S. Bank objects to Definition No. 19 ("ACIS CLO 5") to the extent it includes "any of its officers, directors, employees, parents, subsidiaries, affiliates, business units, segments, or divisions, and any person or entity acting or purporting to act on behalf of it or any of the foregoing."  U.S. Bank will interpret "ACIS CLO 5" to mean Acis CLO 2014-5 Ltd. and Acis CLO 2014-5 LLC.

12.     U.S. Bank objects to Definition No. 20 ("ACIS CLO 6") to the extent it includes "any of its officers, directors, employees, parents, subsidiaries, affiliates, business units, segments, or divisions, and any person or entity acting or purporting to act on behalf of it or any of the foregoing."  U.S. Bank will interpret "ACIS CLO 6" to mean Acis CLO 2015-6 Ltd. and Acis CLO 2015-6 LLC.

13.     U.S. Bank objects to Definition No. 26 ("Communication") to the extent it is broader than the uniform definition of "communication" in Local Rule 26.3(c)(1).

14.     U.S. Bank objects to Definition No. 27 ("Document" and "Documents") to the extent they are broader than the uniform definition of "document" in Local Rule 26.3(c)(2).

15.     U.S. Bank objects to Definitions No. 28 ("Electronically Stored Information" and "ESI") to the extent they are broader than the definition in Rule 34(a)(1)(A).

16.     U.S. Bank objects to Definition No. 30 ("Concerning") to the extent it is broader than the uniform definition of "concerning" in Local Rule 26.3(c)(7).

17.     U.S. Bank objects to Definition No. 31 ("Reserves" or "withholdings") as vague and ambiguous and calling for a legal conclusion and interprets that term to mean funds reserved to secure the indemnification rights of the trustee and portfolio manager with respect to claims and actions that may be taken against them with respect to the Acis CLOs.

### SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving any of the foregoing General Objections, which are incorporated by reference into each of the following Specific Responses and Objections, U.S. Bank responds and objects to the specific Requests as follows:

### REQUEST FOR PRODUCTION NO. 1:

All documents and communications concerning:

a.     The withholding of any funds from the proceeds of the redemption of the Acis Notes;

b.     Any demand by HCLOF to ACM, US Bank, or the Acis CLOs requesting the distribution of the proceeds of the redemption of the Acis Notes;

c.     Any notice(s) of default issued by HCLOF to ACM, US Bank, or the Acis CLOs related to the Acis Notes;

d.     Any and all indemnification to which You contend in this Lawsuit You are entitled, including but not limited to under the terms of any investment advisory agreement, trustee agreement, the Indentures, the PMAs, or any other agreement relating in any way to the Acis CLOs or Acis Notes;

e.     Valuation of the Acis CLOs; and/or

f.     The Reserves relating to the Acis CLOs;

g.     The Members' Agreement;

h.     The 2021 Agreement; and/or

i.     The 2023 Agreement

**RESPONSE AND OBJECTION TO REQUEST NO. 1:**

        U.S. Bank objects to subparts a, b, c, d, e, f, h and i to this Request on the grounds that they are untimely and violate the Scheduling Order because they do not concern any new matters, allegations or claims raised by any party's amended pleading served after April 14, 2023. U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and, with the exception to subpart g, duplicative of other Requests. *See, e.g.,* Requests 1, 3, 6, 7, 18, 19, 21, 26, 32, 33, 41, 42, 46, 47, 48, 51, 57 and 61 of NexPoint's First Request for Production and Requests 3, 4, 5, 6, 7, 14, 15, 16, 17, 18, 19, 20, 24, 25, 26, 27, 28, 29, 37, 38 and 47 of the DAF Defendants' First Request for Production and U.S. Bank's responses and objections thereto, which are incorporated by reference herein. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues. U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

        Subject to and without waiving this objection and the General Objections, U.S. Bank has no non-privileged documents and communications responsive to subpart g and otherwise refers the DAF Defendants to non-privileged documents, if any, produced in response to the aforementioned duplicative Requests. U.S. Bank will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

   All documents and communications concerning:

  a.  All attorneys' fees and expenses incurred by You for which Reserves have been applied or will be paid, including quantification(s) of the same; and/or

  b.  All attorneys' fees and expenses incurred by You for which you seek recovery from CLOH or DAF pursuant to § 6 of the 2023 Agreement.

**RESPONSE AND OBJECTION TO REQUEST NO. 2:**

   U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and duplicative of other Requests.  *See, e.g.,* Requests 21, 22, 26, 29, 30, 33, 39, 40, 54, 60 and 64 of NexPoint's First Request for Production and Requests 30, 31, 32 and 33 of the DAF Defendants' First Request for Production and U.S. Bank's responses and objections thereto, which are incorporated by reference herein.  U.S. Bank also objects that the Request is in the nature of a contention interrogatory which is not permitted at this stage of the litigation under the Local Rules.  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

   Subject to and without waiving this objection and the General Objections, U.S. Bank refers the DAF Defendants to non-privileged documents, if any, produced in response to

the aforementioned duplicative Requests.  U.S. Bank will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

      All documents concerning management fees and/or expenses for which Reserves have been or will be applied or paid, including quantification(s) of the same.

**RESPONSE AND OBJECTION TO REQUEST NO. 3:**

      U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and duplicative of other Requests.  *See, e.g.,* Requests 11, 21, 22, 26, 30, 33, 39, 40, 54, 60 and 64 of NexPoint's First Request for Production and Requests 30, 31, 32 and 33 of the DAF Defendants' First Request for Production and U.S. Bank's responses and objections thereto, which are incorporated by reference herein.  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

      Subject to and without waiving this objection and the General Objections, U.S. Bank refers the DAF Defendants to non-privileged documents, if any, produced in response to the aforementioned duplicative Requests.  U.S. Bank will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

   All documents concerning trustee fees and/or expenses for which Reserves have been or will be applied or paid, including quantification(s) of the same.

**RESPONSE AND OBJECTION TO REQUEST NO. 4:**

   U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and duplicative of other Requests.  *See, e.g.,* Requests 21, 22, 26, 30, 33, 39, 40, 54 and 60 of NexPoint's First Request for Production and Requests 30, 31, 32 and 33 of the DAF Defendants' First Request for Production and U.S. Bank's responses and objections thereto, which are incorporated by reference herein.  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

   Subject to and without waiving this objection and the General Objections, U.S. Bank refers the DAF Defendants to documents produced in response to the aforementioned duplicative Requests.  U.S. Bank will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

   All documents concerning any and all other costs, fees, and expenses for which Reserves have been or will be applied or paid, including quantification(s) of the same.

**RESPONSE AND OBJECTION TO REQUEST NO. 5:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and duplicative of other Requests. *See, e.g.,* Requests 11, 21, 22, 26, 30, 33, 39, 40, 54, 60 and 64 of NexPoint's First Request for Production and U.S. Bank's responses and objections thereto, which are incorporated by reference herein. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues. U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers the DAF Defendants to documents produced in response to the aforementioned duplicative Requests. U.S. Bank will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All documents concerning the amount(s), valuation(s), asset value(s), investment, redemption, handling, distribution, and/or payment(s) regarding the Acis Notes, including but not limited to any proceeds, expenses, fees, Reserves, and/or withholdings from, derived from, or relating to the Acis Notes and/or the ACIS CLOs.

**RESPONSE AND OBJECTION TO REQUEST NO. 6:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and duplicative of other Requests.  *See, e.g.,* Requests 1, 3, 4, 5, 6, 7, 12, 13 and 53 of NexPoint's First Request for Production, Request 2 of NexPoint's Second Request for Production, and Requests 35, 36 and 37 of the DAF Defendants' First Request for Production and U.S. Bank's responses and objections thereto, which are incorporated by reference herein.  U.S. Bank also objects that the terms "handling" and "distribution" regarding the Acis Notes is vague and ambiguous.  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers the DAF Defendants to documents produced in response to the aforementioned duplicative Requests.  U.S. Bank will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All documents concerning any of the following in regard to funds obtained and or derived from redemption of the Acis Notes:

      a.      The amount of the funds withheld;

b.  How those funds have been used and applied;

c.  What percentage and amount of the funds have been used for attorneys' fees and expenses incurred by You for any matter, and any documents reflecting the allocation by matter;

d.  Each time funds were withheld and the amount withheld; and/or

e.  The amount of funds withheld pursuant to the 2023 Agreement and any documents reflecting the alleged justification for withholding such funds.

## RESPONSE AND OBJECTION TO REQUEST NO. 7:

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and duplicative of other Requests.  *See, e.g.,* Requests 19, 12, 21, 22, 26, 29, 30, 33, 40, 48, 54, 57, 60 and 61 of NexPoint's First Request for Production and Requests 3, 4, 5, 6, 7, 29, 30, 31, 32, 33 and 47 of the DAF Defendants' First Request for Production and U.S. Bank's responses and objections thereto, which are incorporated by reference herein; *see also* Requests 1(a), 2, 4, 6, 9, 22, 23(f), 24, 33(b), 34(b) and 35(b).  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers the DAF Defendants to non-privileged documents, if any, produced in response to

the aforementioned duplicative Requests.  U.S. Bank will not produce additional documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 8:

All documents that form any basis for Your contention that You are entitled to withhold funds which otherwise would be distributed to CLOH.

## RESPONSE AND OBJECTION TO REQUEST NO. 8:

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and duplicative of other Requests.  *See, e.g.,* Requests 19, 26, 57 and 61 of NexPoint's First Request for Production and Requests 3, 4, 5, 6 and 7 of the DAF Defendants' First Request for Production and U.S. Bank's responses and objections thereto, which are incorporated by reference herein; *see also* Requests 1 and 9.  U.S. Bank also objects that the Request is in the nature of a contention interrogatory which is not permitted at this stage of the litigation under the Local Rules.  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers the DAF Defendants to non-privileged documents, if any, produced in response to

the aforementioned duplicative Requests.  U.S. Bank will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

       All documents concerning any communications regarding withholding funds which otherwise would be distributed to HCLOF or CLOH regarding the Acis CLOs.

**RESPONSE AND OBJECTION TO REQUEST NO. 9:**

       U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and duplicative of other Requests.  *See, e.g.,* Requests 19, 26, 57 and 61 of NexPoint's First Request for Production and Requests 3, 4, 5, 6, 7 and 47 of the DAF Defendants' First Request for Production and U.S. Bank's responses and objections thereto, which are incorporated by reference herein; *see also* Requests 1, 6 and 8.  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

       Subject to and without waiving this objection and the General Objections, U.S. Bank refers the DAF Defendants to non-privileged documents, if any, produced in response to the aforementioned duplicative Requests.  U.S. Bank will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications concerning the Guernsey Proceedings and/or Judge Jernigan's rulings concerning the same.

**RESPONSE AND OBJECTION TO REQUEST NO. 10:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues. U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All drafts and copies of the Members Agreement and all documents reflecting when You received the same.

**RESPONSE AND OBJECTION TO REQUEST NO. 11:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank has no non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All documents reflecting any communications regarding the Members Agreement and all documents reflecting any analysis of its subject matter.

**RESPONSE AND OBJECTION TO REQUEST NO. 12:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All documents concerning the status, performance, and/or disposition of any and/or all of the Acis Notes and/or the Acis CLOs, including but not limited to internal and/or external reports.

**RESPONSE AND OBJECTION TO REQUEST NO. 13:**

U.S. Bank objects to this Request on the grounds that it is duplicative of other Requests (*see, e.g.*, Request 6) and repeats and incorporates by reference its Responses and Objections to that Request.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications concerning HCLOF's liquidation status and decision to wind-up its business affairs.

**RESPONSE AND OBJECTION TO REQUEST NO. 14:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and duplicative of other Requests.  *See, e.g.,* Requests 53 and 56 of NexPoint's First Request for Production and Requests 35 and 37 of the DAF Defendants' First Request for Production and U.S. Bank's responses and objections thereto, which are incorporated by reference herein; *see also* Requests 6 and 7.  U.S. Bank also objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers the DAF Defendants to non-privileged documents, if any, produced in response to the aforementioned Requests.  U.S. Bank will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications concerning actual or contemplated actions taken to collect attorneys' fees from DAF, CLOH and/or NexPoint, as referenced in § 6 of the 2023 Agreement.

**RESPONSE AND OBJECTION TO REQUEST NO. 15:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by

any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All documents reflecting the basis upon which You claim the right to collect attorneys' fees from DAF, CLOH and/or NexPoint, as referenced in § 6 of the 2023 Agreement.

**RESPONSE AND OBJECTION TO REQUEST NO. 16:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications concerning any contention that James Dondero currently controls DAF and/or CLOH.

**RESPONSE AND OBJECTION TO REQUEST NO. 17:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and duplicative of other Requests.  *See, e.g.,* Request 1 of the DAF Defendants' First Request for Production and U.S. Bank's response and objection thereto, which are incorporated by reference herein.  U.S. Bank also objects that the Request is in the nature of a contention interrogatory which is not permitted at this stage of the litigation under the Local Rules.  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers the DAF Defendants to non-privileged documents, if any, produced in response to the aforementioned duplicative Requests.  U.S. Bank will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications concerning any actual or contemplated offer to purchase CLOH's shareholder interests in HCLOF, in whole or in part.

**RESPONSE AND OBJECTION TO REQUEST NO. 18:**

        U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

        Subject to and without waiving this objection and the General Objections, U.S. Bank has no non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

        All documents and communications concerning:

    a.      the 2019 Lawsuit;

    b.      the 2020 Lawsuit; and/or

    c.      The Guernsey Proceedings.

**RESPONSE AND OBJECTION TO REQUEST NO. 19:**

        U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and duplicative of other Requests.  *See, e.g.,* Requests 19, 21, 27, 32, 33, 41, 47, 48, 51 and 60 of NexPoint's First

Request for Production and Requests 53, 54, 55 and 56 of the DAF Defendants' First Request for Production and U.S. Bank's responses and objections thereto, which are incorporated by reference herein; *see also* Request 10.  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers the DAF Defendants to non-privileged documents, if any, produced in response to the aforementioned duplicative Requests. U.S. Bank will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications concerning the Kirschner Litigation.

**RESPONSE AND OBJECTION TO REQUEST NO. 20:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank has no non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications constituting and/or reflecting any demand from HCLOF to You regarding or reflecting the exercise of the optional redemption of any and/or all of the Acis Notes.

**RESPONSE AND OBJECTION TO REQUEST NO. 21:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and duplicative of other Requests.  *See, e.g.,* Requests 41 and 56 of NexPoint's First Request for Production and Requests 35 and 37 of the DAF Defendants' First Request for Production and U.S. Bank's responses and objections thereto, which are incorporated by reference herein; *see also* Request 1.  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers the DAF Defendants to non-privileged documents, if any, produced in response to the aforementioned duplicative Requests.  U.S. Bank will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All other documents concerning the current amount of funds that have been withheld from the proceeds of the redemption of any and/or all of the Acis Notes.

**RESPONSE AND OBJECTION TO REQUEST NO. 22:**

U.S. Bank objects to this Request on the grounds that it is duplicative of Request

7 and repeats and incorporates by reference its Response and Objection to Request 7.

**REQUEST FOR PRODUCTION NO. 23:**

All documents concerning Your policies and procedures applicable to the Acis CLOs
or the Acis Notes for:

a.      compliance with federal and/or state regulations, such as the Advisers Act of
         1940;

b.      selecting, identifying, and executing trades on behalf of advised or managed
         funds such as Acis Notes;

c.      complying with the Collateral Quality Tests;

d.      making distributions;

e.      defining and complying with best execution obligations;

f.      withholding funds from distribution;

g.      calculating fees based upon assets under management;

h.      calculating the value of a fund and/or assessing Net Asset Value for non-
         public securities; and/or

i.      complying with indenture and other contractual parameters.

**RESPONSE AND OBJECTION TO REQUEST NO. 23:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates

the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by

any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this

Request on the grounds that it is overbroad, unduly burdensome and duplicative of other

Requests.  *See* Request 63 of NexPoint's First Request for Production and U.S. Bank's response

and objection thereto, which are incorporated by reference herein.  U.S. Bank further objects that

the burden or expense of responding to this Request would be disproportionate to the likely

benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.   U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank states that it appears that this Request is directed to ACM and its policies and procedures, and that U.S. Bank has no non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All documents concerning payments of fees and/or expenses to ACM, Terry, and/or US Bank prior to July of 2021 relating to the Acis CLOs.

**RESPONSE AND OBJECTION TO REQUEST NO. 24:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and duplicative of other Requests.  *See, e.g.,* Requests 11, 21, 22, 26, 30, 33, 39, 40, 54, 60 and 64 of NexPoint's First Request for Production and Requests 30, 31, 32 and 33 of the DAF Defendants' First Request for Production and U.S. Bank's responses and objections thereto, which are incorporated by reference herein; *see also* Request 3.  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims,

defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers the DAF Defendants to non-privileged documents, if any, produced in response to the aforementioned duplicative Requests.  U.S. Bank will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All documents concerning the results of any inspection, audit, review, or investigation into Your compliance, whether with (i) applicable laws and regulations, (ii) internal policies and procedures, (iii) contractual requirements, whether in general or specifically with respect to the Acis Notes and/or the Acis CLOs, (iv) asset valuation, (v) performance under the Collateral Quality Tests, and/or (vi) performance under any other relevant metrics relating to the Acis CLOs.

**RESPONSE AND OBJECTION TO REQUEST NO. 25:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and duplicative of other Requests.  *See, e.g.,* Requests 48 and 65 of NexPoint's First Request for Production and U.S. Bank's responses and objections thereto, which are incorporated by reference herein.  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers the DAF Defendants to non-privileged documents, if any, produced in response to the aforementioned duplicative Requests.  U.S. Bank will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All Note Valuation Reports, Monthly Reports, Redemption Reports, Post-Redemption Reports, Payment Reports, Generic Reports, Intra-Period Reports, or other similar reports prepared by US Bank for the Acis CLOs from January 1, 2014, to Present that have not been produced to date.

**RESPONSE AND OBJECTION TO REQUEST NO. 26:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and duplicative of other Requests.  *See, e.g.,* Requests 12 and 13 of NexPoint's First Request for Production and Request 2 of NexPoint's Second Request for Production and U.S. Bank's responses and objections thereto, which are incorporated by reference herein.  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers the DAF Defendants to non-privileged documents, if any, produced in response to

the aforementioned duplicative Requests.  U.S. Bank will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All board resolutions concerning the Acis CLOs, the Acis Notes, the 2021 Agreement, or the 2023 Agreement.

**RESPONSE AND OBJECTION TO REQUEST NO. 27:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome, that the term "board resolutions" is undefined, vague and ambiguous, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank further objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank states that it appears that this Request is directed to ACM and its "board resolutions" and that U.S. Bank has no non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All Administration Agreements referred to in each of the Indentures.

**RESPONSE AND OBJECTION TO REQUEST NO. 28:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by

any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this

Request on the grounds that it is overbroad, unduly burdensome and duplicative of other

Requests.  *See, e.g.*, Request 10 of NexPoint's Second Request for Production and U.S. Bank's

response and objection thereto, which is incorporated by reference herein.  U.S. Bank further

objects that the burden or expense of responding to this Request would be disproportionate to the

likely benefit, taking into account the amount in controversy, the resources of the parties, the

importance of the issues in the litigation and the importance of the discovery in resolving the

issues.  U.S. Bank further objects to the Request to the extent that it calls for information that is

neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated

to lead to the discovery of admissible evidence.

    Subject to and without waiving this objection and the General Objections, U.S.

Bank has produced the closing transaction binders for the Acis CLOs, which includes copies of

the Administration Agreements for the Acis CLOs.  U.S. Bank will not produce additional

documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 29:

    All communications with, and data provided to, ratings agencies concerning the Acis
CLOs and/or the Acis Notes.

## RESPONSE AND OBJECTION TO REQUEST NO. 29:

    U.S. Bank objects to this Request on the grounds that it is untimely and violates

the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by

any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this

Request on the grounds that it is overbroad, unduly burdensome and calls for information that is

neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated

to lead to the discovery of admissible evidence.  U.S. Bank further objects that this Request is

more properly directed to ACM and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

Any documents concerning the purported continuing need for management of the Acis CLOs after the optional redemption of the Acis Notes.

**RESPONSE AND OBJECTION TO REQUEST NO. 30:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome, that the term "continuing need for management" is vague and ambiguous, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 31:**

Any documents that show the purported justification for the continuing management, trustee, professional, and/or other fees concerning the Acis CLOs after the optional redemption of the Acis Notes.

**RESPONSE AND OBJECTION TO REQUEST NO. 31:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome, that the term "justification for the continuing management" is vague and ambiguous and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues. U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All joint defense agreements or common-interest agreements between one or more of the following persons or entities:

a.   US Bank;

b.   HCLOF;

c.   ACM;

d.   Terry;

e.      HCM;

f.      Brigade; and/or

g.      Seery.

**RESPONSE AND OBJECTION TO REQUEST NO. 32:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank further objects to the Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the common interest privilege or the joint defense privilege.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

All documents and communications between You and HCLOF concerning any of the following topics:

a.      Reserves;

b.      Withheld funds from the redemptions;

c.      The Members Agreement;

d.      The Guernsey Proceedings;

e.      CLOH's interest in HCLOF;

    f.       The 2019 Lawsuit;

    g.       The 2020 Lawsuit;

    h.       The 2021 Agreement;

    i.       The 2023 Agreement;

    j.       The Counterclaims;

    k.       Your claims in this Lawsuit;

    l.       The Kirschner Litigation;

    m.       The NexPoint Lawsuit;

    n.       Your attorneys' fees;

    o.       This Lawsuit;

    p.       Your defenses in this Lawsuit;

**RESPONSE AND OBJECTION TO REQUEST NO. 33:**

           U.S. Bank objects to subparts a, b, d, e, f, g, h, i, j, k, m, n, o and p to this Request on the grounds that they are untimely and violate the Scheduling Order because they do not relate to any new matters, allegations or claims raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and duplicative of other Requests.  *See, e.g.,* Requests 21, 41, 56 and 61 of NexPoint's First Request for Production and Requests 6, 7 and 29 of the DAF Defendants' First Request for Production and U.S. Bank's responses and objections thereto, which are incorporated by reference herein; *see also* Requests 1, 2, 10, 11, 12, 15 and 20.  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls

for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank has no non-privileged documents responsive to subparts c and l, and otherwise refers the DAF Defendants to non-privileged documents, if any, produced in response to the aforementioned duplicative Requests.  U.S. Bank will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

All documents and communications between You and HCM concerning any of the following topics:

a.      Reserves;

b.      Withheld funds from the redemptions;

c.      The Members Agreement;

d.      The Guernsey Proceedings;

e.      CLOH's interest in HCLOF;

f.      The 2019 Lawsuit;

g.      The 2020 Lawsuit;

h.      The 2021 Agreement;

i.      The 2023 Agreement;

j.      The Counterclaims;

k.      Your claims in this Lawsuit;

l.      The Kirschner Litigation;

m.      The NexPoint Lawsuit;

n.      Your attorneys' fees;

o.      This Lawsuit;

p.      Your defenses in this Lawsuit;

**RESPONSE AND OBJECTION TO REQUEST NO. 34:**

U.S. Bank objects to subparts a, b, d, e, f, g, h, i, j, k, m, n, o and p to this Request

on the grounds that they are untimely and violate the Scheduling Order because they do not

relate to any new matters, allegations or claims raised by any party's amended pleading served

after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is

overbroad, unduly burdensome and duplicative of other Requests.  *See, e.g.,* Requests 41, 56 and

61 of NexPoint's First Request for Production and Requests 8, 9, 10, 11, 12, 15, 16, 19, 25, 27,

53, 54, 55 and 56 of the DAF Defendants' First Request for Production and U.S. Bank's

responses and objections thereto, which are incorporated by reference herein; *see also* Requests

1, 2, 10, 11, 12, 15 and 20.  U.S. Bank further objects that the burden or expense of responding to

this Request would be disproportionate to the likely benefit, taking into account the amount in

controversy, the resources of the parties, the importance of the issues in the litigation and the

importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the

extent that it calls for information that is neither relevant to the claims, defenses or subject matter

of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S.

Bank has no non-privileged documents responsive to subparts c and l, and otherwise refers the

DAF Defendants to non-privileged documents, if any, produced in response to the

aforementioned duplicative Requests.  U.S. Bank will not produce additional documents in

response to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and communications between You and Seery concerning any of the
following topics:

a.      Reserves;

b.      Withheld funds from the redemptions;

c.      The Members Agreement;

d.      The Guernsey Proceedings;

e.      CLOH's interest in HCLOF;

f.      The 2019 Lawsuit;

g.      The 2020 Lawsuit;

h.      The 2021 Agreement;

i.      The 2023 Agreement;

j.      The Counterclaims;

k.      Your claims in this Lawsuit;

l.      The Kirschner Litigation;

m.      The NexPoint Lawsuit;

n.      Your attorneys' fees;

o.      This Lawsuit;

p.      Your defenses in this Lawsuit;

**RESPONSE AND OBJECTION TO REQUEST NO. 35:**

U.S. Bank objects to subparts a, b, d, e, f, g, h, i, j, k, m, n, o and p to this Request on the grounds that they are untimely and violate the Scheduling Order because they do not relate to any new matters, allegations or claims raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad, unduly burdensome and duplicative of other Requests.  *See, e.g.*, Requests 41 and 61 of NexPoint's First Request for Production and Requests 8, 9, 10, 11, 12, 15, 16, 19, 26, 28, 53, 55 and 56 of the DAF Defendants' First Request for Production and U.S. Bank's responses and objections thereto, which are incorporated by reference herein; *see also* Request 1, 2, 10, 11, 12,

15 and 20.  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank has no non-privileged documents responsive to subparts c and l, and otherwise refers the DAF Defendants to non-privileged documents and communications, if any, produced in response to the aforementioned duplicative Requests.  U.S. Bank will not produce additional documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

All documents You intend to rely on in support of your factual and/or legal defenses in this Lawsuit.

**RESPONSE AND OBJECTION TO REQUEST NO. 36:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is premature, insofar as U.S. Bank has not yet decided what documents it intends or expects to rely upon in support of its factual and/or legal defenses in this Lawsuit, and purports to impose obligations beyond those imposed by Applicable Rules.  U.S. Bank further objects to this Request on the grounds that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the

importance of the discovery in resolving the issues.  U.S. Bank also objects to this Request to the

extent that it seeks information (a) protected from disclosure by the attorney-client privilege, the

attorney work-product doctrine, the common interest privilege or the joint defense privilege or

otherwise protected from disclosure by any other privilege, statute, rule, regulation or common

law principle, or (b) that was prepared, generated or received in anticipation of litigation.  U.S.

Bank will comply with its obligations pursuant to the Applicable Rules and the orders of this

Court.  Accordingly, U.S. Bank reserves the right to supplement this response as discovery

progresses.

**REQUEST FOR PRODUCTION NO. 37:**

> All documents that form any basis for, support, and/or otherwise concerning any
and/or all of Your factual, legal, or affirmative defenses to any and/or all of the Counterclaims.

**RESPONSE AND OBJECTION TO REQUEST NO. 37:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates

the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by

any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this

Request on the grounds that it is premature and purports to impose obligations beyond those

imposed by Applicable Rules.  U.S. Bank further objects to this Request on the grounds that the

burden or expense of responding to this Request would be disproportionate to the likely benefit,

taking into account the amount in controversy, the resources of the parties, the importance of the

issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank

also objects to this Request to the extent that it seeks information (a) protected from disclosure

by the attorney-client privilege, the attorney work-product doctrine, the common interest

privilege or the joint defense privilege or otherwise protected from disclosure by any other

privilege, statute, rule, regulation or common law principle, or (b) that was prepared, generated

or received in anticipation of litigation.  U.S. Bank will comply with its obligations pursuant to the Applicable Rules and the orders of this Court.  Accordingly, U.S. Bank reserves the right to supplement this response as discovery progresses.

**REQUEST FOR PRODUCTION NO. 38:**

All documents You intend to rely on in support of any and all dispositive motions You intend to file in this Lawsuit.

**RESPONSE AND OBJECTION TO REQUEST NO. 38:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is premature, insofar as U.S. Bank has not yet decided what documents it intends or expects to rely upon in support of its dispositive motions in this Lawsuit, and purports to impose obligations beyond those imposed by Applicable Rules.  U.S. Bank further objects to this Request on the grounds that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to this Request to the extent that it seeks information (a) protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege or the joint defense privilege or otherwise protected from disclosure by any other privilege, statute, rule, regulation or common law principle, or (b) that was prepared, generated or received in anticipation of litigation.  U.S. Bank will comply with its obligations pursuant to the Applicable Rules and the orders of this Court.  Accordingly, U.S. Bank reserves the right to supplement this response as discovery progresses.

42

**REQUEST FOR PRODUCTION NO. 39:**

All documents You intend to rely on, offer, or use at trial and/or any hearing in this Lawsuit.

**RESPONSE AND OBJECTION TO REQUEST NO. 39:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is premature, insofar as U.S. Bank has not yet decided what documents it intends or expects to rely upon or seek to introduce at any trial or hearing in this Lawsuit, and purports to impose obligations beyond those imposed by Applicable Rules.  U.S. Bank further objects to this Request on the grounds that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to this Request to the extent that it seeks information (a) protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege or the joint defense privilege or otherwise protected from disclosure by any other privilege, statute, rule, regulation or common law principle, or (b) that was prepared, generated or received in anticipation of litigation.  U.S. Bank will comply with its obligations regarding the disclosure and exchange of trial exhibits pursuant to the Applicable Rules and the orders of this Court.  Accordingly, U.S. Bank reserves the right to supplement this response as discovery progresses.

**REQUEST FOR PRODUCTION NO. 40:**

All documents which form any basis for Your denial of one or more of the below Requests for Admission.

**RESPONSE AND OBJECTION TO REQUEST NO. 40:**

   U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request on the grounds that it is overbroad and unduly burdensome.  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank also objects to the Request to the extent that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

   Subject to and without waiving this objection and its General Objections, U.S. refers to documents, if any, identified in its responses and objections to the Requests for Admission.

Dated: August 21, 2023
New York, New York

SEWARD & KISSEL, LLP
By: */s/ Mark D. Kotwick*
Mark D. Kotwick
Thomas Ross Hooper
Julie J. Hong
One Battery Park Plaza
New York, NY 10004
(212) 574-1200
kotwick@sewkis.com
hooper@sewkis.com
hong@sewkis.com

*Attorneys for Plaintiff U.S. Bank National
Association, in its capacity as Trustee*

SK 03687 1471 10767548

45

## CERTIFICATE OF SERVICE

I, Julie J. Hong, certify that on August 21, 2023, I caused a true and correct copy of the

foregoing *Responses and Objections of Plaintiff U.S. Bank National Association to*

*Defendants/Counter-Plaintiffs The Charitable Donor Advised Fund, L.P. and CLOH Holdco,*

*Ltd.'s Second Request for Production* to be served via e-mail on:

**PARSONS MCENTIRE MCCLEARY PLLC**
Sawnie A. McEntire
1700 Pacific Ave., Suite 4400
Dallas, TX 75201
Tel: (214) 237-4300
smcentire@pmmlaw.com

Roger L. McCleary
One Riverway, Suite 1800
Houston, TX 77056
Tel: (713) 960-7315
rmccleary@pmmlaw.com

**GLENN AGRE BERGMAN & FUENTES LLP**
Lindsey R. Skibell
Jewel K. Tewiah
1185 Avenue of the Americas
New York, NY 10036
Tel: (212) 358-5600
rskibell@glennagre.com
jtewiah@glennagre.com

Dated: New York, New York
      August 21, 2023

By: /s/ *Julie J. Hong*_____
    Julie J. Hong