# EXHIBIT 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK NATIONAL ASSOCIATION, in its
capacity as Trustee, JOSHUA N. TERRY AND
ACIS CAPITAL MANAGEMENT, L.P.,

       *Plaintiffs*,

    v.

THE CHARITABLE DONOR ADVISED FUND,
L.P., CLO HOLDCO LTD. AND NEXPOINT
DIVERSIFIED REAL ESTATE TRUST,

       *Defendants*.

Case No. 1:21-cv-11059 (GHW)

**RESPONSES AND OBJECTIONS OF PLAINTIFF U.S. BANK
NATIONAL ASSOCIATION TO DEFENDANTS/COUNTER-PLAINTIFFS THE
CHARITABLE DONOR ADVISED FUND, L.P. AND CLO HOLDCO, LTD.'S
FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal

Rules"), Plaintiff U.S. Bank National Association, solely in its capacity as Trustee ("U.S.

Bank"), by and through its undersigned counsel, hereby responds to Defendants/Counterclaim-

Plaintiffs Charitable DAF Fund, L.P. a/k/a The Charitable Donor Advised Fund, L.P.'s ("DAF")

and CLO HoldCo, Ltd.'s ("CLOH") (collectively, the "DAF Defendants" or the "DAF Parties")

First Set of Interrogatories, dated July 21, 2023 (the "Interrogatories," and each, an

"Interrogatory").

**GENERAL OBJECTIONS**

1.     U.S. Bank objects to the Interrogatories, including the Definitions, Rules of

Construction and Instructions, to the extent they purport to impose obligations on it beyond those

contained in the Federal Rules, the Local Rules for the United States District Court for the

Southern District of New York (the "Local Rules") or any other applicable rules, laws or court

order (collectively, the "Applicable Rules").

2.       U.S. Bank objects to the Interrogatories to the extent they exceed the proper

scope of interrogatories set forth in Local Rule 33.3(b), which provides that "[d]uring discovery,

interrogatories other than those seeking information described in paragraph (a) above[1] may only

be served (1) *if they are a more practical method of obtaining the information sought than a*

*request for production or a deposition*, or (2) if ordered by the Court."  Local Rule 33.3(b)

(emphasis added).  In this action, U.S. Bank has produced, or is producing, documents in

response to NexPoint Diversified Real Estate Trust's ("NexPoint") First Request for Production

to Each of the Plaintiffs/Counter-Defendants, dated April 4, 2023 ("NexPoint's First Request for

Production"), NexPoint's Second Request for Production to Each of Plaintiffs/Counter-

Defendants, dated June 13, 2023 ("NexPoint's Second Request for Production"), the DAF

Defendants' First Set of Requests for Production to Plaintiff/Counter-Defendant U.S. Bank,

dated April 14, 2023 ("DAF Defendants' First Request for Production"), and the DAF

Defendants' Second Set of Requests for Production, dated July 21, 2023 ("DAF Defendants'

Second Request for Production," together with NexPoint's First and Second Requests for

Production and the DAF Defendants' First Request for Production, "Defendants' Requests for

Production"), and, moreover, both the DAF Defendants and Nexpoint have identified topics to be

addressed by a corporate representative of U.S. Bank pursuant to a Federal Rule 30(b)(6)

deposition (respectively, the "DAF Defendants' Notice of Deposition" and "NexPoint's Topics

for Deposition").  *See O'Brien v. Lane Bryant, Inc.*, 1987 U.S. Dist. LEXIS 10109, at *4

(S.D.N.Y. Feb. 11, 1987) (party seeking to proceed by interrogatory must show a "good faith

---

[1]       The reference to "paragraph (a) above" refers to Local Rule 33.3(a), which provides, in
relevant part, that "at the commencement of discovery, interrogatories will be restricted
to those seeking names of witnesses with knowledge of information relevant to the
subject matter of the action, the computation of each category of damage alleged, and the
existence, custodian, location and general description of relevant documents."

basis" for using interrogatories rather than depositions); *Vista Food Exch., Inc. v. Comercial De Alimentos Sanchez S DE R L DE C.V.*, 2020 U.S. Dist. LEXIS 242986, at *12-13 (S.D.N.Y. Dec. 28, 2020) ("[D]uplicative" interrogatories are by their nature "not a more practical method of obtaining information"); *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367-68 (S.D.N.Y. 2010) (interrogatories improper in light of "corresponding" document requests).

3.      U.S. Bank objects to the Interrogatories as overbroad, unduly burdensome and improper contention interrogatories to the extent they ask U.S. Bank to "identify with particularity all of the facts …" or to "identify all documents and all communications …"  *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2020 U.S. Dist. LEXIS 199859, at *25 (S.D.N.Y. Oct. 27, 2020) (contention interrogatories may not seek "a detailed and exhaustive listing of all the evidence that will be offered") (quotation marks omitted); *Linde v. Arab Bank, PLC*, 2012 U.S. Dist. LEXIS 39518, at *1 (E.D.N.Y. Mar. 21, 2012) ("Courts generally resist efforts to use contention interrogatories as a vehicle to obtain every fact and every piece of evidence a party may wish to offer concerning a given issue at trial.").

4.      U.S. Bank object to the Interrogatories to the extent they call for legal conclusions rather than the application of law to fact, which is not an appropriate subject of an interrogatory.  *Roth v. Bank of Commonwealth*, 1988 U.S. Dist. LEXIS 19517, at *13 (W.D.N.Y. May 4, 1988 ("Rule 33(b)… does not allow [interrogatories] which seek strictly legal conclusions . . ..").

5.      U.S. Bank objects to the Interrogatories and refers to its business records produced in response to Defendants' Requests for Production and states that the answer to many of the Interrogatories may be determined by examining those business records and that the

burden of deriving or ascertaining those answers will be substantially the same for either party. *See* Federal Rule 33(d).

6.      U.S. Bank objects to the Interrogatories to the extent they purport to seek information (a) protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege or the joint defense privilege or otherwise protected from disclosure by any other privilege, statute, rule, regulation or common law principle, or (b) that was prepared, generated or received in anticipation of litigation. The inadvertent or unintentional disclosure of such information is not intended and shall not be deemed to be a waiver in whole or in part of the confidential, privileged or otherwise protected nature of the information disclosed, or as to any other information relating thereto or on the same or related subject matter.

7.      U.S. Bank objects to the Interrogatories to the extent the burden or expense of responding to them would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

8.      U.S. Bank objects to the Interrogatories to the extent they purport to seek information that is (a) not in its actual possession, custody or control, (b) a matter of public record or filed in court or (c) in the possession, custody or control, or otherwise equally available to, the DAF Defendants.

9.      U.S. Bank's investigation and search for responsive information is ongoing, and the response to each Interrogatory reflects information to the extent known as of the time the response was prepared. Pursuant to Rule 26(e) of the Federal Rules, U.S. Bank reserves the right to supplement and amend its responses and objections, if necessary, to reflect additional

information, including that ascertained in the course of discovery from Defendants in this action, or to seek a protective order, and objects to Instruction No. 7 to the extent it purports to impose obligations on U.S. Bank beyond Rule 26(e).

10.     U.S. Bank objects to the Interrogatories to the extent they are duplicative of interrogatories served upon other parties in this action or of prior discovery served on U.S. Bank and incorporates by reference its responses and objections to that prior discovery and the responses and objections of any other party to the same or similar interrogatories.

11.     U.S. Bank objects to the Interrogatories to the extent they are untimely under the First Amended Civil Case Management Plan and Scheduling Order, submitted to the Court on July 10, 2023 (ECF No. 156), and so ordered on July 12, 2023 (ECF No. 159) (the "Scheduling Order"), pursuant to which, *inter alia*, the deadline for serving interrogatories pursuant to Local Rule 33.3(a) was April 14, 2023 (*id.* ¶ 7.c) and contention interrogatories pursuant to Local Rule 33.3(c) was June 13, 2023 (*id.* ¶ 7.d), provided, however, that parties may serve additional interrogatories by July 21, 2023, "provided such discovery requests concern any new matters, allegations, or claims raised by the any party's amended pleading served after April 14, 2023" (*id.* ¶ 7.g).

12.     U.S. Bank objects to the Interrogatories to the extent they are premature because U.S. Bank has not yet replied to the DAF Defendants' amended counterclaims, has not entered denials or raised any affirmative defenses and does not bear the burden of identifying the factual bases that support the DAF Defendants' contentions. *See, Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, 2018 WL 3848428, at *2 (S.D. Fla. Aug. 13, 2018) (contention interrogatories directed to defendants were "improper[] and premature[]" because defendants "have not yet answered … and therefore have not entered denials or raised any affirmative defenses," and do

not "bear the burden of producing the factual bases which support [the opposing party's] contention").

13.      Counsel for U.S. Bank is willing to meet and confer with counsel for the DAF Defendants concerning these responses and objections for the purpose of resolving disputes without the need for intervention by the Court.

## OBJECTIONS TO INSTRUCTIONS, RULES
## OF CONSTRUCTION AND DEFINITIONS

1.      U.S. Bank objects to Instruction No. 1 as unduly burdensome to the extent it purports to impose obligations on it beyond those contained in the Applicable Rules by requiring the identity of Bates numbers for documents referenced in U.S. Bank's responses.

2.      U.S. Bank objects to Instruction No. 2 as unduly burdensome to the extent it purports to impose obligations on it beyond those contained in the Applicable Rules by requiring U.S. Bank to "state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the interrogatory cannot be answered fully and completely; and state what knowledge, information, or belief [U.S. Bank has] concerning the unanswered portion of any such interrogatory."  U.S. Bank further objects to the extent it as overbroad and unduly burdensome to the extent it seeks information in the possession, custody or control of "any of Your attorneys, agents, representatives, associates, and person under Your control, who have the best knowledge, not merely information known to You based on Your own personal knowledge."  U.S. Bank will provide relevant non-privileged information, if any, known to its present officers, directors or employees.

3.      U.S. Bank objects to Instruction No. 3 to the extent it purports to require the production of a privilege log with a document-by-document listing of documents or communications protected by the attorney-client privilege, work-product doctrine, the common

interest privilege or the joint defense privilege or otherwise protected from disclosure. *See* Local Rule 26.2(c).

4.       U.S. Bank objects to the time period purported to be covered by the Requests (January 1, 2014, to Present) (*see* Rule of Construction No. 1) as overbroad and unduly burdensome.  Unless otherwise stated in response to a Request, U.S. Bank will produce documents and information for the period June 1, 2020 to March 30, 2023, consistent with the time periods set out in U.S. Bank's responses and objections to prior discovery served in this action.

5.       U.S. Bank objects to Rule of Construction No. 7 and the Definitions as overbroad and unduly burdensome to the extent they seek to impose obligations on U.S. Bank beyond those in the Applicable Rules insofar as an "entity" is defined to include its "past officers, directors, employees, agents, affiliates, subsidiaries, owners, partners, general partners, shareholders, representatives, attorneys, predecessors, successors, assigns, related entities, parent companies, and/or any other person(s) acting on behalf of such entity" and its present "agents, owners, shareholders, representatives, attorneys, predecessors, successors, assigns, related entities, and/or any other person(s) acting on behalf of such entity."  U.S. Bank will interpret an "entity" to mean it and its present officers, directors, employees, affiliates, subsidiaries, partners, general partners and parent companies.

6.       U.S. Bank objects to Definition No. 3 ("You" or "Your") as overbroad and unduly burdensome to the extent they include "any predecessor, successor, assignee, or assignor of the foregoing, as well as any of their respective affiliates, subsidiaries, agents, employees, partners, managers, members, lawyers, representatives, and any other person acting on their behalf."  U.S. Bank will interpret "You" or "Your" to mean U.S. Bank National Association, in

its capacity as trustee.

7.      U.S. Bank objects to Definition No. 6 ("HCLOF") to the extent it includes its representatives.

8.      U.S. Bank objects to Definition No. 18 ("ACIS CLO 4") to the extent it includes "any of its officers, directors, employees, parents, subsidiaries, affiliates, business units, segments, or divisions, and any person or entity acting or purporting to act on behalf of it or any of the foregoing."  U.S. Bank will interpret "ACIS CLO 4" to mean Acis CLO 2014-4 Ltd. and Acis CLO 2014-4 LLC.

9.      U.S. Bank objects to Definition No. 19 ("ACIS CLO 5") to the extent it includes "any of its officers, directors, employees, parents, subsidiaries, affiliates, business units, segments, or divisions, and any person or entity acting or purporting to act on behalf of it or any of the foregoing."  U.S. Bank will interpret "ACIS CLO 5" to mean Acis CLO 2014-5 Ltd. and Acis CLO 2014-5 LLC.

10.     U.S. Bank objects to Definition No. 20 ("ACIS CLO 6") to the extent it includes "any of its officers, directors, employees, parents, subsidiaries, affiliates, business units, segments, or divisions, and any person or entity acting or purporting to act on behalf of it or any of the foregoing."  U.S. Bank will interpret "ACIS CLO 6" to mean Acis CLO 2015-6 Ltd. and Acis CLO 2015-6 LLC.

11.     U.S. Bank objects to Definition No. 26 ("Communication") to the extent it is broader than the uniform definition of "communication" in Local Rule 26.3(c)(1).

12.     U.S. Bank objects to Definition No. 27 ("Document" and "Documents") to the extent they are broader than the uniform definition of "document" in Local Rule 26.3(c)(2).

13.     U.S. Bank objects to Definition No. 28 ("Electronically Stored Information" and

"ESI") to the extent they are broader than the definition in Rule 34(a)(1)(A).

14.     U.S. Bank objects to Definition No. 30 ("Concerning") to the extent it is broader than the uniform definition of "concerning" in Local Rule 26.3(c)(7).

15.     U.S. Bank objects to Definition No. 31 ("Reserves" or "withholdings") as vague and ambiguous and calling for a legal conclusion and interprets that term to mean funds reserved to secure the indemnification rights of the trustee and portfolio manager with respect to claims and actions that may be taken against them with respect to the Acis CLOs.

<strong><u>SPECIFIC RESPONSES AND OBJECTIONS</u></strong>

Subject to and without waiving any of the foregoing General Objections, which are incorporated by reference into each of the following Specific Responses and Objections, U.S. Bank responds and objects to the specific Interrogatories as follows:

**<u>INTERROGATORY NO. 1:</u>**

Identify with particularity all of the facts which you contend allegedly support Your claim for a declaratory judgment that "the Advisors Act, TIA, and Other Claims are Barred for Lack of Standing."

**<u>RESPONSE AND OBJECTION TO INTERROGATORY NO. 1:</u>**

U.S. Bank objects to this Interrogatory on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Interrogatory as premature because discovery is not complete and no depositions have been taken and on the grounds that it seeks information beyond the permissible scope of interrogatories under Local Rule 33.3(b) because the same information has been sought via a more practical method, namely DAF Defendants' First Request for Production (Requests 48, 49) and NexPoint's Topics for Deposition (Topic 1).  U.S. Bank further objects to this Interrogatory as overbroad, unduly burdensome and an improper contention interrogatory insofar as it asks

9

U.S. Bank to "identify with particularity *all* of the facts" to support its contention for a declaratory judgment that "the Advisors Act, TIA, and Other Claims are Barred for Lack of Standing."  U.S. Bank also refers to Plaintiffs' Motion to Dismiss the DAF Parties' Amended Counterclaims and for Judgement on the Pleadings on Plaintiffs' Claims which, *inter alia*, seeks judgment on that claim.

U.S. Bank will not respond to this Interrogatory.

**INTERROGATORY NO. 2:**

Identify with particularity all of the facts which You contend allegedly support Your claim for a declaratory judgment that "any Claims by Defendants Related to the ACIS CLOs are Barred by the HCLOF Settlement [2021 Agreement]."

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 2:**

U.S. Bank objects to this Interrogatory on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Interrogatory as premature because discovery in not complete and no depositions have been taken and on the grounds that it seeks information beyond the permissible scope of interrogatories under Local Rule 33.3(b) because the same information has been sought via a more practical method, namely DAF Defendants' First Request for Production (Request 16), NexPoint's Topics for Deposition (Topic 1) and DAF Defendants' Notice of Deposition (Topics 10(a), 11(a)).   U.S. Bank further objects to this Interrogatory as overbroad, unduly burdensome and an improper contention interrogatory insofar as it asks U.S. Bank to "identify with particularity *all* of the facts" to support its contention for a declaratory judgment that "any Claims by Defendants Related to the ACIS CLOs are Barred by the HCLOF Settlement [2021 Agreement]."  U.S. Bank also refers to Plaintiffs' Motion to Dismiss the DAF Parties' Amended

Counterclaims and for Judgement on the Pleadings on Plaintiffs' Claims which, *inter alia*, seeks judgment on that claim.

U.S. Bank will not respond to this Interrogatory.

**INTERROGATORY NO. 3:**

Identify with particularity all of the facts which You contend allegedly support that Counter-Plaintiffs lack standing to bring their claims.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 3:**

U.S. Bank objects to this Interrogatory on the grounds that it is duplicative of Interrogatory No. 1 and repeats and incorporates by reference its Response and Objection to that Interrogatory.

**INTERROGATORY NO. 4:**

Identify with particularity all of the facts which You contend allegedly support that Your alleged tortious interference with contract is justified.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 4:**

U.S. Bank objects to this Interrogatory on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Interrogatory as premature because discovery is not complete, no depositions have been taken, and U.S. Bank has not yet replied to the DAF Defendants' counterclaims, has not entered denials or raised any affirmative defenses, disagrees with the contention that it tortiously interfered with any contract and does not bear the burden of identifying the bases that support the DAF Parties' contentions concerning their tortious interference claim.  U.S. Bank further objects on the grounds that it seeks information beyond the permissible scope of interrogatories under Local Rule 33.3(b) because the same information has been sought via a more practical method, namely DAF Defendants' Notice of Deposition (Topic 16).  U.S. Bank further objects to this

11

Interrogatory as overbroad, unduly burdensome and an improper contention interrogatory insofar as it asks U.S. Bank to "identify with particularity *all* of the facts" to support its contention that "[U.S. Bank's] alleged tortious interference with contract is justified."

U.S. Bank will not respond to this Interrogatory.

**INTERROGATORY NO. 5:**

Identify with particularity all of the facts which You contend that Your tortious interference with contract is allegedly supported by the economic interest rule or similar doctrine.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 5:**

U.S. Bank objects to this Interrogatory on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Interrogatory as premature because discovery is not complete, no depositions have been taken, and U.S. Bank has not yet replied to the DAF Defendants' counterclaims, has not entered denials or raised any affirmative defenses, disagrees with the contention that it tortiously interfered with any contract and does not bear the burden of identifying the bases that support the DAF Parties' contentions concerning their tortious interference claim.  U.S. Bank further objects on the grounds that it seeks information beyond the permissible scope of interrogatories under Local Rule 33.3(b) because the same information has been sought via a more practical method, namely DAF Defendants' Notice of Deposition (Topic 16).   U.S. Bank further objects to this Interrogatory as overbroad, unduly burdensome and an improper contention interrogatory insofar as it asks U.S. Bank to "identify with particularity *all* of the facts" to support its contention that "[U.S. Bank's] tortious interference with contract is allegedly supported by the economic interest rule or similar doctrine."  U.S. Bank also objects to the phrase "[y]our tortious interference with contract" as the phrasing misconstrues the DAF Defendants' allegation as a fact.

U.S. Bank will not respond to this Interrogatory.

**INTERROGATORY NO. 6:**

Identify with particularity all of the facts which You contend allegedly support that Counter-Plaintiffs have not suffered damages.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 6:**

U.S. Bank objects to this Interrogatory on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Interrogatory as premature because discovery is not complete, no depositions have been taken, and U.S. Bank has not yet replied to the DAF Defendants' counterclaims, has not entered denials or raised any affirmative defenses, disagrees with the contention that it tortiously interfered with any contract and does not bear the burden of identifying the bases that support the DAF Parties' contentions concerning their purported damages.  U.S. Bank further objects on the grounds that it seeks information beyond the permissible scope of interrogatories under Local Rule 33.3(b) because the same information has been sought via a more practical method, namely DAF Defendants' Notice of Deposition (Topic 14).   U.S. Bank further objects to this Interrogatory as overbroad, unduly burdensome and an improper contention interrogatory insofar as it asks U.S. Bank to "identify with particularity *all* of the facts" to support its contention that "Counter-Plaintiffs have not suffered damages."

U.S. Bank will not respond to this Interrogatory.

**INTERROGATORY NO. 7:**

Identify with particularity all of the facts which You contend that You allegedly have not caused HCLOF to breach the Members Agreement.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 7:**

U.S. Bank objects to this Interrogatory on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Interrogatory as premature because discovery is not complete, no depositions have been taken, and U.S. Bank has not yet replied to the DAF Defendants' counterclaims, has not entered denials or raised any affirmative defenses, disagrees with the contention that it caused HCLOF to breach the Members Agreement and does not bear the burden of identifying the bases that support the DAF Parties' contentions concerning their tortious interference claim.  U.S. Bank further objects on the grounds that it seeks information beyond the permissible scope of interrogatories under Local Rule 33.3(b) because the same information has been sought via a more practical method, namely DAF Defendants' Notice of Deposition (Topics 4, 16) and DAF Defendants' Second Request for Production (Requests 1(g), 11, 12, 33(c), 34(c), 35(c)).  U.S. Bank further objects to this Interrogatory as overbroad, unduly burdensome and an improper contention interrogatory insofar as it asks U.S. Bank to "identify with particularity *all* of the facts" to support its contention that "[U.S. Bank's] allegedly ha[d] not caused HCLOF to breach the Members Agreement."

U.S. Bank will not respond to this Interrogatory.

**INTERROGATORY NO. 8:**

Identify with particularity all of the facts which You contend that You allegedly did not act with malice in causing HCLOF to breach the Members Agreement.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 8:**

U.S. Bank objects to this Interrogatory on the grounds that it is duplicative of Interrogatory No. 7 and repeats and incorporates by reference its Response and Objection to that Interrogatory.

**INTERROGATORY NO. 9:**

Identify with particularity all of the facts which You contend allegedly support that Your tortious interference with contract should be excused.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 9:**

U.S. Bank objects to this Interrogatory on the grounds that it is duplicative of Interrogatory Nos. 4 and 5 and repeats and incorporates by reference its Response and Objection to those Interrogatories.

**INTERROGATORY NO. 10:**

Identify with particularity all of the facts which allegedly support Your defenses to Your tortious interference with contract.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 10:**

U.S. Bank objects to this Interrogatory on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Interrogatory as premature because discovery is not complete, no depositions have been taken, and U.S. Bank has not yet replied to the DAF Defendants' counterclaims and has not entered denials or raised any affirmative defenses.  U.S. Bank further objects on the grounds that it seeks information beyond the permissible scope of interrogatories under Local Rule 33.3(b) because the same information has been sought via a more practical method, namely DAF Defendants' Notice of Deposition (Topic 16).   U.S. Bank further objects to this Interrogatory as overbroad, unduly burdensome and an improper contention interrogatory insofar as it asks U.S.

Bank to "identify with particularity *all* of the facts" to support its "defenses to [its] tortious interference with contract."  U.S. Bank also objects to the phrase "[y]our tortious interference with contract" as the phrasing misconstrues DAF Defendants' allegation as a fact.

U.S. Bank will not respond to this Interrogatory.

## INTERROGATORY NO. 11:

Identify all documents and all communications that form any basis for, support, and/or otherwise concerning Your attempts to recover attorneys' fees under § 6 of the 2023 Agreement.

## RESPONSE AND OBJECTION TO INTERROGATORY NO. 11:

U.S. Bank objects to this Interrogatory on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Interrogatory as premature because discovery is not complete, no depositions have been taken, and U.S. Bank has not yet replied to the DAF Defendants' counterclaims and has not entered denials or raised any affirmative defenses.  U.S. Bank further objects on the grounds that it seeks information beyond the permissible scope of interrogatories under Local Rule 33.3(b) because the same information has been sought via a more practical method, namely DAF Defendants' Notice of Deposition (Topics 10(b), 11(b)) and DAF Defendants' Second Request for Production (Requests 2(b), 15).  U.S. Bank further objects to this Interrogatory as overbroad, unduly burdensome and an improper contention interrogatory insofar as it asks U.S. Bank to "identify *all* documents and *all* communications" concerning U.S. Bank's "attempts to recover attorneys' fees under § 6 of the 2023 Agreement."

U.S. Bank will not respond to this Interrogatory.

**INTERROGATORY NO. 12:**

Identify all documents and all communications (whether verbal or written) that form any basis for, support, and/or otherwise concerning Your claim or contention that withholding of funds was or is justified.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 12:**

U.S. Bank objects to this Interrogatory on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. U.S. Bank further objects to this Interrogatory as premature because discovery is not complete, no depositions have been taken, and U.S. Bank has not yet replied to the DAF Defendants' counterclaims and has not entered denials or raised any affirmative defenses. U.S. Bank further objects on the grounds that it seeks information beyond the permissible scope of interrogatories under Local Rule 33.3(b) because the same information has been sought via a more practical method, namely DAF Defendants' Notice of Deposition (Topics 1(i), 5), NexPoint's Topics for Deposition (Topic 11) and DAF Defendants' Second Request for Production (Request 7(e)). U.S. Bank further objects to this Interrogatory as overbroad, unduly burdensome and an improper contention interrogatory insofar as it asks U.S. Bank to "identify *all* documents and *all* communications" concerning its contention "that withholding of funds was or is justified."

U.S. Bank will not respond to this Interrogatory.

**INTERROGATORY NO. 13:**

Identify all documents and all communications (whether verbal or written) concerning the Members Agreement, including the negotiation of the same.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 13:**

U.S. Bank objects to this Interrogatory as premature because Defendants' document production is not substantially complete, no depositions have been taken, and U.S.

Bank has not yet replied to the DAF Defendants' counterclaims and has not entered denials or raised any affirmative defenses.  U.S. Bank further objects on the grounds that it seeks information beyond the permissible scope of interrogatories under Local Rule 33.3(b) because the same information has been sought via a more practical method, namely DAF Defendants' Notice of Deposition (Topic 4) and DAF Defendants' Second Request for Production (Requests 1(g), 11, 12, 33(c), 34(c), 35(c)).  U.S. Bank further objects to this Interrogatory as overbroad, unduly burdensome and an improper contention interrogatory insofar as it asks U.S. Bank to "identify *all* documents and *all* communications" concerning the Members Agreement.  U.S. Bank also objects to this Interrogatory on the basis that it lacks knowledge of the Members Agreement's negotiation because it was neither a party to that agreement, nor involved in its negotiation.

U.S. Bank will not respond to this Interrogatory.

**INTERROGATORY NO. 14:**

Identify all documents and all communications (whether verbal or written) that form any basis for, support, and/or otherwise relate to Your alleged defenses to the tortious interference with contract counterclaim.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 14:**

U.S. Bank objects to this Interrogatory on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Interrogatory as premature because discovery is not complete, no depositions have been taken, and U.S. Bank has not yet replied to the DAF Defendants' counterclaims and has not entered denials or raised any affirmative defenses.  U.S. Bank further objects on the grounds that it seeks information beyond the permissible scope of interrogatories under Local Rule 33.3(b) because the same information has been sought via a more practical method, namely DAF

Defendants' Notice of Deposition (Topic 16).  U.S. Bank further objects to this Interrogatory as overbroad, unduly burdensome and an improper contention interrogatory insofar as it asks U.S. Bank to "identify *all* documents and *all* communications" to support its "alleged defenses to the tortious interference with contract counterclaim."

U.S. Bank will not respond to this Interrogatory.

**INTERROGATORY NO. 15:**

Identify all documents and all communications (whether verbal or written) concerning the 2021 Agreement.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 15:**

U.S. Bank objects to this Interrogatory on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Interrogatory as premature because discovery is not complete, no depositions have been taken, and U.S. Bank has not yet replied to the DAF Defendants' counterclaims and has not entered denials or raised any affirmative defenses.  U.S. Bank further objects on the grounds that it seeks information beyond the permissible scope of interrogatories under Local Rule 33.3(b) because the same information has been sought via a more practical method, namely DAF Defendants' First Request for Production (Requests 14, 15, 16, 17, 24, 25, 26), DAF Defendants' Second Request for Production (Requests 1(h), 27, 33(h), 34(h), 35(h)), NexPoint's First Request for Production (Requests 18, 19, 33, 41, 60, 61), NexPoint's Topics for Deposition (Topics 13, 16) and DAF Defendants' Notice of Deposition (Topics 7, 10(a), 11(a), 13(b)).  U.S. Bank further objects to this Interrogatory as overbroad, unduly burdensome and an improper contention interrogatory insofar as it asks U.S. Bank to "identify *all* documents and *all* communications" concerning the 2021 Agreement.

U.S. Bank will not respond to this Interrogatory.

**INTERROGATORY NO. 16:**

Identify all documents and all communications (whether verbal or written) concerning the 2023 Agreement.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 16:**

U.S. Bank objects to this Interrogatory on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Interrogatory as premature because discovery is not complete, no depositions have been taken, and U.S. Bank has not yet replied to the DAF Defendants' counterclaims and has not entered denials or raised any affirmative defenses.  U.S. Bank further objects on the grounds that it seeks information beyond the permissible scope of interrogatories under Local Rule 33.3(b) because the same information has been sought via a more practical method, namely DAF Defendants' First Request for Production (Requests 18, 19, 20, 24, 27, 28), DAF Defendants' Second Request for Production (Requests 1(i), 2(b), 7(e), 15, 16, 27, 33(i), 34(i), 35(i)), NexPoint's First Request for Production (Requests 18, 19, 33, 41, 60, 61), NexPoint's Topics for Deposition (Topics 13, 16) and DAF Defendants' Notice of Deposition (Topics 8, 10(b), 11(b), 13(c)).   U.S. Bank further objects to this Interrogatory as overbroad, unduly burdensome and an improper contention interrogatory insofar as it asks U.S. Bank to "identify *all* documents and *all* communications" concerning the 2023 Agreement.

U.S. Bank will not respond to this Interrogatory.

**INTERROGATORY NO. 17:**

Identify all documents and all communications (whether verbal or written) that form any basis for, support, and/or otherwise relate to the alleged justification of the 2021 Agreement.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 17:**

        U.S. Bank objects to this Interrogatory on the grounds that it is duplicative of

Interrogatory No. 15 and repeats and incorporates by reference its Response and Objection to

that Interrogatory.

**INTERROGATORY NO. 18:**

        Identify all documents and all communications (whether verbal or written) that form
any basis for, support, and/or otherwise relate to the alleged justification of the 2023 Agreement.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 18:**

        U.S. Bank objects to this Interrogatory on the grounds that it is duplicative of

Interrogatory No. 16 and repeats and incorporates by reference its Response and Objection to

that Interrogatory.

**INTERROGATORY NO. 19:**

        Identify all documents and all communications (whether verbal or written) that You
intend to rely upon in support of all of Your factual and/or legal defenses in response to the
Counterclaims.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 19:**

        U.S. Bank objects to this Interrogatory on the grounds that it is untimely and

violates the Scheduling Order because it does not relate to a new matter, allegation, or claim

raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to

this Interrogatory as premature because discovery is not complete, no depositions have been

taken, and U.S. Bank has not yet replied to the DAF Defendants' counterclaims and has not

entered denials or raised any affirmative defenses.  U.S. Bank further objects on the grounds that

it seeks information beyond the permissible scope of interrogatories under Local Rule 33.3(b)

because the same information has been sought via a more practical method, namely DAF

Defendants' Notice of Deposition (Topic 16) and DAF Defendants' Second Request for

Production (Requests 36, 37).   U.S. Bank further objects to this Interrogatory as overbroad,

unduly burdensome and an improper contention interrogatory insofar as it asks U.S. Bank to

"identify *all* documents and *all* communications" to support its "factual and/or legal defenses in

response to the Counterclaims."   U.S. Bank also objects to this Interrogatory to the extent it calls

for a legal conclusion rather than the application of law to fact, which is not an appropriate

subject of an interrogatory.

U.S. Bank will not respond to this Interrogatory.

**INTERROGATORY NO. 20:**

Identify all documents and all communications (whether verbal or written) that You
contend support Your factual and/or legal defenses to any of the Counterclaims.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 20:**

U.S. Bank objects to this Interrogatory on the grounds that it is duplicative of

Interrogatory No. 19 and repeats and incorporates by reference its Response and Objection to

that Interrogatory.

**INTERROGATORY NO. 21:**

Identify all documents and all communications (whether verbal or written) that You
contend support Your claims and causes of action in this Lawsuit.

**RESPONSE AND OBJECTION TO INTERROGATORY NO. 21:**

U.S. Bank objects to this Interrogatory on the grounds that it is untimely and

violates the Scheduling Order because it does not relate to a new matter, allegation, or claim

raised by any party's amended pleading served after April 14, 2023.   U.S. Bank further objects to

this Interrogatory as premature because discovery is not complete, no depositions have been

taken, and U.S. Bank has not yet replied to the DAF Defendants' counterclaims and has not

entered denials or raised any affirmative defenses.   U.S. Bank further objects on the grounds that

it seeks information beyond the permissible scope of interrogatories under Local Rule 33.3(b)

because the same information has been sought via a more practical method, namely DAF

Defendants' Second Request for Production (Requests 38, 39).   U.S. Bank further objects to this

Interrogatory as overbroad, unduly burdensome and an improper contention interrogatory insofar

as it asks U.S. Bank to "identify *all* documents and *all* communications" that support its claims

and causes of action in this Lawsuit.

> U.S. Bank will not respond to this Interrogatory.

Dated: August 21, 2023
New York, New York

> SEWARD & KISSEL, LLP
> By: */s/ Mark D. Kotwick*
> Mark D. Kotwick
> Thomas Ross Hooper
> Julie J. Hong
> One Battery Park Plaza
> New York, NY 10004
> (212) 574-1200
> kotwick@sewkis.com
> hooper@sewkis.com
> hong@sewkis.com
>
> *Attorneys for Plaintiff U.S. Bank National
> Association, in its capacity as Trustee*

SK 03687 1471 10767550

## <u>VERIFICATION</u>

Taylor Potts declares pursuant to 28 U.S.C. § 1746:

I am a Vice President, U.S. Bank Global Corporate Trust Services at U.S. Bank National Association ("<u>U.S. Bank</u>"), a Plaintiff/Counterclaim-Defendant in this action.  I have read the information set forth in the foregoing Responses and Objections of Plaintiff U.S. Bank National Association to Defendants/Counter-Plaintiffs The Charitable Donor Advised Fund, L.P. and CLOH Holdco, Ltd.'s First Set of Interrogatories, dated August 21, 2023.  While not having first-hand knowledge of all of the facts set forth in the foregoing responses, I understand that the foregoing responses were prepared by counsel, and that the information therein was derived from the records of U.S. Bank and/or supplied by U.S. Bank's officers and employees.  I verify under penalty of perjury that the information contained in the foregoing responses is true and correct to the best of my knowledge and belief.

_____
Taylor Potts

Dated: August 21, 2023
       Chicago, Illinois

## <u>CERTIFICATE OF SERVICE</u>

I, Julie J. Hong, certify that on August 21, 2023, I caused a true and correct copy of the

foregoing *Responses and Objections of Plaintiff U.S. Bank National Association to*

*Defendants/Counter-Plaintiffs The Charitable Donor Advised Fund, L.P. and CLOH Holdco,*

*Ltd.'s First Set of Interrogatories* to be served via e-mail on:


**PARSONS MCENTIRE MCCLEARY PLLC**
Sawnie A. McEntire
1700 Pacific Ave., Suite 4400
Dallas, TX 75201
Tel: (214) 237-4300
smcentire@pmmlaw.com

Roger L. McCleary
One Riverway, Suite 1800
Houston, TX 77056
Tel: (713) 960-7315
rmccleary@pmmlaw.com

**GLENN AGRE BERGMAN & FUENTES LLP**
Lindsey R. Skibell
Jewel K. Tewiah
1185 Avenue of the Americas
New York, NY 10036
Tel: (212) 358-5600
rskibell@glennagre.com
jtewiah@glennagre.com



Dated: New York, New York
        August 21, 2023

By: /s/ *Julie J. Hong*_____
     Julie J. Hong