# EXHIBIT 15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

U.S. BANK NATIONAL ASSOCIATION, in
its capacity as Trustee, JOSHUA N. TERRY,
and ACIS CAPITAL MANAGEMENT, L.P.,

       *Plaintiffs*,

    v.

THE CHARITABLE DONOR ADVISED
FUND, L.P., CLO HOLDCO LTD., and
NEXPOINT DIVERSIFIED REAL ESTATE
TRUST,

      *Defendants*.

---

Case No. 1:21-cv-11059-GHW

**PLAINTIFF JOSHUA N. TERRY'S RESPONSES AND OBJECTIONS TO**
**DEFENDANTS THE CHARITABLE DONOR ADVISED FUND, L.P. AND CLO**
**HOLDCO LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules")

and the Local Civil Rules of the United States District Court for the Southern District of New York

(the "Local Civil Rules"), Plaintiff Joshua N. Terry ("Terry") provides the following responses

and objections to Defendants The Charitable Donor Advised Fund, L.P. ("DAF") and CLO

HoldCo Ltd.'s ("CLOH" and collectively "Defendants" or the "DAF Defendants") First Set of

Requests for Production (the "Requests," and each a "Request"), dated April 14, 2023.

## GENERAL OBJECTIONS

In addition to the objections to each individual Document Request, the following objections apply to all of the Requests (the "General Objections") and are hereby incorporated by reference into the individual response to each Request and shall have the same force and effect as if fully set forth in the individual response to each Request.  Terry objects as follows:

1.      Terry objects to each Request, and to each Definition, to the extent that it purports to impose any obligations upon Terry that are inconsistent with or exceed the requirements of the Federal Rules, the Local Civil Rules, Judge Woods' Individual Rules of Practice in Civil Cases, and any other relevant rules of practice or applicable law.

2.      Terry objects to each Request, and to each Definition, insofar as it contains misstatements of fact and inaccurate assumptions.  Any objection or response to a Request should not be taken as an admission that Terry accepts or admits the existence of any alleged facts set forth or assumed by such Request.  A response to part or all of any Request is not intended to be, and shall not be construed to be, a waiver of any part of any objection to the Request.

3.      Terry objects to each Request to the extent that it seeks documents that do not already exist, or that are not in Terry's possession, custody, or control.

4.      Terry objects to each Request to the extent that it seeks documents that are already in the possession, custody, or control of Defendants.

5.      Terry objects to each Request to the extent that it calls for information that is publicly available and therefore as accessible to Defendants as to Terry.

6.     Terry objects to each Request to the extent that it seeks documents that are obtainable from another source that is more convenient, less burdensome, or less expensive.

7.     Terry objects to each Request to the extent that it purports to require Terry to provide information or documents beyond what is available to Terry at present from a reasonable search of [his/its] own files likely to contain relevant or responsive documents.

8.     Terry objects to each Request to the extent that it calls for the production of documents or other disclosure of information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege, immunity, or doctrine.  Any disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, immunity, law, or rule is inadvertent and shall not constitute a waiver.

9.     Terry objects to each Request to the extent that it requires the disclosure of trade secrets or confidential or proprietary information, other sensitive information, or any information protected from disclosure by any law, court order, or any agreement with respect to confidentiality or non-disclosure (collectively, "Confidential Information").  Further, Terry reserves the right to withhold information that Terry requires third party consent to disclose

10.     Terry objects to each Request to the extent that it is vague or ambiguous.

11.     Terry objects to each Request to the extent that it fails to identify with reasonable particularity the documents sought.

12.     Terry objects to each Request to the extent that it is overly broad, overly expensive, oppressive, or unduly burdensome and would thus impose upon Terry an unreasonable burden of inquiry or unreasonable costs disproportionate to the needs of the case.

13.     Terry objects to each Request to the extent that it is unduly burdensome and oppressive in that it would require a search for documents that are of little or no relevance to the issues or controversies in this litigation, such that the value of the documents would be outweighed by the burden of obtaining them.

14.     Terry objects to each Request that seeks "all documents" and/or "all communications" regarding the described topic to the extent that such Requests are overbroad and unduly burdensome.

15.     Terry objects to each Request to the extent that it calls for or contains a legal conclusion or characterizes certain information as undisputed fact.

16.     Terry objects to each Request to the extent it depends upon contention(s) of Defendants that Defendants have not yet fully articulated via their own discovery responses or other pleadings.

17.     Terry objects to each Request to the extent that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

18.     Terry objects to each Request to the extent it calls for or contains legal conclusions or characterizations of fact.  Any response to or objection to a Request shall not be construed as indicating agreement with any such conclusions or characterizations.

19.     Terry objects to each Request to the extent it seeks to impose arbitrary time parameters, and to the extent that it contains no temporal limitations at all.

20.     To the extent any definition does not comport with the Federal Rules, the Local Rules, or the ordinary meaning of the word itself, Terry will follow the Federal Rules, the Local Rules, or apply the ordinary meaning of the word.

## <u>RESERVATION OF RIGHTS</u>

1.     Terry makes the responses herein solely for the purposes of this litigation.  By responding to each Request, Terry does not waive objections to the admission of these responses into evidence on the grounds of relevance, materiality, or any other proper grounds for objection. Neither Terry's agreement to respond to a Request, nor Terry's agreement to meet and confer with Defendants with respect to a Request, shall imply that responsive information exists, or constitute an admission or acknowledgement as to the relevance or admissibility of any information.

2.     Terry reserves all objections to the use of these responses and of any information and/or documents Terry produces.  Terry may interpose all such objections at the time of trial or as otherwise required by the applicable rules or order of the Court.

3.     Terry's responses and objections set forth herein are based upon information presently known to Terry at this point in the case, at a time when discovery is ongoing.  Terry reserves the right to amend, supplement, or withdraw his responses and objections to each Request, including to take into account additional information that comes to light during the discovery process.

## GENERAL OBJECTIONS TO DEFENDANTS' DEFINITIONS AND INSTRUCTIONS

1.      Terry objects to Instruction No. 1 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.

2.      Terry objects to Instruction No. 3 on the grounds that it presupposes that Terry will produce all documents responsive to the Requests regardless of any objections and as overbroad and unduly burdensome to the extent it purports to define as within Terry's possession, custody, or control, documents and communications in the possession of "any spouses, agents, employees, officer, directors, shareholders, partners, general partners, legal representatives, predecessors, successors, children, heirs and assigns."  Terry will produce non-privileged responsive documents within his actual possession, custody, or control.

3.      Terry objects to Instruction No. 4 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.

4.      Terry objects to Instruction No. 5 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.

5.      Terry objects to Instruction No. 5 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.

6.      Terry objects to Instruction No. 7 on the grounds that it presupposes that Terry will produce all documents responsive to the Requests regardless of any objections.

7.      Terry objects to Instruction No. 8 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.

8.      Terry objects to Rule of Construction No. 1, which purports to require the production of documents dating back to January 1, 2014 as overbroad, unduly burdensome, and disproportionate to the needs of this litigation.  Defendants will produce documents and communications covering the period June 1, 2020 to March 30, 2023, a period which predates the first objected-to settlement by nearly an entire year.

9.      Terry objects to Rule of Construction No. 7 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.  Terry will produce electronic information in accord with a protocol to be agreed upon between the parties.

10.     Terry objects to Rule of Construction No. 8 to the extent it purports to require Terry to produce documents or communications of individuals no longer affiliated with Terry over whom Terry possesses no current authority and/or from "agents," "partners," "shareholders," "representatives, attorneys, successors, assigns," or "any other person(s) acting on behalf of such entity," over whom Terry has no authority or control.

11.     Terry objects to the Definition of  "Terry" as overbroad, unduly burdensome, and disproportionate to the scope of the litigation to the extent it purports to include Terry's "affiliates and entities he manages or operates" and his "partners, . . . agents, employees, representatives, attorneys, predecessors, successors, assigns, related entities . . . or anyone else acing on Terry's behalf" whether or not Terry currently possesses authority or control over such entity.  Terry responds to Defendants' requests on his own behalf.

12.     Terry objects to the Definition of "2023 Agreement" as ambiguous and to the extent it calls for a legal conclusion and interprets that term to mean the February 28, 2023 agreement under which funds were reserved to secure the indemnification rights of U.S. Bank and ACM with respect to claims and actions that may be taken against them with respect to the ACIS CLOs.

13.     Terry objects to the Definition of "Communications" to the extent it purports to impose obligations beyond those required by the Local Civil Rules.

14.     Terry objects to the Definition of "Concerning" to the extent it purports to impose obligations beyond those required by the Local Civil Rules.

15.     Terry objects to the Definition of "Document" or "Documents" to the extent they purport to impose obligations beyond those required by the Local Civil Rules.

16.     Terry objects to the Definition of "Electronically Stored Information" to the extent it purports to impose obligations beyond those required by the Federal Rules.

17.     Terry objects to the definition of "identify or identity(ies) (person(s)" to the extent it purports to impose obligations beyond those required by the Local Civil Rules.

18.     Terry objects to the definition of "identify or identity(ies) (docuement(s)" to the extent it purports to impose obligations beyond those required by the Local Civil Rules.

**<u>SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS FOR PRODUCTION</u>**

Subject to and without waiving the General Objections set forth above, all of which are incorporated as if fully stated herein, Terry responds to each Request as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications concerning your allegations of Dondero's purported control or functional control of either or both of the DAF Defendants, as referenced in paragraphs 1, 19, 28, 31, and 54 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to Terry's General Objections, Terry objects to Request No. 1 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy.  Terry also objects to this Request as calling for the production of documents equally available to Defendants.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce non-privileged documents responsive to Request No. 1 within his possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications concerning the DAF Defendants' alleged "continued threat of additional claims," as referenced in paragraph 1 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to Terry's General Objections, Terry objects to Request No. 2 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy.

9

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce non-privileged documents responsive to Request No. 2 within his possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications concerning U.S. Bank and/or ACM's purported right to withhold, or withholding of, "funds from the ACIS CLOs' final distributions to cover potential indemnity obligations," as referenced in paragraph 1 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to Terry's General Objections, Terry objects to Request No. 3 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce non-privileged documents responsive to Request No. 3 within his possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications concerning U.S. Bank and/or ACM's decision to withhold, or withholding of, "funds from the ACIS CLOs' final distributions to cover potential indemnity obligations," as referenced in paragraph 1 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to Terry's General Objections, Terry objects to Request No. 4 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce non-privileged documents responsive to Request No. 4 within his possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning any approval(s) of U.S. Bank and/or ACM's decision to withhold, or withholding of, "funds from the ACIS CLOs' final distributions to cover potential indemnity obligations," as referenced in paragraph 1 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to Terry's General Objections, Terry objects to Request No. 5 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy. Terry also objects to this Request as vague and ambiguous as to the meaning of the undefined term "approval(s)" and to the extent it presupposes any "approval" was necessary or required for Terry to "withhold . . . funds from the ACIS CLOs' final distributions to cover potential indemnity obligations."

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce non-privileged documents responsive to Request No. 5 within his possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications reflecting any approval(s) by HCLOF of any decision to withhold, or withholding of, "funds from the ACIS CLOs' final distributions to cover potential indemnity obligations," as referenced in paragraph 1 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to Terry's General Objections, Terry objects to Request No. 6 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy.  Terry also objects to this Request as vague and ambiguous as to the meaning of the undefined term "approval(s)" and to the extent it presupposes any "approval" was necessary or required for Terry to "withhold . . . funds from the ACIS CLOs' final distributions to cover potential indemnity obligations."

Subject to and without waiving the foregoing specific and General Objections, Terry states that no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications reflecting any approval(s) by HCLOF of any decision to withhold, or withholding of, funds from the ACIS CLOs' distributions for any purpose at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to Terry's General Objections, Terry objects to Request No. 7 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy.  Terry also objects to this Request as vague and ambiguous as to the meaning of the undefined term "approval(s)" and to the extent it presupposes any "approval" was necessary or required for Terry to "withhold . . . funds from the ACIS CLOs' final distributions to cover potential indemnity obligations."

Subject to and without waiving the foregoing specific and General Objections, Terry states that no responsive documents exist.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning distributions to HCLOF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to Terry's General Objections, Terry objects to Request No. 8 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy. Terry further objects that this Request is neither relevant to any of Defendants' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce non-privileged documents responsive to Request No. 8 within his possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning distributions to one or more of the DAF Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to Terry's General Objections, Terry objects to Request No. 9 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy. Terry also objects to this request as vague and

ambiguous in its use of the term "distributions" and to the extent it presupposes the existence

and/or right to any distributions arising from or related to the subject matter of this litigation.

Terry further objects that this Request is neither relevant to any of Defendants' claims or

defenses nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing specific and General Objections, Terry

states that he will produce non-privileged documents responsive to Request No. 9 within his

possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the interest(s) of one or more of the DAF Defendants' in the ACIS CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to Terry's General Objections, Terry objects to Request No. 10 as overbroad,

unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and

other burdens of production substantially outweigh the probative value of any responsive

documents and/or the amount in controversy.  Terry also objects to this Request to the extent it

assumes the existence of "interest(s) of one or more of the DAF Defendants' [sic] in the ACIS

CLOs."  Terry further objects that this Request is neither relevant to any of Defendants' claims

or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing specific and General Objections, Terry

states that he is willing to meet and confer with Defendants to better understand what is sought in

response to this Request.

14

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning HCLOF's interest(s) in the ACIS CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to Terry's General Objections, Terry objects to Request No. 11 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy. Terry further objects to this Request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because HCLOF's interest in the ACIS CLOs is not relevant to any of the DAF Defendants' claims or defenses in this action.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he is willing to meet and confer with Defendants to better understand what is sought in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the interest(s) of one or more of the DAF Defendants in HCLOF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to Terry's General Objections, Terry objects to Request No. 12 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy. Terry further objects that this Request is neither

relevant to any of Defendants' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he is willing to meet and confer with Defendants to better understand what is sought in response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All contracts or agreements between any of U.S. Bank, ACM, Brigade, HCM, Terry and/or HCLOF concerning the ACIS CLOs, liquidation of the ACIS CLOs' assets, distributions from the ACIS CLOs, or the interest(s) of one or more of the DAF Defendants in the ACIS CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to Terry's General Objections, Terry objects to Request No. 13 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy. Terry also objects to this Request to the extent that it is duplicative of Request No. 10. Terry further objects that this Request is neither relevant to any of Defendants' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce non-privileged documents responsive to Request No. 13 within his possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:**

A true and correct executed copy of the HCLOF Settlement Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Terry will produce a copy of the executed HCLOF Settlement Agreement.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the HCLOF Settlement Agreement or the negotiations leading to the HCLOF Settlement Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to Terry's General Objections, Terry objects to Request No. 15 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation and to the extent it purports to require the production of communications protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce non-privileged documents responsive to Request No. 15 within his possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 16:**

All communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the inclusion of either or both of the DAF Defendants in the scope of the release(s) in the HCLOF Settlement Agreement and/or related negotiations concerning same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to Terry's General Objections, Terry objects to Request No. 16 as vague and ambiguous in its description of the "inclusion of either or both of the DAF Defendants in the scope of the release(s) in the HCLOF Settlement Agreement."

Terry refers Defendants to his response and objection to Request No. 15, which sets forth the scope of documents and communications that Terry agrees to produce with respect to the "negotiations leading to the HCLOF Settlement Agreement."

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications concerning any consideration that you claim was received by either or both of the DAF Defendants in connection with the HCLOF Settlement Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to Terry's General Objections, Terry Objects to Request No. 17 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy.  Terry also objects that the consideration is apparent on the face of the agreement.

In addition to Terry's General Objections, Terry objects to Request No. 17 as improper to the extent that it is more properly made in the form of a contention interrogatory, which is not permitted at this stage of discovery pursuant to the Local Civil Rules.  Terry will not produce documents in response to Request No. 17.

**REQUEST FOR PRODUCTION NO. 18:**

A true and correct executed copy of the 2023 Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Terry will produce a copy of the executed 2023 Agreement.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the 2023 Agreement or negotiations leading to the 2023 Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to Terry's General Objections, Terry objects to Request No. 19 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation and to the extent it purports to require the production of documents protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce non-privileged documents responsive to Request No. 19 within his possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications concerning any consideration that you claim was received by either or both of the DAF Defendants in connection with the 2023 Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to Terry's General Objections, Terry Objects to Request No. 20 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy.  Terry also objects that the consideration is apparent on the face of the agreement.

In addition to Terry's General Objections, Terry objects to Request No. 20 as improper to the extent that it is more properly made in the form of a contention interrogatory, which is not

permitted at this stage of discovery pursuant to the Local Civil Rules.  Terry will not produce

documents in response to Request No. 20.

**REQUEST FOR PRODUCTION NO. 21:**

All settlement agreements between any of U.S. Bank, ACM, Brigade, HCM, Terry and/or
HCLOF other than the HCLOF Settlement Agreement and the 2023 Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to Terry's General Objections, Terry objects to Request No. 21 as vague and

ambiguous in its use of the undefined term "settlement agreements."

Subject to and without waiving the foregoing specific and General Objections, Terry

agrees to produce the settlement agreement with HCM referenced in paragraph 50 of the

Complaint and attached thereto as Exhibit M.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry,
Seery, and/or Brigade concerning any settlement agreements requested by or produced in
response to Request for Production No. 21 above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to Terry's General Objections, Terry objects to Request No. 22 as overbroad,

unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and

other burdens of production substantially outweigh the probative value of any responsive

documents and/or the amount in controversy.  Terry further objects to this Request as neither

relevant to any of Defendants' claims or defenses nor reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving the foregoing specific and General Objections, Terry agrees to produce any non-privileged documents responsive to this Request in his possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications concerning the negotiation and execution of any settlement agreements requested by or produced in response to Request for Production No. 21 above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to Terry's General Objections, Terry objects to Request No. 23 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy.  Terry further objects to this Request as neither relevant to any of Defendants' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing specific and General Objections, Terry agrees to produce any non-privileged documents responsive to this Request in his possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications with the DAF Defendants concerning the HCLOF Settlement Agreement, the 2023 Agreement, and/or any settlement agreements requested by or produced in response to Request for Production No. 21 above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to Terry's General Objections, Terry objects to Request No. 24 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation and to the extent it

purports to require the production of documents protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.  Terry further objects that this Request is neither relevant to any of Defendants' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce non-privileged documents responsive to Request No. 24 within his possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 25:**

All documents or communications concerning HCM's involvement in the negotiation and/or execution of the HCLOF Settlement Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to Terry's General Objections, Terry objects to Request No. 25 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation and to the extent it purports to require the production of documents protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce non-privileged documents responsive to Request No. 25 within his possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 26:**

All documents or communications concerning Seery's involvement in the negotiation and/or execution of the HCLOF Settlement Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to Terry's General Objections, Terry objects to Request No. 26 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation and to the extent it purports to require the production of documents protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce non-privileged documents responsive to Request No. 26 within his possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 27:**

All documents or communications concerning HCM's involvement in the negotiation and/or execution of the 2023 Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to Terry's General Objections, Terry objects to Request No. 27 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation and to the extent it purports to require the production of documents protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce non-privileged documents responsive to Request No. 27 within his possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 28:**

All documents or communications concerning Seery's involvement in the negotiation and/or execution of the 2023 Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to Terry's General Objections, Terry objects to Request No. 28 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation and to the extent it purports to require the production of documents protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he does not have any non-privileged documents responsive to this Request in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 29:**

All communications between any of the Plaintiffs, on the one hand, and HCLOF, on the other hand, concerning or reflecting any objection or opposition asserted by HCLOF in connection with any decision to withhold, or withholding of, "funds from the ACIS CLOs' final distributions to cover potential indemnity obligations," as referenced in paragraph 1 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to Terry's General Objections, Terry objects to Request No. 29 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce non-privileged documents responsive to Request No. 29 within his possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and communications concerning the fees or other compensation earned by U.S. Bank and/or ACM in connection with the ACIS CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to Terry's General Objections, Terry objects to Request No. 30 on the grounds that it is as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy. Terry further objects that this Request is neither relevant to Defendants' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing specific and General Objections, Terry refers Defendants to the non-privileged documents or communications related to fees produced in response to NexPoint's First Request for Production.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and communications concerning approval of the fees or other compensation earned by U.S. Bank and/or ACM in connection with the ACIS CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to Terry's General Objections, Terry objects to Request No. 31 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy. Terry also objects to this Request as vague and ambiguous as to the meaning of the undefined term "approval(s)." Terry further objects to this

Request as neither relevant to Defendants' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing specific and General Objections, Terry refers Defendants to the non-privileged documents or communications related to fees Terry has agreed to produce in response to NexPoint's First Request for Production.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and communications concerning the expenses incurred by U.S. Bank and/or ACM in connection with the ACIS CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to Terry's General Objections, Terry objects to Request No. 32 on the grounds that it is as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy.  Terry further objects to this Request as neither relevant to Defendants' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing specific and General Objections, Terry refers Defendants to the non-privileged documents or communications related to expenses Terry has agreed to produce in response to NexPoint's First Request for Production.

**REQUEST FOR PRODUCTION NO. 33:**

All documents and communications concerning approval of the expenses incurred by U.S. Bank and/or ACM in connection with the ACIS CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

In addition to Terry's General Objections, Terry objects to Request No. 33 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy.  Terry also objects to this Request as vague and ambiguous as to the meaning of the undefined term "approval(s)."  Terry further objects to this Request as neither relevant to Defendants' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing specific and General Objections, Terry refers Defendants to the non-privileged documents or communications related to expenses Terry has agreed to produce in response to NexPoint's First Request for Production.

**REQUEST FOR PRODUCTION NO. 34:**

All documents and communications concerning the liquidation of the ACIS CLOs' assets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

In addition to Terry's General Objections, Terry objects to Request No. 34 on the grounds that it is not relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence, as it is not clear what the "liquidation of the ACIS CLOs' assets" has to do with indemnity funds and the settlements related thereto.  Terry further objects that this Request is as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy.

Subject to and without waiving the foregoing specific and General Objections, Terry refers Defendants to the non-privileged documents or communications related to the liquidation of Acis CLO assets Terry has agreed to produce in response to NexPoint's First Request for Production.

**REQUEST FOR PRODUCTION NO. 35:**

All documents  and communications concerning the redemption of the ACIS CLOs' secured notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

In addition to Terry's General Objections, Terry objects to Request No. 35 on the grounds that it is not relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence, as it is not clear what the "redemption of the ACIS CLOs' secured notes" has to do with indemnity funds and the settlements related thereto.  Terry further objects that this Request is as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy.

Subject to and without waiving the foregoing specific and General Objections, Terry refers Defendants to the non-privileged documents or communications related to the redemption of Acis CLO secured notes Terry has agreed to produce in response to NexPoint's First Request for Production.

**REQUEST FOR PRODUCTION NO. 36:**

All documents and communications concerning the funds generated by the liquidation of the ACIS CLOs' assets and redemption of the ACIS CLOs' secured notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Terry objects to Request No. 36 on the grounds that it is not relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence, as it is not clear what the "liquidation of the ACIS CLOs' assets" has to do with indemnity funds and the settlements related thereto.  Terry further objects that this Request is as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce final Trustee reports for the ACIS CLOs, which are sufficient to show proceeds of the liquidation of assets during the Period.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and communications concerning the redemption of the subordinated notes issued by the ACIS CLOs and held by HCLOF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Terry objects to Request No. 37 on the grounds that it is not relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.  Terry further objects that this Request is as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy.

Subject to and without waiving the foregoing specific and General Objections, Terry refers Defendants to the non-privileged documents or communications related to the redemption

of Acis CLO subordinated notes produced in response to NexPoint's First Request for

Production.

**REQUEST FOR PRODUCTION NO. 38:**

Final executed Indentures for each of the ACIS CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Terry agrees to produce copies of the executed indentures for the Acis CLOs.

**REQUEST FOR PRODUCTION NO. 39:**

All documents identified in Section II of Plaintiffs' Initial Disclosures, served on March
20, 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

In addition to Terry's General Objections, Terry objects to Request No. 39 to the extent

that it is duplicative of Request Nos. 2, 14, 15, 18, 19, and 38.

Subject to and without waiving the foregoing specific and General Objections, Terry

states that he will produce non-duplicative documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and communications concerning U.S. Bank's alleged "declin[ation] to
interfere with ACM's management of the ACIS CLOs," as referenced in paragraph 31 of the
Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

In addition to Terry's General Objections, Terry objects to Request No. 40 as overbroad,

unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and

other burdens of production substantially outweigh the probative value of any responsive

documents and/or the amount in controversy.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce non-privileged documents responsive to this Request that are within Terry's possession, custody, or control and which can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and communications concerning HCM's alleged "acqui[sition of] a 51% controlling stake in HCLOF," as referenced in paragraph 31 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Subject to and without waiving the foregoing General Objections, Terry agrees to produce non-privileged documents and communications responsive to this Request that are within Terry's possession, custody, or control and which can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and communications concerning Mr. Seery's directions to HCM "and HCLOF to investigate the claims that DAF and CLO HoldCo brought in the 2019 and 2020 Lawsuits," as referenced in paragraph 48 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Subject to and without waiving the foregoing General Objections, Terry agrees to produce non-privileged documents and communications responsive to this Request that are within Terry's possession, custody, or control and which can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and communications concerning the alleged collaboration between HCM, HCLOF, and ACM "to liquidate the ACIS CLOs' collateral and return cash to their investors," as referenced in paragraph 48 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Subject to and without waiving the foregoing General Objections, Terry agrees to produce non-privileged documents and communications responsive to this Request that are within Terry's possession, custody, or control and which can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and communications concerning HCLOF's purported agreement to release claims related to the ACIS CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

In addition to Terry's General Objections, Terry objects to Request No. 44 as overbroad, unduly burdensome, and disproportionate to the needs of this litigation and as vague or ambiguous in respect of its reference to a "purported agreement" involving HCLOF.  Terry further objects to this Request to the extent it purports to require the production of communications protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.  Terry will construe this Request to refer to HCLOF's purported agreement to release claims related to the Acis CLOs in connection with the "2021 Settlement Agreement."

Subject to and without waiving the foregoing specific and General Objections, Terry agrees to produce non-privileged documents and communications responsive to this Request that are within Terry's possession, custody, or control and which can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and communications concerning the consideration received in exchange for HCLOF's purported agreement to release claims related to the ACIS CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

In addition to Terry's General Objections, Terry objects to Request No. 45 as overbroad, unduly burdensome, and disproportionate to the needs of this litigation and as vague or ambiguous in respect of its reference to a "purported agreement" involving HCLOF.  Terry also objects that the consideration is apparent on the face of the agreement.  Terry further objects to this Request to the extent it purports to require the production of communications protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure. Terry will construe this Request to refer to consideration received in connection with HCLOF's purported agreement to release claims related to the Acis CLOs in connection with the "2021 Settlement Agreement."

Subject to and without waiving the foregoing specific and General Objections, Terry agrees to produce non-privileged documents and communications responsive to this Request that are within Terry's possession, custody, or control and which can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and communications concerning Plaintiffs' allegation that the DAF Defendants "are bound by the HCLOF Settlement Agreement," as referenced in paragraph 50 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

In addition to Terry's General Objections, Terry objects to Request No. 46 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce non-privileged documents responsive to this Request that are within Terry's possession, custody, or control and which can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 47:**

All documents and communications concerning the receipt, use, and/or amount of the "funds that are being held in reserve from distributions to the subordinated noteholders of the ACIS CLOs," as referenced in paragraph 52 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

In addition to the General Objections, Terry objects to Request No. 47 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and other burdens of production substantially outweigh the probative value of any responsive documents and/or the amount in controversy.

Subject to and without waiving the foregoing specific and General Objections, Terry agrees to produce final Trustee reports and monthly reports showing the reserve balances created in accordance with the 2023 agreement, which are sufficient to show the extent of funds withheld in order to secure the indemnity protection afforded to ACM and U.S. Bank under the Acis governing agreements.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and communications concerning Plaintiffs' contention that "[u]nder Guernsey law, DAF and CLO HoldCo cannot assert derivative standing on behalf of HCLOF," as referenced in paragraph 62 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

In addition to Terry's General Objections, Terry Objects to Request No. 48 as overbroad,

unduly burdensome, and disproportionate to the needs of the litigation insofar as the costs and

other burdens of production substantially outweigh the probative value of any responsive

documents and/or the amount in controversy.  Terry also objects that the consideration is

apparent on the face of the agreement.

In addition to Terry's General Objections, Terry objects to Request No. 48 as an

improper contention interrogatory not permitted by the Local Civil Rules at this stage of the

litigation.  Terry will not produce documents or communications in response to this Request.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and communications concerning Plaintiffs' contention that "under Cayman Islands law, [the DAF] Defendants cannot assert derivative standing on behalf of the ACIS CLOs," as referenced in paragraph 63 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

In addition to Terry's General Objections, Terry objects to Request No. 49 as an

improper contention interrogatory not permitted by the Local Civil Rules at this stage of the

litigation.  Terry will not produce documents or communications in response to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

All documents and communications concerning the ownership of the subordinated notes in the ACIS CLOs.

r

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

In addition to Terry's General Objections, Terry objects to Request No. 50 as neither relevant to any of Defendants' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.  Terry will not produce documents or communications in response to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and communications concerning the ownership of the secured notes in the ACIS CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

In addition to Terry's General Objections, Terry objects to Request No. 51 as neither relevant to any of Defendants' claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.  Terry will not produce documents or communications in response to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

All documents and communications concerning the decision to commence this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

In addition to Terry's General Objections, Terry objects to Request No. 52 as overbroad, unduly burdensome, and disproportionate to the needs of this litigation.  Terry further objects to this Request to the extent it purports to require the production of communications protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure. Terry will not produce documents or communications in response to this Request.

**REQUEST FOR PRODUCTION NO. 53:**

All communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the 2019 Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

In addition to Terry's General Objections, Terry objects to Request No. 53 as overbroad, unduly burdensome, and disproportionate to the needs of this litigation.  Terry further objects to this Request to the extent it purports to require the production of communications protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce non-privileged documents responsive to this Request that are within Terry's possession, custody, or control and which can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 54:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning either or both of the DAF Defendants' standing to bring the 2019 Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

In addition to Terry's General Objections, Terry objects to Request No. 54 as wholly duplicative of Request No. 53.  Terry refers Defendants to his response and objection to that Request.

**REQUEST FOR PRODUCTION NO. 55:**

All communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the 2020 Lawsuit.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 55</u>:**

In addition to Terry's General Objections, Terry objects to Request No. 55 as overbroad, unduly burdensome, and disproportionate to the needs of this litigation.  Terry further objects to this Request to the extent it purports to require the production of communications protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.

Subject to and without waiving the foregoing specific and General Objections, Terry states that he will produce non-privileged documents responsive to this Request that are within Terry's possession, custody, or control and which can be located pursuant to a reasonable search.

**<u>REQUEST FOR PRODUCTION NO. 56</u>:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning either or both of the DAF Defendants' standing to bring the 2020 Lawsuit.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 56</u>:**

In addition to Terry's General Objections, Terry objects to Request No. 56 as wholly duplicative of Request No. 55.  Terry refers Defendants to his response and objection to that Request.

Dated: May 15, 2023                          Respectfully submitted,

                                             **QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP**

                                             */s/ Blair A. Adams*
                                             _____

                                             Jonathan E. Pickhardt
                                             Blair A. Adams
                                             Misha Boutilier
                                             Michael R. Bloom
                                             Jeffery C. Arnier, Jr.
                                             51 Madison Avenue, 22nd Floor
                                             New York, New York 10010
                                             (212) 849-7000
                                             *Attorneys for Plaintiff Joshua N. Terry*

## **CERTIFICATE OF SERVICE**

I, <u>Jeffery C. Arnier, Jr.</u>, hereby certify that on the date set forth below I caused a true and correct copy of the foregoing *Plaintiff Joshua N. Terry's Responses and Objections to Defendants The Charitable Donor Advised Fund, L.P. and CLO HoldCo Ltd.'s First Set of Requests for Production* to be served via e-mail to the following:

**PARSONS MCENTIRE MCCLEARY PLLC**
Sawnie A. McEntire
1700 Pacific Ave., Suite 4400
Dallas, TX 75201
Tel: (214) 237-4300
smcentire@pmmlaw.com

Roger L. McLeary
One Riverway, Suite 1800
Houston, TX 77056
Tel: (713) 960-7315
rmccleary@pmmlaw.com

**GLENN AGRE BERGMAN & FUENTES LLP**
Lindsey R. Skibell
Jewel Tewiah
1185 Avenue of the Americas
New York, NY 10036
Tel: (212) 358-5600
rskibell@glennagre.com
jtewiah@glennagre.com

Dated: New York, New York
       May 15, 2023

By:  <u>/s/ Jeffery C. Arnier, Jr.</u>
       Jeffery C. Arnier, Jr.