# EXHIBIT 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY AND ACIS CAPITAL MANAGEMENT, L.P., <br><br> *Plaintiffs*, <br><br> v. <br><br> THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD. AND NEXPOINT DIVERSIFIED REAL ESTATE TRUST, <br><br> *Defendants*. | Case No. 1:21-cv-11059 (GHW) |

### RESPONSES AND OBJECTIONS OF PLAINTIFF U.S. BANK NATIONAL ASSOCIATION TO DEFENDANTS/COUNTER-PLAINTIFFS THE CHARITABLE DONOR ADVISED FUND, L.P. AND CLO HOLDCO, LTD.'S FIRST REQUEST FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), Plaintiff U.S. Bank National Association, solely in its capacity as Trustee ("U.S. Bank" or the "Trustee"), by and through its undersigned counsel, hereby responds to Defendants/Counterclaim-Plaintiffs Charitable DAF Fund, L.P. a/k/a The Charitable Donor Advised Fund, L.P.'s ("DAF") and CLO HoldCo, Ltd.'s ("CLOH") (collectively, the "DAF Defendants") First Request for Production, dated April 14, 2023 (the "Requests," and each, a "Request").

### GENERAL OBJECTIONS

1.      U.S. Bank objects to the Requests, including the Definitions, Rules of Construction and Instructions, to the extent they purport to impose obligations on it beyond those contained in the Federal Rules, the Local Rules for the United States District Court for the Southern District of New York (the "Local Rules") or any other applicable rules, laws or court order (collectively, the "Applicable Rules").

2.      U.S. Bank objects to the Requests as overbroad and unduly burdensome to the extent they purport to seek the production of "all" documents or communications with respect to a particular matter. In responding to these Requests, U.S. Bank will conduct a reasonably diligent search for responsive materials in those files it believes might contain documents or information that are relevant to the subject matter of this action or will lead to the discovery of admissible evidence, including the files maintained by persons who had substantive involvement in the matters at issue.

3.      U.S. Bank objects to the Requests to the extent they purport to seek information (a) protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege or the joint defense privilege or otherwise protected from disclosure by any other privilege, statute, rule, regulation or common law principle, or (b) that was prepared, generated or received in anticipation of litigation.  The inadvertent or unintentional disclosure of such information is not intended and shall not be deemed to be a waiver in whole or in part of the confidential, privileged or otherwise protected nature of the information disclosed, or as to any other information relating thereto or on the same or related subject matter.

4.      U.S. Bank objects to the Requests as overbroad and unduly burdensome to the extent they contain duplicative or repetitive requests or are cumulative in nature.

5.      U.S. Bank objects to the Requests as unduly burdensome to the extent they are duplicative of requests served upon it by other parties in this action.  U.S. Bank will not reproduce responsive documents and information in response to such Requests, but will make available to DAF Defendants copies of materials previously produced in response to the prior requests.

6.     U.S. Bank objects to the Requests to the extent they are vague and ambiguous, overbroad, unduly burdensome, lacking in particularity, unreasonable or oppressive, fail to define the documents or information sought with the specificity required by the Applicable Rules, or call for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

7.     U.S. Bank objects to the Requests to the extent the burden or expense of responding to the Requests would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

8.     U.S. Bank objects to the Requests to the extent they purport to seek information that is (a) not in its actual possession, custody or control, (b) a matter of public record or filed in court or (c) in the possession, custody or control, or otherwise equally available to, DAF Defendants.

9.     A response by U.S. Bank that it will produce documents in response to a Request shall not be interpreted to mean that such documents in fact exist or that they are within U.S. Bank's possession, custody or control, but rather only that if non-objectionable, non-privileged documents exist or are within U.S. Bank's possession, custody or control, and are identified pursuant to U.S. Bank's reasonably diligent search, they will be produced in response to a Request.

10.     U.S. Bank objects to the Requests to the extent they purport to seek production of confidential and/or proprietary information of U.S. Bank or third parties which U.S. Bank may be prohibited by law or agreement from disclosing.  U.S. Bank will produce non-privileged

responsive documents and information subject to a mutually acceptable Stipulated

Confidentiality Agreement and Protective Order.

11.      U.S. Bank's investigation and search for responsive information is ongoing, and

the response to each Request reflects information to the extent known as of the time the response

was prepared.  Pursuant to Rule 26(e) of the Federal Rules, U.S. Bank reserves the right to

supplement and amend its responses and objections, if necessary, to reflect additional

information or to seek a protective order, and objects to Instruction 12 to the extent it purports to

impose obligations on U.S. Bank beyond Rule 26(e).

12.      U.S. Bank incorporates by reference the objections of any party to the same or

similar Requests.

13.      Copies of documents responsive to the Requests will be produced by U.S. Bank

at a mutually convenient time and place and on a rolling basis.

14.      U.S. Bank reserves all of its objections as to the admissibility, relevancy,

materiality or other objections to any of the documents and information produced.

15.      Counsel for U.S. Bank is willing to meet and confer with counsel for DAF

Defendants concerning these responses and objections for the purpose of resolving disputes

without the need for intervention by the Court.

## OBJECTIONS TO INSTRUCTIONS, RULES
## OF CONSTRUCTION AND DEFINITIONS

1.      U.S. Bank objects to Instruction No. 3 as overbroad and unduly burdensome to

the extent it purports to define as within U.S. Bank's possession, custody or control, documents

and communications in the possession, custody and control of "any spouses, agents, employees,

officer, directors, shareholders, partners, general partners, legal representatives, predecessors,

successors, children, heirs and assigns."  U.S. Bank will produce documents and information in

the actual possession, custody and control of it and its present officers, directors, employees, affiliates, subsidiaries, partners, general partners and parent companies that are identified pursuant to U.S. Bank's reasonably diligent search.

2.       U.S. Bank objects to Instruction No. 5 as unduly burdensome and to the extent it purports to impose obligations on it beyond those contained in the Applicable Rules, and will not produce a "lost documents log."

3.       U.S. Bank objects to Instruction No. 6 as unduly burdensome, vague and ambiguous and to the extent it purports to impose obligations on it beyond those contained in the Applicable Rules.  U.S. Bank will produce documents as they are maintained in the ordinary course and will not otherwise "clearly designate[] [them] so as to reflect their source, owner, and/or custodian."

4.       U.S. Bank objects to Instruction No. 7 as unduly burdensome, vague and ambiguous and to the extent it purports to impose obligations on it beyond those contained in the Applicable Rules to the extent it requests "explanations" together with the production of documents.

5.       U.S. Bank objects to Instruction No.8 to the extent it purports to require the production of a privilege log with a document-by-document listing of documents or communications protected by the attorney-client privilege, work-product doctrine, the common interest privilege or the joint defense privilege or otherwise protected from disclosure.  *See* Local Rule 26.2(c).

6.       U.S. Bank objects to the time period purported to be covered by the Requests ("January 1, 2014, to Present") (*see* Rule of Construction No. 1) as overbroad and unduly burdensome.  Unless otherwise stated in response to a Request, U.S. Bank will produce

documents and information for the period June 1, 2020 to March 30, 2023, consistent with the time period set out in the *Responses and Objections of Plaintiff U.S. Bank National Association to Defendant/Counter-Plaintiff NexPoint Diversified Real Estate Trust's ("NexPoint") First Request for Production to Each of the Plaintiffs/Counter-Defendants*, dated May 4, 2023 ("U.S. Bank's Responses to NexPoint's Document Requests").

7.    U.S. Bank objects to Rule of Construction No. 8 and the Definitions as overbroad and unduly burdensome to the extent they seek to impose obligations on U.S. Bank beyond those in the Applicable Rules insofar as an "entity" is defined to include its "past officers, directors, employees, agents, affiliates, subsidiaries, owners, partners, general partners, shareholders, representatives, attorneys, predecessors, successors, assigns, related entities, parent companies, and/or any other person(s) acting on behalf of such entity" and its present "agents, owners, shareholders, representatives, attorneys, predecessors, successors, assigns, related entities, and/or any other person(s) acting on behalf of such entity."  U.S. Bank will interpret an "entity" to mean it and its present officers, directors, employees, affiliates, subsidiaries, partners, general partners and parent companies.

8.    U.S. Bank objects to the definition of "2023 Agreement" as vague and ambiguous and calling for a legal conclusion and interprets that term to mean the February 28, 2023 agreement under which funds were reserved to secure the indemnification rights of U.S. Bank and ACM with respect to claims and actions that may be taken against them with respect to the ACIS CLOs.

9.    U.S. Bank objects to the definition of "Communication(s)" to the extent it is broader than the uniform definition of "communication" in Local Rule 26.3(c)(1).

10.   U.S. Bank objects to the definition of "Concerning" to the extent it is broader

than the uniform definition of "concerning" in Local Rule 26.3(c)(7).

11.     U.S. Bank objects to the definitions of "Document" and "Documents" to the extent they are broader than the uniform definition of "document" in Local Rule 26.3(c)(2).

12.     U.S. Bank objects to the definitions of "Electronically Stored Information" and "ESI" to the extent they are broader than the definition in Rule 34(a)(1)(A).

13.     U.S. Bank objects to the definition of "identify or identity(ies) (person(s)" to the extent it is broader than the uniform definition of "identify" in Local Rule 26.3(c)(3).

14.     U.S. Bank objects to the definition of "identify or identity(ies) (document(s)" to the extent it is broader than the uniform definition of "identify" in Local Rule 26.3(c)(4).

15.     U.S. Bank objects to the definitions of "U.S. Bank," "you," and "your" as overbroad and unduly burdensome to the extent they include "owners, shareholders, agents, representatives, attorneys, predecessors, successors, assigns, related entities, and/or entities in which U.S. Bank is a general partner or owns an entities' general partner, or anyone else acting on U.S. Bank's behalf. U.S. Bank further objects to the definition of "U.S. Bank," "you," and "your" to the extent it includes "at any time relevant to the response" as overbroad, unduly burdensome, vague and ambiguous and lacking in particularity. U.S. Bank will interpret "U.S. Bank," "you," and "your" to mean U.S. Bank National Association, in its capacity as trustee.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving any of the foregoing General Objections, which are incorporated by reference into each of the following Specific Responses and Objections, U.S. Bank responds and objects to the specific Requests as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications concerning your allegations of Dondero's purported control or functional control of either or both of the DAF Defendants, as referenced in paragraphs 1, 19, 28, 31, and 54 of the Complaint.

**RESPONSE AND OBJECTION TO REQUEST NO. 1:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are equally available to DAF Defendants.  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged documents and communications, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications concerning the DAF Defendants' alleged "continued threat of additional claims," as referenced in paragraph 1 of the Complaint.

**RESPONSE AND OBJECTION TO REQUEST NO. 2:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged documents and communications, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications concerning U.S. Bank and/or ACM's purported right to withhold, or withholding of, "funds from the ACIS CLOs' final distributions to cover potential indemnity obligations," as referenced in paragraph 1 of the Complaint.

**RESPONSE AND OBJECTION TO REQUEST NO. 3:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged documents and communications, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications concerning U.S. Bank and/or ACM's decision to withhold, or withholding of, "funds from the ACIS CLOs' final distributions to cover potential indemnity obligations," as referenced in paragraph 1 of the Complaint.

**RESPONSE AND OBJECTION TO REQUEST NO. 4:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged documents and communications, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning any approval(s) of U.S. Bank and/or ACM's decision to withhold, or withholding of, "funds from the ACIS CLOs' final distributions to cover potential indemnity obligations," as referenced in paragraph 1 of the Complaint.

**RESPONSE AND OBJECTION TO REQUEST NO. 5:**

U.S. Bank objects to this Request on the grounds that it that it is overbroad, unduly burdensome, that the undefined term "approval" is vague and ambiguous, to the extent it suggests that any "approval" was necessary or required with respect to any "decision to withhold, or withholding of, 'funds from the ACIS CLOs' final distributions to cover potential indemnity obligations,'" and is duplicative of other Requests (*see* Request Nos. 6 and 7)**.**   U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged documents and communications, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications reflecting any approval(s) by HCLOF of any decision to withhold, or withholding of, "funds from the ACIS CLOs' final distributions to cover potential indemnity obligations" as referenced in paragraph 1 of the Complaint.

**RESPONSE AND OBJECTION TO REQUEST NO. 6:**

U.S. Bank objects to this Request on the grounds that it that it is overbroad, unduly burdensome, that the undefined term "approval" is vague and ambiguous, to the extent it suggests that "approval" by HCLOF was necessary or required with respect to any "decision to withhold, or withholding of, 'funds from the ACIS CLOs' final distributions to cover potential indemnity obligations,'" and is duplicative of other Requests (*see* Request Nos. 5 and 7). U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank states that it has no non-privileged documents and communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications reflecting any approval(s) by HCLOF of any decision to withhold, or withholding of, funds from the ACIS CLOs' distributions for any purpose at any time.

**RESPONSE AND OBJECTION TO REQUEST NO. 7:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, that the undefined term "approval" is vague and ambiguous, to the extent it suggests that "approval" by HCLOF was necessary or required with respect to "any decision to withhold, or withholding of, finds from the ACIS CLOs' distributions," and is duplicative of other Requests (*see* Request Nos. 5 and 6). U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account

the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank states that it has no non-privileged documents and communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning distributions to HCLOF.

**RESPONSE AND OBJECTION TO REQUEST NO. 8:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects to the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged documents and communications, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning distributions to one or more of the DAF Defendants.

**RESPONSE AND OBJECTION TO REQUEST NO. 9:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome and calls for information that is neither relevant to the claims, defenses or subject

matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged documents and communications, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the interest(s) of one or more of the DAF Defendants' [sic] in the ACIS CLOs.

**RESPONSE AND OBJECTION TO REQUEST NO. 10:**

U.S. Bank objects to this Request on the grounds that it is duplicative of other Requests, overbroad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning HCLOF's interest(s) in the ACIS CLOs.

**RESPONSE AND OBJECTION TO REQUEST NO. 11:**

U.S. Bank objects to this Request on the grounds that it is duplicative of other Requests, that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the interest(s) of one or more of the DAF Defendants in HCLOF.

**RESPONSE AND OBJECTION TO REQUEST NO. 12:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 13:**

All contracts or agreements between any of U.S. Bank, ACM, Brigade, HCM, Terry and/or HCLOF concerning the ACIS CLOs, liquidation of the ACIS CLOs' assets, distributions from the ACIS CLOs, or the interest(s) of one or more of the DAF Defendants in the ACIS CLOs.

**RESPONSE AND OBJECTION TO REQUEST NO. 13:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

A true and correct executed copy of the HCLOF Settlement Agreement.

**RESPONSE AND OBJECTION TO REQUEST NO. 14:**

Subject to and without waiving the General Objections, U.S. Bank will produce a copy of the executed HCLOF Settlement Agreement.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the HCLOF Settlement Agreement or the negotiations leading to the HCLOF Settlement Agreement.

**RESPONSE AND OBJECTION TO REQUEST NO. 15:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged documents and communications, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the inclusion of either or both of the DAF Defendants in the scope of the release(s) in the HCLOF Settlement Agreement and/or related negotiations concerning same.

**RESPONSE AND OBJECTION TO REQUEST NO. 16:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and is duplicative of other Requests (*see* Request No. 15). U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged communications, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications concerning any consideration that you claim was received by either or both of the DAF Defendants in connection with the HCLOF Settlement Agreement.

**RESPONSE AND OBJECTION TO REQUEST NO. 17:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, that the term "consideration" is vague and ambiguous, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues. U.S. Bank further

objects that this Request is in the nature of a contention interrogatory which is not permitted at

this stage in the litigation under the Local Rules.

**REQUEST FOR PRODUCTION NO. 18:**

A true and correct executed copy of the 2023 Agreement.

**RESPONSE AND OBJECTION TO REQUEST NO. 18:**

Subject to and without waiving the General Objections, U.S. Bank will produce a

copy of the executed 2023 Agreement.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry,
Seery, and/or Brigade concerning the 2023 Agreement or negotiations leading to the 2023
Agreement.

**RESPONSE AND OBJECTION TO REQUEST NO. 19:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly

burdensome, and that the burden or expense of responding to this Request would be

disproportionate to the likely benefit, taking into account the amount in controversy, the

resources of the parties, the importance of the issues in the litigation and the importance of the

discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S.

Bank will produce copies of non-privileged documents and communications, if any, responsive

to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications concerning any consideration that you claim was
received by either or both of the DAF Defendants in connection with the 2023 Agreement.

**RESPONSE AND OBJECTION TO REQUEST NO. 20:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, that the term "consideration" is vague and ambiguous, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank further objects that this Request is in the nature of a contention interrogatory which is not permitted at this stage in the litigation under the Local Rules.

**REQUEST FOR PRODUCTION NO. 21:**

All settlement agreements between any of U.S. Bank, ACM, Brigade, HCM, Terry and/or HCLOF other than the HCLOF Settlement Agreement and the 2023 Agreement.

**RESPONSE AND OBJECTION TO REQUEST NO. 21:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank states that it has no non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning any settlement agreements requested by or produced in response to Request for Production No. 21 above.

**RESPONSE AND OBJECTION TO REQUEST NO. 22:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank states that it has no non-privileged documents or communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications concerning the negotiation and execution of any settlement agreements requested by or produced in response to Request for Production No. 21 above.

**RESPONSE AND OBJECTION TO REQUEST NO. 23:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, is duplicative of other Requests (*see* Request No. 22), and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank states that it has no non-privileged documents or communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications with the DAF Defendants concerning the HCLOF Settlement Agreement, the 2023 Agreement, and/or any settlement agreements requested by or produced in response to Request for Production No. 21 above.

**RESPONSE AND OBJECTION TO REQUEST NO. 24:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged documents and communications, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All documents or communications concerning HCM's involvement in the negotiation and/or execution of the HCLOF Settlement Agreement.

**RESPONSE AND OBJECTION TO REQUEST NO. 25:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the

resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank states that it has no non-privileged documents or communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All documents or communications concerning Seery's involvement in the negotiation and/or execution of the HCLOF Settlement Agreement.

**RESPONSE AND OBJECTION TO REQUEST NO. 26:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank states that it has no non-privileged documents or communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All documents or communications concerning HCM's involvement in the negotiation and/or execution of the 2023 Agreement.

**RESPONSE AND OBJECTION TO REQUEST NO. 27:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the

resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank states that it has no non-privileged documents or communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All documents or communications concerning Seery's involvement in the negotiation and/or execution of the 2023 Agreement.

**RESPONSE AND OBJECTION TO REQUEST NO. 28:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank states that it has no non-privileged documents or communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

All communications between any of the Plaintiffs, on the one hand, and HCLOF, on the other hand, concerning or reflecting any objection or opposition asserted by HCLOF in connection with any decision to withhold, or withholding of, "funds from the ACIS CLOs' final distributions to cover potential indemnity obligations," as referenced in paragraph 1 of the Complaint.

**RESPONSE AND OBJECTION TO REQUEST NO. 29:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and that the burden or expense of responding to this Request would be

disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged communications, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and communications concerning the fees or other compensation earned by U.S. Bank and/or ACM in connection with the ACIS CLOs.

**RESPONSE AND OBJECTION TO REQUEST NO. 30:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of this action as it relates to DAF Defendants, nor reasonably calculated to lead to the discovery of admissible evidence.  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers to non-privileged documents and communications, if any, produced in response to NexPoint's First Request for Production.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and communications concerning approval of the fees or other compensation earned by U.S. Bank and/or ACM in connection with the ACIS CLOs.

**RESPONSE AND OBJECTION TO REQUEST NO. 31:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, that the undefined term "approval" is vague and ambiguous, to the extent it

suggests that "approval" was necessary or required with respect to "the fees or compensation earned by U.S. Bank and/or ACM in connection with the ACIS CLOs," and calls for information that is neither relevant to the claims, defenses or subject matter of this action as it relates to DAF Defendants, nor reasonably calculated to lead to the discovery of admissible evidence.   U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers to non-privileged documents and communications, if any, produced by U.S. Bank in response to NexPoint's First Request for Production.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and communications concerning the expenses incurred by U.S. Bank and/or ACM in connection with the ACIS CLOs.

**RESPONSE AND OBJECTION TO REQUEST NO. 32:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of this action as it relates to DAF Defendants, nor reasonably calculated to lead to the discovery of admissible evidence.  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers to non-privileged documents and communications, if any, produced by U.S. Bank in response to NexPoint's First Request for Production.

**REQUEST FOR PRODUCTION NO. 33:**

All documents and communications concerning approval of the expenses incurred by U.S. Bank and/or ACM in connection with the ACIS CLOs.

**RESPONSE AND OBJECTION TO REQUEST NO. 33:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, that the undefined term "approval" is vague and ambiguous, to the extent it suggests that any "approval" was necessary or required with respect to "the expenses incurred by U.S. Bank and/or ACM in connection with the ACIS CLOs," and calls for information that is neither relevant to the claims, defenses or subject matter of this action as it relates to DAF Defendants, nor reasonably calculated to lead to the discovery of admissible evidence.   U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers to non-privileged documents and communications, if any, produced by U.S. Bank in response to NexPoint's First Request for Production.

**REQUEST FOR PRODUCTION NO. 34:**

All documents and communications concerning the liquidation of the ACIS CLOs' assets.

**RESPONSE AND OBJECTION TO REQUEST NO. 34:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers to non-privileged documents and communications, if any, produced by U.S. Bank in response to NexPoint's First Request for Production.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and communications concerning the redemption of the ACIS CLOs' secured notes.

**RESPONSE AND OBJECTION TO REQUEST NO. 35:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers to non-privileged documents and communications, if any, produced by U.S. Bank in response to NexPoint's First Request for Production.

**REQUEST FOR PRODUCTION NO. 36:**

All documents and communications concerning the funds generated by the liquidation of the ACIS CLOs' assets and redemption of the ACIS CLOs' secured notes.

**RESPONSE AND OBJECTION TO REQUEST NO. 36:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers to non-privileged documents and communications, if any, produced by U.S. Bank in response to NexPoint's First Request for Production.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and communications concerning the redemption of the subordinated notes issued by the ACIS CLOs and held by HCLOF.

**RESPONSE AND OBJECTION TO REQUEST NO. 37:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be

disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers to non-privileged documents and communications, if any, produced by U.S. Bank in response to NexPoint's First Request for Production.

**REQUEST FOR PRODUCTION NO. 38:**

Final executed Indentures for each of the ACIS CLOs.

**RESPONSE AND OBJECTION TO REQUEST NO. 38:**

U.S. Bank objects to this Request on the grounds that it calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of the executed Indentures for the ACIS CLOs.

**REQUEST FOR PRODUCTION NO. 39:**

All documents identified in Section II of Plaintiffs' Initial Disclosures, served on March 20, 2023.

**RESPONSE AND OBJECTION TO REQUEST NO. 39:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and is duplicative of other Requests (*see* Request Nos. 2, 14, 15, 16, 17, 24, 25, 26 and 46).  U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank refers DAF Defendants to documents produced in response to the aforementioned duplicative Requests and states that it will produce copies of additional non-privileged documents, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and communications concerning U.S. Bank's alleged "declin[ation] to interfere with ACM's management of the ACIS CLOs," as referenced in paragraph 31 of the Complaint.

**RESPONSE AND OBJECTION TO REQUEST NO. 40:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged documents and communications, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and communications concerning HCM's alleged "acqui[sition of] a 51% controlling stake in HCLOF," as referenced in paragraph 31 of the Complaint.

**RESPONSE AND OBJECTION TO REQUEST NO. 41:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be

disproportionate to the likely benefit, taking into account the amount in controversy, the

resources of the parties, the importance of the issues in the litigation and the importance of the

discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S.

Bank states that it has no non-privileged documents and communications responsive to this

Request.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and communications concerning Mr. Seery's directions to HCM "and
HCLOF to investigate the claims that DAF and CLO HoldCo brought in the 2019 and 2020
Lawsuits," as referenced in paragraph 48 of the Complaint.

**RESPONSE AND OBJECTION TO REQUEST NO. 42:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly

burdensome, and that the burden or expense of responding to this Request would be

disproportionate to the likely benefit, taking into account the amount in controversy, the

resources of the parties, the importance of the issues in the litigation and the importance of the

discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S.

Bank states that it has no non-privileged documents and communications responsive to this

Request.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and communications concerning the alleged collaboration between
HCM, HCLOF, and ACM "to liquidate the ACIS CLOs' collateral and return cash to their
investors," as referenced in paragraph 48 of the Complaint.

**RESPONSE AND OBJECTION TO REQUEST NO. 43:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly

burdensome, and that the burden or expense of responding to this Request would be

disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank states that it has no non-privileged documents and communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and communications concerning HCLOF's purported agreement to release claims related to the ACIS CLOs.

**RESPONSE AND OBJECTION TO REQUEST NO. 44:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank will interpret this Request to mean "HCLOF's purported agreement to release claims related to the ACIS CLOs" in connection with the 2021 Settlement.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged documents and communications, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 45:**

All documents and communications concerning the consideration received in exchange for HCLOF's purported agreement to release claims related to the ACIS CLOs.

**RESPONSE AND OBJECTION TO REQUEST NO. 45:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, vague and ambiguous and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.  U.S. Bank will interpret this Request to mean "consideration received in exchange for HCLOF's purported agreement to release claims related to the ACIS CLOs" in connection with the 2021 Settlement Agreement.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged documents and communications, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and communications concerning Plaintiffs' allegation that the DAF Defendants "are bound by the HCLOF Settlement Agreement," as referenced in paragraph 50 of the Complaint.

**RESPONSE AND OBJECTION TO REQUEST NO. 46:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged documents and communications, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

All documents and communications concerning the receipt, use, and/or amount of the "funds that are being held in reserve from distributions to the subordinated noteholders of the ACIS CLOs," as referenced in paragraph 52 of the Complaint.

**RESPONSE AND OBJECTION TO REQUEST NO. 47:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged documents and communications, if any, sufficient to identify the amount of funds being reserved to secure the indemnification rights of the Trustee and portfolio manager of the ACIS CLOs with respect to claims and actions that may be taken against them with respect to the ACIS CLOs.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and communications concerning Plaintiffs' contention that "[u]nder Guernsey law, DAF and CLO HoldCo cannot assert derivative standing on behalf of HCLOF," as referenced in paragraph 62 of the Complaint.

**RESPONSE AND OBJECTION TO REQUEST NO. 48:**

U.S. Bank objects to this Request on the grounds that it is overbroad and unduly burdensome.  U.S. Bank further objects that this Request is in the nature of a contention interrogatory which is not permitted at this stage in the litigation under the Local Rules.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and communications concerning Plaintiffs' contention that "under Cayman Islands law, [the DAF] Defendants cannot assert derivative standing on behalf of the ACIS CLOs," as referenced in paragraph 63 of the Complaint.

**RESPONSE AND OBJECTION TO REQUEST NO. 49:**

U.S. Bank objects to this Request on the grounds that it is overbroad and unduly burdensome.  U.S. Bank further objects that this Request is in the nature of a contention interrogatory which is not permitted at this stage in the litigation under the Local Rules.

**REQUEST FOR PRODUCTION NO. 50:**

All documents and communications concerning the ownership of the subordinated notes in the ACIS CLOs.

**RESPONSE AND OBJECTION TO REQUEST NO. 50:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and communications concerning the ownership of the secured notes in the ACIS CLOs.

**RESPONSE AND OBJECTION TO REQUEST NO. 51:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the

resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 52:**

   All documents and communications concerning the decision to commence this Lawsuit.

**RESPONSE AND OBJECTION TO REQUEST NO. 52:**

   U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

**REQUEST FOR PRODUCTION NO. 53:**

   All communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the 2019 Lawsuit.

**RESPONSE AND OBJECTION TO REQUEST NO. 53:**

   U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged communications, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning either or both of the DAF Defendants' standing to bring the 2019 Lawsuit.

**RESPONSE AND OBJECTION TO REQUEST NO. 54:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and duplicative of other Requests (*see* Request No. 53). U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S. Bank will produce copies of non-privileged documents and communications, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 55:**

All communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the 2020 Lawsuit.

**RESPONSE AND OBJECTION TO REQUEST NO. 55:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. U.S. Bank further objects that the burden or expense of responding to this Request would be disproportionate to the likely benefit, taking into account the amount in controversy, the

resources of the parties, the importance of the issues in the litigation and the importance of the

discovery in resolving the issues.

Subject to and without waiving this objection and the General Objections, U.S.

Bank will produce copies of non-privileged communications, if any, responsive to this Request.

**REQUEST FOR PRODUCTION NO. 56:**

All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning either or both of the DAF Defendants' standing to bring the 2020 Lawsuit.

**RESPONSE AND OBJECTION TO REQUEST NO. 56:**

U.S. Bank objects to this Request on the grounds that it is overbroad, unduly

burdensome, and is duplicative of other Requests (*see* Request No. 55).  U.S. Bank further

objects that the burden or expense of responding to this Request would be disproportionate to the

likely benefit, taking into account the amount in controversy, the resources of the parties, the

importance of the issues in the litigation and the importance of the discovery in resolving the

issues.

Subject to and without waiving this objection and the General Objections, U.S.

Bank will produce copies of non-privileged documents and communications, if any, responsive

to this Request.

Dated: May 15, 2023
New York, New York

SEWARD & KISSEL, LLP
By: */s/ Mark D. Kotwick*
Mark D. Kotwick
Thomas Ross Hooper
Julie J. Hong
One Battery Park Plaza
New York, NY 10004
(212) 574-1200
kotwick@sewkis.com
hooper@sewkis.com
hong@sewkis.com

*Attorneys for Plaintiff U.S. Bank National
Association, in its capacity as Trustee*