# EXHIBIT 17 Part I



October 20, 2017

**VIA EMAIL AND FIRST CLASS MAIL**

NOTICE TO ALL PARTIES
(Please See Service List)

      Re:    *Terry, Joshua N. vs. Highland Capital Management, LP., et al.*
              *JAMS Ref. No.: 1310022713*

Dear Counsel:

Enclosed please find the **Final Award** executed by the arbitrator.

Please feel free to contact me should you have any questions.

Thank you,

Judy E. Stephenson
Senior Case Manager
jstephenson@jamsadr.com

Enclosure

JAMS

| | |
|---|---|
| TERRY, JOSHUA N. § <br> § <br> Claimant, § <br> § <br> v. § <br> § <br> HIGHLAND CAPITAL § <br> MANAGEMENT, LP, ACIS CAPITAL § <br> MANAGEMENT, LP, ACIS CAPITAL § <br> MANAGEMENT GP, LLC, DONDERO § <br> JAMES D. as TRUSTEE/THE DUGABOY § <br> INVESTMENT TRUST and § <br> OKADA, MARK K. § <br> § <br> Respondents. § | JAMS ARBITRATION NO. 1310022713 |

## FINAL AWARD

**Parties and Counsel**: The parties are identified in the caption and are represented as follows:

>Brain P. Shaw
>Rogge Dunn
>Clouse Dunn LLP
>1201 Elm Street, Suite 5200
>Dallas, TX 75270
>Phone: 214-220-3888; Fax: 214-330-3833
>Email: shaw@clousedunn.com
>Email: rogge@clousedunn.com
>Counsel for Claimant, Joshua N. Terry

>Paul B. Lackey
>Jamie R. Welton
>Bruce E. Bagelman
>Lackey Hershman LLP
>3102 Oak Lawn Avenue, Suite 777
>Dallas, TX 75219
>Phone: 214-560-2201; Fax: 214-560-2203
>Email: pbl@lhlaw.net
>Email: jrw@lhlaw.net

|  |  |
|---|---|
|  | Email: beb@lhlaw.net |
|  | AND |
|  | Marc D. Katz<br>Robert M. Hoffman<br>Andrews Kurth LLP<br>1717 Main Street, Suite 3700<br>Dallas, TX 75201<br>Phone: 214-659-4400; Fax: 214-659-4401<br>Email: marckatz@andrewskurth.com<br>Email: robhoffman@andrewskurth.com<br>Counsel for Respondents, Highland Capital Management, LP, ACIS Capital Management, LP, ACIS Capital Management GP, LLC, Dondero, James D. as Trustee/The Dugaboy Investment Trust, and Okada, Mark K. |
| **Arbitrator**: | Hon. Harlan Martin<br>Hon. Glen M. Ashworth (Ret.)<br>Hon. Mark Whittington (Ret.)<br>JAMS<br>8401 N. Central Expressway, Suite 610<br>Dallas, Texas 75225<br>Telephone: 214-744-5267; Fax: 214-720-6010 |
| **Case Manager**: | Judy Stephenson<br>JAMS<br>8401 N. Central Expressway, Suite 610<br>Dallas, Texas 75225<br>Email: jtephenson@jamsadr.com<br>Telephone: 214-891-4523; Fax: 214-720-6010 |

### HEARING

In accordance with the Parties' agreement to arbitrate and Court Order, disputes between Claimant, Joshua N. Terry ("Terry") and Highland Capital Management, LP, ("Highland"), ACIS

Capital Management, LP ("ACIS"), ACIS Capital Management GP, LLC ("ACIS GP"), James Dondero, as Trustee of the Dugaboy Investment Trust ("Trust"), and Mark K. Okada ("Okada"), all Respondents were submitted to binding arbitration before JAMS. The Arbitration Panel members are the Hon. Glen M. Ashworth (Ret.), the Hon. Mark Whittington (Ret.) and the Hon. Harlan Martin (Former), serving as Chairman of the Panel.

The arbitration hearing was conducted in Dallas, Texas on the dates of September 2, 3, 6, 7, 8, 11, 12, 13, 14 and 15, 2017, with additional briefing submitted thereafter. The briefing was closed and the hearing was complete on September 28, 2017.

## PROCEDURAL BACKGROUND

In Cause No. DC-16-11396, styled Highland Capital Management, LP vs. Joshua N. Terry, the 162nd Judicial District Court stayed the litigation and Ordered the parties to arbitration.

The Panel has previously dismissed all claims stated by Terry against Jams Dondero, individually. James Dondero is not an appropriate party to this proceeding and did not obligate himself to the Parties' arbitration agreement.

The Panel has previously dismissed Terry's claims for Declaratory Judgment relief.

The Panel has previously dismissed Terry's claims for Exemplary Damages, as same are an excluded remedy by the terms of the Parties' arbitration agreement.

The Panel has previously denied Respondents' Motion to Disqualify Clouse Dunn and ruled that the firm is not disqualified to represent Terry.

The Panel has declined to entertain any request for injunctive relief.

## REMAINING CLAIMS STATED BY PARTIES

Terry states claims against Highland for Sabine Pilot wrongful termination and seeks damages for deferred compensation, unpaid wages, future wages and reimbursement of benefits not paid. Terry states claims against ACIS, ACIS GP and Highland for reputational damages, resulting from statements published in the pending District Court litigation and a press release to Law 360.

Terry states claims against ACIS, ACIS GP, Trust and Okada for breach of contract and seeks damages for amounts due under the terms of the ACIS LPA and damages resulting from overcharging expenses and withholding of retirement assets.

Terry states claims against ACIS and ACIS GP for fraud.

Terry states claims against ACIS GP for breach of fiduciary duty.

Terry states claims against ACIS, ACIS GP and Highland for conversion of assets, fraudulent transfer of ACIS assets, recovery of his attorney's fees and costs, together with pre and post award interest.

Highland states claims against Terry, "subject to, and without waiver of its contention that Highland is not a party to a valid arbitration agreement with Terry and its claims against him are not arbitrable or within the scope of any applicable arbitration agreement, which contentions remain fully reserved." With this reservation, Highland states claims against Terry for breach of employment agreement, theft/theft of trade secrets, breach of fiduciary duty/self-dealing and recovery of its attorneys' fees and costs together with pre and post award interest.

## BACKGROUND FACTS

Terry began his employment with Highland in 2005. During the ensuing years he achieved remarkable success and ultimately became Highland's most productive portfolio manager and had direct responsibility for more than ten billion dollars of assets under his management.

In 2011, Terry, James Dondero and Okada formed ACIS as a registered investment advisor to raise money from third-party investors to invest in collateralized loan obligations, (CLOs). ACIS earns a fee for managing the loans.

As the general partner of ACIS, ACIS GP owned .1%. As limited partners of ACIS, Trust owned 59.9%; Okada owned 15% and Terry owned 25%.

James Dondero owned 100% of Trust and was an officer of ACIS GP, and in fact made or approved the financial strategies and decisions of ACIS. While Okada was less active, Terry was responsible for the day-to-day management of ACIS. Terry managed well, attracted significant investors and grew ACIS assets under his management from nothing to three billion seven hundred million dollars in less than six years.

Prior to 2016, Terry enjoyed a good relationship with Dondero. Terry had never been criticized, written up or disciplined during his eleven years of employment with Highland. Terry had been paid millions of dollars in Highland salary, bonuses and ACIS profit distributions, as he had produced many more millions for Highland and his ACIS partners.

Thereafter, tensions arose between Terry and Dondero which were centered in Dondero's plans to have Trussway Holdings, Inc. acquire Targa, a Brazilian latex manufacturer, out of bankruptcy. Trussway is a Highland affiliated company controlled by Dondero. The plan was to have Highland managed CLOs loan Trussway approximately seventeen million dollars so

Trussway could loan a Highland affiliated Brazilian entity the money to acquire Targa and have Trussway use its cash to acquire its own equity to effectively increase Highland's ownership in Trussway.

At this time, Trussway's only lenders were the Highland CLOs and it owed the Highland CLOs approximately fifty six million dollars in Trussway notes coming due on May 31, 2016. Trussway did not have the money to pay the notes. Trussway did have more than twenty three million dollars still available on its revolver note (credit line), with the Highland CLOs. Dondero's plan was to extend the notes then due within days and finance Trussway's acquisition of Targa by drawing down the revolver funds. Dondero's plan was to not pay any of the CLOSs' notes until such time as Trussway could be refinanced or sold.

All of the Highland CLOs lending to Trussway were "pre-crisis" 2009, CLOs. One of the CLOs, Pamco-Cayman, had matured years before and its notes were in technical default. Another, Vahalla was maturing within four months.

Terry was opposed to Dondero's plan and saw a need to vigorously oppose the plan. Terry was the portfolio manager of these Highland CLOs and was convinced it would be a breach of his fiduciary duty to allow the Pamco-Cayman and Vahalla notes to be extended, as they were past or near maturity. Terry's opposition escalated at the May 2016 Conflicts Committee meeting and having been told that outside counsel had approved the transaction, Terry was sure they could not know all of the facts. Terry then informed outside counsel of "the facts" and his opposition to Dondero's plan. Outside counsel was in agreement with Terry and thereafter, on June 9, 2016, the Conflicts Committee approved the Trussway/Targa Transaction, but with the Pamco-Cayman and Vahalla notes being paid off and not extended. Thus, less cash was available to Dondero to fund his plan.

On June 9, 2016, following the Conflicts Committee meeting, Dondero told Terry that "he had lost all trust in him"; that "he could not go through another conflicts process with him"; and "it was best that Terry work with Surgent, Highland's Chief Compliance Officer (CCO), on an exit or transition out of Highland." The next day, Dondero emailed Terry and told him to focus on a "clean break scenario" and not come back to the office. On June 13, 2106, Terry received an email from Highland's Human Resources (H/R) director advising that he had been terminated for cause, but that Highland was "willing to consider the separation package previously offered", presumably referring to CCO Surgent's email of June 10, 2106, wherein he acknowledges that, "We are in agreement that we would like the termination of this relationship to be amicable." On June 13, 2016, Terry communicates with Dondero protesting his termination and demanding he be paid by Highland and ACIS. Thereafter, Highland's outside counsel sent a letter to Terry's counsel, demanding the return of all Highland related documents in the possession of Terry. Terry's counsel responds and reminds Highland's counsel of Terry's prior offer to return appropriate documents to Highland, and suggests a protocol for managing the electronically stored documents and electronic devices in possession of ESI, a third party forensics vendor, and demands redemption of Terry's and his wife's retirement account investments in ACIS CLO Value Fund II (CLOVF). Terry first requested redemption of these retirement account investments on June 20, 2016.

Thereafter, on June 27, 2016, Terry returns documents to Highland and continues to await an agreement on ESI return protocols. However, on July 27, 2016, Highland's counsel rejects the proposed ESI return protocols and does not suggest alternate protocols. In the same e-mail string, Highland's counsel responds to Terry's request for redemption of the retirement investments in CLOVF, advising that; "we do not contest that Mr. Terry has submitted a request

for redemption in full of all of his accounts. However, please note that those accounts do not have any value." On September 1, 2016, the CCO, for the first time, memos Terry's "compliance file" with allegations of Terry's breach of fiduciary duty, self-dealing and material compliance violations regarding the CLOVF. This memo alleges an investor loss in the CLOVF attributed solely to Terry's actions and that Highland in part offset such loss against "Mr. Terry's" remaining interest in the CLOVF, "in accordance with Section 3.5(c) of the Agreement of Limited Partnership." Thus, Terry's and his wife's retirement investment in the CLOVF was swept by Highland or others and "those accounts have no value," as stated in Highland's counsel's email of July 27, 2016.

On September 7, 2016, the Parties mediated their dispute, but did not settle. The next day Highland filed suit against Terry alleging the same facts which the CCO alleged in his September 1, 2016 memo, and alleging Terry had a sexual relationship with a number of his subordinates, and alleging that Terry made disparaging/disrespectful remarks about Dondero. Highland's suit stated claims for breach of employment agreement, breach of fiduciary duty/self-dealing, violation of the Texas Uniform Trade Secrets Act and sought declaratory relief that Terry was terminated for cause.

On September 12, 2106, Highland files its Application for Temporary Restraining Order and Motion to Disqualify Terry's attorneys, and Terry files his Motion to Compel Arbitration. On September 28, 2106, the Court issued its Order compelling the Parties to arbitration and Ordered the litigation (Cause No. DC-16-11396, 162nd Judicial District Court) stayed pending a Final Award in Arbitration.