# EXHIBIT 17 Part III

The evidence establishes that Highland and not ACIS or ACIS GP was the publisher of any false or defamatory statements. Whether those statements in pleadings or press release to Law360 are actionable against Highland is a matter deferred for the District Court suit. Terry's claims for reputational damages stated against ACIS or ACIS GP are not proved.

Terry states a claim against Highland, ACIS and ACIS GP for the fraudulent transfer or conveyance of assets under the Texas Fraudulent Transfer Act. In October 2016, ACIS sold to Highland a participation interest in ACIS's Service Fees (management fees) which ACIS would receive between November 2016 and through August 2019. This sale of a participation interest represents near one-half of ACIS revenues during the covered period. Highland is to pay, in cash and promissory note with interest at 3%, ACIS a total of thirteen million three hundred and thirty three thousand dollars, plus interest for the participation interest. Highland's payment is scheduled as follows:

- October 7, 2016 - $666,655.00 – cash at closing
- May 31, 2017 - $3,370,694.00 – principal and interest
- May 31, 2018 - $5,286,243.00 – principal and interest
- May 31, 2019 - $4,677,690.00 – principal and interest

The transactional documents recite business purpose and reasonable consideration for the sale. Terry offers no evidence that ACIS did not receive reasonable equivalent value in the transaction or that ACIS made the transfer with "actual intent to hinder, delay or defraud." Terry has not proved a claim for fraudulent transfer or conveyance.

The Panel next addresses Terry's claims for wrongful termination and resulting damages stated against Highland.

Terry's employment with Highland was "At Will" and he could have been terminated for any reason other than an unlawful reason. Terry did not prove that the sole reason for his termination was his refusal to commit an illegal act, as is required under Sabine Pilot. The evidence establishes that Dondero terminated Terry because he was angry with Terry's opposition to his Trussway/Targa acquisition plan and he wanted Terry gone. "At Will" employment contemplates that if the boss wishes, one's employment is terminated and the termination is not actionably wrongful. Even as an "At Will" employee, Terry may have claims for damages against Highland for his unpaid severance, unused vacation, deferred compensation and unreimbursed expenses, but these claims are a matter deferred for the District Court suit. Terry's claims stated against Highland for Sabine Pilot wrongful termination are not proved.

Although Trust and Okada are limited partners in ACIS and are named as Respondents in this arbitration, Terry has failed to offer any evidence of actionable claims against Trust or Okada. All claims stated by Terry in this arbitration against Trust or Okada are not proved.

The Panel next addresses Highland's claims for breach of employment agreement, theft/theft of trade secrets and breach of fiduciary duty stated against Terry.

Although Highland is a party to the District Court suit Ordered to arbitration, Highland is not a party to an arbitration agreement and has stated claims against Terry with the above noted reservation, "subject to and without waiver." To the extent these claims are stated in this Arbitration in affirmative avoidance of Terry's claims stated against ACIS and ACIS GP they are addressed in this Award.

The evidence does not establish that Terry breached his employment agreement or any fiduciary duty to Highland, ACIS or ACIS GP or that Terry self-dealt in anyway. On the contrary, Terry's actions in opposing Dondero's Trussway/Targa acquisition plan and his efforts to restructure

the CLOVF were reasonable and appropriate and as his portfolio manager duties required. These claims are not proved and are not an affirmative defense or avoidance available to ACIS or ACIS GP.

The evidence does not establish that Terry is guilty of theft or theft of trade secrets. Respondents offered no evidence of a trade secret or a protectable trade secret interest in the documents in issue. Although Highland's claim for turnover is overreaching, it was heard in this Arbitration at Respondents' insistence and the record and all evidence admitted in that preliminary hearing was offered and admitted in the final hearing. This claim is not proved and is not an affirmative defense or avoidance available to ACIS or ACIS GP. Otherwise, the Panel issues its turnover decision in this Award.

The evidence does not establish that any disparaging remarks of Terry were ever communicated to Dondero prior to Terry's termination or that the alleged remarks could have been a reason for Terry's "for cause" termination. All of Respondents' alleged bases of "for cause" termination of Terry's employment are not proved and none are an affirmative defense or avoidance available to ACIS or ACIS GP.

## ANALYSIS OF TERRY'S DAMAGES

The Panel only addresses proved claims stated against appropriate Parties to this Arbitration.

Terry has proved his claims stated against ACIS and ACIS GP for breach of contract and claims stated against ACIS GP for breach of fiduciary duty incident to their payment of excess expenses to Highland and their wrongful forfeiture of Terry's contractual right to be paid for his ACIS limited partnership interest.

The evidence establishes that ACIS and ACIS GP paid excess expenses to Highland during the years of 2013, 2014, 2015 and January through May 2016. These expenses paid exceeded the 20% of Revenues cap stated in Section 3.10(a) of the ACIS LPA. The payment of these excess expenses reduced Terry's ACIS partnership distributions during this period. Had excess expenses not been paid and only the contractually capped expenses had been paid, Terry would have received additional ACIS profits distributions of $1,755,481.00 for his 25% partnership interest in ACIS.

The best evidence of the value of the Section 4.04 limited partnership payout is Terry's June 13, 2016 calculations, which he communicated to Dondero within days of his termination. Terry was the portfolio manager of ACIS and as such was most aware of ACIS's financial performance and expected performance within the payout period. The calculations do not include an assumed growth rate of ACIS revenues and are not burdened by Highland's after termination manipulations of ACIS managed assets or ACIS revenues.

The evidence establishes that Terry's ACIS limited partnership payout upon termination had a total value of $5,688,351.00.

Because ACIS and ACIS GP breached the ACIS LPA and ACIS GP breached its fiduciary duty in June 2016 when they repudiated their obligations to their limited partner, Terry's contractual entitlement to payout under the ACIS LPA is liquidated, accelerated and is now fully due.

Additionally, Terry is entitled to pre-award interest at the rate of five percent (5%) per annum from the date of commencement of this Arbitration, September 20, 2016, until entry of Final Award in the amount of $372,192.00.00.

## FINDINGS AND CONCLUSIONS

Based upon the Parties' offers of proof, evidence submitted and argument of counsel, the following facts and conclusions are found by these Arbitrators to be established by the evidence to be true and necessary to this Award. To the extent these findings and conclusions differ from any Parties' position that is the result of these Arbitrators determinations as to credibility, relevance, burden of proof considerations, and the weighing of the evidence, both oral and written.

The Arbitration Panel finds and concludes as follows:

1. This dispute is arbitrable pursuant to the Parties' agreement to arbitrate and prior Court Order in Cause No. DC-16-11396, 162nd Judicial District Court, Dallas County, Texas.

2. The Arbitration panel has jurisdiction to resolve all disputes presented and not deferred to the 162nd District Court.

3. JAMS Comprehensive Arbitration Rules and Procedures govern the resolution of this dispute with the law of the States of Texas and Delaware.

4. Prior to his termination on June 9, 2016, Terry was an at will employee of Highland and a 25% limited partner in ACIS.

5. Highland's termination of Terry's employment was not, in fact, "for cause." Highland's stated "for cause" termination of Terry's employment was, in fact, pretextual and for purpose of denying Terry benefits of employment payable at his termination and as a basis for the forfeiture of the value of Terry's limited partnership interest in ACIS.

6. ACIS and ACIS GP knowingly and willingly invoked Highland's false pretext of "for cause" termination to deny Terry the value of his 25% limited partnership in ACIS.

7. ACIS and ACIS GP paid Highland expenses in excess of the contractual limit imposed by Section 3.10(a) of the ACIS LPA.

8. ACIS and ACIS GP wrongfully denied Terry his contractual rights to payment for his limited partnership interest in ACIS and are liable for and owe Terry for same.

9. In breach of contract and fiduciary duties, ACIS and ACIS GP are liable to and owe Terry his ACIS profits distributions which were payable but for the wrongful payment of excess expenses to Highland.

10. ACIS GP's actions were willful and wanton breaches of their fiduciary duties to Terry as their limited partner.

11. All claims stated by Highland, "subject to and without waiver" against Terry are not proved and as such none are an affirmative defense or avoidance of Terry's claims stated against ACIS and ACIS GP.

12. All claims stated by Terry against Trust and Okada are not proved and are denied.

13. All claims stated by Terry against ACIS and ACIS GP for fraudulent transfer or conveyance are not proved and are denied.

14. Terry's fraud claims stated against ACIS and ACIS GP are not proved and are denied.

15. All claims, not denied or awarded, are deferred to the 162nd District Court, Dallas County, Texas or other appropriate venue.

16. ACIS's and ACIS GP's breaches of contract and ACIS GP's breach of fiduciary duties have injured Terry and resulted in damages, together with pre-award interest in the total amount of Seven Million Eight Hundred Sixteen Thousand Twenty-Four Dollars and No/100 ($7,816,024.00).

17. The Parties' agreement to arbitrate does not allow the award of prevailing party attorneys' fees. All claims for attorneys' fees are denied.

18. The Parties' agreement to arbitrate allows the Panel discretion to award the prevailing party costs of arbitration. Terry is entitled to recover his JAMS arbitration cots.

19. Terry is awarded One Hundred Thirty Three Thousand, Seven Hundred Twenty Five and 15/100 Dollars ($133,725.15) for his JAMS arbitration costs.

20. Terry is entitled to recover post-award interest on all amounts awarded herein.

## AWARD

**TURNOVER:**

Claimant, Joshua N. Terry may retain: all recordings of conversations to which he is a party; all agreements to which he is a signatory; all "track record" documents regarding his performance; all documents in the public domain; all documents relating to his investment in or ownership of any Highland affiliated entity; all personal notes or memoranda derived from conversations to which he is a party; all notes or memoranda prepared for and offered to his attorneys.

Except for attorney work product, claimant's attorneys Clouse Dunn LLP may retain copies of all documents which were admitted into evidence in this Arbitration until five business days following the latter of, issuance of this Final Award or final confirmation of this Final Award, no longer subject to appeal. At such time, Clouse Dunn LLP shall turnover these documents to Respondents' attorneys and verify the destruction of electronically formatted documents turned over.

Otherwise, Claimant, Terry, shall turnover all documents, not subject to his awarded right of retention, related to Highland affiliated entities within five business days of entry of this Final Award.

## MONETARY AWARD:

Claimant, Joshua N. Terry is Awarded and shall have and recover jointly and severally against Respondents, ACIS Capital Management, LP and ACIS Capital Management GP, LLC, the total sum of Seven Million, Nine Hundred Forty Nine Thousand, Seven Hundred Forty Nine and 15/100 Dollars ($7,949,749.15).

All sums payable by the terms of this Final Award shall accrue post-award interest at the legal rate until fully paid.

All claims for relief, not awarded herein or deferred to the Court, are denied.

_____  Dated: October 20, 2017
Hon. Harlan Martin
Panel Chair

_____  Dated: October 20, 2017
Hon. Glen M. Ashworth (Ret.)
Arbitrator

_____  Dated: October 20, 2017
Hon. Mark Whittington (Ret.)
Arbitrator

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: Terry, Joshua N. vs. Highland Capital Management, LP., et al.
Reference No. 1310022713

I, Judy Stephenson, not a party to the within action, hereby declare that on October 20, 2017, I served the attached Cover Letter, Final Award and Proof of Service on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Dallas, TEXAS, addressed as follows:

Brian P. Shaw Esq.
Rogge Dunn Esq.
Clouse Dunn LLP
1201 Elm St.
Suite 5200
Dallas, TX  75270
Phone: 214-220-3888
shaw@clousedunn.com
Rogge@clousedunn.com
   Parties Represented:
  Joshua N. Terry

Marc Daniel Katz Esq.
Robert M. Hoffman Esq.
Andrews Kurth LLP
1717 Main St.
Suite 3700
Dallas, TX  75201
Phone: 214-659-4400
marckatz@andrewskurth.com
robhoffman@andrewskurth.com
   Parties Represented:
  ACIS Capital Management GP, LLC
  ACIS Capital Management, LP
  Highland Capital Management, LP
  James D. Dondero as trustee/The Dugaboy Inve
  Mark K. Okada

Jamie R. Welton Esq.
Paul B. Lackey Esq.
Bruce E. Bagelman Esq.
Lackey Hershman LLP
3102 Oak Lawn Ave.
Suite 777
Dallas, TX 75219
Phone: 214-560-2201
jrw@lhlaw.net
pbl@lhlaw.net
beb@lhlaw.net
    Parties Represented:
    ACIS Capital Management GP, LLC
    ACIS Capital Management, LP
    Highland Capital Management, LP
    James D. Dondero as trustee/The Dugaboy Inve
    Mark K. Okada

I declare under penalty of perjury the foregoing to be true and correct. Executed at Dallas, TEXAS on October 20, 2017.

*Judy Stephenson* (signature)

Judy Stephenson
jstephenson@jamsadr.com