# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY, AND ACIS CAPITAL MANAGEMENT, L.P., <br><br> *Plaintiffs*, <br> v. <br><br> THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD., AND NEXPOINT STRATEGIC OPPORTUNITIES FUND, <br><br> *Defendants*. | No. 1:21-cv-11059 (GHW) |

## DECLARATION OF ALEXANDER ANDREW MARSHALL HORSBRUGH-PORTER

The undersigned provides this Declaration pursuant to 28 U.S.C.A. § 1746 and declares as follows:

1. My name is Alexander Andrew Marshal Horsbrugh-Porter. I am over the age of eighteen and am fully competent to make this declaration. I have never been convicted of a felony or a crime involving moral turpitude. The statements in this Declaration are true and correct based on my personal knowledge, except as otherwise indicated.

2. I am an Advocate of the Royal Court of Guernsey and am qualified to practice and appear before all the courts of the Bailiwick of Guernsey including the Guernsey Court of Appeal. I also qualified as a solicitor of the Supreme Court of England and Wales in 1998 and was admitted as an attorney-at-law in the Cayman Islands in 2004. I qualified as a Guernsey advocate in January 2014. I also qualified as a licensed insolvency practitioner in the UK in 2007 and was elected a Fellow of the Insolvency Practitioners Association in UK earlier this year.

3. I am a partner in the dispute resolution department of Ogier (an international offshore law firm) based in Guernsey. I specialise in complex financial litigation as well as insolvency and trust disputes. I particularly specialise in shareholder disputes in the context of unfair prejudice proceedings and just and equitable winding up applications.

4. I am currently acting for CLO Holdco Ltd, in Guernsey, in relation to unfair prejudice proceedings it has brought against Highland CLO Funding Ltd ("**HCLOF**"), under sections 349 and 350 of the Companies (Guernsey) Law, 2008. The unfair prejudice application was filed in the Royal Court of Guernsey (Ordinary Division) on 6 March 2023. Four affidavits have been filed by one of the directors of CLO Holdco Ltd in support of the application and the relief sought and one of the directors of HCLOF has filed affidavits in opposition to the application and the relief which is sought. These unfair prejudice proceedings are on-going and are listed to be heard for 5 days beginning on 24 October 2023.

5. The unfair prejudice proceedings in Guernsey are a creature of statute and, in particular, relate to the narrow issue concerning the internal management of a company and how that management has affected minority shareholders and their interests. Unfair prejudice proceedings in Guernsey are free-standing proceedings which are brought separately from, for example, a commercial proceeding where one party is claiming damages from another party for a breach of contract.

**US Proceedings**

6. I understand that there are proceedings on-going in the United States District Court Southern District of New York (Case No 1:21-cv- 11059 -GHW) involving US Bank National Association (in its capacity as Trustee), Joshua N. Terry, Acis Capital Management and HCLOF as Plaintiffs and Counter-Defendants and Charitable Donor Advised Fund LP, CLO Holdco Ltd and Nexpoint Diversified Real Estate Trust as Defendants and Counter-Plaintiffs. In my opinion, the proceedings in the United States are different in nature from the

unfair prejudice proceedings. The remedies are also significantly different from those available in the Guernsey proceedings.

7.  I was made aware of a telephonic hearing that took place in New York on 3 August 2023 that dealt, in part, with the discovery that was sought by CLO Holdco and other Counterclaim Plaintiffs from the Counterclaim Defendants.  I was also provided with a transcript of that hearing. In that hearing Counsel for HCLOF argued that discovery should be stayed in the New York Proceedings due to the availability of the same discovery in the Unfair Prejudice Proceedings in Guernsey.

8.  Following the hearing on 3 August 2023 we wrote on 29 August 2023 to the lawyers who were representing HCLOF in Guernsey in the unfair prejudice application. I attach a true and correct copy of the letter as exhibit 1.  In that letter we requested that HCLOF provide the discovery sought in the discovery request dated 21 July 2023 which was sent to HCLOF as part of the New York proceedings.  We asked that the relevant discovery be provided by 8 September 2023 and that if HCLOF was not prepared to provide the discovery, that it explain the basis upon which it gave the representations in the New York proceedings that the discovery could be obtained in the Guernsey proceedings.

9.  We received a response to that letter on 6 September 2023.  I attach a true and correct copy of that letter as exhibit 2.  In that letter the lawyers acting for HCLOF denied the discovery request attached to our letter of 29 August 2023.

10.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 19, 2023.

*Alex Horsbrugh-Porter*
_____
Alexander Andrew Marshall Horsbrugh-Porter



**Carey Olsen (Guernsey) LLP**
PO Box 98
Carey House
Les Banques
St. Peter Port
Guernsey
GY1 4BZ

**D:  +44 1484 752272**

**E: Alex.Horsbrugh-Porter@ogier.com**

Ref:  AHP/MGM/182801.00002

Your ref:
MGAD/REV/1066695/0007/G15103732v1

BY EMAIL ONLY
Email: mark.dunster@careyolsen.com

**Attention: Advocate Mark Dunster**        29 August 2023

Dear Advocate Dunster

**CLO HoldCo Ltd. ("Our Client") v Highland CLO Funding Ltd ("the Company") – Civil no. 2479 (the "Unfair Prejudice Proceedings")**

1     We refer to the ongoing proceeding in the United States District Court Southern District of New York with case no: 1:21-cv-11059-GHW (the "**New York Proceedings**") and in particular the counterclaim brought in the New York Proceedings by Charitable DAF Fund, LP a/k/a The Charitable Donor Advised Fund, L.P. together with Our Client as counter-plaintiffs (the "**Counterclaim**").

2     As you are aware:

2.1   The Counterclaim was amended on 8 July 2023 and seeks *inter* alia declaratory orders that (i) the settlement agreement concluded between the Company and Acis Capital Management LP, Acis Capital Management GP LLC and Joshua Terry (the "**2021 Settlement Agreement**") and (ii) the settlement agreement concluded between the Company and U.S. Bank, National Association (the "**2023 Settlement Agreement**") (collectively "the **Settlement Agreements**") are each declared unenforceable on the respective grounds as set out in the Counterclaim.[1]

2.2   On 3 August 3023, in a telephonic hearing in the New York Proceedings, we understand that counsel for the Company argued  that discovery (as it is referred to in US litigation) should be stayed in the New York Proceedings due to the

---

[1] As set out in the Fourth Affidavit of Paul Richard Murphy filed on 11 August 2023 ("**PRM Affidavit 4**") and a copy of the amended Counterclaim is exhibited at pages 22 to 71 of Exhibit PRM4.

**Ogier (Guernsey) LLP**
Redwood House
St Julian's Avenue
St Peter Port
Guernsey GY1 1WA

T +44 1481 721672
F +44 1481 721575
ogier.com

**Partners**
Martyn Baudains
Paul Chanter
Tim Clipstone
Craig Cordle
Simon Davies
Bryan de Verneuil-Smith
Gavin Ferguson
Matthew Guthrie

Alex Horsbrugh-Porter
Christopher Jones
Marcus Leese
Sandie Lyne
Catherine Moore
Mathew Newman
Bryon Rees

GSYLAW-26079059-1

availability of the same discovery in the Unfair Prejudice Proceedings.[2] Specifically, counsel for the Company made the following statements;

2.3  "*CLO HoldCo knows exactly what to do about issues like that. They are already suing us in Guernsey. To the extent they have additional issues, they can raise those in Guernsey as well. They have process, due process there. They have already received significant factual information through an 85-page affidavit that we recently sent them in that case rather, my client, not me -- sent them in that case, backed up by considerable documentary evidence. There was a lot of effort, time, and expense put into that case and that showing. There is really no reason to proceed with discovery against HCLOF in this case.*"[3]

2.4  "*I disagree completely with counsel's statements that Guernsey doesn't permit disclosure. That's just not true. My understanding is that disclosure is permitted, but it's subject to the agreement of the parties . . . to the extent they have additional issues, such as issues related to the shareholder agreement between us, they can do whatever they want. If they want more discovery, they can.*"[4]

3  As a result of these representations, it appears the United States District Judge in the New York Proceedings stayed all discovery against the Company in favour of discovery in Guernsey. Specifically, Hon. Judge Woods found that there would be no unfair prejudice by the stay of discovery in the New York Proceedings, and also found that Our Client had "*substantial opportunity*" to "*receive discovery*", at least in part, through the "*Guernsey affidavit.*"

4  Given that the Company, in the New York Proceedings, argued that the discovery request dated 21 July 2023 in those proceedings was available from the Company in Guernsey, our Client now requests that the relevant discovery be provided by **8 September 2023**. A copy of the request is enclosed.

5  Given the specific representations made in the New York Proceedings about Guernsey, including that "*additional issues should be raised in Guernsey,*" Our Client considers the discovery request reasonable in these circumstances and that discovery should be provided by the Company. However, if the Company is not prepared to provide the discovery requested, please can it confirm on what basis given the representations it has made in the New York Proceedings. If Our Client's proposal is rejected and/or the Company fails to respond, either within the time period provided or at all, Our Client will be required to make an application for directions to the Royal Court and/or seek relief in the New York Proceedings.

Yours sincerely

*Alex Horsbrugh-Porter*

**Alex Horsbrugh-Porter**
**Partner**
**For and on behalf of Ogier (Guernsey) LLP**

---

[2] See August 3, 2023 enclosed Transcript of Telphonic Hearing ("**TR.**").
[3] TR. Page 6:lines 6-18.
[4] TR. Page 20: lines 23- 25 and page 21 lines 1-7.

**CAREY OLSEN**

Carey Olsen (Guernsey) LLP
PO Box 98
Carey House
Les Banques
St Peter Port
Guernsey  GY1 4BZ
Channel Islands

T  +44 (0)1481 727272
F  +44 (0)1481 711052
E  guernsey@careyolsen.com

Our ref    EA/SJL/1066695/0007/G15450504v2
Your ref   AHP/MGM/182801.00002

**By Email:**  alex.horsbrugh-porter@ogier.com
              margeaux.malherbe@ogier.com
              heidi.sandy@ogier.com

Ogier (Guernsey) LLP                                              6 September 2023
Redwood House
St Julian's Avenue
St Peter Port
GUERNSEY
GY1 1WA

Dear Sir or Madam

**Highland CLO Funding Limited ("HCLOF")**

We refer to your letter to Advocate Dunster dated 29 August 2023. For convenience, the defined terms in your letter are adopted.

We are surprised by the contents of your letter, having regard to the following (without going into the substance of your client's requests):

1. It is particularly surprising that this is the first time your client has raised the issue of discovery. The parties have agreed several consent orders setting the timetable for the Guernsey Proceedings, they are in the process of seeking to agree the List of Issues and the trial is less than seven weeks away. Also noting the unreasonably short deadline your client has unilaterally imposed for the requested discovery, it is simply too late in the Guernsey proceedings to make such requests.

2. Whilst Guernsey representatives of the parties were not in attendance at the hearing in the New York Proceedings on 3 August 2023, we are in receipt of a transcript which, upon full review, demonstrates that your client has selectively quoted statements made by our client's US Counsel, which provide an incorrect characterisation of his submissions.

3. The Guernsey Court process is of course separate and distinct to the Court process in New York. If your client is not content with the outcome of the hearing in the New York Proceedings, then that is not an issue for the Guernsey Court.

4. More generally, requesting discovery in a Guernsey application of this nature is unusual.

**PARTNERS:**  A Alexander  C Anderson  A Boyce  T Carey  R Clark  T Corfield  D Crosland  M Dunster  E Gray
D Jones  N Kapp  T Lane  K Le Cras  D Le Marquand  B Morgan  J Morgan  **CONSULTANTS:**  N Carey  K Friedlaender  J Greenfield  G Hall

The Guernsey limited liability partnership known as Carey Olsen (Guernsey) LLP is a limited liability partnership incorporated in Guernsey on 1 March 2018 with its registered office at Carey House, Les Banques, St Peter Port GY1 4BZ and registration number 95.

BERMUDA  BRITISH VIRGIN ISLANDS  CAYMAN ISLANDS  GUERNSEY  JERSEY
CAPE TOWN  HONG KONG  LONDON  SINGAPORE                            careyolsen.com

5. Initial, reply and responsive evidence has now been served and filed by the parties. Your client has not raised any substantive concerns to date regarding its inability to deal with factual issues, which necessitates discovery. The factual evidence stage of proceedings has come to an end.

For the above reasons, our client does not consent to the requested discovery.

*Carey Olsen (Guernsey) LLP*

**CAREY OLSEN (GUERNSEY) LLP**