# EXHIBIT 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| U.S. BANK NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY, and ACIS CAPITAL MANAGEMENT, L.P., |
| *Plaintiffs*, |
| v. |
| THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD., and NEXPOINT DIVERSIFIED REAL ESTATE TRUST, |
| *Defendants*. |

Case No. 1:21-cv-11059-GHW

**PLAINTIFFS JOSHUA N. TERRY AND ACIS CAPITAL MANAGEMENT, L.P.'S
RESPONSES AND OBJECTIONS TO DEFENDANTS THE CHARITABLE DONOR
ADVISED FUND, L.P. AND CLO HOLDCO LTD.'S
<u>FIRST SET OF REQUESTS FOR ADMISSION</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules")

and the Local Civil Rules for the Southern District of New York (the "Local Civil Rules"),

Plaintiffs Joshua N. Terry and Acis Capital Management, L.P. (collectively, the "ACM Plaintiffs")

hereby further responds and objects to Defendants The Charitable Donor Advised Fund, L.P.

("DAF") and CLO HoldCo Ltd.'s ("CLOH" and, collectively with DAF, the "DAF Parties") First

Set of Requests for Admission (the "RFAs" or, individually, each a "RFA") dated July 21, 2023,

and amend their initial responses and objections, dated August 21, 2023. The ACM Plaintiffs

reserve their rights to amend and supplement their Responses and Objections to the RFAs.

The ACM Plaintiffs' responses are made subject to the requirements and protections of the

Protective Order entered in this action (Dkt. 116).  The ACM Plaintiffs' responses, and the

information provided therein, are not intended, and shall not be construed, as an admission that

any factual predicates stated in the RFAs are accurate.  In responding to the RFAs, the ACM Plaintiffs do not admit the correctness of any allegation or assertion.

## **GENERAL OBJECTIONS**

1. The ACM Plaintiffs object to the RFAs to the extent they purport to seek information that may be withheld subject to any applicable privilege, including but not limited to the attorney-client privilege and the attorney work-product doctrine. The inadvertent or unintentional disclosure of privileged information shall not constitute a waiver, in whole or in part, of the confidential, privileged, or otherwise protected nature of the information disclosed, nor as to any information related thereto or on the same or related subject matter.

2. The ACM Plaintiffs object to the RFAs to the extent they purport to require the production of a privilege log with a document-by-document or communication-by-communication listing of documents or communications protected by the attorney-client privilege, work-product doctrine, the common interest privilege or the joint defense privilege or otherwise protected from disclosure.  *See* Local Civil Rule 26.2(c).

3. The ACM Plaintiffs object to the RFAs to the extent they purport to seek information that is (a) not in their actual possession, custody or control, (b) a matter of public record or filed in court or (c) in the possession, custody or control, or otherwise equally available to, the DAF Parties.  In that regard, the ACM Plaintiffs also object the RFAs as vague and ambiguous and purporting to impose obligations on them beyond those under the Federal Rules and Local Civil Rules to the extent they seek documents that are not in the ACM Plaintiffs' actual possession, custody or control, but rather in their "constructive possession" or in the possession of third parties.

4. The ACM Plaintiffs object to the RFAs to the extent they are duplicative of RFAs served upon the other Plaintiff in this action.

5. The ACM Plaintiffs' investigation and search for responsive information is ongoing, and the response to each Interrogatory reflects information to the extent known as of the time the response was prepared. Pursuant to Federal Rule 26(e), the ACM Plaintiffs reserve the right to supplement and amend their responses and objections, if necessary, to reflect additional information or to seek a protective order. The ACM Plaintiffs also incorporate by reference the objections of any other party to the same or similar RFAs.

6. The ACM Plaintiffs object to the RFAs to the extent that they violate the parties' July 10, 2023 stipulation (the "Stipulation," Dkts. 156, 156-1, 156-2), pursuant to which additional RFAs may only be served by July 21, 2023 if they concern any new matters, allegations, or claims raised by any party's amended pleading served after April 14, 2023.

7. Counsel for the ACM Plaintiffs is willing to meet and confer with counsel for the DAF Parties concerning these responses and objections for the purpose of resolving disputes without the need for intervention by the Court.

## RESERVATION OF RIGHTS

1. The ACM Plaintiffs make the responses herein solely for the purposes of this litigation. By responding to each RFA, the ACM Plaintiffs do not waive objections to the admission of these responses into evidence on the grounds of relevance, materiality, or any other proper grounds for objection. Neither the ACM Plaintiffs' agreement to respond to a RFA, nor the ACM Plaintiffs' agreement to meet and confer with the DAF Parties with respect to a RFA, shall imply that responsive information exists, or constitute an admission or acknowledgement as to the relevance or admissibility of any information.

2. The ACM Plaintiffs reserve all objections to the use of these responses and of any information and/or documents the ACM Plaintiffs produce. The ACM Plaintiffs may interpose all

such objections at the time of trial or as otherwise required by the applicable rules or order of the Court.

3.     The ACM Plaintiffs' responses and objections set forth herein are based upon information presently known to the ACM Plaintiffs at this point in the case, at a time when discovery is ongoing.  The ACM Plaintiffs reserves the right to amend, supplement, or withdraw their responses and objections to each RFA, including to take into account additional information that comes to light during the discovery process.

## OBJECTIONS TO DEFINITIONS, RULES OF CONSTRUCTION, AND INSTRUCTIONS

1. The ACM Plaintiffs object to each Instruction and Rule of Construction to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.

2. The ACM Plaintiffs object to Rule of Construction No. 1, which purports to impose a relevant time period of January 1, 2014 to Present, as overbroad, unduly burdensome, and disproportionate to the needs of this litigation. Defendants will respond to these RFAs using the period June 1, 2020 to March 30, 2023, a period which predates the first objected-to settlement by nearly an entire year.

3. The ACM Plaintiffs object to Rule of Construction No. 6 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.  The ACM Plaintiffs will produce electronic information in accord with a protocol to be agreed upon between the parties.

4. The ACM Plaintiffs object to Rule of Construction No. 7 to the extent it purports to require the ACM Plaintiffs to produce documents or communications of individuals no longer affiliated with the ACM Plaintiffs over whom the ACM Plaintiffs possess no current authority

4

and/or from "agents," "partners," "shareholders," "representatives, attorneys, successors, assigns," or "any other person(s) acting on behalf of such entity," over whom the ACM Plaintiffs have no authority or control.

5. The ACM Plaintiffs object to the Definition of  "ACM," "You," and "Your" as overbroad, unduly burdensome, and disproportionate to the scope of the litigation to the extent it purports to include ACM's "corporate parent" and "subsidiaries."  The ACM Plaintiffs further object to this Definition to the extent it purports to require the production of documents in the possession, custody, or control of . . . owners, partners, shareholders, agents, employees, representatives, attorneys, predecessors, successors, assigns, related entities . . . or anyone else acing on [the ACM Plaintiffs'] behalf" whether or not the ACM Plaintiffs currently possess authority or control over such entity.  The ACM Plaintiffs respond to Defendants' RFAs on their own behalf.

6. The ACM Plaintiffs object to the Definition of "2023 Agreement" as ambiguous and to the extent it calls for a legal conclusion and interprets that term to mean the February 28, 2023 agreement under which funds were reserved to secure the indemnification rights of U.S. Bank and ACM with respect to claims and actions that may be taken against them with respect to the ACIS CLOs.

7. The ACM Plaintiffs object to the Definition of "Communications" to the extent it purports to impose obligations beyond those required by the Local Civil Rules.

8. The ACM Plaintiffs object to the Definition of "Concerning" to the extent it purports to impose obligations beyond those required by the Local Civil Rules.

9. The ACM Plaintiffs object to the Definition of "Document" or "Documents" to the extent they purport to impose obligations beyond those required by the Local Civil Rules.

10. The ACM Plaintiffs object to the Definition of "Electronically Stored Information" to the extent it purports to impose obligations beyond those required by the Federal Rules.

## SPECIFIC RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit or deny You received a Notice of Default from HCLOF, dated July 28, 2021, regarding the withholding of funds following the redemption of the Acis Notes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  To the contrary, this RFA relates to (1) Plaintiffs' February 23, 2022 Amended Complaint, which alleged that Plaintiffs retained liquidation proceeds following the redemption to cover the Acis CLOs' indemnification obligations (Dkt. 15 ¶ 51), and (2) the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that "HCLOF has acknowledged that U.S. Bank and ACM wrongfully retained funds that belong to HCLOF" (Dkt. 77 ¶ 53).  The ACM Plaintiffs further object to this RFA as vague and ambiguous with respect to the meaning of "Notice of Default," "withholding" and "funds."

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs deny this RFA.

**REQUEST FOR ADMISSION NO. 2:**

Admit or deny You have received written communication from HCLOF, dated December 1, 2021, demanding the distribution of the proceeds from the redemption of the Acis Notes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, this RFA relates to (1) Plaintiffs' February 23, 2022 Amended Complaint, which alleged that Plaintiffs retained liquidation proceeds following the redemption to cover the Acis CLOs' indemnification obligations (Dkt. 15 ¶ 51), and (2) the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that "HCLOF has acknowledged that U.S. Bank and ACM wrongfully retained funds that belong to HCLOF" (Dkt. 77 ¶¶ 53). The ACM Plaintiffs further object to this RFA as vague and ambiguous with respect to the meaning of "distribution" and "proceeds."

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs admit to the limited extent that they received a written communication from HCLOF, dated December 1, 2021, which is attached hereto as Exhibit A, refer to that communication for its true and complete contents, and otherwise deny this RFA.

**REQUEST FOR ADMISSION NO. 3:**

Admit or deny that You had a copy of the Members Agreement in Your possession before You signed the 2021 Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the ground and to the extent that it seeks information that is publicly available, is already in the DAF Parties' possession or has been provided to the DAF Parties, or to which the DAF Parties have equal or greater access.

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs admit this RFA.

**REQUEST FOR ADMISSION NO. 4:**

Admit or deny that You had a copy of the Members Agreement in Your possession before You signed the 2023 Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the ground and to the extent that it seeks information that is publicly available, is already in the DAF Parties' possession or has been provided to the DAF Parties, or to which the DAF Parties have equal or greater access.

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs admit this RFA.

**REQUEST FOR ADMISSION NO. 5:**

Admit that You still retain funds from the proceeds of the redemption of the Acis Notes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  To the contrary, this RFA relates to (1) Plaintiffs' February 23, 2022 Amended Complaint, which alleged that Plaintiffs retained liquidation proceeds following the redemption to cover the Acis CLOs' indemnification obligations (Dkt. 15 ¶ 51),  and (2) the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that the ACM Plaintiffs "are withholding the [reserved] [f]unds" (Dkt. 77 ¶ 35).  The ACM Plaintiffs further object to this RFA as vague and ambiguous

with respect to the meaning of "retain" and "funds from the proceeds of the redemption of the Acis Notes."

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs admit to the limited extent that the Trustee continues to maintain certain reserve accounts for the Acis CLOs that were funded, in full or in part, by funds generated by the sale of substantially all of the Acis CLOs' Collateral in relation to the optional redemption of the Acis Notes. Certain amounts previously held in those reserve accounts have been paid to ACM to cover the Acis CLOs indemnification obligations pursuant to the terms of the relevant transaction documents of the Acis CLOs. The ACM Plaintiffs otherwise deny this RFA.

**REQUEST FOR ADMISSION NO. 6:**

Admit or deny that You have used funds received from the redemption of the Acis Notes to pay Your attorneys' fees and/or expenses in the current proceedings.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, this RFA relates to (1) Plaintiffs' February 23, 2022 Amended Complaint, which alleged that Plaintiffs retained liquidation proceeds following the redemption to cover the Acis CLOs' indemnification obligations (Dkt. 15 ¶ 51), and (2) the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that the ACM Plaintiffs "used [reserved funds] to pay their attorneys' fees and expenses in this litigation" (Dkt. 77 ¶ 30). The ACM Plaintiffs further object to this Request as vague and ambiguous with respect to the meaning of "funds received from the redemption of the Acis Notes" and "current proceedings."

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs admit to the limited extent that they have been reimbursed for attorneys' fees and expenses incurred in the above-captioned matter from funds held in the reserve accounts established by the Trustee for the Acis CLOs that were funded, in full or in part, by funds generated by the sale of substantially all of the Acis CLOs' Collateral in relation to the optional redemption of the Acis Notes.  The ACM Plaintiffs otherwise deny this RFA.

**REQUEST FOR ADMISSION NO. 7:**

Admit or deny that You have used funds received from the redemption of Acis Notes to reimburse You for attorneys' fees incurred in proceedings other than this Lawsuit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  To the contrary, this RFA relates to (1) Plaintiffs' February 23, 2022 Amended Complaint, which alleged that Plaintiffs retained liquidation proceeds following the redemption to cover the Acis CLOs' indemnification obligations (Dkt. 15 ¶ 51), and (2) the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that the ACM Plaintiffs "used [reserved funds] to pay attorneys' fees and expenses in … other litigation" (Dkt. 77 ¶ 56).  The ACM Plaintiffs further object to this RFA as vague and ambiguous with respect to the meaning of "funds received from the redemption of Acis Notes."

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs admit to the limited extent that they have been reimbursed for certain attorneys' fees and expenses incurred in lawsuits other than the above-captioned matter from funds held in

the reserve accounts established by the Trustee for the Acis CLOs that were funded, in full or in part, by funds generated by the sale of substantially all of the Acis CLOs' Collateral in relation to the optional redemption of the Acis Notes. The ACM Plaintiffs otherwise deny this RFA

**REQUEST FOR ADMISSION NO. 8:**

Admit or deny that You were not involved in litigation with HCLOF when You signed the 2023 Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, this RFA relates to the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that the 2023 Settlement Agreement was "the product of collusion and was not a genuine, arms-length transaction" (Dkt. 77 ¶ 34). The ACM Plaintiffs further object to this RFA as vague and ambiguous with respect to the meaning of "involved in litigation with HCLOF."

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs deny this RFA.

**REQUEST FOR ADMISSION NO. 9:**

Admit or deny that on April 14, 2022, HCLOF's counsel advised CLOH's counsel that "[a]s your letter notes, [HCLOF] agrees, and has and continues to state affirmatively its belief that the withholding of the redemption proceeds by US Bank is unlawful under the respective CLO indentures."

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, this RFA relates to (1) Plaintiffs' February 23, 2022 Amended Complaint, which alleged that Plaintiffs retained liquidation proceeds following the redemption to cover the Acis CLOs' indemnification obligations (Dkt. 15 ¶ 51), and (2) the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that "HCLOF has acknowledged that U.S. Bank and ACM wrongfully retained funds that belong to HCLOF" (Dkt. 77 ¶ 53). The ACM Plaintiffs further object that this RFA seeks information that is not in the ACM Plaintiffs' possession, custody or control, but rather is in the possession, custody or control, or otherwise equally available to, the DAF Parties.

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs admit to the limited extent that it appears that CLOH received a written communication from HCLOF, dated April 14, 2022, which is attached hereto as Exhibit B, and refer to that communication for its true and complete contents. The ACM Plaintiffs otherwise deny this RFA.

**REQUEST FOR ADMISSION NO. 10:**

Admit or deny that the 2021 Agreement was negotiated and executed without any notification to DAF or CLOH.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a

new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  To the contrary, this RFA relates to (1) Plaintiffs' February 23, 2022 Amended Complaint, which contained allegations concerning the negotiation and execution of the 2021 Settlement Agreement (Dkt. 15 ¶¶ 48-50), and (2) the DAF Parties' March 30, 2023 Initial Counterclaims, which allege that "[n]either DAF nor CLOH were aware that the [2021] Settlement Agreement was being negotiated until after the fact" (Dkt. 77 ¶ 22).  The ACM Plaintiffs further object that this RFA seeks information that is not in the ACM Plaintiffs' possession, custody or control, but rather is in the possession, custody or control, or otherwise equally available to, the DAF Parties.

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs have made reasonable inquiry and the information they know or can readily obtain is insufficient to enable them to admit or deny this Request.  To the extent that a response is required, the ACM Plaintiffs therefore deny this RFA.

**REQUEST FOR ADMISSION NO. 11:**

Admit or deny that the 2023 Agreement was negotiated and executed without any notification to DAF or CLOH.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  To the contrary, this RFA relates to the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that "HCLOF never told CLOH that it was negotiating the 2023 [Settlement] Agreement" (Dkt. 77 ¶ 35).  The ACM Plaintiffs further object that this RFA seeks information

that is not in the ACM Plaintiffs' possession, custody or control, but rather is in the possession, custody or control, or otherwise equally available to, the DAF Parties.

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs deny this RFA.

**REQUEST FOR ADMISSION NO. 12:**

Admit or deny that, if enforced, the 2021 Agreement affects CLOH's financial interests.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, this RFA relates to the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that the 2021 Settlement Agreement "severely damaged" CLOH's financial interests (Dkt. 77 ¶ 27). The ACM Plaintiffs further object to this RFA as vague and ambiguous with respect to the meaning of "affects" and "financial interests." The ACM Plaintiffs further object that this RFA seeks information that is not in the ACM Plaintiffs' possession, custody or control, but rather is in the possession, custody or control, or otherwise equally available to, the DAF Parties.

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs admit to the limited extent that, if enforced, the 2021 Settlement Agreement affects the financial interests of HCLOF, of which CLOH is a member, but otherwise deny this RFA.

**REQUEST FOR ADMISSION NO. 13:**

Admit or deny that, if enforced, the 2021 Agreement affects CLOH's rights to bring a legal complaint against Plaintiffs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  To the contrary, this RFA relates to (1) Plaintiffs' February 23, 2022 Amended Complaint, which alleged that the 2021 Settlement Agreement barred CLOH's Advisers Act, TIA, and other claims against Plaintiffs as set out in the 2019 and 2020 Lawsuits and the May 8 Letter (Dkt. 15 ¶ 73), and (2) the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that the 2021 Settlement Agreement, if enforceable, could prevent CLOH from bringing the claims it previously advanced in the 2019 and 2020 Lawsuits (Dkt. 77 ¶¶ 44-45, 49).  The ACM Plaintiffs further object to this RFA as vague and ambiguous with respect to the meaning of "affects" and "rights to bring a legal complaint" and to the extent it calls for a legal conclusion that CLOH ever had the right to bring a legal complaint against Plaintiffs.

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs admit that the 2021 Settlement Agreement would affect CLOH's right to bring a legal complaint against Plaintiffs asserting derivative claims on behalf of HCLOF, if any such right existed absent the 2021 Settlement Agreement.   The ACM Plaintiffs otherwise deny this RFA.

**REQUEST FOR ADMISSION NO. 14:**

Admit or deny that, if enforced, the 2023 Agreement affects CLOH's financial interests.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14,

2023.  To the contrary, this RFA relates to the DAF Parties' March 30, 2023 Initial Counterclaims, which allege that the 2023 Settlement Agreement "caused damage to CLOH in an amount not less than $12.5 million" (Dkt. 77 ¶ 55).  The ACM Plaintiffs further object to this RFA as vague and ambiguous with respect to the meaning of "affects" and "financial interests."  The ACM Plaintiffs further object that this RFA seeks information that is not in the ACM Plaintiffs' possession, custody or control, but rather is in the possession, custody or control, or otherwise equally available to, the DAF Parties.

The ACM Plaintiffs admit to the limited extent that, if enforced, the 2023 Settlement Agreement affects the financial interests of HCLOF, of which CLOH is a member, but otherwise deny this RFA.

**REQUEST FOR ADMISSION NO. 15:**

Admit or deny that on April 19, 2022 ("April 19, 2022 Letter"), the Chairman of HCLOF's Board advised CLOH that "[i]t is the Directors' opinion, on advice, that there is no credible basis for the litigation being pursued by the [James] Dondero Parties, nor is there a proper basis in law for the withholding of the Company's assets by US Bank."

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  To the contrary, this RFA relates to (1) Plaintiffs' February 23, 2022 Amended Complaint, which alleged that Mr. Dondero had "pursued a vendetta against Mr. Terry and ACM" by filing and threatening litigation "through the entities that he controls," including the DAF Parties (Dkt. 15 ¶ 31; *see also id.* ¶¶ 32-47), and (2) the DAF Parties' March 30, 2023 Initial Counterclaims,

which alleged that the DAF Parties had brought the 2019 and 2020 Lawsuits against the ACM Plaintiffs (Dkt. 77 ¶ 44), and that "HCLOF has acknowledged that U.S. Bank and ACM wrongfully retained funds that belong to HCLOF" (*id*. ¶ 53).  The ACM Plaintiffs further object that this RFA seeks information that is not in the ACM Plaintiffs' possession, custody or control, but rather is in the possession, custody or control, or otherwise equally available to, the DAF Parties.

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs admit to the limited extent that CLOH produced a written communication from HCLOF, dated April 19, 2022, which is attached hereto as Exhibit C, and refer to that communication for its true and complete contents.  The ACM Plaintiffs otherwise deny this RFA.

**REQUEST FOR ADMISSION NO. 16:**

Admit or deny that at the time of the April 19, 2022 Letter, there were no lawsuits ongoing by CLOH or DAF against HCLOF.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  To the contrary, this RFA relates to (1) Plaintiffs' February 23, 2022 Amended Complaint, which alleged that Mr. Dondero, through the DAF Parties, "has directed vexatious litigation toward Highland and Mr. Seery" (Dkt. 15 ¶ 51 n.5), and (2) the DAF Parties' March 30, 2023 Initial Counterclaims, which also contained allegations concerning litigation between CLOH and HCLOF (Dkt. 77 ¶¶ 1-3).  The ACM Plaintiffs further object to this RFA as vague and ambiguous as to the phrase "lawsuits ongoing."   The ACM Plaintiffs further object that this RFA seeks

information that is not in the ACM Plaintiffs' possession, custody or control, but rather is in the possession, custody or control, or otherwise equally available to, the DAF Parties.

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs admit that they are not presently aware of any lawsuits ongoing by CLOH or DAF against HCLOF at the time of the April 19, 2022 Letter.

**REQUEST FOR ADMISSION NO. 17:**

Admit or deny that at the time of the April 19, 2022 Letter, there were no lawsuits ongoing by CLOH or DAF against Plaintiffs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  To the contrary, this RFA relates to (1) Plaintiffs' February 23, 2022 Amended Complaint, which alleged that Mr. Dondero had "pursued a vendetta against Mr. Terry and ACM" by filing and threatening litigation "through the entities that he controls," including the DAF Parties (Dkt. 15 ¶ 31; *see also id.* ¶¶ 32-47), and (2) the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that the DAF Parties had brought the 2019 and 2020 Lawsuits against the ACM Plaintiffs (Dkt. 77 ¶ 44).  The ACM Plaintiffs further object to this RFA as vague and ambiguous as to the phrase "lawsuits ongoing."  The ACM Plaintiffs further object that this RFA seeks information that is not in the ACM Plaintiffs' possession, custody or control, but rather is in the possession, custody or control, or otherwise equally available to, the DAF Parties.

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs deny this RFA because this action was then ongoing between Plaintiffs and the DAF Parties due to the DAF Parties' refusal to release their threatened claims on January 10, 2022.

**REQUEST FOR ADMISSION NO. 18:**

Admit or deny that no contractual provision in the Indentures states that funds may be withheld from distribution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  To the contrary, this RFA relates to (1) Plaintiffs' February 23, 2022 Amended Complaint, which alleged that Plaintiffs retained liquidation proceeds following the redemption to cover the Acis CLOs' indemnification obligations (Dkt. 15 ¶ 51), and (2) the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that "withholding the[] [reserved] funds is not contemplated under the Indenture Agreements" (Dkt. 77 ¶ 29).  The ACM Plaintiffs further object to this RFA as vague and ambiguous with respect to the meaning of "funds," "withheld" and "distribution," and to the extent that it calls for a legal conclusion.

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs deny this RFA.

**REQUEST FOR ADMISSION NO. 19:**

Admit or deny that no contractual provision in the Portfolio Management Agreements states that funds may be withheld from distribution.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  To the contrary, this RFA relates to (1) Plaintiffs' February 23, 2022 Amended Complaint, which alleged that Plaintiffs retained liquidation proceeds following the redemption to cover the Acis CLOs' indemnification obligations (Dkt. 15 ¶ 51), and (2) the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that the ACM Plaintiffs "have no colorable contractual … right to reserve or withhold any sums" (Dkt. 77 ¶ 34).  The ACM Plaintiffs further object to this RFA as vague and ambiguous with respect to the meaning of "funds," "withheld" and "distribution," and to the extent that it calls for a legal conclusion.

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs deny this RFA.

**REQUEST FOR ADMISSION NO. 20:**

Admit or deny that in December 2021, Plaintiffs were advised they were obligated to: "disburse the funds in the Payment Account pursuant to the Priority of Payments set out in the Indentures. See Indentures §§ 10.2(d), 11.1."

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  To the contrary, this RFA relates to (1) Plaintiffs' February 23, 2022 Amended Complaint, which alleged that Plaintiffs retained liquidation proceeds following the redemption to cover the

Acis CLOs' indemnification obligations (Dkt. 15 ¶ 51), and (2) the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that "withholding the[] [reserved] funds is not contemplated under the Indenture Agreements" (Dkt. 77 ¶ 29), and that the ACM Plaintiffs "have no colorable contractual … right to reserve or withhold any sums" (*id*. ¶ 34).  The ACM Plaintiffs further object that the RFA is vague and ambiguous insofar as it appears to be quoting from an unidentified communication or conversation.

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs admit to the limited extent that they received a written communication from HCLOF, dated December 1, 2021, which is attached hereto as Exhibit A, and refer to that communication for its true and complete contents.  The ACM Plaintiffs otherwise deny this RFA.

**REQUEST FOR ADMISSION NO. 21:**

Admit or deny that in December 2021, Plaintiffs were advised "[n]o provision of the Indentures gives the Trustee any discretion to retain or reserve any amount of the funds in the Payment Account."

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  To the contrary, this RFA relates to (1) Plaintiffs' February 23, 2022 Amended Complaint, which alleged that Plaintiffs retained liquidation proceeds following the redemption to cover the Acis CLOs' indemnification obligations (Dkt. 15 ¶ 51), and (2) the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that "withholding the[] [reserved] funds is not contemplated under the Indenture Agreements" (Dkt. 77 ¶ 29), and that the ACM Plaintiffs "have no colorable

contractual … right to reserve or withhold any sums" (*id*. ¶ 34).  The ACM Plaintiffs further object that the RFA is vague and ambiguous insofar as it appears to be quoting from an unidentified communication or conversation.

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs admit to the limited extent that they received a written communication from HCLOF, dated December 1, 2021, which is attached hereto as Exhibit A, and refer to that communication for its true and complete contents.  The ACM Plaintiffs otherwise deny this RFA.

**REQUEST FOR ADMISSION NO. 22:**

Admit that HCLOF made public statements indicating it would take steps to prevent US Bank and ACM from withholding funds while at the same time privately negotiating the 2023 Agreement to allow such withholding of funds.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  To the contrary, this RFA relates to the DAF Parties' March 30, 2023 Initial Counterclaims, which alleged that "HCLOF [] acknowledged that U.S. Bank and ACM wrongfully retained funds that belong to HCLOF" but instead negotiated the 2023 Settlement Agreement and "never told CLOH that it was" doing so.  Dkt. 77 ¶¶ 35, 53.  The ACM Plaintiffs further object to this RFA as vague and ambiguous with respect to the meaning of "public statements," "withholding" and "funds," and on the grounds that the information sought is in the public domain and as readily available to the DAF Parties as it is to the ACM Plaintiffs.

Subject to and without waiving the foregoing objections and their General Objections, the ACM Plaintiffs have made reasonable inquiry and the information they know or can readily obtain is insufficient to enable them to admit or deny this RFA.

**REQUEST FOR ADMISSION NO. 23:**

Admit or deny that HCM terminated Terry for cause.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. To the contrary, this RFA relates to Plaintiffs' February 23, 2022 Amended Complaint, which alleged that Mr. Dondero "wrongfully terminated Mr. Terry." Dkt. 15 ¶ 28. The ACM Plaintiffs further object to this RFA as seeking information that is irrelevant to this action.

Subject to and without waiving the foregoing objections and their General Objections, the ACM deny this RFA and refer the DAF Parties to the arbitration award issued by the JAMS arbitrators on October 20, 2017 in *Terry v. Highland Capital Management, L.P., et al.*, JAMS Arbitration No. 1310022713, which is attached hereto as Exhibit D.

**REQUEST FOR ADMISSION NO. 24:**

Admit or deny that HCM terminated Terry because of inappropriate conduct with one or more co-workers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

In addition to the ACM Plaintiffs' General Objections, the ACM Plaintiffs object to this RFA on the grounds that it is untimely and violates the Stipulation because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14,

2023.  To the contrary, this RFA relates to Plaintiffs' February 23, 2022 Amended Complaint, which alleged that Mr. Dondero "wrongfully terminated Mr. Terry."  Dkt. 15 ¶ 28. The ACM Plaintiffs further object to this RFA as seeking information that is irrelevant to this action.

Subject to and without waiving the foregoing objections and their General Objections, the ACM deny this RFA and refer the DAF Parties to the arbitration award issued by the JAMS arbitrators on October 20, 2017 in *Terry v. Highland Capital Management, L.P., et al.*, JAMS Arbitration No. 1310022713, which is attached hereto as Exhibit D.

DATED:    New York, New York
              September 12, 2023

QUINN EMANUEL URQUHART &
    SULLIVAN, LLP

By: */s/ Blair A. Adams*
Jonathan E. Pickhardt
Blair A. Adams
Brendan Carroll
Misha Boutilier
Michael R. Bloom
Jeffrey Arnier
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000

*Attorneys for Plaintiffs Joshua N. Terry and*
    *Acis Capital Management, L.P.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served by email to all counsel of record on September 12, 2023.

<u>/s/ Misha Boutilier</u>
Misha Boutilier
