# EXHIBIT 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY AND ACIS CAPITAL MANAGEMENT, L.P., <br><br> *Plaintiffs*, <br><br> v. <br><br> THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD. AND NEXPOINT DIVERSIFIED REAL ESTATE TRUST, <br><br> *Defendants*. | Case No. 1:21-cv-11059 (GHW) |

### AMENDED RESPONSES AND OBJECTIONS OF PLAINTIFF U.S. BANK NATIONAL ASSOCIATION TO DEFENDANTS/COUNTER-PLAINTIFFS THE CHARITABLE DONOR ADVISED FUND, L.P. AND CLO HOLDCO, LTD.'S <u>REQUESTS FOR ADMISSION</u>

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), Plaintiff U.S. Bank National Association, solely in its capacity as Trustee ("<u>U.S. Bank</u>"), by and through its undersigned counsel, hereby further responds to Defendants/Counterclaim-Plaintiffs Charitable DAF Fund, L.P. a/k/a The Charitable Donor Advised Fund, L.P.'s ("<u>DAF</u>") and CLO HoldCo, Ltd.'s ("<u>CLOH</u>") (collectively, the "<u>DAF Defendants</u>") Requests for Admission, dated July 21, 2023 (the "<u>Requests</u>," and each, a "<u>Request</u>") and amends its initial responses and objections, dated August 21, 2023.

### <u>GENERAL OBJECTIONS</u>

1.      U.S. Bank objects to the Requests, including the Definitions, Rules of Construction and Instructions, to the extent they purport to impose obligations on it beyond those contained in the Federal Rules, the Local Rules for the United States District Court for the Southern District of New York (the "<u>Local Rules</u>") or any other applicable rules, laws or court order (collectively, the "<u>Applicable Rules</u>").

2.      By responding to the Requests, U.S. Bank does not waive any objection that may be applicable to: (a) the use, for any purpose, by the DAF Defendants, of any information provided in response to these Requests, or (b) the admissibility, relevance or materiality of any of the information to any issue in this case.

3.      No incidental or implied admissions are intended by the responses herein. The fact that U.S. Bank has answered or objected to any Request should not be taken as an admission that U.S. Bank accepts or admits the existence of any "fact" set forth or assumed by such Request.

4.      U.S. Bank objects to the Requests to the extent they call for legal conclusions. Any response by U.S. Bank shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in these Requests.

5.      U.S. Bank objects to the Requests to the extent they are vague, ambiguous or otherwise uncertain such that a simple admission or denial is not feasible.

6.      U.S. Bank objects to the Requests to the extent they purport to seek information (a) protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege or the joint defense privilege or otherwise protected from disclosure by any other privilege, statute, rule, regulation or common law principle, or (b) that was prepared, generated or received in anticipation of litigation.  The inadvertent or unintentional disclosure of such information is not intended and shall not be deemed to be a waiver in whole or in part of the confidential, privileged or otherwise protected nature of the information disclosed, or as to any other information relating thereto or on the same or related subject matter.

7.      U.S. Bank objects to the Requests to the extent the burden or expense of responding to the Requests would be disproportionate to the likely benefit, taking into account the amount in controversy, the resources of the parties, the importance of the issues in the litigation and the importance of the discovery in resolving the issues.

8.      U.S. Bank objects to the Requests to the extent they purport to seek information that is (a) not in its actual possession, custody or control, (b) a matter of public record or filed in court or (c) in the possession, custody or control or otherwise equally available to, the DAF Defendants.

9.      U.S. Bank objects to the Requests to the extent they seek information that is cumulative or duplicative of information already provided by U.S. Bank.

10.      U.S. Bank objects to the Requests to the extent they seek information that is not relevant to the parties' claims or defenses or the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

11.      U.S. Bank objects to the Requests to the extent they lack foundation or assume facts that are incorrect or unknown to U.S. Bank.

12.      U.S. Bank's investigation and search for responsive information is ongoing, and the response to each Request reflects information to the extent known as of the time the response was prepared.  Pursuant to Rule 26(e) of the Federal Rules, U.S. Bank reserves the right to supplement and amend its responses and objections, if necessary, to reflect additional information, including that ascertained in the course of discovery from Defendants in this action, or to seek a protective order and objects to Instruction No. 5 to the extent it purports to impose obligations on U.S. Bank beyond Rule 26(e).

13.     U.S. Bank objects to the Requests to the extent they are duplicative of requests for admission served upon other parties in this action and incorporates by reference the responses and objections of any other party to the same or similar requests for admission.

14.     U.S. Bank objects to the Requests to the extent they are untimely under the First Amended Civil Case Management Plan and Scheduling Order, submitted to the Court on July 10, 2023 (ECF No. 156), and so ordered on July 12, 2023 (ECF No. 159) (the "Scheduling Order"), pursuant to which, *inter alia*, the deadline for serving requests to admit was June 13, 2023 (*id*. ¶ 7.f), provided, however, that parties may serve additional requests to admit by July 21, 2023, "provided such discovery requests concern new matters, allegations, or claims raised by the any party's amended pleading served after April 14, 2023" (*id*. ¶ 7.g).

15.     Counsel for U.S. Bank is willing to meet and confer with counsel for the DAF Defendants concerning these responses and objections for the purpose of resolving disputes without the need for intervention by the Court.

## OBJECTIONS TO INSTRUCTIONS, RULES OF CONSTRUCTION AND DEFINITIONS

1.     U.S. Bank objects to the time period purported to be covered by the Requests ("January 1, 2014, to Present") (*see* Rule of Construction No. 1) as overbroad and unduly burdensome.  Unless otherwise stated in response to a Request, U.S. Bank will provide information for the period June 1, 2020 to March 30, 2023, consistent with the time periods set out in U.S. Bank's responses and objections to prior discovery served in this action.

2.     U.S. Bank objects to Rule of Construction No. 7 and the Definitions as overbroad and unduly burdensome to the extent they seek to impose obligations on U.S. Bank beyond those in the Applicable Rules insofar as an "entity" is defined to include its "past officers, directors, employees, agents, affiliates, subsidiaries, owners, partners, general partners,

shareholders, representatives, attorneys, predecessors, successors, assigns, related entities, parent companies, and/or any other person(s) acting on behalf of such entity" and its present "agents, owners, shareholders, representatives, attorneys, predecessors, successors, assigns, related entities, and/or any other person(s) acting on behalf of such entity."  U.S. Bank will interpret an "entity" to mean it and its present officers, directors, employees, affiliates, subsidiaries, partners, general partners and parent companies.

3.        U.S. Bank objects to Definition No. 3 ("You" or "Your") as overbroad and unduly burdensome to the extent they include "any predecessor, successor, assignee, or assignor of the foregoing, as well as any of their respective affiliates, subsidiaries, agents, employees, partners, managers, members, lawyers, representatives, and any other person acting on their behalf."  U.S. Bank will interpret "You" or "Your" to mean U.S. Bank National Association, in its capacity as trustee.

4.        U.S. Bank objects to Definition No. 6 ("HCLOF") to the extent it includes its representatives.

5.        U.S. Bank objects to Definition No. 18 ("ACIS CLO 4") to the extent it includes "any of its officers, directors, employees, parents, subsidiaries, affiliates, business units, segments, or divisions, and any person or entity acting or purporting to act on behalf of it or any of the foregoing."  U.S. Bank will interpret "ACIS CLO 4" to mean Acis CLO 2014-4 Ltd. and Acis CLO 2014-4 LLC.

6.        U.S. Bank objects to Definition No. 19 ("ACIS CLO 5") to the extent it includes "any of its officers, directors, employees, parents, subsidiaries, affiliates, business units, segments, or divisions, and any person or entity acting or purporting to act on behalf of it or any of the foregoing."  U.S. Bank will interpret "ACIS CLO 5" to mean Acis CLO 2014-5 Ltd. and

5

Acis CLO 2014-5 LLC.

7.      U.S. Bank objects to Definition No. 20 ("ACIS CLO 6") to the extent it includes "any of its officers, directors, employees, parents, subsidiaries, affiliates, business units, segments, or divisions, and any person or entity acting or purporting to act on behalf of it or any of the foregoing."  U.S. Bank will interpret "ACIS CLO 6" to mean Acis CLO 2015-6 Ltd. and Acis CLO 2015-6 LLC.

8.      U.S. Bank objects to Definition No. 26 ("Communication") to the extent it is broader than the uniform definition of "communication" in Local Rule 26.3(c)(1).

9.      U.S. Bank objects to Definition No. 27 ("Document" and "Documents") to the extent they are broader than the uniform definition of "document" in Local Rule 26.3(c)(2).

10.     U.S. Bank objects to Definition No. 28 ("Electronically Stored Information" and "ESI") to the extent they are broader than the definition in Rule 34(a)(1)(A).

11.     U.S. Bank objects to Definition No. 30 ("Concerning") to the extent it is broader than the uniform definition of "concerning" in Local Rule 26.3(c)(7).

12.     U.S. Bank objects to Definition No. 31 ("Reserves" or "withholdings") as vague and ambiguous and calling for a legal conclusion and interprets that term to mean funds reserved to secure the indemnification rights of the trustee and portfolio manager with respect to claims and actions that may be taken against them with respect to the Acis CLOs.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving any of the foregoing General Objections, which are incorporated by reference into each of the following Specific Responses and Objections, U.S. Bank responds and objects to the specific Requests as follows:

**REQUEST FOR ADMISSION NO. 1:**

Admit or deny You received a Notice of Default from HCLOF, dated July 28, 2021, regarding the withholding of funds following the redemption of the Acis Notes.

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 1:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. U.S. Bank further objects to this Request as vague and ambiguous with respect to the meaning of "Notice of Default," "withholding" and "funds."

Subject to and without waiving this objection and the General Objections, U.S. Bank denies this Request.

**REQUEST FOR ADMISSION NO. 2:**

Admit or deny You have received a written communication from HCLOF, dated December 1, 2021, demanding the distribution of the proceeds from the redemption of the Acis Notes.

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 2:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. U.S. Bank further objects to this Request as vague and ambiguous with respect to the meaning of "distribution" and "proceeds."

Subject to and without waiving this objection and its General Objections, U.S. Bank admits to the limited extent that it received a written communication from HCLOF, dated December 1, 2021, refers to that communication for its true and complete contents, and otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit or deny that You had a copy of the Members Agreement in Your possession before you signed the 2021 Agreement.

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 3:**

Subject to and without waiving the General Objections, U.S. Bank denies that it signed the 2021 Agreement, thus denies this Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit or deny that You had a copy of the Members Agreement in Your possession before You signed the 2023 Agreement.

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 4:**

Subject to and without waiving the General Objections, U.S. Bank admits, based on publicly available information, that the Members Agreement was marked as exhibits in a July 3, 2018 filing and an August 17, 2018 filing for certain 2018 proceedings in *In re ACIS Capital Management, L.P. and ACIS Capital Management GP, LLC*, Case No. 18-30264-SGJ-11 (N.D. Tex. Bankr.), and otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that You still retain funds from the proceeds of the redemption of the Acis Notes.

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 5:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request as vague and ambiguous with respect to the meaning of "retain" and "funds from the proceeds of the redemption of the Acis Notes."

Subject to and without waiving this objection and its General Objections, U.S. Bank admits to the limited extent that it continues to maintain certain reserve accounts that were funded by proceeds from the sale of collateral in connection with the June 2021 redemption of the ACIS CLOs as security for the payment of indemnifiable amounts that may be due to it by the Issuers of the ACIS CLOs pursuant to the terms of the relevant transaction documents of the ACIS CLOs, and otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 6:**

Admit or deny that You have used funds received from the redemption of the Acis Notes to pay Your attorneys' fees and/or expense in the current proceedings.

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 6:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request as vague and ambiguous with respect to the meaning of "funds received from the redemption of the Acis Notes" and "current proceedings."

Subject to and without waiving this objection and its General Objections, U.S. Bank admits to the limited extent that it has been indemnified for attorneys' fees and expenses incurred in this action from reserve accounts that were funded by proceeds from the sale of collateral in connection with the June 2021 redemption of the ACIS CLOs as security for the payment of indemnifiable amounts that may be due to it by the Issuers of the ACIS CLOs pursuant to the terms of the relevant transaction documents of the ACIS CLOs, and otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 7:**

Admit or deny that You have used funds received from the redemption of Acis Notes to reimburse You for attorneys' fees incurred in proceedings other than this Lawsuit.

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 7:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request as vague and ambiguous with respect to the meaning of "funds received from the redemption of Acis Notes."

Subject to and without waiving this objection and its General Objections, U.S. Bank admits to the limited extent that it has been indemnified for attorneys' fees and expenses incurred in lawsuits other than this action from reserve accounts that were funded by proceeds from the sale of collateral in connection with the June 2021 redemption of the ACIS CLOs as security for the payment of indemnifiable amounts that may be due to it by the Issuers of the ACIS CLOs pursuant to the terms of the relevant transaction documents of the ACIS CLOs, and otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 8:**

Admit or deny that You were not involved in litigation with HCLOF when You signed the 2023 Agreement.

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 8:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to the Request as vague and ambiguous with respect to the meaning of "involved in litigation with HCLOF."

Subject to and without waiving this objection and the General Objections, U.S. Bank denies this Request.

**REQUEST FOR ADMISSION NO. 9:**

Admit or deny that on April 14, 2022, HCLOF's counsel advised CLOH's counsel that "[a]s your letter notes, [HCLOF] agrees, and has and continues to state affirmatively its belief that the withholding of the redemption proceeds by US Bank is unlawful under the respective CLO Indentures."

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 9:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. U.S. Bank further objects that it seeks information that is not in U.S. Bank's possession, custody or control, but rather is in the possession, custody or control, or otherwise equally available to, the DAF Defendants.

Subject to and without waiving this objection and its General Objections, U.S. Bank admits to the limited extent that it appears that CLOH received a written communication from HCLOF, dated April 14, 2022, refers to that communication for its true and complete contents, and otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit or deny that the 2021 Agreement was negotiated and executed without any notification to DAF or CLOH.

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 10:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. U.S. Bank further objects to this Request as it seeks information that is not in U.S. Bank's possession, custody or control, but rather is in the possession, custody or control, or otherwise equally available to, the DAF Defendants.

Subject to and without waiving this objection and the General Objections, U.S. Bank has made reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 11:**

Admit or deny that the 2023 Agreement was negotiated and executed without any notification to DAF or CLOH.

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 11:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request as it seeks information that is not in U.S. Bank's possession, custody or control, but rather is in the possession, custody or control, or otherwise equally available to, the DAF Defendants.

Subject to and without waiving this objection and its General Objections, U.S. Bank admits to the limited extent that it did not notify DAF or CLOH about the negotiation and execution of the 2023 Agreement, but otherwise has made reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 12:**

Admit or deny that, if enforced, the 2021 Agreement affects CLOH's financial interests.

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 12:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this

Request as vague and ambiguous with respect to the meaning of "affects" and "financial interests," that it seeks information that is not in U.S. Bank's possession, custody or control, but rather is in the possession, custody or control, or otherwise equally available to, the DAF Defendants and to the extent it calls for a legal conclusion.

Subject to and without waiving this objection and its General Objections, U.S. Bank has made reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 13:**

Admit or deny that, if enforced, the 2021 Agreement affects CLOH's rights to bring a legal complaint against Plaintiffs.

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 13:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023. U.S. Bank further objects to this Request as vague and ambiguous with respect to the meaning of "affects" and "rights to bring a legal complaint" and to the extent it calls for a legal conclusion.

Subject to and without waiving this objection and its General Objections, U.S. Bank admits that the 2021 Settlement Agreement would affect CLOH's rights to bring a legal complaint against Plaintiffs asserting derivative claims on behalf of HCLOF if any such purported rights existed, but otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 14:**

Admit or deny that, if enforced, the 2023 Agreement affects CLOH's financial interests.

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 14:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request as vague and ambiguous with respect to the meaning of "affects" and "financial interests," that it seeks information that is not in U.S. Bank's possession, custody or control, but rather is in the possession, custody or control, or otherwise equally available to, the DAF Defendants and to the extent it calls for a legal conclusion.

Subject to and without waiving this objection and its General Objections, U.S. Bank has made reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 15:**

Admit or deny that on April 19, 2022 ("April 19, 2022 Letter"), the Chairman of HCLOF's Board advised CLOH that "[i]t is the Directors' opinion, on advice, that there is no credible basis for the litigation being pursued by the [James] Dondero Parties, nor is there a proper basis in law for the withholding of the Company's assets by US Bank."

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 15:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects that it seeks information that is not in U.S. Bank's possession, custody or control, but rather is in the possession, custody or control, or otherwise equally available to, the DAF Defendants.

Subject to and without waiving this objection and its General Objections, U.S. Bank admits to the limited extent that it appears CLOH received the April 21, 2022 Letter, and refers to that letter for its true and complete contents, and otherwise denies this Request.

14

**REQUEST FOR ADMISSION NO. 16:**

Admit or deny that at the time of the April 19, 2022 Letter, there were no lawsuits ongoing by CLOH or DAF against HCLOF.

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 16:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects that it seeks information that is not in U.S. Bank's possession, custody or control, but rather is in the possession, custody or control, or otherwise equally available to, the DAF Defendants.

Subject to and without waiving this objection and its General Objections, U.S. Bank has made reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 17:**

Admit or deny that at the time of the April 19, 2022 Letter, there were no lawsuits ongoing by CLOH or DAF against Plaintiffs.

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 17:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects that it seeks information that is not in U.S. Bank's possession, custody or control, but rather is in the possession, custody or control, or otherwise equally available to, the DAF Defendants.

Subject to and without waiving this objection and its General Objections, U.S. Bank denies this Request because this action was then ongoing between Plaintiffs and the DAF Defendants due to the DAF Defendants' refusal to release their threatened claims on January 10, 2022.

**REQUEST FOR ADMISSION NO. 18:**

Admit or deny that no contractual provision in the Indentures states that funds may be withheld from distribution.

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 18:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request as vague and ambiguous with respect to the meaning of "funds," "withheld" and "distribution," and to the extent that it calls for a legal conclusion.

Subject to and without waiving this objection and its General Objections, U.S. denies this Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit or deny that no contractual provision in the Portfolio Management Agreements states that funds may be withheld from distribution.

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 19:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request as vague and ambiguous with respect to the meaning of "funds," "withheld" and "distribution," and to the extent that it calls for a legal conclusion.

Subject to and without waiving this objection and its General Objections, U.S. Bank denies this Request.

**REQUEST FOR ADMISSION NO. 20:**

Admit or deny that in December 2021, Plaintiffs were advised they were obligated to "disburse the funds in the Payment Account pursuant to the Priority of Payments set out in the Indentures.  *See* Indentures §§ 10.2(d), 11.1."

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 20:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects that the Request is vague and ambiguous insofar as it appears to be quoting from an unidentified communication or conversation.

Subject to and without waiving this objection and its General Objections, U.S. Bank admits to the limited extent that it received a written communication from HCLOF, dated December 1, 2021, refers to that communication for its true and complete contents, and otherwise denies this Request.

**REQUEST FOR ADMISSION NO. 21:**

Admit or deny that in December 2021, Plaintiffs were advised "[n]o provision of the Indentures gives the Trustee any discretion to retain or reserve any amount of the funds in the Payment Account."

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 21:**

U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects that the Request is vague and ambiguous insofar as it appears to be quoting from an unidentified communication or conversation.

Subject to and without waiving this objection and its General Objections, U.S. Bank admits to the limited extent that it received a written communication from HCLOF, dated December 1, 2021, refers to that communication for its true and complete contents, and otherwise denies this Request.

17

**REQUEST FOR ADMISSION NO. 22:**

       Admit that HCLOF made public statements indicating it would take steps to prevent US Bank and ACM from withholding funds while at the same time privately negotiating the 2023 Agreement to allow such withholding of funds.

**RESPONSE AND OBJECTION TO REQUEST FOR ADMISSION NO. 22:**

       U.S. Bank objects to this Request on the grounds that it is untimely and violates the Scheduling Order because it does not relate to a new matter, allegation, or claim raised by any party's amended pleading served after April 14, 2023.  U.S. Bank further objects to this Request as vague and ambiguous with respect to the meaning of "public statements," "withholding" and "funds," and on the grounds that the information sought is in the public domain and as readily available to the DAF Defendants as it is to U.S. Bank.

       Subject to and without waiving this objection and its General Objections, U.S. Bank has made reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or deny this Request.

Dated: September 12, 2023
New York, New York

                SEWARD & KISSEL, LLP
                By: */s/ Mark D. Kotwick*
                Mark D. Kotwick
                Thomas Ross Hooper
                Julie J. Hong
                One Battery Park Plaza
                New York, NY 10004
                (212) 574-1200
                kotwick@sewkis.com
                hooper@sewkis.com
                hong@sewkis.com

                *Attorneys for Plaintiff U.S. Bank National Association, in its capacity as Trustee*

## **CERTIFICATE OF SERVICE**

I, Julie J. Hong, certify that on September 12, 2023, I caused a true and correct copy of

the foregoing *Amended Responses and Objections of Plaintiff U.S. Bank National Association to*

*Defendants/Counter-Plaintiffs The Charitable Donor Advised Fund, L.P. and CLOH Holdco,*

*Ltd.'s Requests for Admission* to be served via e-mail on:

**PARSONS MCENTIRE MCCLEARY PLLC**
Sawnie A. McEntire
1700 Pacific Ave., Suite 4400
Dallas, TX 75201
Tel: (214) 237-4300
smcentire@pmmlaw.com

Roger L. McCleary
One Riverway, Suite 1800
Houston, TX 77056
Tel: (713) 960-7315
rmccleary@pmmlaw.com

**GLENN AGRE BERGMAN & FUENTES LLP**
Lindsey R. Skibell
Jewel K. Tewiah
1185 Avenue of the Americas
New York, NY 10036
Tel: (212) 358-5600
rskibell@glennagre.com
jtewiah@glennagre.com

Dated: New York, New York
      September 12, 2023

By: */s/ Julie J. Hong*
    Julie J. Hong

SK 03687 1471 10804389