# EXHIBIT 18

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY, AND ACIS CAPITAL MANAGEMENT, L.P.,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD., AND NEXPOINT DIVERSIFIED REAL ESTATE TRUST,<br><br>*Defendants*. | No. 1:21-cv-11059 (GHW) |

**DEFENDANTS THE CHARITABLE DONOR ADVISED FUND, L.P., AND CLO HOLDCO, LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF/COUNTER-DEFENDANT ACIS CAPITAL MANAGEMENT, L.P.**

TO:   Plaintiff Acis Capital Management, L.P., by and through its counsel of record, Jonathan E. Pickhardt, Blair A. Adams, and Michael R. Bloom, QUINN EMANUEL URQUHART & SULLIVAN, LLP, 51 Madison Avenue, 22nd Floor, New York, New York, 10010.

Pursuant to Federal Rule of Civil Procedure 34, Defendants/Counter-Plaintiffs Charitable DAF Fund, L.P. a/k/a The Charitable Donor Advised Fund, L.P., ("DAF") and CLO HoldCo, Ltd. ("CLOH") (collectively the "DAF Defendants" or "Counter-Plaintiffs") serve this First Set of Requests for Production ("Request(s)") to Plaintiff/Counter-Defendant Acis Capital Management, L.P. ("ACM" or "you"). ACM must respond to the Requests and produce all responsive documents and tangible things

within thirty (30) days of service of these Requests at the office of Parsons, McEntire, McCleary, PLLC, 1700 Pacific Avenue, Suite 4400, Dallas, Texas 75201. Alternatively, the responsive material can be produced electronically to the DAF Defendants' counsel.

## INSTRUCTIONS

1.      Each Request shall be construed and answered separately and shall not be combined for the purpose of supplying a common response thereto. Each answer shall set forth verbatim the Request to which it responds. The answer to a Request shall not be supplied by referring to the answer to another Request unless the Request referred to supplies a complete and accurate answer to the Request being answered. The specificity of any Request shall not be construed or understood as limiting the generality or breadth of any other Request.

2.      If you object to any part of a Request, state with particularity both the grounds and reasons for your objection, specify the portion(s) of the request to which you object, and answer so much of the Request as is not objectionable.

3.      These Requests require you to produce Documents and Communications and/or to provide information in your physical possession, custody, or control, as well as in the possession, custody, or control of any spouse, agents, employees, officers, directors, shareholders, partners, general partners, legal representatives, predecessors, successors, children, heirs, and assigns. All requested Documents, Communications, or information

not subject to a valid objection that is known by, possessed by, or available to you that appears in your records must be provided.

4.    In addition to original and final versions of Documents and Communications, each Request includes all drafts, alterations, modifications, changes, and amendments of such Documents and Communications, as well as copies non-identical to the original in any respect, including any copies bearing non-identical markings or notations of any kind.

5.    If any requested Document, Communication, or information was, but no longer is, in Plaintiffs' possession, state whether a copy thereof is in the possession, custody, or control of some other person, agency, entity, partnership, or corporation, and why such Document, Communication, or information is no longer available, who is responsible for the loss, and the circumstances under which the loss occurred.

6.    Responsive Documents and Communications are to be clearly designated so as to reflect their source, owner, and/or custodian.

7.    Each requested Document and Communication shall be produced in its entirety with an affixed bates stamp. If an identical copy appears in more than one person's files, each of the copies shall be produced or the extracted metadata shall reflect the source, owner, and/or custodian for all persons with identical copies. If a Document or Communication responsive to any Request cannot be produced in full, it shall be

produced to the extent possible with an explanation stating why the production of the remainder is not possible.

8.      In the event you do not answer any Request, in whole or in part, on the basis of an assertion of attorney-client privilege, the work-product doctrine, or any other claim of privilege or immunity, answer each Request to the extent consistent with the privilege or immunity asserted and provide information sufficient to permit the Court to make a determination of whether a proper basis exists for the assertion of privilege or immunity. For all documents withheld on the basis of privilege, state the basis for your claim with specificity that such a document need not be disclosed to permit the Court to determine the legal sufficiency of your objection or position, and, for each such document, identify:

  a.  whether the document contains a request for legal advice and, if so, identify the person who requested the legal advice;

  b.  whether the document contains advice as to the meaning or application of particular laws or rules in response to such request;

  c.  any further information to explain and support the claim of privilege and to permit the adjudication of the propriety of that claim;

  d.  the nature of the privilege (including work product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and the type of document, e.g. letter or memorandum; the general subject of the document; and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, and other recipient of the document, and, where not apparent, the relationship of the author, addressee, and other recipient to each other.

9.      If there are no Documents or Communications responsive to a particular Request, please provide a written response so stating.

10.      If you find the meaning of any term in any Request unclear, without waiver of the DAF Defendants' rights to seek a full and complete response to the Request, you shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning.

11.      The DAF Defendants specifically reserve the right to serve additional requests for production.

12.      These Requests are continuing in nature as to require supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure if and when additional Documents, Communications, or information responsive to any of the Requests herein is/are obtained, discovered, or located between the time of responding to these Requests and the final disposition of this action.

## <u>RULES OF CONSTRUCTION</u>

1.      Unless specifically stated otherwise in a particular Request, the relevant time period is January 1, 2014, to Present.

2.      The terms "any" and "all" should be understood in either the most or the least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope. "Any" includes the word "all," and "all" includes the term "any."

3.      The terms "any," "all," and "each" shall each be construed as encompassing any and all.

4.      The use of the singular form of any word shall be construed to include the plural and vice versa.

5.      All phrases following the terms "including" are intended to illustrate the kinds of information responsive to each Request, and shall be construed as "including, but not limited to." Such examples are not intended to be exhaustive of the information sought and shall not in any way be read to limit the scope of a Request.

6.      The use of a verb in any tense, voice, or mood shall be construed as the use of the verb in all other tenses, voices, or moods, as necessary to bring within the scope of the Request all Documents and Communications that might otherwise be construed to be outside of its scope.

7.      These Requests specifically contemplate the production of all electronic or computer data, including associated metadata.

8.      References to an entity shall include past and present officers, directors, employees, agents, affiliates, subsidiaries, owners, partners, general partners, shareholders, representatives, attorneys, predecessors, successors, assigns, related entities, parent companies, and/or any other person(s) acting on behalf of such entity.

## DEFINITIONS

For the purposes of these Requests, the following terms shall have the following definitions and meanings, unless expressly provided otherwise. The definition and meaning of each reference below to an entity shall automatically include the entity's past and present officers, directors, employees, agents, affiliates, subsidiaries, owners, partners, general partners, shareholders, representatives, attorneys, predecessors, successors, assigns, related entities, parent companies, and/or any other person(s) acting on behalf of such entity:

*2019 Lawsuit*. The term "2019 Lawsuit" shall mean the civil action styled *The Charitable Donor Advised Fund, L.P. v. U.S. Bank Nat'l Ass'n, et al.*, 1:19-cv-9857-NRB in the Southern District of New York.

*2020 Lawsuit*. The term "2020 Lawsuit" shall mean the civil action styled *The Charitable Donor Advised Fund, L.P. v. U.S. Bank Nat'l Ass'n, et al.*, 1:20-cv-1036-LGS in the Southern District of New York.

*2023 Agreement*. The term "2023 Agreement" refers to a recent agreement between HCLOF, U.S. Bank, and/or ACM for a partial release of reserved funds held by U.S. Bank and/or ACM, but apparently providing for U.S. Bank and/or ACM to retain certain funds into the future pending resolution of the current Lawsuit.

*ACM, you,* and *your*. The terms "ACM," "you," and "your" refer to Acis Capital Management, L.P. and its corporate parent, subsidiaries, or affiliates and entities it

manages or operates. These terms also include any owners, partners, shareholders, agents, employees, representatives, attorneys, predecessors, successors, assigns, related entities, parent companies, subsidiaries, and/or entities in which ACM is a general partner or owns an entities' general partner, or anyone else acting on ACM's behalf, now or at any time relevant to the response.

*ACIS 4*. The term "ACIS 4" shall mean ACIS CLO 2014-4, Ltd.

*ACIS 5*. The term "ACIS 5" shall mean ACIS CLO 2014-5, Ltd.

*ACIS 6*. The term "ACIS 6" shall mean ACIS CLO 2015-6, Ltd.

*ACIS CLOs*. The term "ACIS CLOs" shall mean ACIS 4, ACIS 5, and ACIS 6, collectively.

*Any* and *all*. The terms "any" and "all" should be understood in either the most or the least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope. "Any" includes the word "all," and "all" includes the term "any."

*Brigade*. The term "Brigade" shall mean Brigade Capital Management, L.P.

*CLOH. The term* "CLOH" shall mean CLO HoldCo, Ltd.

*Communication(s)*. The term "communication(s)" means any manner in which the mental processes of one individual are related to another, including without limitation, any verbal utterance, correspondence, email, text message, statement, transmission of information by computer or other device, letters, telegrams, telexes, cables, telephone

conversations, and records or notations made in connection therewith, notes, memoranda, sound recordings, electronic data storage devices, and any other reported, recorded or graphic matter or document relating to any exchange of information.

*Complaint*. The term "Complaint" shall mean Plaintiffs' Amended Complaint [Doc. 15], filed February 23, 2022.

*Concerning*. The term "concerning" shall mean reflecting, regarding, relating to, referring to, describing, evidencing, supporting, or constituting.

*DAF*. The term "DAF" shall mean Defendant/Counter-Plaintiff Charitable DAF Fund, L.P. a/k/a The Charitable Donor Advised Fund, L.P.

*DAF Defendants.* The terms "DAF Defendants" shall mean DAF and CLOH, collectively.

*Document or Documents.* The terms "document" or "documents" shall mean anything that may be considered to be a document or tangible thing within the meaning of the Federal Rules of Civil Procedure (including but not limited to Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure), including (without limitation) Electronically Stored Information and the originals and all copies of any correspondence, memoranda, handwritten or other notes, letters, files, records, papers, drafts and prior versions, diaries, calendars, telephone or other message slips, invoices, files, statements, books, ledgers, journals, work sheets, inventories, accounts, calculations, computations, studies, reports, indices, summaries, facsimiles, telegrams, telecopied matter, publications,

pamphlets, brochures, periodicals, sound recordings, surveys, statistical compilations, work papers, photographs, videos, videotapes, drawings, charts, graphs, models, contracts, illustrations, tabulations, records (including tape recordings and transcriptions thereof) of meetings, conferences and telephone or other conversations or communications, financial statements, photostats, e-mails, microfilm, microfiche, data sheets, data processing cards, computer tapes or printouts, disks, word processing or computer diskettes, computer software, source and object codes, computer programs and other writings, or recorded, transcribed, punched, taped and other written, printed, recorded, digital, or graphic matters and/or electronic data of any kind however produced or reproduced and maintained, prepared, received, or transmitted, including any reproductions or copies of documents which are not identical duplicates of the original and any reproduction or copies of documents of which the originals are not in your possession, custody or control.

*Dondero*. The term "Dondero" shall mean Mr. James Dondero.

*Electronically Stored Information or ESI.* The terms "Electronically Stored Information" or "ESI" shall mean and include all documents, notes, photographs, images, digital, analog or other information stored in an electronic medium. Please produce all Documents/ESI in .TIF format (OCR text, single page). Please also provide a Summation Pro Load File (.dii) and/or all related metadata with respect to all such Documents/ESI.

*HCLOF*. The term "HCLOF" shall mean Highland CLO Funding, Ltd.

*HCLOF Settlement Agreement.* The term "HCLOF Settlement Agreement" shall mean the agreement between HCLOF and ACM dated April 28, 2021 referenced in paragraph 4 of the Complaint.

*HCM.* The term "HCM" shall mean Highland Capital Management, L.P.

*Identify* or *identity(ies)* (person(s)). The terms "identify" or "identity(ies)," when referring to a person, means to provide the person's full first and last name; last known address, telephone number, and e-mail address; and last known place of employment.

*Identify or identity(ies)* (document(s)). The terms "identify" or "identity(ies)," when referring to a document, means to provide the document's name; the date of the document's creation; the form of the document (e.g., letter, e-mail message, etc.); a description of the substance of the document; and the identity of the person who currently possesses the document (and, if the document no longer exists, an explanation for why it no longer exists and the date on which it ceased to exist).

*Lawsuit.* The term "Lawsuit" means the above-captioned lawsuit styled: *U.S. Bank, National Association, in its capacity as Trustee, Joshua N. Terry, and Acis Capital Management, L.P. v. The Charitable Donor Advised Fund, L.P., CLO HoldCo Ltd., and Nexpoint Diversified Real Estate Trust*; Civil Action No. 1:21-cv-11059; In the United States District Court for the Southern District of New York.

*Nexpoint.* The term "Nexpoint" shall mean defendant, Nexpoint Diversified Real Estate Trust.

*Plaintiffs*. The terms "Plaintiffs" shall mean plaintiffs, U.S. Bank, National Association, in its capacity as Trustee, Joshua N. Terry, and Acis Capital Management, L.P., respectively and collectively.

*Person*. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

*Seery*. The term "Seery" shall mean James P. Seery.

*Shorewood*. The term "Shorewood" shall mean Shorewood GP, LLC.

*Terry*. The term "Terry" shall mean plaintiff, Joshua N. Terry.

*U.S. Bank*. The term "U.S. Bank" shall mean U.S. Bank, National Association, in its capacity as Trustee.

<u>**REQUESTS FOR PRODUCTION**</u>

<u>**REQUEST FOR PRODUCTION NO. 1:**</u>      All documents and communications concerning your allegations of Dondero's purported control or functional control of either or both of the DAF Defendants, as referenced in paragraphs 1, 19, 28, 31, and 54 of the Complaint.

      <u>**RESPONSE:**</u>

<u>**REQUEST FOR PRODUCTION NO. 2:**</u>      All documents and communications concerning the DAF Defendants' alleged "continued threat of additional claims," as referenced in paragraph 1 of the Complaint.

      <u>**RESPONSE:**</u>

<u>**REQUEST FOR PRODUCTION NO. 3:**</u>      All documents and communications concerning U.S. Bank and/or ACM's purported right to withhold, or withholding of, "funds from the ACIS CLOs' final distributions to cover potential indemnity obligations," as referenced in paragraph 1 of the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**      All documents and communications concerning U.S. Bank and/or ACM's decision to withhold, or withholding of, "funds from the ACIS CLOs' final distributions to cover potential indemnity obligations," as referenced in paragraph 1 of the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**      All documents and communications concerning any approval(s) of U.S. Bank and/or ACM's decision to withhold, or withholding of, "funds from the ACIS CLOs' final distributions to cover potential indemnity obligations," as referenced in paragraph 1 of the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**      All documents and communications reflecting any approval(s) by HCLOF of any decision to withhold, or withholding of, "funds from the ACIS CLOs' final distributions to cover potential indemnity obligations," as referenced in paragraph 1 of the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**      All documents and communications reflecting any approval(s) by HCLOF of any decision to withhold, or withholding of, funds from the ACIS CLOs' distributions for any purpose at any time.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**      All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning distributions to HCLOF.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**      All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning distributions to one or more of the DAF Defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**        All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the interest(s) of one or more of the DAF Defendants' in the ACIS CLOs.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**        All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning HCLOF's interest(s) in the ACIS CLOs.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**        All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the interest(s) of one or more of the DAF Defendants in HCLOF.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**        All contracts or agreements between any of U.S. Bank, ACM, Brigade, HCM, Terry and/or HCLOF concerning the ACIS CLOs, liquidation of the ACIS CLOs' assets, distributions from the ACIS CLOs, or the interest(s) of one or more of the DAF Defendants in the ACIS CLOs.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**        A true and correct executed copy of the HCLOF Settlement Agreement.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**        All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the HCLOF Settlement Agreement or the negotiations leading to the HCLOF Settlement Agreement.

     **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**        All communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the inclusion of either or both of the DAF Defendants in the scope of the release(s) in the HCLOF Settlement Agreement and/or related negotiations concerning same.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**      All documents and communications concerning any consideration that you claim was received by either or both of the DAF Defendants in connection with the HCLOF Settlement Agreement.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**      A true and correct executed copy of the 2023 Agreement.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**      All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the 2023 Agreement or negotiations leading to the 2023 Agreement.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**      All documents and communications concerning any consideration that you claim was received by either or both of the DAF Defendants in connection with the 2023 Agreement.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**      All settlement agreements between any of U.S. Bank, ACM, Brigade, HCM, Terry and/or HCLOF other than the HCLOF Settlement Agreement and the 2023 Agreement.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**      All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning any settlement agreements requested by or produced in response to Request for Production No. 21 above.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**      All documents and communications concerning the negotiation and execution of any settlement agreements requested by or produced in response to Request for Production No. 21 above.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**      All documents and communications with the DAF Defendants concerning the HCLOF Settlement Agreement, the 2023 Agreement, and/or any settlement agreements requested by or produced in response to Request for Production No. 21 above.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**      All documents or communications concerning HCM's involvement in the negotiation and/or execution of the HCLOF Settlement Agreement.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**      All documents or communications concerning Seery's involvement in the negotiation and/or execution of the HCLOF Settlement Agreement.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**      All documents or communications concerning HCM's involvement in the negotiation and/or execution of the 2023 Agreement.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**      All documents or communications concerning Seery's involvement in the negotiation and/or execution of the 2023 Agreement.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**      All communications between any of the Plaintiffs, on the one hand, and HCLOF, on the other hand, concerning or reflecting any objection or opposition asserted by HCLOF in connection with any decision to withhold, or withholding of, "funds from the ACIS CLOs' final distributions to cover potential indemnity obligations," as referenced in paragraph 1 of the Complaint.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**      All documents and communications concerning the fees or other compensation earned by U.S. Bank and/or ACM in connection with the ACIS CLOs.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**      All documents and communications concerning approval of the fees or other compensation earned by U.S. Bank and/or ACM in connection with the ACIS CLOs.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**      All documents and communications concerning the expenses incurred by U.S. Bank and/or ACM in connection with the ACIS CLOs.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**      All documents and communications concerning approval of the expenses incurred by U.S. Bank and/or ACM in connection with the ACIS CLOs.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**      All documents and communications concerning the liquidation of the ACIS CLOs' assets.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**      All documents and communications concerning the redemption of the ACIS CLOs' secured notes.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**      All documents and communications concerning the funds generated by the liquidation of the ACIS CLOs' assets and redemption of the ACIS CLOs' secured notes.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**       All documents and communications concerning the redemption of the subordinated notes issued by the ACIS CLOs and held by HCLOF.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**       Final executed Indentures for each of the ACIS CLOs.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**       All documents identified in Section II of Plaintiffs' Initial Disclosures, served on March 20, 2023.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**       All documents and communications concerning U.S. Bank's alleged "declin[ation] to interfere with ACM's management of the ACIS CLOs," as referenced in paragraph 31 of the Complaint.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**       All documents and communications concerning HCM's alleged "acqui[sition of] a 51% controlling stake in HCLOF," as referenced in paragraph 31 of the Complaint.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**       All documents and communications concerning Mr. Seery's directions to HCM "and HCLOF to investigate the claims that DAF and CLO HoldCo brought in the 2019 and 2020 Lawsuits," as referenced in paragraph 48 of the Complaint.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**       All documents and communications concerning the alleged collaboration between HCM, HCLOF, and ACM "to liquidate the ACIS CLOs' collateral and return cash to their investors," as referenced in paragraph 48 of the Complaint.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**     All documents and communications concerning HCLOF's purported agreement to release claims related to the ACIS CLOs.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**     All documents and communications concerning the consideration received in exchange for HCLOF's purported agreement to release claims related to the ACIS CLOs.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**     All documents and communications concerning Plaintiffs' allegation that the DAF Defendants "are bound by the HCLOF Settlement Agreement," as referenced in paragraph 50 of the Complaint.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**     All documents and communications concerning the receipt, use, and/or amount of the "funds that are being held in reserve from distributions to the subordinated noteholders of the ACIS CLOs," as referenced in paragraph 52 of the Complaint.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**     All documents and communications concerning Plaintiffs' contention that "[u]nder Guernsey law, DAF and CLO HoldCo cannot assert derivative standing on behalf of HCLOF," as referenced in paragraph 62 of the Complaint.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**     All documents and communications concerning Plaintiffs' contention that "under Cayman Islands law, [the DAF] Defendants cannot assert derivative standing on behalf of the ACIS CLOs," as referenced in paragraph 63 of the Complaint.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**     All documents and communications concerning the ownership of the subordinated notes in the ACIS CLOs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**        All documents and communications concerning the ownership of the secured notes in the ACIS CLOs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**        All documents and communications concerning the decision to commence this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:**        All communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the 2019 Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**        All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning either or both of the DAF Defendants' standing to bring the 2019 Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:**        All communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning the 2020 Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:**        All documents and communications by or between U.S. Bank, ACM, HCM, Terry, Seery, and/or Brigade concerning either or both of the DAF Defendants' standing to bring the 2020 Lawsuit.

**RESPONSE:**

Respectfully submitted this 14th day of April, 2023,

By: /s/ *Sawnie A. McEntire*
Sawnie A. McEntire
*Admitted Pro Hac Vice*
Texas Bar No.: 13590100
Fed ID #3476
PARSONS MCENTIRE MCCLEARY PLLC
1700 Pacific Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 237-4300
Fax: (214) 237-4340
E-mail: smcentire@pmmlaw.com

Roger L. McCleary
*Admitted Pro Hac Vice*
Texas Bar No.: 133937000
Fed. ID #205
PARSONS MCENTIRE MCCLEARY PLLC
One Riverway, Suite 1800
Houston, Texas 77056
Telephone: (713) 960-7315
Fax: (713) 960-7347
E-mail: rmccleary@pmmlaw.com

Lindsey R. Skibell
E-mail: rskibell@glennagre.com
Jewel K. Tewiah
E-mail: jtewiah@glennagre.com
GLENN AGRE BERGMAN & FUENTES LLP
1185 Avenue of the Americas
New York, NY 10036
Telephone: 212.358.5600

**Counsel for Defendants/Counter-Plaintiffs Charitable DAF Fund, LP a/k/a The Charitable Donor Advised Fund, L.P., and CLO HoldCo, Ltd.**