# EXHIBIT 19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

U.S. BANK NATIONAL ASSOCIATION, in
its capacity as Trustee, JOSHUA N. TERRY,
and ACIS CAPITAL MANAGEMENT, L.P.,

   *Plaintiffs*,

  v.

           Case No. 1:21-cv-11059-GHW

THE CHARITABLE DONOR ADVISED
FUND, L.P., CLO HOLDCO LTD., and
NEXPOINT DIVERSIFIED REAL ESTATE
TRUST,

   *Defendants*.

---

**PLAINTIFFS ACIS CAPITAL MANAGEMENT, L.P. AND JOSHUA N. TERRY'S**
**RESPONSES AND OBJECTIONS TO DEFENDANT NEXPOINT DIVERSIFIED**
**REAL ESTATE TRUST'S FIRST SET OF REQUESTS FOR PRODUCTION**

   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules")

and the Local Civil Rules of the United States District Court for the Southern District of New York

(the "Local Civil Rules"), Plaintiffs Acis Capital Management, L.P. ("ACM") and Joshua N. Terry

("Terry" and collectively "Plaintiffs") provide the following responses and objections to

Defendant NexPoint Diversified Real Estate Trust's ("NexPoint") First Set of Requests for

Production (the "Requests," and each a "Request"), dated April 4, 2023.

1

## **GENERAL OBJECTIONS**

In addition to the objections to each individual Document Request, the following objections apply to all of the Requests (the "General Objections") and are hereby incorporated by reference into the individual response to each Request and shall have the same force and effect as if fully set forth in the individual response to each Request.  Plaintiffs object as follows:

1.      Plaintiffs object to each Request, and to each Definition, to the extent that it purports to impose any obligations upon Plaintiffs that are inconsistent with or exceed the requirements of the Federal Rules, the Local Rules, Judge Woods' Individual Rules of Practice in Civil Cases, and any other relevant rules of practice or applicable law.

2.      Plaintiffs object to each Request, and to each Definition, insofar as it contains misstatements of fact and inaccurate assumptions.  Any objection or response to a Request should not be taken as an admission that Plaintiffs accept or admit the existence of any alleged facts set forth or assumed by such Request.  A response to part or all of any Request is not intended to be, and shall not be construed to be, a waiver of any part of any objection to the Request.

3.      Plaintiffs object to each Request to the extent that it seeks documents that do not already exist, or that are not in Plaintiffs' possession, custody, or control.

4.      Plaintiffs object to each Request to the extent that it seeks documents that are already in the possession, custody, or control of NexPoint.

5.      Plaintiffs object to each Request to the extent that it calls for information that is publicly available and therefore as accessible to NexPoint as to Plaintiffs.

6.     Plaintiffs object to each Request to the extent that it seeks documents that are obtainable from another source that is more convenient, less burdensome, or less expensive.

7.     Plaintiffs object to each Request to the extent that it purports to require Plaintiffs to provide information or documents beyond what is available to Plaintiffs at present from a reasonable search of their own files likely to contain relevant or responsive documents.

8.     Plaintiffs object to each Request to the extent that it calls for the production of documents or other disclosure of information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, the mediation privilege, or any other applicable privilege, immunity, or doctrine.  Any disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, immunity, law, or rule is inadvertent and shall not constitute a waiver.

9.     Plaintiffs object to each Request to the extent that it requires the disclosure of trade secrets or confidential or proprietary information or documents, trade secrets, or other sensitive information, or information protected from disclosure by any law, court order, or any agreement with respect to confidentiality or non-disclosure (collectively, "Confidential Information"). Further, Plaintiffs reserve the right to withhold information that Plaintiffs require third party consent to disclose

10.    Plaintiffs object to each Request to the extent that it is vague or ambiguous.

11.    Plaintiffs object to each Request to the extent that it fails to identify with reasonable particularity the documents sought.

12.     Plaintiffs object to each Request to the extent that it is overly broad, overly expansive, oppressive, or unduly burdensome and would thus impose upon Plaintiffs an unreasonable burden of inquiry or unreasonable costs disproportionate to the needs of the case.

13.     Plaintiffs object to each Request to the extent that it is unduly burdensome and oppressive in that it would require a search for documents that are of little or no relevance to the issues or controversies in this litigation, such that the value of the documents would be outweighed by the burden of obtaining them.

14.     Plaintiffs object to each Request that seeks "all documents" and/or "all communications" regarding the described topic to the extent that such Requests are overbroad and unduly burdensome.

15.     Plaintiffs object to each Request to the extent that it calls for or contains a legal conclusion or characterizes certain information as undisputed fact.

16.     Plaintiffs object to each Request to the extent it depends upon contention(s) of NexPoint that NexPoint has not yet fully articulated via its own discovery responses or other pleadings.

17.     Plaintiffs object to each Request to the extent that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

18.     Plaintiffs object to each Request to the extent it calls for or contains legal conclusions or characterizations of fact.  Any response to or objection to a Request shall not be construed as indicating agreement with any such conclusions or characterizations.

19.     Plaintiffs object to each Request to the extent it seeks to impose arbitrary time parameters, and to the extent that it contains no temporal limitations at all.

20.     To the extent any definition does not comport with the Federal Rules, the Local Rules, or the ordinary meaning of the word itself, Plaintiff will follow the Federal Rules, the Local Rules, or apply the ordinary meaning of the word.

## **RESERVATION OF RIGHTS**

1.      Plaintiffs make the responses herein solely for the purposes of this litigation.  By responding to each Request, Plaintiffs do not waive objections to the admission of these responses into evidence on the grounds of relevance, materiality, or any other proper grounds for objection. Neither Plaintiffs' agreement to respond to a Request, nor Plaintiffs' agreement to meet and confer with Defendant with respect to a Request, shall imply that responsive information exists, or constitute an admission or acknowledgement as to the relevance or admissibility of any information.

2.      Plaintiffs reserve all objections to the use of these responses and of any information and/or documents Plaintiffs produce.  Plaintiffs may interpose all such objections at the time of trial or as otherwise required by the applicable rules or order of the Court.

3.      Plaintiffs' responses and objections set forth herein are based upon information presently known to Plaintiffs at this point in the case, at a time when discovery is ongoing. Plaintiffs reserve the right to amend, supplement, or withdraw their responses and objections to each Request, including to take into account additional information that comes to light during the discovery process.

## GENERAL OBJECTIONS TO NEXPOINT'S DEFINITIONS AND INSTRUCTIONS

1.      Plaintiffs object to Instruction No. 1 on the grounds that it presupposes that Plaintiffs will produce all documents responsive to the Requests regardless of any objections.

2.      Plaintiffs object to Instruction No. 3 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.

3.      Plaintiffs object to Instruction No. 4 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.

4.      Plaintiffs object to Instruction No. 9 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.

5.      Plaintiffs object to Instruction No. 11 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.

6.      Plaintiffs object to Instruction No. 12 to the extent that it imposes obligations beyond those required by the Federal Rules, the Local Civil Rules, or any other applicable laws or rules.

7.      Plaintiffs object to Definition 15 ("Acis") to the extent it purports to include "affiliates, attorneys, accountants, investment banks, repository agents, placement agents or other agents" over whom ACM lacks authority or control.  ACM will respond on its own behalf.

8.      Plaintiffs object to Definition 17 ("Acis-6 CLO") as vague or ambiguous.

Case 1:21-cv-11059-GHW   Document 213-19   Filed 10/13/23   Page 8 of 43

9.      Plaintiffs object to Definition 19 ("Brigade") to the extent it purports to include "affiliates, attorneys, accountants, investment banks, repository agents, placement agents or other agents" over whom Brigade lacks authority or control.  Plaintiffs will construe Brigade to refer to Brigade Capital Management, L.P. and its principals, employees, and affiliates over whom it possesses authority and control.

10.      Plaintiffs object to Definition 26 ("Document" or "Documents") as overbroad, unduly burdensome, or disproportionate to the litigation.

11.      Plaintiffs object to Definition 28 ("Fees") as vague or ambiguous to the extent it includes amounts paid "pursuant to . . . any other contract."

12.      Plaintiffs object to Definition 29 ("HCLMP") to the extent it purports to include "attorneys, accountants, agents, and any person acting on its behalf" over whom HCLMP lacks authority or control.  Plaintiffs will construe HCLMP to refer to Highland Capital Management, L.P. and its principals, employees, and affiliates over whom it possesses authority and control.

13.      Plaintiffs object to Definition 30 ("HCLOF") to the extent it purports to include "affiliates, attorneys, accountants, investment banks, repository agents, placement agents or other agents" over whom HCLOF lacks authority or control.  Plaintiffs will construe HCLOF to refer to Highland CLO Funding, Ltd. and its principals, employees, and affiliates over whom it possesses authority and control.

14.      Plaintiffs object to Definition 40 ("Offering Circular") to the extent it purports to refer to any document bearing that title for a CLO other than Acis-6 CLO.  Plaintiffs will construe Offering Circular to refer to the document bearing that title in respect of Acis-6 CLO.

15.     Plaintiffs object to Definition 42 ("Portfolio Management Agreement" or "PMA") to the extent it purports to refer to "sub-advisory agreement(s)."   Plaintiffs will construe these terms to refer to the Portfolio Management Agreement between Acis CLO 2015-6 Ltd. and Acis Capital Management, L.P. dated April 16, 2015.

16.     Plaintiffs object to Definition 43 ("Seery") to the extent it purports to include "attorneys, accountants, agents, and any person acting on its behalf" over whom Mr. Seery lacks authority or control.  Plaintiffs will construe Seery to refer to James Seery, Jr.

17.     Plaintiffs object to Definition 45 ("Terry") to the extent it purports to include "attorneys, accountants, agents, and any person acting on its behalf" over whom Mr. Terry lacks authority or control.  Plaintiffs will construe Terry to refer to Joshua N. Terry.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

Subject to and without waiving the General Objections set forth above, all of which are incorporated as if fully stated herein, Plaintiffs Respond to each Request as follows:

## REQUEST FOR PRODUCTION NO. 1:

Produce a copy of the fully executed Acis 6 Indenture.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Plaintiffs will produce a fully executed copy of the Acis 6 Indenture.

## REQUEST FOR PRODUCTION NO. 2:

Produce a copy of the fully executed and/or authorized Subordinated Note issued to NexPoint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to their General Objections, Plaintiffs object to Request No. 2 as vague and ambiguous as to the meaning of the phrase "authorized Subordinated Note."  Subject to and without waiving the foregoing specific and General Objections, Plaintiffs state that they will produce a fully executed and/or authorized Subordinated Note to the extent such document exists, is within Plaintiffs' possession, custody, or control and can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:**

Produce an executed copy of the PMA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to and without waiving the foregoing General Objections, including Plaintiff's objection to the definition of "PMA," Plaintiffs will produce a fully executed copy of the Portfolio Management Agreement between Acis CLO 2015-6 Ltd and Acis Capital Management, L.P. dated April 16, 2015.

**REQUEST FOR PRODUCTION NO. 4:**

Produce a copy of the Offering Circular.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to and without waiving the foregoing General Objections, including Plaintiff's objection to the definition of "Offering Circular," Plaintiffs will produce a copy of the Acis-6 CLO Offering Circular.

**REQUEST FOR PRODUCTION NO. 5:**

Produce a copy of any documents purporting in whole or in part any accounting for any amount(s) owed to NexPoint at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to their General Objections, Plaintiffs object to Request for Production No. 5 as overbroad, unduly burdensome, and disproportionate to the scope of the litigation to the extent it purports to seek "any accounting for any amount(s) owed to NexPoint at any time."  Plaintiffs also object to this Request as vague and ambiguous as to the meaning of the undefined term "accounting."  Plaintiffs further object to this Request as neither relevant nor reasonably likely to lead to the discovery of admissible evidence to the extent it purports to require the production of documents related to the Acis CLOs other than Acis-6 CLO.  Plaintiffs also object to this Request to the extent it presupposes that Plaintiffs have "owed" any amount to NexPoint at any time.

Subject to and without waiving the foregoing specific and General Objections, Plaintiffs state that they will produce nonprivileged documents reflecting an accounting of amounts owed to NexPoint related to Acis-6 CLO during the Period to the extent such documents exist, are within Plaintiffs' possession, custody, or control and can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:**

Produce documents reflecting your calculation of the NAV of the ACIS-6 CLO assets and/or Acis's AUM with respect to the Acis CLOs during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to their General Objections, Plaintiffs further object to this Request as neither relevant nor reasonably likely to lead to the discovery of admissible evidence as neither the NAV of the Acis-6 CLO nor ACM's AUM with respect to the Acis CLOs is relevant to any of NexPoint's claims or defenses in this action.  Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Produce documents sufficient to identify the NAV of the Acis-6 Trust assets during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to their General Objections, Plaintiffs object to this Request's use of the undefined term "Acis-6 Trust."  The assets belong to Acis CLO 2015-6 Ltd., a Cayman Islands exempted limited company.  Plaintiffs further object to this Request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the NAV of Acis-6 CLO is not relevant to any of NexPoint's claims or defenses in this action.  Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents reflecting application of any of the Collateral Quality Tests to the ACIS-6 CLO prior to or after a trade.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to their General Objections, Plaintiffs object to Request No. 8 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation.

Subject to and without waiving the foregoing specific and General Objections, Plaintiffs state that they will produce non-privileged documents responsive to Request No. 8 within their possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents reflecting compliance with the Collateral Quality Tests of the ACIS-6 CLO during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Subject to and without waiving the foregoing General Objections, Plaintiffs state that they will produce non-privileged documents responsive to Request No. 9 within their possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents reflecting compliance with the Collateral Quality Tests of the ACIS-6 CLO for the 24 months prior to the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiffs object to Request No. 10 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation.

Subject to and without waiving the foregoing specific and General Objections, Plaintiffs state that they will produce non-privileged documents responsive to Request No. 10 within their possession, custody, or control located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents reflecting and/or substantiating the expenses Acis, Terry or Brigade claim were incurred and assessed against the Acis CLOs during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to their General Objections, Plaintiffs object to Request No. 11 as premature to the extent they seek documents "substantiating the expenses Acis, Terry or Brigade claim were incurred or assessed." Plaintiffs' investigation and search for documents relevant to their claims and NexPoint's counterclaims remains ongoing. Plaintiffs will produce evidence they intend to present in support of a claim or defense at trial in accordance with the case schedule ordered by the Court. Plaintiffs also object to Request No. 11 to the extent it purports to require the production of documents not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request as neither relevant nor reasonably likely to lead to the discovery of admissible evidence to the extent it purports to require the production of documents related to the Acis CLOs other than Acis-6 CLO.

Subject to and without waiving the foregoing General Objections, Plaintiffs state that they will produce non-privileged documents sufficient to show ACM's expenses related to Acis-6 CLO and any analysis, review, or assessment of the permissibility of those expenses under the Acis-6 PMA during the Period within their possession, custody, or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all Trustee reports for the Acis CLOs, and all documents and communications related to the preparation thereof, including drafts and the sources of information therein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to their General Objections, Plaintiffs object to Request No. 12 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation to the extent it seeks "all

documents and communications related to the preparation [of Acis Trustee reports], including

drafts and the sources of information therein" without limitation as to time.  Plaintiffs also object

to this Request as neither relevant nor reasonably likely to lead to the discovery of admissible

evidence to the extent it purports to require the production of documents related to the Acis

CLOs other than Acis-6 CLO and to the extent it seeks drafts of the Trustee reports.  Plaintiffs

further object that this Request is properly directed to the Trustee.  Plaintiffs object to Request

No. 12 subject to their response to Request No. 13.

**REQUEST FOR PRODUCTION NO. 13:**

Produce a copy of each Trustee report related to the ACIS-6 CLO during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiffs will produce final Trustee reports for Acis-6 CLO.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all analyst reports (whether generated internally or externally) related to any
Trade.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to their General Objections, Plaintiffs object to Request No. 14 as overbroad,

unduly burdensome, and disproportionate to the needs of the litigation to the extent it purports to

require the production of "all analyst reports . . . related to any trade."  Plaintiffs also object to

this Request as neither relevant nor reasonably likely to lead to the discovery of admissible

evidence to the extent it purports to require the production of documents and/or communications

related to the Acis CLOs other than Acis-6 CLO.  Plaintiffs further object to this Request to the

extent it purports to require the production of publicly available analyst reports, which are equally available to NexPoint as to Plaintiffs.

Subject to and without waiving the foregoing specific and General Objections, Plaintiffs state that they do not have any non-privileged documents responsive to this Request in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all analyst reports for any asset of the Acis 6 CLO that was held at any time during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to their General Objections, Plaintiffs object to Request No. 15 to the extent it purports to require the production of publicly available analyst reports that are equally accessible to NexPoint as to Plaintiffs.  Plaintiffs also object to this request as overbroad, unduly burdensome, and disproportionate to the needs of the litigation.  Plaintiffs further object to this Request to the extent it calls for the production of documents that are not within Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing specific and General Objections, Plaintiffs state that they do not have any non-privileged documents responsive to this Request in their possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16:**

Produce  all  documents  and  communications regarding any Trade.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to their General Objections, Plaintiffs object to Request No. 16 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation to the extent it seeks "all documents and communications regarding any Trade" without limitation. Plaintiffs also object to this request to the extent it purports to require the production of documents protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure. Plaintiffs further object to this Request as neither relevant nor reasonably likely to lead to the discovery of admissible evidence to the extent it purports to require the production of documents and/or communications related to the Acis CLOs other than Acis-6 CLO.

Subject to and without waiving the foregoing specific and General Objections, Plaintiffs state that they will produce non-privileged, responsive communications related to trades involving Acis-6 CLO during the Period that are grouped trades or that are otherwise identified in NexPoint's Counterclaims in this Action, to the extent such documents are within Plaintiffs' possession, custody, or control and can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 17:**

Produce a copy of each document or communication related to NexPoint's interest in any of the Acis CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to their General Objections, Plaintiffs object to Request for Production No. 17 on the ground that the subject of the request is already in NexPoint's possession or could be obtained as easily by NexPoint as by Plaintiffs. Plaintiffs also object to this Request as not relevant to any of NexPoint's claims or defenses. Plaintiffs further object to this Request as

overbroad, unduly burdensome, and disproportionate to the needs of the litigation.  Plaintiffs also

object to this Request to the extent it calls for the production of documents not within Plaintiffs'

possession, custody, or control.  Plaintiffs will not produce documents or communications in

response to Request No. 17.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all communications and documents related to the Settlements (or any one
Settlement).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiffs object to Request No. 18 on the grounds that it is not relevant nor reasonably

likely to lead to the discovery of admissible evidence.  Plaintiffs further object that this Request

is overbroad, unduly burdensome, and disproportionate to the needs of the litigation.

Subject to and without waiving the foregoing specific and General Objections, Plaintiffs

state that they will produce non-privileged communications responsive to this Request that are

within Plaintiffs' possession, custody, or control and which can be located pursuant to a

reasonable search.

**REQUEST FOR PRODUCTION NO. 19:**

Produce each communication with any officer or director of, or any person employed by
or representing, the Issuer or Co-Issuer, regarding the Settlements (or any Settlement), the
Letters, this Lawsuit, or any of the Lawsuits, or the Withheld Funds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to their General Objections, Plaintiffs object to Request No. 19 as overbroad,

unduly burdensome, and disproportionate to the needs of the litigation to the extent it seeks all

communications with "any officer or director of, or any person employed by or representing, the

Issuer or Co-Issuer" covering numerous topics.

Subject to and without waiving the foregoing specific and General Objections, Plaintiffs

state that they will produce non-privileged communications responsive to this Request that are

within Plaintiffs' possession, custody, or control and can be located pursuant to a reasonable

search.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all ledgers, documents, records (including, but not limited to, all confirmations) of each of the Trades and all documents showing the allocation resulting from the Trade(s) to one or more of the Acis CLOs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiffs refer NexPoint to their response and objection to Request No. 16, which sets

forth the scope of documents Plaintiffs agree to produce with respect to trades in Acis-6 CLO.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all documents and/or communications with any Party to this Lawsuit, and/or with either of the Co-Issuers, regarding the Letters, the Trades, the Fees, the Expenses, this Lawsuit, and/or the Lawsuits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to their General Objections, Plaintiffs object to Request No. 21 to the extent it

purports to require the production of documents protected by the attorney-client privilege, work-

product doctrine, or any other privilege from disclosure.  Plaintiffs also object to this Request as

overbroad, unduly burdensome, and disproportionate to the needs of the litigation.  Plaintiffs

further object to this Request as neither relevant nor reasonably likely to lead to the discovery of

admissible evidence to the extent it purports to require the production of documents and/or communications related to the Acis CLOs other than Acis-6 CLO.

Plaintiffs refer NexPoint to their response and objection to Request Nos. 11, 16, and 22 which set forth the scope of documents Plaintiffs agree to produce with respect to expenses charged to, trades in, and fees from Acis-6 CLO. Subject to and without waiving the foregoing specific and General Objections, Plaintiffs state that they will produce non-privileged communications between Plaintiffs, Brigade, U.S. and the Co-Issuer Bank that are otherwise responsive to this Request that are within Plaintiffs' possession, custody, or control and can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all calculations of the fees incurred during the Period relating to the Acis CLOs and the allocation of same to the ACIS-6 CLO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to their General Objections, Plaintiffs object to Request No. 22 as neither relevant nor reasonably likely to lead to the discovery of admissible evidence to the extent it purports to require the production of documents and/or communications related to the Acis CLOs other than Acis-6 CLO.

Subject to and without waiving the foregoing specific and General Objections, Plaintiffs state that they will produce final Trustee reports for Acis-6 CLO for the Period, which are sufficient to show the fees charged to Acis-6 CLO.

**REQUEST FOR PRODUCTION NO. 23:**

Produce documents sufficient to show the amount(s) paid to Acis Capital Management, L.P., Joshua N. Terry, Brigade Capital Management, L.P., the Trustee, the Issuer, and the Co-Issuer during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to their General Objections, Plaintiffs object to Request No. 23 as neither relevant nor reasonably likely to lead to the discovery of admissible evidence to the extent it purports to require the production of documents related to the Acis CLOs other than Acis-6 CLO.

Subject to and without waiving the foregoing specific and General Objections, Plaintiffs state that they will produce final Trustee reports for Acis-6 CLO for the Period, which are sufficient to show the fees charged to Acis-6 CLO.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all insurance policies applicable to the Issuer or Co-Issuer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to their General Objections, Plaintiffs object to Request No. 24 as not relevant to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

Produce all insurance policies that cover any liability at issue in this lawsuit for any or all Plaintiffs/Counter-Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to their General Objections, Plaintiffs object to Request No. 25 as not relevant to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all communications regarding, and/or requests for, written authorizations, or written authorizations from the Issuer or Co-Issuer for any of the Withheld Funds, the Trades, the Expenses, the Fees, or for bringing this Lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to their General Objections, Plaintiffs object to Request No. 26 to the extent it purports to require the production of communications or documents protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.  Plaintiffs further object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the litigation.  Plaintiffs also object to this Request as not relevant to any of NexPoint's claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all requests for authorization and/or written grants or denials of authorizations from the Issuer or Co-Issuer for this Lawsuit or with respect to the Lawsuits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to their General Objections, Plaintiffs object to Request No. 27 to the extent it purports to require the production of documents protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.  Plaintiffs also object to this Request as

not relevant to any of NexPoint's claims or defenses nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 28:**

Produce any court order that you contend authorizes the Trades, the Fees, or the Expenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to their General Objections, Plaintiffs object to Request No. 28 as premature in purporting to require the production of documents that Plaintiffs "contend authorizes the Trades, the Fees, or the Expenses."  Plaintiffs' investigation and search for documents relevant to their claims and NexPoint's counterclaims remains ongoing.  Plaintiffs further object to Request for Production No. 28 as improper to the extent that it is more properly made in the form of a contention interrogatory, which is not permitted at this stage of discovery pursuant to the Local Civil Rules.  Plaintiffs will not produce documents in response to Request No. 28.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all documents you contend support any claim for attorneys' fees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to their General Objections, Plaintiffs object to Request No. 29 as premature in purporting to require the production of documents that Plaintiffs "contend support any claim for attorneys' fees."  Plaintiffs' investigation and search for documents relevant to their claims and NexPoint's counterclaims remains ongoing.  Plaintiffs further object to Request for Production No. 29 as improper to the extent that it is more properly made in the form of a

contention interrogatory, which is not permitted at this stage of discovery pursuant to the Local Civil Rules.  Plaintiffs will produce documents that are not publicly available that they plan to use in support of their claim at the appropriate time as called for under the applicable scheduling order.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all documents reflecting an analysis of the Expenses, or trends in expenses incurred over time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to their General Objections, Plaintiffs object to Request No. 30 to the extent it purports to require the production of documents protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.  Plaintiffs further object to this Request as neither relevant nor reasonably likely to lead to the discovery of admissible evidence to the extent it purports to require the production of documents related to the Acis CLOs other than Acis-6 CLO.  Plaintiffs also object to this Request as vague and ambiguous as to the undefined terms "analysis" and "trends."

Subject to and without waiving the foregoing specific and General Objections, Plaintiffs state that they will produce non-privileged documents responsive to Request No. 30 related to Acis-6 CLO within their possession, custody, or control located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all requests for authorization and/or written grants or denials of authorizations from the Issuer or Co-Issuer for this Lawsuit or with respect to the Lawsuits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to their General Objections, Plaintiffs object to Request No. 31 to the extent it

purports to require the production of documents protected by the attorney-client privilege, work-

product doctrine, or any other privilege from disclosure.  Plaintiffs further object to this Request

as not relevant to any of NexPoint's claims or defenses nor reasonably calculated to lead to the

discovery of admissible evidence.  Plaintiffs will not produce documents in response to Request

No. 31.

**REQUEST FOR PRODUCTION NO. 32:**

Produce each communication with any officer or director of, or any person employed by
or representing, the Issuer or Co-Issuer regarding the allegations in the Counterclaims, the Main
Action, the Lawsuits, or the Letters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to their General Objections, Plaintiffs object to Request No. 32 as overbroad,

unduly burdensome, and disproportionate to the needs of the litigation.

Subject to and without waiving the foregoing specific and General Objections, Plaintiffs

state that they will produce non-privileged communications responsive to this Request that are

within their possession, custody, or control which can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 33:**

Produce each communication with any officer or director of, or any person employed by
or representing, the Issuer or Co-Issuer regarding the Trades, the Expenses, the Settlements, the
Claims, the Sales of Claims, or the Lawsuits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiffs refer NexPoint to their response and objection to Request No. 16, which sets

forth the scope of documents Plaintiffs agree to produce with respect to trades in Acis-6 CLO

and to their response and objection to Request No. 11, which sets forth the scope of documents

Plaintiffs agree to produce with respect to Acis-6 CLO expenses.  Subject to and without waiving

the foregoing General Objections, Plaintiffs will produce non-privileged communications that are

otherwise responsive to this Request that are within their possession, custody, or control and can

be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 34:**

Produce each communication with any officer or director of, or any person employed by
or representing, the Issuer or Co-Issuer regarding the ACIS- 6 CLO during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

In addition to their General Objections, Plaintiffs object to Request No. 34 as overbroad,

unduly burdensome, or disproportionate to the needs of this litigation.  Plaintiffs further object to

this Request to the extent that it is duplicative of Request Nos. 32 and 33.  Plaintiffs will not

produce additional communications in response to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all documents effectuating, or evidencing the effectuation, of the granting
clause(s) in the Indenture.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

In addition to their General Objections, Plaintiffs object to Request No. 35 as vague or

ambiguous in its use of "effectuating, or evidencing the effectuation, of the granting clause."

Plaintiffs are willing to meet and confer as to the documents sought in response to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all documents reflecting the Trades during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiffs refer NexPoint to their response and objection to Request No. 16, which sets

forth the scope of documents Plaintiffs agree to produce with respect to trades in Acis-6 CLO.

**REQUEST FOR PRODUCTION NO. 37:**

Produce all documents, including communications, reports, valuations, studies, memoranda, or other related information  sufficient to reveal the bases for the Trades made during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiffs refer NexPoint to their response and objection to Request No. 16, which sets

forth the scope of documents Plaintiffs agree to produce with respect to trades in Acis-6 CLO.

**REQUEST FOR PRODUCTION NO. 38:**

No request made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

No response required.

**REQUEST FOR PRODUCTION NO. 39:**

Produce all documents reflecting the bases for the Expenses incurred during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiffs refer NexPoint to their response and objection to Request No. 11, which sets

forth the scope of documents Plaintiffs agree to produce with respect to the Acis-6 CLO

expenses.

**REQUEST FOR PRODUCTION NO. 40:**

Produce all communications between or among any of Joshua N. Terry, Acis Capital Management L.P., Brigade Capital Management, L.P., or the Trustee, regarding the Trades, the Expenses, the Fees, and/or Distributions connected with the ACIS-6 CLOs during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

In addition to their General Objections, Plaintiffs object to Request No. 40 as overbroad, unduly burdensome, or disproportionate to the needs of this litigation and to the extent it purports to require the production of communications protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.  Plaintiffs further object to this Request to the extent that it is duplicative of Request No. 16, which already calls for the production of "all documents and communications regarding any Trade."  Plaintiffs also object to this Request to the extent it is duplicative of Request No. 24, which calls for the production of "all documents and/or communications . . . regarding the Letters, the Trades, the Fees, the Expenses, this Lawsuit, and/or the Lawsuits" between Plaintiffs and "any Party to this Lawsuit, and/or with either of the Co-Issuers."

Plaintiffs refer NexPoint to their response and objection to Request Nos. 11, 16, and 22 which set forth the scope of documents Plaintiffs agree to produce with respect to expenses charged to, trades in, and fees from Acis-6 CLO.  Subject to and without waiving the foregoing specific and General Objections, Plaintiffs state that they will produce non-privileged communications that are otherwise responsive to this Request that are within their possession, custody, or control and can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 41:**

Produce all communications with HCLOF, HCMLP, and/or James Seery, Jr. regarding the Letters, Settlements, Claims, Sales of Claims, and/or the Lawsuits during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

In addition to their General Objections, Plaintiffs object to Request No. 41 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation and to the extent it purports to require the production of communications protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.

Subject to and without waiving the foregoing specific and General Objections, Plaintiffs state that they will produce non-privileged communications responsive to this Request that are within Plaintiffs' possession, custody, or control and which can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 42:**

Produce any charts or other information regarding the value or projected value of the Trades or the underlying assets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Plaintiffs refer NexPoint to their response and objection to Request No. 16, which sets forth the scope of documents Plaintiffs agree to produce with respect to trades in Acis-6 CLO.

**REQUEST FOR PRODUCTION NO. 43:**

Produce any documents reflecting the deliberations and or decisions as to the Trades, including, but not limited to, which securities to purchase and which to sell, including the timing of such purchases and sales during the Period, whether with respect to the Acis CLOs or relating to the ACIS-6 CLO specifically.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Plaintiffs refer NexPoint to their response and objection to Request No. 16, which sets forth the scope of documents Plaintiffs agree to produce with respect to trades in Acis-6 CLO.

**REQUEST FOR PRODUCTION NO. 44:**

Produce all bank records reflecting the cash flows related to the ACIS-6 CLO during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Plaintiffs will produce the final Trustee reports for Acis-6 CLO for the Period, which are sufficient to show the cash flows related to Acis-6 CLO during the Period.

**REQUEST FOR PRODUCTION NO. 45:**

Produce all account records for any and all trading accounts related to the ACIS-6 CLO during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Plaintiffs will produce the final Trustee reports for Acis-6 CLO for the Period, which are sufficient to show the trading related to Acis-6 CLO during the Period.

**REQUEST FOR PRODUCTION NO. 46:**

Produce all communications with Highland CLO  Funding Ltd. or its attorneys relating to the Acis CLOs and/or the ACIS-6 CLO during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

In addition to their General Objections, Plaintiffs object to Request No. 46 as overbroad, unduly burdensome, or disproportionate to the needs of this litigation and to the extent it purports to require the production of documents protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.  Plaintiffs further object to this Request to the

extent that it is duplicative of Request No. 41, which already calls for the production of

communications between Plaintiffs and HCLOF on all topics relevant to this case.  Plaintiffs will

not produce unique documents in response to Request No. 46.

**REQUEST FOR PRODUCTION NO. 47:**

       Produce all communications among any of the Parties or their attorneys regarding the
Lawsuits or the Letters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

       In addition to their General Objections, Plaintiffs object to Request No. 47 to the extent it

purports to require the production of documents protected by the attorney-client privilege, work-

product doctrine, or any other privilege from disclosure.  Plaintiffs also object to this Request as

overbroad, unduly burdensome, and disproportionate to the needs of the litigation.  Plaintiffs

further object to this Request to the extent that it is duplicative of Request No. 21 which already

calls for the production of "all documents and/or communications with any Party . . . regarding

the Letters . . . this Lawsuit, and/or the Lawsuits."  Plaintiffs will not produce unique documents

in response to Request No. 47.

**REQUEST FOR PRODUCTION NO. 48:**

       Produce any and all reports, memoranda, or written documents that reflect, discuss or
incorporate (in whole or in part) the result of any internal or external investigation or audit
conducted by any person, firm, or company into one or more of the issues raised in the
Counterclaims, Letters, or the Lawsuits, or to verify compliance with the Collateral Quality
Tests, or to calculate proper Distributions, or the bases of Withheld Funds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

       In addition to their General Objections, Plaintiffs object to Request No. 48 as overbroad,

unduly burdensome, and disproportionate to the needs of the litigation.  Plaintiffs further object

to this Request to the extent it purports to require the production of documents not within

Plaintiffs' possession, custody, or control.  Plaintiffs also object to this Request to the extent it

purports to require the production of documents protected by the attorney-client privilege, work-

product doctrine, or any other privilege from disclosure.

Subject to and without waiving the foregoing specific and General Objections, Plaintiffs

state that they will produce non-privileged documents responsive to Request No. 48 and related

to Acis-6 CLO that are within their possession, custody, or control and can be located pursuant to

a reasonable search.

## REQUEST FOR PRODUCTION NO. 49[1]:

Produce a copy of your currently filed Form ADV and all drafts and/or predecessors
thereof and communications regarding same.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

Plaintiffs object to Request No. 49 on the ground that ACM's currently filed Form ADV

is publicly accessible on the Securities and Exchange Commission's website and is therefore

equally available to NexPoint as to Plaintiffs.  Plaintiffs further object that drafts of the currently

filed Form ADV were prepared upon the advice of counsel and are subject to the attorney-client

privilege.  Plaintiffs also object to this Request as overbroad, unduly burdensome, and

disproportionate to the needs of the litigation.  Plaintiffs will not produce documents in response

to Request No. 49.

---

[1] NexPoint's RFPs identify this Request as Request No. 40.  Plaintiffs believe that this Request was intended
to be numbered Request No. 49.

**REQUEST FOR PRODUCTION NO. 50:**

Produce all communications or filings with the SEC regarding the Acis CLOs in general and/or the Acis-6 CLO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

In addition to their General Objections, Plaintiffs object to Request No. 50 to the extent it

purports to require the production of documents or communications protected by the attorney-

client privilege, work-product doctrine, or any other privilege from disclosure.  Plaintiffs further

object to this Request as neither relevant nor reasonably likely to lead to the discovery of

admissible evidence.  Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

Produce all documents reflecting, and/or communications with any party regarding, the NAV of any asset or debt instrument held in whole or in part by any Acis CLO during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

In addition to their General Objections, Plaintiffs object to Request No. 51 as overbroad,

unduly burdensome, and disproportionate to the needs of the litigation and to the extent it

purports to require the production of documents or communications protected by the attorney-

client privilege, work-product doctrine, or any other privilege from disclosure.  Plaintiffs further

object to this Request as neither relevant nor reasonably likely to lead to the discovery of

admissible evidence to the extent it purports to require the production of documents or

communications related to the Acis CLOs other than Acis-6 CLO.  Plaintiffs will not produce

documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

Produce all communications with the Securities Exchange Commission regarding the Acis CLOs or the Claims during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

In addition to their General Objections, Plaintiffs object to Request No. 52 to the extent it purports to require the production of communications protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure. Plaintiffs further object to this Request to the extent it is duplicative of Request No. 50. Plaintiffs further object to this Request as neither relevant nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 53:**

Produce all Communications by or among any of the Parties regarding redeeming any of the Notes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

In addition to their General Objections, Plaintiffs object to Request No. 53 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation and to the extent it purports to require the production of communications protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure. Plaintiffs further object to this Request as neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing specific and General Objections, Plaintiffs state that they will produce non-privileged communications regarding the redemption of notes issued by Acis-6 CLO that are within Plaintiffs' possession, custody, or control and which can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 54:**

Produce all audits of Expenses during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Plaintiffs refer NexPoint to their response and objection to Request No. 11, which sets forth the scope of documents Plaintiffs agree to produce with respect to expenses related to Acis-6 CLO and Request No. 48, which sets forth the extent to which Plaintiffs will produce "reports, memoranda, or written documents that reflect, discuss or incorporate (in whole or in part) the result of any internal or external investigation or audit conducted by any person, firm, or company into one or more of the issues raised in the Counterclaims . . . or the Lawsuits."

**REQUEST FOR PRODUCTION NO. 55:**

Produce all audits of Trades during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Plaintiffs refer NexPoint to their response and objection to Request No. 16, which sets forth the scope of documents Plaintiffs agree to produce with respect to trades in Acis-6 CLO and Request No. 48, which sets forth the extent to which Plaintiffs will produce "reports, memoranda, or written documents that reflect, discuss or incorporate (in whole or in part) the result of any internal or external investigation or audit conducted by any person, firm, or company into one or more of the issues raised in the Counterclaims . . . or the Lawsuits."

**REQUEST FOR PRODUCTION NO. 56:**

Produce all communications with HCLOF, James Seery, Jr., the Issuer or Co-Issuer during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

In addition to their General Objections, Plaintiffs object to Request No. 56 to the extent it purports to require the production of communications protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.  Plaintiffs also object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of this litigation. Plaintiffs further object to Request for Production No. 56 as not relevant nor reasonably likely to lead to the discovery of admissible evidence.  Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 57:**

All communications regarding any decision related to Withheld Funds.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

In addition to their General Objections, Plaintiffs object to Request No. 57 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation.  Plaintiffs further object to this Request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing specific and General Objections, Plaintiffs state that they will produce non-privileged communications regarding the decision to reserve funds otherwise due to holders of subordinated notes issued by Acis-6 CLO, to secure the indemnification rights of the Trustee and the Portfolio Manager in respect of claims that may be brought against them related thereto.

**REQUEST FOR PRODUCTION NO. 58:**

Produce all documents showing the identity(ies) of the custodian of any assets of the Acis CLOs and/or the ACIS-6 CLO for any time during the existence of the ACIS-6 CLO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

In addition to their General Objections, Plaintiffs object to Request No. 58 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation.  Plaintiffs further object to Request for Production No. 58 as not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 59:**

Produce all documents reflecting in whose name assets (such as bank accounts, securities, trading accounts, custodial accounts, or other relevant assets or custodian capacity) were held.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

In addition to their General Objections, Plaintiffs object to Request No. 59 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation.  Plaintiffs further object to this Request as not relevant to any of NexPoint's claims or defenses nor reasonably likely to lead to the discovery of admissible evidence.  Plaintiffs will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 60:**

Produce all documents reflecting all communications among Acis, Terry and Brigade regarding the Settlements, the Claims, the Sales of Claims, the Letters, the NAV, the Expenses, the Lawsuit, or the Lawsuits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

In addition to their General Objections, Plaintiffs object to Request No. 60 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation.  Plaintiffs further object to this Request to the extent it is duplicative of Request Nos. 40 and 47.  Plaintiffs further object to this Request as neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

Plaintiffs refer NexPoint to their response and objection to Request No. 11, which sets forth the scope of documents Plaintiffs agree to produce with respect to the Acis-6 CLO expenses.  Subject to and without waiving the foregoing specific and General Objections, Plaintiffs state that they will produce non-privileged communications otherwise responsive to this Request and related to Acis-6 CLO that are within the Plaintiffs' possession, custody, or control and which can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 61:**

All documents reflecting discussion of HCMLP, HCLOF, James Seery, Jr., James Dondero, NexPoint, the Charitable DAF, and/or CLO Holdco, Ltd. during the Period, related to the NAV, the Settlements, the Claims, the Sales of the Claims, the Letters, the Lawsuits, the Withheld Funds, the Trades, or the Distributions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

In addition to their General Objections, Plaintiffs object to Request No. 61 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation and to the extent it purports to require the production of documents protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.  Plaintiffs further object to this Request

as neither relevant to any of NexPoint's claims or defenses nor reasonably likely to lead to the discovery of admissible evidence.

Plaintiffs refer NexPoint to their response and objection to Request No. 16, which sets forth the scope of documents Plaintiffs agree to produce with respect to trades in Acis-6 CLO. Plaintiffs state that they will produce non-privileged documents otherwise responsive to this Request and related to Acis-6 CLO that are within Plaintiffs' possession, custody, or control and which can be located pursuant to a reasonable search.

**REQUEST FOR PRODUCTION NO. 62:**

No Request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

No response required.

**REQUEST FOR PRODUCTION NO. 63:**

Produce all documents applicable during the Period that reflect and/or set forth Your policies and procedures for (i) compliance with federal and/or state regulations, such as the Advisers Act of 1940, (ii) selecting, identifying, and executing trades on behalf of advised or managed funds such as ACIS-6 CLO, (iii) complying with the Collateral Quality Tests, (iv) making distributions, (v) defining and complying with best execution obligations, (vi) withholding funds from distribution, (vii) calculating fees based upon assets under management, (viii) calculating the value of a fund and/or assessing Net Asset Value for non-public securities, and (ix) complying with indenture and other contractual parameters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

In addition to their General Objections, Plaintiffs object to Request No. 63 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation and to the extent it purports to require the production of documents protected by the attorney-client privilege, work-product doctrine, or any other privilege from disclosure.  Plaintiffs further object to this Request

as neither relevant nor reasonably likely to lead to the discovery of admissible evidence to the

extent it purports to require the production of documents related to the Acis CLOs other than

Acis-6 CLO.

Subject to and without waiving the foregoing specific and General Objections, Plaintiffs

state that they will produce non-privileged policies and procedures that were applicable during

the Period related to topics (i)-(iii), (v), and (ix) to the extent such documents exist and are within

Plaintiffs' possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 64:**

Produce all documents reflecting payments of Fees and Expenses during the Period to
Acis, Terry and/or Brigade.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

In addition to their General Objections, Plaintiffs object to Request No. 64 as overbroad,

unduly burdensome, and disproportionate to the needs of the litigation.  Plaintiffs further object

to this Request as neither relevant nor reasonably likely to lead to the discovery of admissible

evidence to the extent it purports to require the production of documents related to the Acis

CLOs other than Acis-6 CLO.  Plaintiffs refer NexPoint to their response and objection to

Request No. 11, which sets forth the scope of documents Plaintiffs agree to produce with respect

to expenses charged to Acis-6 CLO and to their response and objection to Request No. 22 which

sets forth the scope of documents Plaintiffs agree to produce with respect to fees charged to

Acis-6 CLO.

**REQUEST FOR PRODUCTION NO. 65:**

Produce the results of any inspection, audit, review, or investigation into your compliance, whether with (i) applicable laws and regulations, (ii) internal policies and procedures, and (iii) contractual requirements, whether in general or specifically with respect to the Acis CLOs and/or ACIS-6 CLO, during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

In addition to their General Objections, Plaintiffs object to Request No. 65 as overbroad, unduly burdensome, and disproportionate to the needs of the litigation.  Plaintiffs further object to this Request as neither relevant nor reasonably likely to lead to the discovery of admissible evidence to the extent it purports to require the production of documents and/or communications related to the Acis CLOs other than Acis-6 CLO.

Subject to and without waiving the foregoing specific and General Objections, Plaintiffs state that they will produce non-privileged documents related to their "inspection, audit, review, or investigation" into (i) duties owed by ACM in its capacity as Portfolio Manager of Acis-6 CLO; (ii) the Collateral Quality Tests; (iii) expenses charged to Acis-6 CLO; (iv) internal policies and procedures produced in response to Request No. 63; and (v) contractual requirements related to the foregoing.

Dated: May 4, 2023                                   Respectfully submitted,

                                                     **QUINN EMANUEL URQUHART &
                                                     SULLIVAN, LLP**

                                                     */s/ Blair A. Adams*
                                                     _____

                                                     Jonathan E. Pickhardt
                                                     Blair A. Adams
                                                     Misha Boutilier
                                                     Michael R. Bloom
                                                     51 Madison Avenue, 22nd Floor
                                                     New York, New York 10010
                                                     (212) 849-7000

                                                     *Attorneys for Plaintiffs Acis Capital
                                                     Management, L.P. and Joshua N. Terry*

## **CERTIFICATE OF SERVICE**

I, <u>Jeffery C. Arnier, Jr.</u>, hereby certify that on the date set forth below I caused a true and correct copy of the foregoing *Plaintiffs Acis Capital Management, L.P. and Joshua N. Terry's Responses and Objections to Defendant NexPoint Diversified Real Estate Trust's First Set of Requests for Production* to be served via e-mail to the following:

> **SBAITI & COMPANY PLLC**
> Mazin A. Sbaiti
> Griffin S. Rubin
> 2022 Ross Ave., Suite 4900W
> Dallas, TX 75201
> Tel.: (214) 432-2899
> mas@sbaitilaw.com
> grs@sbaitilaw.com
> *Attorneys for Defendant NexPoint*
> *Diversified Real Estate Trust*

Dated: New York, New York          By:  <u>/s/ Jeffery C. Arnier, Jr.</u>
          May 4, 2023                              Jeffery C. Arnier, Jr.