USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/1/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK, NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY, AND ACIS CAPITAL MANAGEMENT, L.P.,

    *Plaintiffs*,

v.

THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD., AND NEXPOINT DIVERSIFIED REAL ESTATE TRUST,

    *Defendants*.

No. 1:21-cv-11059 (GHW)

**STIPULATION AND ~~PROPOSED~~ ORDER
REGARDING ADDITION OF NHF TRS, LLC AS A PARTY**

WHEREAS, on the February 23, 2022, filing date of the Amended Complaint (Dkt. 15), on the March 30, 2023 filing date of the counterclaims (Dkt. 78) filed by Defendant NexPoint Diversified Real Estate Trust ("NexPoint") and as of today, NexPoint's subsidiary NHF TRS, LLC ("NHF TRS") has been the registered holder of the Subordinated Note issued by Acis CLO 6 that is the subject of this litigation;

WHEREAS, the parties, Plaintiffs U.S. Bank, National Association, in its capacity as Trustee, Acis Capital Management, L.P., and Joshua N. Terry (collectively, "Plaintiffs"), Counter-Defendant Brigade Capital Management, LP ("Brigade"), and Defendants The Charitable Donor Advised Fund, L.P. and CLO HoldCo Ltd. (the "DAF Parties") and NexPoint (altogether, the "Parties") have agreed to add NHF TRS as an additional defendant and an additional counter-plaintiff subject to the conditions of this Stipulation;

NOW THEREFORE, the Parties stipulate and agree as follows:

1.  Plaintiffs and Brigade provide written consent pursuant to FRCP 15(a)(2) to NexPoint filing its proposed Second Amended Answer and Counterclaim attached hereto as Exhibit A.  The Second Amended Answer and Counterclaim add NHF TRS as an additional counter-plaintiff and adjusting certain of its counterclaims to reflect the same.

2.  NexPoint and the DAF Parties provide written consent pursuant to FRCP 15(a)(2) to Plaintiffs filing the Second Amended Complaint attached hereto as Exhibit B.  The Second Amended Complaint adds NHF TRS as an additional defendant on substantially all allegations and all claims against NexPoint.

3.  NexPoint and NHF TRS's Second Amended Answer and Counterclaim referenced in paragraph 1 of this Stipulation and the DAF Parties' Second Amended Answer and First Amended Counterclaim (Dkt. 155) shall each constitute an answer to the Second Amended Complaint referenced in paragraph 2 of this Stipulation, and neither NexPoint and NHF TRS, nor the DAF Parties, shall be required to serve any further answer to the Second Amended Complaint under FRCP 12(a)(1)(A).  NexPoint, NHF TRS, and the DAF Parties further stipulate and agree that they will not assert that the Stipulation and Proposed Order renders the relief sought in Plaintiffs' already-briefed motion for judgment on the pleadings (the "Original MJOP," Dkts. Dkts. 106-107, 139, 151, 162) premature or impact whether the pleadings addressed in the Original MJOP are "closed" for purposes of Federal Rule of Civil Procedure 12(c).  NexPoint, NHF TRS, and the DAF Parties further stipulate and agree that they will not seek to reopen briefing on the Original MJOP based on this Stipulation and Proposed Order and the amended pleadings submitted pursuant thereto.

4.  Plaintiffs' and Brigade's already-briefed motions to dismiss NexPoint's counterclaims (the "Original Motions to Dismiss," Dkts. 106-107, 119-120, 139, 147, 151, 157,

162) and the Original MJOP, and the arguments for dismissal and judgment on the pleadings raised therein, will apply equally to NHF TRS once it is added as a defendant and any ruling on the Original Motions to Dismiss and/or the Original MJOP will bind NHF TRS.  Thus, for example, if the Court enters an order ruling that NexPoint lacks direct and derivative standing to assert its claims based on the arguments in the Original Motions to Dismiss and/or the Original MJOP, that ruling will apply equally to NHF TRS and the Court shall, either *sua sponte* or upon the request of a party, enter an identical order against NHF TRS without further briefing.

5. All references to the "Amended Complaint" or "AC" in the briefing on the Original Motions to Dismiss and the Original MJOP will refer to the paragraph numbering in Plaintiffs' Amended Complaint (Dkt. 15), except for the supplemental briefing described below.  Further, all references to the answer or counterclaims in the briefing on the Original Motions to Dismiss and the Original MJOP will refer to the paragraph numbering in NexPoint's Amended Answer & Counterclaims (Dkt. 78) filed in response to Plaintiffs' Amended Complaint, except for the supplemental briefing described below.

6. All references to the "Amended Complaint" or "AC" in the briefing on Plaintiffs' Motion to Dismiss the DAF Parties' Amended Counterclaims and for Judgment on the Pleadings on Plaintiffs' Claims (Dkts. 183, 199) will refer to the paragraph numbering in Plaintiffs' Amended Complaint (Dkt. 15), and all references to the DAF Parties' answer to the Amended Complaint in that same briefing will refer to the DAF Parties' answer (Dkt. 155).

7. Plaintiffs and Brigade shall file a single supplemental brief of no more than five (5) pages (the "Supplemental Opening Brief") solely to present the argument that under the contemporaneous ownership rule NexPoint lacks derivative standing to assert the claims in the amended counterclaims because it does not currently hold the Subordinated Note and NHF TRS

lacks derivative standing to assert the claims in the amended counterclaims because it did not own the Subordinated Notes at the time of the alleged wrongdoing. The Opening Supplemental Brief shall be filed by no later than November 3, 2023.

8. NexPoint shall file a supplemental brief of no more than five (5) pages (the "Supplemental Response Brief") solely to respond to the Supplemental Opening Brief by no later than November 13, 2023.

9. Plaintiffs and Brigade shall file a single supplemental reply brief (together with the Supplemental Opening Brief and the Supplemental Response Brief, the "Supplemental Briefs"), if any, of no more than two (2) pages solely to respond to the Supplemental Response Brief by no later than November 20, 2023.

10. All references to NexPoint and NHF TRS's counterclaims in the Supplemental Briefs will refer to the paragraph numbering in NexPoint and NHF TRS's Second Amended Answer and Counterclaim referenced in paragraph 1 of this Stipulation.

Dated: New York, NY
October 31, 2022

| | |
|---|---|
| /s/ *Blair A. Adams* | /s/        *Mazin A. Sbaiti* |
| Jonathan E. Pickhardt | Mazin A. Sbaiti |
| Blair A. Adams | SBAITI & COMPANY PLLC |
| Brendan Carroll | 2200 Ross Avenue – Suite 4900W |
| Misha Boutilier | Dallas, TX 75201 |
| Jeffrey Arnier | (214) 432-2899 |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | **Counsel for Defendant NexPoint Diversified Real Estate Trust** |
| 51 Madison Avenue, 22nd Floor | |
| New York, New York 10010 | |
| (212) 849-7000 | By:    /s/ *Jason C. Hegt* |
| **Counsel for Plaintiffs ACIS Capital Management, L.P., and Joshua N. Terry** | Jason C. Hegt |
| | Alexis Kellert Godfrey |
| | LATHAM & WATKINS LLP |
| /s/      *Mark D. Kotwick* | 1271 Avenue of the Americas |
| Mark D. Kotwick | New York, NY 10020 |
| Thomas Ross Hooper | (212) 906-1200 |
| Julie J. Hong | **Counsel for Counter-Defendant Brigade Capital Management, L.P.** |
| SEWARD & KISSEL LLP | |
| One Battery Park Plaza | |
| New York, New York 10004 | /s/ *Sawnie A. McEntire* |
| (202) 574-1200 | Sawnie A. McEntire |
| **Counsel for Plaintiff U.S. Bank National Association, as Trustee** | *Admitted Pro Hac Vice* |
| | Texas Bar No.: 13590100 |
| | Fed ID #3476 |
| | PARSONS MCENTIRE MCCLEARY PLLC |
| | 1700 Pacific Avenue, Suite 4400 |
| | Dallas, Texas 75201 |
| | Telephone: (214) 237-4300 |
| | Fax: (214) 237-4340 |
| | E-mail: smcentire@pmmlaw.com |
| | |
| | Roger L. McCleary |
| | *Admitted Pro Hac Vice* |
| | Texas Bar No.: 133937000 |
| | Fed. ID #205 |
| | PARSONS MCENTIRE MCCLEARY PLLC |
| | One Riverway, Suite 1800 |
| | Houston, Texas 77056 |
| | Telephone: (713) 960-7315 |
| | Fax: (713) 960-7347 |
| | E-mail: rmccleary@pmmlaw.com |

Lindsey R. Skibell
E-mail: rskibell@glennagre.com
Jewel K. Tewiah
E-mail: jtewiah@glennagre.com
GLENN AGRE BERGMAN & FUENTES LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: 212.358.5600
***Counsel for CLO Holdco, Ltd. and The Charitable Donor Advised Fund, L.P.***

SO ORDERED.

Dated: November 1, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge

6