# Parsons McEntire McCleary PLLC

1700 Pacific Ave., Ste. 4400
Dallas, Texas 75201
Tel. (214) 237-4300
Fax (214) 237-4340

Sawnie A. McEntire  (214) 237-4303
Director & Shareholder  smcentire@pmmlaw.com

November 16, 2023

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

      Re:    *U.S. Bank National Association, et al. v. The Charitable Donor Advised Fund, L.P. and CLO HoldCo, Ltd.*, **Case No. 1:21-cv-11059-GHW**

Dear Judge Woods,

      This letter is submitted by the Charitable Donor Advised Fund L.P. ("DAF") and CLO HoldCo, Ltd. ("CLOH") (collectively the "DAF Parties") in response to Highland CLO Funding, Ltd.'s ("HCLOF") November 14, 2023, letter [Dkt. 226], which attaches CLOH's closing submission in the Guernsey Proceeding ("Closing Submission") (collectively "HCLOF's Letter"). The DAF Parties object that HCLOF submitted HCLOF's Letter outside of the briefing deadlines (*see* Dkt. 198) applicable to HCLOF's pending Motion to Dismiss [Dkts. 177 and 178] without conferring with the DAF Parties, and without leave of Court. It is unclear whether the Court will consider HCLOF's Letter. However, out of an abundance of caution, the DAF Parties respectfully submit this brief response.

      The reference to HCLOF's breach of its good faith obligations in the Member Agreement, as reflected in the Closing Submission, does not alter the fundamental differences between the Guernsey Proceeding and these proceedings in the Southern District of New York. These differences undercut any argument that the DAF Parties' counterclaim should be dismissed based upon principles of international comity, *forum non conveniens*, forum shopping, or otherwise.

      First, the two proceedings involve qualitatively different remedies. Second, they involve a critical difference in parties. When these factors are properly considered, the weakness of HCLOF's arguments is evident. The DAF Parties have never claimed that the Guernsey Proceeding and this action are entirely unrelated; to the contrary, the collusive settlements at issue here were specifically intended to limit the DAF Parties' legal options in Guernsey. But any references in the Closing Submission to the Members' Agreement do not affect the already briefed legal issues.

      The Guernsey Proceeding focuses on "unfairness"—a statutory claim regarding whether HCLOF unfairly disenfranchised its largest minority shareholder, CLOH. A breach of the duty of good faith may be evidence of unfairness, but a claim of statutory unfairness does not result in breach of contract damages. The Guernsey court is not empowered to provide such a remedy under section 350(2) of the Companies (Guernsey) Law, 2008. *See also* AHP Dec. [Dkt. 200-11], ¶¶5-6. This is readily distinguishable from this case, which involves breach of contract damages, damages

November 16, 2023
Page 2

flowing from tortious interference, and requested declarations concerning the enforceability of two separate "settlement" agreements, one of which is governed by New York law and mandates jurisdiction and venue in New York State. *See* Dkt. 200, pp. 6, 18-20.

The Guernsey Court is not in a position to declare the two settlement agreements unenforceable. As CLOH's counsel in the Guernsey Proceeding explained in his declaration:

> The unfair prejudice proceedings in Guernsey are a creature of statute and, in particular, relate to the narrow issue concerning the internal management of a company and how that management has affected minority shareholders and their interests. Unfair prejudice proceedings in Guernsey are free-standing proceedings which are brought separately from, for example, a commercial proceeding where one party is claiming damages from another party for a breach of contract. . . . In my opinion, the proceedings in the United States are different in nature from the unfair prejudice proceedings. The remedies are also significantly different . . . .

AHP Dec. [Dkt. 200-11], ¶¶5-6.

The remedies sought by CLOH in this action plainly are not available in the Guernsey Proceeding. *Id.* This is confirmed by ¶¶ 14-17 of the Closing Submission, which reiterates that CLOH seeks *an exit from HCLOF*—via a buy-out of CLOH's shares—*not the damages and declarations CLOH seeks here*. The Guernsey Proceeding is a creature of statute and not common law. The Guernsey Proceeding also involves *limited* (and now closed) discovery (*see* Dkt. 218, pp. 2, 8) which is yet another procedural gambit which HCLOF has pursued in an effort to limit and deprive CLOH of its rights.

All of the necessary parties for a declaration of unenforceability in our current case have been served and joined as parties in this case (with the caveat that HCLOF maintains a jurisdictional challenge, which the DAF Parties oppose). That is not the case in Guernsey. In the Guernsey Proceeding, the only necessary parties to an unfairness claim are CLOH and HCLOF— the shareholder and the Company. No additional parties are required. U.S. Bank, National Association and ACIS Capital Management, L.P. are not parties to the Guernsey Proceeding.

The Closing Submission does not change the fundamental differences between the two proceedings. These distinctions are critical and support a denial of HCLOF's Motion to Dismiss.

November 16, 2023
Page 3

        Respectfully Submitted,

        /s/ *Sawnie A. McEntire*
        Sawnie A. McEntire
        *Admitted Pro Hac Vice*
        Texas Bar No.: 13590100
        Fed ID #3476
        PARSONS MCENTIRE MCCLEARY PLLC
        1700 Pacific Avenue, Suite 4400
        Dallas, Texas 75201
        Telephone: (214) 237-4300
        E-mail: smcentire@pmmlaw.com

        Roger L. McCleary
        *Admitted Pro Hac Vice*
        Texas Bar No.: 133937000
        Fed. ID #205
        PARSONS MCENTIRE MCCLEARY PLLC
        One Riverway, Suite 1800
        Houston, Texas 77056
        Telephone: (713) 960-7315
        E-mail: rmccleary@pmmlaw.com

        /s/ *Lindsey R. Skibell*
        Lindsey R. Skibell
        E-mail: rskibell@glennagre.com
        Jewel K. Tewiah
        E-mail: jtewiah@glennagre.com
        GLENN AGRE BERGMAN & FUENTES LLP
        55 Hudson Yards, 20th Floor
        New York, NY 10001
        Telephone: 212.358.5600

        ***Counsel for CLO Holdco, Ltd. and The Charitable Donor Advised Fund, L.P.***

3134960.10