UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. BANK NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY, and ACIS CAPITAL MANAGEMENT, L.P.,

*Plaintiffs*,

v.

THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD., NEXPOINT DIVERSIFIED REAL ESTATE TRUST, and NHF TRS, LLC,

*Defendants*.

Case No. 1:21-cv-11059-GHW

**ORAL ARGUMENT REQUESTED**

---

**PLAINTIFFS AND BRIGADE'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF THEIR MOTIONS TO DISMISS NEXPOINT'S COUNTERCLAIMS**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Jonathan E. Pickhardt
Blair A. Adams
Brendan Carroll
Misha Boutilier
Jeffrey Arnier
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
*Attorneys for Plaintiffs Joshua N. Terry and Acis Capital Management, L.P.*

SEWARD & KISSEL LLP
Mark D. Kotwick
Thomas Ross Hooper
Julie J. Hong
One Battery Park Plaza
New York, New York 10004
(212) 574-1200
*Attorneys for Plaintiff U.S. Bank National Association, in its capacity as Trustee*

LATHAM & WATKINS LLP
Jason C. Hegt
Alexis Kellert Godfrey
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200
*Attorneys for Counter-Defendant Brigade Capital Management, LP*

# TABLE OF AUTHORITIES

## Cases

*In re Bank of N.Y. Deriv. Litig.*,
   320 F.3d 291 (2d Cir. 2003) ..................................................................................................2

*Blasband v. Rales*,
   971 F.2d 1034 (3d Cir. 1992)................................................................................................2

*Diduck v. Kaszycki & Sons Contractors, Inc.*,
   974 F.2d 270 (2d Cir. 1992) .................................................................................................1

*Ensign Corp., S.A. v. Interlogic Trace, Inc.*,
   1990 WL 213085 (S.D.N.Y. Dec. 19, 1990) ........................................................................2

*Entel v. Guilden*,
   223 F. Supp. 129 (S.D.N.Y. 1963).........................................................................................1

*In re Facebook, Inc., IPO Deriv. Litig.*,
   797 F.3d 148 (2d Cir. 2015) .................................................................................................1

*Fed. Hous. Fin. Agency v. WMC Mortg., LLC*,
   2013 WL 5996530 (S.D.N.Y. June 12, 2013) ......................................................................1

*Gallup v. Caldwell*,
   120 F.2d 90 (3d Cir. 1941) ...................................................................................................1

*Hildene Cap. Mgmt., LLC v. Friedman, Billings, Ramsey Grp., Inc.*,
   2012 WL 3542196 (S.D.N.Y. Aug. 15, 2012).......................................................................1

*In re Merrill Lynch & Co., Inc. Securities, Deriv., and ERISA Litig.*,
   597 F.Supp.2d 427 (S.D.N.Y. 2009).....................................................................................2

*SDF Funding LLC v. Fry*,
   2022 WL 1511594 (Del. Ch. May 13, 2022)........................................................................2

*Silverstein ex rel. Tetragon Fin. Grp. Ltd. v. Knief*,
   843 F. Supp. 2d 441 (S.D.N.Y. 2012)...................................................................................1

*Smith v. Stevens*,
   957 F. Supp. 2d 466 (S.D.N.Y. 2013)...................................................................................2

*Tzolis v. Wolff*,
   10 N.Y.3d 100 (2008)............................................................................................................2

## Other Authorities

Rule 23.1..................................................................................................................................1, 2

Rather than defend their compliance with Rule 23.1, the NexPoint Parties attempt to evade it altogether. But they cannot do so because the rule applies to noteholder and trust claims notwithstanding any purportedly contrary state or foreign law, and their transfer of the Notes from NexPoint to NHF TRS is subject to it. Their claims should be dismissed with prejudice.

*First*, the NexPoint Parties allege both that they are "shareholders" holding "equity," which would trigger Rule 23.1, Dkt. 220-1 ¶¶ 1, 91, and that Rule 23.1 is inapplicable as they are suing as noteholders or on the Trustee's behalf. Dkt. 225 ("Opp.") 1-2. But this purported distinction is meritless; Rule 23.1 applies to trust beneficiaries and securitized transaction investors too. *See*, *e.g.*, *Fed. Hous. Fin. Agency v. WMC Mortg., LLC*, 2013 WL 5996530, at *1 (S.D.N.Y. June 12, 2013); *Hildene Cap. Mgmt., LLC v. Friedman, Billings, Ramsey Grp., Inc.*, 2012 WL 3542196, at *2 (S.D.N.Y. Aug. 15, 2012). And far from "avoid[ing] the question," *contra* Opp. 2, the Second Circuit ruled that "Rule 23.1 is [] applicable to derivative actions" on behalf of trust fiduciaries. *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 287 (2d Cir. 1992).

*Second*, the NexPoint Parties wrongly assert (Opp. 2-3) that, under the *Erie* doctrine, Cayman Islands law trumps Rule 23.1. But that doctrine does not apply because this is not a diversity case, and Rule 23.1 applies to federal question cases. *See* Dkt. 224 at 2. Even if that were not so, Rule 23.1 still applies because it is "procedural," *In re Facebook, Inc., IPO Deriv. Litig.*, 797 F.3d 148, 157 (2d Cir. 2015), and must be "given effect … [even] in the face of inconsistent state law." *Silverstein ex rel. Tetragon Fin. Grp. Ltd. v. Knief*, 843 F. Supp. 2d 441, 445 (S.D.N.Y. 2012).[1] Finally, the NexPoint Parties lack standing for many reasons under Cayman law, *see* Dkt. 107 at 31-35, which they previously argued did not apply, Dkt. 139 at 27.[2]

---

[1] *Facebook* trumps the NexPoint Parties' dated cases, which mistakenly assumed that Rule 23.1 was "substantive." *Entel v. Guilden*, 223 F. Supp. 129, 131 (S.D.N.Y. 1963); *Gallup v. Caldwell*, 120 F.2d 90, 95 (3d Cir. 1941).

[2] The NexPoint Parties have also not met Cayman Islands law's leave requirement. *See* Dkt. 109 ¶¶ 58-63.

1

*Third*, the NexPoint Parties wrongly assert (Opp. 3-4) an "equitable" exception to Rule 23.1 for "change[s] in corporate structure" under either federal, New York, or Delaware law. This exception does not exist. They do not point to any federal cases recognizing it, and under New York law their talismanic recitation of the maxim that "equity will not suffer a wrong without a remedy" fails to rebut Plaintiffs' actual New York authorities holding that parent companies cannot sue on behalf of their subsidiaries.³ *See* Dkt. 224 at 3. They fare no better under Delaware law because their out-of-circuit authority, *Blasband v. Rales*, has been rejected by courts in both Delaware and the Southern District, *see*, *e.g.*, *In re Merrill Lynch & Co., Inc. Securities, Deriv., and ERISA Litig.*, 597 F.Supp.2d 427, 429-430 (S.D.N.Y. 2009), which have instead applied the contemporaneous ownership rule where a subsidiary is transferred shares by another entity under common control, *see SDF Funding LLC v. Fry*, 2022 WL 1511594, at *6-10 (Del. Ch. May 13, 2022). Further, even if *Blasband* were good law, it merely restates a double-derivative exception that does not apply because NexPoint, not a third-party wrongdoer, controls NHF TRS. Dkt. 224 at 3; *see Blasband*, 971 F.2d at 1046 ("Blasband's action is akin to a double derivative suit").

*Fourth*, the NexPoint Parties' claim that their injury is "not confine[d]" to conduct preceding the transfer of the Notes to NHF TRS, Opp. 4, fails to plead any continuing-wrong exception because they do not contest that the "core of the allegedly wrongful conduct transpired" pre-transfer. *In re Bank of N.Y. Deriv. Litig.*, 320 F.3d 291, 298 (2d Cir. 2003); Dkt. 224 at 5.

For all these reasons, the NexPoint Parties' counterclaims should be dismissed with prejudice under Rule 23.1.⁴ *See Smith v. Stevens*, 957 F.Supp.2d 466, 471 (S.D.N.Y. 2013).

---

³ The NexPoint Parties' cases are inapposite. *Blasband v. Rales* applied Delaware law, 971 F.2d 1034, 1040-46 (3d Cir. 1992), *Ensign Corp., S.A. v. Interlogic Trace, Inc.* dismissed claims under Rule 23.1, 1990 WL 213085, at *2-4 (S.D.N.Y. Dec. 19, 1990), and *Tzolis v. Wolff* did not cover contemporaneous ownership, 10 N.Y.3d 100, 105 (2008).

⁴ The NexPoint Parties' contrary dated authorities (Opp. 5) are inapposite because they concerned leave to replead demand futility, not the contemporaneous ownership rule. *See Nordberg v. Lord, Day & Lord*, 107 F.R.D. 692, 703 (S.D.N.Y. 1985); *Johnson v. Arthur Espey, Shearson, Hammill & Co.*, 341 F. Supp. 764, 766 (S.D.N.Y. 1972).

Dated: New York, New York
November 20, 2023

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: /s/ Blair A. Adams
   Jonathan E. Pickhardt
   Blair A. Adams
   Brendan Carroll
   Misha Boutilier
   Jeffrey Arnier
   51 Madison Avenue, 22nd Floor
   New York, New York 10010
   (212) 849-7000

*Attorneys for Plaintiffs Joshua N. Terry and Acis Capital Management, L.P.*

**SEWARD & KISSEL LLP**

By: /s/ Mark D. Kotwick
   Mark D. Kotwick
   Thomas Ross Hooper
   Julie J. Hong
   One Battery Park Plaza
   New York, New York 10004
   (212) 574-1200

*Attorneys for Plaintiff U.S. Bank National Association, in its capacity as Trustee*

**LATHAM & WATKINS LLP**

By: /s/ Jason C. Hegt
   Jason C. Hegt
   Alexis Kellert Godfrey
   1271 Avenue of the Americas
   New York, New York 10020
   (212) 906-1200

*Attorneys for Counter-Defendant Brigade Capital Management, LP*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on November 20, 2023, he caused a true copy of the foregoing document to be served via CM/ECF to all counsel of record.

*/s/ Misha Boutilier*
Misha Boutilier

4