Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T  +1 212.872.1000
F  +1 212.872.1002
akingump.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/15/2023

**MEMORANDUM ENDORSED**

**Uri A. Itkin**
+1 212.872.1027/fax: +1 212.872.1002
uitkin@akingump.com

December 14, 2023

VIA ECF

The Honorable Gregory H. Woods
United States District Judge
United States Courthouse
500 Pearl Street, Courtroom 12C
New York, New York 10007-1312

      Re:    *U.S. Bank, Nat'l Ass'n et al. v. The Charitable Donor Advised Fund et al.*, 21-cv-11059-GHW (S.D.N.Y.)

Dear Judge Woods:

      I write on behalf of counterclaim defendant Highland CLO Funding Ltd. ("HCLOF") to inform the Court of a significant development in the Guernsey proceeding. As HCLOF previously advised the Court, counterclaim plaintiff CLO HoldCo, Ltd. ("CLOH") asserted claims against HCLOF in Guernsey concerning the same agreements and allegations underpinning the counterclaims of CLOH and its affiliate (the "CLOH Parties") against HCLOF in this case. Trial in Guernsey concluded in October 2023. On December 1, 2023, the Guernsey court issued a post-trial judgment dismissing CLOH's claims against HCLOF (the "Judgment"). The Judgment is dispositive here in several respects, and if the Court would find it helpful, HCLOF respectfully requests permission to submit supplemental briefing on this issue.[1]

      To begin, the Judgment disposes of the CLOH Parties' third count against HCLOF, which alleges that HCLOF breached Section 20.5 of the Members Agreement. ECF No. 155 ¶ 23 (citing Section 20.5). As HCLOF previously advised the Court, ECF No. 226, CLOH also asserted a breach of that same provision in Guernsey. *See* Judgment ¶ 95 (describing CLOH's assertion of "breach" of "Clause 20.5 of the Members' Agreement"). The Judgment rejected that contention, holding that CLOH "established no breach towards it of any term of the contractual documents defining the legal rights of the parties." *Id.* ¶ 220(i).

      The Judgment also disposes of the CLOH Parties' alleged basis for its first and second counts against HCLOF, which seek to invalidate HCLOF's 2021 and 2023 agreements,

---

    [1] A true and correct copy of the Judgment is enclosed herewith as Exhibit A and also available at https://www.guernseylegalresources.gg/CHttpHandler.ashx?documentid=85011.



The Honorable Gregory H. Woods
December 14, 2023
Page 2

respectively.  The CLOH Parties allege in this case that those agreements "contain terms that are wholly inconsistent with HCLOF's obligations to treat CLOH honestly and in good faith" and "prohibit any transfer or assignment of assets in kind to CLOH."  ECF No. 155 ¶ 62.  CLOH made the same complaints in Guernsey.  *See, e.g.*, Judgment ¶¶ 46, 78 (detailing CLOH's complaints that the 2021 and 2023 agreements obstructed "its desired exit strategy of taking an *in specie* distribution of assets from HCLOF" and thus caused CLOH "unfair prejudice").

The Judgment also rejected those complaints.  It methodically dismantled CLOH's "unfair prejudice" arguments with respect to the 2021 agreement and found "no prejudice to CLOH as a member of HCLOF in any of the matters challenged by [CLOH's counsel] in relation to the 2023 Settlement Agreement, nor that any of the matters complained of were unfair, in all the circumstances."  *Id.* ¶¶ 147-59, 198-205.  In sum, the Guernsey court found "no evidence that the Directors of HCLOF have taken steps other than in what they honestly and reasonably believed to be the best interests of the company, HCLOF, itself."  *Id.* ¶ 220(iii).

These holdings have preclusive effect on the CLOH Parties' claims against HCLOF in this case.  As this Court has held, "[c]ollateral estoppel, also known as issue preclusion, 'applies to judgments issued by courts of foreign countries,'" so long as comity and preclusion requirements are met.  *State St. Glob. Advisors Tr. Co. v. Visbal*, 2023 WL 4053170, at *10 (S.D.N.Y. June 16, 2023) (Woods, J.), *adhered to on reconsideration*, 2023 WL 4764021 (S.D.N.Y. July 25, 2023) (quoting *F.T. Maritime Servs. Ltd. v. Lambda Shipholding Ltd.*, 533 F. Supp. 3d 149, 155 (S.D.N.Y. 2021)).  Both requirements are met here.

The Judgment is entitled to comity.  On top of all the reasons described by HCLOF in its briefing, ECF No. 178, CLOH affirmatively chose to pursue claims against HCLOF in Guernsey and took them to trial there.  This alone satisfies the comity element.  *See Visbal* at *10 (party's choice to sue in another country resolved any "question that the [foreign country's] courts had jurisdiction" and "defeat[ed] its argument that enforcing that decision here would prejudice its rights or violate domestic public policy"); *see also See DeYoung v. Beddome*, 707 F. Supp. 132, 135-36, 140 (S.D.N.Y. 1989) ("considerations of international comity mandate dismissal" because Canadian court found that shareholder plaintiffs "received full disclosure" and "were fairly treated" when plaintiffs' claim in New York required finding that transaction at issue was "inherently vicious, wicked or immoral and shocking to the prevailing moral sense").

The Judgment is also preclusive.  It is a final judgment, issued after trial, and it addressed the same exact agreements and resolved the same exact arguments that the CLOH Parties assert against HCLOF in this case.  This is also determinative.  *See China Shipping Container Lines Co. v. Big Port Serv. DMCC*, 2019 WL 9362547, at *6 (S.D.N.Y. Jan. 15, 2019) (Recognizing that "[u]nder federal law, a foreign judgment can be accorded preclusive effect under principles



The Honorable Gregory H. Woods
December 14, 2023
Page 3

of collateral estoppel or res judicata," and describing the elements); *see also F.T. Maritime Servs. Ltd.*, 533 F. Supp. 3d at 155-57 (plaintiff was collaterally estopped from bringing petition when the same issues were fully litigated and resolved in a prior Jamaican proceeding); *Pony Express Records, Inc. v. Springsteen*, 163 F. Supp. 2d 465 (D.N.J. 2001) (plaintiffs were precluded from litigating certain issues resolved by prior litigation in the United Kingdom).

      In sum, the Judgment estops the CLOH Parties from asserting (a) a breach of the Members Agreement and (b) that HCLOF's entry into the 2021 and 2023 agreements was in bad faith or in violation of any of HCLOF's obligations to CLOH. These are additional reasons to grant HCLOF's motion to dismiss all of the counterclaims pending against it.

      HCLOF has asked the CLOH Parties if they would voluntarily dismiss those claims. They declined. Accordingly, HCLOF is prepared to submit additional briefing to supplement its motion to dismiss based on this development if the Court would find it helpful. To the extent the Court would like additional briefing, HCLOF and the CLOH Parties have agreed to submit a joint proposed briefing schedule and page limits.

      We appreciate the Court's attention to this matter and stand ready to answer any questions.

      Respectfully submitted,

      */s/ Uri Itkin*

      Uri A. Itkin

Enclosure

cc: All counsel of record (via ECF)

---

The Court thanks the parties for this update. The Court would benefit from the additional briefing the parties describe, especially on the question of the Judgment's potential preclusive effect. The parties are directed to provide the joint proposed briefing schedule and page limits described above by no later than December 22, 2023.

SO ORDERED.

Dated: December 15, 2023
New York, New York

      _____
      GREGORY H. WOODS
      United States District Judge