UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. BANK NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY, and ACIS CAPITAL MANAGEMENT, L.P.,

    *Plaintiffs*,

v.

THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD., and NEXPOINT DIVERSIFIED REAL ESTATE TRUST,

    *Defendants*.

Case No. 1:21-cv-11059-GHW

**ORAL ARGUMENT REQUESTED**

---

**PLAINTIFFS' SUPPLEMENTAL OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THE DAF PARTIES' COUNTERCLAIMS**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Jonathan E. Pickhardt
  Blair A. Adams
  Brendan Carroll
  Misha Boutilier
  Jeffrey Arnier
  51 Madison Avenue, 22nd Floor
  New York, New York 10010
  (212) 849-7000
*Attorneys for Plaintiffs Joshua N. Terry and Acis Capital Management, L.P.*

SEWARD & KISSEL LLP
  Mark D. Kotwick
  Thomas Ross Hooper
  Julie J. Hong
  One Battery Park Plaza
  New York, New York 10004
  (212) 574-1200
*Attorneys for Plaintiff U.S. Bank National Association, in its capacity as Trustee*

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................. 1
BACKGROUND ............................................................................................................................ 1
LEGAL STANDARD .................................................................................................................... 4
ARGUMENT .................................................................................................................................. 4
I.   THE JUDGMENT COLLATERALLY ESTOPS THE COUNTERCLAIMS .................. 4
II.  THE JUDGMENT IS ALSO PERSUASIVE AUTHORITY SUPPORTING
     DISMISSAL ..................................................................................................................... 10
CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

Page

### Cases

*Accredited Aides Plus, Inc. v. Program Risk Mgmt., Inc.*,
   147 A.D.3d 122 (3d Dep't 2017) ................................................................................................10

*In re Allianz Global Investors U.S. LLC Alpha Series Litig.*,
   2021 WL 4481215 (S.D.N.Y. Sept. 30, 2021) ............................................................................10

*Austin v. Downs, Rachlin & Martin Burlington St. Johnsbury*,
   270 F. App'x 52 (2d Cir. 2008) ................................................................................................6, 9

*In re Avanti Commc'ns Grp. PLC*,
   582 B.R. 603 (Bankr. S.D.N.Y. 2018) ..........................................................................................8

*Brandon v. NPG Records*,
   2020 WL 2086008 (S.D.N.Y. Apr. 30, 2020), *aff'd*,
   840 F. App'x 605 (2d Cir. 2020) ..............................................................................................6, 8

*Brandon v. NPG Recs., Inc.*,
   840 F. App'x 605 (2d Cir. 2020) ..................................................................................................9

*Clarkson Co., Ltd. v. Shaheen*,
   544 F.2d 624 (2d Cir. 1976) .........................................................................................................5

*Conopco, Inc. v. Roll Int'l*,
   231 F.3d 82 (2d Cir. 2000) ...........................................................................................................4

*DeCastro v. City of New York*,
   278 F. Supp. 3d 753 (S.D.N.Y. 2017) ..........................................................................................6

*In re Drexel Burnham Lambert Grp., Inc.*,
   161 B.R. 902 (S.D.N.Y. 1993) .....................................................................................................6

*F.T. Mar. Servs. Ltd. v. Lambda Shipholding Ltd.*,
   533 F. Supp. 3d 149 (S.D.N.Y. 2021) ..................................................................................4, 5, 6

*Fairchild, Arabatzis & Smith, Inc. v. Prometco (Produce & Metals) Co.*,
   470 F. Supp. 610 (S.D.N.Y. 1979) ...............................................................................................9

*Hassan v. Marks*,
   2017 WL 9485672 (E.D.N.Y. Aug. 15, 2017), *report and recommendation
   adopted*, 2017 WL 4233038 (E.D.N.Y. Sept. 25, 2017), *aff'd*, 735 F. App'x 19
   (2d Cir. 2018) ................................................................................................................................7

*He v. United States*,
    2023 WL 3045516 (S.D.N.Y. Apr. 21, 2023)..................................................................9

*Ithaca Cap. Invs. I, S.A. v. Trump Panama Hotel Mgmt. LLC*,
    2019 WL 10948746 (S.D.N.Y. Mar. 19, 2019) .........................................................8, 10

*Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC*,
    23 F. Supp. 3d 344 (S.D.N.Y. 2014)............................................................................4

*Marex Financial Ltd. v. Sevilleja*, Dkt. 111-21
    [2020] UKSC 31 ..........................................................................................................10

*Mario Valente Collezioni, Ltd. v. AAK Ltd.*,
    280 F. Supp. 2d 244 (S.D.N.Y. 2003)..........................................................................7

*Narumanchi v. Am. Home Assur. Co.*,
    317 F. App'x 56 (2d Cir. 2009) ....................................................................................8

*Overview Books, LLC v. United States*,
    438 F. App'x 31 (2d Cir. 2011) ....................................................................................7

*Papapietro v. Clott*,
    2023 WL 2185150 (E.D.N.Y. Jan. 30, 2023), *report and recommendation
    adopted*, 2023 Wl 2731687 (E.D.N.Y. Mar. 31, 2023) ................................................7

*Ranasinghe v. Kennell*,
    2017 WL 384357 (S.D.N.Y. Jan. 25, 2017), *aff'd*, 718 F. App'x 82 (2d Cir.
    2018) .............................................................................................................................9

*Roby v. Corp. of Lloyd's*,
    996 F.2d 1353 (2d Cir. 1993).......................................................................................8

*Soc'y of Lloyd's v. Edelman*,
    2005 WL 639412 (S.D.N.Y. Mar. 21, 2005) ...............................................................5

*State St. Glob. Advisors Tr. Co. v. Visbal*,
    2023 WL 4053170 (S.D.N.Y. June 16, 2023) .............................................................5

*Wilder v. Thomas*,
    854 F.2d 605 (2d Cir. 1988).........................................................................................9

*Wyly v. Weiss*,
    697 F.3d 131 (2d Cir. 2012).........................................................................................4

*Zherka v. City of New York*,
    459 F. App'x 10 (2d Cir. 2012) ....................................................................................9

Plaintiffs submit this supplemental opening brief pursuant to the Court's orders (Dkts. 230, 234) in further support of their motion to dismiss the DAF Parties' Counterclaims (Dkt. 155) against Plaintiffs (the "Motion" or "Mot.," Dkt. 183) to argue that the Royal Court of Guernsey's December 1, 2023 judgment (the "Judgment," Dkt. 229-1) precludes those Counterclaims.[1]

## PRELIMINARY STATEMENT

The Judgment collaterally estops the DAF Parties' meritless Counterclaims against Plaintiffs for a declaration that the Settlement Agreements are invalid because they were unfair to CLOH and not in HCLOF's legitimate business interest, for tortious interference with the Members Agreement by inducing HCLOF to breach that contract's good faith clause, and for unjust enrichment because the Settlement Agreements were unfair. CLOH went to trial against HCLOF in Guernsey based on those same allegations and lost. As in the DAF Parties' Counterclaims, CLOH alleged in Guernsey that the Settlement Agreements were unfair and that HCLOF breached its contract with CLOH. After a four-day trial with live witness testimony and cross-examination, the Guernsey court issued a thorough 42-page, 221-paragraph Judgment rejecting, in their entirety, CLOH's claims and the factual allegations underlying them. The DAF Parties cannot now relitigate those issues against Plaintiffs and HCLOF. The Counterclaims should be dismissed in their entirety, and with prejudice, on the grounds of collateral estoppel.

## BACKGROUND

CLOH sued HCLOF in the Royal Court of Guernsey on March 6, 2023. Judgment ¶ 80. CLOH alleged that the Settlement Agreements were unfair because they favored other HCLOF shareholders over CLOH, prevented CLOH from acquiring HCLOF's subordinated notes, and did

---

[1] Capitalized terms not defined herein have the meaning assigned to them in the Motion. All exhibits cited herein are attached to the Declaration of Misha Boutilier, dated January 10, 2023, submitted with this brief. Unless noted, internal citations, quotation marks, and alterations are omitted from citations.

1

not benefit HCLOF. *Id.* ¶¶ 46, 84, 142, 150-151, 186-192. They also initially alleged that HCLOF acted in bad faith by "intentionally prejudicing" CLOH, acting in a "conflict of interest," and unfairly "preferr[ing] the interests of A[CM]" and HCLOF's majority shareholders. *See* Ex. 1 (1st Murphy Aff.) ¶¶ 23, 53, 67. CLOH also alleged that HCLOF should have disclosed its intention to enter into the Settlement Agreements to CLOH. *Id.* ¶ 84(iii). Based on these allegations, CLOH asserted that HCLOF engaged in unfairly prejudicial conduct and breached the good faith clause of the Members Agreement, a Guernsey law contract that governs the relationship between and among HCLOF and its shareholders. *Id.* ¶¶ 84, 95. ▮▮▮—even while asserting claims against the Trustee in this case—CLOH asked the Guernsey court to authorize the pursuit of derivative claims against the Trustee.[2] Dkt. 155-1 ¶ 10. Alternatively, CLOH sought a distribution in kind of HCLOF's assets so that CLOH could pursue claims against the Trustee directly. *Id.* at 3. Plaintiffs were not parties to the Guernsey Action.

Three months after initiating the Guernsey Action, on July 8, 2023, the DAF Parties brought Counterclaims against Plaintiffs and Third-Party Claims against HCLOF in this action based on the same core allegations that CLOH asserted in the Guernsey Action. As in Guernsey, the Counterclaims allege that HCLOF breached the Members Agreement's good faith clause by entering into the Settlement Agreements without notifying the DAF Parties in advance. Counterclaims ¶¶ 23-24, 84-93. The Counterclaims also repeat CLOH's allegation in the Guernsey Action that the Settlement Agreements were unfair because they favored other HCLOF shareholders over CLOH, prevented CLOH from acquiring HCLOF's Subordinated Notes, and failed to advance HCLOF's legitimate business interests. *Id.* ¶¶ 27-28, 34-39, 60-65.

---

[2] Contrary to the DAF Parties' position in this action, CLOH acknowledged in the Guernsey action that it ▮▮▮ Ex. 2 (4th Murphy Aff.) ¶ 26.1.

While the underlying allegations are the same, the Counterclaims assert causes of action against Plaintiffs that do not appear in the Guernsey Action. Specifically, the DAF Parties claim that Plaintiffs tortiously interfered with the Members Agreement by inducing HCLOF to breach its good faith clause and that the Settlement Agreements should be invalidated because they were undertaken in bad faith, unfair to CLOH, and not in HCLOF's legitimate business interests. Counterclaims ¶¶ 66-77, 84-93. The DAF parties also claim that Plaintiffs were unjustly enriched by the Settlement Agreements for the same reasons. *Id.* ¶¶ 94-98.

The Guernsey Action proceeded to trial in October 2023. In the months before trial, CLOH and HCLOF exchanged lengthy factual affidavits attaching the key documents relevant to CLOH's claims. *See* Dkt. 237 ("HCLOF Br.") at 3; Judgment ¶ 80. Starting on October 24, 2023, the Guernsey court held a four-day trial before a judge and two lay triers of fact in which CLOH examined and crossed witnesses and made submissions. HCLOF Br. 3; Judgment ¶¶ 81, 84.

On December 1, 2023, the Guernsey court issued a detailed Judgment ruling against CLOH and in favor of HCLOF on all counts. *See* HCLOF Br. 3-6 (providing a detailed summary of the post-trial decision). The Guernsey court held that HCLOF had not breached the Members Agreement's good faith clause because it had not acted in bad faith. Judgment ¶ 220(i) (finding that CLOH "has established no breach towards it of any term of the contractual documents defining the legal rights of the parties"); *see also id.* ¶¶ 107-108, 115 (similar). The court also found that HCLOF had not acted unfairly by entering the Settlement Agreements because it "pursued and negotiated [them] on the basis of genuinely seeking the agreement that was most beneficial to HCLOF." *Id.* ¶ 199 (finding that "[none] of the matters complained of [by CLOH] were unfair"); *see also id.* ¶¶ 147-153, 198-205 (similar). The court concluded that HCLOF did not act in bad faith by making "valid and appropriate management decisions" with which CLOH disagreed. *Id.*

3

¶ 220(iii); *see also id*. ¶¶ 111, 158, 178-79.  Finally, the court held that Members Agreement did not impose "any restraint on HCLOF's right to exercise its own rights," and that HCLOF was not required to disclose its intention to enter the Settlement Agreements to CLOH or to treat CLOH even-handedly with other HCLOF shareholders.  *Id*. ¶ 220(ii); *see also id*. ¶¶ 125, 150-52.  Based on the foregoing, the Guernsey court rejected all of CLOH's claims.  *Id*. ¶ 220.

The Judgment became final on December 22, 2023 when CLOH did not file an appeal by the deadline.  HCLOF Br. 3.  Despite this, the DAF Parties have continued to pursue Counterclaims based on the same allegations against both Plaintiffs and HCLOF in this Court.  *See* Dkt. 229 at 3.

## LEGAL STANDARD

Collateral estoppel "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment."  *Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2012).  On a motion to dismiss, collateral estoppel "bar[s] a plaintiff's claim when [a] plaintiff's factual allegations have been decided otherwise in a previous litigation." *Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 360 (S.D.N.Y. 2014); *see also Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000) ("Dismissal … is appropriate when a defendant raises [] preclusion … and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred").

## ARGUMENT

### I.   THE JUDGMENT COLLATERALLY ESTOPS THE COUNTERCLAIMS

The Judgment collaterally estops the DAF Parties from pursuing their Counterclaims before this Court, providing yet another basis for dismissal in full of those claims.  A foreign judgment has preclusive effect if (1) a U.S. court recognizes it, and (2) it satisfies the elements of collateral estoppel.  *See F.T. Mar. Servs. Ltd. v. Lambda Shipholding Ltd.*, 533 F. Supp. 3d 149, 155-56 (S.D.N.Y. 2021) (the "court must recognize the foreign judgment … [and] consider

4

whether it has preclusive effect"). The Judgment meets both requirements, so the Counterclaims must be dismissed.

*First*, the Court should recognize the Judgment because it was rendered by an impartial common law court in a foreign jurisdiction in which CLOH chose to sue. Federal courts recognize foreign judgments if (1) the foreign court had proper jurisdiction, and (2) enforcement does not prejudice the rights of United States citizens or violate domestic public policy. *F.T. Mar.*, 533 F. Supp. 3d at 155; *see also* HCLOF Br. 7. Both requirements are met here. The Guernsey court had jurisdiction because CLOH chose to sue HCLOF in Guernsey and agreed to the Guernsey court's jurisdiction in the Members Agreement. *F.T. Mar.*, 533 F. Supp. 3d at 155-56 (finding proper jurisdiction because plaintiff sued foreign company in foreign country); *see also* HCLOF Br. 7. There is no prejudice because "[i]t is incontrovertible that the English judicial system," on which Guernsey's legal system is based, "provides impartial tribunals and procedures compatible with the requirements of due process of law." *Soc'y of Lloyd's v. Edelman*, 2005 WL 639412, at *3 (S.D.N.Y. Mar. 21, 2005) (recognizing English judgment); Dkt. 111 ¶¶ 3.1-3.3 (Guernsey courts follow English common law); *see also Clarkson Co., Ltd. v. Shaheen*, 544 F.2d 624, 629-30 (2d Cir. 1976) ("exceptions [to recognition] are construed especially narrowly when the alien jurisdiction is … a sister common law jurisdiction"). In any event, CLOH chose to pursue its claims in Guernsey and cannot now complain that doing so caused it prejudice. *State St. Glob. Advisors Tr. Co. v. Visbal*, 2023 WL 4053170, at *10 (S.D.N.Y. June 16, 2023) (finding no prejudice because plaintiff "chose to sue [Australian defendant] in Australia"), *adhered to on reconsideration*, 2023 WL 4764021 (S.D.N.Y. July 25, 2023). There is also no prejudice here to a *United States citizen* because CLOH is not an American company. *F.T. Mar.*, 533 F. Supp. 3d at 156 (no prejudice "because neither party is an American company"); *see also* HCLOF Br. 7 n.2.

*Second*, the DAF Parties are collaterally estopped from asserting their Counterclaims. Collateral estoppel applies if (1) "the identical issue was raised in a previous proceeding," (2) "the issue was actually litigated and decided in the previous proceeding," (3) "the resolution of the issue was necessary to support a valid and final judgment on the merits," and (4) "the party had a full and fair opportunity to litigate the issue." *Austin v. Downs, Rachlin & Martin Burlington St. Johnsbury*, 270 F. App'x 52, 54 (2d Cir. 2008).[3] The Judgment satisfies all four requirements.

*First*, the DAF Parties raised identical issues in the Guernsey Action. There, CLOH asserted that the Settlement Agreements caused CLOH unfair prejudice, were commercially unreasonable, were entered into in bad faith (an allegation it ultimately abandoned), and violated the good faith clause in the Members Agreement. Judgment ¶¶ 46, 84, 95, 142, 150-151, 192; Ex. 1 (1st Murphy Aff.) ¶¶ 23, 53, 67. These are the same issues underlying the DAF Parties' tortious interference, contract invalidation, and unjust enrichment Counterclaims. *See supra* at 2; *Brandon v. NPG Records*, 2020 WL 2086008, at *7 (S.D.N.Y. Apr. 30, 2020) (issues that were "substance the same" were identical), *aff'd*, 840 F. App'x 605 (2d Cir. 2020).

*Second*, each of those issues was actually litigated and decided. CLOH presented its case that entry into the Settlement Agreements violated HCLOF's contractual duties and caused unfair prejudice. Judgment ¶ 84. The Court rejected these contentions. *Id.* ¶ 220; *see DeCastro v. City of New York*, 278 F. Supp. 3d 753, 765 (S.D.N.Y. 2017) (issue was actually litigated where court "specifically rejected [party's] argument"). As for allegations of "bad faith" that CLOH attempted to disclaim on the courtroom steps, HCLOF nonetheless presented clear evidence that its directors acted in good faith in entering into the Settlement Agreement. *See, e.g.*, Judgment ¶¶ 173, 177.

---

[3] Federal collateral estoppel law applies because the Court has federal question jurisdiction under the Investment Advisers Act and the Edge Act. *See* Dkt. 15 ¶ 21 (federal question jurisdiction); *In re Drexel Burnham Lambert Grp., Inc.*, 161 B.R. 902, 906 (S.D.N.Y. 1993) (federal collateral estoppel law applies in federal question cases).

The Guernsey court took up the issue and found that HCLOF and its directors honestly and reasonably exercised their business judgment. *Id*. ¶ 220(iii); *Mario Valente Collezioni, Ltd. v. AAK Ltd.*, 280 F. Supp. 2d 244, 257 (S.D.N.Y. 2003) (issue was actually litigated where court "made findings of fact" on it), *on reconsideration*, 2004 WL 724690 (S.D.N.Y. Mar. 26, 2004).[4]

*Third*, resolution of these issues was necessary to support a valid judgment. The Guernsey court's determination that HCLOF did not breach the Members Agreement's good faith clause was necessary to resolve CLOH's claim that HCLOF unfairly prejudiced it by breaching that clause. *See* Judgment ¶¶ 95, 220(i). The Guernsey court's further finding that HCLOF and its directors acted honestly and reasonably when entering into the Settlement Agreements and that those agreements were fair and benefited HCLOF were also necessary to resolve CLOH's claim that HCLOF unfairly prejudiced it by entering into Settlement Agreements that were unfair and not in HCLOF's interests. *Id.* ¶ 199 (finding that HCLOF's directors "genuinely s[ought] the [Settlement] [A]greement[s] that were most beneficial to HCLOF" and that "[none] of the matters complained of [by CLOH concerning the Settlement Agreements] were unfair"); *see also id.* ¶¶ 108, 115, 147-59, 198-205, 220(i) & (iii) (similar). None of these rulings were dicta, and all of them were necessary to the Judgment. *See Overview Books, LLC v. United States*, 438 F. App'x 31, 33 (2d Cir. 2011) (determinations that were "not mere dicta" were necessary); *Brandon*, 2020 WL 2086008, at *9 n.6 ("[I]f a court decides a case on two grounds, each is a good estoppel.").

---

[4] CLOH's retreat from allegations of bad faith—while raising serious questions about the good faith basis for the DAF Parties' allegations in the Counterclaims—does not evade the application of collateral estoppel. Rather, collateral estoppel applies to issues that a party initially litigates but later abandons despite a full and fair opportunity to continue litigating them. *See*, *e.g.*, *Hassan v. Marks*, 2017 WL 9485672, at *10 (E.D.N.Y. Aug. 15, 2017) (collateral estoppel applied to party that "abandoned his claims" after initially litigating them), *report and recommendation adopted*, 2017 WL 4233038 (E.D.N.Y. Sept. 25, 2017), *aff'd*, 735 F. App'x 19 (2d Cir. 2018); *Papapietro v. Clott*, 2023 WL 2185150, at *9 (E.D.N.Y. Jan. 30, 2023) (collateral estoppel applies to a party who "abandon[s]" issues "despite a full and fair opportunity" to litigate them), *report and recommendation adopted*, 2023 WL 2731687 (E.D.N.Y. Mar. 31, 2023). This is especially so here because HCLOF litigated this issue at trial and the Guernsey court found that its directors acted in good faith. *See supra* at 6-7.

*Fourth*, CLOH had a full and fair opportunity to litigate in Guernsey, where it received a trial on the merits with live testimony after the production of lengthy factual affidavits attaching the documents relevant to the claims. *Accord* HCLOF Br. 9-10. The DAF Parties cannot meet their burden to show otherwise. *See Narumanchi v. Am. Home Assur. Co.*, 317 F. App'x 56, 59 (2d Cir. 2009). This is especially so because Guernsey courts operate within the English common law court system, *see supra* at 5, which "United States courts consistently have found [] to be neutral and just forums," *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir. 1993), that "afford [parties] a full and fair opportunity to be heard in a manner consistent with US due process standards," *In re Avanti Commc'ns Grp. PLC*, 582 B.R. 603, 618 (Bankr. S.D.N.Y. 2018).

The DAF Parties are therefore collaterally estopped from arguing here that HCLOF breached the good faith provision in the Members Agreement or acted commercially unreasonably or in bad faith when entering into the Settlement Agreements. Without these predicate allegations, the DAF Parties' Counterclaims against Plaintiffs fail. The DAF Parties cannot maintain their tortious interference claim against Plaintiffs because that claim is predicated on breach of the good faith provision in the Members Agreement that the Guernsey court held did not occur. *See, e.g., Ithaca Cap. Invs. I, S.A. v. Trump Panama Hotel Mgmt. LLC*, 2019 WL 10948746, at *2 (S.D.N.Y. Mar. 19, 2019) ("tortious interference [with contract] [counter]claims [] would fail" if prior proceeding "determines that no breach of the [contract] occurred"); Mot. 13-19. The DAF Parties cannot maintain their claims seeking invalidation of the Settlement Agreements or asserting unjust enrichment because those claims are predicated either on a breach of the Members Agreement or the existence of bad faith, unfair, or commercially unreasonable conduct by HCLOF in agreeing to the Settlement Agreements, *see* Mot. 9-13, 23, which the Guernsey court held did not occur. *See, e.g., Fairchild, Arabatzis & Smith, Inc. v. Prometco (Produce & Metals) Co.*, 470 F. Supp.

8

610, 617 (S.D.N.Y. 1979) (foreign judgment that "necessarily determined the existence of the contract as [] valid" collaterally estopped plaintiff from alleging that it was invalid).

The fact that CLOH did not assert causes of action for tortious interference, unjust enrichment, or invalidation of the Settlement Agreements in Guernsey is of no moment. The DAF Parties cannot relitigate issues decided in the Guernsey Action by "repacking [them] under different causes of action," *Zherka v. City of New York*, 459 F. App'x 10, 13 (2d Cir. 2012), remedies, or theories. *See He v. United States*, 2023 WL 3045516, at *2 (S.D.N.Y. Apr. 21, 2023) ("A party cannot avoid [collateral estoppel] by asserting … a different remedy."); *Ranasinghe v. Kennell*, 2017 WL 384357, at *4 (S.D.N.Y. Jan. 25, 2017) (plaintiff's "repack[aging] his claims … [into] new legal theories is immaterial"), *aff'd*, 718 F. App'x 82 (2d Cir. 2018); HCLOF Br. 9.

Plaintiffs' absence from the Guernsey proceedings does not prevent the application of collateral estoppel here because federal precedent permits defensive non-mutual collateral estoppel where the four collateral estoppel factors are met. *See, e.g.*, *Austin*, 270 F. App'x at 54 ("Under non-mutual collateral estoppel, … third parties unrelated to the original action can bar the litigant from relitigating" an issue that it "litigate[d] … and lost" in a prior action if the four factors are established); *Wilder v. Thomas*, 854 F.2d 605, 621 (2d Cir. 1988) (allowing "defendants to invoke defensive collateral estoppel even though they were not parties to the [prior] proceeding"). Because CLOH was a party to the Guernsey proceedings, had a full and fair opportunity to litigate whether HCLOF breached the Members Agreement and the fairness of the Settlement Agreements, and lost, it cannot relitigate those same issues against Plaintiffs. *See, e.g.*, *Brandon v. NPG Recs., Inc.*, 840 F. App'x 605, 609 (2d Cir. 2020) (plaintiff that "had ample opportunity to litigate" issue in prior action could not relitigate it against non-party defendants in new action); *Peralta*, 2021 WL 2227922, at *4 (plaintiffs cannot "relitigat[e] identical issues by [] switching adversaries.").

## II.  THE JUDGMENT IS ALSO PERSUASIVE AUTHORITY SUPPORTING DISMISSAL

As a decision of Guernsey's primary civil court, the Judgment is also persuasive authority on Guernsey law supporting dismissal of the Counterclaims. *See* Dkt. 111 ¶ 3.2 ("The Royal Court [of Guernsey] is the primary court for civil matters."). *First*, the Judgment confirms that the Counterclaims are derivative.  The Judgment held that CLOH's allegations that HCLOF improvidently entered into the Settlement Agreements are assertions of mismanagement by HCLOF's directors that purportedly principally harmed HCLOF and which only impacted CLOH indirectly and "by extension" (Judgment ¶ 155; *see also id*. ¶¶ 111, 179)—the definition of a derivative claim under Guernsey law.[5]  *See* Mot. 6-9; Dkt. 217 at 2; Dkt. 111-21, *Marex Financial Ltd. v. Sevilleja*, [2020] UKSC 31 ¶¶ 79-80.  The DAF Parties lack standing to sue derivatively. *See* Mot. 7-9.  *Second*, the Judgment's holding that good faith clauses are narrowly construed under Guernsey law confirms that the DAF Parties' tortious interference with contract claim fails for lack of an underlying breach.  *See Ithaca Cap. Invs. I, S.A.*, 2019 WL 10948746, at *2.  Consistent with the declarations of Plaintiffs' foreign law expert, the Judgment held that good faith clauses only impose a narrow duty to avoid bad faith and do not impose equitable or fiduciary obligations. Judgment ¶¶ 108-115, 125, 150-152, 158, 178-179; *see also* Dkt. 182 ¶¶ 5.1-5.14; Dkt. 216 ¶¶ 5.1-5.28.  As a result, this Court should rule that the DAF Parties have failed to plausibly allege the requisite breach of contract to state a tortious interference claim.  *See* Mot. 13-19.

## CONCLUSION

For the reasons stated above, the Counterclaims should be dismissed with prejudice.

---

[5]  *See* Dkt. 111 ¶ 6.5 (claims of corporate mismanagement are derivative under Guernsey law); *Accredited Aides Plus, Inc. v. Program Risk Mgmt., Inc.*, 147 A.D.3d 122, 133 (3d Dep't 2017) (claims are derivative because they "are limited to allegations of harm caused to the [entity] by alleged mismanagement") (New York law); *In re Allianz Global Investors U.S. LLC Alpha Series Litig.*, 2021 WL 4481215, at *19 (S.D.N.Y. Sept. 30, 2021) ("Mismanagement of the Funds necessarily harms the Funds directly, and the members only indirectly.") (Delaware law).

Dated: New York, New York
     January 10, 2024

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By:    */s/ Blair Adams*
  Jonathan E. Pickhardt
  Blair A. Adams
  Brendan Carroll
  Misha Boutilier
  Jeffrey Arnier
  51 Madison Avenue, 22nd Floor
  New York, New York 10010
  (212) 849-7000

*Attorneys for Plaintiffs Joshua N. Terry and Acis Capital Management, L.P.*

**SEWARD & KISSEL LLP**

By:    */s/ Mark Kotwick*
  Mark D. Kotwick
  Thomas Ross Hooper
  Julie J. Hong
  One Battery Park Plaza
  New York, New York 10004
  (212) 574-1200

*Attorneys for Plaintiff U.S. Bank National Association, in its capacity as Trustee*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on January 10, 2024, he caused a true copy of the foregoing document to be served via CM/ECF to all counsel of record.

/s/ *Misha Boutilier*
Misha Boutilier