UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY, AND ACIS CAPITAL MANAGEMENT, L.P., <br><br> Plaintiffs, <br><br> -against- <br><br> THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD., AND NEXPOINT DIVERSIFIED REAL ESTATE TRUST, <br><br> Defendants. | Case No. 1:21-cv-11059 (GHW) <br><br> Oral Argument Requested |

**HCLOF'S REPLY BRIEF IN FURTHER SUPPORT OF
ITS MOTION TO DISMISS THE CLOH PARTIES' COUNTERCLAIMS**

AKIN GUMP STRAUSS HAUER & FELD LLP

One Bryant Park
New York, NY 10036

*Attorneys for Highland CLO Funding, Ltd.*

## **TABLE OF CONTENTS**

                                                        **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .................................................................................................................................. 2

      I.       The Judgment Is Entitled To Comity ........................................................................ 2

      II.      The Judgment Is Binding And Preclusive ............................................................... 3

CONCLUSION ............................................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Caspian Invs., Ltd. v. Vicom Holdings, Ltd.*,
　770 F. Supp. 880 (S.D.N.Y. 1991) ........................................................................................4

*CBF Indústria De Gusa S/A v. AMCI Holdings, Inc.*,
　650 F. Supp. 3d 228 (S.D.N.Y. 2023)....................................................................................5

*West v. Ruff*,
　961 F.2d 1064 (2d Cir. 1992)................................................................................................5

*Zherka v. City of N.Y.*,
　459 F. App'x 10 (2d Cir. 2012) ............................................................................................4

*Zois v. Cooper*,
　268 B.R. 890 (S.D.N.Y. 2001), *aff'd*, 73 F. App'x 509 (2d Cir. 2003)......................................4

HCLOF respectfully submits this brief in reply to the CLOH Parties' response (the "Response") to HCLOF's supplemental opening brief on the Guernsey Judgment.[1]

## PRELIMINARY STATEMENT

As shown in HCLOF's Opening Brief, and as apparent from the Judgment itself, the Guernsey court dismissed the CLOH Parties' assertions that HCLOF's actions with respect to the CLO reserves or the 2021 or 2023 agreements violated any of HCLOF's duties to CLOH, including Section 20.5 (i.e., the good faith provision) of the Members Agreement, or somehow unfairly prejudiced CLOH in anyway. The CLOH Parties are bound by these findings and cannot relitigate them against HCLOF here. Their haphazard Response only confirms this result.

The CLOH Parties try to attack the Judgment and its preclusive effect here, but their contentions border on the frivolous. They argue that the Guernsey court had no jurisdiction to issue the Judgment. Yet, it is undisputed that (i) CLOH chose to sue HCLOF, a Guernsey entity, in Guernsey, under Guernsey law and the Members Agreement, which is subject to Guernsey law and jurisdiction, (ii) the Guernsey court ruled it had jurisdiction, and (iii) CLOH *agreed*. The Guernsey court thus plainly had jurisdiction to issue the Judgment.

The CLOH Parties also claim that the Judgment is distinguishable because it was limited to a statutory proceeding and that CLOH disclaimed any assertion of bad faith. These arguments fly in the face of the Guernsey court's explicit findings. The Judgment discussed in great detail —and rejected—CLOH's various assertions that HCLOF acted unfairly or in violation of its duty of good faith under Section 20.5 of the Members Agreement. The Judgment found no evidence that HCLOF did anything improper with respect to the CLO reserves or the 2021 or 2023

---

[1] Capitalized, undefined terms have the meaning given in HCLOF's supplemental opening brief (ECF No. 237) (the "Opening Brief").

1

agreements. These findings preclude the CLOH Parties' Counterclaims against HCLOF.

It is of no consequence that the CLOH Parties may have pursued different remedies here than in Guernsey. It is undeniable that their counterclaim for breach of the good faith provision in the Members Agreement here is exactly the same as CLOH's assertion for breach of that provision in Guernsey. And it is also undeniable that their counterclaims in this case, seeking to invalidate HCLOF's 2021 and 2023 agreements, rely on an assertion of wrongdoing by HCLOF with respect to those agreements. Having taken those assertions to trial in Guernsey and lost, the CLOH Parties cannot relitigate them here. The Guernsey Judgment thus precludes the CLOH Parties' Counterclaims against HCLOF.

## ARGUMENT

### I.     The Judgment Is Entitled To Comity

The CLOH Parties attack comity on the grounds that the Guernsey court did not have jurisdiction, and that their Counterclaims "have strong connections to New York." Response at 9. These contentions misstate the Judgment and the facts.

There can be no dispute that the Guernsey court had jurisdiction to issue the Judgment. CLOH *invoked* the jurisdiction of the Guernsey court by choosing to sue HCLOF in Guernsey, sued for relief under Guernsey law and asserted a violation of the Members Agreement, which is subject to Guernsey law and jurisdiction.

Moreover, the Guernsey spent multiple paragraphs in the Judgment explaining the basis and origin for its jurisdiction. *See* Judgment ¶¶ 85-87 (explaining the "legal framework" of the court's "jurisdiction"). And the Guernsey court recognized that "[t]he parties are broadly in agreement as to the above principles." *Id.* ¶ 88. In other words, CLOH *agreed* with the Guernsey court's jurisdictional analysis. The CLOH Parties cannot dispute it now.

The only response the CLOH Parties offer is obfuscation and confusion. They purport to

describe the Judgment, yet they fail to include any supporting citations; when they include citations, the citations are misleading, to say the least. *See, e.g.*, Response at 11 (citing nothing for their assertion that the Guernsey court "lacked jurisdiction to grant any relief under Guernsey Companies Law," and then citing the Court's *rejection* of CLOH's position as purported support for their assertion that the Guernsey court "could not litigate the issues because the majority shareholder could not be joined and was an indispensable party").[2]

The CLOH Parties' attempt to draw a connection to New York is equally meritless. They claim that the 2023 agreement is governed by New York law, Response at 9, but as shown in HCLOF's motion to dismiss, that is entirely irrelevant. The CLOH Parties are not parties or third-party beneficiaries to the 2023 agreement, and they have no right to collaterally attack it. ECF No. 178 (Motion to Dismiss) at 20-21. More to the point, the Guernsey court did not interpret the 2023 agreement, and it did not have to; it found that HCLOF did nothing wrong in entering into that agreement. Judgment ¶¶ 198-205. And that finding is entitled to comity here.[3]

## II. The Judgment Is Binding And Preclusive

The CLOH Parties also try to avoid preclusive effect on the grounds that the Judgment involved different issues, different forms of relief, and because CLOH ultimately—after being pressed by the Guernsey court—disclaimed an assertion of bad faith in Guernsey. Response at 3-

---

[2] The CLOH Parties' efforts to mischaracterize the Judgment's fact findings as *dicta* are meritless. The Guernsey court rejected CLOH's assertions as a matter of law and fact; both of those determinations were conclusive, as the legal findings were made by the judge (Lieutenant Bailiff) and the factual findings were made by the jurats. *See* Judgment ¶ 10 ("[W]here this judgment sets out holdings of law and reasons therefor, they are the holdings and reasons of the Lt-Bailiff; where it sets out findings of fact and reasons therefor, they are the common findings and reasons of the Jurats.").

[3] Since the CLOH Parties make no attempt in their Response to show that the Judgment prejudiced the right of any United States citizens or violated any domestic public policy, they therefore concede and waive that point.

3

7. None of these contentions have merits.

As shown in HCLOF's Opening Brief, and underscored by the Judgment itself, the issues in the Judgment were virtually identical to the issues raised by the CLOH Parties' Counterclaims. Both here and in Guernsey, CLOH asserted that HCLOF's actions with respect to the reserves and execution of the 2021 and 2023 agreements violated the good faith provision (Section 20.5) of the Members Agreement and were otherwise improper. The Judgment painstakingly analyzed and rejected each of those assertions, and the CLOH Parties are bound by the result under collateral estoppel principles. *See* Opening Br. at 5-6.

As also shown in the Opening Brief, it is irrelevant that CLOH was not joined by DAF in Guernsey, as the parties are in privity. *See Zois v. Cooper*, 268 B.R. 890, 893 (S.D.N.Y. 2001) ("[C]ollateral estoppel can be used against a person who was not a party to a previous proceeding as long as that person is in privity with such a party."), *aff'd*, 73 F. App'x 509 (2d Cir. 2003). It is also irrelevant that CLOH sought a different form of relief for its claims in Guernsey. *See Caspian Invs., Ltd. v. Vicom Holdings, Ltd.*, 770 F. Supp. 880, 884 (S.D.N.Y. 1991) ("[P]arties and claims need not be identical in order for one action to be stayed or dismissed in deference to an earlier action").

Regardless of how CLOH chose to package and try its claims in Guernsey, the Guernsey court's conclusion that there was no breach of the Members Agreement, nor any evidence that the 2021 and 2023 agreements were reached in bad faith, preclude further attempts by the CLOH Parties to pursue their Counterclaims against HCLOF here on the same facts. *See Zherka v. City of N.Y.*, 459 F. App'x 10, 13 (2d Cir. 2012) ("The doctrine of collateral estoppel developed to address precisely this situation, where a party seeks to repeatedly litigate the same issue by means of more specific pleadings, by repackaging the same factual allegations under different

causes of action").

CLOH's decision to disclaim bad faith in Guernsey is also not a basis for the CLOH Parties to avoid the Judgment. Although CLOH did ultimately disclaim bad faith, the Guernsey court thoroughly examined CLOH's numerous assertions of allegedly prejudicial conduct, and *rejected* every single one. Judgment ¶¶ 116-205. In the end, the Guernsey court found "no evidence" of bad faith:

> There is no evidence that the Directors of HCLOF have taken steps other than in what they honestly and reasonably believed to be the best interests of the company, HCLOF, itself. CLOH's complaints are largely simply that it disagrees with what have been, on the face of it, valid and appropriate management decisions made by HCLOF's admittedly independent Directors.

*Id.* ¶ 220(iii). The CLOH Parties do not get to relitigate these findings by dint of their own strategic decision in Guernsey. *See West v. Ruff*, 961 F.2d 1064, 1065 (2d Cir. 1992) ("[P]arties are barred from relitigating not only matters actually litigated in the preceding action but also any matters that could have been litigated in that action.").[4] In sum, the Judgment plainly precludes the CLOH Parties from relitigating their claim that HCLOF violated the Members Agreement or the assertion that HCLOF acted unfairly or improperly with respect to the 2021 or 2023 agreements, and the CLOH Parties offer nothing in the Response to show otherwise.

## **CONCLUSION**

Accordingly, the Judgment provides yet another conclusive basis to dismiss the CLOH Parties' Counterclaims against HCLOF with prejudice.

---

[4] The CLOH Parties' attempted distinction between collateral estoppel and res judicata is beside the point, as the requirements for both are met. While CLOH initially framed its claim as one for unfair prejudice, it ultimately asserted a breach of Section 20.5 of the Members Agreement, and in any event, its claims in Guernsey were based on the same facts, assertions, and transactions as the Counterclaims. *See CBF Indústria De Gusa S/A v. AMCI Holdings, Inc.*, 650 F. Supp. 3d 228, 241 (S.D.N.Y. 2023) ("Whether there is claim preclusion depends upon . . . whether facts essential to the second suit were present in the first suit.") (citations omitted).

Dated: January 26, 2024
New York, New York

                                          Respectfully Submitted,

                                          AKIN GUMP STRAUSS HAUER & FELD LLP

                                          By: */s/ Uri A. Itkin*
                                               Uri A. Itkin
                                               Shanna L. Miles
                                               Michael Chen

                                          One Bryant Park
                                          New York, NY 10036
                                          Telephone: (212) 872-1000

                                          *Attorneys for Highland CLO Funding, Ltd.*

6