```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/1/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
U.S. BANK, NATIONAL ASSOCIATION, *in its* :
*capacity as Trustee*, JOSHUA N. TERRY, *and* ACIS :
CAPITAL MANAGEMENT, L.P., : 1:21-cv-11059-GHW
:
                      Plaintiffs, : ORDER
:
               -against- :
:
THE CHARITABLE DONOR ADVISED :
FUND, L.P., *et al.*, :
:
                     Defendants. :
:
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On September 29, 2023, the Charitable Donor Advised Fund ("DAF") and CLO HoldCo ("CLOH") (collectively, the "DAF Parties") moved to compel discovery from Plaintiffs U.S. Bank, Joshua Terry, and Acis Capital Management ("ACM") (collectively "Plaintiffs"). *See* Dkt. No. 206. Plaintiffs responded on October 13, 2023. Dkt. Nos. 212, 213. On October 20, 2023, Plaintiffs replied. Dkt. No. 219.

For the reasons that follow, the DAF Parties' motion to compel discovery from Plaintiffs is DENIED.

## I.    LEGAL STANDARD

"A district court has wide latitude to determine the scope of discovery." *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008). The Federal Rules of Civil Procedure establish liberal limits on the scope of discovery. Rule 26(b)(1) provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

While the federal discovery rules are liberal, they are not boundless.  The 2015 amendments to the federal rules reemphasized the importance of the "proportionality" of a discovery request to the litigation.  And Rule 26(b)(2)(C) requires that a court limit the frequency or extent of discovery if it determines that:  "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

## II. DISCUSSION

The DAF Parties' motion to compel discovery arose from a July 10, 2023 agreement by the parties "to permit the parties to serve further written discovery . . . concerning any new matters, allegations, or claims raised by any party's amended pleading served after April 14, 2023."  Dkt. No. 156; *see also* Dkt. No. 159.  On July 8, 2023, the DAF Parties filed their Second Amended Answer and First Amended Counterclaim (the "Second Answer"), Dkt. No. 155, which mooted their earlier First Amended Answer and Counterclaim (the "First Answer"), Dkt. No. 77.  Further, on February 1, 2024, the Court issued its opinion granting Plaintiffs' and HCLOF's respective motions to dismiss the DAF Parties' counterclaims articulated in the Second Answer.  *See* Dkt. No. 253.

Accordingly, the Court denies as moot any request to compel discovery from Plaintiffs that pertains to the dismissed counterclaims.  And as for the amended defenses in the Second Answer, the Second Answer repeats verbatim the vast majority of affirmative defenses listed in the First Answer, with the exceptions of (1) the Eighth Affirmative Defense and (2) the Thirteenth

Affirmative Defense and Incorporation (as labeled in the Second Answer). *See* Second Answer at 15, 16; *see also* First Answer at 14, 15.

The Eighth Affirmative Defense was amended between the First and Second Answers to add that "Plaintiffs' claims for declaratory relief with respect to the HCLOF Settlement Agreement are barred because the HCLOF Settlement Agreement is the product of collusion, breach of contract, tortious interference, unclean hands, lack of consideration, bad faith, and/or is against public policy." Second Answer at 15. In comparison, the First Answer's Eighth Affirmative Defense alleged only "collusion, breaches of fiduciary duty, and/or unclean hands" as the basis for arguing that the HCLOF Settlement Agreement is invalid and, thus, Plaintiffs' claims are barred. *See* First Answer at 14. Thus, the DAF Parties have added only the theories of "breach of contract, tortious interference, . . . bad faith, and/or [being] against public policy." Second Answer at 15.[1] And the Thirteenth Affirmative Defense and Incorporation was amended to incorporate the facts alleged in the counterclaim "in support of all denials and affirmative defenses, to the extent necessary." Second Answer at 16. Otherwise, the defenses listed in the First and Second Answers are the same.

The DAF Parties are not entitled to discovery pertaining to these newly raised defenses given that the Court has dismissed their counterclaims—a dismissal which included, specifically, that the DAF Parties failed to allege breach of contract, tortious interference, and bad faith. *See* Dkt. No. 253. No additional discovery pertaining to these counterclaims or related "defenses" is warranted. Even if these defenses are meaningfully distinct from the dismissed counterclaims, the DAF Parties' discovery requests on these defenses are disproportionate to the needs of the case. *See* Rule 26(b). In addition, permitting such discovery would require reopening fact discovery in the case, such that

---

[1] The "lack of consideration" allegation is not new. It appeared in the First Answer's Twelfth Affirmative Defense. *See* First Answer at 15.

"the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Accordingly, the DAF Parties' motion is denied. The conference previously scheduled for February 2, 2024 is canceled. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 206.

SO ORDERED.

Dated: February 1, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge