```
                                                                    ┌─────────────────────────────┐
                                                                    │ USDC SDNY                   │
                                                                    │ DOCUMENT                    │
                                                                    │ ELECTRONICALLY FILED        │
UNITED STATES DISTRICT COURT                                        │ DOC #: _____        │
SOUTHERN DISTRICT OF NEW YORK                                       │ DATE FILED: 4/17/2024       │
------------------------------------------------------------- X     └─────────────────────────────┘
                                                              :
U.S. BANK, NATIONAL ASSOCIATION, in its                       :
capacity as Trustee, JOSHUA N. TERRY, and ACIS                :
CAPITAL MANAGEMENT, L.P.,                                     :        1:21-cv-11059-GHW
                                                              :
                                         Plaintiffs,          :           ORDER
                                                              :
                      -against-                               :
                                                              :
THE CHARITABLE DONOR ADVISED                                  :
FUND, L.P., et al.,                                           :
                                                              :
                                         Defendants.          :
                                                              :
------------------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

On January 10, 2024 and January 27, 2024, Plaintiffs filed two motions to seal in connection with their briefing on the motion to dismiss the DAF Parties' amended counterclaims. Dkt. Nos. 238, 248. For the reasons that follow, these motions are denied.

In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *Amodeo*, 71 F.3d at 1049). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the

judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

Having evaluated these factors, the Court denies Plaintiffs' motions to seal filed at Dkt. Nos. 238, 248. The documents subject to the request are judicial documents. These are: (1) Plaintiffs' supplemental opening brief in support of their motion to dismiss the DAF Parties' amended counterclaims, filed on January 10, 2024 (the "Brief"), (2) the exhibit to the Declaration of Misha Boutilier filed in support of the Brief (the "Exhibit"), and (3) Plaintiffs' supplemental reply brief in support of their motion to dismiss the DAF Parties' amended counterclaims, filed on January 26, 2024 (the "Reply"). The weight of the presumption of access here is low. But, as stated in the protective order:

> In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."

Dkt. No. 116 ¶ 13 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)). Plaintiffs' letters state only that they seek to seal these documents "pursuant to Section 13 o the Protective Order . . . and Rule 4(a) of this Court's Individual Rules of Practice in Civil Cases"— ironically, while failing to comply with either. *See* Dkt. Nos. 238, 248. Simply asserting that the Brief, the Exhibit, and the Reply "include[] or discuss[] material that has been designated as Confidential under the Protective order in this case" is insufficient. *See* Dkt. Nos. 238 at 1, 248 at 1. Plaintiffs have failed to make the particularized showing required to justify a request to seal these documents.

Accordingly, the Court denies Plaintiffs' requests for leave to file (1) the Brief with redactions (currently filed in public, redacted form at Dkt. No. 241 and restricted as party-view-only at Dkt. No. 239), (2) the Exhibit under seal (currently filed in public, redacted form at Dkt. No. 242-

2 and restricted as party-view-only at Dkt. No. 240-2), and (3) the Reply with redactions (currently filed in public, redacted form at Dkt. No. 250 and restricted as party-view-only at Dkt. No. 249). Plaintiffs are directed to refile the Brief, the Exhibit, and the Reply in unredacted form on the docket by no later than April 25, 2024.

The Clerk of Court is directed terminate the motions pending at Dkt. Nos. 238, 248.

SO ORDERED.

Dated: April 17, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge