UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, in its capacity as Trustee, JOSHUA N. TERRY, AND ACIS CAPITAL MANAGEMENT, L.P.,<br><br>                              Plaintiffs,<br><br>         -against-<br><br>THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO LTD., NEXPOINT DIVERSIFIED REAL ESTATE TRUST, AND NHF TRS, LLC,<br><br>                              Defendants. | Case No. 1:21-cv-11059 (GHW)<br><br>Oral Argument Requested |

**MEMORANDUM OF LAW IN SUPPORT OF HCLOF's MOTION FOR CERTIFICATION OF JUDGMENT UNDER RULE 54(B)**

AKIN GUMP STRAUSS HAUER & FELD LLP

One Bryant Park
New York, NY 10036

*Attorneys for Highland CLO Funding, Ltd.*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

RELEVANT FACTS .......................................................................................................................2

    A.      The Parties ...............................................................................................................2

    B.      Plaintiffs' Complaint ..............................................................................................3

    C.      The Counterclaims .................................................................................................3

    D.      The Guernsey Action ..............................................................................................4

    E.      The Dismissal Orders And Other Procedural History.............................................4

ARGUMENT ...................................................................................................................................4

    I.      There Are Multiple Claims And Multiple Parties In This Action ...........................5

    II.      The Order Was A Final Determination As To HCLOF ...........................................5

    III.      There Is No Just Reason To Delay Certification Of The Order ..............................6

            A.      Sound Judicial Administration Supports Certification Of The Counterclaims ..............................................................................................6

            B.      The Equities Also Support Certification .....................................................9

CONCLUSION ..............................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**                                                                         **Page(s)**

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*,
  106 F.3d 11 (2d Cir. 1997) .................................................................................................. 5, 6, 7

*Bowne of N.Y.C., Inc. v. AmBase Corp.*,
  161 F.R.D. 270 (S.D.N.Y. 1995) ................................................................................................ 7

*Bristol Tech., Inc. v. Microsoft Corp.*,
  127 F. Supp. 2d 85 (D. Conn. 2000) .......................................................................................... 8

*Choi v. Tower Res. Cap. LLC*,
  2020 WL 2317363 (S.D.N.Y. May 11, 2020) ............................................................................ 6

*Ginett v. Comput. Task Grp., Inc.*,
  962 F.2d 1085 (2d Cir. 1992) ..................................................................................................... 5

*Linde v. Arab Bank, PLC*,
  882 F.3d 314 (2d Cir. 2018) .................................................................................................. 4, 5

*Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*,
  767 F. Supp. 1220 (S.D.N.Y. 1991), *rev'd on other grounds*, 967 F.2d 742 (2d
  Cir. 1992) ............................................................................................................................... 7, 8

*Micheli & Shel, LLC v. Grubhub Inc.*,
  2023 WL 2390540 (S.D.N.Y. Mar. 7, 2023) ........................................................................... 8, 9

*NexPoint Diversified Real Est. Tr. v. Acis Cap. Mgmt., L.P.*,
  620 F. Supp. 3d 36 (S.D.N.Y. 2022), *aff'd*, 80 F.4th 413 (2d Cir. 2023) ................................... 2

*Novick v. AXA Network, LLC*,
  642 F.3d 304 (2d Cir. 2011) ....................................................................................................... 6

*Pearson Educ., Inc. v. Heliosbooks, Inc.*,
  2022 WL 970454 (S.D.N.Y. Mar. 31, 2022) .............................................................................. 7

*SEC v. Yin*,
  2023 WL 2753094 (S.D.N.Y. Mar. 31, 2023), *aff'd*, 2023 WL 5970952 (2d
  Cir. Sept. 14, 2023) .................................................................................................................... 8

*Zivkovic v. Laura Christy LLC*,
  2023 WL 4305101 (S.D.N.Y. June 30, 2023) (Woods, J.) ..................................................... 5, 6

**Other Authorities**

Fed. R. Civ. P. 54(b) ................................................................................................... *passim*

Pursuant to Federal Rule of Civil Procedure 54(b), Highland CLO Funding Ltd. ("HCLOF") respectfully submits this memorandum of law in support of its motion to certify the Court's February 1, 2024 Order, ECF No. 253 (the "Order"), as a final judgment.

## PRELIMINARY STATEMENT

By this motion, HCLOF seeks entry of final judgment as to the Order, which granted HCLOF's motion to dismiss the counterclaims asserted against it by Defendants Charitable Donor Advised Fund ("DAF") and CLO HoldCo Ltd. ("CLOH," and collectively, the "CLOH Parties").  Entry of the judgment will avoid delay and prejudice to HCLOF as it seeks to wind down its business.

As the Court is now familiar, plaintiffs U.S. Bank, National Association ("U.S. Bank"), Acis Capital Management, L.P. ("Acis"), and Joshua N. Terry (collectively, "Plaintiffs") filed this case against the CLOH Parties and NexPoint Diversified Real Estate Trust ("NexPoint") to stop litigation related to certain collateralized loan obligations (the "ACIS CLOs").  The CLOH Parties counterclaimed against Plaintiffs and HCLOF, and NexPoint asserted separate counterclaims against Acis, Terry, and Acis's subadvisor.  The Order dismissed the CLOH Parties' counterclaims against Plaintiffs and HCLOF; a subsequent order dated March 1, 2024 dismissed NexPoint's counterclaims; and Plaintiffs' affirmative claims are still pending.

Good cause exists to certify the Order as final in the meantime, as the Rule 54(b) factors are satisfied.  The first two are easily met: there are multiple claims and parties in this case, and the Court has dismissed all claims against HCLOF.  The third factor is also met: as evident from the fact that the Court resolved various claims through separate orders, the claims against HCLOF are separate from NexPoint's (dismissed) counterclaims, as well as from the remaining claims in this case.  To wit, the claims against HCLOF involve HCLOF's internal affairs, whereas NexPoint's counterclaims and Plaintiffs' remaining claims against the CLOH Parties

and NexPoint concern Plaintiffs' management of the ACIS CLOs. There is thus no risk of duplication on appeal.

There is also no just reason for delay, as HCLOF should not have to await resolution of this case to have finality as to the CLOH Parties' claims against it. HCLOF is in the process of winding down its business. It has already prevailed at trial against virtually identical claims asserted by one of the CLOH Parties in Guernsey. As the CLOH Parties did not appeal that dismissal, it is now final. HCLOF seeks similar finality with respect to the Order without having to wait until the final resolution of this case.

HCLOF therefore respectfully requests that the Court certify the Order as final.

## RELEVANT FACTS

**A.    The Parties**

There are three ACIS CLOs at issue: ACIS CLO 4, ACIS CLO 5, and ACIS CLO 6. ECF No. 220-2 ("Second Amended Complaint") ¶ 15. Plaintiffs administer the ACIS CLOs and manage their assets: U.S. Bank is the trustee; Acis is the portfolio manager; and Terry is Acis's general partner. *Id.* ¶¶ 9-11. Non-party Brigade Capital Management ("Brigade") is Acis's sub-advisor. *Id.* ¶ 16.

Defendant NexPoint is an indirect, minority investor in ACIS CLO 6. *Id.* ¶ 14. The CLOH Parties held senior secured notes in ACIS CLOs 5 and 6, which were redeemed prior to the filing of this case. *Id.* ¶ 25; ECF No. 15-6 ¶ 14.

HCLOF is a Guernsey-based company that is also an investor in the ACIS CLOs. It owns all of the outstanding notes in ACIS CLOs 4 and 5, and over 87% of the notes in ACIS CLO 6. *NexPoint Diversified Real Est. Tr. v. Acis Cap. Mgmt., L.P.*, 620 F. Supp. 3d 36, 49 n.6 (S.D.N.Y. 2022), *aff'd*, 80 F.4th 413 (2d Cir. 2023). CLOH, one of the CLOH Parties, is a minority shareholder in HCLOF. Second Am. Compl. ¶ 13.

As the CLOH Parties have acknowledged, HCLOF is currently in the process of winding down its business and distributing its assets to its shareholders. *See* ECF No. 155 (the "Counterclaims") ¶ 6 (alleging that "HCLOF has been in a wind-down mode for over three years"); *see also* ECF No. 229-1 (the "Guernsey Judgment") ¶¶ 19, 59 (discussing HCLOF's "wind-down").

B.   **Plaintiffs' Complaint**

Plaintiffs filed this case in December 2021 to put an end to the CLOH Parties' and NexPoint's threatened and actual litigation against them concerning the management of the ACIS CLOs. ECF No. 1 ¶ 1. Plaintiffs subsequently filed an amended complaint. ECF No. 15. Plaintiffs seek a declaratory judgment that the CLOH Parties and NexPoint are barred from pursuing litigation against Plaintiffs with respect to the ACIS CLOs. *Id.* ¶¶ 56-74. The Court denied the CLOH Parties' and NexPoint's motions to dismiss Plaintiffs' amended complaint in February 2023. ECF No. 69. Plaintiffs have since filed a second amended complaint, asserting the same two claims from the Plaintiffs' previous complaints. Second Am. Compl. ¶¶ 56-74.

C.   **The Counterclaims**

The CLOH Parties answered the amended complaint in March 2023. ECF No. 73. They subsequently amended their answer to assert counterclaims against Plaintiffs and HCLOF. Counterclaims ¶¶ 66-98. By their Counterclaims, the CLOH Parties sought declaratory judgment invalidating two agreements that HCLOF signed with certain Plaintiffs, asserted that HCLOF violated its Members Agreement with CLOH, and claimed that certain Plaintiffs tortiously interfered with CLOH's rights under the Members Agreement with HCLOF. *Id.* Simultaneously, NexPoint also filed counterclaims asserting a series of tort claims, and seeking declaratory judgment, against the Plaintiffs and Brigade. ECF No. 220-1 ¶¶ 139-239.

**D.     The Guernsey Action**

In March 2023, CLOH sued HCLOF in Guernsey. ECF No. 155-1. CLOH asserted similar claims, namely that HCLOF breached the Members Agreement and unfairly prejudiced CLOH's rights as a shareholder. Guernsey Judgment ¶¶ 2, 95. After trial in October 2023, the Guernsey court dismissed all of CLOH's claims on December 1, 2023. *Id.* at 1. CLOH failed to appeal the Guernsey Judgment by the December 22, 2023 deadline. ECF No. 237, at 3. The Guernsey Judgment is therefore now final.

**E.     The Dismissal Orders And Other Procedural History**

The Court issued the Order on February 1, 2024 granting Plaintiffs' and HCLOF's motions to dismiss the CLOH Parties' counterclaims in full. Order at 51-52. A month later, the Court issued a separate order granting Plaintiffs' motion to dismiss NexPoint's counterclaims in full. ECF No. 261 (the "NexPoint Order").

The only claims still pending before the Court are Plaintiffs' affirmative claims against the CLOH Parties and NexPoint concerning Plaintiffs' management of the ACIS CLOs. The Court scheduled the deadline for motions related to summary judgment to be filed on those claims by June 28, 2024. ECF No. 259.

As HCLOF is now out of this case and there is no reason for it to await the conclusion of this case, HCLOF seeks to certify the Order as a final judgment pursuant to Rule 54(b).

## ARGUMENT

Partial judgment under Rule 54(b) is proper where: "(1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay of entry of final judgment as to fewer than all of the claims or parties involved in the action." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322-23 (2d Cir. 2018) (quotations and citations

4

omitted); *see also Zivkovic v. Laura Christy LLC*, 2023 WL 4305101, at *2 (S.D.N.Y. June 30, 2023) (Woods, J.) (same) (citing *Linde*). The first two factors are easily met, and the determination that there is no just reason for delay is also appropriate.

## I.     There Are Multiple Claims And Multiple Parties In This Action

There can hardly be any dispute that there are multiple claims and multiple parties in this case. The case was commenced by Plaintiffs in connection with the CLOH Parties' and NexPoint's threats related to Plaintiffs' management of the ACIS CLOs. Those are the focal claims in this case. And while all of the CLOH Parties' counterclaims against Plaintiffs and HCLOF, as well as all of NexPoint's counterclaims against Plaintiffs, have been dismissed, Plaintiffs' affirmative claims against the CLOH Parties and NexPoint remain pending. Therefore, the first element of Rule 54(b) certification is satisfied.

## II.    The Order Was A Final Determination As To HCLOF

Likewise, there can be no serious dispute that the Order was a final determination with respect to HCLOF. The CLOH Parties impleaded and countersued HCLOF in connection with HCLOF's 2021 and 2023 agreements with certain Plaintiffs and HCLOF's Members Agreement. The Order dismissed those claims with prejudice and without leave to replead. *See* Order at 51 ("Plaintiffs' and HCLOF's motions to dismiss the [CLOH] Parties' Counterclaim are granted without leave to amend, as any amendment here would be futile."). There is nothing left in this case to resolve with respect to HCLOF.

The second element of Rule 54(b) certification is thus also satisfied. *See Ginett v. Comput. Task Grp., Inc.*, 962 F.2d 1085, 1092 (2d Cir. 1992) ("If the decision ends the litigation of that claim on the merits and leaves nothing for the court to do but execute the judgment entered on that claim, then the decision is final.") (cleaned up); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc*., 106 F.3d 11, 16 (2d Cir. 1997) (dismissal of distinct set of claims was

"plainly a final disposition of the separate claims of parties" warranting entry of a final judgment pursuant to Rule 54(b) with respect to dismissed claims).

## III. There Is No Just Reason To Delay Certification Of The Order

The third Rule 54(b) factor requires a district court to consider "both the policy against piecemeal appeals and the equities between or among the parties." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (citations omitted); *see also Zivkovic*, 2023 WL 4305101, at *2 (same). Both elements favor certification of the Order.

### A. Sound Judicial Administration Supports Certification Of The Counterclaims

In weighing the risk of multiple appeals, courts consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Choi v. Tower Res. Cap. LLC*, 2020 WL 2317363, at *1 (S.D.N.Y. May 11, 2020). "Claims are normally treated as separable within the meaning of [Rule 54(b)] if they involve at least some different questions of fact and law and could be separately enforced." *Advanced Magnetics*, 106 F.3d at 21.

As is evident by the fact that the Court entered separate orders addressing the various claims in this case, the claims against HCLOF are plainly separable. The CLOH Parties' counterclaims against HCLOF concerned HCLOF's internal affairs and its purported duties to CLOH as HCLOF's shareholder. Counterclaims ¶¶ 66-83; Order at 2-3. By contrast, NexPoint's counterclaims were asserted solely against Plaintiffs and Brigade, not HCLOF, and concern Plaintiffs' management of the ACIS CLOs. ECF No. 220-1 ¶¶ 10-12; NexPoint Order at 11-13. Similarly, Plaintiffs' remaining claims against the CLOH Parties and NexPoint also concern Plaintiff' management of the ACIS CLOs — again, having nothing to do with HCLOF. Second

Am. Compl. ¶¶ 31-47.  In other words, the claims resolved by the Order involve entirely separate questions of law and fact.

Because the remaining claims in this case, as well as NexPoint's dismissed counterclaims, all concern the management of the ACIS CLOs, not HCLOF's internal affairs, certification of the Order would not result in piecemeal appeals.  *See Pearson Educ., Inc. v. Heliosbooks, Inc.*, 2022 WL 970454, at *2-3 (S.D.N.Y. Mar. 31, 2022) (certifying claims against nine of ten remaining defendants which "involve at least some different questions of fact and law and could be separately enforced" from the claims against the remaining defendant) (citing *Advanced Magnetics*, 106 F.3d at 21); *see also Bowne of N.Y.C., Inc. v. AmBase Corp.*, 161 F.R.D. 270, 272 (S.D.N.Y. 1995) (confirming claims were separable because "the court will have to look at each print job individually and determine facts pertinent only to that job").

To be sure, there is some overlap between the CLOH Parties' counterclaims and Plaintiffs' affirmative claims, but the overlap is minimal and inconsequential.  Specifically, in their counterclaims, the CLOH Parties tried to invalidate one of HCLOF's settlement agreements with certain Plaintiffs, and Plaintiffs seek a finding that the CLOH Parties lack standing to sue Plaintiffs under that agreement.  Counterclaims ¶¶ 66-70; Second Am. Compl. ¶¶ 67-74.  But this is not a hurdle to certifying the Order.  *See Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1237 (S.D.N.Y. 1991), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992) ("Claims arising out of the same transaction or sharing certain factual elements may nevertheless constitute separate claims for Rule 54(b) purposes.").

The dismissed and remaining claims are separate.  The CLOH Parties' dismissed counterclaims concerned their efforts to invalidate that settlement agreement, and the Court found that they lacked standing to do so.  Order at 50 ("To reiterate, the [CLOH] Parties lack

standing to bring their counterclaims seeking to invalidate the 2021 and 2023 Agreements . . . ."). In contrast, Plaintiffs' remaining claims rely on the release granted by HCLOF in that settlement agreement, which bars the CLOH Parties from suing Plaintiffs derivatively on behalf of HCLOF. Second Am. Compl. ¶¶ 67-74.

The questions raised by the two sets of claims are thus distinct: whereas the CLOH Parties' dismissed claims concern a litigant's standing to attack a release where it is not a party or third-party beneficiary, Plaintiffs' remaining claims concern the effect of the release on a non-party's derivative standing to sue a party to that agreement. These distinctions will sufficiently avoid meaningful duplication in any appeals. *See Litton Indus., Inc.*, 767 F. Supp. at 1237 (granting certification because "[d]espite th[e] minimal factual overlap, the claims in question are by and large factually distinct."); *Bristol Tech., Inc. v. Microsoft Corp.*, 127 F. Supp. 2d 85, 91 (D. Conn. 2000) (granting certification despite "some overlap in the factual bases between the pending and adjudicated claims").[1]

Given the minimal overlap with Plaintiffs' affirmative claims, it is also of no consequence that their claims remain outstanding. Courts in this district regularly enter Rule 54(b) certifications while other parties' claims are still pending. *See Micheli & Shel, LLC v. Grubhub Inc.*, 2023 WL 2390540, at *2 (S.D.N.Y. Mar. 7, 2023) (certifying judgment on the pleadings while "arbitration proceedings against [] other Defendants" remain pending); *SEC v. Yin*, 2023

---

[1] While there is also some overlap between the CLOH Parties' counterclaims against HCLOF and their counterclaims against the Plaintiffs, which were both dismissed in the Order, that does not preclude Rule 54(b) certification of the Order. The CLOH Parties' counterclaims against Plaintiffs include alleged tortious interference with HCLOF's Members Agreement. Counterclaims ¶¶ 84-98. But those counterclaims are separable from the remaining issues (and NexPoint's claims) in this case for the same reasons as CLOH Parties' counterclaims against HCLOF are separable from those issues. And, because the Order dismissed the CLOH Parties' counterclaims against both HCLOF and Plaintiffs, the Order can be certified in its entirety.

8

WL 2753094, at *5 (S.D.N.Y. Mar. 31, 2023) ("[T]here is no just reason to delay entry of final judgment as to [one defendant] even if [other defendants] continue to litigate this case."), *aff'd*, 2023 WL 5970952 (2d Cir. Sept. 14, 2023).

Thus, certification of the Order would advance the sound administration of justice.

### B. The Equities Also Support Certification

The equities also support certification. HCLOF would be prejudiced by having to wait for finality of the Order until the conclusion of this case because, as the CLOH Parties recognized, HCLOF is in the process of winding down its business. *See* Counterclaims ¶ 6 (alleging that "HCLOF has been in a wind-down mode for over three years"); *see also* Guernsey Judgment ¶¶ 19, 59 (discussing HCLOF's "wind-down").

Among other things, the wind-down process requires HCLOF to resolve any of its actual and potential liabilities. Although the Order finally determined the CLOH Parties' counterclaims against HCLOF, and HCLOF prevailed against virtually identical claims in Guernsey (where the order is now final due to CLOH's failure to pursue an appeal), HCLOF cannot deem the Order fully final for purposes of its potential liabilities because the Order is still subject to a right of appeal. There is no reason to delay on that basis — respectfully, the CLOH Parties' clock to appeal the Order should start ticking now. *See Micheli*, 2023 WL 2390540, at *2 (certifying claims terminated with respect to one defendant, while remaining defendants continue to adjudicate outstanding claims).

By contrast, there is no prejudice to the CLOH Parties or any other parties from certifying the Order as final. As shown, the Order has little to do with NexPoint's dismissed counterclaims or Plaintiffs' remaining claims. To the contrary, certifying the Order as final would only expedite

9

the resolution of the CLOH Parties' claims.  Therefore, the equities also support Rule 54(b) certification of the Order.

## **CONCLUSION**

Accordingly, HCLOF respectfully requests that the Court certify the Order as a final judgment pursuant to Federal Rule of Civil Procedure 54(b).

Dated: May 1, 2024
New York, New York

                                            Respectfully Submitted,

                                            AKIN GUMP STRAUSS HAUER & FELD LLP

                                            By: */s/ Uri A. Itkin*
                                                 Uri A. Itkin
                                                 Michael Chen

                                            One Bryant Park
                                            New York, NY 10036
                                            (212) 872-1000

                                            *Attorneys for Highland CLO Funding, Ltd.*