USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/10/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
JOSHUA N. TERRY, U.S. BANK, *National* :
*Association*, *in its capacity as Trustee*, ACIS :
CAPITAL MANAGEMENT, L.P., :
: 1:21-cv-11059-GHW
Plaintiffs, :
: MEMORANDUM OPINION &
-against- : ORDER
:
THE CHARITABLE DONOR ADVISED :
FUND, L.P., CLO HOLDCO, LTD., *and* :
NEXPOINT DIVERSIFIED REAL ESTATE :
TRUST, :
:
Defendants. :
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

Following the Court's dismissal of counterclaims brought against Highland CLO Funding, Ltd. ("HCLOF"), HCLOF moved for certification of the Court's order as a partial final judgment. HCLOF argued that there are multiple claims and parties in this case, that the claims regarding HCLOF have been finally determined, and that there is no just reason for delay because HCLOF is in the process of winding down its business. Because the dismissed claims are not sufficiently separable from the claims remaining to be adjudicated in this case, judicial administrative interests weigh heavily against granting Rule 54(b) certification as to HCLOF. Accordingly, HCLOF's motion is denied.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) allows a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. Pro. 54(b). "Rule 54(b) authorizes a district court to enter

partial final judgment 'when three requirements have been satisfied: (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express[] determin[ation] that there is no just reason for delay' of entry of final judgment as to fewer than all of the claims or parties involved in the action." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322–23 (2d Cir. 2018) (quoting *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014) (alterations in original). Although the entry of partial judgment is discretionary, this power should "be exercised sparingly in light of the historic federal policy against piecemeal appeals." *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992) (citation and internal quotation marks omitted).

## II.    DISCUSSION

The first two requirements—that there are multiple claims or parties and that at least one claim or the rights and liabilities of at least one party has been finally determined—are satisfied, as there are multiple claims and parties in this case, and the DAF Parties'[1] counterclaims against HCLOF have been finally determined. *See* Dkt. No. 253 (the "MTD Opinion"). Resolution of HCLOF's motion therefore turns on the third requirement—whether there is "no just reason for delay." *See* Fed. R. Civ. P. 54(b). With respect to this factor, "the court must provide a reasoned, even if brief, explanation of its considerations." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (internal citation and quotation marks omitted).

Moreover, "[i]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." *Id.* (quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980)) (internal quotation marks omitted). "It [i]s therefore proper for the District Judge . . . to consider

---

[1] Capitalized terms in this opinion take on the meaning prescribed in the Court's February 1, 2024 opinion. Dkt. No. 253.

such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* at 311 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8) (alterations in original). "[I]n light of the policy against piecemeal appeals, it is incumbent upon a party seeking immediate relief in the form of a Rule 54 (b) judgment to show not only that the issues are sufficiently separable to avoid judicial inefficiency but also that the equities favor entry of such a judgment." *Id.* at 314; *see also id.* at 310 (noting that a district court must consider "both the policy against piecemeal appeals and the equities between or among the parties"); *O'Bert v. Vargo*, 331 F.3d 29, 41 (2d Cir. 2003) ("The power which this Rule confers upon the trial judge should be used only in the infrequent harsh case, *i.e.*, certification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." (internal quotation marks and citations omitted)).

In considering judicial efficiency, courts "should avoid the possibility that the ultimate dispositions of the claims remaining in the district court could either moot [the Circuit's] decision on the appealed claim or require [the Circuit] to decide issues twice." *Ginett v. Comput. Task Grp.*, 962 F.2d 1085, 1095 (2d Cir. 1992). In addition, the Second Circuit has "repeatedly noted that the district court generally should not grant a Rule 54(b) certification 'if the same or closely related issues remain to be litigated.'" *Novick*, 642 F.3d at 311 (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)). "'It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case' in successive appeals from successive decisions on interrelated issues." *Id.* (quoting *Harriscom*, 947 F.2d at 631). A district court "must be mindful of the purposes and policies behind the distinct and separate claims requirement of Rule 54(b), namely

3

the desire to avoid redundant review of multiple appeals based on the same underlying facts and similar issues of law." *Id.* (citation and internal quotation marks omitted).

With respect to the equities, a court must consider whether postponing appeal "will cause unusual hardship or work an injustice." *Hogan*, 961 F.2d at 1026; *see also Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) ("Generally, a district court may properly make a finding that there is no just reason for delay only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal, . . . for example, where a plaintiff might be prejudiced by a delay in recovering a monetary award." (internal citations and quotation marks omitted)).

Here, the claims remaining for review are not sufficiently separable from the dismissed claims regarding HCLOF. In its February 1, 2024 opinion, the Court found, first, that "the DAF Parties lack standing to bring their counterclaims [against Plaintiffs] alleging collusion and dishonesty, *inter alia*, surrounding the 2021 and 2023 Agreements, [such that] the counterclaims seeking to invalidate the 2021 and 2023 Agreements must be dismissed." MTD Opinion at 23. As a result of reaching this conclusion, the Court stated that it "need not address whether the DAF Parties' Counterclaim adequately pleads viable grounds to invalidate the 2021 and 2023 Agreements on the merits." *Id.* at 28. Second, the Court's MTD Opinion concluded that "[t]he DAF Parties' counterclaim for tortious interference with contract"—namely, the Members Agreement—was "dismissed for failure to adequately allege breach." *See id.*

Third, the Court concluded that it had "subject matter jurisdiction and personal jurisdiction over the DAF Parties' Counterclaim as to HCLOF, . . . . [b]ut the DAF Parties fail[ed] to state a claim under Rule 12(b)(6) for the same reasons discussed above in ruling on Plaintiffs' motion to dismiss. As a result, HCLOF's motion to dismiss the DAF Parties' Counterclaim [was] granted." *Id.* at 40–41. Specifically, following its jurisdictional analysis, the Court stated:

4

> [T]he DAF Parties' Counterclaim fails to adequately state a claim against HCLOF under Rule 12(b)(6) for the same reasons explained above in regard to Plaintiffs' motion to dismiss. To reiterate, the DAF Parties lack standing to bring their counterclaims seeking to invalidate the 2021 and 2023 Agreements; their allegation of breach is refuted by the Guernsey Judgment, whose ruling on the issue is entitled to preclusive effect; and even absent collateral estoppel, the DAF Parties would fail to adequately plead breach of the Members Agreement, from which the remainder of the DAF Parties' counterclaims flow. With respect to HCLOF's motion, the Court adopts in full its prior reasoning on 12(b)(6) grounds from the preceding discussion of Plaintiffs' motion to dismiss.

*Id.* at 49–50.

Importantly, the Court's ruling on the DAF Parties' counterclaims against HCLOF relied in part on its determination that the DAF Parties lacked standing to seek to invalidate the 2021 and 2023 Agreements. If the Second Circuit were to conclude differently on this threshold issue, the question of whether the 2021 and 2023 Agreements are valid and enforceable on the merits would remain open. And the same issue remains following the dismissal of the DAF Parties' counterclaims: Plaintiffs' complaint sought, among other things, "a declaratory judgment that (a) Defendants DAF and CLO HoldCo lack standing to bring their threatened claims . . . , and Defendant NexPoint lacks standing to bring its claims . . . and (b) Defendants DAF and CLO HoldCo's claims are barred by a settlement agreement between ACM and Highland CLO Funding, Ltd. ('HCLOF'), the actual owner of the subordinated notes on which DAF and CLO HoldCo's threatened claims are based." Dkt. No. 15 ("Complaint") ¶ 1; *see also id.* ¶ 8 (asserting "claims for declaratory judgment that Defendants' threatened claims against Plaintiffs and Brigade are barred because (a) Defendants DAF and CLO HoldCo lack direct or derivative standing to bring the threatened causes of action . . . and Defendant NexPoint lacks direct or derivative standing to bring the causes of action . . . and (b) the claims threatened by DAF and CLO HoldCo were released by HCLOF, the holder of those claims, in the HCLOF Settlement Agreement"). As stated in the MTD Opinion, "[t]he latter argument depends on a finding that the 'settlement' agreements are valid and enforceable." MTD Opinion at 2.

5

HCLOF asserts that the only remaining questions "concern Plaintiffs' management of the ACIS CLOs," Dkt. No. 267 at 1–2, but that is simply untrue. HCLOF's own framing of the question amplifies the concern. HCLOF reasons that "[t]he questions raised by the two sets of claims"—the dismissed claims and the remaining claims—are "distinct" because, "whereas the [DAF] Parties' dismissed claims concern a litigant's standing to attack a release where it is not a party or third-party beneficiary, Plaintiffs' remaining claims concern the effect of the release on a non-party's derivative standing to sue a party to that agreement." *Id.* at 8. But in order to address "the effect of the release on a non-party's derivative standing to sue a party to that agreement," an antecedent question remains regarding whether the "settlement" agreements containing that release are valid and enforceable—one of the exact questions that was before the court in the MTD Opinion. *See, e.g.*, MTD Opinion at 40 (denying Plaintiffs' motion for judgment on the pleadings because "questions of fact [remain] in dispute," including whether "the 2021 Agreement 'states, falsely, that CLOH and DAF are controlled by James Dondero when HCLOF knew this to be untrue,'" such that "[a]s a result, . . . 'selective portions of the 2021 Settlement Agreement [may be thereby rendered] unenforceable as to the DAF Parties . . . .'" (quoting Answer ¶ 29; Dkt. No. 199 at 25)).

In short, addressing whether "the claims threatened by DAF and CLO HoldCo were released by HCLOF, the holder of those claims, in the HCLOF Settlement Agreement," Complaint ¶ 8, requires assessing whether any "settlement" agreement is valid and enforceable—one of the same questions presented and discussed in the MTD Opinion and potentially reviewable on appeal. Thus, the remaining claims and dismissed claims are not sufficiently separable such that "no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Novick*, 642 F.3d at 311. Because some of "the same or closely related issues remain to be

litigated," *id.* (internal quotation marks and citation omitted), certification is inappropriate.

Again, "[t]he district court's discretion" to grant Rule 54(b) certification "is to be exercised sparingly in light of the historic federal policy against piecemeal appeals," *Hogan*, 961 F.2d at 1025 (internal quotation marks and citations omitted).  The Court has considered the equities involved— namely, that HCLOF is in the process of winding down its business and has been for years—and the judicial administrative interests involved, and concludes that the claims under review are not sufficiently separable to grant certification.

Therefore, if the Court were to grant HCLOF's Rule 54(b) motion and subsequently rule on Plaintiffs' remaining declaratory judgment claims, there is a risk that "the appellate court would have to decide the same issue[]," or at least a very similar issue, more than once—that of whether the 2021 and/or 2023 Agreements are valid and enforceable.  *See Novick*, 642 F.3d at 314 (quoting *Curtiss-Wright Corp*, 446 U.S. at 8); *see also Crespo v. Carvajal*, No. 17CV6329MKBPK, 2021 WL 4237002, at *4 (E.D.N.Y. Sept. 14, 2021) (declining to enter a partial final judgment on dismissed claims in part due to "largely overlapping factual allegations").  And again, "'[i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case' in successive appeals from successive decisions on interrelated issues." *Novick*, 642 F.3d at 311 (quoting *Harriscom*, 947 F.2d at 631).  Accordingly, HCLOF has not met its burden to show "that the issues are sufficiently separable to avoid judicial inefficiency [and] also that the equities favor entry of such a judgment." *Id.* at 314.

### III.    CONCLUSION

For the reasons stated above, HCLOF's motion for entry of partial judgment under Rule 54(b) is DENIED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 266.

SO ORDERED.

Dated: July 10, 2024
       New York, New York

_____
GREGORY H. WOODS
United States District Judge