**MANDATE**

25-643
*Terry v. NexPoint Diversified Real Estate Trust*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand twenty-five.

Present:
>  DEBRA ANN LIVINGSTON,
>    *Chief Judge*,
>  BARRINGTON D. PARKER,
>  MARIA ARAÚJO KAHN,
>    *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec 12, 2025

JOSHUA N. TERRY, ACIS CAPITAL MANAGEMENT,

> *Plaintiffs-Counter-Defendants-Appellees,*

BRIGADE CAPITAL MANAGEMENT, LP,

> *Counter-Defendant-Appellee,*

U.S. BANK NATIONAL ASSOCIATION, IN ITS CAPACITY AS TRUSTEE,

> *Plaintiff,*

> v.                                             25-643

NEXPOINT DIVERSIFIED REAL ESTATE TRUST,

> *Defendant-Counter-Claimant-Appellant,*

NHF TRS, LLC,

1

**MANDATE ISSUED ON 12/12/2025**

*Counter-Claimant-Appellant,*

THE CHARITABLE DONOR ADVISED FUND, L.P., CLO HOLDCO, LTD.,

*Defendants-Counter-Claimants,*

HIGHLAND CLO FUNDING LTD.,

*Counter-Defendant.*

---

| | |
|---|---|
| For Plaintiffs-Counter-Defendants-Appellees: | WILLIAM B. ADAMS (Jonathan E. Pickhardt, Blair A. Adams, *on the brief*), Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY. |
| For Counter-Defendant-Appellee: | Jason C. Hegt, Latham & Watkins LLP, New York, NY. |
| For Defendant-Counter-Claimant-Appellant, Counter-Claimant-Appellant: | MAZIN A. SBAITI (Griffin S. Rubin, *on the brief*), Sbaiti & Company PLLC, Dallas, TX. |

Appeal from a judgment of the Southern District of New York (Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

This appeal is the latest in a series of lawsuits between entities allegedly controlled by James Dondero and entities affiliated with Joshua Terry. Today's dispute is over a collateralized-loan-obligation ("CLO") investment fund known as ACIS 6. NexPoint Diversified Real Estate Trust and its subsidiary NHF TRS, LLC—"the NexPoint Parties"—are past or present subordinated noteholders in ACIS 6 and appeal the district court's dismissal of their counterclaims. The counterclaims allege mismanagement and fraud on the part of the fund's portfolio manager (Acis Capital Management, or "ACM"), ACM's sub-adviser (Brigade Capital Management, LP), and ACM's owner and principal (Joshua Terry). The NexPoint Parties accuse these parties—the

2

Appellees—of inflating expenses, violating asset quality benchmarks and industry standards, and flouting their fiduciary duty. Among the counterclaims are breach of fiduciary duty, negligence, and tortious interference. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we discuss here only as necessary to explain our decision.

In alleging tortious interference, the NexPoint Parties argue that their subordinated notes incorporate the Indenture pursuant to which ACIS 6 was established. Even assuming *arguendo* that the notes incorporate some or all of the Indenture, however, the allegations levelled by the NexPoint Parties center on asset quality tests set out in the Portfolio Management Agreement ("PMA"). The subordinated noteholders are not a party to the PMA, as the NexPoint Parties concede, and the NexPoint Parties have not alleged that their notes incorporate the PMA. The NexPoint Parties argue in their reply brief that "the PMA is silent on the conduct at issue." Reply Br. at 6. But that is at odds with their own counterclaims, which extensively outline alleged violations of the PMA. *See, e.g.*, App'x at 9451. Moreover, to the extent the NexPoint Parties purport to allege violations of the Indenture, their subordinated notes say that failing to pay the subordinated noteholders "will not constitute an Event of Default under the Indenture." *See id.* at 918, 929. And the Indenture expressly excludes any failure to meet the asset quality tests from being a default. *Id.* at 761. Section 5.8 of the Indenture requires an Event of Default as a precondition for suit. *Id.* at 770. The NexPoint Parties argue that the default provisions relate only to the fund's Trustee and are inapplicable to subordinated noteholders. But they have not pointed to any provision in the Indenture that creates a legally actionable obligation owed to the subordinated noteholders by Appellees to follow the quality tests, while the fact that failed quality

3

tests do not trigger a default is strong evidence that the notes' drafters did not intend to incorporate any such duty.[1]

As far as negligence and breach of fiduciary duty, even assuming *arguendo* that the Appellees in fact owed some extra-contractual duty to the NexPoint Parties, New York law prohibits tort claims that are "essentially seeking enforcement of the bargain." *IKB Int'l, S.A. v. Wells Fargo Bank, N.A.*, 40 N.Y.3d 277, 290 (2023) (citation omitted). In *IKB International*, the New York Court of Appeals directed the dismissal of a claim alleging a breach of post-event-of-default fiduciary duties. *Id.* The court held that "the action should proceed under a contract theory" because "plaintiffs use identical language when describing their contract-based claims" and "[t]he harm alleged." *Id.* at 290-92 (citation omitted). That parallels what the NexPoint Parties are doing here, where their duty-based claims rely on factual allegations of breach of contract.[2]

\*   \*   \*

We have considered the NexPoint Parties' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] This conclusion is particularly compelling given that the Indenture grants rights to the Trustee "for the benefit and security of the Holders of the Secured Notes" and other secured parties, not subordinated noteholders such as the NexPoint Parties. *See* App'x at 664.

[2] The district court applied the economic loss rule to the negligence claim. But the New York Court of Appeals cautioned in *IKB International* against "conflat[ing] our 'economic loss' rule with the prohibition against duplicative contract and tort claims" and reiterated that the economic loss rule "does not have application beyond the products liability context." 40 N.Y.3d at 290 (citation omitted). Accordingly, we do not rely on this aspect of the district court's analysis.

4